**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Jeanette Braun, et al.
      Plaintiff,

v.              Case No.: 1:23−cv−16856
              Honorable Mary M. Rowland

Rebekah M Day, et al.
      Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, January 17, 2024:

  MINUTE entry before the Honorable Mary M. Rowland: In light of Plaintiffs invocation of diversity jurisdiction as the basis for federal jurisdiction [1], on or before 1/31/24, Plaintiffs shall file a jurisdictional supplement, as a separate docket entry. As to Plaintiff Braun, Plaintiffs are reminded that allegations of residence, as opposed to citizenship, are not sufficient to establish diversity jurisdiction. Slottke v. Wis. Dep't of Workforce Dev., 734 F. App'x 354, 355 (7th Cir. 2018). For individuals, "[c]itizenship means domicile (the person's long−term plan for a state of habitation) rather than just current residence." Myrick v. WellPoint, Inc., 764 F.3d 662, 664 (7th Cir. 2014). As to Plaintiff Braun Law, Plaintiff is reminded that the citizenship of LLCs is the citizenship of each of its members. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007). Thus "an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." Id. As to Defendants Rebekah Day nee Box, KC, and Marston, Plaintiffs are reminded that allegations of citizenship based on "information and belief" are insufficient to establish diversity jurisdiction in the Seventh Circuit. See Brickstructures, Inc. v. Coaster Dynamix, Inc., 2017 WL 4310671, at *1 (N.D. Ill. Sept. 28, 2017). As to Defendant Vazquez, Plaintiffs are reminded that allegations of "negative citizenship" or citizenship of "another state different from the Plaintiff['s]" are insufficient. See Dalton v. Teva N. Am., 891 F.3d 687, 690 (7th Cir. 2018); Dancel v. Groupon, Inc., 940 F.3d 381, 385 (7th Cir. 2019). Additionally, Plaintiffs allege that "Defendant Vazquez is a victim of certain crimes and out of respect to her privacy, Plaintiffs request to not directly plead Mz. Vazquez';s current state of residence." [1] 7. As mentioned, allegations of residence, as opposed to citizenship, are not sufficient to establish diversity jurisdiction. Slottke, 734 F. App'x at 355. Plaintiffs should file a motion for leave to file under seal any portions of the jurisdictional supplement pursuant to Local Rule 26.2(c). Plaintiffs may seek leave to file a motion to conduct limited jurisdictional discovery. Joint initial status report remains due on or before 2/28/24. Mailed notice. (dm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.