IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANETTE BRAUN, BRAUN IP LAW, LLC & LAUREN PROPSON, <br><br> Plaintiffs, <br><br> v. <br><br> REBEKAH M. DAY NEE BOX, KC THE OWNER & OPERATOR OF THE ONLINE SOCIAL MEDIA ACCOUNT @CAFFINATEDKITTI, JESSICA VAZQUEZ, & LILY MARSTON, <br><br> Defendants. | Case No. 23-cv-16856 <br><br> Hon. J. Mary Rowland <br><br> Mag. J. M. David Weisman |

**PLAINTIFF'S MOTION TO FILE RETURNS OF SERVICE
AND JURISDICTIONAL SUPPLEMENT UNDER SEAL**

Plaintiffs, Jeanette Braun, Braun IP Law, LLC, and Lauren Propson (Collectively "Plaintiffs"), present their motion to file returns of service and their jurisdictional supplement under seal, and in support state as follows:

1. On December 15, 2023, the Plaintiffs filed this action against Defendants Rebekah Day, Jessica Vazquez, Lily Marston, and KC the owner and operator of the social media account "@CaffinatedKitti" (Collectively "Defendants") for defamation, false light, and other related counts.

2. The Defendants are all social media influencers with hundreds of thousands of followers collectively. Due to this, a large amount of public attention has been brought upon this lawsuit.

3. On January 17, 2024, Defendant Marston was personally served at her residence in California.

4. On January 17, 2024, Defendant Vazquez was served at her residence in Georgia by leaving a copy of the summons and the complaint with a person of age.

5. On January 20, 2024, Defendant KC was personally served at her residence in Georgia.

6. On January 20, 2024, Defendant Day was personally served at her residence in Missouri.

7. Although there is a presumption in favor of making returns of service and names open to the public, the Plaintiffs seek to file their the returns of service and portions of their jurisdictional supplement under seal to protect the privacy of the Parties and their families from harassment.

8. It is well established that parties to a litigation do not have an expectation of privacy. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999) ("The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding."). Due to this, records "that affect the disposition of federal litigation are presumptively open to public view." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). However, the Seventh Circuit has affirmed district court rulings to keep records sealed to the protect the property and privacy interests of the Parties. *Melton v. Pavilion Behav. Hlth. Sys.*, 2020 WL 13679915, at *2 (C.D. Ill. June 30, 2020) ("A court should permit the sealing of documents only if there is good cause to do so, that is, the property and privacy interests of the movant outweigh the interests of the public in full transparency of the judiciary."), *aff'd sub nom.*, *Melton v. Pavilion Behav. Health Sys.*, 843 F. App'x 9 (7th Cir. 2021).

9. To protect the privacy of the Parties from harassment, Plaintiffs seek consent from this Court to file its returns of service and portions of their supplemental jurisdictional statement under seal. Due to the large amount of public attention in this matter, the Plaintiffs seek to seal the Parties' addresses and the name of Defendant KC to prevent harassment. The Parties' addresses and personal information are not central or relevant to any counts in the Complaint.

10. For these reasons, Plaintiffs respectfully request that the Court:

i. Grant Plaintiffs' motion to file portions of the Defendants' returns of service under seal;

ii. Grant Plaintiffs' motion to file portions of their Supplemental Jurisdictional Statement under seal; and

iii. And for any other relief this Court deems just and necessary.

Respectfully Submitted,

*/s/ Benjamin C.R. Lockyer*
Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
ben@lockyerlaw.com
(773) 340-0011
***Attorney for Plaintiffs***