IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANETTE BRAUN, <br> BRAUN IP LAW, LLC & <br> LAUREN PROPSON, <br><br> Plaintiffs, <br><br> v. <br><br> REBEKAH M. DAY NEE BOXX, <br> KC THE OWNER & OPERATOR OF THE <br> ONLINE SOCIAL MEDIA ACCOUNT <br> @CAFFINATEDKITTI, <br> LILY MARSTON, & <br> JESSICA VAZQUEZ, <br><br> Defendants. | Case No. 23 C 16856 <br><br> Hon. J. Mary Rowland <br><br> Mag. J. M. David Weisman <br><br> **JURY DEMAND** |

## JOINT STATUS REPORT

NOW COMES, the Parties, Jeanette Braun, Braun IP Law LLC, and Lauren Propson ("Plaintiffs") and Rebekah M. Day ("Day"), KC The Owner & Operator of the Online Social Media Account @CAFFINATEDKITTI (hereafter, "KC"), Lily Marston ("Marston"), and Jessica Vazquez ("Vazquez") (together, the "Defendants"; and collectively with Plaintiffs, "the Parties"), by and through their attorneys file their Joint Status Report. In support of the motion, the Parties state as follows:

1. The Nature of the Case:

    A. Identify the attorneys of record for each party, including the lead trial attorneys:

        i   Plaintiffs' Attorney of Record:

            Benjamin C.R. Lockyer
            Lockyer Law LLC
            6515 W. Archer Ave.
            Chicago, Illinois 60638
            ben@lockyerlaw.com

1

    ii    Defendants' Attorneys of Record:
Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

B.    State the basis for federal jurisdiction:

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendant KC contends Propson's claims should dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue.

C.    Describe the nature of the claims asserted in the complaint and any counterclaims.

Plaintiffs' assert separate claims against the Defendants for defamation, false light, trade libel, tortious interference with business, and intentional infliction of emotional distress.

The Plaintiffs' filed an Amended Complaint on March 21, 2024. The Court has set April 22, 2024 as the deadline for Defendants to file an Answer or other responsive pleading. Defendants are presently evaluating whether additional time for a response is needed (based on the new allegations of the FAC) and will raise such a request with the Court if necessary.

D.    Describe the relief sought by the plaintiffs.

The Plaintiffs seek injunctive relief, compensatory and punitive damages, and attorneys' fees and costs. Defendants dispute that Plaintiffs claims entitle them to an award of attorneys' fees and costs.

E.    State the major legal and factual issues in the case:

**Plaintiff's Legal and Factual Issues:**

1. According to Plaintiff Propson: Whether Defendant KC made a public statement to third parties knowing them to

2

be false.

2. According to Plaintiff Braun: Whether Defendant Day made public statements to third parties knowing them to be false.

3. According to Plaintiff Braun: Whether Defendant Vazquez made public statements to third parties knowing them to be false.

4. According to Plaintiff Braun: Whether Defendant Marston made public statements to third parties knowing them to be false.

5. According to Plaintiff Propson: Whether false statements made to third parties by Defendant KC implicate Plaintiff Propson liked "transphobic content" and thus is transphobic.

6. According to Plaintiff Braun: Whether Defendant Day's statements to third parties that Plaintiff Braun is an attorney using an "unethical tactic" of a "false copyright strike" in representations of her client Demps implicate that Plaintiff Braun is an attorney lacking ethics and competence in her profession.

7. According to Plaintiff Braun: Whether Defendant Vazquez's statements to third parties that Plaintiff Braun is an attorney using unethical practices and filing of "false copyright strike" in representations of her clients implicate that Plaintiff Braun is an attorney lacking ethics and competence in her profession.

8. According to Plaintiff Braun: Whether Defendant Marston's statements to third parties that Plaintiff Braun is "committing perjury" in her representation of her client Demps implicated that Plaintiff Braun is an attorney lacking ethics and competence in her profession.

9. According to Plaintiffs: Whether, in making the above public statements, the Defendants each acted with actual malice and reckless disregard for the truth.

10. According to Plaintiff Propson: Whether Defendant KC's statements to third parties were intended to interfere with Plaintiff Propson's contracts for brand endorsements and sponsorships.

3

11. According to Plaintiff Braun: Whether Defendant Day, Defendant Vazquez, and Defendant Marston's statements to third parties were intended to interfere with Plaintiff Braun's contracts with current clients for legal representation.

12. According to Plaintiff Propson: Whether Defendant KC's statements to third parties were intended to inflict emotional distress on Plaintiff Propson by inciting an internet mob to harass Plaintiff Propson and her sponsors.

13. According to Plaintiff Braun: Whether Defendant Day, Defendant Vazquez, and Defendant Marston's statements to third parties were intended to inflict emotional distress on Plaintiff Braun by inciting an internet mob to harass Plaintiff Braun and her clients.

**Defendant's Legal and Factual Issues:**

Defendants' assert that the principal legal and factual issues in this case are:

1. Whether Plaintiff Propson and Plaintiff Braun's claims violate anti-SLAPP statutes under Georgia and California law;

2. Whether this Court is the proper venue for claims asserted by a Wisconsin citizen against citizens of Georgia, California and Missouri under Federal Rule of Civil Procedure 12(b)(3);

3. Whether the allegations of the Amended Complaint state a claim for defamation, false light, trade libel, tortious interference with contract, tortious interference with existing and potential business relationships, intentional infliction of emotional distress under the substantive law of Illinois or Wisconsin and under federal pleading requirements;

4. Whether the statements allegedly made by Defendants constitute defamation, false light or trade libel under Illinois or Wisconsin law;

5. Whether the statements allegedly made by Defendant KC

4

   regarding Plaintiff Propson constitute tortious interference with contract and intentional infliction of emotional distress under Wisconsin law;

  6. Whether the statements allegedly made by Defendants regarding Plaintiff Braun constitute tortious interference with existing and potential business relationships and intentional infliction of emotional distress under Illinois law.

2. Case Plan

 A. Identify any pending motions:

 Defendants filed Motions to Strike the original Complaint under anti-SLAPP statutes and, alternatively, Motions to Dismiss under Federal Rules 12(b)(6) and/or 12(b)(3) the Amended Complaint. The Court deemed those motions moot upon Plaintiffs' filing of the Amended Complaint.

 B. State whether any defendant anticipates responding to the complaint by means of motion and, if so, the basis for the intended motion:

 Defendants intend to file Motions to Strike the Amended Complaint under anti-SLAPP statutes and, alternatively, Motions to Dismiss under Federal Rules 12(b)(6) and/or 12(b)(3).

 C. Submit a proposal for a discovery plan, including the following information:

  I. The general type of discovery needed:

  The Parties intend to serve written fact discovery as to the allegations of Plaintiffs' claims and alleged damages, as well as defenses asserted by Defendants to those claims; the Parties also intend to serve deposition notices on all parties to this action; the parties also intend to obtain expert discovery on the issue of damages. To date, no discovery has been served by either party.

  ii. Whether discovery will encompass electronically stored information (ESI) and any anticipated issues about disclosure or discovery of ESI, including the form or forms in which it should be produced.

  The Parties contend that discovery will encompass electronically stored information and that much, if not all, of electronically stored information will be copied and distributed between the parties on portable digital storage media and/or Dropbox. As noted below, the

5

        Parties request a stay of discovery during the pendency of the motion to dismiss.

iii. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order.

        The Parties are not aware of any current issues relating to claims of privilege or of protection as to trial-preparation materials, but will agree to a procedure to address any such issues if they arise. Plaintiffs believe there may be attorney-client privilege and attorney work-product issues as well as other privilege issues if the case proceeds.

iv. A date for Rule 26(a)(1) disclosures: Plaintiffs propose 30 days after the resolution of the motions to strike/dismiss. Defendants propose setting this date after resolution of the motions, if necessary.

v. A fact discovery completion date: The Parties propose setting this date after resolution of the motions to strike/dismiss, if necessary.

vi. Whether expert discovery is contemplated and, if so, the dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed;

    i. Plaintiff Rule 26(a)(2) disclosures: The Parties propose setting this date after resolution of the motions to strike/dismiss, if necessary.

    ii. Defendant Rule 26(a)(2) disclosures: The Parties propose setting this date after resolution of the motions to strike/dismiss, if necessary.

    iii. Expert depositions completion date: The Parties propose setting this date after resolution of the motions to strike/dismiss, if necessary.

vii. What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted: None.

viii. A date for filing dispositive motions: The Parties propose setting this date after resolution of the motions to strike/dismiss, if necessary.

      D.      With respect to trial, provide the following information:

            i.      A jury has been requested.
            ii.     The estimated length of the trial is 5-7 trial days.

3. Settlement

      A.      State whether any settlement discussions have occurred and describe the status of any such settlement discussions.

           The Parties have not engaged in any settlement discussions to date.

      B.      State whether the parties believe that a settlement conference would be productive at this time.

           The Parties believe that a settlement conference would be productive following the Court's ruling on the anticipated motions to strike/dismiss.

4. Consent to Proceed Before a Magistrate Judge

      a.      State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure.

           Plaintiffs have discussed the possibility of proceeding before a Magistrate Judge for all purposes. Plaintiffs would prefer to conduct discovery and settlement matters before the Magistrate Judge.

           Defendants have discussed the possibility of proceeding before a Magistrate Judge for all purposes but respectfully decline this option.

    *s/*    *Benjamin Lockyer*

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
ben@lockyerlaw.com

*Attorney for Plaintiffs*

*s/*    *Brandon J. Witkow*
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Benjamin C.R. Lockyer
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com

*Attorney for Plaintiffs*
Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

*Attorneys for Defendants*

Dated: March 28, 2024                    *s/       Benjamin Lockyer*