**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Jeanette Braun, et al.
                        Plaintiff,

v.                                            Case No.: 1:23−cv−16856
                                            Honorable Mary M. Rowland

Rebekah M Day, et al.
                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, May 9, 2024:

      MINUTE entry before the Honorable Mary M. Rowland: Upon review of the amended complaint [29], the Court notes that one of the defendants, KC the owner and operator of the social media account @CaffinatedKitti, is not identified by name. The original complaint stated that "[t]he owner and operator of the social media account @CaffinatedKitti has not publicly disclosed her real name or Identity." [1] at 1 n.1. "When a plaintiff is ignorant as to the true identity of a defendant at the time of filing the complaint, most federal courts typically will allow the use of a fictitious name in the caption so long as it appears that the plaintiff will be able to obtain that information through the discovery process." 5A Wright & Miller, Federal Practice and Procedure § 1321 (4th ed.). However, at this stage, Defendant KC is represented by counsel. Federal Rule of Civil Procedure 10(a) provides that "the complaint must name all the parties." See also Fed. R. Civ. P. 5.2(a)(3) (requiring the use of initials rather than names for minors). The Seventh Circuit has directed that courts have "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997). The parties should review the Seventh Circuit's decisions on this issue. See, e.g., Doe 3 v. Elmbrook School District, 658 F.3d 710, 722 (7th Cir. 2011) ("The motion set forth the pertinent authorities and was supported by detailed affidavits. There is no indication that the district court did not thoroughly study the motion, including its discussion of the pertinent legal authorities, which make clear that the court has an obligation to balance carefully the privacy/security concerns of the litigants against the right of the public to be informed fully about litigation in the United States courts.&quot;), adopted on this issue by Doe v. Elmbrook School District, 687 F.3d 840, 84243 (7th Cir. 2012) (en banc); Doe v. Trustees of Indiana Univ., No. 22−1576, 2024 WL 1824967, at *3 (7th Cir. Apr. 26, 2024) ("A substantial risk of harmeither physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in courtmay justify anonymity."). The parties shall file a joint status report by 6/21/24 informing the Court on their position(s) on whether KC should be permitted to proceed by initials or anonymously and whether any party intends to file a motion to permit her to do so. Mailed notice. (dm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.