IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE BRAUN, BRAUN IP LAW, LLC & LAUREN PROPSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 23 C 16856 |
| v. | ) ) | Hon. J. Mary Rowland |
| REBEKAH M. DAY NEE BOXX, KRISTA CARTER, LILY MARSTON, & JESSICA VAZQUEZ, | ) ) ) ) ) | Mag. J. M. David Weisman |
| Defendants. | ) | |

## CORRECTED JOINT STATUS REPORT

NOW COMES, the Parties, Jeanette Braun, Braun IP Law LLC, and Lauren Propson ("Plaintiffs") and Rebekah M. Day, Krista Carter, Lily Marston, and Jessica Vazquez (together, the "Defendants"; and collectively with Plaintiffs, "the Parties"), by and through their attorneys file their Joint Status Report in accordance with this Court's May 6, 2025 Order [65], and report as follows:

1. **Status of Case**. This matter has been stayed since May 6, 2025 for the Parties to engage in settlement discussions.

2. **Settlement Discussions**. Counsel exchanged written settlement proposals on July 3 and July 10, 2025. Since then, counsel have conferred several times and are coordinating client availability to provide Magistrate Judge Weisman with mutually acceptable date ranges for a settlement conference. **[CORRECTED] Although the proposals exchanged to date have not produced an agreed framework, both sides remain willing to attend a court-facilitated conference and to continue informal discussions while necessary procedural matters are addressed**.

Plaintiffs' Position: Plaintiffs remain willing to explore settlement but cannot do so meaningfully under the present stay, which has become a tactical advantage for Defendants rather than an aid to resolution. The stay was agreed to by all parties so that the parties could focus on settlement negotiations; in practice it removes Defendants' incentive to engage. With no deadline to answer the forthcoming Third Amended Complaint and no discovery obligations, Defendants have deferred every substantive discussion and instead threatened a malicious-prosecution counter-suit and a fee petition. Plaintiffs, by contrast, offered a concrete framework—public apology, removal of the specific defamatory content, and reasonable fee contribution—only to be met with blanket rejection and plus the assertion that any correction would "chill free speech," even though the proposed removal is limited to statements the Court has already identified as potentially actionable.

Defendants also contend there is "no operative complaint," arguing that the Third Amended Complaint (TAC) will be dismissed in its entirety. Yet the claims that survived the Court's February 28 ruling remain live against Defendant Marston, and the TAC merely reformulates counts consistent with the Court's guidance. Permitting the TAC to be filed—and setting a timetable for Defendants' response—would crystallize the issues, allow motion practice to proceed, and eliminate this pleading-stage stalemate that Defendants invoke to delay discovery. It would also moot Defendants' stated concern that they cannot evaluate settlement without knowing which claims attach to which parties.

While Defendants have not posted new content during the stay, they previously endorsed third-party commentators who continue to publish videos and streams that keep the controversy alive. Those posts still prompt followers to harass and attack the Plaintiffs. The Defendants' endorsement of one supporter has prompted this supporter to stalk, surveil, and harass Ms. Braun—and even attend and

post videos about her divorce. This supporter whom each Defendant promoted is now the subject of a No Contact Stalking Order.

Due to the delay, there is a heightened risk of deletion and removal of posts made online. Several key videos have already been deleted or set to private, underscoring the need for timely subpoenas to social-media platforms before evidence disappears. Platforms—not end-users—retain the underlying analytics (view counts, monetization data, deletion timestamps) essential to damages and malice; without immediate preservation discovery, that data will be purged in the platforms' normal retention cycle. The stay therefore postpones evidence preservation and grants Defendants a cost-free hiatus.

For these reasons Plaintiffs respectfully request that the Court (1) grant leave to file the Third Amended Complaint, (2) lift the discovery stay so that preservation-focused discovery may begin immediately, and (3) reset case deadlines. Doing so will level the playing field, secure ephemeral evidence, and—ironically—improve the chances of settlement by giving both sides the factual clarity and procedural momentum they currently lack.

Defendants' Position:

Defendants remain committed to attending the settlement conference ordered by this Court, and intend to participate in the conference and discuss resolution of this matter in good faith. Plaintiffs' claim that Defendants have "deferred every substantive discussion" regarding the settlement of this case is simply not true. To the extent a side is not participating in good faith to reach an informal resolution, it is Plaintiffs, who continuously demand unreasonable restrictions on Defendants' freedom of speech and illogical efforts by Defendants to control the actions of unrelated, third-parties.

Now that the Court has found that all but two of the alleged defamatory statements on which Plaintiffs had based their claims are constitutionally-protected opinion, Plaintiffs now focus on the conduct of unrelated and unnamed third-parties, referenced in Plaintiffs' section above. However, as this Court has already found in ruling on Plaintiffs' Motion to Dismiss, "the complaint does not allege that Defendants themselves engaged in this conduct, nor does it allege that Defendants directed 'the mob' to do so." The same can be said for the Proposed Third Amended Complaint as it also fails to contain any such allegations. If Plaintiffs have viable claims against these unrelated parties, then Plaintiffs can take independent legal action against those individuals. The conduct of these unrelated third-parties is entirely irrelevant to the claims asserted by Plaintiffs against Defendants *in this action* for defamation and tortious interference.

In addition, Defendants' argument to support its request for immediate discovery to avoid spoliation is a red herring. First, Plaintiffs' pleadings reference, screenshot and otherwise capture all of the social media posts and videos at issue in this lawsuit so any claim that they have somehow been spoliated is ridiculous. Second, Plaintiffs concede above that Defendants are not engaging in any further social media posts or online commentary about Plaintiffs that might support Plaintiffs' claims. Regardless, Defendants are fully aware of their obligations to maintain copies of these materials for discovery purposes. Third, social media posts and videos online are publicly available, and Plaintiff certainly has the ability to capture that evidence without the need for a subpoena. Fourth, social media posts, video and other content is regularly "taken down" from a social media user's feed, but that does not mean that the material is destroyed or spoliated and therefore unable to be accessed and produced in discovery. Finally, any social media posts or videos are separately discoverable via subpoena to the social media companies. Defendants filed this action over a year and a half ago, and not once during that time have they indicated the need to take discovery to preserve evidence.

If and when the Court grants Plaintiffs' Motion to file the Proposed Third Amended Complaint, Defendants intend to move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6). Thus, following the completion of the settlement conference, Defendants request that: (a) the Court issue a ruling on the filing of the Third Amended Complaint, and (b) set a briefing schedule for the filing of a Motion to Dismiss the Third Amended Complaint. Defendants further request that the discovery stay remain in place until this Court rules on the Motion. To permit Plaintiffs to move forward with discovery before the Court has ruled on that Motion would result in the unnecessary expenditure of not only the parties' time and resources, but also the third parties that Plaintiffs apparently intend to subpoena on issues that may be addressed and/or dismissed by the Court.

3.  **Third Amended Complaint**. Plaintiffs circulated a proposed Third Amended Complaint ("TAC") that narrows and reframes the claims in light of the Court's February 28, 2025 ruling on Defendants' motion to dismiss. This Court ordered a stay on any response to Plaintiffs' Amended Complaint on May 6, 2025. Defendants anticipate filing a motion to dismiss.

4.  **Discovery**.

Plaintiff's Position: With settlement unlikely in the near term, Plaintiffs request that the stay be lifted. Third-party subpoenas (including to social-media platforms) are time-sensitive because relevant posts involving the claims at issue have since been deleted and stored copies of posts and meta data may be deleted by the platforms in the ordinary course of business. Early discovery will also assist the parties in evaluating settlement realistically.

Defendants' Position is addressed above.

Respectfully submitted,

    *s/Benjamin C.R. Lockyer*

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
ben@lockyerlaw.com

*Attorney for Plaintiffs*

*s/Brandon J. Witkow*
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

>Benjamin C.R. Lockyer
>Lockyer Law LLC
>100 N. Riverside Plaza, Suite 2400
>Chicago, Illinois 60606
>ben@lockyerlaw.com
>
>*Attorney for Plaintiffs*
>Amy M. Doig
>COZEN O'CONNOR
>123 N. Wacker Dr., Suite 1800
>Chicago, Illinois 60606
>(312) 474-7900
>adoig@cozen.com
>
>Brandon J. Witkow
>WITKOW | BASKIN
>21031 Ventura Boulevard, Suite 700
>Woodland Hills, California 91364
>(818) 296-9508
>bw@witkowlaw.com
>
>*Attorneys for Defendants*

Dated: July 31, 2025                     /*s/ Brandon J. Witkow*_____