IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE BRAUN, BRAUN IP LAW, LLC & LAUREN PROPSON, | ) ) ) ) | Case No. 23 CV 16856 |
| | ) | Hon. J. Mary Rowland |
| Plaintiffs, | ) ) | Mag. J. M. David Weisman |
| v. | ) ) ) | |
| REBEKAH M. DAY NEE BOXX, KRISTA CARTER, & LILY MARSTON, | ) ) ) ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

NOW COMES, the Parties, Jeanette Braun, Braun IP Law LLC, and Lauren Propson ("Plaintiffs") and Rebekah M. Day, Krista Carter, and Lily Marston (together, the "Defendants"; and collectively with Plaintiffs, "the Parties"), by and through their attorneys file this response to this Court's August 7, 2025 Order [78], and report as follows:

The Court has requested that the Parties "describe to the court the written discovery that has been completed and what remains." No substantive written discovery has been conducted while the Motions to Dismiss—filed on April 22, 2024 (the "Motions") and decided by this Court on February 28, 2025 —were pending, as the Motions sought dismissal of the entirety of Plaintiffs' operative complaint. In light of the Motions to Dismiss and in the spirit of settlement, the Parties refrained from formal written discovery in light of the anticipated settlement conference.

**Plaintiffs' Discovery.** In addition to the above, Plaintiff's refrained from written discovery due to concerns of receiving further online and in-person harassment by any motion practice related to discovery. As this Court is aware, there are individuals online that have shown interest in this matter and closely follow the Court's docket. To protect the Plaintiffs from further

1

harassment, Plaintiffs are seeking to obtain a protective order permitting the parties to provide confidential information in this matter under seal. Plaintiffs are seeking to enter into a general protective order, based on the Northern District of Illinois' model protective order that includes a tier for Attorney Eyes Only based on personal identifying information or sensitive information about a party. Defendants have refused to any such request.

Considering the Court's order, Plaintiffs have now issued requests to produce, interrogatories, and requests for admission to Defendants Day, Carter, and Marston.[1] Plaintiff also issued subpoenas to various social media platforms related to the claims at issue. Should these discovery requests be sufficiently responded to, Plaintiff will have completed most of its written discovery and will only need to engage in oral discovery and supplemental discovery based on witness statements. Plaintiffs anticipate that there may be individual and corporate depositions of third parties.

To protect the Plaintiffs from further harassment, Plaintiffs are seeking to obtain a protective order permitting the parties to provide confidential information in this matter under seal. Plaintiffs are seeking to enter into a general protective order, based on the Northern District of Illinois' model protective order that includes a tier for Attorney Eyes Only based on personal identifying information or sensitive information about a party.

Plaintiffs' request for an "Attorneys' Eyes Only" tier is not a generalized attempt to withhold information from Defendants, but a narrowly tailored measure necessary to protect the safety and privacy of the parties and prevent further harm. As this Court is aware, Ms. Braun and Ms. Propson have been the subject of sustained online and in-person harassment arising directly from the events underlying this case. It would be limited to protecting the Parties' home addresses,

---

[1] Plaintiff notes that Defendants intend to file a motion to dismiss Plaintiff's third amended complaint as to Day and Carter.

personal identifying information, and private family details—such as the names of children or other family members—from disclosure directly to the Parties themselves. Individuals online have shown a demonstrated and continuing interest in this matter, closely monitoring the Court's docket and disseminating information about Plaintiffs in forums where harassment is encouraged. In Ms. Braun's and Ms. Propson's case, such conduct has escalated to the point of threats referencing her home and location, amplifying the risk of physical harm and reputational injury.

These risks are not hypothetical. Certain categories of discovery—such as documents containing personal identifying information, contact details, financial account information, or communications revealing private residences, schedules, or security arrangements—would, if disclosed beyond counsel, create a serious and immediate risk of further harassment, stalking, and intimidation. Once such information is shared outside counsel, there is no effective way to control its dissemination, especially in light of Defendants' public online profiles and the demonstrated pattern of case-related information being circulated in hostile online spaces.

A narrowly drawn AEO provision, consistent with the Northern District of Illinois model protective order and limited to truly sensitive materials, is therefore essential to safeguard Plaintiffs' safety and to prevent further harm. This is particularly warranted here, where the harassment at issue is intertwined with the claims and defenses in the case, and where the prejudice to Defendants is minimal—Defendants' counsel will have full access to the materials and can take any necessary steps to prepare their clients without directly exposing them to the sensitive information itself. Courts in this District have recognized that the threat of harassment and endangerment justifies AEO treatment, even outside the trade-secret context, where the facts demonstrate a concrete risk of misuse or harm.

Defendants have refused to agree to this request.

**Defendant's Discovery.** On February 28, 2025, the Court issued its Order on the Motions to Dismiss [Dkt. 59]. The Court thereafter set a status conference for April 17, 2025 [Dkt. 33]. On May 6, 2025, the Court referred this matter to a settlement conference before Magistrate Judge Weissman [Dkts. 66, 67]. Magistrate Judge Weissman initially set the conference for July 18, 2025 [Dkt. 70], later continuing it *sua sponte* to August 4, 2025 [Dkt. 71], before ultimately terminating the referral. Between the Court's ruling on the Motions to Dismiss and the filing of the Third Amended Complaint on August 4, 2025 [Dkt. 76], the Parties refrained from formal written discovery in light of the anticipated settlement conference.

In light of Magistrate Judge Weissman's termination of the referral and this Court's August 7, 2025 Order [Dkt. 78], Defendants will be serving an initial set of document requests and interrogatories on each of Plaintiffs shortly. In addition, Defendants intend to issue subpoenas to, among other third-parties, the Illinois Attorney Registration & Discipline Commission (ARDC) as to Plaintiff Jeannette Braun's disciplinary record, The Travel Channel as to the alleged lost contract with Plaintiff Lauren Propson, and the alleged lost clients of Plaintiff Jeannette Braun, including Alyssa DeFord p/k/a BunnieXo, Monsters and Martians and any other clients identified by Ms. Braun in discovery.

However, as this Court is aware, Defendants will be filing a further Motion to Dismiss the remaining causes of action of the Third Amended Complaint, which Motion if granted in whole or in part, will moot the need for all of some of such third-party discovery. Accordingly, in order to avoid the potentially unnecessary expenditure of time and resources by the Parties and third-parties on matters that may be resolved or narrowed by the Court's ruling on the Motion to Dismiss, Defendants prefer to hold off on the issuance of such third-party discovery until after the Motion to Dismiss is considered by this Court.

As to the need for a protective order governing the use and/or disclosure of the documents and other materials produced in this litigation, Defendants are agreeable to a protective order that includes only a "Confidential" tier, and are opposed to the inclusion of an "Attorneys' Eyes Only" ("AEO") tier. Plaintiffs' proposed AEO tier is unwarranted and would severely prejudice Defendants' ability to defend against the claims at issue. This is not a case involving the exchange of highly sensitive trade secrets between direct market competitors, the narrow context in which AEO protection is typically justified. Rather, the allegations here turn on the content, truth, and context of communications attributed to the individual Defendants. Those Defendants—whose knowledge and recollection are indispensable—must be permitted to review and discuss the very documents that purportedly evidence their liability.

Restricting access to such materials would: (1) impair Defendants' ability to verify or refute factual assertions uniquely within their personal knowledge; (2) prevent meaningful collaboration with counsel in developing case strategy; (3) hinder accurate and complete testimony preparation; and (4) obstruct informed settlement evaluation. An AEO restriction would thus undermine fundamental fairness and due process by preventing the accused from confronting and responding to the evidence against them.[2] Because the prejudice to Defendants far outweighs any generalized confidentiality concerns—and because a standard "Confidential" designation, coupled with the Court's model protective order, is sufficient to safeguard legitimate privacy interests—the request for an AEO tier should be denied.

---

[2] Plaintiffs' claim that an AEO tier is necessary to protect "documents containing personal identifying information, contact details, financial account information, or communications revealing private residences, schedules, or security arrangements" is a strawman argument designed to justify overbroad AEO designations. These categories of documents are irrelevant to the issues in this case and will not be sought by Defendants in discovery. The two remaining defamatory statements in the TAC, and Plaintiffs' alleged loss of a client and other opportunities, do not require discovery into Plaintiffs' private residences, personal identifying information, or security arrangements. If public disclosure is truly Plaintiffs' concern, a Confidential designation alone serves this purpose. Simply put, if an AEO tier is permitted, Defendants expect there will be significant motion practice to challenge unjustified and overbroad designations.

**Status on Discovery.** The Parties request a further status conference to address the status of discovery for late October 2025 according to this Court's schedule. This timeframe would allow for the above initial rounds of party discovery to conclude, and the Motion to Dismiss will then be pending before this Court.

     /s/ Benjamin Lockyer

Benjamin C.R. Lockyer
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com

*Attorney for Plaintiffs*

*s/ Brandon J. Witkow*
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

Amy M. Doig
Cozen O'Connor
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

*Attorneys for Defendants*