**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, & | ) | |
| LILY MARSTON, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT DAY AND MARSTON'S MOTIONS TO DISMISS**

Plaintiffs Lauren Propson ("Plaintiff"), by and through her attorney, presents her memorandum of law in opposition to Defendant ("Krista Carter") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and states as follows:

**INTRODUCTION**

Defendant Krista Carter once again seeks to avoid accountability for her deliberate campaign to damage Plaintiff Lauren Propson's career. This time, Carter attempts to repackage her own interference with Propson's business relationships as "constitutionally protected opinion," urging the Court to dismiss Counts VII and VIII of the Third Amended Complaint ("TAC")— tortious interference with contract and tortious interference with economic advantage.

That effort fails. Unlike the earlier pleadings, the TAC pleads specific contracts (including Propson's sponsorship with the Travel Channel and Pair Eyewear), identifies Carter's intentional conduct (inciting her followers to target those companies), and alleges concrete results (the Travel Channel and Pair Eyewear terminated their relationships within days of Carter's campaign). TAC

1

¶¶ 191–197, 194–195. The TAC also pleads Propson's reasonable expectations of additional sponsorships and commercial partnerships that were disrupted by Carter's interference. TAC ¶¶ 301–308.

Carter's motion rests on three arguments: (1) her conduct was "opinion" and therefore justified, (2) the TAC does not allege knowledge or intent, and (3) the TAC does not plead causation or specific prospective relationships. Each fails. Whether interference is "justified" is a factual issue, not a pleading defect. The TAC pleads Carter's knowledge and purpose—she knew of Propson's sponsorships, referenced them directly, and encouraged her followers to pressure those companies. And the TAC pleads causation in detail: Carter's campaign led directly to the termination of contracts and abandonment of negotiations.

At the Rule 12(b)(6) stage, these allegations more than suffice. Carter's arguments go to the merits and must await discovery. Her motion should be denied.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion tests only the sufficiency of the complaint, not the merits. The complaint survives so long as it states a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. All factual allegations must be taken as true and construed in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678.

Affirmative defenses such as truth or privilege generally cannot be resolved at the pleading stage unless they are apparent on the face of the complaint. *Osundairo v. Geragos*, 447 F. Supp. 3d 727, 737–38 (N.D. Ill. 2020).

**ARGUMENT**

**I.     Carter's Motion to Dismiss Count VII (Tortious Interference with Contract) Should Be Denied Because the TAC Pleads Each Required Element.**

Wisconsin law requires a plaintiff to allege: (1) a valid contract, (2) defendant's knowledge of it, (3) intentional interference, (4) a causal connection, and (5) lack of justification. *Duct-O-Wire Co. v. United States Crane, Inc.*, 31 F.3d 506, 509 (7th Cir. 1994). The TAC pleads each element.

First, the TAC alleges Propson had enforceable agreements with the Travel Channel and Pair Eyewear for recurring digital content sponsorships. TAC ¶ 191. Those contracts are pled with specificity, unlike in prior complaints.

Second, the TAC alleges Carter studied Propson's social media accounts and was aware of her sponsorships. TAC ¶¶ 47–48, 191–192. That is sufficient to allege knowledge at this stage, where intent and knowledge may be pled generally. *Foseid v. State Bank of Cross Plains*, 541 N.W.2d 203, 209 (Wis. Ct. App. 1995).

Third, Carter is alleged to have posted videos labeling Propson "transphobic" and "a TERF," while urging her followers to pressure sponsors into severing ties. TAC ¶¶ 192–194. That is classic inducement of breach. Intent to interfere may be inferred where the actor knows interference is substantially certain to result. *Foseid*, 541 N.W.2d at 209.

Fourth, within days of Carter's October 24, 2023 campaign, the Travel Channel informed Propson it would cease posting her videos due to the online controversy, and Pair Eyewear terminated its sponsorship. TAC ¶¶ 43–52, 195. That temporal proximity and direct causal link satisfy the pleading requirement. See *Twombly*, 550 U.S. at 570 (plausibility standard).

Finally, Carter insists her conduct was "opinion" and therefore justified. But whether interference is justified is fact-intensive, turning on motive and means. *See e.g. Kuwik v. Starmark*

3

*Star Mktg.*, 156 Ill. 2d 16, 30 (1993). Orchestrating a mob campaign to pressure companies is not automatically justified conduct. At a minimum, the question cannot be decided at this stage.

II. **Carter's Motion to Dismiss Count VIII (Tortious Interference with Economic Advantage) Should Be Denied Because the TAC Pleads Reasonable Prospective Relationships and Intentional Disruption.**

The TAC sufficiently pleads specific prospective relationships. In addition to the Travel Channel and Pair Eyewear contracts, the TAC alleges Propson was in active negotiations for a podcast deal and other sponsorships, and that those negotiations collapsed due to Carter's campaign. TAC ¶¶ 195, 301–308. This is more than a vague hope of future contracts. Courts require a "reasonable expectancy," not a guarantee. *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 680 (7th Cir. 1999).

The TAC sufficiently pleads Carter's knowledge and bad intent. Carter's conduct was targeted at Propson's sponsorships: she encouraged her followers to "report or shame" companies for working with Propson. TAC ¶¶ 194, 304. That is purposeful interference, not incidental fallout. Finally, as a result of Carter's campaign, Propson lost actual contracts and prospective deals, and suffered financial harm and reputational injury. TAC ¶¶ 195, 307. This satisfies the causation element. *Duct-O-Wire*, 31 F.3d at 509.

III. **Carter's Argument That Her Conduct Is "Constitutionally Protected Opinion" Misstates the Law.**

Carter relies heavily on this Court's prior dismissal of defamation claims. But tortious interference is not limited to defamatory speech. Liability arises not from labeling Propson a "TERF," but from Carter's targeted conduct—urging sponsors to drop Propson, and inciting her followers to pressure companies until they did. TAC ¶¶ 192–195, 304.

Courts reject attempts to immunize interference by recasting deliberate disruption as "opinion." See *Liebe v. City Fin. Co.*, 98 Wis. 2d 10, 14–15, 295 N.W.2d 16 (Ct. App. 1980)

(interference may be "improper" independent of defamatory content). The TAC alleges precisely that sort of conduct: Carter's campaign weaponized her platform to cause contract terminations.

## IV. Carter's Attacks on the TAC's Specificity Are Unavailing.

Carter asserts the TAC does not allege knowledge, intent, or causation with sufficient detail. That is incorrect. The TAC provides a timeline (October 24 video, October 31 contract termination), names specific companies (Travel Channel, Pair Eyewear), and describes Carter's conduct (urging followers to pressure sponsors). TAC ¶¶ 192–195. That is far more than the "vague and conclusory" allegations Carter describes. It satisfies Rule 8, which requires only plausibility, not proof. *Iqbal*, 556 U.S. at 678.

## V. Carter's Conduct Constitutes Unjustified Interference Under Wisconsin Law and Cannot Be Dismissed at the Pleading Stage

Carter's motion rests heavily on the argument that because this Court previously found her statements to be non-actionable opinion in the defamation context, the interference claims must also fail. That argument misstates the law. Wisconsin applies the Restatement (Second) of Torts § 767, which evaluates justification through a multi-factor balancing of motive, means, the nature of the relationship, and the social interests at stake. *Liebe v. City Fin. Co.*, 98 Wis. 2d 10, 14–15, 295 N.W.2d 16 (Ct. App. 1980) (adopting Restatement § 767 balancing test for justification). Whether interference is "justified" therefore depends on fact-intensive inquiries and cannot be resolved on a Rule 12(b)(6) motion.

The tort here is not limited to Carter's characterization of Propson as "transphobic" or a "TERF." It is the intentional conduct of inciting and mobilizing her online followers to pressure sponsors into severing their relationships with Propson. That conduct, weaponizing a social-media platform to induce specific breaches, is actionable interference. Courts have long distinguished

interference from defamation on this basis. See *Frandsen v. Jensen-Sundquist Agency, Inc.*, 802 F.2d 941, 947 (7th Cir. 1986).

The TAC pleads knowledge and intent with the specificity required at this stage. Carter studied Propson's social media, knew of her sponsorships, and urged followers to contact those companies. TAC ¶¶ 191–194. Knowledge and intent may be inferred from such circumstances. *Foseid v. State Bank of Cross Plains*, 197 Wis. 2d 772, 792–94, 541 N.W.2d 203 (Ct. App. 1995).

The TAC also pleads causation in detail: Carter launched her campaign on October 24, 2023; within a week, the Travel Channel stopped posting Propson's content and Pair Eyewear terminated its sponsorship. TAC ¶¶ 43–52, 195. That direct temporal link and the specific sponsor responses satisfy plausibility under Twombly and Iqbal. See *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 680 (7th Cir. 1999) (reasonable expectancy and causation sufficiently pled where plaintiff alleges concrete facts supporting probability of continuation).

Finally, Carter's conduct is not "justified" simply because she couches her campaign in rhetoric. Under Wisconsin law, inciting an economic boycott by unleashing an online mob is not automatically privileged. See *Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 105, 279 N.W.2d 493 (Ct. App. 1979) (interference liability turns on impropriety/justification, not on defamation per se). Whether her interference was justified requires factual development, not dismissal.

For these reasons, Carter's assertion that her conduct was justified opinion fails. The TAC pleads intentional, targeted disruption of existing contracts and prospective relationships. That is enough to proceed beyond the pleading stage.

**CONCLUSION**

The TAC pleads in detail that Carter intentionally interfered with Propson's contracts and prospective relationships, causing concrete economic harm. Carter's defenses, justification, privilege, "opinion", raise factual questions not suitable for dismissal at the pleading stage. For these reasons, Propson respectfully requests that the Court deny Carter's Motion to Dismiss in its entirety.

Respectfully Submitted,

s/      *Benjamin Lockyer*

Benjamin C.R. Lockyer
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com

*Attorney for Plaintiffs*