**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEANNETE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON, | ) ) | |
| Plaintiffs, | ) ) | Case No. 23 C 16856 |
| v. | ) ) | |
| REBEKAH M. DAY NEE BOX, KRISTA CARTER & LILY MARSTON | ) ) | |
| | ) ) | |
| Defendants. | ) | |

**DECLARATION OF BRANDON J. WITKOW & EXHIBITS IN SUPPORT OF**
**DEFENDANTS REBEKAH M. DAY, KRISTA CARTER,**
**AND LILY MARSTON'S MOTIONS TO COMPEL**

I, Brandon J. Witkow, hereby declare as follows:

1.      I am counsel of record for Defendants Rebekah M. Day ("Day"), Krista Carter ("Carter"), and Lily Marston ("Marston") (collectively, "Defendants") in the above-captioned action. I make this declaration in support of Defendants' Motion to Compel Full and Complete Responses to Interrogatories and Defendants' Motion to Compel Full and Complete Responses to Requests for Production and Further Document Production. I have personal knowledge of the facts set forth herein and can testify competently to them.

2.      On August 27, 2025, Day, Marston and Carter each served on Plaintiffs Jeanette Braun and Braun IP Law, LLC (collectively "Braun") and Lauren Propson ("Propson") (together, "Plaintiffs"), respectively, their First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production of Documents ("RFPs"), all of which were targeted specifically at discovering the basis for Plaintiffs' allegations in the Third Amended Complaint ("TAC"), including facts regarding the alleged falsity of the two remaining alleged defamatory

statements, facts regarding the alleged tortious interference with specific contracts and/or relationships between Plaintiffs and third parties by Defendants, facts regarding Plaintiffs' loss of business and/or clients as a result of Defendants' alleged statements, and seeking the production of documents relating to these highly relevant issues.

3.     After receiving and presumably reviewing these written requests, Plaintiffs did *not* file a motion for a protective order by September 5, 2025, despite the Court's clear mandate in its August 18, 2025 Order, and to date, Plaintiffs have never filed any such Motion.

4.     Plaintiffs served their responses to Defendants' interrogatories, requests for admission, and requests for production of documents on September 26, 2025. Plaintiffs' responses to all four Defendants' interrogatories and RFPs were entirely inadequate.

5.     Attached hereto as Attached hereto as **Exhibit 1** is a true and correct copy of Propson's Responses to Carter's First Set of Interrogatories.

6.     Attached hereto as **Exhibit 2** is a true and correct copy of Braun's Responses to Day's First Set of Interrogatories.

7.     Attached hereto as **Exhibit 3** is a true and correct copy of Braun's Responses to Marston's First Set of Interrogatories.

8.     Attached hereto as **Exhibit 4** is a true and correct copy of Braun's Responses to Carter's First Set of Interrogatories.

9.     Attached hereto as **Exhibit 5** is a true and correct copy of Propson's Responses to Carter's First Set of RFPs.

10.     Attached hereto as **Exhibit 6** is a true and correct copy of Braun's Responses to Day's First Set of RFPs.

11.     Attached hereto as **Exhibit 7** is a true and correct copy of Braun's Responses to Marston's First Set of RFPs.

12.     Attached hereto as **Exhibit 8** is a true and correct copy of Braun's Responses to Carter's First Set of RFPs.

13.     While Plaintiffs' responses to the RFPs were due on September 26, 2025, their document production was not served until almost a month later on October 23, 2025, despite my repeated requests by email on September 30, 2025, October 14, 2025, October 16, 2025, and October 20, 2025.  Attached hereto as **Exhibit 9** is a true and correct copy of an email thread between myself and Plaintiffs' counsel, Benjamin Lockyer beginning on September 26, 2025, and ending on October 31, 2025, reflecting my repeated inquiries as to the status of Plaintiffs' document production.

14.     **L.R. 37.2 Statement:** On October 31, 2025, I sent Mr. Lockyer a detailed meet and confer letter identifying the deficiencies in Plaintiffs' written responses and document production and requesting that the parties engage in a telephonic conference in accordance with Local Rule 37.2. A true and correct copy of my October 31, 2025 letter is attached hereto as **Exhibit 10.**

15.     Counsel exchanged additional letters and correspondence on the discovery issues and scheduled a telephonic conference to further discuss on November 7, 2025 at 2 p.m. (CT). Attached as **Exhibit 11** is a true and correct copy of Mr. Lockyer's November 4, 2025 response to my October 31, 2025 letter. Attached as **Exhibit 12** is a true and correct copy of my November 4, 2025 response letter to Mr. Lockyer's November 4 letter. Attached as **Exhibit 13** is a true and correct copy of an email thread between myself and Mr. Lockyer beginning on November 3, 2025 through November 11, 2025, reflecting counsel's meet and confer efforts and scheduling of the telephonic conference.

16.     The conference took place on November 7, 2025 at 2 p.m. (CT), and the participants were Brandon Witkow and Cory Baskin on behalf of Defendants and Ben Lockyer and Ryan Lezara on behalf of Plaintiffs. The conference lasted approximately 1.5 hours. During that telephonic conference, Plaintiffs' counsel indicated his belief that Plaintiffs' were not obligated to provide narrative responses to any of Defendants' interrogatories (including contention interrogatories seeking "all facts" to support specific contentions or allegations); rather, those types of questions were the subject of deposition testimony. Plaintiffs' counsel also indicated that communication with the ARDC regarding investigations into complaints about Braun and information and documents regarding clients Plaintiffs' allegedly lost as a result of Defendants' actions were not the proper subject of discovery and/or were confidential and/or privileged.  I strongly disagreed with Mr. Lockyer's position, and Mr. Lockyer made it clear that he rejected my position regarding the inadequacies in the written responses and document production. Mr. Lockyer indicated that Plaintiffs would provide supplemental responses, additional documents, and a "categorical" privilege log by November 10, 2025, but was noncommittal regarding scope of the amendment or the document production. During that same conference, I agreed that Defendants would serve supplemental responses to Plaintiffs' written requests.

17.     On November 10, 2025, as promised, I served supplemental written discovery responses on behalf of Defendants on Plaintiff's counsel. Plaintiffs, however, failed to provide any supplemental responses, documents, or privilege log on November 10, 2025. On November 11, 2025, at 7:48 p.m., Plaintiffs' counsel served Plaintiffs' supplemental interrogatory responses and a supplemental production of documents consisting of 410 additional pages of documents, of which 29 were duplicative of documents already produced.[1] A true and correct copy of Propson's

---

[1] Of the original 1338 pages of documents that were produced by Plaintiffs, 40% of the pages produced were duplicated (i.e. **537 pages** of this set are duplicates, leaving only **793 unique pages.**)

Supplemental Response to Carter's First Set of Interrogatories is attached hereto as **Exhibit 14**. A true and correct copy of Braun's Supplemental Response to Day's First Set of Interrogatories is attached hereto as **Exhibit 15**. A true and correct copy of Braun's Supplemental Response to Marston's First Set of Interrogatories is attached hereto as **Exhibit 16.** A true and correct copy of Braun's Supplemental Response to Carter's First Set of Interrogatories is attached hereto as **Exhibit 17**.

18.     To date, Plaintiffs have not served any supplemental responses to the RFPs or a privilege log.

19.     With respect to the documents produced by Plaintiffs to date in response to the RFPs, Plaintiffs improperly lumped their respective productions together with documents pertaining to Braun mixed in with documents pertaining to Propson, with no organization or logical arrangement whatsoever. Within this single production multiple documents were provided in an incomplete form and appear randomly inserted between unrelated materials with no logical grouping or continuity. For example, Plaintiffs produced document Bates numbered Plaintiffs_000007, which is a Twitter thread showing replies to an original tweet that is not visible and that discuss DMCA takedowns and the ARDC. In addition to being incomplete, it is randomly included just prior to what seems to be a portion of a Reddit thread about Jelly Roll (Plaintiffs_000006), which is not only incomplete and missing the original post, but also seemingly irrelevant to anything pertaining to this case. It is then followed by an out of place screenshot of an anonymous email sent to Plaintiff's counsel (Plaintuiffs_000008)—neither of which relate to the Twitter thread's subject matter. Similarly, an Order of Protection for Braun's client, Kaitlynn Dempsey (Plaintiffs_000622–000627), appears abruptly following a Reddit thread discussing Braun's DMCA takedown notices against Marston's podcast (Plaintiffs_000614–000621). This

protection order is then followed by yet another out-of-place screenshot at Plaintiffs_000628, showing a photograph of a computer screen displaying a Google Voice message with no date, no indication of the recipient, any context for its inclusion. Further, Plaintiffs produced numerous Reddit threads that appear incomplete, showing only fragments of comment sections without the original post or prior replies being responded to. Examples include Plaintiffs_000083, 000110, and 000143—all of which display isolated comments responding to unseen original posts and lack the context necessary for full understanding of the replies. Plaintiffs' production also includes material entirely unrelated to any party or issue in this case. Document Bates numbered Plaintiffs_000006–000007 is a Reddit thread about singer Jelly Roll that has no connection to the claims or Defendants. Finally, the production contains excessive duplication, including instances in which dozens of identical screenshots appear repeatedly back to back, as well as the same sequences across hundreds of pages being repeated at various stages of the document. In just the first 200 pages alone, once the duplicates are removed, only 67 pages remain, three of which contain no content at all. Thus, only 64 of the first 200 pages are unique.

20.     Plaintiffs' document production is missing numerous categories of highly relevant, and responsive documents, such as: contracts between Propson and the two specific clients she claims she lost as a result of Carter's actions (Pair Eyewear and The Travel Channel), any documents relating to any other of Propson's alleged lost clients or lost opportunities, any documents relating to either Plaintiffs' proof of damages or lost clients, documents regarding Braun's filing of a DMCA takedown request with respect to Marston's Episode 97 (which are directly relevant to Marston's alleged defamatory statement that Braun was "actively committing perjury" when she filed that DMCA takedown request), and there are no communications from

Braun to the ARDC regarding ethics complaints filed against her (only the complaints themselves were produced and the final resolution letter – nothing in between).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Los Angeles, California on November 17, 2025.

Brandon J. Witkow

**Exhibit 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS LAUREN PROPSON'S RESPONSE TO DEFENDANT KRISTA
CARTER'S FIRST SET OF INTERROGATORIES**

Plaintiffs Lauren Propson ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Krista Carter's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

## General Objections

1.  Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2.  Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3.  Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4.  Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an appropriate protective order.

5.  Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it

2

assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1**

IDENTIFY all facts that support YOUR allegation in Paragraph 32 of the TAC that "Upon information and belief, Defendant Carter's motive and intent behind these posts were to tarnish and damage Ms. Propson's reputation while boosting her own social media career."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiff will produce non-privileged, relevant information and documents in her possession, if any.

3

**Interrogatory No. 2**

IDENTIFY the "pro-LGBTQ and pro-trans rights content" that are referenced in YOUR allegation in Paragraph 34 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects that the requested information may be in the possession of third-party platforms.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

---

**Interrogatory No. 3**

IDENTIFY all "evidence contradicting her [CARTER] transphobia claims," as alleged in Paragraph 36 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and argumentative.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

---

**Interrogatory No. 4**

IDENTIFY all instances, by name of follower(s), date, time, and method, wherein "Defendant Carter actively engaged with and further incited her fans and the general public," as alleged in Paragraph 37 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and seeking speculative identification of third parties outside Plaintiff's control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

---

**Interrogatory No. 5**

IDENTIFY all facts that support YOUR allegation in Paragraph 38 of the TAC that "Upon information and belief, Defendant Carter made her false statements to tarnish Ms. Propson's reputation and career as a social media influencer."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.

4

Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

---

**Interrogatory No. 6**

IDENTIFY all facts that support YOUR allegation in Paragraph 39 of the TAC that "Upon information and belief, Defendant Carter accused Ms. Propson of being transphobic in an attempt to incite pro-LGBTQ community members to engage in a cancel culture campaign."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and documents in her possession, if any.

---

**Interrogatory No. 7**

IDENTIFY by name of follower(s), social media name/handle, date, time, and method, each of the "pro-LGBTQ community members [who] engaged in a cancel culture campaign against Ms. Propson," as alleged in Paragraph 39 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside Plaintiff's knowledge or control (e.g., anonymous individuals).
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

---

**Interrogatory No. 8**

IDENTIFY the "multiple posts, comments, and blog articles" referenced in YOUR allegation in Paragraph 41 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects that responsive information may be in the possession of third-party platforms.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

---

**Interrogatory No. 9**

IDENTIFY all facts supporting YOUR allegation in Paragraph 42 of the TAC that "The impact of this allegation caused Ms. Propson immediate and irreparable harm to her reputation."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any, subject to a protective order being entered.

---

**Interrogatory No. 10**

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and The Travel Channel RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of The Travel Channel.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

---

**Interrogatory No. 11**

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and The Travel Channel RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

---

**Interrogatory No. 12**

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and Pair Eyewear RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of Pair Eyewear.

Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

---

**Interrogatory No. 13**

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and Pair Eyewear RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, sufficient to respond to this request subject to a protective order being entered.

---

**Interrogatory No. 14**

IDENTIFY the company that was intended to be part of "the podcast deal" and the terms of the deal.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and documents sufficient to identify the podcast company and terms, if any, subject to a protective order.

---

**Interrogatory No. 15**

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the podcast deal" company RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of third parties.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

---

**Interrogatory No. 16**

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and "the podcast deal" company RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

---

**Interrogatory No. 17**

IDENTIFY the company(ies) that were intended to be part of "the brand endorsement contracts" and the terms of those contracts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents sufficient to identify such companies and contracts, if any, subject to a protective order.

---

**Interrogatory No. 18**

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the brand endorsement contracts" companies RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of third parties.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

---

**Interrogatory No. 19**

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and "the brand endorsement contracts" companies RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

---

**Interrogatory No. 20**

IDENTIFY all facts supporting YOUR claim for damages for lost opportunities, agreements or prospective agreements arising out of any conduct alleged against CARTER.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that this Interrogatory prematurely seeks damages computations. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any, subject to a protective order.

**Interrogatory No. 21**

IDENTIFY the specific "comments" referenced in YOUR allegation in Paragraph 48 of the TAC that "Fans of Defendant Carter's commented on The Travel Channel's posts accusing Ms. Propson of being transphobic."

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Interrogatory No. 22**

IDENTIFY all facts that support YOUR allegation in Paragraph 55 of the TAC that "Carter's statements were designed to incite her fanbase against Defendant Braun," including the identity of the fans so incited.

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

**Interrogatory No. 23**

IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being a TERF.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and argumentative. Plaintiff further objects that this Interrogatory mischaracterizes Plaintiff's statements and improperly shifts

the burden of proof.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any.

**Interrogatory No. 24**

IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being homophobic and/or transphobic.

**Response:**
Same objections as Interrogatory No. 23.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any.

**Interrogatory No. 25**

IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being an "anti-vaxxer."

**Response:**
Plaintiff objects to this request as not relevant to any of the claims or defenses in this matter. Plaintiff also objects to this request as vague, ambiguous, overbroad, unduly burdensome, and argumentative. Plaintiff further objects that this Interrogatory mischaracterizes Plaintiff's statements and improperly shifts the burden of proof.
Subject to and without waiving objections, Plaintiff will not produce any information or documents in response to this request.

**Objection to Interrogatories Exceeding FRCP 33(a)**

**Interrogatories Nos. 26–40**

**Response to Each:**
Plaintiff objects to Interrogatories Nos. 26 through 40 on the ground that they exceed the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1), which limits each party to 25 interrogatories, including discrete subparts, absent stipulation or leave of Court. Defendant has neither sought leave of Court nor obtained Plaintiff's consent. Plaintiff therefore declines to provide substantive responses to these Interrogatories.

_____

*Lauren Propson*

10

018

Dated: September 26, 2025

Respectfully submitted,

*/s/ Benjamin C.R. Lockyer*
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com
(773) 340-0011

11

**Exhibit 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS BRAUN AND BRAUN IP LAW LLC'S RESPONSE TO DEFENDANT REBEKAH DAY FIRST SET OF INTERROGATORIES

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Rebekah Day's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

## General Objections

1. Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2. Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4. Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it

2

assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1**

IDENTIFY all DOCUMENTS, including COMMUNICATIONS, by and between YOU and the ARDC.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, vague, and seeking confidential ARDC materials protected under Illinois Supreme Court rules. Plaintiffs further object to the extent this Interrogatory seeks information not within Plaintiffs' possession, custody, or control.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order.

**Interrogatory No. 2**

IDENTIFY all DOCUMENTS YOU provided to the ARDC in response to any inquiry or investigatory demand.

**Response:**
Same objections as Interrogatory No. 1.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order.

---

**Interrogatory No. 3**

IDENTIFY all facts RELATING TO any investigation of YOU by the ARDC.

**Response:**
Plaintiffs object as overbroad, vague, unduly burdensome, and seeking disclosure of confidential ARDC materials outside Plaintiffs' control. Plaintiffs further object that this Interrogatory calls for speculation.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order.

---

**Interrogatory No. 4**

IDENTIFY by name, address, phone number, email, social media handle and any other identifying information as to the "stalker that Ms. Dempsey has obtained numerous protective orders against," as alleged in Paragraph 71 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, unduly burdensome, and seeking private or protected information of third parties. Plaintiffs further object to the extent this seeks information outside Plaintiffs' knowledge or control.
Subject to and without waiving objections, Plaintiffs the identity of the stalker is Erica Fisk who has the email address of ericafisk1@gmail.com.

---

**Interrogatory No. 5**

IDENTIFY all facts that support YOUR allegations in Paragraph 80 of the TAC that DAY sought to "incite her fans to become an angry mob and engage in a harassment campaign against Ms. Braun and her past clients."

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the

extent it seeks "all facts." Plaintiffs further object that this Interrogatory improperly seeks attorney work product.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents, if any, sufficient to respond to this request.

---

**Interrogatory No. 6**

IDENTIFY in detail all "detrimental effects on Ms. Braun, her former clients, her practice, and emotional distress and harm," as alleged in Paragraph 81 of the TAC.

**Response:**

Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to the extent it seeks private or privileged client information.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents evidencing such harm, if any, subject to a protective order.

---

**Interrogatory No. 7**

IDENTIFY each client that YOU contend was lost as a result of DAY's alleged conduct.

**Response:**

Plaintiffs object as vague, ambiguous, overbroad, and seeking disclosure of confidential client information.

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

---

**Interrogatory No. 8**

IDENTIFY each of YOUR clients that YOU contend DAY made "unsolicited communications" to in an effort to obtain disparaging information, as alleged in Paragraph 82 of the TAC.

**Response:**

Same objections as Interrogatory No. 7.

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

---

**Interrogatory No. 9**

IDENTIFY the "clients" that "Defendant Day contacted on March 21, 2024," as alleged in Paragraph 83 of the TAC.

**Response:**
Same objections as Interrogatory No. 7.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

---

**Interrogatory No. 11**

IDENTIFY each of YOUR clients that YOU contend DAY contacted to intimidate, interfere with contracts, or collect statements, as alleged in Paragraph 83 of the TAC.

**Response:**
Same objections as Interrogatory No. 7.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

---

**Interrogatory No. 12**

IDENTIFY all facts that support YOUR allegation in Paragraph 85 of the TAC that DAY falsely claimed the ARDC confirmed receiving "multiple credible complaints."

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiffs further object to the extent it seeks confidential ARDC information.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

---

**Interrogatory No. 13**

IDENTIFY all facts that support YOUR allegation in Paragraph 87 of the TAC that "Defendant Day's statement … is false and did not occur."

**Response:**
Same objections as Interrogatory No. 12.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Interrogatory No. 14**

IDENTIFY all facts that support YOUR allegation in Paragraph 88 of the TAC that "Upon information and belief, the ARDC did not comment or provide information to Defendant Day."

**Response:**
Same objections as Interrogatory No. 12.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Interrogatory No. 15**

IDENTIFY all facts that support YOUR allegation in Paragraph 91 of the TAC that Day acted with actual malice.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome. Plaintiffs further object that this Interrogatory improperly seeks attorney work product.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

**Interrogatory No. 16**

IDENTIFY all facts that support YOUR allegation in Paragraph 92 of the TAC that Day encouraged the public to make ethics complaints.

**Response:**
Same objections as Interrogatory No. 15.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

**Interrogatory No. 17**

IDENTIFY all "members of the public" who were incited as a result of DAY's post.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome, and seeking information outside Plaintiffs' knowledge or control (e.g., anonymous internet users).
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Interrogatory No. 18**

IDENTIFY the PERSON(S) who submitted "ethics complaint(s) to the ARDC against Ms. Braun."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' knowledge or control (complaints are confidential with ARDC).
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, subject to a protective order.

**Interrogatory No. 19**

IDENTIFY the PERSONS who submitted "complaint(s) to the ARDC and requested the ARDC to investigate Ms. Braun."

**Response:**
Same objections as Interrogatory No. 18.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, subject to a protective order.

**Interrogatory No. 20**

IDENTIFY the "one attorney" assigned by the ARDC to investigate YOU.

**Response:**
Plaintiffs object as vague, ambiguous, and seeking confidential ARDC information not in Plaintiffs' control.
Subject to and without waiving objections, Plaintiffs will identify the attorney, subject to a protective order

**Interrogatory No. 21**

IDENTIFY the "professional relationships with clients" disrupted as alleged in Paragraph 201 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, and information sufficient to identify such relationships, subject to a protective order.

**Interrogatory No. 22**

IDENTIFY the "work" that was "lost" from "numerous clients including, Ms. DeFord and Ms. Dempsey" as alleged in Paragraph 207 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such work, if any, subject to a protective order.

**Interrogatory No. 23**

Describe what YOU mean by YOUR clients "distancing" themselves, as alleged in Paragraph 208 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to show such distancing, if any, subject to a protective order.

**Interrogatory No. 24**

IDENTIFY the PERSONS who submitted "several 1 star google reviews for Braun Law," as alleged in Paragraph 210 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' control (anonymous reviewers).
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession.

**Interrogatory No. 25**

IDENTIFY the "clients [that] end[ed] their use of Braun Law for legal services out of fear of harassment," as alleged in Paragraph 210 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to identify such clients, if any, , subject to a protective order.

**Objection to Interrogatories 26–35**

Plaintiffs object to Interrogatories Nos. 26 through 35 on the ground that they exceed the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1), which limits parties to 25 interrogatories, including all discrete subparts, absent stipulation or leave of court. Defendant has neither obtained Plaintiffs' consent nor leave of court to exceed this limit. Plaintiffs therefore decline to provide substantive responses to Interrogatories Nos. 26–35.

_____

*Jeanette M. Braun*

Dated: September 26, 2025                                    Respectfully submitted,

                                                            */s/ Benjamin C.R. Lockyer*
                                                            Lockyer Law LLC
                                                            6515 W. Archer Ave.
                                                            Chicago, Illinois 60638
                                                            ben@lockyerlaw.com
                                                            (773) 340-0011

**Exhibit 3**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS BRAUN AND BRAUN IP LAW LLC'S RESPONSE TO
DEFENDANT LILY MARSTON'S FIRST SET OF INTERROGATORIES**

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Lily Marston's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

## General Objections

1. Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2. Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4. Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it

assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1**

IDENTIFY all COMMUNICATIONS YOU have issued on behalf of Alyssa DeFord p/k/a "Bunnie XO" pursuant to the DMCA to PLATFORMS demanding that they "take down" content.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking privileged client communications. Plaintiffs further object that this Interrogatory seeks information outside Plaintiffs' possession, custody, or control.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications in their possession with Alyssa DeFord, if any, subject to a protective order.

**Interrogatory No. 2**

IDENTIFY all COMMUNICATIONS YOU have issued on behalf of Kaitlynn Dempsey p/k/a "Demps" pursuant to the DMCA to PLATFORMS demanding that they "take down" content.

**Response:**
Same objections as Interrogatory No. 1.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications in their possession with Kaitlynn Dempsey, if any, subject to a protective order.

---

**Interrogatory No. 3**

IDENTIFY all efforts YOU undertook to determine that EPISODE 97 did not constitute "fair use," including any opinion of counsel, prior to YOUR submission of a takedown notice to YouTube on December 3, 2023.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, irrelevant, and seeking attorney–client privileged information and work product.
Subject to and without waiving objections, Plaintiffs state they reviewed Episode 97 and determined it was not protected fair use. Plaintiffs will produce non-privileged, relevant documents in their possession, if any.

---

**Interrogatory No. 4**

IDENTIFY all DOCUMENTS, including COMMUNICATIONS, YOU have issued on behalf of ANY OF YOUR clients pursuant to the DMCA to PLATFORMS demanding takedown of content from January 1, 2022 to present.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking privileged client communications.
Subject to and without waiving objections, Plaintiffs will not produce documents in response to this request.

---

**Interrogatory No. 5**

IDENTIFY each client that YOU contend was lost as a result of the conduct YOU allege against MARSTON in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information.

4

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to identify such clients, if any, subject to a protective order.

---

**Interrogatory No. 6**

IDENTIFY the factual and legal bases for YOUR submission of a takedown notice to YouTube RELATING TO EPISODE 97 on December 3, 2023.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, irrelevant, and seeking privileged communications and work product.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents in their possession, if any, subject to a protective order.

---

**Interrogatory No. 7**

IDENTIFY the identity of each PERSON in the "angry internet mob" alleged in Paragraph 122 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside Plaintiffs' knowledge or control.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

---

**Interrogatory No. 8**

IDENTIFY each "public comment, video, and message" alleged in Paragraph 123 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

---

**Interrogatory No. 9**

IDENTIFY each "statement made by Defendants" that incited threats as alleged in Paragraph 124 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

---

**Interrogatory No. 10**

IDENTIFY each "intimidating communication or threat" alleged in Paragraph 125 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

---

**Interrogatory No. 11**

IDENTIFY each "threat of violence" alleged in Paragraph 126 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

---

**Interrogatory No. 12**

IDENTIFY each "ex parte communication from the internet mob" alleged in Paragraph 128 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' possession, custody, or control.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, if any.

---

**Interrogatory No. 13**

IDENTIFY the PERSONS who submitted "negative and 1 star google reviews" alleged in Paragraph 129 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' control (e.g., anonymous reviewers).

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, if any.

---

**Interrogatory No. 14**

IDENTIFY posts/content where Defendants allegedly encouraged disparaging content as described in Paragraph 130 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

---

**Interrogatory No. 15**

IDENTIFY the contact information for Monsters and Martians.

**Response:**
Plaintiffs object as harassing, overbroad, unduly burdensome, irrelevant, and seeking confidential third-party information.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant identifying information in their possession, subject to a protective order.

---

**Interrogatory No. 16**

IDENTIFY all facts supporting YOUR allegation in Paragraph 133 of the TAC that Defendants conspired with third parties.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome. Plaintiffs further object to the extent this Interrogatory seeks "all facts" and attorney work product.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any.

---

**Interrogatory Nos. 17–18**

IDENTIFY the "third parties" that allegedly conspired with Day and Marston (¶¶133–134 TAC).

**Response:**
Same objections as Interrogatory No. 16.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any.

**Interrogatory No. 19**

IDENTIFY any statements, declarations, or testimony you intend to use against Marston.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony before required under Rule 26.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any.

**Interrogatory No. 20**

IDENTIFY all facts supporting YOUR claim for damages as alleged in Paragraph 177 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiffs further object as premature and seeking expert testimony.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents evidencing damages, if any.

**Interrogatory No. 21**

IDENTIFY all facts supporting YOUR claim that existing and prospective clients were deterred from hiring Braun, as alleged in Paragraph 188 of the TAC.

**Response:**
Same objections as Interrogatory No. 20.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order where client identities are involved.

**Interrogatory Nos. 22–23 (digital attacks in ¶188 TAC)**

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside Plaintiffs' knowledge or control.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Interrogatory No. 24**

IDENTIFY all facts supporting YOUR claim for "injury to business and reputation" as alleged in Paragraph 189 of the TAC.

**Response:**
Same objections as Interrogatory No. 20.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents in their possession, if any, subject to a protective order.

---

**Interrogatory No. 25**

IDENTIFY the professional relationships disrupted as alleged in Paragraph 201 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to identify such relationships, if any, subject to a protective order.

---

**Interrogatories Nos. 26–41**

**Response to Each:**
Plaintiffs object to Interrogatories Nos. 26 through 41 on the ground that they exceed the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1), which limits each party to 25 interrogatories, including discrete subparts, absent stipulation or leave of Court. Defendant has neither obtained leave nor Plaintiffs' consent. Plaintiffs therefore decline to provide substantive responses.


_____

*Jeanette M. Braun*



Dated: September 26, 2025                           Respectfully submitted,

_/s/ Benjamin C.R. Lockyer_____
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638

ben@lockyerlaw.com
(773) 340-0011

10

**Exhibit 4**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS BRAUN AND BRAUN IP LAW LLC'S RESPONSE TO
DEFENDANT KRISTA CARTER'S FIRST SET OF INTERROGATORIES**

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Krista Carter's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

043

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

## General Objections

1. Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2. Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4. Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it

2

assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

## Interrogatory No. 1

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and The Travel Channel RELATING TO CARTER and/or CARTER'S posts on the PLATFORMS.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of "all communications" with The Travel Channel, much of which would be cumulative of documents. Plaintiffs further object to the extent the Interrogatory seeks information not within Plaintiffs' possession, custody, or control.

Subject to and without waiving objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect communications with The Travel Channel responsive to this Interrogatory. To the extent such documents are produced, they shall constitute Plaintiffs' response.

## Interrogatory No. 2

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and Pair Eyewear RELATING TO CARTER and/or CARTER'S posts on the PLATFORMS.

**Response:**
Same objections as Interrogatory No. 1.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect communications with Pair Eyewear.

## Interrogatory No. 3

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the podcast deal" company (as alleged in Paragraph 43 of the TAC) RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiffs object as vague and ambiguous in its reference to "the podcast deal," overbroad, unduly burdensome, and disproportionate. Plaintiffs further object to the extent this Interrogatory seeks information not in Plaintiffs' possession, custody, or control.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect such communications.

## Interrogatory No. 4

IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the brand endorsement contracts" company(ies) RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiffs object as vague and ambiguous as to "brand endorsement contracts," overbroad, unduly burdensome, and disproportionate. Plaintiffs further object to the extent responsive information may be in the possession of third parties.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect such communications.

**Interrogatory No. 5**

IDENTIFY all facts that support YOUR allegation in Paragraph 55 of the TAC that "Carter's statements were designed to incite her fanbase against Defendant Braun," including the identity of the fans so incited.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts" or identification of "fans," which is disproportionate to the needs of the case and calls for speculation. Plaintiffs further object to the extent this Interrogatory seeks disclosure of attorney work product or trial strategy.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that contain the facts supporting the allegation in Paragraph 55 of the TAC.

---

**Interrogatory No. 6**

IDENTIFY all COMMUNICATIONS by and between YOU and PROPSON RELATING TO the Wellness Check calls performed on CARTER on November 5, 2023.

**Response:**
Plaintiffs object as irrelevant, harassing, overbroad, and unduly burdensome. Plaintiffs further object to the extent this Interrogatory seeks privileged attorney-client communications.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will not produce documents or provide a response to this interrogatory.

---

**Interrogatory No. 7**

IDENTIFY all COMMUNICATIONS by and between YOU and PROPSON RELATING TO the cease and desist letter sent to CARTER on November 6, 2023.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and seeking privileged attorney-client communications.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will not produce documents or provide a response to this interrogatory.

---

## Interrogatory No. 8

Describe all efforts YOU undertook in making a determination that CARTER'S content did not constitute "fair use," including any opinion of counsel letter, prior to YOUR submission of takedown requests.

**Response:**
Plaintiffs object as overbroad, vague, and seeking disclosure of attorney-client communications and attorney work product. Plaintiffs further object as irrelevant to the claims or defenses in this case.

Subject to and without waiving objections, Plaintiffs state that they undertook a review of the content in question. To the extent further responsive information exists, Plaintiffs will not produce or provide any information in response to this request.

## Interrogatory No. 9

IDENTIFY any statements, declarations, or testimony that YOU have obtained and intend to use to support any of the allegations and/or claims against CARTER.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony before required by Rule 26(a) disclosures and scheduling orders.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect such statements, declarations, or testimony.

## Interrogatory No. 10

IDENTIFY every social media or messaging account YOU used at any time from October 1, 2023 to the present.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and irrelevant to the claims or defenses in this case. Plaintiffs further object that the Interrogatory seeks disclosure of private information beyond the proper scope of discovery.

Subject to and without waiving objections, Plaintiff is the owner of the social media account @braunlaw on TikTok and @braun.law on Instagram.

**Interrogatory No. 11**

For each account identified in Interrogatory No. 10, IDENTIFY every person who had access to the account from October 1, 2023 to the present.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking disclosure of private information outside the scope of discovery.

Subject to and without waiving objections, Plaintiff Jeanette Braun had access to the accounts identified in Interrogatory No. 10.

---

**Interrogatory No. 12**

For each response to the Requests for Admission that is not an unqualified admission, IDENTIFY all facts, persons, and documents supporting the denial.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all facts" or attempts to convert each denial into a full narrative or document production. Plaintiffs further object that the Interrogatory is premature and seeks attorney work product.

Subject to and without waiving objections, will not produce any information in response to this request..


_____

*Jeanette M. Braun*



Dated: September 26, 2025                          Respectfully submitted,

                                                  /s/ Benjamin C.R. Lockyer_____
                                                  Lockyer Law LLC
                                                  6515 W. Archer Ave.
                                                  Chicago, Illinois 60638
                                                  ben@lockyerlaw.com
                                                  (773) 340-0011

**Exhibit 5**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' PROPSON'S RESPONSES AND OBJECTIONS TO DEFENDANT KRISTA CARTER'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Lauren Propson ("Plaintiff"), by and through their undersigned counsel, hereby respond to Defendant Krista Carter's First Requests for Production of Documents, subject to and without waiving the general and specific objections set forth below.

These responses are made solely for the purposes of this litigation. By responding to these Requests, Plaintiffs do not concede the relevance, admissibility, or materiality of any requested documents. Nothing in these responses shall be deemed an admission by Plaintiffs for any purpose other than this action.

Plaintiffs object to each Request to the extent it seeks information or documents that are beyond the scope of permissible discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs further object to each Request to the extent it seeks documents protected by

the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

The responses herein reflect information and documents reasonably available to Plaintiffs after a diligent search and reasonable inquiry. Plaintiffs reserve the right to supplement or amend these responses if additional information or documents become available.

To the extent Plaintiffs agree to produce documents in response to a Request, such production will be limited to non-privileged documents within their possession, custody, or control, and subject to any applicable protective orders entered in this case.

## GENERAL OBJECTIONS

1.      Plaintiffs object to each and every Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, or not reasonably limited in scope or time.

2.      Plaintiffs object to each Request to the extent it seeks information not relevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3.      Plaintiffs object to each Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

4.      Plaintiffs object to each Request to the extent it seeks confidential, private, proprietary, or commercially sensitive information, including client identities, unless subject to a protective order.

5.    Plaintiffs object to each Request to the extent it assumes facts not established, mischaracterizes the allegations in the Third Amended Complaint ("TAC"), or seeks to impose obligations beyond those required by the Federal Rules.

6.    Plaintiffs reserve the right to supplement or amend these responses in accordance with Rule 26(e).

**RESPONSES**

## Request for Production No. 1

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, CARTER, on the other hand.

**Response:** Plaintiff will produce non-privileged, relevant communications in her possession, custody, or control, if any.

## Request for Production No. 2

All DOCUMENTS, including COMMUNICATIONS, by and between BRAUN, on the one hand, CARTER, on the other hand.

**Response:**
Plaintiff will produce any non-privileged, relevant documents in her possession, if any.

## Request for Production No. 3

All DOCUMENTS that support YOUR allegations in Paragraph 32 of the TAC that "Upon information and belief, Defendant Carter's motive and intent…were to tarnish and damage Ms. Propson's reputation while boosting her own social media career."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, and seeking premature disclosure of attorney work product. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession.

3

## Request for Production No. 4

All DOCUMENTS that support YOUR allegations in Paragraph 34 of the TAC that "Upon information and belief, Defendant Carter is aware that…Defendant Propson followed and liked pro-LGBTQ and pro-trans rights content on social media."

**Response:**
Plaintiff objects as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession.

## Request for Production No. 5

DOCUMENTS sufficient to identify all content supporting the allegation in Paragraph 34 of the TAC that YOU "followed and liked pro-LGBTQ and pro-trans rights content on social media."

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking information that may be in the possession of third-party platforms. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession.

## Request for Production No. 6

DOCUMENTS sufficient to identify all "evidence contradicting her [CARTER] transphobia claims," as alleged in Paragraph 36 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, and argumentative. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession.

## Request for Production No. 7

All DOCUMENTS that support YOUR allegations in Paragraph 37 of the TAC that "Defendant Carter actively engaged with and further incited her fans and the general public through public social comments, and…direct messages."

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking information not reasonably within her possession. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession.

## Request for Production No. 8

DOCUMENTS sufficient to identify all of CARTER's "fans" and the "general public" that she allegedly incited, as described in Paragraph 37 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking identification of third-party individuals outside her control. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

## Request for Production Nos. 9–14

(All requests for documents supporting allegations in TAC ¶¶38–42 about Carter's intent, statements, spread of transphobia allegations, and reputational harm.)

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, and overbroad. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

## Request for Production No. 15

DOCUMENTS sufficient to identify all "followers, her contract with The Travel Channel, and a podcast deal…as well as brand endorsement contracts, such as Pair Eyewear," who/which were "lost" as a result of CARTER's conduct.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession sufficient to identify such losses, subject to a protective order.

## Request for Production Nos. 16–22

(All requests for communications/documents with The Travel Channel, Pair Eyewear, podcast deal, or brand endorsement contracts, including identities and terms.)

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information

or documents not within her possession, custody, or control. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession sufficient to identify such relationships or deals, if any, subject to a protective order.

## Request for Production Nos. 23–25

(All requests relating to brand endorsement contracts and negotiations.)

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents sufficient to identify such contracts in her possession, subject to a protective order.

## Request for Production No. 26

All DOCUMENTS supporting YOUR claim for damages for lost opportunities, agreements or prospective agreements arising out of any conduct alleged against CARTER.

**Response:**
Plaintiff objects as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession supporting her damages claims, subject to a protective order.

## Request for Production Nos. 27–29

(All requests for documents supporting TAC ¶¶47–50 about Carter's knowledge, fans' comments on The Travel Channel, and Travel Channel ending work with Propson.)

**Response:**
Plaintiff objects as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

## Request for Production Nos. 30–34

(All requests for documents supporting TAC ¶55 about Carter inciting fans against Braun, interference with Braun's practice, and damage to reputation.)

**Response:**
Plaintiff objects as vague, ambiguous, and argumentative. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

## Request for Production Nos. 35–44

(All requests for communications and documents relating to Propson's denials of being a TERF, homophobic, transphobic, anti-vaxxer, mortician, or child safety expert, and related edits/deletions of posts.)

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications or examples in her possession, sufficient to show she is not a TERF. Ms. Propson objects to the relevance of Defendant's other requests in this request and will not produce documents in response to the remaining aspects of this request.

## Request for Production No. 45

All DOCUMENTS supporting YOUR claim that CARTER and/or her followers contacted The Travel Channel, Pair Eyewear, podcast producer, and/or brand endorsers.

**Response:**
Plaintiff objects as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant materials in her possession, if any, subject to a protective order.

## Request for Production No. 46

DOCUMENTS sufficient to identify all past, current, and pending sponsorships, brand endorsement contracts, partnerships, or similar agreements by and between YOU and any third parties.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents sufficient to identify such relationships, subject to a protective order.

## Request for Production Nos. 47–48

(All requests for communications with Braun regarding the wellness check and cease-and-desist letter.)

**Response:**
Plaintiff objects as irrelevant, overbroad, and unduly burdensome, and seeking information protected by attorney client privilege. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any.

---

## Request for Production Nos. 49–51

(All requests for communications with Anthony Raimondi, Gabbie Egan, and Reby Hardy relating to Defendants.)

**Response:**
Plaintiff objects as overbroad, unduly burdensome, harassing, and irrelevant. Subject to and without waiving objections, Plaintiff will not produce any communications with Gabbie Egan or Reby Hardy. Plaintiff will provide communications with Anthony Raimondi in her possession, if any, subject to a protective order.

---

## Request for Production Nos. 52–53

(All requests for statements, declarations, testimony, or documents Propson intends to use to support claims in the TAC.)

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant materials in accordance with Rule 26 disclosures and scheduling orders.

---

## Request for Production No. 54

All DOCUMENTS supporting YOUR claim for damages against CARTER for YOUR claims contained in the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession supporting her damages claims, subject to a protective order.

**Request for Production No. 55**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and Alyssa DeFord p/k/a "Bunnie XO," on the other hand.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking confidential client communications. Subject to and without waiving objections, Plaintiff will not produce any communications in response to this request.


Dated: September 26, 2025            Respectfully submitted,

                                */s/ Benjamin C.R. Lockyer*
                                Lockyer Law LLC
                                6515 W. Archer Ave.
                                Chicago, Illinois 60638
                                ben@lockyerlaw.com
                                (773) 340-0011

**Exhibit 6**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT REBEKAH DAY'S
FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through their undersigned counsel, hereby respond to Defendant Rebekah Day's First Requests for Production of Documents, subject to and without waiving the general and specific objections set forth below.

These responses are made solely for the purposes of this litigation. By responding to these Requests, Plaintiffs do not concede the relevance, admissibility, or materiality of any requested documents. Nothing in these responses shall be deemed an admission by Plaintiffs for any purpose other than this action.

Plaintiffs object to each Request to the extent it seeks information or documents that are beyond the scope of permissible discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs further object to each Request to the extent it seeks documents protected by

1

the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

The responses herein reflect information and documents reasonably available to Plaintiffs after a diligent search and reasonable inquiry. Plaintiffs reserve the right to supplement or amend these responses if additional information or documents become available.

To the extent Plaintiffs agree to produce documents in response to a Request, such production will be limited to non-privileged documents within their possession, custody, or control, and subject to any applicable protective orders entered in this case.

## GENERAL OBJECTIONS

1.     Plaintiffs object to each and every Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, or not reasonably limited in scope or time.

2.     Plaintiffs object to each Request to the extent it seeks information not relevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3.     Plaintiffs object to each Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

4.     Plaintiffs object to each Request to the extent it seeks confidential, private, proprietary, or commercially sensitive information, including client identities, unless subject to a protective order.

5.     Plaintiffs object to each Request to the extent it assumes facts not established, mischaracterizes the allegations in the Third Amended Complaint ("TAC"), or seeks to impose obligations beyond those required by the Federal Rules.

6.     Plaintiffs reserve the right to supplement or amend these responses in accordance with Rule 26(e).

**RESPONSES**

## Request for Production No. 1

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and the ARDC, on the other hand.

**Response:**
Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking confidential information protected under Illinois Supreme Court rules governing ARDC proceedings. Plaintiffs further object to the extent the requested communications may be in the possession of the ARDC, a third party. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any, and subject to the entry of an appropriate protective order.

## Request for Production No. 2

All DOCUMENTS YOU provided to the ARDC in response to any inquiry or investigatory demand.

**Response:**
Same objections as No. 1. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any, and subject to a protective order.

## Request for Production No. 3

All DOCUMENTS that support YOUR allegations in Paragraph 71 of the TAC that "Upon information and belief, Defendant Day learned of Ms. Braun's representations by

3

communicating with a stalker that Ms. Dempsey has obtained numerous protective orders against [sic]."

**Response:**
Plaintiffs object as vague, ambiguous, and seeking privileged attorney work product. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any, and subject to a protective order.

## Request for Production No. 4

All DOCUMENTS that support YOUR allegations in Paragraph 80 of the TAC that DAY sought to "incite her fans to become an angry mob and engage in a harassment campaign against Ms. Braun and her past clients that are social media influencers."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and argumentative. Plaintiffs further object to the extent requested materials may be in the possession of third parties such as Day's followers. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, in their possession, custody, or control, and subject to a protective order.

## Request for Production No. 5

All DOCUMENTS that support YOUR allegations in Paragraph 81 of the TAC that "Defendant Day's harassment campaign has had detrimental effects on Ms. Braun, her former clients, her practice, and has caused emotional distress and harm to Ms. Braun."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking privileged information. Plaintiffs further object to the extent requested communications may be in the possession of third parties, including former clients. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, and subject to a protective order.

## Request for Production No. 6

DOCUMENTS sufficient to identify each client that YOU contend was lost as a result of DAY's alleged conduct.

**Response:**
Plaintiffs object as vague, overbroad, and seeking disclosure of confidential client information.

Plaintiffs further object to the extent requested information may be in the possession of third parties (i.e., clients themselves). Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify affected clients, subject to a protective order.

## Request for Production No. 7

All DOCUMENTS that support YOUR allegations in Paragraph 82 of the TAC that "Defendant Day has made unsolicited communications to Ms. Braun's client in attempts to obtain disparaging information."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking privileged information. Plaintiffs further object to the extent the requested communications may be in the possession of third parties, including clients. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

## Request for Production No. 8

DOCUMENTS sufficient to identify each of YOUR clients that YOU contend DAY has made "unsolicited communications…in an effort to obtain disparaging information," as alleged in Paragraph 82 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and seeking disclosure of confidential client information. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, subject to a protective order.

## Request for Production No. 9

All DOCUMENTS that support YOUR allegations in Paragraph 83 of the TAC that "On March 21, 2024, Defendant Day contacted one of Ms. Braun's clients knowing that the person was one of Ms. Braun's clients."

**Response:**
Plaintiffs object as vague, overbroad, and seeking client-confidential information. Plaintiffs further object to the extent responsive information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

## Request for Production No. 10

All DOCUMENTS that support YOUR allegations in Paragraph 83 of the TAC that "Defendant Day is contacting Ms. Braun's clients to possibly intimidate them, interfere with their contract with Ms. Braun for legal representation, and/or to collect a statement to publish to social media for more likes and follows."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking disclosure of confidential client communications. Plaintiffs further object to the extent the requested documents may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

## Request for Production No. 11

DOCUMENTS sufficient to identify each of YOUR clients that YOU contend DAY has contacted to "possibly intimidate them, interfere with their contract with Ms. Braun for legal representation, and/or to collect a statement to publish to social media for more likes and follows," as alleged in Paragraph 83 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, subject to a protective order.

## Request for Production No. 12

All DOCUMENTS that support YOUR allegations in Paragraph 85 of the TAC that DAY falsely claimed the ARDC confirmed receiving "multiple credible complaints" about Plaintiff Braun and assigned "multiple attorneys" to investigate her.

**Response:**
Plaintiffs object as vague, ambiguous, and argumentative. Plaintiffs further object to the extent the requested information may be in the possession of third parties such as the ARDC. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

## Request for Production No. 13

All DOCUMENTS that support YOUR allegations in Paragraph 87 of the TAC that "Defendant Day's statement that the ARDC told her that it received 'multiple credible complaints about Jeanette Braun and they have assigned multiple attorneys to investigate this matter' is false and did not occur."

**Response:**
Same objections as No. 12. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

---

## Request for Production No. 14

All DOCUMENTS that support YOUR allegations in Paragraph 88 of the TAC that "Upon information and belief, the ARDC did not comment or provide information to Defendant Day about its investigation or other complaints made against Ms. Braun."

**Response:**
Same objections as Nos. 12–13. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

---

## Request for Production No. 15

All DOCUMENTS that support YOUR allegations in Paragraph 91 of the TAC that "Upon information and belief, Defendant Day made this statement with actual malice in that she either knew the statement's falsity and had a reckless disregard for the truth."

**Response:**
Plaintiffs object as vague, ambiguous, and argumentative. Plaintiffs further object to the extent the requested information may include privileged work product. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

---

## Request for Production No. 16

All DOCUMENTS that support YOUR allegations in Paragraph 92 of the TAC that "Upon information and belief, Defendant Day made this statement to incite and encourage the public to make ethics complaints to the ARDC against Ms. Braun."

**Response:**
Same objections as No. 15. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

---

## Request for Production No. 17

DOCUMENTS, including COMMUNICATIONS, sufficient to identify all "members of the public" who were incited as a result of DAY's post (specified in Paragraphs 85 & 86 of the TAC).

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples, if any, subject to a protective order.

---

## Request for Production No. 18

DOCUMENTS, including COMMUNICATIONS, sufficient to identify the date, time, content, and person(s) who submitted "ethics complaint(s) to the ARDC against Ms. Braun," as alleged in Paragraph 92 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and seeking information that may be confidential and in the possession of the ARDC. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

---

## Request for Production No. 19

DOCUMENTS, including COMMUNICATIONS, sufficient to identify the date, time, content, and person(s) who submitted "complaint(s) to the ARDC and requested the ARDC to investigate Ms. Braun," as alleged in Paragraph 93 of the TAC.

**Response:**
Same objections as No. 18. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

---

## Request for Production No. 20

DOCUMENTS sufficient to identify the "one attorney" assigned by the ARDC to investigate YOU, as alleged in Paragraph 99 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and seeking confidential ARDC information not in Plaintiffs' control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

## Request for Production No. 21

DOCUMENTS sufficient to identify the "professional relationships with clients, including content creators, influencers, and online entrepreneurs" that YOU contend were disrupted, as alleged in Paragraph 201 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and seeking disclosure of confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify affected relationships, subject to a protective order.

## Request for Production No. 22

All DOCUMENTS supporting YOUR allegation in Paragraph 207 of the TAC that "As a proximate cause of the Defendants' smear campaign and Defendant Day and Defendant Marston's false and defamatory statements, Plaintiff Braun and Braun Law lost work from numerous clients including Ms. DeFord and Ms. Dempsey."

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent responsive information may be in the possession of clients or other third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

## Request for Production No. 23

DOCUMENTS sufficient to identify the "work" that was "lost" from "numerous clients including Ms. DeFord and Ms. Dempsey" as a result of the conduct alleged against DAY, as alleged in Paragraph 207 of the TAC.

**Response:**
Same objections as No. 22. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to show lost work, subject to a protective order.

---

## Request for Production No. 24

DOCUMENTS sufficient to identify what YOU mean by YOUR clients "distancing" themselves from YOU as a result of the conduct alleged against DAY, as alleged in Paragraph 208 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

---

## Request for Production No. 25

DOCUMENTS sufficient to identify the identities of the PERSONS who submitted "several 1-star Google reviews for Braun Law," as alleged in Paragraph 210 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and seeking information that may be in the possession of third parties such as Google. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

---

## Request for Production No. 26

DOCUMENTS sufficient to identify the identities of the "clients [that] end[ed] their use of Braun Law for legal services out of fear of harassment," as alleged in Paragraph 210 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad, and seeking disclosure of confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to show lost clients, subject to a protective order.

---

## Request for Production No. 27

All DOCUMENTS supporting YOUR allegation in Paragraph 212 of the TAC that "Defendants' past and present false statements on their aforesaid social media platforms caused great damage to Plaintiff Braun and Braun IP Law's business and harm to their reputation."

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

## Request for Production No. 28

All DOCUMENTS supporting YOUR allegation in Paragraph 214 of the TAC that "Defendant Day contacted others both privately and publicly to contact the Illinois ARDC, and to leave 1-star Google reviews and public comments, as a means to instigate reputational harm and dissuade Braun's clients, or potential clients, from working with her."

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

## Request for Production No. 29

All statements, declarations, or testimony that YOU intend to use to support any of the allegations and/or claims contained in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order and in accordance with scheduling orders.

## Request for Production No. 30

All DOCUMENTS YOU intend to use to support any of the allegations and/or claims against DAY contained in the TAC.

**Response:**
Same objections as No. 29. Subject to and without waiving objections, Plaintiffs will produce

non-privileged, relevant materials in their possession, subject to a protective order and in accordance with scheduling orders.

## Request for Production No. 31

All DOCUMENTS supporting YOUR claim for damages for YOUR claims contained in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents supporting claimed damages, subject to a protective order.

## Request for Production No. 32

All DOCUMENTS supporting YOUR claim for "reputational harm, emotional distress, and damage to her business relationships and legal practice," as alleged in Paragraph 170 of the TAC.

**Response:**
Same objections as No. 31. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

## Request for Production No. 33

All DOCUMENTS supporting YOUR claim for "loss of current and prospective client relationships, diminished goodwill, and damage to their professional reputation in the legal and creator communities," as alleged in Paragraph 183 of the TAC.

**Response:**
Same objections as No. 31–32. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

## Request for Production No. 34

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and any third parties RELATING TO MARSTON and/or the claims and allegations contained in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad in its reference to "any third parties."
Plaintiffs further object to the extent responsive communications may be in the possession of
third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged,
relevant documents, if any, in their possession, custody, or control, subject to a protective order.


Dated: September 26, 2025          Respectfully submitted,

                        */s/ Benjamin C.R. Lockyer*
                        Lockyer Law LLC
                        6515 W. Archer Ave.
                        Chicago, Illinois 60638
                        ben@lockyerlaw.com
                        (773) 340-0011

**Exhibit 7**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT LILY MARSTON'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through their undersigned counsel, hereby respond to Defendant Lily Marston's First Requests for Production of Documents, subject to and without waiving the general and specific objections set forth below.

These responses are made solely for the purposes of this litigation. By responding to these Requests, Plaintiffs do not concede the relevance, admissibility, or materiality of any requested documents. Nothing in these responses shall be deemed an admission by Plaintiffs for any purpose other than this action.

Plaintiffs object to each Request to the extent it seeks information or documents that are beyond the scope of permissible discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs further object to each Request to the extent it seeks documents protected by

1

the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

The responses herein reflect information and documents reasonably available to Plaintiffs after a diligent search and reasonable inquiry. Plaintiffs reserve the right to supplement or amend these responses if additional information or documents become available.

To the extent Plaintiffs agree to produce documents in response to a Request, such production will be limited to non-privileged documents within their possession, custody, or control, and subject to any applicable protective orders entered in this case.

## GENERAL OBJECTIONS

1.      Plaintiffs object to each and every Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, or not reasonably limited in scope or time.

2.      Plaintiffs object to each Request to the extent it seeks information not relevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3.      Plaintiffs object to each Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

4.      Plaintiffs object to each Request to the extent it seeks confidential, private, proprietary, or commercially sensitive information, including client identities, unless subject to a protective order.

5.     Plaintiffs object to each Request to the extent it assumes facts not established, mischaracterizes the allegations in the Third Amended Complaint ("TAC"), or seeks to impose obligations beyond those required by the Federal Rules.

6.     Plaintiffs reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## RESPONSES

**Request for Production No. 1**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and MARSTON, on the other hand.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and seeking irrelevant information. Plaintiffs further object to the extent the requested communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications, if any.

**Request for Production No. 2**

All COMMUNICATIONS YOU have issued on behalf of Alyssa DeFord p/k/a "Bunnie XO" pursuant to the Digital Millennium Copyright Act to PLATFORMS demanding that they "take down" content on behalf of said client.

**Response:** Plaintiffs object as overbroad, unduly burdensome, and seeking information irrelevant to the claims or defenses in this action. Plaintiffs further object to the extent such communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Request for Production No. 3**

All COMMUNICATIONS YOU have issued on behalf of Kaitlynn Dempsey p/k/a "Demps" pursuant to the DMCA to PLATFORMS demanding takedown of content.

**Response:**
Same objections as No. 2. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications, if any, subject to a protective order.

---

**Request for Production No. 4**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU and Kaitlynn Dempsey RELATING TO YOUR submission of a "Copyright Infringement Notification" to YouTube RELATING TO EPISODE 97 on December 3, 2023.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and seeking privileged communications. Plaintiffs further object to the extent responsive materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will not produce any documents in response to this request.

---

**Request for Production No. 5**

DOCUMENTS sufficient to identify all efforts YOU undertook to determine that EPISODE 97 did not constitute "fair use" prior to YOUR submission of a takedown notice to YouTube on December 3, 2023.

**Response:** Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking attorney-client privileged and work product information. Plaintiffs further object to the extent such materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will not produce documents in response to this request.

---

**Request for Production No. 6**

All DOCUMENTS, including COMMUNICATIONS, YOU have issued on behalf of ANY of YOUR clients pursuant to the DMCA to PLATFORMS demanding takedown of content from January 1, 2022 to the present.

**Response:** Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking attorney-client privileged and work product information. Plaintiffs further object to the extent such materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will not produce documents in response to this request.

---

**Request for Production No. 7**

All DOCUMENTS, including COMMUNICATIONS, YOU have issued on behalf of YOURSELF pursuant to the DMCA to PLATFORMS demanding takedown of content from January 1, 2022 to the present.

**Response:** Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking attorney-client privileged and work product information. Plaintiffs further object to the extent such materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will not produce documents in response to this request.

---

**Request for Production No. 8**

DOCUMENTS sufficient to identify each client that YOU contend was lost as a result of MARSTON's alleged conduct.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Plaintiffs further object to the extent responsive information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, subject to a protective order.

**Request for Production No. 9**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and YouTube, on the other hand, RELATING TO YOUR "Copyright Infringement Notification" submitted to YouTube RELATING TO EPISODE 97 on December 3, 2023.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking privileged communications. Plaintiffs further object to the extent responsive information may be in the possession of YouTube or other third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, subject to a protective order.

---

**Request for Production No. 10**

All DOCUMENTS that support YOUR allegation in Paragraph 122 of the TAC that "As a direct result of the false and defamatory statements made by Defendants…Marston, and their collective efforts to publicly malign and discredit Plaintiffs Braun and Braun IP Law, an angry internet mob comprising the Defendants' followers was incited."

**Response:**

Plaintiffs object as vague, ambiguous, argumentative, and overbroad. Plaintiffs further object to the extent the requested documents may be in the possession of third parties such as Defendants' followers. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

---

**Request for Production No. 11**

DOCUMENTS sufficient to identify the identity (including, but not limited to, name, address, social media handle or otherwise identifying information) of each PERSON in the "angry internet mob" as alleged in Paragraph 122 of the TAC.

**Response:**

Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' knowledge or control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples of such materials, if any.

---

**Request for Production No. 12**

All DOCUMENTS that support YOUR allegations in Paragraph 123 of the TAC that "Through public comments, videos, and messages…Defendants personally fueled and incited the mob."

**Response:**

Plaintiffs object as vague, ambiguous, overbroad, and argumentative. Plaintiffs further object to the extent the requested materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

---

**Request for Production No. 13**

DOCUMENTS sufficient to identify each of the public comments, videos, and messages alleged in Paragraph 123 of the TAC.

**Response:**

Plaintiffs object as vague, overbroad, and unduly burdensome. Plaintiffs further object to the extent responsive documents may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples, if any.

---

**Request for Production No. 14**

All DOCUMENTS that support YOUR allegations in Paragraph 124 of the TAC regarding foreseeable incitement and internet threats.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent responsive materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

---

**Request for Production No. 15**

DOCUMENTS sufficient to identify each of the "internet threats via online comments, direct messages, emails, phone calls, and 911 calls" alleged in Paragraph 124 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and unduly burdensome. Plaintiffs further object to the extent responsive information may be in the possession of third parties or anonymous individuals. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

---

**Request for Production No. 16**

All DOCUMENTS that support YOUR allegations in Paragraph 125 of the TAC that Defendants intended to incite intimidation and threats.

**Response:**
Same objections as Nos. 14–15. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

---

**Request for Production No. 17**

DOCUMENTS sufficient to identify each of the "numerous intimidating communications and threats" alleged in Paragraph 125 of the TAC.

**Response:**
Same objections as No. 15. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

**Request for Production No. 18**

All DOCUMENTS that support YOUR allegations in Paragraph 126 of the TAC that "Plaintiff Braun received threats of violence…including threats to burn her home down."

**Response:**
Plaintiffs object as vague, overbroad, and unduly burdensome. Plaintiffs further object to the extent responsive information may be in the possession of third parties or anonymous individuals. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

**Request for Production No. 19**

DOCUMENTS sufficient to identify each of the "threats of violence…threats to burn her home down" as alleged in Paragraph 126 of the TAC.

**Response:**
Same objections as No. 18. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Request for Production No. 20**

All DOCUMENTS that support YOUR allegations in Paragraph 128 of the TAC regarding ex parte communications to the Court.

**Response:**
Plaintiffs object as vague, ambiguous, and seeking information outside Plaintiffs' knowledge or control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order.

**Request for Production No. 21**

DOCUMENTS sufficient to identify each of the "ex parte communications from the internet mob" as alleged in Paragraph 128 of the TAC.

**Response:**
Same objections as No. 20. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any, subject to a protective order.

**Request for Production No. 22**

All DOCUMENTS that support YOUR allegations in Paragraph 129 of the TAC regarding Google reviews.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent responsive information may be in the possession of Google or other third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Request for Production No. 23**

DOCUMENTS sufficient to identify the PERSONS who submitted "negative and 1-star Google reviews" as alleged in Paragraph 129 of the TAC.

**Response:**
Same objections as No. 22. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, if any, subject to a protective order.

**Request for Production No. 24**

All DOCUMENTS that support YOUR allegations in Paragraph 130 of the TAC that Defendants encouraged followers to view and support disparaging content.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples, if any, subject to a protective order.

**Request for Production No. 25**

DOCUMENTS sufficient to identify the specific posts/content referenced in Paragraph 130 of the TAC.

**Response:**

Same objections as No. 24. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order.

---

**Request for Production No. 26**

All DOCUMENTS supporting YOUR allegation in Paragraph 132 of the TAC that clients terminated representation due to scrutiny caused by Day and Marston.

**Response:**

Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client communications. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

---

**Request for Production No. 27**

All DOCUMENTS supporting YOUR allegation in Paragraph 133 of the TAC that Day and Marston conspired with each other and third parties.

**Response:**

Plaintiffs object as vague, ambiguous, argumentative, and overbroad. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce relevant materials in their possession.

---

**Request for Production No. 28**

DOCUMENTS sufficient to identify the "third parties" referenced in Paragraph 133 of the TAC.

**Response:**

Same objections as No. 27. Subject to and without waiving objections, Plaintiffs will produce relevant materials in their possession.

---

**Request for Production No. 29**

All DOCUMENTS supporting YOUR allegation in Paragraph 134 of the TAC that Day and Marston conspired with third parties to disparage Plaintiffs.

**Response:**
Same objections as No. 27. Subject to and without waiving objections, Plaintiffs will produce relevant materials in their possession.

---

**Request for Production No. 30**

DOCUMENTS sufficient to identify the "third parties" referenced in Paragraph 134 of the TAC.

**Response:**
Same objections as Nos. 27–29. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

---

**Request for Production No. 31**

All DOCUMENTS supporting YOUR allegation in Paragraph 135 of the TAC regarding Defendants' intent to damage Plaintiffs' business.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, and overbroad. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order.

---

**Request for Production No. 32**

All statements, declarations, or testimony YOU intend to use to support claims against Marston.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in accordance with Rule 26 disclosures and subject to a protective order.

---

**Request for Production No. 33**

All DOCUMENTS supporting YOUR claim for damages as alleged in Paragraph 177 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking privileged information. Subject to

and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, subject to a protective order.

**Request for Production No. 34**

All DOCUMENTS supporting YOUR claim that existing/prospective clients were deterred from hiring Braun.

**Response:**
Same objections as No. 33. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to show such harm, subject to a protective order.

**Request for Production No. 35**

All DOCUMENTS supporting YOUR claim that Braun endured digital attacks due to Marston's statements.

**Response:**
Same objections as Nos. 33–34. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, subject to a protective order.

**Request for Production No. 36**

DOCUMENTS sufficient to identify the PERSONS involved in digital attacks alleged in Paragraph 188 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' knowledge or control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, subject to a protective order.

**Request for Production No. 37**

All DOCUMENTS supporting YOUR claim for "injury to business and reputation" alleged in Paragraph 189 of the TAC.

**Response:**
Same objections as No. 33. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, subject to a protective order.

---

## Request for Production No. 38

DOCUMENTS sufficient to identify professional relationships disrupted as alleged in Paragraph 201 of the TAC.

**Response:**
Same objections as Nos. 33–37. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, subject to a protective order.

---

## Request for Production No. 39

All DOCUMENTS supporting YOUR allegation in Paragraph 207 of the TAC regarding lost work from clients.

**Response:**
Same objections as No. 26. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, subject to a protective order.

---

## Request for Production No. 40

DOCUMENTS sufficient to identify the "work" lost from clients including DeFord and Dempsey.

**Response:**
Same objections as No. 39. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order.

---

## Request for Production No. 41

DOCUMENTS sufficient to identify what YOU mean by clients "distancing" themselves.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples, subject to a protective order.

**Request for Production No. 42**

DOCUMENTS sufficient to identify the PERSONS who submitted "1-star Google reviews."

**Response:**
Same objections as No. 22. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, subject to a protective order.

**Request for Production No. 43**

DOCUMENTS sufficient to identify clients who ended their use of Braun Law out of fear of harassment.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to show such client loss, subject to a protective order.

**Request for Production No. 44**

All DOCUMENTS supporting YOUR allegation in Paragraph 212 of the TAC regarding reputational harm from false statements.

**Response:**
Same objections as No. 33. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

**Request for Production No. 45**

All DOCUMENTS supporting YOUR allegation in Paragraph 214 of the TAC that Day contacted others to instigate reputational harm.

**Response:**
Same objections as No. 44. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

**Request for Production No. 46**

All DOCUMENTS YOU intend to use to support claims in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order and in accordance with scheduling orders.

---

**Request for Production No. 47**

All DOCUMENTS supporting YOUR claim for damages against Marston.

**Response:**
Same objections as No. 46. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, subject to a protective order.

---

**Request for Production No. 48**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU and any third parties RELATING TO MARSTON and/or the claims in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent responsive communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, if any, subject to a protective order.

---

**Request for Production No. 49**

All DOCUMENTS RELATING TO any client, sponsor, or business opportunity lost due to Marston's December 10, 2023 tweet.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client/sponsor information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order.

---

**Request for Production No. 50**

All DOCUMENTS RELATING TO Episodes 96 and 97 of the "Do We Know Them" podcast that YOU contend support the allegation that Marston accused Braun of perjury in the podcast itself.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order.

---

**Request for Production No. 51**

All DOCUMENTS RELATING TO any training materials, CLEs, seminars, presentations, or resources YOU have created or used concerning the DMCA or fair use.

**Response:**
Plaintiffs object as overbroad, irrelevant, and unduly burdensome. Plaintiffs further object to the extent such materials are publicly available or in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce any non-privileged, relevant materials in their possession, subject to a protective order.


Dated: September 26, 2025     Respectfully submitted,

              */s/ Benjamin C.R. Lockyer*
              Lockyer Law LLC
              6515 W. Archer Ave.
              Chicago, Illinois 60638
              ben@lockyerlaw.com
              (773) 340-0011

**Exhibit 8**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT KRISTA CARTER'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through their undersigned counsel, hereby respond to Defendant Krista Carter's First Requests for Production of Documents, subject to and without waiving the general and specific objections set forth below.

These responses are made solely for the purposes of this litigation. By responding to these Requests, Plaintiffs do not concede the relevance, admissibility, or materiality of any requested documents. Nothing in these responses shall be deemed an admission by Plaintiffs for any purpose other than this action.

Plaintiffs object to each Request to the extent it seeks information or documents that are beyond the scope of permissible discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs further object to each Request to the extent it seeks documents protected by

the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

The responses herein reflect information and documents reasonably available to Plaintiffs after a diligent search and reasonable inquiry. Plaintiffs reserve the right to supplement or amend these responses if additional information or documents become available.

To the extent Plaintiffs agree to produce documents in response to a Request, such production will be limited to non-privileged documents within their possession, custody, or control, and subject to any applicable protective orders entered in this case.

## GENERAL OBJECTIONS

1.      Plaintiffs object to each and every Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, or not reasonably limited in scope or time.

2.      Plaintiffs object to each Request to the extent it seeks information not relevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3.      Plaintiffs object to each Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

4.      Plaintiffs object to each Request to the extent it seeks confidential, private, proprietary, or commercially sensitive information, including client identities, unless subject to a protective order.

5.     Plaintiffs object to each Request to the extent it assumes facts not established, mischaracterizes the allegations in the Third Amended Complaint ("TAC"), or seeks to impose obligations beyond those required by the Federal Rules.

6.     Plaintiffs reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## RESPONSES

**Request for Production No. 1** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, CARTER, on the other hand.

**Response:** Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking irrelevant information. Plaintiffs further object to the extent it seeks privileged communications and to the extent the requested communications may be in the possession of third parties not within Plaintiffs' control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications, if any.

**Request for Production No. 2** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and The Travel Channel, on the other hand.

**Response:** Plaintiffs object to this Request as overbroad, unduly burdensome, and not limited in scope. Plaintiffs further object to the extent the requested communications may be in the possession of third parties such as The Travel Channel. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 3** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and Pair Eyewear, on the other hand.

**Response:** Plaintiffs object to this Request as overbroad, unduly burdensome, and not limited in scope. Plaintiffs further object to the extent the requested communications may be in the possession of third parties such as Pair Eyewear. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 4** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and "the podcast deal" (as alleged in Paragraph 43 of the TAC), on the other hand.

**Response:** Plaintiffs object to this Request as vague and ambiguous in its reference to "the podcast deal," overbroad, and unduly burdensome. Plaintiffs further object to the extent the requested communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 5** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and "the brand endorsement contracts" (as alleged in Paragraph 43 of the TAC), on the other hand.

**Response:** Plaintiffs object to this Request as vague and ambiguous as to "brand endorsement contracts," overbroad, and unduly burdensome. Plaintiffs further object to the extent the requested communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 6** All DOCUMENTS that support YOUR allegations in Paragraph 55 of the TAC that "Carter's statements were designed to incite her fanbase against Defendant Braun."

**Response:** Plaintiffs object to this Request as vague, ambiguous, and argumentative. Plaintiffs further object to the extent the requested materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 7** DOCUMENTS sufficient to identify all of CARTER's "fans" that CARTER "incited…against Defendant Braun," as alleged in Paragraph 55 of the TAC.

**Response:** Plaintiffs object to this Request as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' knowledge or control. Plaintiffs further object to the extent the requested materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 8** All DOCUMENTS that support YOUR allegations in Paragraph 55 of the TAC that "By attacking Braun's legal conduct and encouraging public backlash during the course of her client representation, Carter interfered with Braun's law practice and damaged her professional reputation and business relationships."

**Response:** Plaintiffs object to this Request as vague, ambiguous, and argumentative. Plaintiffs further object to the extent the requested materials may be in the possession of third parties. Subject

to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 9** DOCUMENTS, including COMMUNICATIONS, sufficient to identify each of YOUR "business relationships" which were "damaged," as alleged in Paragraph 55 of the TAC.

**Response:** Plaintiffs object to this Request as vague, ambiguous, and overbroad in its use of "business relationships." Plaintiffs further object to the extent the requested communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 10** DOCUMENTS, including COMMUNICATIONS, sufficient to identify all "damage" to YOUR "professional reputation," as alleged in Paragraph 55 of the TAC.

**Response:** Plaintiffs object to this Request as vague, ambiguous, and overbroad. Plaintiffs further object to the extent the requested materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 11** All COMMUNICATIONS by and between YOU and PLATFORMS RELATING TO any type of intellectual property takedown requests of CARTER's (aka @CaffinatedKitti) content posted on such PLATFORMS.

**Response:** Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant. Plaintiffs further object to the extent the requested communications may be in the possession of third-party PLATFORMS. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 12** All DOCUMENTS RELATING TO YOUR determination that CARTER'S content did not constitute "fair use," or warrant protection, including any opinion of counsel letter, prior to YOUR submission of any intellectual property takedown requests of CARTER's content posted on such PLATFORMS.

**Response:** Plaintiffs object to this Request as seeking information protected by attorney client privilege and the Attorney Work Product Doctrine. Subject to and without waiving objections, Plaintiffs will not produce any documents in response to this request. Plaintiffs object to this Request as vague, ambiguous, overbroad, irrelevant, and seeking privileged or work product materials. Plaintiffs further object to the extent the requested documents may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 13** All DOCUMENTS, including COMMUNICATIONS, by and between YOU and PROPSON RELATING TO the Wellness Check calls performed on CARTER on November 5, 2023.

**Response:** Plaintiffs object to this Request as seeking information protected by attorney client privilege and the Attorney Work Product Doctrine. Subject to and without waiving objections, Plaintiffs will not produce any documents in response to this request.

**Request for Production No. 14** All DOCUMENTS, including COMMUNICATIONS, by and between YOU and PROPSON RELATING TO the cease and desist letter sent to CARTER on November 6, 2023.

**Response:** Plaintiffs object to this Request as seeking information protected by attorney client privilege and the Attorney Work Product Doctrine. Subject to and without waiving objections, Plaintiffs will not produce any documents in response to this request.

**Request for Production No. 15** All DOCUMENTS, including COMMUNICATIONS, by and between YOU and Anthony Raimondi RELATING TO CARTER, DAY, MARSTON or VAZQUEZ.

**Response:** Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant. Plaintiffs further object to the extent the requested communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any subject to a protective order being entered.

**Request for Production No. 16** All DOCUMENTS, including COMMUNICATIONS, by and between YOU and Gabbie Egan RELATING TO CARTER, DAY, MARSTON or VAZQUEZ.

**Response:** Same objections as No. 15. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 17** All DOCUMENTS, including COMMUNICATIONS, by and between YOU and Reby Hardy RELATING TO CARTER, DAY, MARSTON or VAZQUEZ.

**Response:** Same objections as Nos. 15–16. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 18** All statements, declarations, or testimony that YOU intend to use to support any of the allegations and/or claims contained in the TAC.

**Response:** Plaintiffs object to this Request as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits and testimony. Plaintiffs further object to the extent such materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, custody, or control, in accordance with the Federal Rules and scheduling orders.

**Request for Production No. 19** All DOCUMENTS YOU intend to use to support any of the allegations and/or claims against CARTER contained in the TAC.

**Response:** Plaintiffs object to this Request as vague, ambiguous, and premature. Plaintiffs further object to the extent such documents may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, custody, or control, in accordance with the Federal Rules and scheduling orders.

**Request for Production No. 20** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and any third parties RELATING TO CARTER and/or the claims and allegations contained in the TAC.

**Response:** Plaintiffs object to this Request as overbroad, unduly burdensome, and vague in its reference to "any third parties." Plaintiffs further object to the extent the requested communications may be in the possession of third parties beyond Plaintiffs' control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

_____

*Jeanette M. Braun*

Dated: September 26, 2025                              Respectfully submitted,

/s/ *Benjamin C.R. Lockyer*
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com
(773) 340-0011

**Exhibit 9**



6515 W. Archer Ave. | Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Brandon Witkow <bw@witkowlaw.com>
**Date:** Friday, October 31, 2025 at 1:11 PM
**To:** Ben Lockyer <ben@lockyerlaw.com>, Brandon Witkow <bw@witkowlaw.com>
**Cc:** Ryan LaZara <ryan@lockyerlaw.com>
**Subject:** RE: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests
Please find attached a letter of today's date.

**Brandon J. Witkow**
_____



21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
bw@witkowlaw.com I witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Tuesday, October 21, 2025 8:33 AM
**To:** Brandon Witkow <bw@witkowlaw.com>
**Cc:** Doig, Amy M. <adoig@cozen.com>; Ryan LaZara <ryan@lockyerlaw.com>; Brandon Witkow <bw@witkowlaw.com>
**Subject:** Re: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Counsel:

My apologies for the delay. I've had several urgent deadlines stemming from my trial and other client matters that required immediate attention.

We are nearly finished reviewing and Bates numbering the documents and electronic files. As you know, certain materials cannot be produced without a protective order or an attorneys' eyes only designation. It is my understanding that you are still objecting to both designations.

If you'd like to discuss the scope of the proposed protective order, I would be happy to do so this afternoon. I also have availability on Wednesday afternoon and Thursday between 3:00–5:00 p.m. PST.

Additionally, we are close to completing our review of Defendants' production and have some concerns regarding both the scope and the objections asserted. We will be sending our deficiency letter together with our production shortly.

I appreciate your patience while I was out of the office for trial and catch up on my cases. We're working to complete our production as quickly as possible and expect to have it finalized before the end of the week.

Best regards,
Ben

--
**Benjamin C.R. Lockyer** | Principal



6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Brandon Witkow <bw@witkowlaw.com>
**Date:** Monday, October 20, 2025 at 10:08 AM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Doig, Amy M. <adoig@cozen.com>, Ryan LaZara <ryan@lockyerlaw.com>, Brandon Witkow <bw@witkowlaw.com>
**Subject:** Re: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Ben:

I never heard back from you on my email below.   More importantly, it has now been more than a month since the documents were due to be produced and notwithstanding your emails in late September that they were ready to be produced and you were aiming to get them out prior to your trial.   This delay is wholly frustrating the meet and confer process.   If you cannot commit to making your clients' production by the end of this week, you are leaving us no choice but to initiate motion practice.

-Brandon


**Brandon J. Witkow**
_____



21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
bw@witkowlaw.com I witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

---

**From:** Brandon Witkow <bw@witkowlaw.com>
**Sent:** Thursday, October 16, 2025 11:55 AM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Doig, Amy M. <adoig@cozen.com>; Ryan LaZara <ryan@lockyerlaw.com>; Brandon Witkow <bw@witkowlaw.com>
**Subject:** RE: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

I have a conflict at that time Monday.  Can you do Tuesday morning?   However, as I mentioned below, this meeting may be premature as we still have not received your document production.   When is that coming?


**Brandon J. Witkow**
_____

witkow | baskin

21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile

bw@witkowlaw.com | witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Thursday, October 16, 2025 8:09 AM
**To:** Brandon Witkow <bw@witkowlaw.com>
**Cc:** Doig, Amy M. <adoig@cozen.com>; Brandon Witkow <bw@witkowlaw.com>; Ryan LaZara <ryan@lockyerlaw.com>
**Subject:** Re: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Are you available at 2 Pst on Monday?

Ben

--
**Benjamin C.R. Lockyer | Principal**



6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Brandon Witkow <bw@witkowlaw.com>
**Date:** Tuesday, October 14, 2025 at 12:05 PM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Doig, Amy M. <adoig@cozen.com>, Brandon Witkow <bw@witkowlaw.com>
**Subject:** RE: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests
Ben:

I am aware of your trial and have been doing my best to not pepper you with followup emails etc., but obviously we cannot engage in a fruitful meet and confer without receiving your document production.   Thus, while I am okay moving our call until next week (I am pretty open and flexible next week), lets table setting a specific date until we receive the promised document production.

**Brandon J. Witkow**



21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
bw@witkowlaw.com I witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Tuesday, October 14, 2025 9:14 AM
**To:** Brandon Witkow <bw@witkowlaw.com>
**Cc:** Brandon Witkow <bw@witkowlaw.com>; Doig, Amy M. <adoig@cozen.com>
**Subject:** Re: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Counsel:

As you are aware, I just finished a federal jury trial and am returning to Chicago today. We are working on bates numbering and producing our documents, and anticipate being ready to produce everything this week.

If we could please consider pushing our meet and confer to next Monday, that would work better for my schedule. Please let me know what times work best for you.

Thank you,

Ben
--
**Benjamin C.R. Lockyer** | Principal



6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

**From:** Brandon Witkow <bw@witkowlaw.com>
**Date:** Tuesday, October 14, 2025 at 10:18 AM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Brandon Witkow <bw@witkowlaw.com>
**Subject:** RE: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests
Ben:

It has now been nearly 3 weeks since your responses were served and the documents were to be produced (per your email below) but I have still not received anything.  Please send the document production over immediately if we are to have a substantive meet and confer on Friday.


Brandon J. Witkow

witkow | baskin

21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
bw@witkowlaw.com I witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** Brandon Witkow <bw@witkowlaw.com>
**Sent:** Tuesday, September 30, 2025 7:20 AM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Brandon Witkow <bw@witkowlaw.com>
**Subject:** RE: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Ben, please do send over the document production before you head out of town.   I am generally available the week of 10/13 for the meet and confer.   We too will be issuing a meet and confer letter re Plaintiffs' responses shortly and we can discuss the identified deficiencies in our call.


Brandon J. Witkow

**witkow | baskin**

21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
bw@witkowlaw.com I witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Saturday, September 27, 2025 1:07 PM
**To:** Brandon Witkow <bw@witkowlaw.com>
**Cc:** Brandon Witkow <bw@witkowlaw.com>; adoig@cozen.com
**Subject:** Re: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Counsel,

Thank you for letting me know. Here are the interrogatory responses.

I am in Los Angeles for a federal jury trial beginning from October 1-October 10. I will try my best to get all of the documents prepared and uploaded to a google drive and provide that shortly.

In addition, will you be available for a meet and confer the week of October 13th? We are still in the processing of reviewing Defendant's discovery responses and have several concerns about deficiencies. We will be providing a formal letter shortly.

Thank you and have a good weekend.

Ben
--
**Benjamin C.R. Lockyer | Principal**



Lockyer Law LLC

6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com
CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

**From:** Brandon Witkow <bw@witkowlaw.com>
**Date:** Saturday, September 27, 2025 at 8:02 AM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Brandon Witkow <bw@witkowlaw.com>
**Subject:** RE: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Counsel:

I don't see the response to the 4 sets of interrogatories in your email.   Please advise when those will be served.

A file sharing link for documents is fine.

Brandon J. Witkow

witkow | baskin

21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
bw@witkowlaw.com I witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Friday, September 26, 2025 9:00 PM
**To:** Brandon Witkow <bw@witkowlaw.com>; Doig, Amy M. <adoig@cozen.com>
**Subject:** Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Counsel:

Please find Plaintiff's discovery responses attached to this email. We will provide verified versions shortly.

If you have no objection, we will provide Plaintiff's document production via a file sharing link.

Best,

Ben

--

**Benjamin C.R. Lockyer** | Principal



6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | <u>lockyerlaw.com</u>

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

**Exhibit 10**



**VIA ELECTRONIC MAIL (BEN@LOCKYERLAW.COM)**

October 31, 2025

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606

> **Re:** **Jeannette Braun et al. v. Rebekah M. Day, N.D.Ill Case No. 23 C 16856/Meet and Confer Re: Responses of Plaintiffs to Defendants' Request for Production of Documents [Set One], Special Interrogatories [Set One]**

Dear Counsel:

We are in receipt of Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Braun") and Lauren Propson's ("Propson") (collectively "Plaintiffs") responses to the first sets of written discovery served by Defendants Rebekah Day ("Day"), Lily Marston ("Marston"), and Krista Carter ("Carter") in the above-referenced action on September 26, 2025. Specifically, we have received and reviewed Braun's responses to: (1) Marston's First Set of Interrogatories, (2) Carter's First Set of Interrogatories, (3) Day's First Set of Interrogatories, (4) Marston's First Requests for Production of Documents ("RFPs"), (5) Carter's First RFPs. (6) Day's First RFPs, as well as Propson's responses to: (1) Carter's First Set of Interrogatories, and (2) Carter's First RFPs (collectively "Written Responses"). We have also reviewed the documents produced by Braun and Propson in this action as "Plaintiffs_00001-01348" on October 23, 2025, nearly thirty (30) days overdue (the "Document Production").

As explained in detail below, the Written Responses are deficient in numerous respects, and the Document Production was not only untimely, but it is woefully incomplete. Please consider this letter a good faith attempt to meet and confer in accordance with Fed. R. Civ. P. 37(a)(1) and N.D. Illinois Local Rule 37.2.

**I.** **Plaintiffs' Responses to Defendants' First Set of Interrogatories**

Braun and Propson's respective Responses to the First Sets of Interrogatories served on them by Defendants are incomplete and inadequate in numerous respects.

*Braun and Propson's Failure to Verify as Required by Fed. R. Civ. P. 33*

First, "[u]nder Rule 33, answers to interrogatories must be verified and must be signed by the person answering the interrogatory, not only by the party's attorney." *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010) (citing *Hindmon v. Natl.-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 619 (7th Cir. 1982) (observing that interrogatory answers signed by attorney and not party violated "the clear mandate of Federal Rule of Civil Procedure 33(a)")). "Rule 33's requirements that an individual party sign and verify their own interrogatory answers are 'among the simplest of all the Rules of Procedure'

---

# witkow | baskin

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
October 31, 2025

and they 'are mandatory, not optional.'" *Connelly v. Cook Cty. Assessor's Office*, 2022 U.S. Dist. LEXIS 225908, at \*10 (N.D. Ill. Dec. 15, 2022).

Here, none of the three interrogatory responses served by Braun are actually signed by Braun, nor is the interrogatory response served by Propson; there is a signature line included for both Braun and Propson at the end of their respective responses – but it is left blank on every single response. "Interrogatory responses that are unsigned and unverified by the party upon whom they were served are fatally flawed and 'do not qualify as answers to interrogatories.'" *Connelly*, 2022 U.S. Dist. LEXIS 225908, at \*10; *see also BookXchange FL, LLC v. Book Runners*, LLC, 2020 U.S. Dist. LEXIS 250874, at \*9 (N.D. Ill. Dec. 7, 2020) (awarding sanctions against plaintiff that admitted to serving its unverified interrogatory answer, apparently without first getting all the necessary facts from its client). Thus, Plaintiffs' failure to comply with this "simple" rule renders their interrogatory responses "fatally flawed" and incomplete.

*Braun and Propson's Failure to Provide Any Substantive Information and Improper Reference to Document Production as a Whole*

In response to virtually every single interrogatory served by Carter, Day and Marston, Braun and Propson responded that they "will produce non-privilege, relevant [communications, information, documents, examples, materials] in their possession, if any, subject to a protective order [or, alternatively, sufficient to respond to this request]." (*See* Braun's Responses to Day's Interrogatory Nos. 1-3, 5-19, 21-25; Braun's Responses to Carter's Interrogatory Nos. 1-5, 9; Braun's Responses to Marston's Interrogatory Nos. 1-3, 5-25; Propson's Responses to Carter's Interrogatory Nos. 1-25). It is well-settled that Plaintiffs' blanket reference to documents that they "will produce" in response to interrogatories asking for very specific information (*e.g.*, identification of names of individuals and entities, identification of facts supporting certain allegations asserted by Plaintiffs) is entirely improper under federal law.

Under Rule 33(d), "Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived . . . A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." *See* Fed. R. Civ. P. 33(d).

As a preliminary matter, "[a] party responding to an interrogatory may not take advantage of Rule 33(d) unless it can show that the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 366 (N.D. Ill. 2005) (citations omitted). Here, that burden would be much greater on Defendants than on Plaintiffs, given that Plaintiffs are familiar with the documents and have already reviewed them in connection with their production. *Id.* Even more importantly, it would be impossible for Defendants to obtain the information requested simply by reviewing documents produced by

111

# witkow | baskin

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
October 31, 2025

Plaintiffs. For example, how can Defendants identify the "facts" that Plaintiffs contend support specific allegations in the Third Amended Complaint? Not only is that not information that can be determined from a review of documents produced by Plaintiffs, but it is information that only Plaintiffs are capable of identifying. Contention interrogatories seeking "all facts" on which Plaintiffs base specific allegations are entirely appropriate, and Plaintiffs cannot shift that burden to Defendants. *Bouto v. Guevara*, 2020 U.S. Dist. LEXIS 137348, 2020 WL 4437669, at *2 (N.D. Ill. Aug. 3, 2020) ("The entire purpose of interrogatories is to get opposing parties to identify a specific subset of evidentiary support for their claims and defenses.")

Moreover, much of the information sought is limited to names, dates or specific communications that Plaintiffs could readily provide by simply referring to its own records, making their reliance on Rule 33(d) even more nonsensical. *Heisley v. Barclays Bus. Credit, Inc.,* 1990 U.S. Dist. LEXIS 12644, at *8-9 (N.D. Ill. Sep. 25, 1990) ("If only limited information is sought and the interrogated party can readily answer the interrogatories with reference to its own records, Rule 33(d) should not be invoked").

Not only is the burden of ascertaining the response to the interrogatories not the same for Defendants as it is for Plaintiffs, but Plaintiffs' reliance on Rule 33(d) is further improper because Plaintiffs' reference to "non-privileged, relevant documents in their possession, if any" that reflect the information requested is wholly deficient. A party may answer an interrogatory under Rule 33(d) by referring to documents produced, but "the reference to records must be sufficiently detailed to allow the interrogating party to locate and identify them." *Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 366 (emphasis added). The responses must specify "by category and location, the records from which the answers to the interrogatories can be derived". *Id.* (citing Rule 33(c) advisory committee's note (1980 amendment)). Here, Plaintiffs' interrogatory responses refer generally to entire production documents would be produced (i.e., Plaintiffs had even produced any documents at the time it served the interrogatory responses). It is well-established that "[r]esponses to interrogatories that refer to 'documents produced in this case,' 'document production in this case,' or 'documents in a party's possession' are insufficient under Rule 33(d). *ExactLogix, Inc. v. JobProgress LLC*, 2020 U.S. Dist. LEXIS 265524, at *10 (N.D. Ill. Apr. 7, 2020) (granting motion to compel further responses to interrogatories that responded that documents responsive to the interrogatories were previously produced to plaintiff) (citing *Dunkin' Donuts Inc. v. N.A.S.T., Inc.*, 428 F. Supp. 2d 761, 770 (N.D. Ill. 2005); *see also Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 366 (holding that responses that "merely referred plaintiffs, generally, to [document production] for the answers to their interrogatory" is "an abuse of the option" of Rule 33(d)); *Heisley*, 1990 U.S. Dist. LEXIS 12644 ("responses to discovery are insufficient where the respondent simply makes a broad statement to the effect that information is available in a mass of documents").

Finally, Plaintiffs' general reference to their document production (rather than just providing the information requested) is even more egregious considering that in almost all of the responses, Plaintiffs did not even commit to producing documents reflecting responsive information or were not even sure if such documents even existed. In Propson's responses to Carter's Interrogatory Nos. 1-24, and in Braun's responses to Day's Interrogatory Nos. 1-3, 5-14, 17, 21-23, 25, Carter's Interrogatory Nos. 1-5, 9, and Marston's Interrogatory Nos. 1-3, 5-14, 16-25, Plaintiffs stated that they

**witkow | baskin**

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
October 31, 2025

would produce "non-privileged, relevant documents in their possession, if any." This is a nonsensical response. If the documents do not exist, then why are Plaintiffs referring to documents for information responsive to these requests? And if documents do not exist that reflect this information, Plaintiff has an obligation to respond to the interrogatory and provide the information sought. *Hickman v. Johnson*, 2025 U.S. Dist. LEXIS 194395, at *3 (C.D. Ill. Feb. 3, 2025) ("In other words, it is not sufficient for a party to respond by saying that the information sought may or may not be found in certain records that it offers to make available"). Put simply, Plaintiffs' interrogatories that refer to documents that will be produced is entirely improper and inadequate.

*Braun and Propson's Refusal to Provide Information Until a Protective Order is Entered Is Improper*

Braun and Propson not only improperly referred Defendants to their document production instead of providing substantive responses, but they also improperly stated that those documents would be produced "subject to a protective order." As a preliminary matter, the time for Plaintiffs' request for a protective order has long passed, as I reminded you in my email of October 21, 2025. Specifically, you raised Plaintiffs' perceived need for a protective order with the court in the Joint Status Report [Dkt 79], and the Court addressed this issue in its August 18, 2025 Order [Dkt. 80]. In that Order, the Court instructed Plaintiffs to file any needed Motion for Protective Order by September 5, 2025, "after Plaintiffs review the discovery requests." As you know, we served our requests on August 27, 2025; thus, Plaintiffs had sufficient time to "review the discovery requests" and determine whether a Protective Order was required in light of the categories of documents requested. It is now almost two months since the Court's deadline to file a Motion for a Protective Order has passed without any motion; thus, Plaintiffs' agreement to provide documents reflecting responsive information "subject to a protective order" is improper. A full and complete response to these interrogatories (and documents produced) is warranted and required.

Not only is Plaintiffs' invocation of a protective order untimely, but it is disingenuous. The interrogatories do not seek trade secret, commercially sensitive, or private information necessitating entry of a protective order under FRCP 26. Indeed, many of the interrogatories seek the factual bases for Braun's claims that she lost clients or prospective clients or that her reputation was damaged as a result of Defendants' statements. (*See e.g.,* Marston Interrogatory Nos. 5, 21, 24-25, Day Interrogatory Nos. 6-7, 21-23, 25). Day's interrogatories requested that Braun identify their clients who Braun claimed Day contacted. (Day Interrogatory No. 8-11). Braun responded to these interrogatories by stating they would produce relevant documents "subject to a protective order." Factual details about which clients were lost and how defendants' statements allegedly caused that loss are basic proof elements, not competitively sensitive business intelligence, private information or trade secrets. Indeed, Braun has already identified the specific clients that were allegedly lost in the TAC. This is non-secret, factual information that is directly relevant to Braun's own allegations and whose disclosure poses no articulable harm.

As another example, Day asked Braun to identify communications with the ARDC, all facts that support her allegation in the TAC that Day's statement regarding the ARDC's investigation was false, and to identify the individuals who filed complaints against her with the ARDC and the ARDC

113

# witkow | baskin

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
October 31, 2025

attorney who was assigned to investigate her. (Day Interrogatory Nos. 1-3, 12-14, 18-20). Equally meritless is Braun's claim that she requires a protective order to identify the bases on which she submitted a DMCA takedown notice for Episode 97 of Marston's podcast. (*See* Marston Interrogatory No. 6). This information does not implicate trade secrets, confidential commercial data, or private personal matters, but instead concerns factual details central to Braun's own defamation allegations and therefore is not the type of sensitive material that warrants protection under Rule 26(c).

Propson's claim that she would produce documents "subject to a protective order" is also improper, as none of the interrogatories sought information that necessitate the protection of Rule 26(c). Specifically, Propson asserted the need for a protective order in response to interrogatories seeking facts supporting her claim that her reputation has been damaged, as well as the identification of communications between herself and alleged lost clients (the Travel Channel, Pair Eyewear, and other unidentified companies) regarding Carter's statements. (*See* Responses to Carter's Interrogatory Nos. 9-19). Propson also claimed the need for a protective order to identify facts supporting her damages incurred as a result of Carter's statements. (*See* Responses to Carter's Interrogatory No. 20). Because these interrogatories seek only the factual bases for Propson's own claims and communications she has placed directly at issue, they do not involve trade secrets, confidential commercial information, or private matters, and thus there is no good cause to justify a protective order under Rule 26(c).

## *Braun and Propson's Failure or Refusal to Respond to Certain Interrogatories*

In addition to the nonsensical reliance on documents that Plaintiffs intended to produce, Braun and Propson also refused to commit to producing such documents and indicated that no responsive information would be provided. Braun and Propson have no valid basis for refusing to provide the basic information requested, as it is certainly within the wide scope of discovery. Specifically, Braun refused to provide any response to Carter's Interrogatory No. 8, which critically seeks a description of all efforts Braun undertook before filing a takedown notice with respect to Carter's content. Braun's response consisted of a statement that Braun "undertook a review of the content in question" and then stated that any additional information would not be produced in response to the interrogatory. Clearly, the propriety of Braun's submission of takedown notices is central to Braun's claims of defamation and interference, and clearly, Braun's terse response is inadequate.

Also improper is Braun's refusal to respond to Marston's Interrogatory No. 4, which seeks documents Braun has issued on behalf of any clients to online platforms under the DMCA demanding takedown of content from January 1, 2022 to the present. One of the two remaining statements at issue in this case is whether Braun was "actively committing perjury" when she filed a takedown notice for Marston's podcast episode (which was found to be a textbook example of fair use); thus, her pattern and practice of submitting DMCA takedown notices for other clients around the same time period is certainly likely to lead to the discovery of admissible evidence and within the scope of discovery.

Braun also refused to respond to Carter's Interrogatory No. 12, which sought an identification of all facts supporting the denial of any Request for Admission. (Carter's Interrogatory No. 12). Braun has no basis for refusing to respond to this interrogatory, as such a contention interrogatory is entirely

114

witkow | baskin

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
October 31, 2025

appropriate as a method of discovery under federal law. *Commerce Bank, N.A. v. Widger*, 2008 U.S. Dist. LEXIS 16820, at *6 (C.D. Ill. Mar. 5, 2008) (holding that interrogatory that sought, as to each denied requests to admit, to identify the witness or witnesses whose testimony the denial is based upon and to state the reasons each witness provides to support the denial was proper to seek identification of facts (direct or circumstantial) supporting specific allegations of the complaint).

Braun also skipped Day's Interrogatory No. 10 entirely, asserting no objection or substantive response.

*Improper Grouping of Interrogatory Responses*

Finally, Braun's responses to Marston's Interrogatories improperly responded to multiple interrogatories with a single response in violation of Rule 33(b)(3)'s requirement that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." See Fed. R. Civ. P. 33(b)(3) (emphasis added); Braun's Responses to Marston's Interrogatory Nos. 17-18, 22-23.

In sum, Braun and Propson's interrogatory responses are procedurally deficient, substantively incomplete, and noncompliant with the Federal Rules. They failed to verify their responses as required by Rule 33, rendering those responses legally defective. Substantively, rather than providing the specific factual information requested, both plaintiffs impermissibly referred defendants to documents they "will produce," in violation of Rule 33(d), without identifying any particular records or showing that the burden of deriving the information would be equal. They also improperly conditioned production of relevant, non-confidential factual information on entry of a protective order, despite the Court's prior deadline for such a motion and the absence of any showing of good cause under Rule 26(c). Further, Braun and Propson refused to answer several interrogatories outright, including proper contention interrogatories seeking the factual bases for denials of Requests for Admission, without any valid objection. It is without question that Defendants are entitled to this basic discovery, and Plaintiffs' refusal to provide it is unjustified.

## II.  **Braun and Propson's Responses to Defendants' First Set of RFPs**

Braun and Propson's written responses to Defendants' respective RFPs also suffer from various defects and are noncompliant with the requirements of Rule 34.

*Plaintiffs' Agreement to Produce Documents, "If Any" Is Improper*

The vast majority of the responses state that Plaintiffs will produce non-privileged, relevant documents in Plaintiffs' possession, "if any", leaving it entirely unclear whether any responsive documents actually exist. (See Propson's Responses to Carter's RFP Nos. 1-2, 8-14, 27-29; Braun's Responses to Carter's RFP Nos. 1-12, 15-17, 20; Braun's Responses to Day's RFP Nos. 1-5, 7, 9-10, 12, 15-17, 24, 27-28, 32-34; Braun's Responses to Marston's RFP Nos. 1-3, 10-15, 19, 21-24, 26, 48). Under Federal Rule of Civil Procedure 34, a party must state with specificity whether any responsive materials are being withheld on the basis of an objection and must affirmatively indicate whether responsive documents

# witkow | baskin

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
October 31, 2025

exist and will be produced. Fed. R. Civ. P. 34(b)(2). A response that merely states "if any" documents exist does not comply with these requirements. *Luxottica Grp. S.p.A. v. Yiwu Cujia Trade Co., Ltd.,* 2023 U.S. Dist. LEXIS 179848, at *5 (N.D. Ill. Oct. 5, 2023) (holding that party was entitled to a response to RFP confirming that "all responsive documents have been produced"); *Bilek v. Nat'l Cong. of Emplrs., Inc.,* 2021 U.S. Dist. LEXIS 53, at *19-20 (N.D. Ill. Jan. 4, 2021) (if responding party "has no responsive documents, then it should say so. If responsive documents exist, then [party] needs to produce them without the apparent qualification or limitation").

*Plaintiffs' Demand for a Protective Order is Untimely and Unjustified*

Second, most of the responses state that Plaintiffs will produce documents "subject to a protective order." (*See* Propson's Responses to Carter's RFP Nos. 115, 26, 45-46, 51, 54; Braun's Responses to Carter's RFP No. 15; Braun's Responses to Day's RFP Nos. 1-34; Braun's Responses to Marston's RFP Nos. 2-3, 8-10, 12, 14-15, 19-26, 30-51). As discussed above, this Court made clear that to the extent Plaintiffs believed a protective order was warranted in this case, they needed file a motion for a protective order no later than September 5, 2025. Plaintiffs never did, and it is too late for them to withhold documents on the ground that the Court has not entered a protective order. Moreover, as explained above, there is no need for a protective order in this case, as the RFPs do not seek trade secrets, confidential commercial information, or private matters; thus, there is no good cause to justify a protective order under Rule 26(c). For example, Braun claimed that she would produce documents "subject to a protective order" in response to every single RFP served by Day, including RFPs seeking documents sufficient to identify each client Braun claimed they lost as a result of Day's alleged conduct (clients that Braun has identified by name in the TAC) (RFP No. 6), documents sufficient to identify members of the public who were allegedly incited as a result of Day's post (RFP No. 17), documents sufficient to identify the individuals who allegedly submitted 1-star Google reviews for Braun Law (RFP No. 25), and even the most basic of requests seeking documents supporting Braun's allegations that Day's ARDC statement was false (RFP No. 12) – among many, many others. Documents responsive to these requests do not contain trade secret, confidential, sensitive, or private information under Rule 26. Plaintiffs also responded to many RFPs by stating that responsive documents would be produced "in accordance with scheduling orders." This assertion makes no sense. The Court has not issued any scheduling order in this case that would alter Plaintiffs' obligation under Rule 34 to timely respond to the RFOs and produce all responsive documents. Please immediately produce all documents that have been withheld based on this improper objection.

*Plaintiffs' Improperly Refuse to Produce Responsive Documents*

Third, Plaintiffs responded to many of the RFPs by refusing to produce any documents, despite the fact that the requests are targeted and well within the scope of discovery. Propson refused to respond to RFP No. 55, which seeks communications between Propson and Alyssa DeFord, who the TAC makes clear is a critical witness in this action. Namely, Braun claims that DeFord terminated her relationship with Braun as a result of Defendants' statements; thus, any communication between Propson (also a client of Braun) and DeFord is discoverable and would not constitute "confidential client communications", as there is no attorney/client relationship between these two individuals.

witkow | baskin

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
October 31, 2025

Equally meritless are Propson's boilerplate objections that this request is "overbroad" and "unduly burdensome." (Propson's Responses to Carter RFP No. 55). The same can be said for Propson's Responses to RFP Nos. 49-51, which seek communications between Propson and three third parties: Anthony Raimondi, Gabbie Egan, and Reby Hardy. These documents are most certainly relevant and discoverable as these individuals posted multiple videos echoing the allegations asserted by Plaintiffs in this lawsuit regarding the wellness checks on Ms. Carter, Ms. Day's reporting and hiring Ms. Braun to file false copyright strikes.

Braun also refused to produce any documents in response to Marston's RFP Nos. 4-7, which seek documents relating to Braun's submission of takedown notices under the DMCA in connection with Marston's podcast Episode 97, as well as on behalf of other clients. Given that Marston's statement regarding Braun "actively committing perjury" is tied directly to Braun's conduct of submitting meritless takedown notices with respect to Episode 97, these requests are unquestionably relevant. Braun's only objections to these RFPs are that they seek information protected by the attorney-client privilege and the work product doctrine; yet, Braun has yet to produce a privilege log listing these documents. "Rule 26(b)(5)(A) requires a party that withholds documents on the grounds that they are attorney work product or are protected by attorney client privilege to submit a privilege log that describes the nature of the withheld documents in a way 'that, without revealing any information itself privileged or protected, will enable other parties to assess the claim.'" *Kaufman v. Am. Express Travel Related Servs. Co.*, 2011 U.S. Dist. LEXIS 4420, at *12-13 (N.D. Ill. Jan. 14, 2011) (citations omitted). "Rule 34(b) requires this privilege log to be served within 30 days of receipt of the document requests that seek privileged information", and "[f]ailure to follow these rules may result in waiver of the privilege." *Id.* Braun also objects that the documents "may be in the possession of third parties," but assuming that is true, it does not relieve Braun of the obligation of producing those documents in her possession. Finally, boilerplate objections of overbroad, unduly burdensome, and relevance, are improper and should be disregarded. *EEOC v. Safeway Store, Inc.*, 2002 U.S. Dist. LEXIS 25200, at *4 (N.D. Ill. Sept. 16, 2002) ("Where, as here, the responding party provides a boilerplate or generalized objection, said 'objections are inadequate and tantamount to not making any objection at all.'") These documents need be produced immediately.

*Plaintiffs' Improperly Limit Production to "Examples" of Responsive Documents*

Fourth, Plaintiffs responded to certain RFPs by agreeing to produce only "examples" of responsive documents. (Braun's Responses to Marston's RFP Nos. 11, 13, 21, 24, 36, 41; Braun's Responses to Day's RFP Nos. 17, Propson's Responses to Carter's RFP Nos. 5, 8). Plaintiff's unilateral limitation of their document production to just "examples" is improper and falls short of their obligation under Rule 34. *Kaufman*, 2011 U.S. Dist. LEXIS 4420, at *7 ("It is not for [responding party] to unilaterally determine how much discovery is sufficient"). Once again, all documents need be produced immediately.

In short, Plaintiffs' responses to Defendants' document requests are procedurally and substantively deficient. Rather than providing clear, unqualified, and complete responses as required by Rule 34, Plaintiffs have obscured whether responsive materials exist, improperly conditioned production on an

117



Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
October 31, 2025

untimely and unjustified protective order, refused to produce plainly relevant documents without basis, and failed to serve the required privilege log for materials withheld on privilege grounds. Their repeated use of vague qualifiers such as "if any," "subject to objections," and "examples" falls far short of the specificity and candor the Federal Rules demand. Please let me know whether Plaintiffs will agree to make a supplemental production next week as to all documents being withheld on the foregoing grounds.

## III.      Plaintiffs' Document Production is Wholly Deficient

As you are aware, Plaintiffs' responses to the RFPs were due on September 26, 2025, and while Plaintiffs served their written responses on that date, their document production was not served until almost a month later on October 23, 2025 (and one additional document on October 30, 2025), despite my repeated requests to produce documents via emails to you on September 30, 2025, October 14, 2025, October 16, 2025, and October 20, 2025. Once we finally received Plaintiffs' document production, after significant delay, it became readily apparent that the production is nothing more than a document dump of duplicative and irrelevant documents, of which only a handful are responsive and relevant.

*Plaintiffs' Failure to Produce Any Responsive Documents, Despite Their Agreement to Produce*

With respect to Braun's production of documents in response to Marston's RFPs, Braun failed to produce any documents responsive to the following requests: RFP Nos. 1-9, 16, 20-21, 26-34, 37-41, 43, 45, 48-52. These requests are targeted and narrowly-tailored, seeking documents to support specific allegations asserted by Braun in the TAC. They also seek documents relating to Braun's claims that she lost clients, lost business, and suffered damage to her reputation as a result of Martson's statements. Finally, these RFPs seek documents relating to Braun's submission of a takedown notice under the DMCA with respect to Marston's podcast Episode 97, which is the core of Braun's claims against Marston. If Braun does not have any documents responsive to these requests, she must amend her response to so indicate. She cannot serve an ambiguous response to the RFPs stating that responsive documents will be produced "if any" and then leave Marston wondering whether such documents actually exist and are not being produced or whether they do not exist at all.

With respect to Braun's production of documents in response to Day's RFPs, there are a *significant* number of RFPs for which it appears no responsive documents have been produced. As with Marston, Braun has failed to produce any documents in response to RFP Nos. 6, 21-28, 31-33, which seek documents relating to Braun's allegations that she has suffered damages as a result of Day's conduct, including lost clients and lost prospective business. These documents/communications must be produced. Moreover, Braun has produced essentially no documents in response to RFP Nos. 1-2, 12,-20, which seek documents supporting Braun's allegation that Day's ARDC statement was actually false, that Day knew it was false, and that Day made this purportedly false statement to "incite" the public to make ethics complaints about Braun to the ARDC. All Braun has produced regarding the ARDC are a handful of screenshots reflecting communications between herself and the ARDC, which actually confirm the ARDC launched an  investigation into her conduct. This limited production of

# witkow | baskin

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
October 31, 2025

ARDC documents is also improper. The requests call for all documents and communications between Braun and the ARDC, which necessarily includes email/letter communications regarding the scope of the investigation, requests for client documents, Braun's responses/defenses to the investigation, copies of the complaints filed by third parties against Braun and for which the ARDC is requesting Braun's response and the like. If Braun does not have documents to support her claims of falsity or damages, she must respond to the RFPs accordingly. If she has the documents, they need to be produced. Please note that we intend to depose the ARDC investigators at the appropriate time and if we obtain documents from the ARDC that were clearly communicated to Braun and were not provide in response to the foregoing requests, we intend to seek sanctions for such intentional nondisclosure pursuant to Federal Rule of Civil Procedure 37(b),(c) and (e).

With respect to Propson's production of documents in response to Carter's RFPs, there are a *significant* number of RFPs for which it appears no responsive documents have been produced. Propson has failed to produce any documents in response to RFP Nos. 1, 3-7, 9-14, 26-44, 46, and 49-55 which seek documents supporting specific allegations in the TAC. In particular, the TAC specifically alleges that the Travel Channel terminated their relationship with Propson, and Propson lost a partnership opportunity with Pair Eyewear. (TAC, ¶¶ 42-52). In response to the RFPs seeking all documents and communications with these brands and other lost opportunities, Propson produced a single email chain with the Travel Channel (Plaintiffs_01332-01339). The agreement with the Travel Channel was not produced (nor any other communications other than the single email chain referenced above), nor any agreement or communications with Pair Eyewear (or any other brand) was produced. These documents/communications are the heart of Propson's claims and must be produced.

Finally, with respect to Braun's production of the documents in response to Carter's RFPs, Braun has wholly failed to produced any documents in response to RFPs 2-12 and 15-20. Once again, each of these requests directly relate to specific allegations of the TAC, thus Braun's objection that the request is vague and refusal to produce is wholly improper. Like with Day and Marston, RFP Nos. 4-10 seek documents relating to Braun's allegations that she has suffered damages as a result of Carter's conduct, including a lost podcast deal, lost clients and lost prospective business/professional reputation. Braun has produced nothing. These documents/communications are the heart of Braun's damages claim and must be produced. Further with respect to RFPs 11, 13-17, these requests seek the supporting documents for specific allegations of the TAC and the wellness check caused by Braun, yet nothing was produced. As to RFP 20, Braun produced no communications with any third parties relating to Carter. We are well aware that the communications discussed above exist and, like with the ARDC, we intend to depose third parties at the appropriate time to obtain these communications with Braun that Braun has chosen not to produce here and seek sanctions for this effort.

*Deficient Form of Production*

Federal Rule of Civil procedure 34(b)(2)(E)(i) states that the responding party must do one of the following: (a) produce documents as they are kept in the usual course of business, or (b) organize and label them to correspond to the categories in the request. As discussed below, Plaintiffs have failed to comply with either requirement.

119

**witkow | baskin**

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
October 31, 2025

First, the requests issued by Defendants were to each of Braun and Propson, separate parties requiring separate productions. Nevertheless, Plaintiffs have improperly lumped these productions together. Then, within this single production multiple documents were provided in an incomplete form and appear randomly inserted between unrelated materials with no logical grouping or continuity. The Twitter thread at Plaintiffs_000007, for example, shows replies to an original tweet that is not visible and that discuss DMCA takedowns and the ARDC. In addition to being incomplete, it is randomly included just prior to what seems to be a portion of a Reddit thread about Jelly Roll (Plaintiffs_000006), which is not only incomplete and missing the original post, but also seemingly irrelevant to anything pertaining to this case. It is then followed by an out of place screenshot of an anonymous email sent to Plaintiff's counsel (Plaintuiffs_000008)—neither of which relate to the Twitter thread's subject matter. Similarly, an Order of Protection for Kaitlynn Demps (Plaintiffs_000622–000627) appears abruptly following a Reddit thread discussing Braun's copyright strikes on the DWKT podcast (Plaintiffs_000614–000621), despite Demps' only tangential mention in the thread that had zero connection to the Protection order or the other party involved. This protection order is then followed by yet another out-of-place screenshot at Plaintiffs_000628, showing a photograph of a computer screen displaying a Google Voice message with no date, no indication of the recipient, any context for its inclusion.

Numerous Reddit threads appear incomplete, showing only fragments of comment sections without the original post or prior replies being responded to. Examples include Plaintiffs_000083, 000110, and 000143—all of which display isolated comments responding to unseen original posts and lack the context necessary for full understanding of the replies.

Moreover, the production also includes material entirely unrelated to any party or issue in this case. The Reddit thread at Plaintiffs_000006–000007 about *Bunnie Xo and Jelly Roll* has no connection to the claims or defendants, yet appears early in the production. Later, at Plaintiffs_000879–000881, the Plaintiff inexplicably includes enlarged profile pictures of random TikTok users, apparently pulled from notifications for comments they left that appeared in an "Activity" feed screenshot (Plaintiffs_000878, 000881). None of the original posts in which the comments were left are included nor is there any other context that provides any reasonable explanation as to why these specific users have been highlighted or hold any significance or relevance at all. One image (Plaintiffs_000082) even appears completely disconnected from any surrounding material, not matching any of the comments in the surrounding screenshots and offering no explanation for its presence.

Finally, the production contains excessive duplication, including instances in which dozens of identical screenshots appear repeatedly back to back, as well as the same sequences across hundreds of pages being repeated at various stages of the document. For example, the same Google Review screenshot is reproduced four separate times at Plaintiffs_000005, 000008, 000236, and 000927, despite being visually identical. In addition, as mentioned, there are instances in which duplicate runs can be found with a single post being followed by *dozens* of identical copies—such as Plaintiffs_000029–000049 featuring 21 identical screenshots of the same Reddit post, immediately followed by another 22 identical pages of the same reddit post from 000050–000071. This can be seen yet again



Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
October 31, 2025

from Plaintiffs_000083–000109 (27 identical pages), immediately followed by 000110–000142 (33 identical pages), and continues throughout the document. To put this into perspective, in just the first 200 pages alone, once the duplicates are removed, only 67 pages remain—three of which contain no content at all. Thus, only 64 of the first 200 pages are unique, and the other two thirds are effectively useless.[1]

Given the November 30 deadline for written discovery set by the Court [Dkt. 80], and your tardy production of documents only last week which has delayed this meet and confer process, we hereby request Plaintiff provide amended responses to the discovery remedying the deficiencies identified herein, production of all responsive documents within their custody, possession, or control, and a privilege log (to the extent that you have a valid objection to produce on privilege grounds) by no later than **November 7, 2025. Pursuant to N.D. Illinois Local Rule 37.2, we are obligated to discuss these issues telephonically. I am available on November 3-6, 2025 at your convenience. Please respond no later than the close of business on November 3, 2025 with your availability for this conference.** Your failure to comply will leave my clients no choice but to move to compel and seek their attorneys' fees and costs in connection with any such motion.

We look forward to your prompt and comprehensive response.

Sincerely,

witkow | baskin

Brandon J. Witkow

cc:     Lily Marston (via email)
        Krista Carter (via email)
        Rebekah Day (via email)

---

[1] Many screenshots were not formatted to fit standard 8.5x11-inch pages, causing their Bates numbers to fall outside visible margins and therefore appear absent from the pages. Examples include Plaintiffs_000001–000009, 000232–000270, 000623–000627, and 000628. This issue occurs consistently throughout the file for any images captured directly from mobile devices, further impeding proper citation and reference.

**Exhibit 11**



**6515 W. ARCHER AVE.**
**CHICAGO, ILLINOIS 60638**
**(O): 773-340-0011**
**BEN@LOCKYERLAW.COM**

November 4, 2025

<u>*Via Email*</u>

Brandon J. Witkow
Witkow | Baskin
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
bw@witkowlaw.com

Re:     Braun et al. v. Day et al., Case No. 23 C 16856 (N.D. Ill.) —

        Response to October 31, 2025 Meet-and-Confer Letter

Dear Counsel:

We write in response to your October 31, 2025 letter regarding Plaintiffs' discovery responses and document production. While I disagree with many of your characterizations, Plaintiffs remain committed to cooperating in good faith under Rules 26 and 37 of the Federal Rules of Civil Procedure and Local Rule 37.2. Below, I address each of your concerns and outline reciprocal deficiencies in Defendants' discovery responses that require immediate attention.

**I.      Interrogatories**

Plaintiffs will serve updated, signed, and verified interrogatory responses for Ms. Braun and Ms. Propson. This will cure any procedural issue under Rule 33(b)(5).

Plaintiff will also supplement each interrogatory response with the corresponding Bates ranges for documents that have been produced to date. Plaintiffs' search for additional materials is ongoing and will be supplemented consistent with Rule 26(e). As shown with Plaintiff's latest production, some matters such as Plaintiff's harms are ongoing.

The omission of a response to Day Interrogatory No. 10 was inadvertent and will be corrected in the supplemental responses.

With respect to Carter Interrogatory No. 8, Marston Interrogatory No. 4, and Carter Interrogatory No. 12, those requests call for documents and communications protected by the attorney-client privilege and attorney work-product doctrine, including legal advice and strategy concerning DMCA takedown notices and litigation matters. Plaintiffs will not waive attorney-client privilege or produce responses to those requests.

Regarding the assertion that Plaintiffs improperly grouped certain interrogatory responses, Rule 33 does not prohibit grouping related answers. Nevertheless, to avoid unnecessary disputes, Plaintiff will restate each objection separately in the supplemented responses.

Finally, Plaintiffs note that Defendants' own interrogatory responses suffer from the same defects they attribute to Plaintiffs. While Defendants have criticized Plaintiffs for referencing documents rather than providing full narrative responses, they have repeatedly invoked Rule 33(d) themselves without identifying any specific records or Bates numbers. Their responses are filled with boilerplate objections such as "equally available," "technical data," and "burden equal," particularly in Day Interrogatories 3, 8, and 10, Carter Interrogatories 3, 5, 10, and 11, and Marston Interrogatories 8 through 12. This inconsistency underscores the impracticality of Defendants' position—if they believe references to documents are insufficient, they must meet the same standard and provide narrative responses identifying the relevant persons, dates, and supporting materials for their defenses. Plaintiffs are prepared to maintain the same approach: if Defendants wish to rely on their document production under Rule 33(d), Plaintiffs will do the same. However, if Defendants insist on narrative supplementation from Plaintiffs, Plaintiffs will expect the same from Defendants for the sake of consistency and fairness. Should Defendants decline to supplement, Plaintiffs will move to compel full and verified responses.

## II.    Requests for Production

Plaintiffs will supplement their responses to clarify which requests have resulted in production, which are withheld on privilege grounds, and which did not yield responsive documents.

For Braun, you identified deficiencies in Day RFPs Nos. 1–5, 7, 9–10, 12, 15–17, 24, 27–28, 31–34, Carter RFPs Nos. 1–12, 15–20, and Marston RFPs Nos. 1–3, 10–15, 19, 21–24, 26, 48–52. Many of these requests seek client communications, legal correspondence, or work-product materials that are protected under the attorney–client privilege and Rule 26(b)(3). For example, requests seeking correspondence with the ARDC (Day RFP Nos. 12 and 20), DMCA notices (Marston RFP Nos. 4–7), and internal client communications (Day RFP Nos. 6 and 21–28) fall squarely within privilege. Non-privileged ARDC correspondence has already been produced.

For Propson, your letter references Carter RFP Nos. 1, 3–7, 9–14, 26–44, 46, and 49–55. Ms. Propson has already produced communications and documents regarding the Travel Channel and Pair Eyewear sufficient to show the relationships and subsequent losses. Just as Defendants object to producing every post or communication about this matter, Plaintiff Propson objects to producing all communications with her sponsors, especially ones that have nothing to do with the termination of the Agreement. Additional communications with other influencers or unrelated third parties, such as those sought in RFPs 49–55 (Anthony Raimondi, Gabbie Egan, and Reby Hardy), are not relevant to any claim or defense. Please explain the factual basis for why these materials are sought before Plaintiffs incur further expense.

To the extent Defendants wish to obtain non-privileged but sensitive materials, Plaintiffs remain willing to stipulate to a joint protective order modeled on the Northern District of Illinois' standard form. If Defendants refuse to stipulate, Plaintiffs will stand on their confidentiality and privilege objections and will hold Defendants to the same standard when they invoke confidentiality in their own discovery.

Plaintiffs also note that Defendants have declined to produce a privilege log or identify the basis for withholding materials, despite objecting to various requests on vague "confidentiality" grounds. Defendants have not asserted attorney–client privilege or work-product protection, yet they continue to withhold documents without the required disclosures under Rule 26(b)(5). It is inconsistent for Defendants to demand a detailed privilege log from Plaintiffs while refusing to provide even a basic accounting of what they are

withholding. Plaintiffs are not required, nor would it be proportional, to prepare a line-by-line log of every communication or document generated in the ordinary course of Ms. Braun's legal practice or this litigation. Most of the materials being withheld consist of internal legal work and client communications that are plainly irrelevant to the issues in this case. Plaintiffs have already identified the clients whose relationships were affected, and the existence or content of those privileged communications has no bearing on the truth or falsity of Defendants' statements or their motives. Moreover, Defendants have not asserted any counterclaims that would make such internal or client communications relevant. Plaintiffs will therefore provide only a categorical description of withheld materials sufficient to comply with Rule 26(b)(5) and consistent with proportional discovery obligations. Plaintiffs' categorical privilege log will be provided concurrently with the supplemental discovery responses on November 10, 2025.

Plaintiffs will not produce every cumulative or redundant document. Producing "all responsive documents" to each RFP is neither proportional nor required under Rule 26(b)(1). Representative and sufficient materials have been produced, including documents evidencing Ms. Propson's relationships with Travel Channel and Pair Eyewear, and Ms. Braun's ARDC correspondence.

## III. Document Production and Organization

Plaintiffs also note that Defendants' deficiency letter was served more than a month after receiving Plaintiffs' discovery responses on September 26, 2025. If Defendants truly believed the responses were inadequate, these issues could and should have been raised earlier. The delay in raising them—only days before the close of written discovery—has unnecessarily compressed the timeframe for supplementation and suggests that many of the alleged deficiencies are tactical rather than substantive. Plaintiffs have nevertheless acted promptly and in good faith to address the issues raised.

Plaintiffs acted diligently in compiling and producing responsive materials despite significant scheduling conflicts, including counsel's trial obligations in late September/early October. Any brief delay was substantially justified and caused no prejudice. For example, many of the deficiencies raised concern Plaintiffs' written responses, not the production itself, which Defendants have possessed since September 26, 2025. Plaintiffs continue to review and supplement their production and will aim to complete all supplementation by end of day November 10, 2025. I am unable to meet the November 7 deadline you proposed because I will be in St. Louis on November 6 for an in-person hearing and traveling that day.

As to substance, Plaintiffs have already produced all ARDC communications in their possession, as well as the documents evidencing the alleged lost business opportunities. Communications by clients are privileged. The remaining DMCA correspondence Defendants seek is irrelevant to the specific claims and, even if relevant, privileged under Rule 26(b)(3).

Regarding the format of production, we have produced documents as they were provided to Plaintiffs' counsel, in full compliance with Rule 34(b)(2)(E). Because Ms. Braun and Ms. Propson's materials substantially overlap in subject matter, clients, and communications, their documents were produced together as a unified Plaintiffs' production. The Rules do not require separate productions for each Plaintiff, nor do they require Plaintiffs to organize materials for Defendants' convenience. Specifically, Rule 34 does not require the producing party to re-sort, annotate, or otherwise organize materials for the opposing side, and courts in this District routinely find productions proper where documents are produced as maintained in the ordinary course of business. The documents were produced in the form in which they were received and maintained and reorganizing them now would be unduly burdensome—particularly since they were not organized in any other manner when provided to Plaintiffs. Moreover, Defendants' own productions were not organized by individual request or indexed, and Plaintiffs' production of over 2,000 pages of documents complies with the same accepted standard.

All of Plaintiffs' documents bear visible Bates numbers. If any images or screenshots appear cropped or lack visible numbering due to formatting, please identify the affected Bates ranges so that we can review and, if necessary, correct them. Conversely, Defendants' production of social media files contains numerous un-Bates-numbered media files, including large sets of images, videos, and social media screenshots. Plaintiffs request that Defendants immediately assign Bates numbers to all such media and identify which RFP each file corresponds to so the materials can be properly referenced, authenticated, and used at depositions.

## IV. Defendants' Deficiencies and Plaintiffs' Motion-to-Compel Issues

While Plaintiffs have addressed or are curing the issues raised in your letter, Defendants' own discovery responses are significantly deficient and require immediate supplementation. Specifically:

A. **Un-Bates-Numbered Productions:** Defendants' social media files and videos were produced without Bates numbering or any discernible organization, in violation of Rule 34(b)(2)(E). Many of the media files (including screenshots, audio, and video clips) appear disconnected from the text conversations or threads they are intended to accompany, making it impossible to determine which media belongs to which communication or request. Plaintiffs therefore request that Defendants (1) assign Bates numbers to all media files, (2) identify the specific Request for Production to which each file is responsive, and (3) identify which media files correspond to the conversations or communications already produced. Plaintiffs can provide specific examples or individual pages, if necessary, but without this information, it is impossible to determine whether the media files were properly produced or are incomplete. Proper Bates labeling and cross-referencing are required to ensure that all responsive materials are identifiable, traceable, and usable for authentication and deposition purposes.

B. **Native Documents:** Defendants have refused to produce native-format exports (e.g., JSON, CSV, or comparable native files) or provide the associated metadata for their social media accounts on Instagram, TikTok, YouTube, and Reddit, citing "technical data" and "burden" objections. As a result, many of the communications produced lack visible date and time stamps, making it difficult to determine when the conversations occurred or in what sequence events took place. This missing metadata also obscures key information such as authorship, edits, deletions, and platform identifiers. Plaintiffs therefore request that Defendants supplement their productions either by (1) serving native-format exports containing this information, or (2) providing the missing metadata fields (including date, time, platform, author, and edit/deletion history) through interrogatory responses or other verified disclosures. These details are essential to authenticate the documents, establish timelines, and evaluate the context of the communications relevant to the claims and defenses.

Plaintiffs are not requesting anything more than Defendants' own platforms make available to them through standard export tools, and production of native or metadata-enriched files is necessary for both sides to fairly evaluate the timing and authenticity of communications.

C. **Withholding on "Confidentiality" Grounds:** Defendants have withheld materials—including personal identifiers, social media exports, monetization data, and internal communications—under vague "confidentiality" and "privacy" objections while simultaneously opposing entry of a protective order that would have resolved those concerns. Plaintiffs demand either immediate production of these materials or that Defendants stipulate to a protective order covering all parties.

Page 4 of 5

D. **Incomplete Interrogatory Responses:** Defendants' interrogatory responses remain incomplete, particularly Day Interrogatories 3, 5, 7, 10, and 12, Carter Interrogatories 3, 9–12, and Marston Interrogatories 8–12, which largely reference unspecified "business records" rather than providing full narrative answers. Plaintiffs note that Defendants have objected to Plaintiffs' interrogatories on the same grounds (arguing that references to documents are insufficient) while relying on the same approach in their own responses. Plaintiffs are comfortable resting on the documents produced under Rule 33(d), as that Rule expressly allows reference to records where the information can be ascertained equally by both parties. However, if Defendants prefer that Plaintiffs identify specific Bates numbers corresponding to these responses, Plaintiffs ask that Defendants do the same in their own supplementation to maintain consistency and fairness. Otherwise, given the scope and duplication of the information sought, Plaintiffs believe that any remaining factual detail is best explored through depositions rather than further written supplementation.

Plaintiffs request that Defendants cure these deficiencies by close of business November 10, 2025. If Defendants fail to cure these deficiencies, Plaintiffs will move to compel. Plaintiffs request that Defendants be prepared to address these deficiencies at the meet and confer conference on November 5, 2025. If Defendant is not ready, Plaintiff is happy to move the meet and confer until November 7, 2025.

Sincerely,

*/s/ Benjamin Lockyer*

Benjamin C. R. Lockyer
Lockyer Law LLC
6515 W. Archer Avenue
Chicago, IL 60638
(773) 340-0011

**Counsel for Plaintiffs**

# Exhibit 12



<u>**VIA ELECTRONIC MAIL (<u>BEN@LOCKYERLAW.COM</u>)**</u>

November 4, 2025

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606

      **Re:**    **Jeannette Braun et al. v. Rebekah M. Day, N.D.Ill Case No. 23 C 16856/Meet and Confer Re: Responses of Plaintiffs to Defendants' Request for Production of Documents [Set One], Special Interrogatories [Set One]**

Dear Counsel:

I am responding to your email below, as well as the attached response to my October 31, 2025 meet and confer letter regarding the deficiencies in Plaintiffs' discovery responses ("November 4 Response Letter").

Regarding the date for our telephonic conference in accordance with Local Rule 37.2, I note that you stated yesterday that you were available to discuss these issues on November 5; however, in your email today, you indicated that you are unavailable for a conference until Friday, November 7. I am unclear why you are no longer available tomorrow, and I am hesitant to push our meeting to Friday, given that a full week will have transpired since I sent you Defendants' detailed meet and confer letter. However, in an effort to accommodate your scheduling difficulties as you represented today, I am willing to push our meeting off until **Friday, November 7 at 2 pm CT**. **Please confirm that you will be ready to discuss the issues raised in my October 31 letter and set forth below at that time**.

While we can discuss on Friday the specifics of Plaintiffs' agreement to supplement their discovery responses, as represented in your November 4 Response Letter, there are a few issues I want to address now in advance of our conference on Friday.

As an initial matter, I note that your agreement to "supplement each interrogatory response with the corresponding Bates ranges for documents that have been produced to date" does not satisfactorily address the fundamental problem with Plaintiffs' interrogatory responses. As explained in my letter, Plaintiffs' reliance on Fed. R. Civ. P. 33(d) and reference to documents that it "will produce" in response to almost every single interrogatory served by Defendants is improper for a number of reasons, not simply because Plaintiffs did not reference "corresponding Bates ranges". First, and most importantly, Plaintiffs have not and *cannot* show that the burden of deriving or ascertaining the answer to Defendants' interrogatories is "substantially the same" for Defendants as for Plaintiffs. How is it possible for Defendants to review a "Bates range" identified by Plaintiffs and ascertain from that range what "facts" Plaintiffs contend support specific allegations of the TAC? For example, Marston's Interrogatory No. 16 to Braun requests that Braun identify all facts supporting her allegation in

# witkow | baskin

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
November 4, 2025

Paragraph 133 of the Third Amended Complaint ("TAC") that Defendants conspired with third parties. Braun's response was to state that she "will produce" documents. How will Marston be able to ascertain the answer to this interrogatory by looking at documents Braun "will produce"? I'm sure you can agree, Plaintiffs' blanket invocation of Rule 33(d) is nonsensical; thus, your commitment to identify Bates ranges is equally nonsensical. Plaintiffs' reference to documents is also illogical given that many of the interrogatories seek highly specific, targeted information. An example is Day's Interrogatory No. 9 to Braun which seeks that Braun identify the "clients" that Day allegedly "contacted on March 21, 2024" as alleged in Paragraph 83 of the TAC. Has Braun actually produced documents that reflect the identity of these clients? Is there some reason why Braun cannot simply identify the clients in her response as opposed to setting forth a range of Bates numbers? And is the burden of going through those documents to ascertain the identify of these clients the same for Day as it is for Braun? If the answer to any of these questions is no, and I suspect that it is, then Braun's reliance of Rule 33(d) is improper.

What Plaintiffs *need to do* is amend the interrogatories to answer them substantively with the specific information requested. That is precisely what Defendants did when responding to the interrogatories served by Plaintiffs. Namely, of the 58 interrogatories served by Plaintiffs, Defendants answered 49 of those interrogatories by providing detailed, factual, substantive information. The other nine of those interrogatories predominantly sought identification of all comments or replies to Defendants' videos that could be readily seen when viewing the link to the videos produced to Plaintiffs; thus, Defendants' reliance on Rule 33(d) was appropriate.

Moreover, your statement in your letter that Plaintiffs will "supplement each interrogatory response with the corresponding Bates ranges for documents that have been produced **"to date"** is concerning. What if Plaintiffs have not yet produced documents that reflect the information requested by the interrogatories? Do Plaintiffs still plan on referring to documents that it "will produce" instead of providing an actual, substantive response? It goes without saying that Plaintiffs cannot rely on Rule 33(d) and refer Defendants to documents when it has not yet even produced any documents that reflect the information requested.

With respect to your claim that Braun is not obligated to respond to Carter's Interrogatory Nos. 8 and 12 and Marston's Interrogatory No. 4 because they call for privileged material, Carter's Interrogatory No. 12 has nothing to do with DMCA takedown notices. It seeks factual bases for any denial of the Requests for Admission, which is entirely permissible under federal law, and Plaintiffs' claim of privilege makes no sense. As to the other two, I remind you that this entire action is based on Braun's claim that Defendants "defamed" her by publicly criticizing her practice of submitting DMCA takedown notices against content that clearly constituted fair use. One of the two remaining statements hinges on whether Braun submitted a DMCA Takedown knowing that the content constituted fair use. Thus, the circumstances surrounding Braun's filing of DMCA takedown notices is *most certainly* relevant and discoverable.

As for the Requests for Production, your letter states that Propson only intends to produce documents relating to the Travel Channel and Pair Eyewear. However, Propson's claim for tortious interference

# witkow | baskin

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
November 4, 2025

against Carter is *not* limited to the Travel Channel and Pair Eyewear. Rather, the TAC alleges that Propson "lost multiple sponsorship opportunities and commercial relationships, including but not limited to those with content platforms, product partnerships, and brand sponsorships." Thus, documents relating to these other persons or companies are relevant and discoverable.

With respect to your claim that Plaintiffs will simply refuse to produce confidential documents unless Defendants will stipulate to a joint protective order, you misunderstand Plaintiffs' obligations under Rule 26. Defendants are not required to stipulate to a protective order, and if they refuse, that does not entitle you to withhold discoverable documents on confidentiality grounds. Under Rule 26(c), the party seeking to maintain confidentiality must move for a protective order and it is that party that has the burden of persuasion. *Ass'n v. Reed Elsevier, Inc.*, 2007 U.S. Dist. LEXIS 39636, at *5 (N.D. Ill. May 14, 2007). If you continue to withhold these documents on the ground of confidentiality without moving for a protective order (again, the deadline for which has long passed per the Court's Order), we will move to compel and seek sanctions. I can assure you that Defendants have not withheld any relevant, responsive documents on the ground of confidentiality.

Finally, your representation that Plaintiffs will "provide only a categorical description of withheld materials" is inadequate and unsupported by Rule 26 or any other federal authority. To the contrary, courts in this district hold that "the party asserting the privilege must produce a privilege log 'that identifies for each separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged.'" *Schmalz v. Vill. N. Riverside*, 2018 U.S. Dist. LEXIS 19623, at *7 (N.D. Ill. Feb. 7, 2018); *Muro v. Target Corp.*, 2006 U.S. Dist. LEXIS 86030, at *6 (N.D.Ill. Nov. 28, 2006) (same). Please note that Defendants have not withheld any relevant, responsive documents on the grounds of attorney-client privilege or attorney work product.

As for your response regarding the deficiencies in Plaintiffs' document production, your accusation that Defendants "unnecessarily delayed" serving their meet-and-confer letter until October 31 and "compressed the timeframe for supplementation" is misplaced. It is, in fact, ironic given that you have disregarded my repeated inquiries about the status of Plaintiffs' production and your own repeated representations, dating back to September, that the documents were ready to be produced when they plainly were not. I advised you on multiple occasions that Plaintiffs' continued delay was frustrating the meet and confer process, yet you persisted in providing shifting assurances. Had you been forthright from the outset that you intended to wait a full month between serving responses and making any production, I would have sought to meet and confer much earlier. You did not.

Moreover, your claim that production of the documents "as they were provided to Plaintiffs' counsel" complies with Rule 34(b)(2)(E) is also misplaced. Rule 34(b)(2)(E) requires that the party produce documents "as they are kept in the usual course of business" *or* "must organize and label them to correspond to the categories in the request." Nowhere do the federal rules permit a party's counsel to produce the documents "as they were provided to counsel". The documents clearly have not been produced as they were maintained in the ordinary course of business, as explained in my October 31 letter. Indeed, your letter admits that the documents were not organized in any manner when you

131

# witkow | baskin

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
November 4, 2025

received them. Thus, contrary to your misguided assertion in your letter, you actually **do** have to "organize materials for Defendants' convenience." Defendants' production was made in an organized fashion in folders labeled with each RFP to which they were responsive.

I am happy to discuss on Friday the claimed deficiencies in Defendants' responses and production that you identified in your letter (although virtually all of which have already been addressed in our previous email correspondence or the responses themselves).

Sincerely,

witkow | baskin

Brandon J. Witkow

cc:     Lily Marston (via email)
        Krista Carter (via email)
        Rebekah Day (via email)

132

# Exhibit 13

| | |
|---|---|
| **From:** | Ben Lockyer |
| **To:** | Brandon Witkow |
| **Cc:** | Doig, Amy M.; Ryan LaZara; Brandon Witkow |
| **Subject:** | Re: Braun v. Day: Plaintiff Responses to Defendant"s Discovery Requests |
| **Date:** | Tuesday, November 11, 2025 7:48:33 PM |
| **Attachments:** | Supp Resp to Rogs to Braun & Braun IP (Carter) - signed.pdf |
| | Supp Resp to Rogs to Braun & Braun IP (Day) - signed.pdf |
| | Supp Resp to Rogs to Propson (Carter) - signed.pdf |
| | Supp Resp to Rogs to Braun & Braun IP (Marston) - signed.pdf |

Brandon,

Thank you for your patience. We are still finalizing the updated responses to the requests for production. Due to the high volume of materials and RFPS, this process has taken longer than anticipated. We expect to have everything completed later this evening or by early tomorrow. In the meantime, please find attached Plaintiffs' supplemental responses to the interrogatories and a link to download Plaintiffs' supplemental production:

https://drive.google.com/open?id=1eApegbGbeSTsluYcOktKEubxk_B9AWJD&usp=drive_fs.

During our renewed search, Plaintiffs identified additional non-privileged materials that had not been previously located or produced. The supplemental production includes additional evidence of Lauren Propson's social media contracts, Jeanette Braun's DMCA correspondence, new screenshots reflecting the harassment and Defendants' encouragement of it, and several additional videos.

We note that some of Ms. Propson's contracts are unavailable because they were managed through a sponsorship platform that retains copies. She is in the process of obtaining her 1099 from Warner Bros. Discovery (The Travel Channel) to document her compensation.

We have also provided expanded detail in the interrogatory responses, as requested, as a good faith effort to address the issues discussed during our meet and confer.

I am currently on a flight to back to Chicago and am coordinating with my staff to finalize and transmit the remaining materials today. I appreciate your patience and cooperation as we complete this.

Best,

Ben

--

**Benjamin C.R. Lockyer** | Principal



6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Date:** Tuesday, November 11, 2025 at 8:39 AM
**To:** Brandon Witkow <bw@witkowlaw.com>
**Cc:** Doig, Amy M. <adoig@cozen.com>, Ryan LaZara <ryan@lockyerlaw.com>, Brandon Witkow <bw@witkowlaw.com>
**Subject:** Re: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Brandon,

Thank you for your message and for your patience. I apologize for the brief delay in providing Plaintiffs' supplemental production. After our meet and confer, Plaintiffs conducted a thorough additional search to ensure that no responsive, non-privileged materials were missed and to locate documents that had not previously been produced.

I received the additional materials late yesterday and have been working to Bates number and organize them for production, as well as to finalize and obtain signatures on the interrogatory responses. The verified interrogatories are now complete, and my team and I are finalizing the document production for transmission. I am currently on a flight to Los Angeles but am coordinating with my staff to have the supplemental materials sent to you later today.

This supplemental production includes additional screenshots, contracts for Ms. Propson, and further information related to the DMCA matters. We also provided expanded detail in the interrogatory responses as a good faith effort to address the concerns you raised during our meet and confer. We have also identified all responsive documents by RFP (which is taking more time than anticipated)

I appreciate your understanding and patience as we worked to make this production as complete as possible. Once I have Wi-Fi access on my flight, I will also send over the draft request to extend written discovery as discussed.

Best regards,

Ben

--

**Benjamin C.R. Lockyer** | Principal
**Error! Filename not specified.**

6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Brandon Witkow <bw@witkowlaw.com>
**Sent:** Monday, November 10, 2025 6:26:15 PM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Doig, Amy M. <adoig@cozen.com>; Ryan LaZara <ryan@lockyerlaw.com>; Brandon Witkow <bw@witkowlaw.com>
**Subject:** RE: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Ben:

Pursuant to our written meet and confer agreement, please find attached Defendants' Amended Responses to Interrogatories.  I am also attaching an updated document labeled LM01084 which is referenced in Lily's amended response and includes an identification of documents supporting the corresponding response.

As a good faith effort to resolve one of the issues you raised in our discussion, we have also gone to the effort of attaching bates labels to almost all of the electronic media in our production that previously had only file names listed.  Note that some of the audio files will not contain bates labels as they are referenced in the text/DM communications using their original file name so replacing those file names with bates numbered file names would not be practical as you would not be able to locate the corresponding audio file referenced in the text messages.
These newly labeled files will be uploaded to the Google Drive link previously provided within the next 24-36 hours.   Please let me know if you need the Google Drive link sent again.

I am standing by to receive your clients' amended responses, privilege log and supplemental document production as promised by today.

-Brandon

Brandon J. Witkow
_____

witkow | baskin

21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
bw@witkowlaw.com I witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Tuesday, November 4, 2025 8:11 PM
**To:** Brandon Witkow <bw@witkowlaw.com>
**Cc:** Doig, Amy M. <adoig@cozen.com>; Ryan LaZara <ryan@lockyerlaw.com>; Brandon Witkow <bw@witkowlaw.com>
**Subject:** Re: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Brandon,
Thanks for your November 4 letter. We confirm Friday, Nov 7 at 2 p.m. CT for the meet-and-confer. We'll provide our verified supplemental responses and categorical privilege log by Nov 10 to ensure completeness.

We disagree that Plaintiffs' use of Rule 33(d) is improper; Defendants relied on the same mechanism in their own interrogatory responses. Plaintiffs will identify specific Bates ranges where practical and expect Defendants to do likewise.

Plaintiffs' production complies with Rule 34(b)(2)(E) as documents were produced as they were provided to counsel; reorganizing them for Defendants' convenience is not required. Plaintiffs are preparing a categorical privilege log consistent with NDIL practice.

We'll be ready to discuss all issues Friday.

---

**From:** Brandon Witkow <bw@witkowlaw.com>
**Date:** Tuesday, November 4, 2025 at 6:38 PM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Doig, Amy M. <adoig@cozen.com>, Ryan LaZara <ryan@lockyerlaw.com>, Brandon Witkow <bw@witkowlaw.com>
**Subject:** RE: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Counsel, please find attached a letter of today's date in response to your letter and email of this morning.

Brandon J. Witkow

_____

## witkow | baskin

21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
bw@witkowlaw.com I witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

_____

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Tuesday, November 4, 2025 8:26 AM
**To:** Brandon Witkow <bw@witkowlaw.com>
**Cc:** Doig, Amy M. <adoig@cozen.com>; Brandon Witkow <bw@witkowlaw.com>; Ryan LaZara <ryan@lockyerlaw.com>
**Subject:** Re: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Brandon,

We are providing our written response to your October 31 deficiency letter along with updated follow-up interrogatory requests. These interrogatories are narrowly tailored to clarify Defendants' existing productions and responses; they do not seek any new categories of documents. Because written discovery closes at the end of the month, Plaintiffs intend to seek a seven-day extension to allow Defendants sufficient time to respond. Please let us know by Friday whether Defendants object to this request.

I will not be available to meet and confer on Wednesday due to my hearing at 12:00 p.m. PST, as well as travel and preparation for my hearing in St. Louis the following day. I will be available to meet and confer on Friday afternoon, November 7, after I return.

As outlined in our letter, Plaintiffs are supplementing their own discovery to include verified interrogatory responses, identification of Bates ranges for referenced documents, clarification of which requests have been satisfied or withheld on privilege grounds, and a categorical privilege log.

- Plaintiffs have also identified several deficiencies in Defendants' discovery that must be cured by November 10, 2025, including:

- Failure to Bates-label or identify which media files correspond to produced conversations or specific RFPs;

- Failure to produce native-format or metadata-enriched social-media exports necessary to determine timing and authorship;

- Withholding materials on vague "confidentiality" grounds while refusing to stipulate to a protective order; and

- Interrogatory responses relying on general references to "business records" rather than providing full factual narratives.

We ask that Defendants supplement their discovery responses to address these deficiencies by November 10 and be prepared to meet and confer on Friday afternoon, November 7, once I have returned from St. Louis.

Best regards,

Ben
**Benjamin C.R. Lockyer** | PRINCIPAL



6515 W. Archer Ave. | Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Brandon Witkow <bw@witkowlaw.com>
**Date:** Monday, November 3, 2025 at 1:14 PM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Ryan LaZara <ryan@lockyerlaw.com>, Doig, Amy M. <adoig@cozen.com>, Brandon Witkow <bw@witkowlaw.com>
**Subject:** RE: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests
Ben, lets do Wednesday at 11am PST if that works for you. If your letter is not ready, we can schedule a followup call later.

**Brandon J. Witkow**



21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
bw@witkowlaw.com I witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Monday, November 3, 2025 9:13 AM
**To:** Brandon Witkow <bw@witkowlaw.com>
**Cc:** Ryan LaZara <ryan@lockyerlaw.com>; Doig, Amy M. <adoig@cozen.com>
**Subject:** Re: Braun v. Day: Plaintiff Responses to Defendant's Discovery Requests

Counsel,

I am writing to confirm that we are reviewing the concerns outlined in your letter. I also have a hearing today that will require most of my attention. We are preparing a response and expect to address as many of the issues as possible in that correspondence.

We are also finalizing our deficiency letter, which raises several of the same topics you identified. To streamline the process, we suggest a single meet and confer to address both sides' discovery issues. Please let me know what times you are available on **November 5 or November 7** to meet and confer. I will be in St. Louis on Thursday for an in-person hearing and will be unavailable to meet that day due to travel.

Best regards,
Ben

**Benjamin C.R. Lockyer** | PRINCIPAL

# Exhibit 14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|                          |     |                          |
|--------------------------|-----|--------------------------|
| JEANETTE BRAUN,          | )   |                          |
| BRAUN IP LAW, LLC &      | )   |                          |
| LAUREN PROPSON,          | )   |                          |
|                          | )   |                          |
| Plaintiffs,              | )   | Case No. 23 C 16856      |
|                          | )   |                          |
| v.                       | )   | Hon. J. Mary Rowland     |
|                          | )   |                          |
| REBEKAH M. DAY NEE BOXX, | )   | Mag. J. M. David Weisman |
| KRISTA CARTER,           | )   |                          |
| LILY MARSTON, &          | )   |                          |
| JESSICA VAZQUEZ,         | )   |                          |
|                          | )   |                          |
| Defendants.              | )   |                          |

### PLAINTIFF LAUREN PROPSON'S SUPPLEMENTAL RESPONSE TO DEFENDANT KRISTA CARTER'S FIRST SET OF INTERROGATORIES

Plaintiffs Lauren Propson ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Krista Carter's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

**General Objections**

1. Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2. Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4. Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it

2

assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1** IDENTIFY all facts that support YOUR allegation in Paragraph 32 of the TAC that "Upon information and belief, Defendant Carter's motive and intent behind these posts were to tarnish and damage Ms. Propson's reputation while boosting her own social media career."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiff will produce non-privileged, relevant information and documents in her possession, if any.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts supporting her claim that Carter intended to tarnish and damage Propson's career is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Propson's investigation is still ongoing and thus

reserves the right to supplement this interrogatory. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

**Interrogatory No. 2** IDENTIFY the "pro-LGBTQ and pro-trans rights content" that are referenced in YOUR allegation in Paragraph 34 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects that the requested information may be in the possession of third-party platforms.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplement Response:** Answering subject to and without waiving any objections, Plaintiff Propson is still in the process of searching for relevant documents that support her claim. Plaintiff reserves the right to supplement this response. See Plaintiffs_001374-1376.

**Interrogatory No. 3** IDENTIFY all "evidence contradicting her [CARTER] transphobia claims," as alleged in Paragraph 36 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and argumentative.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

**Supplemental Response:** Answering subject to the above objections, Plaintiff Propson's search for responsive materials is ongoing, and thus reserves the right to supplement this request. See Plaintiffs_001374-1376.

**Interrogatory No. 4** IDENTIFY all instances, by name of follower(s), date, time, and method, wherein "Defendant Carter actively engaged with and further incited her fans and the general public," as alleged in Paragraph 37 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and seeking speculative identification of third parties outside Plaintiff's control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying every instance by follower, including the date, time, name and method is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

4

**Interrogatory No. 5** IDENTIFY all facts that support YOUR allegation in Paragraph 38 of the TAC that "Upon information and belief, Defendant Carter made her false statements to tarnish Ms. Propson's reputation and career as a social media influencer."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

**Supplemental Response:** Answering subject to the above objections, Plaintiff's search for relevant documents is still ongoing. Plaintiff reserves the right to supplement this request.

**Interrogatory No. 6** IDENTIFY all facts that support YOUR allegation in Paragraph 39 of the TAC that "Upon information and belief, Defendant Carter accused Ms. Propson of being transphobic in an attempt to incite pro-LGBTQ community members to engage in a cancel culture campaign."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and documents in her possession, if any.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts to show that Defendant Carter intended to incite the LGBTQ+ community is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

**Interrogatory No. 7** IDENTIFY by name of follower(s), social media name/handle, date, time, and method, each of the "pro-LGBTQ community members [who] engaged in a cancel culture campaign against Ms. Propson," as alleged in Paragraph 39 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside Plaintiff's knowledge or control (e.g., anonymous individuals).
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying members who engaged in the cancel culture campaign by name, date, time, and method is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172,

193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

**Interrogatory No. 8** IDENTIFY the "multiple posts, comments, and blog articles" referenced in YOUR allegation in Paragraph 41 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects that responsive information may be in the possession of third-party platforms.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying blog posts, comments, and posts is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1330.

**Interrogatory No. 9** IDENTIFY all facts supporting YOUR allegation in Paragraph 42 of the TAC that "The impact of this allegation caused Ms. Propson immediate and irreparable harm to her reputation."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any, subject to a protective order being entered.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts showing that she suffered immediate and irreparable harm to her reputation is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1330.

**Interrogatory No. 10** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and The Travel Channel RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of The Travel Channel.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving the above objections, See Plaintiffs_001349-1357.

6

**Interrogatory No. 11** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and The Travel Channel RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to the above objections, Plaintiff Propson is not in possession of any documents or information that is responsive to this request.

**Interrogatory No. 12** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and Pair Eyewear RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of Pair Eyewear.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering to the above objections, Plaintiff Propson did not receive any direct communications from Pair Eyewear and received notice through a Reddit post. See Plaintiffs_001371.

**Interrogatory No. 13** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and Pair Eyewear RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, sufficient to respond to this request subject to a protective order being entered.

**Supplemental Response:** Answering subject to the above objections, Plaintiff Propson is not in possession of any documents or information that is responsive to this request.

**Interrogatory No. 14** IDENTIFY the company that was intended to be part of "the podcast deal" and the terms of the deal.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and documents sufficient to identify the podcast company and terms, if any, subject to a protective order.

7

**Supplemental Response:** Answering subject to and without waiving the above objections, the name of the company for the podcast deal was "Human Content". See Plaintiffs_1369-1370.

**Interrogatory No. 15** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the podcast deal" company RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of third parties.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff Propson is not in possession of any documents that are responsive to this request.

**Interrogatory No. 16** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and "the podcast deal" company RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff Propson is not in possession of any documents that are responsive to this request.

**Interrogatory No. 17** IDENTIFY the company(ies) that were intended to be part of "the brand endorsement contracts" and the terms of those contracts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents sufficient to identify such companies and contracts, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff maintains its objection that Defendants request for Plaintiff to identify all companies copied on all communications relating to brand deals is unduly burdensome and overly vague. Plaintiff provides the following documents in response to this request, see Plaintiffs_001349-1372.

**Interrogatory No. 18** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the brand endorsement contracts" companies RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to

the extent the requested communications may be in the possession of third parties.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant
information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff
maintains its objection that Defendants request for Plaintiff to identify all person copied on all
communications is unduly burdensome. Plaintiff provides the following documents in response to
this request, see Plaintiffs_001349-1372.

**Interrogatory No. 19** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by
and between BRAUN and "the brand endorsement contracts" companies RELATING TO CARTER
and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession,
custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant
information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff
Propson is not in possession of any documents that are responsive to this request.

**Interrogatory No. 20** IDENTIFY all facts supporting YOUR claim for damages for lost
opportunities, agreements or prospective agreements arising out of any conduct alleged against
CARTER.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all
facts." Plaintiff further objects that this Interrogatory prematurely seeks damages computations.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents
in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff
maintains its objection that Defendants request for Plaintiff to identify all facts she is relying on is
unduly burdensome. Plaintiff's investigation for responsive documents is ongoing and thus reserves
the right to supplement this request. Plaintiff provides the following documents in response to this
request, see Plaintiffs_001349-1372.

**Interrogatory No. 21** IDENTIFY the specific "comments" referenced in YOUR allegation in
Paragraph 48 of the TAC that "Fans of Defendant Carter's commented on The Travel Channel's
posts accusing Ms. Propson of being transphobic."

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples
in her possession, if any.

9

**Supplemental Response:** Answering subject to and without waiving the above objections, Plaintiff Propson is in the process of identifying responsive documents to this request and reserves the right to supplement this request. Plaintiff Propson represents that negative posts were deleted by the Travel Channel, and objects that this request seeks documents not in her possession.

**Interrogatory No. 22** IDENTIFY all facts that support YOUR allegation in Paragraph 55 of the TAC that "Carter's statements were designed to incite her fanbase against Defendant Braun," including the identity of the fans so incited.

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts showing that Carter's statements were intended to incite her fanbase is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001.

**Interrogatory No. 23** IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being a TERF.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and argumentative. Plaintiff further objects that this Interrogatory mischaracterizes Plaintiff's statements and improperly shifts the burden of proof.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any.

**Supplemental Response:** Plaintiff maintains her above objections and her general objection to the relevance of this request. As such, Plaintiff will not produce documents in response to this request, because Plaintiff Propson's private communications with third-parties are not relevant to Defendant Carter's knowledge, motive, or intent in making her public statements that Lauren the Mortician was a TERF.

**Interrogatory No. 24** IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being homophobic and/or transphobic.

**Response:**
Same objections as Interrogatory No. 23.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any.

10

**Supplemental Response:** Plaintiff maintains her above objections and her general objection to the relevance of this request. As such, Plaintiff will not produce documents in response to this request, because Plaintiff Propson's private communications with third-parties are not relevant to Defendant Carter's knowledge, motive, or intent in making her public statements that Lauren the Mortician was a TERF

**Interrogatory No. 25** IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being an "anti-vaxxer."

**Response:**
Plaintiff objects to this request as not relevant to any of the claims or defenses in this matter. Plaintiff also objects to this request as vague, ambiguous, overbroad, unduly burdensome, and argumentative. Plaintiff further objects that this Interrogatory mischaracterizes Plaintiff's statements and improperly shifts the burden of proof.
Subject to and without waiving objections, Plaintiff will not produce any information or documents in response to this request.

**Objection to Interrogatories Exceeding FRCP 33(a)**

**Interrogatories Nos. 26–40**

**Response to Each:**
Plaintiff objects to Interrogatories Nos. 26 through 40 on the ground that they exceed the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1), which limits each party to 25 interrogatories, including discrete subparts, absent stipulation or leave of Court. Defendant has neither sought leave of Court nor obtained Plaintiff's consent. Plaintiff therefore declines to provide substantive responses to these Interrogatories.

Lauren Propson (Nov 11, 2025 07:48:09 EST)

*Lauren Propson*

Dated: November 10, 2025                      Respectfully submitted,

/s/ Benjamin C.R. Lockyer
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com
(773) 340-0011

11

# Supp Resp to Rogs to Propson (Carter)

**Final Audit Report**                                                    2025-11-11

| | |
|---|---|
| Created: | 2025-11-11 |
| By: | Benjamin Lockyer (ben@lockyerlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAXUhH7egMvB3BtIWaceeBIKfw_3Z4FJ27 |

## "Supp Resp to Rogs to Propson (Carter)" History

▣ Document created by Benjamin Lockyer (ben@lockyerlaw.com)
   2025-11-11 - 6:09:07 AM GMT

✉ Document emailed to Lauren Propson (laurenpropson@gmail.com) for signature
   2025-11-11 - 6:09:11 AM GMT

▣ Email viewed by Lauren Propson (laurenpropson@gmail.com)
   2025-11-11 - 12:19:07 PM GMT

✍ Document e-signed by Lauren Propson (laurenpropson@gmail.com)
   Signature Date: 2025-11-11 - 12:48:09 PM GMT - Time Source: server

✅ Agreement completed.
   2025-11-11 - 12:48:09 PM GMT

![Adobe Acrobat Sign logo] **Adobe Acrobat Sign**

**Exhibit 15**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS BRAUN AND BRAUN IP LAW LLC'S
SUPPLEMENTAL RESPONSE TO DEFENDANT
REBEKAH DAY'S FIRST SET OF INTERROGATORIES**

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Rebekah Day's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

### General Objections

1. Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2. Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4. Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it

2

assumes facts not established, calls for speculation, seeks legal conclusions, or requires

Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague,

ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks

information not within Plaintiffs' possession, custody, or control, including information

that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature

disclosure of expert testimony, trial exhibits, or witness statements outside the scope and

timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency,

relevance, or materiality of any information provided herein. Plaintiffs further reserve the

right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1** IDENTIFY all DOCUMENTS, including COMMUNICATIONS, by and between YOU and the ARDC.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, vague, and seeking confidential ARDC materials protected under Illinois Supreme Court rules. Plaintiffs further object to the extent this Interrogatory seeks information not within Plaintiffs' possession, custody, or control.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order.

**Supplemental Response:** Subject to the objections raised above, Plaintiff provides the following updates response, under Illinois Supreme Court Rule 766, communications and investigations with the ARDC are confidential and Plaintiff Braun and Braun Law are not obligated to produce documents in response to this request. Subject to this objection, Braun and Braun Law are providing

copies of the ARDC complaints and communications from the ARDC noting that each investigation was resolved. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 2** IDENTIFY all DOCUMENTS YOU provided to the ARDC in response to any inquiry or investigatory demand.

**Response:**
Same objections as Interrogatory No. 1.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order.

**Supplemental Response:** Under Illinois Supreme Court Rule 766, communications and investigations with the ARDC are confidential and Plaintiff Braun and Braun Law will not produce documents in response to this request. Subject to this objection, Plaintiff will produce a privilege log on this topic.

**Interrogatory No. 3** IDENTIFY all facts RELATING TO any investigation of YOU by the ARDC.

**Response:**
Plaintiffs object as overbroad, vague, unduly burdensome, and seeking disclosure of confidential ARDC materials outside Plaintiffs' control. Plaintiffs further object that this Interrogatory calls for speculation.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order.

**Supplemental Response:** Subject to the objections raised above, Plaintiff provides the following updates response, under Illinois Supreme Court Rule 766, communications and investigations with the ARDC are confidential and Plaintiff Braun and Braun Law are not obligated to produce documents in response to this request. Subject to this objection, this response is best answered by providing the documents and complaints that initiated each ARDC investigation; see copies of the ARDC complaints and communications from the ARDC noting that each investigation was resolved. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 4** IDENTIFY by name, address, phone number, email, social media handle and any other identifying information as to the "stalker that Ms. Dempsey has obtained numerous protective orders against," as alleged in Paragraph 71 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, unduly burdensome, and seeking private or protected information of third parties. Plaintiffs further object to the extent this seeks information outside Plaintiffs' knowledge or control.
Subject to and without waiving objections, Plaintiffs the identity of the stalker is Erica Fisk who has the email address of ericafisk1@gmail.com.

**Interrogatory No. 5** IDENTIFY all facts that support YOUR allegations in Paragraph 80 of the TAC that DAY sought to "incite her fans to become an angry mob and engage in a harassment campaign against Ms. Braun and her past clients."

4

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiffs further object that this Interrogatory improperly seeks attorney work product.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents, if any, sufficient to respond to this request.

**Supplemental Response:** Subject to the above objections, Plaintiffs provide the following supplemental response: Plaintiffs search for evidence of Day's incitement of the internet mob is ongoing and relevant documents may be in the possession of third parties or may be currently unknown to the Plaintiffs. As such, Plaintiffs reserve the right to supplement this response. Answering subject to this, see: Plaintiffs_000001-522, 580-654, 847, 854-864, 883-941.

**Interrogatory No. 6** IDENTIFY in detail all "detrimental effects on Ms. Braun, her former clients, her practice, and emotional distress and harm," as alleged in Paragraph 81 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to the extent it seeks private or privileged client information.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents evidencing such harm, if any, subject to a protective order.

**Supplemental Response:** Subject to and without waiving that objection, Plaintiff responds as follows:

Ms. Braun has experienced substantial and ongoing reputational harm, professional disruption, and emotional distress as a result of Defendants' conduct and the public amplification of their statements. She has been subjected to online harassment and threats by individuals and internet commentators associated with or inspired by Defendants and their collaborator, Ian Runkle. This has included the circulation of false and defamatory claims about her ethics and professionalism, as well as targeted attacks on her online presence, including false "review bombing" of her business profile and dissemination of identifying information about her and her clients.

As a consequence of these actions, Ms. Braun has had to conceal her residence for safety reasons and has repeatedly been forced to reassure clients and colleagues that her representation does not expose them to harassment or retaliation. Several clients and prospective clients have expressed fear or hesitation to continue or initiate engagements with Ms. Braun due to concerns about becoming targets of Defendants' internet followers. At least one therapist and several clients have indicated reluctance to testify in this matter out of fear of further exposure and harassment. Ms. Braun has also lost clients and professional opportunities due to the negative publicity generated by Defendants' conduct and the ongoing attention surrounding this case.

In addition to reputational and professional harm, Ms. Braun has suffered emotional distress and anxiety from the continued need to defend her professional integrity and reputation publicly and to explain Defendants' allegations to clients, peers, and family. These detrimental effects are continuing, as Defendants' statements and related online content remain accessible and continue to circulate.

Damages are ongoing, and Plaintiff reserves the right to supplement this response as additional information becomes available or as discovery continues. Pursuant to Rule 33(d), Plaintiff is also willing to provide further details regarding these matters through deposition testimony at a mutually convenient time.

**Interrogatory No. 7** IDENTIFY each client that YOU contend was lost as a result of DAY's alleged conduct.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking disclosure of confidential client information.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

**Supplemental Response:** Answering subject to the above objections, Plaintiff is unable to reveal the identity of all clients that she has lost work from due to attorney-client privilege. Clients that Plaintiffs Braun and Braun Law can identify as losing work from are: Alyssa DeFord, Kaitlynn Dempsey, and Monsters and Martians.

**Interrogatory No. 8** IDENTIFY each of YOUR clients that YOU contend DAY made "unsolicited communications" to in an effort to obtain disparaging information, as alleged in Paragraph 82 of the TAC.

**Response:**
Same objections as Interrogatory No. 7.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this request as vague, ambiguous, overbroad, and seeking disclosure of confidential client information. Answering subject to and without waiving said objections, Defendant Day has contacted Kaitlynn Dempsey and Alyssa DeFord. Plaintiffs search of clients that Defendant Day has contacted is ongoing, and as such, Plaintiff reserves the right to supplement this request.

**Interrogatory No. 9** IDENTIFY the "clients" that "Defendant Day contacted on March 21, 2024," as alleged in Paragraph 83 of the TAC.

**Response:**
Same objections as Interrogatory No. 7.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

**Supplemental Response:** Answering subject to this objection, Plaintiffs are unable to obtain the necessary consent from to identify the persons contacted by Bekah Day at this time. Plaintiffs further object that Defendant Day has access to this information and is in an equal if not better position to obtain the information sought in this request.

6

**Interrogatory No. 11** IDENTIFY each of YOUR clients that YOU contend DAY contacted to intimidate, interfere with contracts, or collect statements, as alleged in Paragraph 83 of the TAC.

**Response:**
Same objections as Interrogatory No. 7.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

**Supplemental Response:** Kaitlynn Dempsey and Alyssa DeFord.

**Interrogatory No. 12** IDENTIFY all facts that support YOUR allegation in Paragraph 85 of the TAC that DAY falsely claimed the ARDC confirmed receiving "multiple credible complaints."

**Response:** Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiffs further object to the extent it seeks confidential ARDC information.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony, and information is ongoing, and will file a timely supplement this response. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 13** IDENTIFY all facts that support YOUR allegation in Paragraph 87 of the TAC that "Defendant Day's statement … is false and did not occur."

**Response:**
Same objections as Interrogatory No. 12.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony, and information is ongoing, and will file a timely supplement this response. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 14** IDENTIFY all facts that support YOUR allegation in Paragraph 88 of the TAC that "Upon information and belief, the ARDC did not comment or provide information to Defendant Day."

**Response:**
Same objections as Interrogatory No. 12.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony,

and information is ongoing, and will file a timely supplement this response. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 15** IDENTIFY all facts that support YOUR allegation in Paragraph 91 of the TAC that Day acted with actual malice.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome. Plaintiffs further object that this Interrogatory improperly seeks attorney work product.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

**Supplemental Response:** Subject to the above objections, Plaintiffs provide the following supplemental response: Plaintiffs search for evidence of Day's actual malice in her statements is ongoing and relevant documents may be in the possession of third parties or may be currently unknown to the Plaintiffs. As such, Plaintiffs reserve the right to supplement this response. Answering subject to this, see: Plaintiffs_000001-522, 580-654, 847, 854-864, 883-941.

**Interrogatory No. 16** IDENTIFY all facts that support YOUR allegation in Paragraph 92 of the TAC that Day encouraged the public to make ethics complaints.

**Response:**
Same objections as Interrogatory No. 15.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

**Supplemental Response:** Subject to the above objections, Plaintiffs provide the following supplemental response: Plaintiffs search for evidence of Day's incitement of the public in her statements is ongoing and relevant documents may be in the possession of third parties or may be currently unknown to the Plaintiffs. As such, Plaintiffs reserve the right to supplement this response. Answering subject to this, see: Plaintiffs_000001-522, 580-654, 847, 854-864, 883-941.

**Interrogatory No. 17** IDENTIFY all "members of the public" who were incited as a result of DAY's post.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome, and seeking information outside Plaintiffs' knowledge or control (e.g., anonymous internet users).
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Subject to the above objections, Plaintiffs provide the following supplemental response: Plaintiffs search for evidence of Day's incitement of the public in her statements is ongoing and relevant documents may be in the possession of third parties or may be currently unknown to the Plaintiffs. As such, Plaintiffs reserve the right to supplement this response. Answering subject to this, see: Plaintiffs_000001-522, 580-654, 847, 854-864, 883-941.

**Interrogatory No. 18** IDENTIFY the PERSON(S) who submitted "ethics complaint(s) to the ARDC against Ms. Braun."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' knowledge or control (complaints are confidential with ARDC).
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony, and information is ongoing, and will file a timely supplement this response. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 19** IDENTIFY the PERSONS who submitted "complaint(s) to the ARDC and requested the ARDC to investigate Ms. Braun."

**Response:**
Same objections as Interrogatory No. 18.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony, and information is ongoing, and will file a timely supplement this response. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 20** IDENTIFY the "one attorney" assigned by the ARDC to investigate YOU.

**Response:**
Plaintiffs object as vague, ambiguous, and seeking confidential ARDC information not in Plaintiffs' control.
Subject to and without waiving objections, Plaintiffs will identify the attorney, subject to a protective order

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony, and information is ongoing, and will file a timely supplement this response. Answering subject to the above, John Cesario is the only attorney that was assigned to oversee the investigation of the ARDC complaints filed in Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 21** IDENTIFY the "professional relationships with clients" disrupted as alleged in Paragraph 201 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant

documents, if any, and information sufficient to identify such relationships, subject to a protective order.

**Supplemental Response:** Answering subject to the above objections, Kaitlynn Dempsey, Alyssa DeFord, Monsters and Martians.

**Interrogatory No. 22** IDENTIFY the "work" that was "lost" from "numerous clients including, Ms. DeFord and Ms. Dempsey" as alleged in Paragraph 207 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such work, if any, subject to a protective order.

**Supplemental Response:** Answering subject to the above, Plaintiff cannot disclose the full nature of her engagements due to attorney client privilege. Answering generally, and without waiving attorney client privilege, Plainitiff lost trademark and copyright work from her clients.

**Interrogatory No. 23** Describe what YOU mean by YOUR clients "distancing" themselves, as alleged in Paragraph 208 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to show such distancing, if any, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiff offers a deposition on this topic and reserves the right to supplement her answer. Answering subject to this, Plaintiff lost work from her clients following the negative publicity caused by the Defendants.

**Interrogatory No. 24** IDENTIFY the PERSONS who submitted "several 1 star google reviews for Braun Law," as alleged in Paragraph 210 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' control (anonymous reviewers).
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession.

**Supplemental Response:** Answering subject to and without waiving the above objections, Plaintiff cannot reasonably identify the identity of the persons that left 1-star google reviews. Answering subject to this objection, See Plaintiffs_001377-1378.

**Interrogatory No. 25** IDENTIFY the "clients [that] end[ed] their use of Braun Law for legal services out of fear of harassment," as alleged in Paragraph 210 of the TAC.

**Response:** Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information.

10

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to identify such clients, if any, , subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs cannot identify all lost clients due to attorney client privilege. Answering subject to this, see Kaitlynn Dempsey, Monsters and Martians, and Alyssa DeFord.

**Interrogatory No. 26:**[1] IDENTIFY all facts supporting YOUR allegation in Paragraph 212 of the TAC that "Defendants' past and present false statements on their aforesaid social media platforms caused great damage to Plaintiff Braun and Braun IP Law's business and harm to their reputation."

**Response:** Plaintiff objects that this request for "all facts" is overly burdensome and not proportional to the needs of this case. Plaintiff further objects that this interrogatory is better answered through a deposition.

Answering subject to, see: Plaintiffs_000001-523, 574, 580-654, 738, 824-828, 839-842, 847, 854-864, 883-941, 1044-1047, 1203-1206, 1253-1259.

**Objection to Interrogatories 27–35**

Plaintiffs object to Interrogatories Nos. 27 through 35 on the ground that they exceed the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1), which limits parties to 25 interrogatories, including all discrete subparts, absent stipulation or leave of court. Defendant has neither obtained Plaintiffs' consent nor leave of court to exceed this limit. Plaintiffs therefore decline to provide substantive responses to Interrogatories Nos. 26–35.

_Jeanette Braun (Nov 11, 2025 07:56:49 CST)_

***Jeanette M. Braun***

Dated: November 10, 2025.

Respectfully submitted,

_/s/ Benjamin C.R. Lockyer_
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com
(773) 340-0011

---

[1] Defendant Day did not serve an interrogatory No. 10. Per the Parties' agreement, Plaintiff will treat Interrogatory No. 26 as Defendant Day's 25th interrogatory. Plaintiffs Braun and Braun Law maintain their objections to answering any interrogatories beyond the 25 interrogatories permitted under Rule 33(a)(I).

11

# Supp Resp to Rogs to Braun & Braun IP (Day)

**Final Audit Report**           2025-11-11

| | |
|---|---|
| Created: | 2025-11-11 |
| By: | Benjamin Lockyer (ben@lockyerlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAumLrZ33VgvLWsyyQ9636_9CmL9tH_GlL |

## "Supp Resp to Rogs to Braun & Braun IP (Day)" History

📑 Document created by Benjamin Lockyer (ben@lockyerlaw.com)
  2025-11-11 - 1:33:58 PM GMT

✉ Document emailed to Jeanette Braun (jmbraun@brauniplaw.com) for signature
  2025-11-11 - 1:34:02 PM GMT

📑 Email viewed by Jeanette Braun (jmbraun@brauniplaw.com)
  2025-11-11 - 1:55:14 PM GMT

✍ Document e-signed by Jeanette Braun (jmbraun@brauniplaw.com)
  Signature Date: 2025-11-11 - 1:56:49 PM GMT - Time Source: server

⊘ Agreement completed.
  2025-11-11 - 1:56:49 PM GMT

**Adobe Acrobat Sign**

**Exhibit 16**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JEANETTE BRAUN,                )
BRAUN IP LAW, LLC &            )
LAUREN PROPSON,                )
                               )
        Plaintiffs,            )       Case No. 23 C 16856
                               )
    v.                         )       Hon. J. Mary Rowland
                               )
REBEKAH M. DAY NEE BOXX,       )       Mag. J. M. David Weisman
KRISTA CARTER,                 )
LILY MARSTON, &                )
JESSICA VAZQUEZ,               )
                               )
        Defendants.            )

### PLAINTIFFS BRAUN AND BRAUN IP LAW LLC'S RESPONSE TO DEFENDANT LILY MARSTON'S FIRST SET OF INTERROGATORIES

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Lily Marston's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

## General Objections

1. Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2. Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4. Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it

2

assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1** IDENTIFY all COMMUNICATIONS YOU have issued on behalf of Alyssa DeFord p/k/a "Bunnie XO" pursuant to the DMCA to PLATFORMS demanding that they "take down" content.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking privileged client communications. Plaintiffs further object that this Interrogatory seeks information outside Plaintiffs' possession, custody, or control.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications in their possession with Alyssa DeFord, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving the foregoing objections, Plaintiffs state as follows: Plaintiffs are not producing additional documents or information responsive to this Interrogatory because it seeks material that is irrelevant, disproportionate to the needs of the case, and unduly burdensome. Defendant Marston's statements that are the subject of

3

this litigation specifically reference allegations of "perjury" relating to the Demps DMCA filings, not to any takedowns involving Alyssa DeFord p/k/a Bunnie XO. Communications concerning other clients or DMCA matters are therefore outside the scope of the pleadings and have no bearing on the claims or defenses in this case. Additionally, the Interrogatory seeks client communications that are protected by the attorney–client privilege and work product doctrine, and that would require the disclosure of confidential and proprietary client information unrelated to this lawsuit. Producing such materials would be unduly burdensome and invasive, particularly given the absence of any showing that they are relevant or proportional under Rule 26(b)(1). Accordingly, Plaintiffs decline to produce further information in response to this Interrogatory on the grounds of relevance, proportionality, undue burden, and privilege.

**Interrogatory No. 2**

IDENTIFY all COMMUNICATIONS YOU have issued on behalf of Kaitlynn Dempsey p/k/a "Demps" pursuant to the DMCA to PLATFORMS demanding that they "take down" content.

**Response:**
Same objections as Interrogatory No. 1.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications in their possession with Kaitlynn Dempsey, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and seeking information protected by the attorney–client privilege and attorney work product doctrine. Plaintiffs further object that this Interrogatory seeks confidential client communications unrelated to the claims or defenses in this matter. Subject to and without waiving these objections, Plaintiffs state that they will produce non-privileged, relevant communications in their possession relating to DMCA takedown notices issued on behalf of Kaitlynn Dempsey p/k/a "Demps", if any, and only to the extent such communications are not protected by privilege or work product.

**Interrogatory No. 3** IDENTIFY all efforts YOU undertook to determine that EPISODE 97 did not constitute "fair use," including any opinion of counsel, prior to YOUR submission of a takedown notice to YouTube on December 3, 2023.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, irrelevant, and seeking attorney–client privileged information and work product.
Subject to and without waiving objections, Plaintiffs state they reviewed Episode 97 and determined it was not protected fair use. Plaintiffs will produce non-privileged, relevant documents in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, irrelevant, and as seeking information protected by the attorney–client privilege and attorney work product doctrine. The Interrogatory improperly seeks disclosure of legal analysis, opinions of counsel, and attorney mental impressions regarding copyright and fair use determinations made in connection with a client matter. Such information is privileged and protected from discovery under Federal Rule of Civil Procedure 26(b)(3). Plaintiffs further object that the Interrogatory calls for disclosure of attorney–client communications and counsel's legal reasoning, which are not subject to production. Plaintiffs stand on these objections and will not produce any information or documents in response.

4

**Interrogatory No. 4** IDENTIFY all DOCUMENTS, including COMMUNICATIONS, YOU have issued on behalf of ANY of YOUR clients pursuant to the DMCA to PLATFORMS demanding takedown of content from January 1, 2022 to present.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking privileged client communications.
Subject to and without waiving objections, Plaintiffs will not produce documents in response to this request.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, irrelevant, and as seeking information protected by the attorney–client privilege and attorney work product doctrine. The Interrogatory improperly seeks disclosure of legal analysis, opinions of counsel, and attorney mental impressions regarding copyright and fair use determinations made in connection with a client matter. Such information is privileged and protected from discovery under Federal Rule of Civil Procedure 26(b)(3). Plaintiffs further object that the Interrogatory calls for disclosure of attorney–client communications and counsel's legal reasoning, which are not subject to production. Plaintiffs stand on these objections and will not produce any information or documents in response.

**Interrogatory No. 5** IDENTIFY each client that YOU contend was lost as a result of the conduct YOU allege against MARSTON in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to identify such clients, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, and as seeking the disclosure of confidential and privileged client information protected by the attorney–client privilege and attorney work product doctrine. Plaintiffs cannot identify all clients or disclose information regarding attorney–client relationships without violating those protections. Answering subject to and without waiving these objections, Plaintiffs state that the following clients were lost or adversely affected as a result of the conduct alleged against Defendant Marston in the Third Amended Complaint: Kaitlynn Dempsey (p/k/a "Demps"), Alyssa DeFord (p/k/a "Bunnie XO"), and Monsters and Martians. Plaintiffs further state that the process of obtaining consent from certain clients to disclose their names is ongoing, and Plaintiffs expressly reserve the right to supplement this response as additional information or client consent becomes available.

**Interrogatory No. 6** IDENTIFY the factual and legal bases for YOUR submission of a takedown notice to YouTube RELATING TO EPISODE 97 on December 3, 2023.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, irrelevant, and seeking privileged communications and work product.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents in their possession, if any, subject to a protective order.

5

**Supplemental Response: Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, irrelevant, and as seeking information protected by the attorney–client privilege and attorney work product doctrine. The Interrogatory improperly seeks disclosure of legal analysis, opinions of counsel, and attorney mental impressions regarding copyright and fair use determinations made in connection with a client matter. Such information is privileged and protected from discovery under Federal Rule of Civil Procedure 26(b)(3). Plaintiffs further object that the Interrogatory calls for disclosure of attorney–client communications and counsel's legal reasoning, which are not subject to production. Plaintiffs stand on these objections and will not produce any information or documents in response.

**Interrogatory No. 7** IDENTIFY the identity of each PERSON in the "angry internet mob" alleged in Paragraph 122 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside Plaintiffs' knowledge or control.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The term "angry internet mob," as used in Paragraph 122 of the Third Amended Complaint, refers to a large and indeterminate group of individuals on social media who have engaged in coordinated or spontaneous harassment, defamation, and threats toward Plaintiffs and their clients. Identifying each such person individually would be impossible and unduly burdensome, as the group consists of potentially hundreds of anonymous online users and third parties whose identities are unknown to Plaintiffs. Answering subject to and without waiving these objections, Plaintiffs refer to the examples, screenshots, and other materials previously produced in discovery that illustrate the nature and scope of this online harassment. These materials are contained within Plaintiffs' document production, including social-media posts, comments, messages, and correspondence that reflect the conduct described in Paragraph 122 of the TAC. Plaintiffs believe this production provides representative evidence responsive to this request and will supplement as appropriate under Rule 26(e) if additional identifiable individuals or materials become known.

**Interrogatory No. 8** IDENTIFY each "public comment, video, and message" alleged in Paragraph 123 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The phrase "public comment, video, and message," as used in Paragraph 123 of the Third Amended Complaint, refers to a large and indeterminate number of statements, posts, videos, and online messages made by Defendants and by individuals acting in concert with or inspired by them. These communications occurred across multiple social media platforms and include both coordinated and spontaneous attacks, harassment, and defamatory commentary directed at Plaintiffs and their clients.

6

Identifying each such comment, video, or message individually would be impossible and unduly burdensome, as many of the posts are anonymous or no longer accessible, and the volume of such content numbers in the hundreds or more. Answering subject to and without waiving these objections, Plaintiffs refer to the representative examples, screenshots, and materials already produced in discovery that reflect the nature, tone, and scope of the online conduct described in Paragraph 123 of the TAC. These materials are contained within Plaintiffs' prior document production, including social-media posts, videos, comments, and messages illustrating the described harassment. Plaintiffs believe this production provides representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive materials become known or available.

**Interrogatory No. 9** IDENTIFY each "statement made by Defendants" that incited threats as alleged in Paragraph 124 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The phrase "each statement made by Defendants" as used in Paragraph 124 of the Third Amended Complaint refers to a broad and indeterminate set of online statements, posts, and comments made by Defendants that encouraged, instigated, or otherwise contributed to harassment and threats directed at Plaintiffs and their clients. Identifying every such statement individually would be impossible and unduly burdensome, as these communications occurred across multiple platforms, were amplified by Defendants' followers, and involve potentially hundreds of third-party comments and reposts, many of which are anonymous or no longer accessible. Answering subject to and without waiving these objections, Plaintiffs refer to the representative examples, screenshots, and materials already produced in discovery that illustrate the statements made by Defendants and the resulting online threats described in Paragraph 124 of the TAC. These materials are contained within Plaintiffs' prior document production, including social-media posts, videos, and related correspondence reflecting the incitement and harassment referenced in the Complaint. Plaintiffs believe this production provides representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive statements or materials become known or available.

**Interrogatory No. 10** IDENTIFY each "intimidating communication or threat" alleged in Paragraph 125 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The phrase "intimidating communication or threat," as used in Paragraph 125 of the Third Amended Complaint, refers to numerous messages, posts, and other online conduct by Defendants and

7

individuals acting in concert with or inspired by them that conveyed harassment, intimidation, or threats toward Plaintiffs and their clients. These communications occurred across multiple platforms, often anonymously, and in some cases have since been deleted or are otherwise inaccessible. Identifying each communication or threat individually would be impossible and unduly burdensome given the volume, anonymity, and constantly evolving nature of the online activity at issue. Answering subject to and without waiving these objections, Plaintiffs refer to the representative examples, screenshots, and materials already produced in discovery that illustrate the threatening and intimidating communications described in Paragraph 125 of the TAC. These materials are contained within Plaintiffs' prior document production, including social-media posts, direct messages, comments, and correspondence evidencing the harassment and threats directed at Plaintiffs and their clients. Plaintiffs believe this production provides representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive materials become known or available.

**Interrogatory No. 11**

IDENTIFY each "threat of violence" alleged in Paragraph 126 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The phrase "threat of violence," as used in Paragraph 126 of the Third Amended Complaint, refers to numerous messages, posts, and other online conduct by Defendants and individuals acting in concert with or inspired by them that conveyed harassment, intimidation, violence or threats toward Plaintiffs and their clients. These communications occurred across multiple platforms, often anonymously, and in some cases have since been deleted or are otherwise inaccessible. Identifying each communication or threat individually would be impossible and unduly burdensome given the volume, anonymity, and constantly evolving nature of the online activity at issue. Answering subject to and without waiving these objections, Plaintiffs refer to the representative examples, screenshots, and materials already produced in discovery that illustrate the threatening and intimidating communications described in Paragraph 126 of the TAC. These materials are contained within Plaintiffs' prior document production, including social-media posts, direct messages, comments, and correspondence evidencing the harassment and threats directed at Plaintiffs and their clients. Plaintiffs believe this production provides representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive materials become known or available.

**Interrogatory No. 12** IDENTIFY each "ex parte communication from the internet mob" alleged in Paragraph 128 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' possession, custody, or control.

8

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, if any.

**Supplemental Response:** Answering subject to and without waiving the above objections, Plaintiffs are not in possession of any responsive documents requested in the interrogatory. As Defendants should remember, the list of all communications received by the Court was raised in a status hearing before the Court. Defendants are in an equal position to obtain a transcript of the Court's comments on the ex-parte communications.

**Interrogatory No. 13** IDENTIFY the PERSONS who submitted "negative and 1 star google reviews" alleged in Paragraph 129 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' control (e.g., anonymous reviewers).
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, if any.

**Supplemental Response:** Answering subject to and without waiving the above objections, Plaintiff cannot reasonably identify the identity of the persons that left 1-star google reviews. Answering subject to this objection, See Plaintiffs_001377-1378.

**Interrogatory No. 14** IDENTIFY posts/content where Defendants allegedly encouraged disparaging content as described in Paragraph 130 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The phrase "posts/content where Defendants allegedly encouraged disparaging content," as used in Paragraph 130 of the Third Amended Complaint, refers to a broad and indeterminate set of online posts, videos, and messages by Defendants that invited, encouraged, or amplified disparaging, defamatory, or harassing statements about Plaintiffs and their clients. These communications occurred across multiple social media platforms and were often reposted, commented on, or otherwise magnified by Defendants' followers and third parties. Identifying each such instance individually would be impossible and unduly burdensome given the scope, anonymity, and ephemeral nature of the online conduct at issue. Answering subject to and without waiving these objections, Plaintiffs refer to the representative examples, screenshots, and materials already produced in discovery that illustrate the nature and scope of the disparaging content and Defendants' role in promoting or encouraging it, as described in Paragraph 130 of the TAC. These materials are contained within Plaintiffs' prior document production, including social-media posts, comments, and correspondence reflecting Defendants' encouragement of disparaging content. Plaintiffs believe this production provides representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive materials become known or available.

9

**Interrogatory No. 15** IDENTIFY the contact information for Monsters and Martians.

**Response:**
Plaintiffs object as harassing, overbroad, unduly burdensome, irrelevant, and seeking confidential third-party information.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant identifying information in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this Interrogatory as harassing, overbroad, unduly burdensome, irrelevant, and as seeking confidential and privileged third-party information, including information protected by the attorney–client privilege. Plaintiffs further object that this Interrogatory seeks information not proportional to the needs of the case and unrelated to any claim or defense. Answering subject to and without waiving these objections, Plaintiffs state that the publicly available business contact information for Monsters and Martians is info@monstersandmartians.com. Plaintiffs will not disclose additional identifying or privileged client information without client consent or further court order.

**Interrogatory No. 16** IDENTIFY all facts supporting YOUR allegation in Paragraph 133 of the TAC that Defendants conspired with third parties.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome. Plaintiffs further object to the extent this Interrogatory seeks "all facts" and attorney work product.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any.

**Supplemental Response:** Plaintiffs maintain their objections that this Interrogatory is vague, ambiguous, argumentative, overbroad, and unduly burdensome, and further object to the extent it seeks disclosure of all facts, attorney work product, and information protected by the attorney–client privilege. Plaintiffs also object that this Interrogatory seeks information beyond the scope of Rule 26(b)(1) and not proportional to the needs of the case. Answering subject to and without waiving these objections, Plaintiffs state that their investigation and search for responsive, non-privileged information are ongoing, and they will supplement this response as appropriate under Rule 26(e) upon identifying additional relevant facts or materials. Plaintiffs further refer to the non-privileged, representative documents and communications already produced in discovery that reflect Defendants' coordination and collaboration with third parties concerning Plaintiffs and the subject matter of the Third Amended Complaint.

**Interrogatory No. 17:** IDENTIFY by name, address, phone number, email, social media handle and any other identifying information all "members of the public" who were incited as a result of DAY's post (specified in paragraphs 85 & 86 of the TAC).

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. Plaintiffs further object that this Interrogatory seeks the identification of third parties, including anonymous online users, whose personal information is confidential, not reasonably obtainable, and not proportional to the needs of the case under Rule 26(b)(1). Plaintiffs also object that the request calls for speculation and seeks information not within Plaintiffs' possession, custody, or control. Answering subject to and without waiving these objections, Plaintiffs state that they do not possess

10

177

identifying information for every member of the public who was incited by Defendant Day's posts described in Paragraphs 85 and 86 of the Third Amended Complaint. The term "members of the public" refers to a large and indeterminate group of online users and followers who engaged in harassing or defamatory conduct toward Plaintiffs and their clients in response to Defendant Day's statements. Identifying each such person individually would be impossible and unduly burdensome, as many are anonymous or no longer accessible. Plaintiffs refer to the representative examples, screenshots, and other materials previously produced in discovery that reflect the nature and scope of the public's reaction to Defendant Day's posts, including comments, messages, and posts evidencing harassment or incitement. Plaintiffs believe these materials provide representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive information becomes available.

**Interrogatory No. 18:** IDENTIFY by name, address, phone number, email, social media handle and any other identifying information the PERSON(S) who submitted "ethics complaint(s) to the ARDC against Ms. Braun," as alleged in paragraph 92 of the TAC.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, overbroad, unduly burdensome, and seeking information that is confidential and protected from disclosure under Illinois Supreme Court Rule 766, which provides that all proceedings before the Attorney Registration and Disciplinary Commission ("ARDC") and its Administrator are confidential unless and until a formal complaint is filed and becomes public. Plaintiffs further object that the Interrogatory seeks privileged attorney–client communications, attorney work product, and confidential third-party information not proportional to the needs of the case under Rule 26(b)(1). Answering subject to and without waiving these objections, Plaintiffs state that they cannot identify or disclose the names or contact information of any individuals who may have submitted ethics complaints or related communications to the ARDC regarding Ms. Braun because such information is confidential under Rule 766 and not subject to disclosure absent authorization by the ARDC or a court order. Plaintiffs further state that they are not aware of any public filing or formal disciplinary complaint by the ARDC against Ms. Braun. Plaintiffs expressly stand on these objections and will not produce additional information responsive to this Interrogatory absent authorization from the ARDC or directive of the Court.

**Interrogatory No. 19** IDENTIFY any statements, declarations, or testimony you intend to use against Marston.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony before required under Rule 26.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, overbroad, unduly burdensome, and as premature to the extent it seeks the identification of statements, declarations, or testimony that Plaintiffs may use at trial or in future motion practice. Plaintiffs further object on the grounds that this Interrogatory seeks disclosure of attorney–client communications, attorney work product, and mental impressions of counsel regarding trial strategy and anticipated evidence, which are protected from discovery under Federal Rule of Civil Procedure 26(b)(3) and applicable privilege law. Answering subject to and without waiving these objections, Plaintiffs state that they

11

have not yet finalized the list of statements, declarations, or testimony they may rely upon in support of their claims against Defendant Marston. Plaintiffs will identify such materials, to the extent required, in accordance with their obligations under Rule 26(a)(3) and any applicable pretrial scheduling order. Plaintiffs expressly stand on their privilege and work-product objections and will not provide further information in response at this time.

**Interrogatory No. 20** IDENTIFY all facts supporting YOUR claim for damages as alleged in Paragraph 177 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiffs further object as premature and seeking expert testimony.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents evidencing damages, if any.

**Supplemental Response:** Plaintiffs maintain their objections that this Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that it seeks disclosure of attorney–client communications, attorney work product, and counsel's mental impressions and legal theories concerning the analysis and computation of damages, which are protected from discovery under Federal Rule of Civil Procedure 26(b)(3) and applicable privilege law. Answering subject to and without waiving these objections, Plaintiffs state that their damages continue to accrue and are based on reputational harm, loss of clients and business opportunities, emotional distress, and expenses incurred in mitigating the damage caused by Defendants' conduct. Plaintiffs' investigation and analysis of damages are ongoing, and they will supplement this response under Rule 26(e) as additional non-privileged, relevant information becomes available or as expert discovery proceeds. Plaintiffs expressly stand on their privilege and work-product objections and will not disclose privileged analyses or attorney communications regarding damages calculations.

**Interrogatory No. 21** IDENTIFY all facts supporting YOUR claim that existing and prospective clients were deterred from hiring Braun, as alleged in Paragraph 188 of the TAC.

**Response:**
Same objections as Interrogatory No. 20.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order where client identities are involved.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that it seeks the disclosure of attorney–client communications, attorney work product, and other confidential client information protected under the Illinois Rules of Professional Conduct and applicable privilege law. Plaintiffs also object to the extent this Interrogatory calls for speculation regarding the subjective motivations of third parties, including prospective clients, which are not within Plaintiffs' personal knowledge. Answering subject to and without waiving these objections, Plaintiffs state that following Defendants' public statements and online campaign, existing and prospective clients expressed concerns about Ms. Braun's reputation, credibility, and online exposure. Several clients and potential clients communicated to Ms. Braun that they were reluctant

12

to engage or continue engagement with her due to the public nature of the allegations made by Defendants and the online harassment surrounding this case. Plaintiffs further state that some clients have discontinued representation, declined to retain Ms. Braun, or expressed fear of being associated with her due to the possibility of becoming targets of Defendants' followers or online commentators. Plaintiffs' damages arising from this deterrence are ongoing, and the process of identifying additional supporting information and obtaining consent to disclose certain client communications is continuing. Plaintiffs will supplement this response as appropriate under Rule 26(e) as additional non-privileged, relevant information becomes available. Plaintiffs expressly stand on their privilege and work-product objections and will not disclose privileged or confidential attorney–client communications regarding specific clients.

**Interrogatory Nos. 22:** IDENTIFY the "work" that was "lost" from "numerous clients including, Ms. DeFord and Ms. Dempsey" as a result of the conduct alleged against DAY, as alleged in Paragraph 207 of the TAC.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that the Interrogatory seeks disclosure of confidential client information, attorney–client communications, and attorney work product, all of which are protected from discovery under the Illinois Rules of Professional Conduct and Federal Rule of Civil Procedure 26(b)(3). Plaintiffs also object that the Interrogatory calls for disclosure of information that would invade client privacy and reveal details of privileged legal work or representation unrelated to any claim or defense in this case. Answering subject to and without waiving these objections, Plaintiffs state that Ms. Braun lost or was forced to suspend professional work and engagements for several clients and projects as a direct result of Defendant Day's conduct and the subsequent online harassment campaign. This includes legal and consulting work for Alyssa DeFord (p/k/a "Bunnie XO"), Kaitlynn Dempsey (p/k/a "Demps"), and Monsters and Martians, among others. Ms. Braun's relationships with these clients were disrupted due to reputational harm, public allegations, and fear of harassment or retaliation by Defendant Day's followers and online collaborators. Plaintiffs' efforts to obtain client consent to disclose additional details of lost or suspended work are ongoing, and Plaintiffs will supplement this response as appropriate under Rule 26(e) upon obtaining such consent or as additional non-privileged information becomes available. Plaintiffs expressly stand on their attorney–client privilege and work-product objections and will not disclose privileged communications or details of client representation.

**Interrogatory Nos. 22:** Describe in detail what YOU mean by YOUR clients "distancing" themselves from YOU as a result of the conduct alleged against DAY, as alleged in Paragraph 208 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside Plaintiffs' knowledge or control.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that it seeks disclosure of confidential client information, attorney–client communications, and attorney work product, all of which are protected under the Illinois Rules of Professional Conduct and

13

Federal Rule of Civil Procedure 26(b)(3). Plaintiffs also object to the extent this Interrogatory calls for speculation regarding the subjective motivations or perceptions of third parties, including clients, which are not within Plaintiffs' personal knowledge. Answering subject to and without waiving these objections, Plaintiffs state that following Defendant Day's conduct and the resulting online harassment campaign, some existing and prospective clients "distanced" themselves from Ms. Braun by terminating their relationships, pausing ongoing engagements, or expressing reluctance to communicate or continue work with her. Several clients indicated concern that continued association with Ms. Braun could expose them to harassment, unwanted publicity, or online attacks by Defendant Day's followers or collaborators. Others declined to provide public support, refused to allow use of their names in professional contexts, or avoided interaction altogether to minimize their own exposure. These actions reflect the professional and reputational harm Ms. Braun suffered as a direct result of Defendant Day's statements and their online amplification. Plaintiffs' investigation into additional examples and communications reflecting this client distancing is ongoing, and Plaintiffs will supplement this response as appropriate under Rule 26(e) if additional non-privileged, relevant information becomes available. Plaintiffs expressly stand on their privilege and work-product objections and will not disclose privileged or confidential communications with clients regarding their decisions or the content of their attorney–client relationships.

**Interrogatory No. 24** IDENTIFY all facts supporting YOUR claim for "injury to business and reputation" as alleged in Paragraph 189 of the TAC.

**Response:**
Same objections as Interrogatory No. 20.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents in their possession, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that it seeks disclosure of attorney–client communications, attorney work product, and confidential client information protected by the Illinois Rules of Professional Conduct and Federal Rule of Civil Procedure 26(b)(3). Plaintiffs also object to the extent this Interrogatory calls for speculation about the opinions or motivations of third parties, including clients and members of the public, which are not within Plaintiffs' personal knowledge. Answering subject to and without waiving these objections, Plaintiffs state that Ms. Braun has suffered injury to her business and reputation as a result of the statements and conduct alleged in the Third Amended Complaint. The false and defamatory statements made and promoted by Defendants have caused Ms. Braun's professional reputation to be questioned by clients, colleagues, and members of the public. She has lost clients and prospective clients who no longer wished to be associated with her due to the negative publicity, fear of harassment, and the spread of misinformation concerning her ethics and professionalism. Ms. Braun has also been subjected to repeated online attacks, defamatory commentary, and targeted harassment campaigns, resulting in the loss of professional opportunities, business referrals, and goodwill. Plaintiffs' investigation and assessment of reputational and business damages are ongoing, and Plaintiffs will supplement this response as appropriate under Rule 26(e) as additional non-privileged, relevant information becomes available. Plaintiffs expressly stand on their attorney–client privilege and work-product objections and will not disclose privileged communications or confidential client information in response to this Interrogatory.

14

**Interrogatory No. 25** IDENTIFY the professional relationships disrupted as alleged in Paragraph 201 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to identify such relationships, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that it seeks disclosure of confidential client information, attorney–client communications, and attorney work product, all of which are protected by the Illinois Rules of Professional Conduct and Federal Rule of Civil Procedure 26(b)(3). Plaintiffs also object that the Interrogatory calls for the disclosure of sensitive client relationships and professional associations unrelated to any claim or defense in this case and implicates client privacy concerns. Answering subject to and without waiving these objections, Plaintiffs state that several of Ms. Braun's professional relationships and business engagements were disrupted as a result of the conduct alleged in the Third Amended Complaint, including relationships with Alyssa DeFord (p/k/a "Bunnie XO"), Kaitlynn Dempsey (p/k/a "Demps"), and Monsters and Martians, among others. These relationships were impacted due to reputational harm, fear of online harassment, and concerns about continued association with Ms. Braun amid the negative publicity and coordinated online attacks. The process of obtaining consent from additional clients and professional contacts to disclose their identities is ongoing, and Plaintiffs will supplement this response as appropriate under Rule 26(e) as additional non-privileged, relevant information becomes available or as client consent is received. Plaintiffs expressly stand on their attorney–client privilege and work-product objections and will not disclose privileged communications or confidential client information without client consent or court order.

**Interrogatories Nos. 26–41**

**Response to Each:**
Plaintiffs object to Interrogatories Nos. 26 through 41 on the ground that they exceed the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1), which limits each party to 25 interrogatories, including discrete subparts, absent stipulation or leave of Court. Defendant has neither obtained leave nor Plaintiffs' consent. Plaintiffs therefore decline to provide substantive responses.

_Jeanette Braun (Nov 11, 2025 13:41:01 CST)_

*Jeanette M. Braun*

Dated: November 11, 2025                                   Respectfully submitted,

/s/ Benjamin C.R. Lockyer
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com
(773) 340-0011

# Supp Resp to Rogs to Braun & Braun IP (Marston)

Final Audit Report                                    2025-11-11

| | |
|---|---|
| Created: | 2025-11-11 |
| By: | Benjamin Lockyer (ben@lockyerlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAcX8_evTBpdgf90dFcHKFMeR0jpNNZ91T |

## "Supp Resp to Rogs to Braun & Braun IP (Marston)" History

🗐 Document created by Benjamin Lockyer (ben@lockyerlaw.com)
2025-11-11 - 7:14:17 PM GMT

✉ Document emailed to Jeanette Braun (jmbraun@brauniplaw.com) for signature
2025-11-11 - 7:14:22 PM GMT

🗐 Email viewed by Jeanette Braun (jmbraun@brauniplaw.com)
2025-11-11 - 7:35:44 PM GMT

✍ Document e-signed by Jeanette Braun (jmbraun@brauniplaw.com)
Signature Date: 2025-11-11 - 7:41:01 PM GMT - Time Source: server

✅ Agreement completed.
2025-11-11 - 7:41:01 PM GMT

🅰 **Adobe Acrobat Sign**

**Exhibit 17**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE BRAUN,<br>BRAUN IP LAW, LLC &<br>LAUREN PROPSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 23 C 16856 |
| v. | ) ) | Hon. J. Mary Rowland |
| REBEKAH M. DAY NEE BOXX,<br>KRISTA CARTER,<br>LILY MARSTON, &<br>JESSICA VAZQUEZ, | ) ) ) ) ) | Mag. J. M. David Weisman |
| Defendants. | ) | |

## PLAINTIFFS BRAUN AND BRAUN IP LAW LLC'S
## SUPPLEMENTAL RESPONSE TO DEFENDANT KRISTA CARTER'S
## FIRST SET OF INTERROGATORIES

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Krista Carter's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information

protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

## General Objections

1.  Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2.  Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3.  Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4.  Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an

appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and The Travel Channel RELATING TO CARTER and/or CARTER'S posts on the PLATFORMS.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of "all communications" with The Travel Channel, much of which would be cumulative of documents. Plaintiffs further object to the extent the Interrogatory seeks information not within Plaintiffs' possession, custody, or control.

Subject to and without waiving objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect communications with The Travel Channel responsive to this Interrogatory. To the extent such documents are produced, they shall constitute Plaintiffs' response.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiffs are not in possession of any communications or documents that are responsive to the above request.

**Interrogatory No. 2** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and Pair Eyewear RELATING TO CARTER and/or CARTER'S posts on the PLATFORMS.

**Response:**
Same objections as Interrogatory No. 1.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect communications with Pair Eyewear.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiffs are not in possession of any communications or documents that are responsive to the above request.

**Interrogatory No. 3** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the podcast deal" company (as alleged in Paragraph 43 of the TAC) RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiffs object as vague and ambiguous in its reference to "the podcast deal," overbroad, unduly burdensome, and disproportionate. Plaintiffs further object to the extent this Interrogatory seeks information not in Plaintiffs' possession, custody, or control.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect such communications.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiffs are not in possession of any communications or documents that are responsive to the above request.

**Interrogatory No. 4** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the brand endorsement contracts" company(ies) RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiffs object as vague and ambiguous as to "brand endorsement contracts," overbroad, unduly burdensome, and disproportionate. Plaintiffs further object to the extent responsive information may be in the possession of third parties.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect such communications.

4

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiffs are not in possession of any communications or documents that are responsive to the above request.

**Interrogatory No. 5** IDENTIFY all facts that support YOUR allegation in Paragraph 55 of the TAC that "Carter's statements were designed to incite her fanbase against Defendant Braun," including the identity of the fans so incited.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts" or identification of "fans," which is disproportionate to the needs of the case and calls for speculation. Plaintiffs further object to the extent this Interrogatory seeks disclosure of attorney work product or trial strategy.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that contain the facts supporting the allegation in Paragraph 55 of the TAC.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiffs search for responsive documents is still ongoing, and thus Plaintiffs reserve the right to supplement this response. Plaintiff further objects that it is unduly burdensome for them to identify all facts upon which they rely upon and offer a deposition on this topic. Answering subject to, See Plaintiffs_000001-001373.

**Interrogatory No. 6** IDENTIFY all COMMUNICATIONS by and between YOU and PROPSON RELATING TO the Wellness Check calls performed on CARTER on November 5, 2023.

**Response:**
Plaintiffs object as irrelevant, harassing, overbroad, and unduly burdensome. Plaintiffs further object to the extent this Interrogatory seeks privileged attorney-client communications.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will not produce documents or provide a response to this interrogatory.

**Interrogatory No. 7** IDENTIFY all COMMUNICATIONS by and between YOU and PROPSON RELATING TO the cease and desist letter sent to CARTER on November 6, 2023.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and seeking privileged attorney-client communications.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will not produce documents or provide a response to this interrogatory.

**Interrogatory No. 8** Describe all efforts YOU undertook in making a determination that CARTER'S content did not constitute "fair use," including any opinion of counsel letter, prior to YOUR submission of takedown requests.

**Response:**
Plaintiffs object as overbroad, vague, and seeking disclosure of attorney-client communications and attorney work product. Plaintiffs further object as irrelevant to the claims or defenses in this case.

Subject to and without waiving objections, Plaintiffs state that they undertook a review of the content in question. To the extent further responsive information exists, Plaintiffs will not produce or provide any information in response to this request.

**Interrogatory No. 9** IDENTIFY any statements, declarations, or testimony that YOU have obtained and intend to use to support any of the allegations and/or claims against CARTER.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony before required by Rule 26(a) disclosures and scheduling orders.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect such statements, declarations, or testimony.

**Supplemental Response:** Subject to and without waiving any objections, Plaintiffs are still in the process of finding persons that are willing to testify against the Defendants. Due to the Defendants campaign to defame and ruin the reputation of Plaintiffs, many of Plaintiffs witnesses and supporters are afraid to involve themselves in the case due to risk of public attack by the Defendants and their supporters. Due to this, Plaintiffs reserve the right to supplement this request. Answering subject to, Plaintiff are not in possession of any statements or declarations responsive to this request at this time.

**Interrogatory No. 10** IDENTIFY every social media or messaging account YOU used at any time from October 1, 2023 to the present.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and irrelevant to the claims or defenses in this case. Plaintiffs further object that the Interrogatory seeks disclosure of private information beyond the proper scope of discovery.

Subject to and without waiving objections, Plaintiff is the owner of the social media account @braunlaw on TikTok and @braun.law on Instagram.

**Interrogatory No. 11** For each account identified in Interrogatory No. 10, IDENTIFY every person who had access to the account from October 1, 2023 to the present.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking disclosure of private information outside the scope of discovery.

Subject to and without waiving objections, Plaintiff Jeanette Braun had access to the accounts identified in Interrogatory No. 10.

**Interrogatory No. 12** For each response to the Requests for Admission that is not an unqualified admission, IDENTIFY all facts, persons, and documents supporting the denial.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all facts" or attempts to convert each denial into a full narrative or document production. Plaintiffs further object that the Interrogatory is premature and seeks attorney work product.

Subject to and without waiving objections, will not produce any information in response to this request.

Jeanette Braun (Nov 11, 2025 07:24:42 CST)

*Jeanette M. Braun*

Dated: November 10, 2025

Respectfully submitted,

*/s/ Benjamin C.R. Lockyer*
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com
(773) 340-0011

7

# Supp Resp to Rogs to Braun & Braun IP (Carter)

Final Audit Report                                                2025-11-11

| | |
|---|---|
| Created: | 2025-11-11 |
| By: | Benjamin Lockyer (ben@lockyerlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA7HJ5M4Gn6NJfOBnHZrODLw5M17D7erDl |

## "Supp Resp to Rogs to Braun & Braun IP (Carter)" History

🗂 Document created by Benjamin Lockyer (ben@lockyerlaw.com)
   2025-11-11 - 12:44:26 PM GMT

✉ Document emailed to Jeanette Braun (jmbraun@brauniplaw.com) for signature
   2025-11-11 - 12:44:31 PM GMT

🗂 Email viewed by Jeanette Braun (jmbraun@brauniplaw.com)
   2025-11-11 - 12:51:05 PM GMT

✍ Document e-signed by Jeanette Braun (jmbraun@brauniplaw.com)
   Signature Date: 2025-11-11 - 1:24:42 PM GMT - Time Source: server

✅ Agreement completed.
   2025-11-11 - 1:24:42 PM GMT

**Adobe Acrobat Sign**

**Exhibit 18**