**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS BRAUN AND BRAUN IP LAW LLC'S
SUPPLEMENTAL RESPONSE TO DEFENDANT
REBEKAH DAY'S FIRST SET OF INTERROGATORIES**

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Rebekah Day's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

## General Objections

1. Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2. Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4. Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it

assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6.  Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7.  Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8.  Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9.  Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1** IDENTIFY all DOCUMENTS, including COMMUNICATIONS, by and between YOU and the ARDC.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, vague, and seeking confidential ARDC materials protected under Illinois Supreme Court rules. Plaintiffs further object to the extent this Interrogatory seeks information not within Plaintiffs' possession, custody, or control.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order.

**Supplemental Response:** Subject to the objections raised above, Plaintiff provides the following updates response, under Illinois Supreme Court Rule 766, communications and investigations with the ARDC are confidential and Plaintiff Braun and Braun Law are not obligated to produce documents in response to this request. Subject to this objection, Braun and Braun Law are providing

copies of the ARDC complaints and communications from the ARDC noting that each investigation was resolved. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 2** IDENTIFY all DOCUMENTS YOU provided to the ARDC in response to any inquiry or investigatory demand.

**Response:**
Same objections as Interrogatory No. 1.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order.

**Supplemental Response:** Under Illinois Supreme Court Rule 766, communications and investigations with the ARDC are confidential and Plaintiff Braun and Braun Law will not produce documents in response to this request. Subject to this objection, Plaintiff will produce a privilege log on this topic.

**Interrogatory No. 3** IDENTIFY all facts RELATING TO any investigation of YOU by the ARDC.

**Response:**
Plaintiffs object as overbroad, vague, unduly burdensome, and seeking disclosure of confidential ARDC materials outside Plaintiffs' control. Plaintiffs further object that this Interrogatory calls for speculation.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order.

**Supplemental Response:** Subject to the objections raised above, Plaintiff provides the following updates response, under Illinois Supreme Court Rule 766, communications and investigations with the ARDC are confidential and Plaintiff Braun and Braun Law are not obligated to produce documents in response to this request. Subject to this objection, this response is best answered by providing the documents and complaints that initiated each ARDC investigation; see copies of the ARDC complaints and communications from the ARDC noting that each investigation was resolved. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 4** IDENTIFY by name, address, phone number, email, social media handle and any other identifying information as to the "stalker that Ms. Dempsey has obtained numerous protective orders against," as alleged in Paragraph 71 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, unduly burdensome, and seeking private or protected information of third parties. Plaintiffs further object to the extent this seeks information outside Plaintiffs' knowledge or control.
Subject to and without waiving objections, Plaintiffs the identity of the stalker is Erica Fisk who has the email address of ericafisk1@gmail.com.

**Interrogatory No. 5** IDENTIFY all facts that support YOUR allegations in Paragraph 80 of the TAC that DAY sought to "incite her fans to become an angry mob and engage in a harassment campaign against Ms. Braun and her past clients."

4

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiffs further object that this Interrogatory improperly seeks attorney work product.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents, if any, sufficient to respond to this request.

**Supplemental Response:** Subject to the above objections, Plaintiffs provide the following supplemental response: Plaintiffs search for evidence of Day's incitement of the internet mob is ongoing and relevant documents may be in the possession of third parties or may be currently unknown to the Plaintiffs. As such, Plaintiffs reserve the right to supplement this response. Answering subject to this, see: Plaintiffs_000001-522, 580-654, 847, 854-864, 883-941.

**Interrogatory No. 6** IDENTIFY in detail all "detrimental effects on Ms. Braun, her former clients, her practice, and emotional distress and harm," as alleged in Paragraph 81 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to the extent it seeks private or privileged client information.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents evidencing such harm, if any, subject to a protective order.

**Supplemental Response:** Subject to and without waiving that objection, Plaintiff responds as follows:

Ms. Braun has experienced substantial and ongoing reputational harm, professional disruption, and emotional distress as a result of Defendants' conduct and the public amplification of their statements. She has been subjected to online harassment and threats by individuals and internet commentators associated with or inspired by Defendants and their collaborator, Ian Runkle. This has included the circulation of false and defamatory claims about her ethics and professionalism, as well as targeted attacks on her online presence, including false "review bombing" of her business profile and dissemination of identifying information about her and her clients.

As a consequence of these actions, Ms. Braun has had to conceal her residence for safety reasons and has repeatedly been forced to reassure clients and colleagues that her representation does not expose them to harassment or retaliation. Several clients and prospective clients have expressed fear or hesitation to continue or initiate engagements with Ms. Braun due to concerns about becoming targets of Defendants' internet followers. At least one therapist and several clients have indicated reluctance to testify in this matter out of fear of further exposure and harassment. Ms. Braun has also lost clients and professional opportunities due to the negative publicity generated by Defendants' conduct and the ongoing attention surrounding this case.

In addition to reputational and professional harm, Ms. Braun has suffered emotional distress and anxiety from the continued need to defend her professional integrity and reputation publicly and to explain Defendants' allegations to clients, peers, and family. These detrimental effects are continuing, as Defendants' statements and related online content remain accessible and continue to circulate.

Damages are ongoing, and Plaintiff reserves the right to supplement this response as additional information becomes available or as discovery continues. Pursuant to Rule 33(d), Plaintiff is also willing to provide further details regarding these matters through deposition testimony at a mutually convenient time.

**Interrogatory No. 7** IDENTIFY each client that YOU contend was lost as a result of DAY's alleged conduct.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking disclosure of confidential client information.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

**Supplemental Response:** Answering subject to the above objections, Plaintiff is unable to reveal the identity of all clients that she has lost work from due to attorney-client privilege. Clients that Plaintiffs Braun and Braun Law can identify as losing work from are: Alyssa DeFord, Kaitlynn Dempsey, and Monsters and Martians.

**Interrogatory No. 8** IDENTIFY each of YOUR clients that YOU contend DAY made "unsolicited communications" to in an effort to obtain disparaging information, as alleged in Paragraph 82 of the TAC.

**Response:**
Same objections as Interrogatory No. 7.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this request as vague, ambiguous, overbroad, and seeking disclosure of confidential client information. Answering subject to and without waiving said objections, Defendant Day has contacted Kaitlynn Dempsey and Alyssa DeFord. Plaintiffs search of clients that Defendant Day has contacted is ongoing, and as such, Plaintiff reserves the right to supplement this request.

**Interrogatory No. 9** IDENTIFY the "clients" that "Defendant Day contacted on March 21, 2024," as alleged in Paragraph 83 of the TAC.

**Response:**
Same objections as Interrogatory No. 7.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

**Supplemental Response:** Answering subject to this objection, Plaintiffs are unable to obtain the necessary consent from to identify the persons contacted by Bekah Day at this time. Plaintiffs further object that Defendant Day has access to this information and is in an equal if not better position to obtain the information sought in this request.

**Interrogatory No. 11** IDENTIFY each of YOUR clients that YOU contend DAY contacted to intimidate, interfere with contracts, or collect statements, as alleged in Paragraph 83 of the TAC.

**Response:**
Same objections as Interrogatory No. 7.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, if any, subject to a protective order.

**Supplemental Response:** Kaitlynn Dempsey and Alyssa DeFord.

**Interrogatory No. 12** IDENTIFY all facts that support YOUR allegation in Paragraph 85 of the TAC that DAY falsely claimed the ARDC confirmed receiving "multiple credible complaints."

**Response:** Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiffs further object to the extent it seeks confidential ARDC information.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony, and information is ongoing, and will file a timely supplement this response. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 13** IDENTIFY all facts that support YOUR allegation in Paragraph 87 of the TAC that "Defendant Day's statement … is false and did not occur."

**Response:**
Same objections as Interrogatory No. 12.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony, and information is ongoing, and will file a timely supplement this response. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 14** IDENTIFY all facts that support YOUR allegation in Paragraph 88 of the TAC that "Upon information and belief, the ARDC did not comment or provide information to Defendant Day."

**Response:**
Same objections as Interrogatory No. 12.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony,

and information is ongoing, and will file a timely supplement this response. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 15** IDENTIFY all facts that support YOUR allegation in Paragraph 91 of the TAC that Day acted with actual malice.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome. Plaintiffs further object that this Interrogatory improperly seeks attorney work product.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

**Supplemental Response:** Subject to the above objections, Plaintiffs provide the following supplemental response: Plaintiffs search for evidence of Day's actual malice in her statements is ongoing and relevant documents may be in the possession of third parties or may be currently unknown to the Plaintiffs. As such, Plaintiffs reserve the right to supplement this response. Answering subject to this, see: Plaintiffs_000001-522, 580-654, 847, 854-864, 883-941.

**Interrogatory No. 16** IDENTIFY all facts that support YOUR allegation in Paragraph 92 of the TAC that Day encouraged the public to make ethics complaints.

**Response:**
Same objections as Interrogatory No. 15.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

**Supplemental Response:** Subject to the above objections, Plaintiffs provide the following supplemental response: Plaintiffs search for evidence of Day's incitement of the public in her statements is ongoing and relevant documents may be in the possession of third parties or may be currently unknown to the Plaintiffs. As such, Plaintiffs reserve the right to supplement this response. Answering subject to this, see: Plaintiffs_000001-522, 580-654, 847, 854-864, 883-941.

**Interrogatory No. 17** IDENTIFY all "members of the public" who were incited as a result of DAY's post.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome, and seeking information outside Plaintiffs' knowledge or control (e.g., anonymous internet users).
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Subject to the above objections, Plaintiffs provide the following supplemental response: Plaintiffs search for evidence of Day's incitement of the public in her statements is ongoing and relevant documents may be in the possession of third parties or may be currently unknown to the Plaintiffs. As such, Plaintiffs reserve the right to supplement this response. Answering subject to this, see: Plaintiffs_000001-522, 580-654, 847, 854-864, 883-941.

**Interrogatory No. 18** IDENTIFY the PERSON(S) who submitted "ethics complaint(s) to the ARDC against Ms. Braun."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' knowledge or control (complaints are confidential with ARDC).
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony, and information is ongoing, and will file a timely supplement this response. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 19** IDENTIFY the PERSONS who submitted "complaint(s) to the ARDC and requested the ARDC to investigate Ms. Braun."

**Response:**
Same objections as Interrogatory No. 18.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony, and information is ongoing, and will file a timely supplement this response. See Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 20** IDENTIFY the "one attorney" assigned by the ARDC to investigate YOU.

**Response:**
Plaintiffs object as vague, ambiguous, and seeking confidential ARDC information not in Plaintiffs' control.
Subject to and without waiving objections, Plaintiffs will identify the attorney, subject to a protective order

**Supplemental Response:** Answering subject to these objections, Plaintiffs reserve the right to supplement this right with deposition testimony. Plaintiff search for relevant documents, testimony, and information is ongoing, and will file a timely supplement this response. Answering subject to the above, John Cesario is the only attorney that was assigned to oversee the investigation of the ARDC complaints filed in Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

**Interrogatory No. 21** IDENTIFY the "professional relationships with clients" disrupted as alleged in Paragraph 201 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant

documents, if any, and information sufficient to identify such relationships, subject to a protective order.

**Supplemental Response:** Answering subject to the above objections, Kaitlynn Dempsey, Alyssa DeFord, Monsters and Martians.

**Interrogatory No. 22** IDENTIFY the "work" that was "lost" from "numerous clients including, Ms. DeFord and Ms. Dempsey" as alleged in Paragraph 207 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such work, if any, subject to a protective order.

**Supplemental Response:** Answering subject to the above, Plaintiff cannot disclose the full nature of her engagements due to attorney client privilege. Answering generally, and without waiving attorney client privilege, Plainitiff lost trademark and copyright work from her clients.

**Interrogatory No. 23** Describe what YOU mean by YOUR clients "distancing" themselves, as alleged in Paragraph 208 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to show such distancing, if any, subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiff offers a deposition on this topic and reserves the right to supplement her answer. Answering subject to this, Plaintiff lost work from her clients following the negative publicity caused by the Defendants.

**Interrogatory No. 24** IDENTIFY the PERSONS who submitted "several 1 star google reviews for Braun Law," as alleged in Paragraph 210 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' control (anonymous reviewers).
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession.

**Supplemental Response:** Answering subject to and without waiving the above objections, Plaintiff cannot reasonably identify the identity of the persons that left 1-star google reviews. Answering subject to this objection, See Plaintiffs_001377-1378.

**Interrogatory No. 25** IDENTIFY the "clients [that] end[ed] their use of Braun Law for legal services out of fear of harassment," as alleged in Paragraph 210 of the TAC.

**Response:** Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information.

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to identify such clients, if any, , subject to a protective order.

**Supplemental Response:** Answering subject to these objections, Plaintiffs cannot identify all lost clients due to attorney client privilege. Answering subject to this, see Kaitlynn Dempsey, Monsters and Martians, and Alyssa DeFord.

**Interrogatory No. 26:**[1] IDENTIFY all facts supporting YOUR allegation in Paragraph 212 of the TAC that "Defendants' past and present false statements on their aforesaid social media platforms caused great damage to Plaintiff Braun and Braun IP Law's business and harm to their reputation."

**Response:** Plaintiff objects that this request for "all facts" is overly burdensome and not proportional to the needs of this case. Plaintiff further objects that this interrogatory is better answered through a deposition.

Answering subject to, see: Plaintiffs_000001-523, 574, 580-654, 738, 824-828, 839-842, 847, 854-864, 883-941, 1044-1047, 1203-1206, 1253-1259.

### Objection to Interrogatories 27–35

Plaintiffs object to Interrogatories Nos. 27 through 35 on the ground that they exceed the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1), which limits parties to 25 interrogatories, including all discrete subparts, absent stipulation or leave of court. Defendant has neither obtained Plaintiffs' consent nor leave of court to exceed this limit. Plaintiffs therefore decline to provide substantive responses to Interrogatories Nos. 26–35.

_____

*Jeanette M. Braun*

Dated: November 10, 2025.                    Respectfully submitted,

                              */s/ Benjamin C.R. Lockyer*
                              Lockyer Law LLC
                              6515 W. Archer Ave.
                              Chicago, Illinois 60638
                              ben@lockyerlaw.com
                              (773) 340-0011

_____

[1] Defendant Day did not serve an interrogatory No. 10. Per the Parties' agreement, Plaintiff will treat Interrogatory No. 26 as Defendant Day's 25th interrogatory. Plaintiffs Braun and Braun Law maintain their objections to answering any interrogatories beyond the 25 interrogatories permitted under Rule 33(a)(1).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS BRAUN AND BRAUN IP LAW LLC'S RESPONSE TO
DEFENDANT LILY MARSTON'S FIRST SET OF INTERROGATORIES**

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Lily Marston's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

## General Objections

1. Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2. Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4. Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it

2

assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1** IDENTIFY all COMMUNICATIONS YOU have issued on behalf of Alyssa DeFord p/k/a "Bunnie XO" pursuant to the DMCA to PLATFORMS demanding that they "take down" content.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking privileged client communications. Plaintiffs further object that this Interrogatory seeks information outside Plaintiffs' possession, custody, or control.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications in their possession with Alyssa DeFord, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving the foregoing objections, Plaintiffs state as follows: Plaintiffs are not producing additional documents or information responsive to this Interrogatory because it seeks material that is irrelevant, disproportionate to the needs of the case, and unduly burdensome. Defendant Marston's statements that are the subject of

3

this litigation specifically reference allegations of "perjury" relating to the Demps DMCA filings, not to any takedowns involving Alyssa DeFord p/k/a Bunnie XO. Communications concerning other clients or DMCA matters are therefore outside the scope of the pleadings and have no bearing on the claims or defenses in this case. Additionally, the Interrogatory seeks client communications that are protected by the attorney–client privilege and work product doctrine, and that would require the disclosure of confidential and proprietary client information unrelated to this lawsuit. Producing such materials would be unduly burdensome and invasive, particularly given the absence of any showing that they are relevant or proportional under Rule 26(b)(1). Accordingly, Plaintiffs decline to produce further information in response to this Interrogatory on the grounds of relevance, proportionality, undue burden, and privilege.

**Interrogatory No. 2**

IDENTIFY all COMMUNICATIONS YOU have issued on behalf of Kaitlynn Dempsey p/k/a "Demps" pursuant to the DMCA to PLATFORMS demanding that they "take down" content.

**Response:**
Same objections as Interrogatory No. 1.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications in their possession with Kaitlynn Dempsey, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and seeking information protected by the attorney–client privilege and attorney work product doctrine. Plaintiffs further object that this Interrogatory seeks confidential client communications unrelated to the claims or defenses in this matter. Subject to and without waiving these objections, Plaintiffs state that they will produce non-privileged, relevant communications in their possession relating to DMCA takedown notices issued on behalf of Kaitlynn Dempsey p/k/a "Demps", if any, and only to the extent such communications are not protected by privilege or work product.

**Interrogatory No. 3** IDENTIFY all efforts YOU undertook to determine that EPISODE 97 did not constitute "fair use," including any opinion of counsel, prior to YOUR submission of a takedown notice to YouTube on December 3, 2023.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, irrelevant, and seeking attorney–client privileged information and work product.
Subject to and without waiving objections, Plaintiffs state they reviewed Episode 97 and determined it was not protected fair use. Plaintiffs will produce non-privileged, relevant documents in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, irrelevant, and as seeking information protected by the attorney–client privilege and attorney work product doctrine. The Interrogatory improperly seeks disclosure of legal analysis, opinions of counsel, and attorney mental impressions regarding copyright and fair use determinations made in connection with a client matter. Such information is privileged and protected from discovery under Federal Rule of Civil Procedure 26(b)(3). Plaintiffs further object that the Interrogatory calls for disclosure of attorney–client communications and counsel's legal reasoning, which are not subject to production. Plaintiffs stand on these objections and will not produce any information or documents in response.

4

**Interrogatory No. 4** IDENTIFY all DOCUMENTS, including COMMUNICATIONS, YOU have issued on behalf of ANY of YOUR clients pursuant to the DMCA to PLATFORMS demanding takedown of content from January 1, 2022 to present.

**Response:**

Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking privileged client communications.

Subject to and without waiving objections, Plaintiffs will not produce documents in response to this request.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, irrelevant, and as seeking information protected by the attorney–client privilege and attorney work product doctrine. The Interrogatory improperly seeks disclosure of legal analysis, opinions of counsel, and attorney mental impressions regarding copyright and fair use determinations made in connection with a client matter. Such information is privileged and protected from discovery under Federal Rule of Civil Procedure 26(b)(3). Plaintiffs further object that the Interrogatory calls for disclosure of attorney–client communications and counsel's legal reasoning, which are not subject to production. Plaintiffs stand on these objections and will not produce any information or documents in response.

**Interrogatory No. 5** IDENTIFY each client that YOU contend was lost as a result of the conduct YOU allege against MARSTON in the TAC.

**Response:**

Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to identify such clients, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, and as seeking the disclosure of confidential and privileged client information protected by the attorney–client privilege and attorney work product doctrine. Plaintiffs cannot identify all clients or disclose information regarding attorney–client relationships without violating those protections. Answering subject to and without waiving these objections, Plaintiffs state that the following clients were lost or adversely affected as a result of the conduct alleged against Defendant Marston in the Third Amended Complaint: Kaitlynn Dempsey (p/k/a "Demps"), Alyssa DeFord (p/k/a "Bunnie XO"), and Monsters and Martians. Plaintiffs further state that the process of obtaining consent from certain clients to disclose their names is ongoing, and Plaintiffs expressly reserve the right to supplement this response as additional information or client consent becomes available.

**Interrogatory No. 6** IDENTIFY the factual and legal bases for YOUR submission of a takedown notice to YouTube RELATING TO EPISODE 97 on December 3, 2023.

**Response:**

Plaintiffs object as vague, ambiguous, overbroad, irrelevant, and seeking privileged communications and work product.

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents in their possession, if any, subject to a protective order.

**Supplemental Response: Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, irrelevant, and as seeking information protected by the attorney–client privilege and attorney work product doctrine. The Interrogatory improperly seeks disclosure of legal analysis, opinions of counsel, and attorney mental impressions regarding copyright and fair use determinations made in connection with a client matter. Such information is privileged and protected from discovery under Federal Rule of Civil Procedure 26(b)(3). Plaintiffs further object that the Interrogatory calls for disclosure of attorney–client communications and counsel's legal reasoning, which are not subject to production. Plaintiffs stand on these objections and will not produce any information or documents in response.

**Interrogatory No. 7** IDENTIFY the identity of each PERSON in the "angry internet mob" alleged in Paragraph 122 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside Plaintiffs' knowledge or control.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The term "angry internet mob," as used in Paragraph 122 of the Third Amended Complaint, refers to a large and indeterminate group of individuals on social media who have engaged in coordinated or spontaneous harassment, defamation, and threats toward Plaintiffs and their clients. Identifying each such person individually would be impossible and unduly burdensome, as the group consists of potentially hundreds of anonymous online users and third parties whose identities are unknown to Plaintiffs. Answering subject to and without waiving these objections, Plaintiffs refer to the examples, screenshots, and other materials previously produced in discovery that illustrate the nature and scope of this online harassment. These materials are contained within Plaintiffs' document production, including social-media posts, comments, messages, and correspondence that reflect the conduct described in Paragraph 122 of the TAC. Plaintiffs believe this production provides representative evidence responsive to this request and will supplement as appropriate under Rule 26(e) if additional identifiable individuals or materials become known.

**Interrogatory No. 8** IDENTIFY each "public comment, video, and message" alleged in Paragraph 123 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The phrase "public comment, video, and message," as used in Paragraph 123 of the Third Amended Complaint, refers to a large and indeterminate number of statements, posts, videos, and online messages made by Defendants and by individuals acting in concert with or inspired by them. These communications occurred across multiple social media platforms and include both coordinated and spontaneous attacks, harassment, and defamatory commentary directed at Plaintiffs and their clients.

Identifying each such comment, video, or message individually would be impossible and unduly burdensome, as many of the posts are anonymous or no longer accessible, and the volume of such content numbers in the hundreds or more. Answering subject to and without waiving these objections, Plaintiffs refer to the representative examples, screenshots, and materials already produced in discovery that reflect the nature, tone, and scope of the online conduct described in Paragraph 123 of the TAC. These materials are contained within Plaintiffs' prior document production, including social-media posts, videos, comments, and messages illustrating the described harassment. Plaintiffs believe this production provides representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive materials become known or available.

**Interrogatory No. 9** IDENTIFY each "statement made by Defendants" that incited threats as alleged in Paragraph 124 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The phrase "each statement made by Defendants" as used in Paragraph 124 of the Third Amended Complaint refers to a broad and indeterminate set of online statements, posts, and comments made by Defendants that encouraged, instigated, or otherwise contributed to harassment and threats directed at Plaintiffs and their clients. Identifying every such statement individually would be impossible and unduly burdensome, as these communications occurred across multiple platforms, were amplified by Defendants' followers, and involve potentially hundreds of third-party comments and reposts, many of which are anonymous or no longer accessible. Answering subject to and without waiving these objections, Plaintiffs refer to the representative examples, screenshots, and materials already produced in discovery that illustrate the statements made by Defendants and the resulting online threats described in Paragraph 124 of the TAC. These materials are contained within Plaintiffs' prior document production, including social-media posts, videos, and related correspondence reflecting the incitement and harassment referenced in the Complaint. Plaintiffs believe this production provides representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive statements or materials become known or available.

**Interrogatory No. 10** IDENTIFY each "intimidating communication or threat" alleged in Paragraph 125 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The phrase "intimidating communication or threat," as used in Paragraph 125 of the Third Amended Complaint, refers to numerous messages, posts, and other online conduct by Defendants and

individuals acting in concert with or inspired by them that conveyed harassment, intimidation, or threats toward Plaintiffs and their clients. These communications occurred across multiple platforms, often anonymously, and in some cases have since been deleted or are otherwise inaccessible. Identifying each communication or threat individually would be impossible and unduly burdensome given the volume, anonymity, and constantly evolving nature of the online activity at issue. Answering subject to and without waiving these objections, Plaintiffs refer to the representative examples, screenshots, and materials already produced in discovery that illustrate the threatening and intimidating communications described in Paragraph 125 of the TAC. These materials are contained within Plaintiffs' prior document production, including social-media posts, direct messages, comments, and correspondence evidencing the harassment and threats directed at Plaintiffs and their clients. Plaintiffs believe this production provides representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive materials become known or available.

**Interrogatory No. 11**

IDENTIFY each "threat of violence" alleged in Paragraph 126 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The phrase "threat of violence," as used in Paragraph 126 of the Third Amended Complaint, refers to numerous messages, posts, and other online conduct by Defendants and individuals acting in concert with or inspired by them that conveyed harassment, intimidation, violence or threats toward Plaintiffs and their clients. These communications occurred across multiple platforms, often anonymously, and in some cases have since been deleted or are otherwise inaccessible. Identifying each communication or threat individually would be impossible and unduly burdensome given the volume, anonymity, and constantly evolving nature of the online activity at issue. Answering subject to and without waiving these objections, Plaintiffs refer to the representative examples, screenshots, and materials already produced in discovery that illustrate the threatening and intimidating communications described in Paragraph 126 of the TAC. These materials are contained within Plaintiffs' prior document production, including social-media posts, direct messages, comments, and correspondence evidencing the harassment and threats directed at Plaintiffs and their clients. Plaintiffs believe this production provides representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive materials become known or available.

**Interrogatory No. 12** IDENTIFY each "ex parte communication from the internet mob" alleged in Paragraph 128 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' possession, custody, or control.

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, if any.

**Supplemental Response:** Answering subject to and without waiving the above objections, Plaintiffs are not in possession of any responsive documents requested in the interrogatory. As Defendants should remember, the list of all communications received by the Court was raised in a status hearing before the Court. Defendants are in an equal position to obtain a transcript of the Court's comments on the ex-parte communications.

**Interrogatory No. 13** IDENTIFY the PERSONS who submitted "negative and 1 star google reviews" alleged in Paragraph 129 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' control (e.g., anonymous reviewers).
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, if any.

**Supplemental Response:** Answering subject to and without waiving the above objections, Plaintiff cannot reasonably identify the identity of the persons that left 1-star google reviews. Answering subject to this objection, See Plaintiffs_001377-1378.

**Interrogatory No. 14** IDENTIFY posts/content where Defendants allegedly encouraged disparaging content as described in Paragraph 130 of the TAC.

**Response:**
Same objections as Interrogatory No. 8.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. The phrase "posts/content where Defendants allegedly encouraged disparaging content," as used in Paragraph 130 of the Third Amended Complaint, refers to a broad and indeterminate set of online posts, videos, and messages by Defendants that invited, encouraged, or amplified disparaging, defamatory, or harassing statements about Plaintiffs and their clients. These communications occurred across multiple social media platforms and were often reposted, commented on, or otherwise magnified by Defendants' followers and third parties. Identifying each such instance individually would be impossible and unduly burdensome given the scope, anonymity, and ephemeral nature of the online conduct at issue. Answering subject to and without waiving these objections, Plaintiffs refer to the representative examples, screenshots, and materials already produced in discovery that illustrate the nature and scope of the disparaging content and Defendants' role in promoting or encouraging it, as described in Paragraph 130 of the TAC. These materials are contained within Plaintiffs' prior document production, including social-media posts, comments, and correspondence reflecting Defendants' encouragement of disparaging content. Plaintiffs believe this production provides representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive materials become known or available.

**Interrogatory No. 15** IDENTIFY the contact information for Monsters and Martians.

**Response:**
Plaintiffs object as harassing, overbroad, unduly burdensome, irrelevant, and seeking confidential third-party information.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant identifying information in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this Interrogatory as harassing, overbroad, unduly burdensome, irrelevant, and as seeking confidential and privileged third-party information, including information protected by the attorney–client privilege. Plaintiffs further object that this Interrogatory seeks information not proportional to the needs of the case and unrelated to any claim or defense. Answering subject to and without waiving these objections, Plaintiffs state that the publicly available business contact information for Monsters and Martians is info@monstersandmartians.com. Plaintiffs will not disclose additional identifying or privileged client information without client consent or further court order.

**Interrogatory No. 16** IDENTIFY all facts supporting YOUR allegation in Paragraph 133 of the TAC that Defendants conspired with third parties.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome. Plaintiffs further object to the extent this Interrogatory seeks "all facts" and attorney work product.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any.

**Supplemental Response:** Plaintiffs maintain their objections that this Interrogatory is vague, ambiguous, argumentative, overbroad, and unduly burdensome, and further object to the extent it seeks disclosure of all facts, attorney work product, and information protected by the attorney–client privilege. Plaintiffs also object that this Interrogatory seeks information beyond the scope of Rule 26(b)(1) and not proportional to the needs of the case. Answering subject to and without waiving these objections, Plaintiffs state that their investigation and search for responsive, non-privileged information are ongoing, and they will supplement this response as appropriate under Rule 26(e) upon identifying additional relevant facts or materials. Plaintiffs further refer to the non-privileged, representative documents and communications already produced in discovery that reflect Defendants' coordination and collaboration with third parties concerning Plaintiffs and the subject matter of the Third Amended Complaint.

**Interrogatory No. 17:** IDENTIFY by name, address, phone number, email, social media handle and any other identifying information all "members of the public" who were incited as a result of DAY's post (specified in paragraphs 85 & 86 of the TAC).

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and as seeking information outside Plaintiffs' personal knowledge or control. Plaintiffs further object that this Interrogatory seeks the identification of third parties, including anonymous online users, whose personal information is confidential, not reasonably obtainable, and not proportional to the needs of the case under Rule 26(b)(1). Plaintiffs also object that the request calls for speculation and seeks information not within Plaintiffs' possession, custody, or control. Answering subject to and without waiving these objections, Plaintiffs state that they do not possess

identifying information for every member of the public who was incited by Defendant Day's posts described in Paragraphs 85 and 86 of the Third Amended Complaint. The term "members of the public" refers to a large and indeterminate group of online users and followers who engaged in harassing or defamatory conduct toward Plaintiffs and their clients in response to Defendant Day's statements. Identifying each such person individually would be impossible and unduly burdensome, as many are anonymous or no longer accessible. Plaintiffs refer to the representative examples, screenshots, and other materials previously produced in discovery that reflect the nature and scope of the public's reaction to Defendant Day's posts, including comments, messages, and posts evidencing harassment or incitement. Plaintiffs believe these materials provide representative evidence responsive to this Interrogatory and will supplement as appropriate under Rule 26(e) if additional responsive information becomes available.

**Interrogatory No. 18:** IDENTIFY by name, address, phone number, email, social media handle and any other identifying information the PERSON(S) who submitted "ethics complaint(s) to the ARDC against Ms. Braun," as alleged in paragraph 92 of the TAC.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, overbroad, unduly burdensome, and seeking information that is confidential and protected from disclosure under Illinois Supreme Court Rule 766, which provides that all proceedings before the Attorney Registration and Disciplinary Commission ("ARDC") and its Administrator are confidential unless and until a formal complaint is filed and becomes public. Plaintiffs further object that the Interrogatory seeks privileged attorney–client communications, attorney work product, and confidential third-party information not proportional to the needs of the case under Rule 26(b)(1). Answering subject to and without waiving these objections, Plaintiffs state that they cannot identify or disclose the names or contact information of any individuals who may have submitted ethics complaints or related communications to the ARDC regarding Ms. Braun because such information is confidential under Rule 766 and not subject to disclosure absent authorization by the ARDC or a court order. Plaintiffs further state that they are not aware of any public filing or formal disciplinary complaint by the ARDC against Ms. Braun. Plaintiffs expressly stand on these objections and will not produce additional information responsive to this Interrogatory absent authorization from the ARDC or directive of the Court.

**Interrogatory No. 19** IDENTIFY any statements, declarations, or testimony you intend to use against Marston.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony before required under Rule 26.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, overbroad, unduly burdensome, and as premature to the extent it seeks the identification of statements, declarations, or testimony that Plaintiffs may use at trial or in future motion practice. Plaintiffs further object on the grounds that this Interrogatory seeks disclosure of attorney–client communications, attorney work product, and mental impressions of counsel regarding trial strategy and anticipated evidence, which are protected from discovery under Federal Rule of Civil Procedure 26(b)(3) and applicable privilege law. Answering subject to and without waiving these objections, Plaintiffs state that they

have not yet finalized the list of statements, declarations, or testimony they may rely upon in support of their claims against Defendant Marston. Plaintiffs will identify such materials, to the extent required, in accordance with their obligations under Rule 26(a)(3) and any applicable pretrial scheduling order. Plaintiffs expressly stand on their privilege and work-product objections and will not provide further information in response at this time.

**Interrogatory No. 20** IDENTIFY all facts supporting YOUR claim for damages as alleged in Paragraph 177 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiffs further object as premature and seeking expert testimony.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents evidencing damages, if any.

**Supplemental Response**: Plaintiffs maintain their objections that this Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that it seeks disclosure of attorney–client communications, attorney work product, and counsel's mental impressions and legal theories concerning the analysis and computation of damages, which are protected from discovery under Federal Rule of Civil Procedure 26(b)(3) and applicable privilege law. Answering subject to and without waiving these objections, Plaintiffs state that their damages continue to accrue and are based on reputational harm, loss of clients and business opportunities, emotional distress, and expenses incurred in mitigating the damage caused by Defendants' conduct. Plaintiffs' investigation and analysis of damages are ongoing, and they will supplement this response under Rule 26(e) as additional non-privileged, relevant information becomes available or as expert discovery proceeds. Plaintiffs expressly stand on their privilege and work-product objections and will not disclose privileged analyses or attorney communications regarding damages calculations.

**Interrogatory No. 21** IDENTIFY all facts supporting YOUR claim that existing and prospective clients were deterred from hiring Braun, as alleged in Paragraph 188 of the TAC.

**Response:**
Same objections as Interrogatory No. 20.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, if any, subject to a protective order where client identities are involved.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that it seeks the disclosure of attorney–client communications, attorney work product, and other confidential client information protected under the Illinois Rules of Professional Conduct and applicable privilege law. Plaintiffs also object to the extent this Interrogatory calls for speculation regarding the subjective motivations of third parties, including prospective clients, which are not within Plaintiffs' personal knowledge. Answering subject to and without waiving these objections, Plaintiffs state that following Defendants' public statements and online campaign, existing and prospective clients expressed concerns about Ms. Braun's reputation, credibility, and online exposure. Several clients and potential clients communicated to Ms. Braun that they were reluctant

to engage or continue engagement with her due to the public nature of the allegations made by Defendants and the online harassment surrounding this case. Plaintiffs further state that some clients have discontinued representation, declined to retain Ms. Braun, or expressed fear of being associated with her due to the possibility of becoming targets of Defendants' followers or online commentators. Plaintiffs' damages arising from this deterrence are ongoing, and the process of identifying additional supporting information and obtaining consent to disclose certain client communications is continuing. Plaintiffs will supplement this response as appropriate under Rule 26(e) as additional non-privileged, relevant information becomes available. Plaintiffs expressly stand on their privilege and work-product objections and will not disclose privileged or confidential attorney–client communications regarding specific clients.

**Interrogatory Nos. 22:** IDENTIFY the "work" that was "lost" from "numerous clients including, Ms. DeFord and Ms. Dempsey" as a result of the conduct alleged against DAY, as alleged in Paragraph 207 of the TAC.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that the Interrogatory seeks disclosure of confidential client information, attorney–client communications, and attorney work product, all of which are protected from discovery under the Illinois Rules of Professional Conduct and Federal Rule of Civil Procedure 26(b)(3). Plaintiffs also object that the Interrogatory calls for disclosure of information that would invade client privacy and reveal details of privileged legal work or representation unrelated to any claim or defense in this case. Answering subject to and without waiving these objections, Plaintiffs state that Ms. Braun lost or was forced to suspend professional work and engagements for several clients and projects as a direct result of Defendant Day's conduct and the subsequent online harassment campaign. This includes legal and consulting work for Alyssa DeFord (p/k/a "Bunnie XO"), Kaitlynn Dempsey (p/k/a "Demps"), and Monsters and Martians, among others. Ms. Braun's relationships with these clients were disrupted due to reputational harm, public allegations, and fear of harassment or retaliation by Defendant Day's followers and online collaborators. Plaintiffs' efforts to obtain client consent to disclose additional details of lost or suspended work are ongoing, and Plaintiffs will supplement this response as appropriate under Rule 26(e) upon obtaining such consent or as additional non-privileged information becomes available. Plaintiffs expressly stand on their attorney–client privilege and work-product objections and will not disclose privileged communications or details of client representation.

**Interrogatory Nos. 22:** Describe in detail what YOU mean by YOUR clients "distancing" themselves from YOU as a result of the conduct alleged against DAY, as alleged in Paragraph 208 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside Plaintiffs' knowledge or control.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that it seeks disclosure of confidential client information, attorney–client communications, and attorney work product, all of which are protected under the Illinois Rules of Professional Conduct and

Federal Rule of Civil Procedure 26(b)(3). Plaintiffs also object to the extent this Interrogatory calls for speculation regarding the subjective motivations or perceptions of third parties, including clients, which are not within Plaintiffs' personal knowledge. Answering subject to and without waiving these objections, Plaintiffs state that following Defendant Day's conduct and the resulting online harassment campaign, some existing and prospective clients "distanced" themselves from Ms. Braun by terminating their relationships, pausing ongoing engagements, or expressing reluctance to communicate or continue work with her. Several clients indicated concern that continued association with Ms. Braun could expose them to harassment, unwanted publicity, or online attacks by Defendant Day's followers or collaborators. Others declined to provide public support, refused to allow use of their names in professional contexts, or avoided interaction altogether to minimize their own exposure. These actions reflect the professional and reputational harm Ms. Braun suffered as a direct result of Defendant Day's statements and their online amplification. Plaintiffs' investigation into additional examples and communications reflecting this client distancing is ongoing, and Plaintiffs will supplement this response as appropriate under Rule 26(e) if additional non-privileged, relevant information becomes available. Plaintiffs expressly stand on their privilege and work-product objections and will not disclose privileged or confidential communications with clients regarding their decisions or the content of their attorney–client relationships.

**Interrogatory No. 24** IDENTIFY all facts supporting YOUR claim for "injury to business and reputation" as alleged in Paragraph 189 of the TAC.

**Response:**
Same objections as Interrogatory No. 20.
Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents in their possession, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that it seeks disclosure of attorney–client communications, attorney work product, and confidential client information protected by the Illinois Rules of Professional Conduct and Federal Rule of Civil Procedure 26(b)(3). Plaintiffs also object to the extent this Interrogatory calls for speculation about the opinions or motivations of third parties, including clients and members of the public, which are not within Plaintiffs' personal knowledge. Answering subject to and without waiving these objections, Plaintiffs state that Ms. Braun has suffered injury to her business and reputation as a result of the statements and conduct alleged in the Third Amended Complaint. The false and defamatory statements made and promoted by Defendants have caused Ms. Braun's professional reputation to be questioned by clients, colleagues, and members of the public. She has lost clients and prospective clients who no longer wished to be associated with her due to the negative publicity, fear of harassment, and the spread of misinformation concerning her ethics and professionalism. Ms. Braun has also been subjected to repeated online attacks, defamatory commentary, and targeted harassment campaigns, resulting in the loss of professional opportunities, business referrals, and goodwill. Plaintiffs' investigation and assessment of reputational and business damages are ongoing, and Plaintiffs will supplement this response as appropriate under Rule 26(e) as additional non-privileged, relevant information becomes available. Plaintiffs expressly stand on their attorney–client privilege and work-product objections and will not disclose privileged communications or confidential client information in response to this Interrogatory.

**Interrogatory No. 25** IDENTIFY the professional relationships disrupted as alleged in Paragraph 201 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information and documents sufficient to identify such relationships, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that it seeks disclosure of confidential client information, attorney–client communications, and attorney work product, all of which are protected by the Illinois Rules of Professional Conduct and Federal Rule of Civil Procedure 26(b)(3). Plaintiffs also object that the Interrogatory calls for the disclosure of sensitive client relationships and professional associations unrelated to any claim or defense in this case and implicates client privacy concerns. Answering subject to and without waiving these objections, Plaintiffs state that several of Ms. Braun's professional relationships and business engagements were disrupted as a result of the conduct alleged in the Third Amended Complaint, including relationships with Alyssa DeFord (p/k/a "Bunnie XO"), Kaitlynn Dempsey (p/k/a "Demps"), and Monsters and Martians, among others. These relationships were impacted due to reputational harm, fear of online harassment, and concerns about continued association with Ms. Braun amid the negative publicity and coordinated online attacks. The process of obtaining consent from additional clients and professional contacts to disclose their identities is ongoing, and Plaintiffs will supplement this response as appropriate under Rule 26(e) as additional non-privileged, relevant information becomes available or as client consent is received. Plaintiffs expressly stand on their attorney–client privilege and work-product objections and will not disclose privileged communications or confidential client information without client consent or court order.

**Interrogatories Nos. 26–41**

**Response to Each:**
Plaintiffs object to Interrogatories Nos. 26 through 41 on the ground that they exceed the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1), which limits each party to 25 interrogatories, including discrete subparts, absent stipulation or leave of Court. Defendant has neither obtained leave nor Plaintiffs' consent. Plaintiffs therefore decline to provide substantive responses.

_____

*Jeanette M. Braun*

Dated: November 11, 2025                    Respectfully submitted,

*/s/ Benjamin C.R. Lockyer*
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com
(773) 340-0011

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS BRAUN AND BRAUN IP LAW LLC'S
SUPPLEMENTAL RESPONSE TO DEFENDANT KRISTA CARTER'S
<u>FIRST SET OF INTERROGATORIES</u>**

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Krista Carter's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information

protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

### General Objections

1. Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2. Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4. Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an

appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and The Travel Channel RELATING TO CARTER and/or CARTER'S posts on the PLATFORMS.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of "all communications" with The Travel Channel, much of which would be cumulative of documents. Plaintiffs further object to the extent the Interrogatory seeks information not within Plaintiffs' possession, custody, or control.

Subject to and without waiving objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect communications with The Travel Channel responsive to this Interrogatory. To the extent such documents are produced, they shall constitute Plaintiffs' response.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiffs are not in possession of any communications or documents that are responsive to the above request.

**Interrogatory No. 2** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and Pair Eyewear RELATING TO CARTER and/or CARTER'S posts on the PLATFORMS.

**Response:**
Same objections as Interrogatory No. 1.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect communications with Pair Eyewear.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiffs are not in possession of any communications or documents that are responsive to the above request.

**Interrogatory No. 3** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the podcast deal" company (as alleged in Paragraph 43 of the TAC) RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiffs object as vague and ambiguous in its reference to "the podcast deal," overbroad, unduly burdensome, and disproportionate. Plaintiffs further object to the extent this Interrogatory seeks information not in Plaintiffs' possession, custody, or control.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect such communications.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiffs are not in possession of any communications or documents that are responsive to the above request.

**Interrogatory No. 4** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the brand endorsement contracts" company(ies) RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiffs object as vague and ambiguous as to "brand endorsement contracts," overbroad, unduly burdensome, and disproportionate. Plaintiffs further object to the extent responsive information may be in the possession of third parties.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect such communications.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiffs are not in possession of any communications or documents that are responsive to the above request.

**Interrogatory No. 5** IDENTIFY all facts that support YOUR allegation in Paragraph 55 of the TAC that "Carter's statements were designed to incite her fanbase against Defendant Braun," including the identity of the fans so incited.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts" or identification of "fans," which is disproportionate to the needs of the case and calls for speculation. Plaintiffs further object to the extent this Interrogatory seeks disclosure of attorney work product or trial strategy.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that contain the facts supporting the allegation in Paragraph 55 of the TAC.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiffs search for responsive documents is still ongoing, and thus Plaintiffs reserve the right to supplement this response. Plaintiff further objects that it is unduly burdensome for them to identify all facts upon which they rely upon and offer a deposition on this topic. Answering subject to, See Plaintiffs_000001-001373.

**Interrogatory No. 6** IDENTIFY all COMMUNICATIONS by and between YOU and PROPSON RELATING TO the Wellness Check calls performed on CARTER on November 5, 2023.

**Response:**
Plaintiffs object as irrelevant, harassing, overbroad, and unduly burdensome. Plaintiffs further object to the extent this Interrogatory seeks privileged attorney-client communications.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will not produce documents or provide a response to this interrogatory.

**Interrogatory No. 7** IDENTIFY all COMMUNICATIONS by and between YOU and PROPSON RELATING TO the cease and desist letter sent to CARTER on November 6, 2023.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and seeking privileged attorney-client communications.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will not produce documents or provide a response to this interrogatory.

**Interrogatory No. 8** Describe all efforts YOU undertook in making a determination that CARTER'S content did not constitute "fair use," including any opinion of counsel letter, prior to YOUR submission of takedown requests.

**Response:**

Plaintiffs object as overbroad, vague, and seeking disclosure of attorney-client communications and attorney work product. Plaintiffs further object as irrelevant to the claims or defenses in this case.

Subject to and without waiving objections, Plaintiffs state that they undertook a review of the content in question. To the extent further responsive information exists, Plaintiffs will not produce or provide any information in response to this request.

**Interrogatory No. 9** IDENTIFY any statements, declarations, or testimony that YOU have obtained and intend to use to support any of the allegations and/or claims against CARTER.

**Response:**

Plaintiffs object as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony before required by Rule 26(a) disclosures and scheduling orders.

Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiffs will produce non-privileged, relevant documents in their possession, if any, that reflect such statements, declarations, or testimony.

**Supplemental Response:** Subject to and without waiving any objections, Plaintiffs are still in the process of finding persons that are willing to testify against the Defendants. Due to the Defendants campaign to defame and ruin the reputation of Plaintiffs, many of Plaintiffs witnesses and supporters are afraid to involve themselves in the case due to risk of public attack by the Defendants and their supporters. Due to this, Plaintiffs reserve the right to supplement this request. Answering subject to, Plaintiff are not in possession of any statements or declarations responsive to this request at this time.

**Interrogatory No. 10** IDENTIFY every social media or messaging account YOU used at any time from October 1, 2023 to the present.

**Response:**

Plaintiffs object as overbroad, unduly burdensome, and irrelevant to the claims or defenses in this case. Plaintiffs further object that the Interrogatory seeks disclosure of private information beyond the proper scope of discovery.

Subject to and without waiving objections, Plaintiff is the owner of the social media account @braunlaw on TikTok and @braun.law on Instagram.

**Interrogatory No. 11** For each account identified in Interrogatory No. 10, IDENTIFY every person who had access to the account from October 1, 2023 to the present.

**Response:**

Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking disclosure of private information outside the scope of discovery.

Subject to and without waiving objections, Plaintiff Jeanette Braun had access to the accounts identified in Interrogatory No. 10.

**Interrogatory No. 12** For each response to the Requests for Admission that is not an unqualified admission, IDENTIFY all facts, persons, and documents supporting the denial.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all facts" or attempts to convert each denial into a full narrative or document production. Plaintiffs further object that the Interrogatory is premature and seeks attorney work product.

Subject to and without waiving objections, will not produce any information in response to this request.

_____

*Jeanette M. Braun*

Dated: November 10, 2025                    Respectfully submitted,

*/s/ Benjamin C.R. Lockyer*
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com
(773) 340-0011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF LAUREN PROPSON'S SUPPLEMENTAL RESPONSE TO
DEFENDANT KRISTA CARTER'S FIRST SET OF INTERROGATORIES**

Plaintiffs Lauren Propson ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Krista Carter's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

## General Objections

1. Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2. Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4. Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it

2

assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1** IDENTIFY all facts that support YOUR allegation in Paragraph 32 of the TAC that "Upon information and belief, Defendant Carter's motive and intent behind these posts were to tarnish and damage Ms. Propson's reputation while boosting her own social media career."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiff will produce non-privileged, relevant information and documents in her possession, if any.

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts supporting her claim that Carter intended to tarnish and damage Propson's career is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Propson's investigation is still ongoing and thus

reserves the right to supplement this interrogatory. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

**Interrogatory No. 2** IDENTIFY the "pro-LGBTQ and pro-trans rights content" that are referenced in YOUR allegation in Paragraph 34 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects that the requested information may be in the possession of third-party platforms.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplement Response:** Answering subject to and without waiving any objections, Plaintiff Propson is still in the process of searching for relevant documents that support her claim. Plaintiff reserves the right to supplement this response. See Plaintiffs_001374-1376.

**Interrogatory No. 3** IDENTIFY all "evidence contradicting her [CARTER] transphobia claims," as alleged in Paragraph 36 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and argumentative.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

**Supplemental Response:** Answering subject to the above objections, Plaintiff Propson's search for responsive materials is ongoing, and thus reserves the right to supplement this request. See Plaintiffs_001374-1376.

**Interrogatory No. 4** IDENTIFY all instances, by name of follower(s), date, time, and method, wherein "Defendant Carter actively engaged with and further incited her fans and the general public," as alleged in Paragraph 37 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and seeking speculative identification of third parties outside Plaintiff's control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying every instance by follower, including the date, time, name and method is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

**Interrogatory No. 5** IDENTIFY all facts that support YOUR allegation in Paragraph 38 of the TAC that "Upon information and belief, Defendant Carter made her false statements to tarnish Ms. Propson's reputation and career as a social media influencer."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

**Supplemental Response:** Answering subject to the above objections, Plaintiff's search for relevant documents is still ongoing. Plaintiff reserves the right to supplement this request.

**Interrogatory No. 6** IDENTIFY all facts that support YOUR allegation in Paragraph 39 of the TAC that "Upon information and belief, Defendant Carter accused Ms. Propson of being transphobic in an attempt to incite pro-LGBTQ community members to engage in a cancel culture campaign."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and documents in her possession, if any.

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts to show that Defendant Carter intended to incite the LGBTQ+ community is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

**Interrogatory No. 7** IDENTIFY by name of follower(s), social media name/handle, date, time, and method, each of the "pro-LGBTQ community members [who] engaged in a cancel culture campaign against Ms. Propson," as alleged in Paragraph 39 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside Plaintiff's knowledge or control (e.g., anonymous individuals).
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying members who engaged in the cancel culture campaign by name, date, time, and method is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172,

193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

**Interrogatory No. 8** IDENTIFY the "multiple posts, comments, and blog articles" referenced in YOUR allegation in Paragraph 41 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects that responsive information may be in the possession of third-party platforms.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying blog posts, comments, and posts is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1330.

**Interrogatory No. 9** IDENTIFY all facts supporting YOUR allegation in Paragraph 42 of the TAC that "The impact of this allegation caused Ms. Propson immediate and irreparable harm to her reputation."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any, subject to a protective order being entered.

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts showing that she suffered immediate and irreparable harm to her reputation is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1330.

**Interrogatory No. 10** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and The Travel Channel RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of The Travel Channel.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving the above objections, See Plaintiffs_001349-1357.

**Interrogatory No. 11** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and The Travel Channel RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to the above objections, Plaintiff Propson is not in possession of any documents or information that is responsive to this request.

**Interrogatory No. 12** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and Pair Eyewear RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of Pair Eyewear.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering to the above objections, Plaintiff Propson did not receive any direct communications from Pair Eyewear and received notice through a Reddit post. See Plaintiffs_001371.

**Interrogatory No. 13** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and Pair Eyewear RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, sufficient to respond to this request subject to a protective order being entered.

**Supplemental Response:** Answering subject to the above objections, Plaintiff Propson is not in possession of any documents or information that is responsive to this request.

**Interrogatory No. 14** IDENTIFY the company that was intended to be part of "the podcast deal" and the terms of the deal.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and documents sufficient to identify the podcast company and terms, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving the above objections, the name of the company for the podcast deal was "Human Content". See Plaintiffs_1369-1370.

**Interrogatory No. 15** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the podcast deal" company RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of third parties.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff Propson is not in possession of any documents that are responsive to this request.

**Interrogatory No. 16** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and "the podcast deal" company RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff Propson is not in possession of any documents that are responsive to this request.

**Interrogatory No. 17** IDENTIFY the company(ies) that were intended to be part of "the brand endorsement contracts" and the terms of those contracts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents sufficient to identify such companies and contracts, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff maintains its objection that Defendants request for Plaintiff to identify all companies copied on all communications relating to brand deals is unduly burdensome and overly vague. Plaintiff provides the following documents in response to this request, see Plaintiffs_001349-1372.

**Interrogatory No. 18** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the brand endorsement contracts" companies RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to

the extent the requested communications may be in the possession of third parties.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff maintains its objection that Defendants request for Plaintiff to identify all person copied on all communications is unduly burdensome. Plaintiff provides the following documents in response to this request, see Plaintiffs_001349-1372.

**Interrogatory No. 19** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and "the brand endorsement contracts" companies RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff Propson is not in possession of any documents that are responsive to this request.

**Interrogatory No. 20** IDENTIFY all facts supporting YOUR claim for damages for lost opportunities, agreements or prospective agreements arising out of any conduct alleged against CARTER.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that this Interrogatory prematurely seeks damages computations.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff maintains its objection that Defendants request for Plaintiff to identify all facts she is relying on is unduly burdensome. Plaintiff's investigation for responsive documents is ongoing and thus reserves the right to supplement this request. Plaintiff provides the following documents in response to this request, see Plaintiffs_001349-1372.

**Interrogatory No. 21** IDENTIFY the specific "comments" referenced in YOUR allegation in Paragraph 48 of the TAC that "Fans of Defendant Carter's commented on The Travel Channel's posts accusing Ms. Propson of being transphobic."

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplemental Response:** Answering subject to and without waiving the above objections, Plaintiff Propson is in the process of identifying responsive documents to this request and reserves the right to supplement this request. Plaintiff Propson represents that negative posts were deleted by the Travel Channel, and objects that this request seeks documents not in her possession.

**Interrogatory No. 22** IDENTIFY all facts that support YOUR allegation in Paragraph 55 of the TAC that "Carter's statements were designed to incite her fanbase against Defendant Braun," including the identity of the fans so incited.

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts showing that Carter's statements were intended to incite her fanbase is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001.

**Interrogatory No. 23** IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being a TERF.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and argumentative. Plaintiff further objects that this Interrogatory mischaracterizes Plaintiff's statements and improperly shifts the burden of proof.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any.

**Supplemental Response:** Plaintiff maintains her above objections and her general objection to the relevance of this request. As such, Plaintiff will not produce documents in response to this request, because Plaintiff Propson's private communications with third-parties are not relevant to Defendant Carter's knowledge, motive, or intent in making her public statements that Lauren the Mortician was a TERF.

**Interrogatory No. 24** IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being homophobic and/or transphobic.

**Response:**
Same objections as Interrogatory No. 23.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any.

**Supplemental Response:** Plaintiff maintains her above objections and her general objection to the relevance of this request. As such, Plaintiff will not produce documents in response to this request, because Plaintiff Propson's private communications with third-parties are not relevant to Defendant Carter's knowledge, motive, or intent in making her public statements that Lauren the Mortician was a TERF

**Interrogatory No. 25** IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being an "anti-vaxxer."

**Response:**
Plaintiff objects to this request as not relevant to any of the claims or defenses in this matter. Plaintiff also objects to this request as vague, ambiguous, overbroad, unduly burdensome, and argumentative. Plaintiff further objects that this Interrogatory mischaracterizes Plaintiff's statements and improperly shifts the burden of proof.
Subject to and without waiving objections, Plaintiff will not produce any information or documents in response to this request.

**Objection to Interrogatories Exceeding FRCP 33(a)**

**Interrogatories Nos. 26–40**

**Response to Each:**
Plaintiff objects to Interrogatories Nos. 26 through 40 on the ground that they exceed the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1), which limits each party to 25 interrogatories, including discrete subparts, absent stipulation or leave of Court. Defendant has neither sought leave of Court nor obtained Plaintiff's consent. Plaintiff therefore declines to provide substantive responses to these Interrogatories.

_____

*Lauren Propson*

Dated: November 10, 2025                                        Respectfully submitted,

_/s/ Benjamin C.R. Lockyer_____
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com
(773) 340-0011

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT REBEKAH DAY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through their undersigned counsel, hereby respond to Defendant Rebekah Day's First Requests for Production of Documents, subject to and without waiving the general and specific objections set forth below.

These responses are made solely for the purposes of this litigation. By responding to these Requests, Plaintiffs do not concede the relevance, admissibility, or materiality of any requested documents. Nothing in these responses shall be deemed an admission by Plaintiffs for any purpose other than this action.

Plaintiffs object to each Request to the extent it seeks information or documents that are beyond the scope of permissible discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs further object to each Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

The responses herein reflect information and documents reasonably available to Plaintiffs after a diligent search and reasonable inquiry. Plaintiffs reserve the right to supplement or amend these responses if additional information or documents become available.

To the extent Plaintiffs agree to produce documents in response to a Request, such production will be limited to non-privileged documents within their possession, custody, or control, and subject to any applicable protective orders entered in this case.

## GENERAL OBJECTIONS

1. Plaintiffs object to each and every Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, or not reasonably limited in scope or time.

2. Plaintiffs object to each Request to the extent it seeks information not relevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Plaintiffs object to each Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

4. Plaintiffs object to each Request to the extent it seeks confidential, private, proprietary, or commercially sensitive information, including client identities, unless subject to a protective order.

5. Plaintiffs object to each Request to the extent it assumes facts not established, mischaracterizes the allegations in the Third Amended Complaint ("TAC"), or seeks to impose obligations beyond those required by the Federal Rules.

6. Plaintiffs reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## RESPONSES

**Request for Production No. 1**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and the ARDC, on the other hand.

**Response:**
Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking confidential information protected under Illinois Supreme Court rules governing ARDC proceedings. Plaintiffs further object to the extent the requested communications may be in the possession of the ARDC, a third party. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any, and subject to the entry of an appropriate protective order.

**Supplemental Response:**

Plaintiffs maintain their objection that this Request is overbroad, unduly burdensome, and seeks confidential information protected under Illinois Supreme Court Rule 766, which governs the confidentiality of ARDC communications and investigatory materials. ARDC files, communications, inquiries, and investigative records are not public, and Plaintiffs are not permitted to disclose them absent ARDC authorization.

Subject to these objections, Plaintiffs have produced ARDC non-confidential documents actually in their possession—namely, the the ARDC's written notices closing each investigation, located at: Plaintiffs_000341, 523, 574, 588, 738, 824–828, 839–842, 922–923, 1044–1047, 1203–1206, 1253–1259.

After a reasonable search, Plaintiffs have no additional non-privileged ARDC communications in their possession, and will not produce confidential ARDC materials that Rule 766 prohibits from disclosure. Plaintiffs will supplement only as required by Rule 26(e).

**Request for Production No. 2**

All DOCUMENTS YOU provided to the ARDC in response to any inquiry or investigatory demand.

**Response:**
Same objections as No. 1. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any, and subject to a protective order.

**Supplemental Response:**
Plaintiffs maintain their objection that this Request seeks confidential ARDC investigatory materials protected under Illinois Supreme Court Rule 766. Materials submitted to the ARDC in

an investigatory context are confidential by rule and need not, and ethically may not, be disclosed in civil discovery unless the ARDC itself releases them.

To the extent additional documents were submitted to the ARDC, those materials are confidential ARDC records, not discoverable here, and are not permitted to be disclosed by operation of Rule 766.

After a reasonable search and diligent inquiry, Plaintiffs have no further non-privileged materials in their possession responsive to this Request.

**Request for Production No. 3**

All DOCUMENTS that support YOUR allegations in Paragraph 71 of the TAC that "Upon information and belief, Defendant Day learned of Ms. Braun's representations by communicating with a stalker that Ms. Dempsey has obtained numerous protective orders against [sic]."

**Response:**
Plaintiffs object as vague, ambiguous, and seeking privileged attorney work product. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any, and subject to a protective order.

**Supplemental Response:**
Subject to and without waiving these objections, Plaintiffs state that they possess two non-privileged documents that relate to the allegation in Paragraph 71 of the TAC:

1. Plaintiffs_001253–1254, an ARDC complaint referencing Defendant Day's communications regarding Ms. Braun; and
2. BD00527-528, a message produced by Defendant Day in discovery reflecting her communications on this topic.

These documents have been produced previously. After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents in their possession responsive to this Request. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 4**

All DOCUMENTS that support YOUR allegations in Paragraph 80 of the TAC that DAY sought to "incite her fans to become an angry mob and engage in a harassment campaign against Ms. Braun and her past clients that are social media influencers."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and argumentative. Plaintiffs further object to the extent requested materials may be in the possession of third parties such as Day's followers.

4

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, in their possession, custody, or control, and subject to a protective order.

**Supplemental Response:**
Subject to and without waiving the above objections, Plaintiffs state that they have produced representative, non-privileged documents in their possession that reflect online hostility, negative commentary, and reactions following Defendant Day's statements, which relate to the allegation in Paragraph 80 of the TAC. These materials are located at: Plaintiffs_000001–522, 580–654, 847, 854–864, 883–941.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 5**

All DOCUMENTS that support YOUR allegations in Paragraph 81 of the TAC that "Defendant Day's harassment campaign has had detrimental effects on Ms. Braun, her former clients, her practice, and has caused emotional distress and harm to Ms. Braun."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking privileged information. Plaintiffs further object to the extent requested communications may be in the possession of third parties, including former clients. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, and subject to a protective order.

**Supplemental Response:**
Subject to and without waiving the above objections, Plaintiffs state that "detrimental effects" and emotional harm referenced in Paragraph 81 of the TAC are supported by representative, non-privileged screenshots and documents in Plaintiffs' possession that reflect online hostility, negative commentary, and the impact of Defendant Day's conduct. These materials are located at: Plaintiffs_000001–522, 580–654, 847, 854–864, 883–941. After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 6**

DOCUMENTS sufficient to identify each client that YOU contend was lost as a result of DAY's alleged conduct.

**Response:**
Plaintiffs object as vague, overbroad, and seeking disclosure of confidential client information. Plaintiffs further object to the extent requested information may be in the possession of third parties (i.e., clients themselves). Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify affected clients, subject to a protective order.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages theory has been narrowed and she does not intend to seek damages based on the loss of any confidential or privileged client relationships. Plaintiff Braun cannot disclose the identities of clients whose matters are privileged or confidential, and therefore cannot produce documents that would identify such clients or their legal matters.

Plaintiffs have produced all non-privileged financial and invoice records relating to business opportunities Plaintiff Braun is ethically permitted to identify, and those documents appear at: Plaintiffs_001349–1357; 1364–1371; 1767–1769; 1771–1772; 1837–1843; 1855–1881.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 7**

All DOCUMENTS that support YOUR allegations in Paragraph 82 of the TAC that "Defendant Day has made unsolicited communications to Ms. Braun's client in attempts to obtain disparaging information."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking privileged information. Plaintiffs further object to the extent the requested communications may be in the possession of third parties, including clients. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:**

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun cannot disclose the identities or communications of her clients (including any clients who may have received unsolicited communications from Defendant Day) as such information is privileged and confidential under Rule 1.6 and protected by the attorney–client privilege and work-product doctrine. To the extent such communications occurred, they would have been received directly by those clients and/or by Defendant Day, and therefore are equally or more likely to be within Defendant Day's possession, custody, or control. Plaintiffs do not possess any non-privileged documents supporting this allegation.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 8**

DOCUMENTS sufficient to identify each of YOUR clients that YOU contend DAY has made "unsolicited communications…in an effort to obtain disparaging information," as alleged in Paragraph 82 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and seeking disclosure of confidential client information. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, subject to a protective order.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun cannot disclose the identities or communications of any clients who may have received unsolicited communications from Defendant Day, as that information is confidential and privileged. Moreover, to the extent any such communications occurred, they would have been sent directly to those clients and/or to Defendant Day, and therefore would be equally or more likely to be in Defendant Day's possession, custody, or control, not in Plaintiff Braun's.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 9**

All DOCUMENTS that support YOUR allegations in Paragraph 83 of the TAC that "On March 21, 2024, Defendant Day contacted one of Ms. Braun's clients knowing that the person was one of Ms. Braun's clients."

**Response:**
Plaintiffs object as vague, overbroad, and seeking client-confidential information. Plaintiffs further object to the extent responsive information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that any communications alleged in Paragraph 83 of the TAC would have been sent directly by Defendant Day to the client at issue and are therefore equally or more likely to be in Defendant Day's possession, custody, or control, not Plaintiff Braun's. Plaintiff Braun cannot disclose client identities or client communications related to this allegation, as such information is confidential and privileged. After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 10**

All DOCUMENTS that support YOUR allegations in Paragraph 83 of the TAC that "Defendant Day is contacting Ms. Braun's clients to possibly intimidate them, interfere with their contract with Ms. Braun for legal representation, and/or to collect a statement to publish to social media for more likes and follows."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking disclosure of confidential client communications. Plaintiffs further object to the extent the requested documents may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that any communications alleged in Paragraph 83 of the TAC would have been sent directly by Defendant Day to Ms. Braun's clients and therefore would be equally or more likely to be in Defendant Day's possession, custody, or control. Plaintiff Braun cannot disclose confidential client identities or client communications relating to such allegations, as doing so would violate ethical confidentiality and privilege. After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 11**

DOCUMENTS sufficient to identify each of YOUR clients that YOU contend DAY has contacted to "possibly intimidate them, interfere with their contract with Ms. Braun for legal representation, and/or to collect a statement to publish to social media for more likes and follows," as alleged in Paragraph 83 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, subject to a protective order.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun cannot disclose client identities or any client communications potentially implicated by the allegations in Paragraph 83 of the TAC, as doing so would violate ethical confidentiality and privilege. Moreover, to the extent Defendant Day contacted any client, such communications would be in Defendant Day's possession and/or in the possession of those clients; not in Plaintiff Braun's.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 12**

All DOCUMENTS that support YOUR allegations in Paragraph 85 of the TAC that DAY falsely claimed the ARDC confirmed receiving "multiple credible complaints" about Plaintiff Braun and assigned "multiple attorneys" to investigate her.

**Response:**
Plaintiffs object as vague, ambiguous, and argumentative. Plaintiffs further object to the extent the requested information may be in the possession of third parties such as the ARDC. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that they do not possess any documents supporting the allegation in Paragraph 85 of the TAC. The only document known to Plaintiffs that relates to Defendant Day's claim about alleged ARDC statements is a document in Defendant Day's possession, which she produced under the title: "Jan. 8th 2024 Call with The ARDC." Plaintiffs expressly object to the characterization, title, or implied evidentiary value of this document and do not adopt, concede, or stipulate to the accuracy of any label or description assigned by Defendant Day.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession, custody, or control. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 13**

All DOCUMENTS that support YOUR allegations in Paragraph 87 of the TAC that "Defendant Day's statement that the ARDC told her that it received 'multiple credible complaints about Jeanette Braun and they have assigned multiple attorneys to investigate this matter' is false and did not occur."

**Response:**
Same objections as No. 12. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objections that this Request is vague, ambiguous, overbroad, and seeks information that is confidential under Illinois Supreme Court Rule 766, which prohibits disclosure of ARDC investigatory materials. Plaintiffs further object that the Request seeks documents outside Plaintiffs' possession, custody, or control, including materials maintained solely by the ARDC or by Defendant Day herself. Subject to and without waiving these objections, Plaintiffs state that they do not possess any documents supporting or refuting the statement attributed to Defendant Day in Paragraph 87 of the TAC. The only document known to Plaintiffs that relates to Defendant Day's assertion is a document already in Defendant Day's possession, which she produced under the title:

"Jan. 8th 2024 Call with The ARDC."

9

Plaintiffs expressly object to the use, wording, and characterization of this title and do not concede that the document accurately reflects any ARDC communication or has any evidentiary value.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession, custody, or control. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 14**

All DOCUMENTS that support YOUR allegations in Paragraph 88 of the TAC that "Upon information and belief, the ARDC did not comment or provide information to Defendant Day about its investigation or other complaints made against Ms. Braun."

**Response:**
Same objections as Nos. 12–13. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

**Supplemental Response: Supplemental Response:** Plaintiffs maintain their objections that this Request is vague, ambiguous, overbroad, and seeks information that is confidential under Illinois Supreme Court Rule 766, which prohibits disclosure of ARDC investigatory materials. Plaintiffs further object that the Request seeks documents outside Plaintiffs' possession, custody, or control, including materials maintained solely by the ARDC or by Defendant Day herself. Subject to and without waiving these objections, Plaintiffs state that they do not possess any documents supporting or refuting the statement attributed to Defendant Day in Paragraph 88 of the TAC. The only document known to Plaintiffs that relates to Defendant Day's assertion is a document already in Defendant Day's possession, which she produced under the title:

"Jan. 8th 2024 Call with The ARDC."

Plaintiffs expressly object to the use, wording, and characterization of this title and do not concede that the document accurately reflects any ARDC communication or has any evidentiary value.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession, custody, or control. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 15**

All DOCUMENTS that support YOUR allegations in Paragraph 91 of the TAC that "Upon information and belief, Defendant Day made this statement with actual malice in that she either knew the statement's falsity and had a reckless disregard for the truth."

**Response:**
Plaintiffs object as vague, ambiguous, and argumentative. Plaintiffs further object to the extent the requested information may include privileged work product. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks information not relevant to any claim or defense under Rule 26(b)(1). Whether Defendant Day intended to incite others to file ARDC complaints concerns Defendant Day's own intent and conduct, and any documents relevant to that issue are therefore in Defendant Day's possession, not Plaintiffs'.

Plaintiffs further state that the allegation in Paragraph 92 is supported by Defendant Day's own public posts and statements, including posts encouraging her followers to file ARDC complaints against Plaintiff Braun, despite lacking any documentation supporting her claim that the ARDC had found "multiple credible complaints" or "assigned multiple attorneys."

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Accordingly, no documents will be produced. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 16**

All DOCUMENTS that support YOUR allegations in Paragraph 92 of the TAC that "Upon information and belief, Defendant Day made this statement to incite and encourage the public to make ethics complaints to the ARDC against Ms. Braun."

**Response:**
Same objections as No. 15. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks information not relevant to any claim or defense under Rule 26(b)(1). Whether Defendant Day intended to incite others to file ARDC complaints concerns Defendant Day's own intent and conduct, and any documents relevant to that issue are therefore in Defendant Day's possession, not Plaintiffs'.

Plaintiffs further state that the allegation in Paragraph 92 is supported by Defendant Day's own public posts and statements, including posts encouraging her followers to file ARDC complaints against Plaintiff Braun, despite lacking any documentation supporting her claim that the ARDC had found "multiple credible complaints" or "assigned multiple attorneys."

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Accordingly, no documents will be produced. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 17**

DOCUMENTS, including COMMUNICATIONS, sufficient to identify all "members of the public" who were incited as a result of DAY's post (specified in Paragraphs 85 & 86 of the TAC).

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples, if any, subject to a protective order.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiffs state that the members of the mob referenced in Paragraphs 85-86 of the TAC are supported by representative, non-privileged screenshots and documents in Plaintiffs' possession that reflect online hostility, negative commentary, and the impact of Defendant Day's conduct. These materials are located at: Plaintiffs_000001–522, 580–654, 847, 854–864, 883–941. After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 18**

DOCUMENTS, including COMMUNICATIONS, sufficient to identify the date, time, content, and person(s) who submitted "ethics complaint(s) to the ARDC against Ms. Braun," as alleged in Paragraph 92 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and seeking information that may be confidential and in the possession of the ARDC. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks information that is confidential under Illinois Supreme Court Rule 766, which prohibits disclosure of ARDC investigatory materials, including the identity of complainants, dates, content, or details of ethics complaints. Plaintiffs further object that this Request seeks documents outside Plaintiffs' possession, custody, or control, as ARDC complaint submissions and related metadata (date, time, identity of submitter, and contents) are maintained exclusively by the ARDC.

Subject to and without waiving these objections, Plaintiffs state that they do not possess any documents identifying the date, time, content, or identities of individuals who submitted ARDC complaints referenced in Paragraph 92 of the TAC. The ARDC, not Plaintiffs, maintains sole custody of such information, and Plaintiffs are not permitted to disclose ARDC investigatory materials even if they existed in their possession.

The only non-privileged ARDC-related documents in Plaintiffs' possession, which have already been produced, consist of ARDC complaint copies and closure letters, located at:

Plaintiffs_000341, 523, 574, 588, 738, 824–828, 839–842, 922–923, 1044–1047, 1203–1206, 1253–1259.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 19**

DOCUMENTS, including COMMUNICATIONS, sufficient to identify the date, time, content, and person(s) who submitted "complaint(s) to the ARDC and requested the ARDC to investigate Ms. Braun," as alleged in Paragraph 93 of the TAC.

**Response:**
Same objections as No. 18. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks information that is confidential under Illinois Supreme Court Rule 766, which prohibits disclosure of ARDC investigatory materials, including the identity of complainants, dates, content, or details of ethics complaints. Plaintiffs further object that this Request seeks documents outside Plaintiffs' possession, custody, or control, as ARDC complaint submissions and related metadata (date, time, identity of submitter, and contents) are maintained exclusively by the ARDC.

Subject to and without waiving these objections, Plaintiffs state that they do not possess any documents identifying the date, time, content, or identities of individuals who submitted ARDC complaints referenced in Paragraph 93 of the TAC. The ARDC, not Plaintiffs, maintains sole custody of such information, and Plaintiffs are not permitted to disclose ARDC investigatory materials even if they existed in their possession.

The only non-privileged ARDC-related documents in Plaintiffs' possession, which have already been produced, consist of ARDC complaint copies and closure letters, located at: Plaintiffs_000341, 523, 574, 588, 738, 824–828, 839–842, 922–923, 1044–1047, 1203–1206, 1253–1259.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 20**

DOCUMENTS sufficient to identify the "one attorney" assigned by the ARDC to investigate YOU, as alleged in Paragraph 99 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and seeking confidential ARDC information not in

Plaintiffs' control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks information that is confidential under Illinois Supreme Court Rule 766, which prohibits disclosure of ARDC investigatory materials, including the identity of complainants, dates, content, or details of ethics complaints. Plaintiffs further object that this Request seeks documents outside Plaintiffs' possession, custody, or control.

The ARDC, not Plaintiffs, maintains sole custody of such information, and Plaintiffs are not permitted to disclose ARDC investigatory materials even if they existed in their possession.

The only non-privileged ARDC-related documents in Plaintiffs' possession, which have already been produced, consist of ARDC complaint copies and closure letters, located at: Plaintiffs_000341, 523, 574, 588, 738, 824–828, 839–842, 922–923, 1044–1047, 1203–1206, 1253–1259.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 21**

DOCUMENTS sufficient to identify the "professional relationships with clients, including content creators, influencers, and online entrepreneurs" that YOU contend were disrupted, as alleged in Paragraph 201 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and seeking disclosure of confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify affected relationships, subject to a protective order.

**Supplemental Response:**
Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks disclosure of confidential attorney–client information protected under Illinois Rule of Professional Conduct 1.6 and the attorney–client privilege. Plaintiffs further object that the Request seeks documents outside Plaintiffs' possession, custody, or control, including communications maintained by clients themselves.

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages theory has been narrowed and she is not seeking damages based on the loss of confidential attorney–client relationships she cannot ethically identify. Plaintiff Braun's damages are limited to lost gross revenue (supported by tax returns and invoices) and reputational harm.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 22**

All DOCUMENTS supporting YOUR allegation in Paragraph 207 of the TAC that "As a proximate cause of the Defendants' smear campaign and Defendant Day and Defendant Marston's false and defamatory statements, Plaintiff Braun and Braun Law lost work from numerous clients including Ms. DeFord and Ms. Dempsey."

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent responsive information may be in the possession of clients or other third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks confidential client information and privileged communications. Plaintiffs further object that the Request seeks documents outside Plaintiffs' possession, custody, or control, including any internal records of clients referenced.

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages are based on lost gross revenue, supported by redacted tax returns and invoices in her possession, and not on broad, client-specific disclosures prohibited by Rule 1.6. Plaintiff Braun has produced all non-privileged financial documentation available to her that reflects disrupted work for clients she is ethically able to identify. These materials are located at: Plaintiffs_001349–1357; 1364–1371; 1767–1769; 1771–1772; 1837–1843; 1855–1881.

After a reasonable search, Plaintiffs have no additional non-privileged documents responsive to this Request. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 23**

DOCUMENTS sufficient to identify the "work" that was "lost" from "numerous clients including Ms. DeFord and Ms. Dempsey" as a result of the conduct alleged against DAY, as alleged in Paragraph 207 of the TAC.

**Response:**
Same objections as No. 22. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to show lost work, subject to a protective order.

**Supplemental Response:**
Plaintiffs maintain their objections that this Request is vague, ambiguous, overbroad, and seeks privileged attorney–client information, including confidential details of legal matters that Plaintiff Braun is prohibited from disclosing under Rule 1.6. Plaintiffs further object that the Request seeks materials outside Plaintiffs' possession or control.

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages are measured by lost gross revenue, not detailed descriptions of specific legal tasks performed

for clients. Plaintiff Braun has produced all non-privileged financial and invoice documentation in her possession that reflects work disruption for clients she is ethically able to identify. These materials are contained in: Plaintiffs_001377-1383; 1762-1766, 1770–1773.

Plaintiffs have no additional non-privileged documents responsive to this Request.

**Request for Production No. 24**

DOCUMENTS sufficient to identify what YOU mean by YOUR clients "distancing" themselves from YOU as a result of the conduct alleged against DAY, as alleged in Paragraph 208 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, and overbroad, and seeks confidential attorney–client information protected by Rule 1.6, as well as privileged communications. Plaintiffs further object that any communications evidencing "distancing" or hesitation by clients would be in the possession of those clients, not Plaintiffs, and cannot be disclosed without violating ethical duties.

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages theory does not rely on identifying specific clients who distanced themselves, and instead relies on:

(1) lost gross revenue, supported by tax records and profit and loss statements; and

(2) reputational harm, supported by representative harassment screenshots.

Plaintiffs have produced all non-privileged financial and reputational evidence supporting these damages categories. After a reasonable search, Plaintiffs have no responsive non-privileged documents in their possession beyond those already produced.

**Request for Production No. 25**

DOCUMENTS sufficient to identify the identities of the PERSONS who submitted "several 1-star Google reviews for Braun Law," as alleged in Paragraph 210 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and seeking information that may be in the possession of third parties such as Google. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

**Supplemental Response:** Answering subject to the above objections, see Plaintiffs_001377-1383.

**Request for Production No. 26**

DOCUMENTS sufficient to identify the identities of the "clients [that] end[ed] their use of
Braun Law for legal services out of fear of harassment," as alleged in Paragraph 210 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad, and seeking disclosure of confidential
client information. Subject to and without waiving objections, Plaintiffs will produce non-
privileged, relevant documents sufficient to show lost clients, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague,
ambiguous, overbroad, and seeks disclosure of confidential attorney–client information,
including the identities of clients of Braun Law, which Plaintiff Braun is prohibited from
disclosing under Illinois Rule of Professional Conduct 1.6 and the attorney–client privilege.
Plaintiffs further object that any communications or decisions by clients to end their
representation would be in the possession of those clients, not Plaintiffs, and are therefore
outside Plaintiffs' possession, custody, or control.

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages
theory has been narrowed, and she is not seeking damages based on identifying specific clients
who stopped using Braun Law. Plaintiff Braun's damages are based on lost gross revenue,
demonstrated through redacted tax returns and invoices, and reputational harm, supported by
representative screenshots. She is not relying on the identification of individual clients
referenced in Paragraph 210 of the TAC.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged
documents in their possession that could identify such clients. Accordingly, no documents will
be produced. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 27**

All DOCUMENTS supporting YOUR allegation in Paragraph 212 of the TAC that "Defendants'
past and present false statements on their aforesaid social media platforms caused great damage
to Plaintiff Braun and Braun IP Law's business and harm to their reputation."

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Subject to and without waiving objections,
Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Answering subject to the above objections, see Plaintiffs_001377-
1383.

**Request for Production No. 28**

All DOCUMENTS supporting YOUR allegation in Paragraph 214 of the TAC that "Defendant
Day contacted others both privately and publicly to contact the Illinois ARDC, and to leave 1-

17

star Google reviews and public comments, as a means to instigate reputational harm and dissuade Braun's clients, or potential clients, from working with her."

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** See: Subject to and without waiving the above objections, Plaintiffs state that any conduct alleged in Paragraph 214 of the TAC—specifically, Defendant Day encouraging others to contact the Illinois ARDC or leave negative online reviews—would be reflected primarily in Defendant Day's own public posts, messages, and communications, and thus would be in Defendant Day's possession, custody, or control, not Plaintiffs'. To the extent Plaintiffs possess non-privileged documents touching on this allegation, they consist of the ARDC correspondence and complaint materials previously produced.

Those non-privileged ARDC-related documents are located at: Plaintiffs_000341, 523, 574, 588, 738, 824–828, 839–842, 922–923, 1044–1047, 1203–1206, 1253–1259.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents in their possession responsive to this Request. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 29**

All statements, declarations, or testimony that YOU intend to use to support any of the allegations and/or claims contained in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order and in accordance with scheduling orders.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and premature, as it seeks materials that may be used at trial or in later phases of litigation. Any such disclosures will be made, if at all, through Plaintiffs' Rule 26(a)(1) and Rule 26(a)(3) disclosures, and in accordance with the Court's scheduling order. After a reasonable search and diligent inquiry, Plaintiffs have no additional responsive documents to produce at this stage, and will supplement only as required under Rule 26(e).

**Request for Production No. 30**

All DOCUMENTS YOU intend to use to support any of the allegations and/or claims against DAY contained in the TAC.

**Response:**
Same objections as No. 29. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order and in accordance with scheduling orders.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and premature because it seeks identification of trial exhibits before the deadlines set by the Court. Plaintiffs will identify any documents they intend to rely on in dispositive motions or at trial through their Rule 26(a) disclosures and in compliance with the Court's scheduling order. Plaintiffs have no additional responsive non-privileged documents to produce at this time.

**Request for Production No. 31**

All DOCUMENTS supporting YOUR claim for damages for YOUR claims contained in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents supporting claimed damages, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, and overbroad. Plaintiffs state that Plaintiff Braun's damages theory has been narrowed and consists of:
(1) lost gross revenue, reflected in the tax returns and invoices already produced; and
(2) reputational harm, supported by representative screenshots already produced.

The non-privileged financial and invoice documents in Plaintiffs' possession appear at:

Plaintiffs_001377-1383, 1762-1766, 1770, 1773.

Representative reputational-harm documents appear at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1016, 1260–1329, 1750–1756; Plaintiffs_001377-1383.

**Request for Production No. 32**

19

All DOCUMENTS supporting YOUR claim for "reputational harm, emotional distress, and damage to her business relationships and legal practice," as alleged in Paragraph 170 of the TAC.

**Response:**
Same objections as No. 31. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, and overbroad. Plaintiffs state that Plaintiff Braun's damages theory has been narrowed and consists of:
(1) lost gross revenue, reflected in the tax returns and invoices already produced; and
(2) reputational harm, supported by representative screenshots already produced.

The non-privileged financial and invoice documents in Plaintiffs' possession appear at:

Plaintiffs_001377-1383, 1762-1766, 1770, 1773.

Representative reputational-harm documents appear at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1016, 1260–1329, 1750–1756; Plaintiffs_001377-1383.

**Request for Production No. 33**

All DOCUMENTS supporting YOUR claim for "loss of current and prospective client relationships, diminished goodwill, and damage to their professional reputation in the legal and creator communities," as alleged in Paragraph 183 of the TAC.

**Response:**
Same objections as No. 31–32. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, and overbroad. Plaintiffs state that Plaintiff Braun's damages theory has been narrowed and consists of:
(1) lost gross revenue, reflected in the tax returns and invoices already produced; and
(2) reputational harm, supported by representative screenshots already produced.

The non-privileged financial and invoice documents in Plaintiffs' possession appear at:

Plaintiffs_001377-1383, 1762-1766, 1770, 1773.

Representative reputational-harm documents appear at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1016, 1260–1329, 1750–1756; Plaintiffs_001377-1383.

**Request for Production No. 34**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and any third parties RELATING TO MARSTON and/or the claims and allegations contained in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad in its reference to "any third parties." Plaintiffs further object to the extent responsive communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, in their possession, custody, or control, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and not proportional to the needs of the case under Rule 26(b)(1), particularly in its unlimited reference to "any third parties." Plaintiffs further object that the Request seeks documents outside Plaintiffs' possession, custody, or control, including communications maintained by third parties. Plaintiffs also object that this Request seeks information not relevant to the claims or defenses in this matter, as Plaintiffs' damages theory has been narrowed and does not rely on communications with unidentified third parties regarding Defendant Marston.

After a reasonable search and diligent inquiry, Plaintiffs state that they have no responsive non-privileged documents in their possession relating to communications with third parties about Defendant Marston or the allegations in the TAC. Accordingly, no documents will be produced. Plaintiffs will supplement only as required under Rule 26(e).

Dated: December 1, 2025          Respectfully submitted,

                                 */s/ Benjamin C.R. Lockyer*
                                 Lockyer Law LLC
                                 6515 W. Archer Ave.
                                 Chicago, Illinois 60638
                                 ben@lockyerlaw.com
                                 (773) 340-0011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF LAUREN PROPSON'S SUPPLEMENTAL RESPONSES AND**
**OBJECTIONS TO DEFENDANT KRISTA CARTER'S FIRST REQUESTS FOR**
**PRODUCTION OF DOCUMENTS**

Plaintiff Lauren Propson ("Plaintiff"), by and through her undersigned counsel, hereby responds to Defendant Krista Carter's First Requests for Production of Documents, subject to and without waiving the general and specific objections set forth below.

These responses are made solely for the purposes of this litigation. By responding to these Requests, Plaintiffs do not concede the relevance, admissibility, or materiality of any requested documents. Nothing in these responses shall be deemed an admission by Plaintiffs for any purpose other than this action.

Plaintiffs object to each Request to the extent it seeks information or documents that are beyond the scope of permissible discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs further object to each Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

The responses herein reflect information and documents reasonably available to Plaintiffs after a diligent search and reasonable inquiry. Plaintiffs reserve the right to supplement or amend these responses if additional information or documents become available.

To the extent Plaintiffs agree to produce documents in response to a Request, such production will be limited to non-privileged documents within their possession, custody, or control, and subject to any applicable protective orders entered in this case.

## GENERAL OBJECTIONS

1.      Plaintiffs object to each and every Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, or not reasonably limited in scope or time.

2.      Plaintiffs object to each Request to the extent it seeks information not relevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3.      Plaintiffs object to each Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

4.      Plaintiffs object to each Request to the extent it seeks confidential, private, proprietary, or commercially sensitive information, including client identities, unless subject to a protective order.

5.      Plaintiffs object to each Request to the extent it assumes facts not established, mischaracterizes the allegations in the Third Amended Complaint ("TAC"), or seeks to impose obligations beyond those required by the Federal Rules.

6.      Plaintiffs reserve the right to supplement or amend these responses in accordance with Rule 26(e).

**RESPONSES**

**Request for Production No. 1** All DOCUMENTS, including COMMUNICATIONS, by and
between YOU, on the one hand, CARTER, on the other hand.

**Response:** Plaintiff will produce non-privileged, relevant communications in her possession,
custody, or control, if any.

**Supplemental Response:** Subject to and without waiving her prior objections, and after a
reasonable search and diligent inquiry, Plaintiff states that she has not located any
communications between Plaintiff and Defendant Carter in her possession, custody, or control.
Accordingly, no responsive documents exist.

**Request for Production No. 2** All DOCUMENTS, including COMMUNICATIONS, by and
between BRAUN, on the one hand, CARTER, on the other hand.

**Response:**
Plaintiff will produce any non-privileged, relevant documents in her possession, if any.

**Supplemental Response:** Plaintiff is not in possession of any documents responsive to this
request.

**Request for Production No. 3** All DOCUMENTS that support YOUR allegations in Paragraph
32 of the TAC that "Upon information and belief, Defendant Carter's motive and intent…were
to tarnish and damage Ms. Propson's reputation while boosting her own social media career."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, and seeking premature disclosure of
attorney work product. Subject to and without waiving objections, Plaintiff will produce non-
privileged, relevant documents in her possession.

**Supplemental Response:** Answering subject to the above objections and without waiver, see
Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630,
789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016. Plaintiff reserves the right
to supplement this request.

**Request for Production No. 4** All DOCUMENTS that support YOUR allegations in Paragraph
34 of the TAC that "Upon information and belief, Defendant Carter is aware that…Defendant
Propson followed and liked pro-LGBTQ and pro-trans rights content on social media."

**Response:**
Plaintiff objects as vague, ambiguous, and overbroad. Subject to and without waiving objections,
Plaintiff will produce non-privileged, relevant documents in her possession.

**Supplemental Response:** Plaintiff maintains her objections that this Request is vague, ambiguous, and overbroad, and further objects to the extent it seeks information not proportional to the needs of the case or outside Plaintiff's personal knowledge or control.

Subject to and without waiving these objections, and after a reasonable search and diligent inquiry, Plaintiff refers to the representative, non-privileged documents previously produced at Plaintiffs_001374–1376, which contain the responsive information within Plaintiff's possession, custody, or control.

**Request for Production No. 5**

DOCUMENTS sufficient to identify all content supporting the allegation in Paragraph 34 of the TAC that YOU "followed and liked pro-LGBTQ and pro-trans rights content on social media."

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking information that may be in the possession of third-party platforms. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession.

**Supplemental Response:** Plaintiff maintains her objections that this Request is vague, ambiguous, and overbroad, and further objects to the extent it seeks information not proportional to the needs of the case or outside Plaintiff's personal knowledge or control.

Subject to and without waiving these objections, and after a reasonable search and diligent inquiry, Plaintiff refers to the representative, non-privileged documents previously produced at Plaintiffs_001374–1376, which contain the responsive information within Plaintiff's possession, custody, or control.

**Request for Production No. 6**

DOCUMENTS sufficient to identify all "evidence contradicting her [CARTER] transphobia claims," as alleged in Paragraph 36 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, and argumentative. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession.

**Supplemental Response:** Plaintiff maintains her objections that this Request is vague, ambiguous, argumentative, and overbroad, and further objects to the extent it seeks information not proportional to the needs of the case or outside Plaintiff's personal knowledge or control.

Subject to and without waiving these objections, and after a reasonable search and diligent inquiry, Plaintiff refers to the representative, non-privileged documents previously produced at Plaintiffs_001374–1376, which contain the responsive information within Plaintiff's possession, custody, or control.

**Request for Production No. 7**

All DOCUMENTS that support YOUR allegations in Paragraph 37 of the TAC that "Defendant
Carter actively engaged with and further incited her fans and the general public through public
social comments, and…direct messages."

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking information not reasonably within
her possession. Subject to and without waiving objections, Plaintiff will produce non-privileged,
relevant documents in her possession.

**Supplemental Response:** Subject to and without waiving the above objections, and after a
reasonable search and diligent inquiry, Plaintiff refers to the representative, non-privileged
documents previously produced at Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–
211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–
1001, and 1003–1016, which contain information responsive to this request. Plaintiff's
investigation and document review are ongoing, and she reserves the right to supplement this
response as appropriate under Rule 26(e) if additional non-privileged, relevant materials become
available.

**Request for Production No. 8** DOCUMENTS sufficient to identify all of CARTER's "fans"
and the "general public" that she allegedly incited, as described in Paragraph 37 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking identification of third-party
individuals outside her control. Subject to and without waiving objections, Plaintiff will produce
non-privileged, relevant examples in her possession, if any.

**Supplemental Response:** Subject to and without waiving the above objections, and after a
reasonable search and diligent inquiry, Plaintiff refers to the representative, non-privileged
documents previously produced at Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–
211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–
1001, and 1003–1016, which contain information responsive to this request. Plaintiff's
investigation and document review are ongoing, and she reserves the right to supplement this
response as appropriate under Rule 26(e) if additional non-privileged, relevant materials become
available.

**Request for Production No. 9**

**Supplemental Response:**

Plaintiff maintains her objections that this Request is vague, ambiguous, overbroad, and calls for
attorney work product to the extent it seeks the mental impressions underlying Ms. Propson's
allegations. Plaintiff further objects that she does not maintain documents in the ordinary course
that categorize "motive" or "intent," and that many responsive materials exist only on third-party
platforms.

Subject to and without waiving these objections, Plaintiff states that representative non-privileged materials supporting this allegation—including screenshots, comments, and videos showing Carter's statements and the resulting hostile reaction—have been produced at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1330, 001260–001329, 001750–001756.

After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged documents responsive to this Request. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 10**

All DOCUMENTS supporting allegation in ¶39 that Carter accused Ms. Propson of being transphobic to incite cancel culture.

**Supplemental Response:**

Plaintiff maintains her objections that this Request is vague, ambiguous, overbroad, and disproportionate to the extent it seeks every instance of online reaction or requires reconstruction of third-party content not in Plaintiff's possession, custody, or control.

Subject to and without waiving these objections, representative documents showing Carter's accusation, its framing, and the resulting hostile online responses—reflecting the alleged intent to incite a cancel-culture backlash—have been produced at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1330, 001260–001329, 001750–001756.

After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged materials responsive to this Request. Plaintiffs will supplement only as required by Rule 26(e).

**Request for Production No. 11**

Documents sufficient to identify each pro-LGBTQ community member who engaged in a cancel culture campaign.

**Supplemental Response:**

Plaintiff objects that this Request is vague, overbroad, unduly burdensome, and seeks identification of anonymous third-party social-media users whose identities are not within Plaintiff's possession, custody, or control. Plaintiff does not maintain records identifying names, handles, timestamps, or identities for individuals participating in online commentary, and much of the content has been deleted or exists only on third-party platforms.

Subject to and without waiving these objections, representative non-privileged documents showing the nature of the online reaction—including screenshots of comments, hostile replies, and interactions evidencing a cancel-culture response—have been produced at:

Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1330, 001260–001329, 001750–001756.

No additional identifying information is in Plaintiff's possession. Plaintiff will supplement only as required under Rule 26(e).

**Request for Production No. 12**

All documents supporting allegation in ¶41 that the transphobia allegation "spread quickly" and generated multiple posts, comments, and articles.

**Supplemental Response:**

Plaintiff maintains her objections that this Request is overbroad, disproportionate, and seeks documents outside her possession, custody, or control, including online posts and articles that exist only on third-party platforms. Plaintiff does not maintain an archive of all public commentary.

Subject to and without waiving objections, representative non-privileged materials in Plaintiff's possession illustrating how the allegation spread—such as screenshots of comment threads, reposts, videos, and user reactions—have been produced at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1330, 001260–001329, 001750–001756.

After a reasonable search, Plaintiff has no additional non-privileged documents responsive to this Request. Supplementation will be provided only as required under Rule 26(e).

**Request for Production No. 13**

Documents sufficient to identify each "post, comment, and blog article" referenced in ¶41.

**Supplemental Response:**

Plaintiff objects that this Request is vague, overbroad, and seeks identification of online posts and articles that exist only on third-party platforms and are equally accessible to Defendants. Plaintiff does not maintain a catalog of all public commentary or blog entries.

Subject to and without waiving objections, representative non-privileged documents illustrating such posts, comments, and articles have been produced at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1330, 001260–001329, 001750–001756.

After a reasonable search, Plaintiff has no additional materials responsive to this Request. Plaintiffs will supplement only under Rule 26(e).

**Request for Production No. 14**

All documents supporting allegation in ¶42 that the allegation caused immediate and irreparable harm to Ms. Propson's reputation.

**Supplemental Response:**

Plaintiff maintains her objections that this Request is vague, overbroad, and calls for attorney work product to the extent it seeks mental impressions about harm. Plaintiff further objects that reputational injury is established through representative evidence rather than a comprehensive catalog of online commentary.

Subject to and without waiving objections, representative non-privileged materials showing the immediate hostile response, reputational impact, and deterioration in public perception— including screenshots of comments, messages from followers or colleagues, and social-media threads—have been produced at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1330, 1750–001756.

After reasonable search and inquiry, Plaintiff has no additional non-privileged documents responsive to this Request. Plaintiffs will supplement only as required under Rule 26(e).

(All requests for documents supporting allegations in TAC ¶¶38–42 about Carter's intent, statements, spread of transphobia allegations, and reputational harm.)

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, and overbroad. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

**Request for Production No. 15**

DOCUMENTS sufficient to identify all "followers, her contract with The Travel Channel, and a podcast deal…as well as brand endorsement contracts, such as Pair Eyewear," who/which were "lost" as a result of CARTER's conduct.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession sufficient to identify such losses, subject to a protective order.

**Supplemental Response:**

Plaintiff maintains her objections that this Request is vague, ambiguous, overbroad, and seeks confidential business information and proprietary contractual terms. Plaintiff further objects that the Request seeks documents outside her possession, custody, or control to the extent it calls for information held by third-party platforms, agencies, or brand partners. Plaintiff also objects to the extent the Request seeks attorney–client communications or attorney work product.

Subject to and without waiving these objections, Plaintiff states as follows:

The opportunities referenced in Paragraph 43 of the TAC that were adversely impacted by Carter's conduct include (1) Ms. Propson's collaboration with The Travel Channel / Warner Brothers Discovery, (2) her brand collaboration with Pair Eyewear, and (3) a prospective podcast deal, each of which was disrupted or placed on hold following the public backlash generated by Carter's statements. Representative non-privileged documents in Plaintiff's possession reflecting these opportunities—and communications showing how the harassment and reputational harm interfered with them—have been produced at: Plaintiffs_001349–1357, 1364–1370, 1371 (as to Travel Channel/WBD, Pair Eyewear, and the podcast opportunity).

After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged documents sufficient to identify such lost opportunities. Plaintiff will supplement only as required by Rule 26(e). Plaintiff does not possess documents identifying "lost followers," which are maintained by third-party social-media platforms and are equally accessible to Defendants.

**Request for Production No. 16:**
All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and The Travel Channel, on the other hand.

**Supplemental Response:**
Plaintiff objects that this Request is vague, overbroad, and seeks confidential business information and documents outside Plaintiff's possession, custody, or control, including internal Travel Channel / Warner Brothers Discovery materials. Plaintiff also objects to the extent it seeks attorney–client communications or work product.

Subject to and without waiving objections, Plaintiff states that she has produced all non-privileged communications in her possession relating to the Travel Channel / Warner Brothers Discovery opportunity referenced in the TAC. These documents are located at: Plaintiffs_001349–1357.

After a reasonable search and diligent inquiry, Plaintiff Propson has no additional non-privileged communications responsive to this Request.

**Request for Production No. 17:**
All DOCUMENTS, including COMMUNICATIONS, by and between BRAUN, on the one hand, and The Travel Channel, on the other hand.

**Supplemental Response:**
Plaintiff objects that this Request seeks documents outside Plaintiff Propson's possession, custody, or control. Plaintiff Propson is not the custodian of Ms. Braun's communications and does not maintain documents belonging to Ms. Braun.

After a reasonable search and diligent inquiry, Plaintiff Propson and Plaintiffs Braun and Braun IP do not have documents responsive to this Request.

**Request for Production No. 18:**
All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and Pair Eyewear, on the other hand.

**Supplemental Response:**
Plaintiff objects that this Request is vague, overbroad, and seeks confidential business communications or proprietary brand-partner information. Plaintiff further objects to the extent it calls for documents held by third-party agencies or platforms.

Subject to and without waiving objections, after a reasonable search, Plaintiff cannot locate any communications responsive to this Request aside from Plaintiffs_001371.

After a reasonable search, Plaintiff has no additional non-privileged documents responsive to this Request.

**Request for Production No. 19:**
All DOCUMENTS, including COMMUNICATIONS, by and between BRAUN, on the one hand, and Pair Eyewear, on the other hand.

**Supplemental Response:**
Plaintiff objects that this Request seeks documents outside her possession, custody, or control. Plaintiff Propson does not possess Ms. Braun's communications with Pair Eyewear.

After reasonable search and inquiry, no documents responsive to this Request are in Plaintiff Propson's or Plaintiff Braun's possession.

**Request for Production No. 20:**
All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and "the podcast deal" (as alleged in Paragraph 43 of the TAC), on the other hand.

**Supplemental Response:**
Plaintiff objects that this Request is vague, ambiguous, overbroad, and seeks confidential business information or proprietary negotiations. Plaintiff further objects to the extent it requests documents not within her possession, custody, or control.

Subject to objections, Plaintiff has produced all non-privileged communications in her possession relating to the prospective podcast opportunity referenced in the TAC, located at: Plaintiffs_001369-1370.

After reasonable search and diligent inquiry, Plaintiff has no additional non-privileged documents responsive to this Request.

**Request for Production No. 21:**
All DOCUMENTS, including COMMUNICATIONS, by and between BRAUN, on the one hand, and "the podcast deal" (as alleged in Paragraph 43 of the TAC), on the other hand.

**Supplemental Response:** Plaintiff objects that this Request seeks documents outside Plaintiff Propson's possession, custody, or control. Plaintiff is not the custodian of Ms. Braun's communications.

After reasonable search, Plaintiff Propson and Plaintiff Braun do not have documents responsive to this Request.

**Request for Production No. 22:**
DOCUMENTS sufficient to identify the identity of the "podcast deal," including the name of the company offering the podcast deal, the terms of the podcast deal and all relevant COMMUNICATIONS RELATING TO the negotiation of the "podcast deal," as alleged in Paragraph 43 of the TAC.

**Supplemental Response:**
Plaintiff objects that this Request is vague, overbroad, and seeks confidential business or proprietary negotiation information, including documents not within Plaintiff's possession, custody, or control. Plaintiff further objects to the extent it seeks draft terms or discussions that were not finalized.

Subject to and without waiving objections, Plaintiff has produced all non-privileged documents in her possession sufficient to identify the prospective podcast opportunity referenced in the TAC, including the counterparties and the substance of the discussions. These materials are located at: Plaintiffs_0013469-70.

Plaintiff has no contracts, finalized terms, or additional non-privileged documents regarding the podcast opportunity beyond those already produced.

**Request for Production No. 23:**
All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and "the brand endorsement contracts" (as alleged in Paragraph 43 of the TAC), on the other hand.

**Request for Production No. 24:**
All DOCUMENTS, including COMMUNICATIONS, by and between BRAUN, on the one hand, and "the brand endorsement contracts" (as alleged in Paragraph 43 of the TAC), on the other hand.

**Request for Production No. 25:**
DOCUMENTS sufficient to identify the identity of the "brand endorsement contracts," including the name of the company offering the contract, the terms of the contract and all relevant COMMUNICATIONS RELATING TO the negotiation of the "brand endorsement contracts," as alleged in Paragraph 43 of the TAC.

**Request for Production No. 26**

All DOCUMENTS supporting YOUR claim for damages for lost opportunities, agreements or prospective agreements arising out of any conduct alleged against CARTER.

**Response:**
Plaintiff objects as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession supporting her damages claims, subject to a protective order.

**Supplemental Response:** Plaintiff objects that this Request is vague, ambiguous, overbroad, seeks confidential business information, and improperly seeks documents outside Plaintiff's possession, custody, or control, including internal documents from brands, agencies, or media companies. Plaintiff further objects to the extent this Request seeks attorney–client communications, attorney work product, or proprietary contractual terms. Plaintiff also objects to the extent the Request seeks documents relating to opportunities that Plaintiff is not claiming as part of her damages.

Subject to and without waiving these objections, Plaintiff states as follows:

Representative non-privileged documents in Plaintiff's possession supporting the existence and disruption of these opportunities—including communications with the relevant entities and documentation reflecting the impact of the reputational harm have been produced at: Plaintiffs_001349–1357, 1364–1370, 1371.

Plaintiff does not possess formal contracts, finalized terms, or additional documentation for opportunities that were never completed or executed. After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged documents responsive to this Request. Plaintiff will supplement only as required by Rule 26(e).

**Request for Production No. 27:**
All DOCUMENTS that support YOUR allegations in Paragraph 47 of the TAC that "Upon information and belief, Defendant Carter was aware of Ms. Propson's sponsorships and her contract with The Travel Channel from studying Ms. Propson's "Lauren the Mortician" social media account."

**Supplemental Response:**
Plaintiff objects that this Request is vague, ambiguous, overbroad, and seeks documents not within Plaintiff's possession, custody, or control, including Defendant Carter's own review

history or internal records. Plaintiff further objects to the extent the Request seeks attorney-client communications or attorney work product.

Subject to and without waiving objections, Plaintiff states that the allegation in Paragraph 47 is supported by the publicly-available information on Ms. Propson's "Lauren the Mortician" social-media accounts, which displayed references to her collaborations, including the Travel Channel. Plaintiff does not maintain internal tracking or analytics showing who viewed those posts.

After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged documents responsive to this Request.

**Request for Production No. 28:**
All DOCUMENTS that support YOUR allegations in Paragraph 48 of the TAC that "Fans of Defendant Carter's commented on The Travel Channel's posts accusing Ms. Propson of being transphobic."

**Supplemental Response:**
Plaintiff objects that this Request is vague, overbroad, unduly burdensome, and seeks identification of third-party anonymous commenters outside Plaintiff's possession or control. Plaintiff does not maintain platform-level records of comment authorship, timestamps, or user identity.

Subject to objections, representative screenshots in Plaintiff's possession showing negative or harassing comments directed at Ms. Propson on or near Travel Channel posts—including comments accusing Ms. Propson of being transphobic—have been produced at Plaintiffs_001349-1357. After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged materials responsive to this Request.

**Request for Production No. 29:**

All DOCUMENTS that support YOUR allegations in Paragraph 50 of the TAC that "On or about October 31, 2023, representatives of The Travel Channel told Ms. Propson that due to the online controversy surrounding her, they needed to protect themselves from the negativity and would no longer post her videos."

**Supplemental Response:**
Plaintiff objects that this Request is vague, overbroad, and seeks confidential internal Travel Channel/WBD records not within her control.

Subject to and without waiving objections, Plaintiff has produced all non-privileged communications in her possession reflecting the Travel Channel's statements on or around October 31, 2023 regarding their decision not to post Ms. Propson's videos due to the online controversy and negativity directed at her. These documents are located at: Plaintiffs_001349-1357. After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged materials responsive to this Request.

**Request for Production No. 30:**

All DOCUMENTS that support YOUR allegations in Paragraph 55 of the TAC that "Carter's statements were designed to incite her fanbase against Defendant Braun."

**Supplemental Response:**
Plaintiff objects that this Request is vague, overbroad, seeks speculation about Defendant Carter's intent, and improperly seeks identification of anonymous third-party users outside Plaintiff's control.

Subject to objections, representative non-privileged materials showing follower reactions, hostile comments, and Carter's interactions with or amplification of such comments have been produced at:

Plaintiffs_ 000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1330, 001260–001329, 001750–001756; 1260–001329, 001750–001756.

After a reasonable search, Plaintiff has no additional non-privileged documents responsive to this Request.

**Request for Production No. 31:**

DOCUMENTS sufficient to identify all of CARTER's "fans" that CARTER "incited…against Defendant Braun," as alleged in Paragraph 55 of the TAC.

**Supplemental Response:**
Plaintiff objects that this Request is vague, overbroad, unduly burdensome, and seeks identification of anonymous third-party social-media users not within Plaintiff's possession, custody, or control. Plaintiff does not maintain records identifying the names, handles, locations, or identities of commenters.

Subject to objections, representative materials showing hostile follower commentary and interactions following Carter's statements have been produced at: Plaintiffs_ 000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1330, 001260–001329, 001750–001756; 1260–001329, 001750–001756. Plaintiff has no additional identifying information for these users. After reasonable search, no further responsive documents are in Plaintiff's possession.

**Request for Production No. 32:**

All DOCUMENTS that support YOUR allegations in Paragraph 55 of the TAC that "By attacking Braun's legal conduct and encouraging public backlash during the course of her client representation, Carter interfered with Braun's law practice and damaged her professional reputation and business relationships."

**Supplemental Response:**
Plaintiff objects that this Request is vague, overbroad, seeks information outside Plaintiff Propson's possession or control, and improperly seeks documents belonging to Plaintiff Braun or her law practice.

Subject to objections, Plaintiff Propson states that she does not possess business-relationship records, client files, or internal communications of Plaintiff Braun. To the extent Plaintiff Propson possesses any responsive materials (e.g., screenshots of hostile commentary directed at Braun following Carter's statements), they have been produced at: Plaintiffs_ 000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1330, 001260–001329, 001750–001756; 1260–001329, 001750–001756. Plaintiff has no additional identifying information for these users. After reasonable search, no further responsive documents are in Plaintiff's possession.

**Request for Production No. 33:**

DOCUMENTS, including COMMUNICATIONS, sufficient to identify each of BRAUN's "business relationships" which were "damaged," as alleged in Paragraph 55 of the TAC

**Supplemental Response:**
Plaintiff objects that this Request seeks documents outside Plaintiff Propson's possession, custody, or control, including Plaintiff Braun's business-relationship records, client lists, or professional communications.

After reasonable search and diligent inquiry, Plaintiff Propson possesses **no documents** sufficient to identify Plaintiff Braun's business relationships or any alleged damage to them. No responsive documents are in her possession.

**Request for Production No. 34:**

DOCUMENTS, including COMMUNICATIONS, sufficient to identify all "damage" to YOUR "professional reputation", as alleged in Paragraph 55 of the TAC.

**Supplemental Response:**
Plaintiff objects that this Request is vague, overbroad, and seeks confidential business information and subjective reputational assessments. Plaintiff further objects to the extent the Request calls for documents outside her possession or requiring disclosure of proprietary information.

Subject to objections, representative documents in Plaintiff's possession reflecting the reputational impact of the online controversy—including negative commentary, loss of specific opportunities, and correspondence related to the Travel Channel/WBD, Pair Eyewear, and the podcast opportunity—have been produced at: Plaintiffs_ 000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1330, 001260–001329, 001750–001756; 1260–001329, 001750–001756 After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged documents responsive to this Request

**Request for Production No. 35:**
All COMMUNICATIONS by and between YOU, on the one hand, and any third parties, on the other hand, RELATING TO YOUR denial of the allegations of being a TERF, as that term is used in paragraphs 21 and 22 of the TAC, including COMMUNICATIONS and posts across all PLATFORMS.

**Supplemental Response:**
Plaintiff objects that this Request is vague, ambiguous, overbroad, unduly burdensome, seeks information not relevant to any claim or defense, and is disproportionate to the needs of the case under Rule 26(b)(1). Whether Plaintiff privately denied being a "TERF" is not at issue in this litigation, does not bear on the truth or falsity of Defendant Carter's statements, and is outside the scope of permissible discovery.
Plaintiff further objects that the Request seeks private personal communications and communications protected by the attorney–client privilege and work product doctrine. Plaintiff also objects to the extent the Request seeks communications or deletions maintained solely on third-party platforms outside Plaintiff's possession, custody, or control.

Subject to and without waiving these objections, Plaintiff states that she possesses no non-privileged communications responsive to this Request beyond the representative screenshots already produced. After a reasonable search and diligent inquiry, no additional non-privileged documents responsive to this Request are in Plaintiff's possession.

**Request for Production No. 36:**
All DOCUMENTS reflecting or RELATING TO the deletion, editing or removal of posts, comments, messages/DMs or videos, whether submitted by YOU or by third parties, RELATING TO YOUR denial of the allegations of being a TERF, as that term is used in paragraphs 21 and 22 of the TAC, across all PLATFORMS, including timestamps, who initiated deletion, and reasons.

**Supplemental Response:**
Plaintiff objects that this Request is vague, overbroad, unduly burdensome, seeks irrelevant information, and improperly seeks technical or platform-level deletion data outside Plaintiff's possession, custody, or control. Plaintiff does not maintain logs of deletions, timestamps, or platform metadata. Plaintiff further objects that communications about her personal denial of "TERF" allegations are private, irrelevant, and protected by attorney–client privilege or work product where applicable.

After a reasonable search, Plaintiff has no documents or metadata reflecting post deletions, edits, removals, timestamps, or reasons relating to any denial of TERF allegations. No responsive non-privileged documents are in Plaintiff's possession.

**Request for Production No. 37:**
All COMMUNICATIONS by and between YOU, on the one hand, and any third parties, on the other hand, RELATING TO YOUR denial of the allegations of being homophobic and/or transphobic, including COMMUNICATIONS and posts across all PLATFORMS.

**Supplemental Response:**
Plaintiff objects that this Request is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff's private denials of allegations made by third parties are not relevant to the remaining claims or defenses and are outside the scope of permissible discovery. Plaintiff also objects to the extent the Request seeks private personal communications, including those protected by attorney–client privilege, work product, or involving sensitive personal information. Plaintiff further objects that the Request seeks materials on third-party platforms not within Plaintiff's possession, custody, or control. Subject to objections, Plaintiff states she possesses no non-privileged private communications responsive to this Request other than the representative social-media screenshots previously produced. After a reasonable search and diligent inquiry, no additional responsive documents are in Plaintiff's possession.

**Request for Production No. 38:**
All DOCUMENTS reflecting or RELATING TO the deletion, editing or removal of posts, comments, messages/DMs or videos, whether submitted by YOU or by third parties, RELATING TO YOUR denial of the allegations of being homophobic and/or transphobic across all PLATFORMS, including timestamps, who initiated deletion, and reasons.

**Supplemental Response:**
Plaintiff objects that this Request is vague, ambiguous, overbroad, unduly burdensome, seeks irrelevant information, and seeks materials outside Plaintiff's possession, custody, or control (including platform-level deletion logs, timestamps, or metadata).
Plaintiff further objects to the extent the Request seeks private communications or internal discussions protected by the attorney–client privilege or work product doctrine.

After a reasonable search, Plaintiff has no responsive documents or deletion records, nor any non-privileged materials showing removal, editing, timestamps, or reasons for deletion relating to denial of homophobia/transphobia allegations. No additional documents exist in Plaintiff's possession.

**Request for Production No. 39:**
All COMMUNICATIONS by and between YOU, on the one hand, and any third parties, on the other hand, RELATING TO YOUR denial of the allegations of being an "anti-vaxxer," including COMMUNICATIONS and posts across all PLATFORMS.

**Supplemental Response:**
Plaintiff objects that this Request is vague, overbroad, burdensome, and seeks irrelevant information unrelated to any claim or defense. Plaintiff further objects that the Request seeks private personal communications, including communications protected by attorney–client privilege and work product. To the extent the Request seeks communications on social-media platforms with anonymous third parties, Plaintiff objects that such materials are outside her possession, custody, or control. Subject to and without waiving objections, Plaintiff states she possesses no non-privileged communications responsive to this Request other than the limited representative screenshots previously produced, which do not include any communications about "anti-vaxxer" allegations. After reasonable search, no responsive non-privileged documents are in Plaintiff's possession.

**Request for Production No. 40:**
All DOCUMENTS reflecting or RELATING TO the deletion, editing or removal of posts, comments, messages/DMs or videos, whether submitted by YOU or by third parties, RELATING TO YOUR denial of the allegations of being an "anti-vaxxer" across all PLATFORMS, including timestamps, who initiated deletion, and reasons.

**Supplemental Response:**
Plaintiff objects that this Request is vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and seeks materials irrelevant to any remaining claim or defense. Plaintiff further objects that it seeks platform-level metadata, timestamps, logs, and deletion information not within Plaintiff's possession, custody, or control. Plaintiff also objects to the extent the Request seeks private communications or materials protected by the attorney–client privilege or work product doctrine. After a reasonable search and diligent inquiry, Plaintiff states that she does not possess any documents, metadata, logs, or communications reflecting deletion, editing, or removal of posts, comments, messages, or videos relating to any denial of "anti-vaxxer" allegations. No responsive non-privileged documents are in Plaintiff's possession.

**Request for Production No. 41:**
All COMMUNICATIONS by and between YOU, on the one hand, and any third parties, on the other hand, RELATING TO YOUR dispute of the allegations of not being a licensed or active mortician, including COMMUNICATIONS and posts across all PLATFORMS.

**Supplemental Response:** Plaintiff objects that this Request is vague, ambiguous, overbroad, unduly burdensome, and irrelevant to any claim or defense. Whether Plaintiff privately disputed allegations concerning her licensure status is not material to the remaining issues and seeks personal communications outside the scope of Rule 26(b)(1). Plaintiff further objects to the extent the Request seeks private communications protected by attorney–client privilege, work product, or personal privacy. Plaintiff also objects to the extent the Request seeks messages on third-party platforms outside Plaintiff's possession, custody, or control. After a reasonable search and diligent inquiry, Plaintiff states that she does not possess any non-privileged

communications relating to her dispute of allegations concerning her licensure or active status as a mortician. No responsive documents are in Plaintiff's possession.

**Request for Production No. 42:**
All DOCUMENTS reflecting or RELATING TO the deletion, editing or removal of posts, comments, messages/DMs or videos, whether submitted by YOU or by third parties, RELATING TO YOUR dispute of the allegations of not being a licensed or active mortician across all PLATFORMS, including timestamps, who initiated deletion, and reasons.

**Supplemental Response:** Plaintiff objects that this Request is vague, ambiguous, overbroad, unduly burdensome, seeks irrelevant information, and requests platform-level data, metadata, and deletion logs outside her possession, custody, or control. Plaintiff further objects to the extent it seeks privileged communications. After a reasonable search, Plaintiff has no documents or metadata reflecting deletion, editing, or removal of posts, comments, or messages relating to any dispute of allegations concerning her licensure or status as a mortician. No responsive non-privileged materials exist in Plaintiff's possession.

**Request for Production No. 43:**
All COMMUNICATIONS by and between YOU, on the one hand, and any third parties, on the other hand, RELATING TO YOUR claim of being a child safety expert, including COMMUNICATIONS and posts across all PLATFORMS.

**Supplemental Response:** Plaintiff objects that this Request is vague, ambiguous, overbroad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the needs of the case under Rule 26(b)(1). Plaintiff's communications about her qualifications or background are outside the scope of the claims asserted in the TAC. Plaintiff further objects to the extent the Request seeks private communications or materials protected by attorney–client privilege or work product, or documents outside her possession, custody, or control. After reasonable search and diligent inquiry, Plaintiff possesses no non-privileged communications relating to any claim of being a child safety expert. No responsive documents are in Plaintiff's possession.

**Request for Production No. 44:**
All DOCUMENTS reflecting or RELATING TO the deletion, editing or removal of posts, comments, messages/DMs or videos, whether submitted by YOU or by third parties, RELATING TO YOUR claim of being a child safety expert across all PLATFORMS, including timestamps, who initiated deletion, and reasons.

**Supplemental Response:** Plaintiff objects that this Request is vague, ambiguous, overbroad, unduly burdensome, irrelevant, and seeks materials outside Plaintiff's possession, custody, or control, including platform-level deletion logs, metadata, timestamps, or reasons for removal. Plaintiff further objects to the extent the Request seeks privileged or private communications. After reasonable search and inquiry, Plaintiff has no documents, logs, metadata, or communications reflecting deletion, editing, or removal of posts, comments, messages, or videos relating to any claim of being a child safety expert. No responsive non-privileged documents are in Plaintiff's possession.

**Request for Production No. 45**

All DOCUMENTS supporting YOUR claim that CARTER and/or her followers contacted The Travel Channel, Pair Eyewear, podcast producer, and/or brand endorsers.

**Response:**
Plaintiff objects as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant materials in her possession, if any, subject to a protective order.

**Supplemental Response:**

After a reasonable search and diligent inquiry, Plaintiff states that she does not possess any documents showing that Carter or her followers directly contacted The Travel Channel, Pair Eyewear, podcast producers, or any brand endorsers. Plaintiff further states that she does not possess any communications with The Travel Channel / Warner Brothers Discovery, as those messages were deleted by the company and are not within Plaintiff's possession, custody, or control.

Plaintiff's allegations in the TAC regarding the impact on these opportunities are based on the companies' own oral statements to Plaintiff at the time, not written communications or third-party outreach. Plaintiff possesses only one non-privileged document relating to third-party interaction with a brand partner (a screenshot of a communication involving Pair Eyewear) which has been produced at: Plaintiffs_001371.

After a reasonable search, Plaintiff has no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 46**

DOCUMENTS sufficient to identify all past, current, and pending sponsorships, brand endorsement contracts, partnerships, or similar agreements by and between YOU and any third parties.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents sufficient to identify such relationships, subject to a protective order.

**Supplemental Response:**
Subject to and without waiving these objections, Plaintiff states that much of her historical sponsorship, partnership, and brand-collaboration information is not in her possession, as many brand negotiations and agreements were handled through third-party agencies, platforms, or email systems she no longer has access to.

Plaintiff is producing the non-privileged tax returns, invoices, earnings records, and documents in her possession that reflect sponsorships or paid brand collaborations she is able to document. These materials are located at: Plaintiffs_001349–1357, 1364–1371, 1767–1769, 1771–1772, 1837–1843, 1855–1881.

Plaintiff is not asserting damages for every past or unrelated brand engagement in her career; her damages claim is limited to the specific opportunities identified in the TAC. After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged documents in her possession responsive to this Request. She will supplement only as required under Rule 26(e).

**Request for Production No. 47:**
All DOCUMENTS, including COMMUNICATIONS, by and between YOU and BRAUN RELATING TO the Wellness Check calls performed on CARTER on November 5, 2023.

**Response:**
Plaintiff objects as irrelevant, overbroad, and unduly burdensome, and seeking information protected by attorney client privilege. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any.

**Supplemental Response:**

Subject to and without waiving these objections, Plaintiff states that she does not possess any non-privileged communications or documents relating to the November 5, 2023 wellness check calls. Communications she has with Plaintiff Braun on that topic are entirely attorney–client privileged and/or work product, and no responsive non-privileged documents exist in Plaintiff's possession. After a reasonable search and diligent inquiry, Plaintiff has no additional documents responsive to this Request.

**Request for Production No. 48:**
All DOCUMENTS, including COMMUNICATIONS, by and between YOU and BRAUN RELATING TO the cease and desist letter sent to CARTER on November 6, 2023.

**Response:**
Plaintiff objects as irrelevant, overbroad, and unduly burdensome, and seeking information protected by attorney client privilege. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any.

**Supplemental Response:**

Subject to and without waiving these objections, Plaintiff states that she does not possess any non-privileged documents or communications relating to the November 6, 2023 cease-and-desist letter. All communications in her possession concerning that letter are protected by the attorney–client privilege and/or work-product doctrine. After a reasonable search and diligent inquiry, Plaintiff has no non-privileged documents responsive to this Request.

**Request for Production No. 49:**
All DOCUMENTS, including COMMUNICATIONS, by and between YOU and Anthony Raimondi
RELATING TO CARTER, DAY, MARSTON or VAZQUEZ.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, harassing, and irrelevant. Subject to and
without waiving objections, Plaintiff will not produce any communications with Gabbie Egan or
Reby Hardy. Plaintiff will provide communications with Anthony Raimondi in her possession, if
any, subject to a protective order.

**Supplemental Response:**
After a reasonable search and diligent inquiry, Plaintiff states that she has no documents or
messages responsive to this Request. Because the information sought is irrelevant and outside the
scope of discovery, no documents will be produced.

**Request for Production No. 50:**
All DOCUMENTS, including COMMUNICATIONS, by and between YOU and Gabbie Egan
RELATING TO CARTER, DAY, MARSTON or VAZQUEZ.


**Response:**
Plaintiff objects as overbroad, unduly burdensome, harassing, and irrelevant. Subject to and
without waiving objections, Plaintiff will not produce any communications with Gabbie Egan or
Reby Hardy. Plaintiff will provide communications with Anthony Raimondi in her possession, if
any, subject to a protective order.

**Supplemental Response:**
After a reasonable search and diligent inquiry, Plaintiff states that she has no documents or messages
responsive to this request. Because the information sought is irrelevant and not proportional to the
needs of the case, no documents will be produced.

**Request for Production No. 51:**
All DOCUMENTS, including COMMUNICATIONS, by and between YOU and Reby Hardy
RELATING TO CARTER, DAY, MARSTON or VAZQUEZ.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, harassing, and irrelevant. Subject to and
without waiving objections, Plaintiff will not produce any communications with Gabbie Egan or
Reby Hardy. Plaintiff will provide communications with Anthony Raimondi in her possession, if
any, subject to a protective order.

**Supplemental Response:**
After a reasonable search and diligent inquiry, Plaintiff states that she has no responsive
documents or messages in her possession. Because the Request seeks irrelevant information and
discovery that is not proportional to the needs of the case, no documents will be produced.

**Request for Production No. 52:**

All statements, declarations, or testimony that YOU intend to use to support any of the allegations and/or claims contained in the TAC.

**Response:**

Plaintiff objects as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant materials in accordance with Rule 26 disclosures and scheduling orders.

**Supplemental Response:**

Subject to and without waiving these objections, Plaintiff states that she will produce or identify non-privileged materials intended for use in motions or at trial in accordance with Rule 26(a)(1), Rule 26(a)(3), and the Court's scheduling order. Plaintiff has no additional non-privileged documents responsive to this Request at this stage of discovery, and will supplement only as required under Rule 26(e).

**Request for Production No. 53:**

All DOCUMENTS YOU intend to use to support any of the allegations and/or claims contained in the TAC.

**Response:**

Plaintiff objects as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant materials in accordance with Rule 26 disclosures and scheduling orders.

**Supplemental Response:**

Subject to and without waiving these objections, Plaintiff states that she will identify and produce any non-privileged documents she intends to use in dispositive motions or at trial through her Rule 26(a)(1) disclosures and Rule 26(a)(3) pretrial disclosures, consistent with the Court's orders. At this time, Plaintiff has no additional non-privileged responsive documents beyond those already produced in discovery, and will supplement as required under Rule 26(e).

**Request for Production No. 54**

All DOCUMENTS supporting YOUR claim for damages against CARTER for YOUR claims contained in the TAC.

**Response:**

Plaintiff objects as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession supporting her damages claims, subject to a protective order.

**Supplemental Response:**

Subject to and without waiving these objections, Plaintiff states that her damages claims are limited to the specific opportunities identified in the TAC:

> (1) the collaboration with The Travel Channel / Warner Brothers Discovery,

(2) the collaboration with Pair Eyewear, and
(3) a prospective podcast opportunity.

Plaintiff has produced all non-privileged documents in her possession supporting these damages claims, including communications concerning these opportunities and tax records, invoices, and earnings documentation reflecting the opportunities she is able to document. These documents are located at: Plaintiffs_001349–1357, 1364–1371, 1767–1769, 1771–1772, 1837–1843, 1855–1881.

Plaintiff is not claiming damages for unrelated sponsorships or brand engagements, and therefore documents concerning those engagements are outside the scope of this Request. After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 55**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and Alyssa DeFord p/k/a "Bunnie XO," on the other hand.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking confidential client communications. Subject to and without waiving objections, Plaintiff will not produce any communications in response to this request.

**Supplemental Response:**

Subject to and without waiving these objections, Plaintiff states that she will not produce any documents or communications responsive to this Request, as all such communications in her possession are confidential client communications and protected by the attorney–client privilege. After a reasonable search and diligent inquiry, Plaintiff has no non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

Dated: December 1, 2025                    Respectfully submitted,

                                           */s/ Benjamin C.R. Lockyer*
                                           Lockyer Law LLC
                                           6515 W. Archer Ave.
                                           Chicago, Illinois 60638
                                           ben@lockyerlaw.com
                                           (773) 340-0011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT LILY MARSTON'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through their undersigned counsel, hereby respond to Defendant Lily Marston's First Requests for Production of Documents, subject to and without waiving the general and specific objections set forth below.

These responses are made solely for the purposes of this litigation. By responding to these Requests, Plaintiffs do not concede the relevance, admissibility, or materiality of any requested documents. Nothing in these responses shall be deemed an admission by Plaintiffs for any purpose other than this action.

Plaintiffs object to each Request to the extent it seeks information or documents that are beyond the scope of permissible discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs further object to each Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

The responses herein reflect information and documents reasonably available to Plaintiffs after a diligent search and reasonable inquiry. Plaintiffs reserve the right to supplement or amend these responses if additional information or documents become available.

To the extent Plaintiffs agree to produce documents in response to a Request, such production will be limited to non-privileged documents within their possession, custody, or control, and subject to any applicable protective orders entered in this case.

## GENERAL OBJECTIONS

1.    Plaintiffs object to each and every Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, or not reasonably limited in scope or time.

2.    Plaintiffs object to each Request to the extent it seeks information not relevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3.    Plaintiffs object to each Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

4.    Plaintiffs object to each Request to the extent it seeks confidential, private, proprietary, or commercially sensitive information, including client identities, unless subject to a protective order.

5.    Plaintiffs object to each Request to the extent it assumes facts not established, mischaracterizes the allegations in the Third Amended Complaint ("TAC"), or seeks to impose obligations beyond those required by the Federal Rules.

6.    Plaintiffs reserve the right to supplement or amend these responses in accordance with Rule 26(e).

**RESPONSES**

**Request for Production No. 1**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and MARSTON, on the other hand.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and seeking irrelevant information. Plaintiffs further object to the extent the requested communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications, if any.

**Supplemental Response:** Plaintiffs object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" communications with Defendant Marston without any limitation in time, scope, or subject matter. Plaintiffs further object that the Request seeks materials not relevant to any claim or defense, including communications that post-date the alleged defamatory statements or involve unrelated topics.

Subject to these objections, Plaintiffs state that the only direct communications with Defendant Marston were on December 10, 2023, which Marston has a copy of. Aside from this message, Plaintiffs are not aware of any messages, communications, or exchanges between Plaintiffs and Defendant Marston beyond:

(1) litigation-related filings and service communications transmitted through counsel, and

(2) publicly viewable content that Defendant Marston herself posted online referring to Plaintiffs.

To the extent any such communications exist, they would be in Defendant Marston's possession, custody, or control—not Plaintiffs'.

Non-privileged materials in Plaintiffs' possession that reflect Marston's publicly posted statements—such as screenshots of the December 10, 2023 tweet and publicly posted podcast content described in the Third Amended Complaint (TAC ¶¶ 112–121)—have already been produced.

Plaintiffs will supplement if additional non-privileged responsive documents are identified.

**Request for Production No. 2**

All COMMUNICATIONS YOU have issued on behalf of Alyssa DeFord p/k/a "Bunnie XO" pursuant to the Digital Millennium Copyright Act to PLATFORMS demanding that they "take down" content on behalf of said client.

**Response:** Plaintiffs object as overbroad, unduly burdensome, and seeking information irrelevant to the claims or defenses in this action. Plaintiffs further object to the extent such

communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objections that the Request is overbroad, unduly burdensome, and seeks materials irrelevant to any claim or defense. Defendant Marston's alleged defamatory statements concerned Demps, not Ms. DeFord, and did not reference any conduct by Ms. DeFord or any takedown issued on her behalf. Therefore, wholesale DMCA communications for unrelated clients have no bearing on whether Marston's December 10, 2023 statement accusing Ms. Braun of "committing perjury" was false (TAC ¶¶ 118–121)

The Request also seeks confidential and privileged attorney–client communications and work product relating to representation of a nonparty client in unrelated matters. Disclosure would invade client privacy and violate the Illinois Rules of Professional Conduct absent client consent or court order.

Answering subject to these objections, Plaintiff is not in possession of any responsive documents: Plaintiffs will supplement if any non-privileged, relevant, proportional materials are identified.

**Request for Production No. 3**

All COMMUNICATIONS YOU have issued on behalf of Kaitlynn Dempsey p/k/a "Demps" pursuant to the DMCA to PLATFORMS demanding takedown of content.

**Response:**
Same objections as No. 2. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objections that this Request is overbroad, unduly burdensome, and seeks privileged attorney–client communications and attorney work product. Communications regarding DMCA submissions inevitably reflect legal strategy, mental impressions, and confidential consultations between attorney and client.

The Request is also disproportionate. The defamatory statement at issue is Marston's December 10, 2023 tweet falsely asserting that Ms. Braun was "actively committing perjury" (TAC ¶¶ 118–121)

Subject to these objections, See Plaintiffs_001509-1749.

**Request for Production No. 4**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU and Kaitlynn Dempsey RELATING TO YOUR submission of a "Copyright Infringement Notification" to YouTube RELATING TO EPISODE 97 on December 3, 2023.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, and seeking privileged communications.

Plaintiffs further object to the extent responsive materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will not produce any documents in response to this request.

**Supplemental Response:** Plaintiffs object that this Request is overly broad, unduly burdensome, and seeks attorney–client communications and attorney work product relating to Ms. Braun's legal representation of Kaitlynn Dempsey p/k/a "Demps." Plaintiffs further object that the Request assumes facts not established, including that Ms. Braun personally "submitted" a Copyright Infringement Notification to YouTube relating to Episode 97 on December 3, 2023.

Subject to and without waiving these objections, Plaintiffs clarify that Ms. Braun did not submit the December 3, 2023 YouTube takedown notice relating to Episode 97. Accordingly, Plaintiffs do not have any communications "by and between YOU and Kaitlynn Dempsey relating to YOUR submission of" that notice, because no such submission by Ms. Braun occurred. To the extent any communications exist regarding the Episode 97 takedown request, they would be in the possession, custody, or control of Ms. Dempsey or third parties, not Plaintiffs.

Plaintiffs will produce any non-privileged, factual documents in their possession, custody, or control that reference the December 3, 2023 takedown notice or reflect public-facing materials described in the Third Amended Complaint. Plaintiffs will withhold privileged attorney–client communications and attorney work product consistent with Rule 26(b)(3), and will provide a categorical privilege log for any withheld privileged materials.

Plaintiffs will supplement if additional non-privileged responsive materials are identified.

**Request for Production No. 5**

DOCUMENTS sufficient to identify all efforts YOU undertook to determine that EPISODE 97 did not constitute "fair use" prior to YOUR submission of a takedown notice to YouTube on December 3, 2023.

**Response:** Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking attorney-client privileged and work product information. Plaintiffs further object to the extent such materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will not produce documents in response to this request.

**Supplemental Response:** Plaintiffs object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case. The Request also assumes facts not established—specifically, that Ms. Braun personally "submitted" a takedown notice to YouTube on December 3, 2023. Ms. Braun did not submit that notice, and therefore she has no documents reflecting "efforts YOU undertook" in connection with such a submission.

Plaintiffs further object that the Request seeks information that is irrelevant to any claim or defense. Defendant Marston's alleged defamatory statement accused Ms. Braun of "actively committing perjury" (TAC ¶¶ 118–121), not of misapplying fair-use doctrine. Whether Episode 97 constituted fair use is not an element of Plaintiffs' claims and has no bearing on the falsity or defamatory nature of Marston's accusation.

Additionally, the Request seeks materials protected by the attorney–client privilege and attorney work product doctrine, including legal analysis, mental impressions, and communications with a client concerning copyright and fair-use issues. Such materials are not discoverable under Rule 26(b)(3).

Subject to and without waiving these objections, Plaintiffs state that they have no non-privileged documents responsive to this Request because Ms. Braun did not submit the December 3, 2023 takedown notice and therefore undertook no "efforts" relating to such a submission. If any documents relating to fair-use analysis exist, they would necessarily be privileged legal work product and will be identified categorically on Plaintiffs' privilege log.

Plaintiffs will supplement if additional non-privileged responsive information is identified.

**Request for Production No. 6**

All DOCUMENTS, including COMMUNICATIONS, YOU have issued on behalf of ANY of YOUR clients pursuant to the DMCA to PLATFORMS demanding takedown of content from January 1, 2022 to the present.

**Response:** Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking attorney-client privileged and work product information. Plaintiffs further object to the extent such materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will not produce documents in response to this request.

**Supplemental Response:** Plaintiffs object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case under Rule 26(b)(1). The Request seeks all DMCA notices issued for any client for more than three years, regardless of client, subject matter, platform, or relevance to the claims in this lawsuit.

The defamatory statement at issue accuses Ms. Braun of "actively committing perjury" in connection with a specific alleged takedown relating to Demps and Episode 97 (TAC ¶¶ 118–121). Whether Ms. Braun issued DMCA notices on behalf of unrelated clients, for unrelated content, over a multi-year period has no bearing on the elements of defamation, including falsity, fault, damages, or causation. Accordingly, the Request seeks information that is irrelevant to any claim or defense.

The Request further seeks categories of documents that would necessarily contain privileged attorney–client communications, attorney work product, and confidential client information, disclosure of which is prohibited without client consent and is not justified by any showing of relevance or proportionality.

Because the Request is not tied to any allegation in the Third Amended Complaint and seeks sensitive client files unrelated to this matter, Plaintiffs will not produce documents in response.

To the extent Defendant contends that any DMCA activity is relevant, such relevance is limited—if at all—to the specific Episode 97 takedown referenced in the pleadings, and Plaintiffs have already agreed to produce any non-privileged, factual documents in their possession relating to that takedown.

Plaintiffs will supplement if any non-privileged, relevant, proportional materials are identified.

**Request for Production No. 7**

All DOCUMENTS, including COMMUNICATIONS, YOU have issued on behalf of YOURSELF pursuant to the DMCA to PLATFORMS demanding takedown of content from January 1, 2022 to the present.

**Response:** Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking attorney-client privileged and work product information. Plaintiffs further object to the extent such materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will not produce documents in response to this request.

**Supplemental Response:**
Plaintiffs object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case under Rule 26(b)(1). The Request seeks all DMCA takedown notices Ms. Braun may have issued on her own behalf for a period of more than three years, regardless of subject matter, platform, purpose, or relevance to the claims in this lawsuit.

The defamatory statement at issue accuses Ms. Braun of "actively committing perjury" in connection with a specific alleged takedown connected to Demps and Episode 97 (TAC ¶¶ 118–121). Whether Ms. Braun issued any personal DMCA notices for unrelated content during a multi-year period has no bearing on the elements of Plaintiffs' defamation or interference claims and is therefore irrelevant.

The Request also seeks documents that would invariably contain attorney work product, legal analysis, and confidential information concerning matters having no relationship to the allegations in this case. Disclosure of such material is not justified and would require revealing sensitive attorney activities wholly unrelated to the issues in dispute.

Because the Request is not relevant, is not proportional to the needs of the case, and seeks privileged and confidential materials concerning unrelated matters, Plaintiffs will not produce documents in response. Plaintiffs will supplement if any non-privileged, relevant, proportional materials are identified.

**Request for Production No. 8**

DOCUMENTS sufficient to identify each client that YOU contend was lost as a result of MARSTON's alleged conduct.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Plaintiffs further object to the extent responsive information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks confidential attorney–client information. Plaintiffs further object to the extent the Request seeks disclosure of privileged communications or client information unrelated to any claim or defense.

Subject to and without waiving these objections, Plaintiffs state that their damages theory does not seek recovery for broad categories of economic losses or all clients who may have altered or declined representation during the relevant period. Plaintiffs' damages are based primarily on reputational harm, emotional harm, and the disruption to specific client relationships referenced in the Third Amended Complaint.

Answering subject to these limitations, Plaintiffs identify the following clients whose professional relationships were adversely affected in connection with the conduct attributed to Defendant Marston: Kaitlynn Dempsey (p/k/a "Demps")**,** Alyssa DeFord (p/k/a "Bunnie XO")**,** and Monsters and Martians. Plaintiffs will not disclose privileged communications or confidential client materials absent client consent or court order.

Plaintiffs will supplement if additional non-privileged, relevant information becomes available.

**Request for Production No. 9**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and YouTube, on the other hand, RELATING TO YOUR "Copyright Infringement Notification" submitted to YouTube RELATING TO EPISODE 97 on December 3, 2023.

**Response:**
Plaintiffs object as overbroad, unduly burdensome, irrelevant, and seeking privileged communications. Plaintiffs further object to the extent responsive information may be in the possession of YouTube or other third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, subject to a protective order.

**Supplemental Response:**

Plaintiffs object that this Request is overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case. The Request also assumes facts not established—namely, that Ms. Braun personally submitted a Copyright Infringement Notification to YouTube on December 3, 2023 relating to Episode 97.

Ms. Braun did not submit that takedown notice, and therefore does not have any communications "by and between YOU and YouTube" relating to such a submission. To the extent any communications concerning that takedown exist, they would be in the possession of YouTube or third parties, not Plaintiffs.

The defamatory statement at issue concerns Defendant Marston's December 10, 2023 tweet accusing Ms. Braun of "actively committing perjury," not the substance of any communication with YouTube. Accordingly, the materials sought are irrelevant to the claims and defenses in this action.

Subject to these objections, Plaintiffs state that they have no non-privileged documents in their possession, custody, or control responsive to this Request because Ms. Braun did not communicate with YouTube regarding the December 3, 2023 takedown notice.

Plaintiffs will supplement if additional non-privileged, relevant information becomes available.

**Request for Production No. 10**

All DOCUMENTS that support YOUR allegation in Paragraph 122 of the TAC that "As a direct result of the false and defamatory statements made by Defendants…Marston, and their collective efforts to publicly malign and discredit Plaintiffs Braun and Braun IP Law, an angry internet mob comprising the Defendants' followers was incited."

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, and overbroad. Plaintiffs further object to the extent the requested documents may be in the possession of third parties such as Defendants' followers. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

Plaintiffs object that this Request is vague, ambiguous, overbroad, and not proportional to the needs of the case to the extent it seeks "all documents" relating to an undefined "angry internet mob," and to the extent it seeks documents in the possession of unidentified third parties or anonymous individuals outside Plaintiffs' knowledge or control. Plaintiffs further object that the Request assumes Plaintiffs can identify or collect documents from Defendants' followers, which is not possible.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that Paragraph 122 of the Third Amended Complaint refers to publicly observable online reactions, comments, messages, and posts made by members of the public in response to Defendants' statements. Plaintiffs cannot identify each person involved and do not possess documents from individuals outside their control.

Plaintiffs have produced representative non-privileged examples of comments, posts, messages, and other online conduct in their possession that reflect the harassment and public reaction described in Paragraph 122. These representative materials include, without limitation, the documents Bates-stamped: Plaintiffs_000971–986, 1017–1022, 1024–1043, 1048–1127, 1130–1154, 1169–1170, 1177–1202, and 1237–1252.

These materials accurately depict the nature and scope of the online conduct referenced in Paragraph 122 and are the full extent of the non-privileged, responsive documents in Plaintiffs' possession, custody, or control.

Plaintiffs will supplement if additional non-privileged, relevant, proportional materials become available.

**Request for Production No. 11**

DOCUMENTS sufficient to identify the identity (including, but not limited to, name, address, social media handle or otherwise identifying information) of each PERSON in the "angry internet mob" as alleged in Paragraph 122 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' knowledge or control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples of such materials, if any.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks information outside Plaintiffs' knowledge, custody, or control. The term "angry internet mob," as used in Paragraph 122 of the Third Amended Complaint, refers to a large and indeterminate group of online users—many of whom are anonymous or pseudonymous—who posted comments or messages in response to Defendants' statements. Plaintiffs cannot identify these individuals by name, address, social media handle, or other identifying information, nor could Plaintiffs reasonably obtain such information.

Subject to and without waiving these objections, Plaintiffs state that they have produced representative non-privileged examples of online posts, comments, messages, and public reactions in their possession that illustrate the conduct described in Paragraph 122. These materials include, without limitation, the documents Bates-stamped: Plaintiffs_000971–986, 1017–1022, 1024–1043, 1048–1127, 1130–1154, 1169–1170, 1177–1202, and 1237–1252.

These representative documents are the full extent of the non-privileged, responsive materials in Plaintiffs' possession, custody, or control. Plaintiffs cannot identify the individuals depicted in these materials beyond the publicly displayed usernames or handles appearing in the produced screenshots.

Plaintiffs will supplement if additional non-privileged, relevant materials become available.

**Request for Production No. 12**

All DOCUMENTS that support YOUR allegations in Paragraph 123 of the TAC that "Through public comments, videos, and messages…Defendants personally fueled and incited the mob."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and argumentative. Plaintiffs further object to the extent the requested materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, argumentative, and seeks

documents outside Plaintiffs' possession, custody, or control, including materials posted by third parties on social media platforms. Plaintiffs further object that the Request is not proportional to the needs of the case because it seeks "all documents" relating to an undefined volume of public comments, videos, and messages.

Subject to and without waiving these objections, Plaintiffs state that Paragraph 123 of the Third Amended Complaint refers to online conduct observable on publicly accessible platforms, including comments, posts, messages, and content circulated or amplified by Defendants. Plaintiffs do not possess communications from third parties beyond the public-facing materials they captured.

Plaintiffs have produced representative non-privileged examples of such public comments, messages, and online activity that reflect how Defendants' statements fueled and incited the public response at issue. These materials include, without limitation, the documents Bates-stamped: Plaintiffs_000971–986, 1017–1022, 1024–1043, 1048–1127, 1130–1154, 1169–1170, 1177–1202, and 1237–1252.

These documents constitute the full extent of non-privileged, responsive materials in Plaintiffs' possession. Plaintiffs will supplement if additional non-privileged, relevant materials become available.

**Request for Production No. 13**

DOCUMENTS sufficient to identify each of the public comments, videos, and messages alleged in Paragraph 123 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and unduly burdensome. Plaintiffs further object to the extent responsive documents may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples, if any.

**Supplemental Response:**
Plaintiffs object that this Request is vague, overbroad, unduly burdensome, and seeks information outside Plaintiffs' knowledge or control to the extent it demands identification of "each" public comment, video, or message described in Paragraph 123 of the Third Amended Complaint. Plaintiffs cannot identify or obtain the identities or content of every such post, particularly where posts are anonymous, deleted, or otherwise inaccessible.

Subject to and without waiving these objections, Plaintiffs have produced representative examples of the public comments, posts, videos, and messages referenced in Paragraph 123, which reflect the incitement and public reaction described in the Complaint. These materials include, without limitation, the documents Bates-stamped: Plaintiffs_000971–986, 1017–1022, 1024–1043, 1048–1127, 1130–1154, 1169–1170, 1177–1202, and 1237–1252.

These representative documents are the full extent of non-privileged, responsive materials in Plaintiffs' possession, custody, or control. Plaintiffs will supplement if additional non-privileged, relevant materials become available.

**Request for Production No. 14**

All DOCUMENTS that support YOUR allegations in Paragraph 124 of the TAC regarding foreseeable incitement and internet threats.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent responsive materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and not proportional to the needs of the case. Paragraph 124 of the Third Amended Complaint refers broadly to internet threats, comments, and reactions by members of the public—many of whom are anonymous—and Plaintiffs cannot reasonably identify or obtain documents from individuals outside their possession, custody, or control. Plaintiffs further object that the Request seeks materials that may be exclusively in the possession of third parties.

Subject to and without waiving these objections, Plaintiffs state that they have produced representative non-privileged examples of online comments, posts, messages, and reactions that illustrate the foreseeable incitement and threatening conduct alleged in Paragraph 124. These materials depict the nature and scope of the internet threats and harassment that followed Defendants' statements. The representative documents produced include, without limitation, the Bates-stamped materials: Plaintiffs_000971–986, 1017–1022, 1024–1043, 1048–1127, 1130–1154, 1169–1170, 1177–1202, and 1237–1252.

These documents constitute the full extent of non-privileged, responsive materials in Plaintiffs' possession, custody, or control. Plaintiffs will supplement if additional non-privileged, relevant materials become available.

**Request for Production No. 15**

DOCUMENTS sufficient to identify each of the "internet threats via online comments, direct messages, emails, phone calls, and 911 calls" alleged in Paragraph 124 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and unduly burdensome. Plaintiffs further object to the extent responsive information may be in the possession of third parties or anonymous individuals. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks documents "sufficient to identify each" internet threat described in Paragraph 124 of the Third Amended Complaint. Many such threats were made anonymously, pseudonymously, or through third-party platforms outside Plaintiffs' possession, custody, or control. Plaintiffs

further object that they cannot reasonably identify or obtain "each" threat, comment, or communication referenced in Paragraph 124.

Subject to and without waiving these objections, Plaintiffs state that they have produced all non-privileged, representative examples of internet threats, comments, direct messages, emails, and other harassing conduct responsive to this Request that are in their possession. These materials include, without limitation, documents Bates-stamped: Plaintiffs_000010, 1757–1759, 1774–1836, and 1881–1883.

These documents accurately reflect the nature and scope of the threats and harassment described in Paragraph 124. Harassment and threatening conduct directed at Plaintiffs have been **ongoing**, and Plaintiffs will **supplement** this response pursuant to Rule 26(e) if additional non-privileged, relevant materials come into their possession.

These representative documents constitute the full extent of non-privileged responsive materials currently within Plaintiffs' possession, custody, or control.

**Request for Production No. 16**

All DOCUMENTS that support YOUR allegations in Paragraph 125 of the TAC that Defendants intended to incite intimidation and threats.

**Response:**
Same objections as Nos. 14–15. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, overbroad, unduly burdensome, and seeks information outside Plaintiffs' possession, custody, or control. Paragraph 125 of the Third Amended Complaint concerns intimidation and threats carried out by online users—many of whom are anonymous or pseudonymous—and Plaintiffs cannot reasonably identify or obtain all such materials, particularly those posted publicly, deleted, or held exclusively by third parties or social media platforms. Plaintiffs further object that the Request is not proportional to the needs of the case to the extent it seeks "all documents" supporting broad allegations regarding Defendants' intent.

Subject to and without waiving these objections, Plaintiffs state that they have produced all non-privileged, representative documents in their possession that reflect intimidation, threats, harassment, and online conduct illustrating Defendants' incitement as alleged in Paragraph 125. These materials include the full set of non-privileged documents produced to date, Bates-stamped:

**Plaintiffs_000001–Plaintiffs_001330**,

as well as the video and image files within the Bates-number range:

**Plaintiffs_001260–Plaintiffs_001329**.

13

These materials collectively depict the harassment, threats, intimidation, and online conduct consistent with the allegations in Paragraph 125. Harassment and threatening conduct directed at Plaintiffs has been ongoing, and Plaintiffs will supplement this response pursuant to Rule 26(e) if additional non-privileged, relevant materials come into their possession.

**Request for Production No. 17**

DOCUMENTS sufficient to identify each of the "numerous intimidating communications and threats" alleged in Paragraph 125 of the TAC.

**Response:**
Same objections as No. 15. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks documents "sufficient to identify each" internet threat described in Paragraph 125 of the Third Amended Complaint. Many such threats were made anonymously, pseudonymously, or through third-party platforms outside Plaintiffs' possession, custody, or control. Plaintiffs further object that they cannot reasonably identify or obtain "each" threat, comment, or communication referenced in Paragraph 124.

Subject to and without waiving these objections, Plaintiffs state that they have produced all non-privileged, representative examples of internet threats, comments, direct messages, emails, and other harassing conduct responsive to this Request that are in their possession. These materials include, without limitation, documents Bates-stamped: Plaintiffs_000010, 1757–1759, 1774–1836, and 1881–1883.

These documents accurately reflect the nature and scope of the threats and harassment described in Paragraph 124. Harassment and threatening conduct directed at Plaintiffs have been ongoing, and Plaintiffs will supplement this response pursuant to Rule 26(e) if additional non-privileged, relevant materials come into their possession.

**Request for Production No. 18**

All DOCUMENTS that support YOUR allegations in Paragraph 126 of the TAC that "Plaintiff Braun received threats of violence…including threats to burn her home down."

**Response:**
Plaintiffs object as vague, overbroad, and unduly burdensome. Plaintiffs further object to the extent responsive information may be in the possession of third parties or anonymous individuals. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents.

**Supplemental Response:** See Plaintiffs_00000010.

**Request for Production No. 19**

14

DOCUMENTS sufficient to identify each of the "threats of violence…threats to burn her home down" as alleged in Paragraph 126 of the TAC.

**Response:**
Same objections as No. 18. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** See Plaintiffs_00000010.

**Request for Production No. 20**

All DOCUMENTS that support YOUR allegations in Paragraph 128 of the TAC regarding ex parte communications to the Court.

**Response:**
Plaintiffs object as vague, ambiguous, and seeking information outside Plaintiffs' knowledge or control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks information outside Plaintiffs' possession, custody, or control. Paragraph 128 of the Third Amended Complaint refers to ex parte communications that were directed to the Court**,** not to Plaintiffs. Plaintiffs do not receive, retain, or have access to communications sent directly to the Court unless the Court chooses to disclose them.

Subject to and without waiving these objections, Plaintiffs state that they do not possess any documents responsive to this Request. The existence and nature of ex parte communications received by the Court were discussed by the Court in open court on the record, during a hearing in which Attorney Brandon Witkow and **defense counsel was present**. Defendants are therefore in the same position as Plaintiffs to obtain any record of that discussion, including by requesting or reviewing the hearing transcript.

Because Plaintiffs do not possess any documents concerning ex parte communications to the Court, no documents can be produced. Plaintiffs will supplement if any non-privileged, relevant materials come into their possession.

**Request for Production No. 21**

DOCUMENTS sufficient to identify each of the "ex parte communications from the internet mob" as alleged in Paragraph 128 of the TAC.

**Response:**
Same objections as No. 20. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, if any, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks information outside

Plaintiffs' possession, custody, or control. Paragraph 128 of the Third Amended Complaint refers to ex parte communications that were received by the Court, not by Plaintiffs. Plaintiffs did not receive, review, or retain those communications and therefore cannot identify the senders or produce documents concerning them.

As discussed in open court on the record**,** the Court addressed the fact and nature of these ex parte communications during a hearing attended by defense counsel. Defendants are therefore in the same position as Plaintiffs to obtain any information regarding those communications, including by reviewing or ordering the transcript of that hearing.

Subject to and without waiving these objections, Plaintiffs state that they possess no documents responsive to this Request, and thus cannot produce any documents "sufficient to identify" the individuals who submitted ex parte communications to the Court. If any non-privileged, relevant materials come into Plaintiffs' possession in the future, Plaintiffs will supplement consistent with Rule 26(e).

**Request for Production No. 22**

All DOCUMENTS that support YOUR allegations in Paragraph 129 of the TAC regarding Google reviews.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent responsive information may be in the possession of Google or other third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** See_Plaintiffs_001377-1383

**Request for Production No. 23**

DOCUMENTS sufficient to identify the PERSONS who submitted "negative and 1-star Google reviews" as alleged in Paragraph 129 of the TAC.

**Response:**
Same objections as No. 22. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, if any, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks information outside Plaintiffs' knowledge or control. The identities of individuals who submitted negative or 1-star Google reviews are not known to Plaintiffs and cannot be reasonably determined, as Google reviewers often use pseudonyms or anonymous usernames. Any identifying information associated with such reviews is in the exclusive possession of Google, not Plaintiffs.

Subject to and without waiving these objections, Plaintiffs refer to the representative documents previously produced that reflect the negative and 1-star Google reviews at issue, Bates-stamped: Plaintiffs_001377–Plaintiffs_001383.

These documents are the full extent of non-privileged, responsive materials in Plaintiffs' possession, custody, or control. Plaintiffs cannot identify the individuals who submitted the reviews and are not able to produce information they do not possess.

Plaintiffs will supplement if additional non-privileged, relevant information becomes available.

**Request for Production No. 24**

All DOCUMENTS that support YOUR allegations in Paragraph 130 of the TAC that Defendants encouraged followers to view and support disparaging content.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples, if any, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and not proportional to the needs of the case. Paragraph 130 of the Third Amended Complaint refers to online posts, comments, and videos created or amplified by Defendants or by third-party content creators such as Ian Runkle, whose content Defendants circulated, endorsed, encouraged followers to view, or linked to on their public platforms. Many of these materials are publicly available online, were posted by Defendants themselves, or remain in the possession of third parties—not Plaintiffs.

Subject to and without waiving these objections, Plaintiffs state that Defendants Bekah Day, Krista Carter, and Lily Marston each posted, shared, referenced, or encouraged followers to engage with disparaging content**,** including content created by third-party commentator Ian Runkle. Because Defendants created, shared, and publicly commented on this content, they are in equal possession, custody, and control of these materials and equally capable of locating them.

Plaintiffs have produced representative non-privileged examples of the posts and content responsive to this Request, including, without limitation, Plaintiffs_001400, which is one of the disparaging posts made by Defendants themselves.

These representative materials constitute the full extent of non-privileged, responsive documents currently in Plaintiffs' possession. Plaintiffs will supplement if additional non-privileged, relevant materials become available.

**Request for Production No. 25**

DOCUMENTS sufficient to identify the specific posts/content referenced in Paragraph 130 of the TAC.

**Response:**
Same objections as No. 24. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, overbroad, and not proportional to the needs of the case. Paragraph 130 of the Third Amended Complaint refers to online posts, comments, and videos created or amplified by Defendants or by third-party content creators such as Ian Runkle, whose content Defendants circulated, endorsed, encouraged followers to view, or linked to on their public platforms. Many of these materials are publicly available online, were posted by Defendants themselves, or remain in the possession of third parties—not Plaintiffs.

Subject to and without waiving these objections, Plaintiffs state that Defendants Bekah Day, Krista Carter, and Lily Marston each posted, shared, referenced, or encouraged followers to engage with disparaging content**,** including content created by third-party commentator Ian Runkle. Because Defendants created, shared, and publicly commented on this content, they are in equal possession, custody, and control of these materials and equally capable of locating them.

Plaintiffs have produced representative non-privileged examples of the posts and content responsive to this Request, including, without limitation, Plaintiffs_001400, which is one of the disparaging posts made by Defendants themselves.

These representative materials constitute the full extent of non-privileged, responsive documents currently in Plaintiffs' possession. Plaintiffs will supplement if additional non-privileged, relevant materials become available.

**Request for Production No. 26**

All DOCUMENTS supporting YOUR allegation in Paragraph 132 of the TAC that clients terminated representation due to scrutiny caused by Day and Marston.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client communications. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks confidential and privileged attorney–client communications. Plaintiffs further object that to the extent this Request seeks documents reflecting clients' internal decisionmaking, concerns, motivations, or privileged communications with counsel, such documents are protected by the attorney–client privilege, work product doctrine, and client confidentiality and are not subject to disclosure without client consent.

Subject to and without waiving these objections, Plaintiffs' damages theory does not seek recovery for broad economic losses or a detailed accounting of all client terminations. Plaintiffs' allegation in Paragraph 132 refers specifically to disruptions in representation involving Alyssa DeFord (Bunnie XO)**,** Kaitlynn Dempsey (Demps)**,** and Monsters & Martians, whose relationships with Ms. Braun were adversely affected by the public scrutiny and harassment arising from the conduct of Defendants Day and Marston.

Plaintiffs are not in possession of any non-privileged documents that are responsive ot this request. Many communications relevant to client concerns or decisions—if they exist—would necessarily be in the possession of the clients themselves, not Plaintiffs.

Plaintiffs will supplement pursuant to Rule 26(e) if additional non-privileged, relevant materials become available.

### Request for Production No. 27

All DOCUMENTS supporting YOUR allegation in Paragraph 133 of the TAC that Day and Marston conspired with each other and third parties.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, and overbroad. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce relevant materials in their possession.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, argumentative, and overbroad, and seeks materials outside Plaintiffs' possession, custody, or control. Paragraph 133 of the Third Amended Complaint refers to public conduct—such as online posts, videos, statements, and coordinated messaging—through which Defendants Day and Marston acted together and in conjunction with third-party commentators. Plaintiffs further object that much of the information responsive to this Request consists of materials that Defendants themselves created, posted, circulated, or referenced and that are therefore already in Defendants' possession or equally accessible to them.

Subject to and without waiving these objections, Plaintiffs state that the allegations in Paragraph 133 are supported primarily by publicly available posts, videos, comments, and social-media interactions involving Defendants Day and Marston and third-party content creators, including but not limited to individuals such as Ian Runkle. The majority of such content was created or disseminated by Defendants, and Plaintiffs do not possess non-public communications between Defendants or between Defendants and third parties.

Plaintiffs have produced all non-privileged, representative documents in their possession that illustrate this coordinated conduct, including screenshots and public posts captured at the time and previously produced in Plaintiffs' document production. To the extent additional non-privileged materials come into Plaintiffs' possession, Plaintiffs will supplement pursuant to Rule 26(e).

**Request for Production No. 28**

DOCUMENTS sufficient to identify the "third parties" referenced in Paragraph 133 of the TAC.

**Response:**
Same objections as No. 27. Subject to and without waiving objections, Plaintiffs will produce relevant materials in their possession.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks information outside Plaintiffs' possession, custody, or control. Paragraph 133 of the Third Amended Complaint refers to publicly observable conduct, including Defendants' interactions with third-party online commentators, not private communications. To the extent the Request seeks the identities of individuals with whom Defendants privately communicated, Plaintiffs do not possess such information.

Subject to and without waiving these objections, Plaintiffs state that the "third parties" referenced in Paragraph 133 include publicly known commentators whose content Defendants Day and Marston amplified, endorsed, or circulated, including, but not limited to, Ian Runkle. The materials supporting these identifications consist primarily of public posts and videos created or shared by Defendants, which Defendants already possess or are equally able to obtain.

Plaintiffs have produced non-privileged, representative materials in their possession reflecting these interactions. Plaintiffs will supplement if additional non-privileged, relevant materials become available.

**Request for Production No. 29**

All DOCUMENTS supporting YOUR allegation in Paragraph 134 of the TAC that Day and Marston conspired with third parties to disparage Plaintiffs.

**Response:**
Same objections as No. 27. Subject to and without waiving objections, Plaintiffs will produce relevant materials in their possession.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, argumentative, and overbroad. Plaintiffs further object because most of the documents supporting Paragraph 134 consist of public content created, shared, or promoted by Defendants themselves and are therefore already in Defendants' possession or equally accessible to them. Plaintiffs also object to the extent the Request seeks materials outside Plaintiffs' possession or private communications between Defendants and third parties.

Subject to and without waiving these objections, Plaintiffs state that Paragraph 134 is supported by publicly available posts, comments, and videos evidencing coordinated or mutually

reinforcing conduct between Defendants Day and Marston and third-party commentators such as Ian Runkle, whose content Defendants promoted or encouraged followers to view. Plaintiffs do not possess non-public communications between Defendants and these third parties.

Plaintiffs have produced all non-privileged, representative documents in their possession illustrating this conduct. Plaintiffs will supplement if additional non-privileged materials become available.

**Request for Production No. 30**

DOCUMENTS sufficient to identify the "third parties" referenced in Paragraph 134 of the TAC.

**Response:**
Same objections as Nos. 27–29. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks information outside Plaintiffs' knowledge or control. Paragraph 134 refers to "third parties" whose content Defendants amplified or promoted publicly; Plaintiffs do not possess information identifying all individuals with whom Defendants may have privately coordinated.

Subject to and without waiving these objections, Plaintiffs state that the "third parties" referenced in Paragraph 134 include publicly visible commentators whose posts or videos Defendants Day and Marston shared, endorsed, or directed followers to view, including, without limitation, Ian Runkle and any other publicly accessible creators whose content Defendants circulated. These materials originate from Defendants' own public platforms and are therefore already in Defendants' possession or equally accessible to them.

Plaintiffs have produced all non-privileged, representative materials in their possession sufficient to identify such publicly known third parties. Plaintiffs will supplement pursuant to Rule 26(e) if additional non-privileged information becomes available.

**Request for Production No. 31**

All DOCUMENTS supporting YOUR allegation in Paragraph 135 of the TAC regarding Defendants' intent to damage Plaintiffs' business.

**Response:**
Plaintiffs object as vague, ambiguous, argumentative, and overbroad. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, argumentative, and overbroad. Paragraph 135 of the Third Amended Complaint refers to Defendants' intent as evidenced through their *public conduct*, including their statements, posts, videos, and calls to action on their own

platforms. To the extent this Request seeks internal communications, private messages, or materials reflecting Defendants' subjective intent, Plaintiffs do not possess such information, which would be solely within Defendants' possession, custody, or control.

Subject to and without waiving these objections, Plaintiffs state that the allegation in Paragraph 135 is supported primarily by publicly observable statements and actions taken by Defendants Day, Carter, and Marston, including their repeated posts, videos, and commentary targeting Plaintiffs' law practice, encouraging followers to engage with disparaging content, and amplifying third-party commentary intended to harm Plaintiffs' reputation and business. Because Defendants themselves created or disseminated much of this material, they are in equal possession of it.

Plaintiffs have produced all non-privileged, representative materials in their possession reflecting this conduct, including screenshots and publicly posted content captured at the time. Plaintiffs will supplement pursuant to Rule 26(e) if additional non-privileged, relevant materials become available.

**Request for Production No. 32**

All statements, declarations, or testimony YOU intend to use to support claims against Marston.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in accordance with Rule 26 disclosures and subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and premature to the extent it seeks identification or production of statements, declarations, or testimony that Plaintiffs may use at trial or in future motion practice. Plaintiffs further object that the Request seeks disclosure of attorney work product, mental impressions, and litigation strategy, which are protected under Rule 26(b)(3).

Subject to and without waiving these objections, Plaintiffs state that any statements, declarations, or testimony that Plaintiffs intend to rely upon in support of their claims against Defendant Marston will be disclosed at the appropriate time in accordance with the Federal Rules of Civil Procedure, including Rule 26(a)(1), Rule 26(a)(3), and any pretrial scheduling order entered by the Court.

To the extent Plaintiffs possess non-privileged, factual materials that have already been produced—such as screenshots of Defendant Marston's December 10, 2023 tweet, excerpts of the podcast episodes addressed in the TAC, and other publicly posted statements—Defendants are in equal possession of these materials, as they were created or disseminated by Defendant Marston. Plaintiffs will supplement their disclosures as required by Rule 26(e) and any Court-ordered deadlines.

**Request for Production No. 33**

All DOCUMENTS supporting YOUR claim for damages as alleged in Paragraph 177 of the
TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking privileged information. Subject to
and without waiving objections, Plaintiffs will produce non-privileged, relevant materials,
subject to a protective order.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, overbroad, and
seeks privileged information, including attorney–client communications, legal analysis, and
attorney work product relating to Plaintiffs' assessment and presentation of damages. Plaintiffs
further object that the Request seeks materials not proportional to the needs of the case to the
extent it implies disclosure of all information bearing on emotional distress, reputational harm, or
the subjective experiences of Plaintiffs, much of which is not documented in writing.

Subject to and without waiving these objections, Plaintiffs state that the damages alleged in
Paragraph 177 consist primarily of reputational harm, emotional distress, mental anguish, and
harm to Plaintiff Braun's career and professional standing, arising from Defendants' public
statements and the widespread online harassment that followed. The materials supporting these
damages consist largely of:

1. Defendants' own publicly posted statements, videos, tweets, and podcast content, which
   Defendants already possess or are equally capable of obtaining; and
2. Representative examples of the online threats, harassment, and negative reactions
   directed at Plaintiffs following Defendants' conduct.

Plaintiffs have produced all non-privileged, representative documents in their possession
reflecting reputational harm and the public response to Defendants' statements, including
screenshots and public posts previously produced. Plaintiffs do not possess internal documents
quantifying emotional distress or mental anguish, and such harm is demonstrated through
testimony rather than documentary evidence.

To the extent limited economic harm is at issue, it relates only to the specific client relationships
previously identified (Demps, Bunnie XO, and Monsters & Martians). Plaintiffs have produced
non-privileged, factual documents in their possession relating to those disruptions and will not
disclose privileged client communications.

Plaintiffs will supplement pursuant to Rule 26(e) if additional non-privileged, relevant materials
become available.

**Request for Production No. 34**

All DOCUMENTS supporting YOUR claim that existing/prospective clients were deterred from
hiring Braun.

**Response:**
Same objections as No. 33. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to show such harm, subject to a protective order.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks privileged and confidential attorney–client communications, including information regarding prospective clients, client inquiries, and client decision making. Plaintiffs further object that the Request is not proportional to the needs of the case to the extent it seeks disclosure of all documents that may touch on client hesitation or deterrence, much of which is not memorialized in writing and would necessarily involve privileged communications.

Subject to and without waiving these objections, Plaintiffs state that their claim regarding deterrence of existing or prospective clients is based primarily on (a) the public reputation harm caused by Defendants' statements, and (b) the publicly observable online harassment that followed. Much of the evidence supporting this deterrence consists of Defendants' own posts, videos, and statements, as well as the resulting public reactions—all of which Defendants already possess or are equally able to obtain.

To the extent Plaintiffs possess non-privileged, factual documents that reflect concerns expressed by existing or prospective clients—such as general expressions of hesitation, fear of harassment, or reluctance to associate with Ms. Braun—Plaintiffs have produced representative non-privileged examples of such materials. Plaintiffs do not possess, and will not produce, privileged communications with clients or prospective clients concerning legal advice, strategy, or confidential discussions.

The harm described in Paragraph 188 is demonstrated primarily through:

1. Public statements by Defendants,

2. Public online harassment and threats, and

Representative client-facing documents already produced.

Plaintiffs will supplement pursuant to Rule 26(e) if additional non-privileged, relevant, proportional materials become available.


**Request for Production No. 35**

All DOCUMENTS supporting YOUR claim that Braun endured digital attacks due to Marston's statements.

**Response:**
Same objections as Nos. 33–34. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks information outside Plaintiffs' possession, custody, or control. Digital attacks directed at Plaintiff Braun came from numerous online users, many of whom are anonymous, pseudonymous, or located on platforms outside Plaintiffs' ability to identify or preserve. Plaintiffs further object that the Request is not proportional to the needs of the case because it implies that Plaintiffs must catalog or identify every digital attack they experienced, which is not feasible.

Subject to and without waiving these objections, Plaintiffs state that they have produced all non-privileged, representative examples of digital attacks, harassment, threats, and online conduct directed at Ms. Braun in response to Defendant Marston's statements and related online activity. These representative materials include, without limitation, documents Bates-stamped: Plaintiffs_001884–001900, Plaintiffs_000001–001330, Plaintiffs_001377–001383, and Plaintiffs_001757–001761.

These Bates ranges include screenshots, messages, comments, and other public postings reflecting the nature and scope of the digital attacks Braun endured. Plaintiffs do not possess, and therefore cannot produce, every individual instance of online hostility or harassment, particularly those that were deleted, posted anonymously, or never captured.

Harassment has been ongoing, and Plaintiffs will supplement this response pursuant to Rule 26(e) if additional non-privileged, relevant materials come into their possession.

**Request for Production No. 36**

DOCUMENTS sufficient to identify the PERSONS involved in digital attacks alleged in Paragraph 188 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' knowledge or control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples in their possession, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks information outside Plaintiffs' possession, custody, or control. The digital attacks referenced in Paragraph 188 of the Third Amended Complaint were conducted by numerous online users—most of whom posted anonymously, pseudonymously, or through accounts that do not reveal any identifying information. Plaintiffs cannot determine the names, addresses, or true identities of these individuals, nor can Plaintiffs obtain such information from third-party platforms.

Subject to and without waiving these objections, Plaintiffs have produced all non-privileged, representative examples of digital attacks, comments, threats, and online conduct directed at Ms. Braun that are in Plaintiffs' possession. These materials include, without limitation, the following Bates-number ranges: Plaintiffs_000001–001330, Plaintiffs_001377–001383, Plaintiffs_001757–001761, and Plaintiffs_001884–001900.

These documents reflect the nature and scope of online attacks described in Paragraph 188 but do **not** identify the individuals responsible, as such information is not available to Plaintiffs. Plaintiffs do not possess additional identifying information and cannot produce what is not in their possession, custody, or control.

Plaintiffs will supplement pursuant to Rule 26(e) if additional non-privileged, relevant materials become available.

**Request for Production No. 37**

All DOCUMENTS supporting YOUR claim for "injury to business and reputation" alleged in Paragraph 189 of the TAC.

**Response:**
Same objections as No. 33. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks privileged and confidential information, including attorney–client communications and attorney work product concerning Plaintiffs' analysis of reputational or business injury. Plaintiffs further object that the Request is not proportional to the needs of the case to the extent it suggests that all aspects of reputational harm are documented in writing; much of the harm described in Paragraph 189 is not memorialized in documents.

Subject to and without waiving these objections, Plaintiffs state that the claim for "injury to business and reputation" in Paragraph 189 is supported primarily by (1) Defendants' own public statements, posts, and videos; and (2) the widespread digital attacks, threats, and reputational harm that followed. Much of this evidence is already in Defendants' possession because Defendants themselves created or disseminated it.

Plaintiffs have produced all non-privileged, representative documents in their possession reflecting reputational injury, including the Bates ranges previously produced (e.g., Plaintiffs_000001–001330; 001377–001383; 001757–001761; 001884–001900). Plaintiffs will supplement pursuant to Rule 26(e) if additional non-privileged, relevant materials become available.

**Request for Production No. 38**

DOCUMENTS sufficient to identify professional relationships disrupted as alleged in Paragraph 201 of the TAC.

**Response:**
Same objections as Nos. 33–37. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks confidential and privileged information regarding client relationships and communications. Plaintiffs further object that Paragraph 201 of the Third Amended Complaint refers to disruptions in professional relationships caused by reputational harm and online harassment, not a detailed ledger of client withdrawals, and much of this disruption is not documented in writing.

Subject to and without waiving these objections, Plaintiffs state that the only client or professional relationships alleged to have been disrupted in a manner relevant to the claims are those involving **Alyssa DeFord (Bunnie XO), Kaitlynn Dempsey (Demps), and Monsters & Martians**. Plaintiffs have produced all non-privileged, factual documents in their possession reflecting disruptions to these relationships. Any privileged communications with these clients concerning legal advice, strategy, or client decisionmaking will not be disclosed without client consent or court order.

Plaintiffs will supplement under Rule 26(e) if additional non-privileged, relevant materials become available.

**Request for Production No. 39**

All DOCUMENTS supporting YOUR allegation in Paragraph 207 of the TAC regarding lost work from clients.

**Response:**
Same objections as No. 26. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks privileged and confidential attorney–client communications regarding client work, client matters, and client decisions. Plaintiffs further object that any "lost work" referenced in Paragraph 207 pertains only to disruptions involving the specific clients identified in the pleadings, not a broad category of all clients.

Subject to and without waiving these objections, Plaintiffs state that Paragraph 207 refers only to disruptions in work for Alyssa DeFord (Bunnie XO)**,** Kaitlynn Dempsey (Demps), and Monsters & Martians. Plaintiffs have produced all non-privileged, factual documents in their possession reflecting that the public scrutiny and online harassment generated by Defendants' statements caused interruptions to these client relationships. Plaintiffs will not produce privileged communications or information revealing the substance of legal representation.

Plaintiffs will supplement if additional non-privileged, relevant materials come into their possession.

**Request for Production No. 40**

DOCUMENTS sufficient to identify the "work" lost from clients including DeFord and
Dempsey.

**Response:**
Same objections as No. 39. Subject to and without waiving objections, Plaintiffs will produce
non-privileged, relevant materials in their possession, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks privileged and
confidential information regarding client representation and client matters. Plaintiffs further
object that "the work lost" is not a term with an independent definition apart from the limited
client disruptions already identified and does not require disclosure of privileged
communications or internal case files.

Subject to and without waiving these objections, Plaintiffs state that the only "work" alleged to
have been disrupted relates to the specific clients identified in the Third Amended Complaint—
Alyssa DeFord (Bunnie XO) and Kaitlynn Dempsey (Demps). Plaintiffs have produced all non-
privileged, factual documents in their possession that reflect the existence of these disruptions
(not their privileged substance). To the extent any additional relevant, non-privileged documents
become available, Plaintiffs will supplement under Rule 26(e).

**Request for Production No. 41**

DOCUMENTS sufficient to identify what YOU mean by clients "distancing" themselves.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Subject to and without waiving objections,
Plaintiffs will produce non-privileged, relevant examples, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, and overbroad, and that it seeks
privileged and confidential attorney–client communications as well as confidential information
from prospective clients. The term "distancing," as used in the Third Amended Complaint, refers
to the general reluctance, hesitation, or disruption in engagement that occurred as a result of the
reputational harm and online harassment following Defendants' statements—not to specific
privileged communications or detailed client files. Plaintiffs cannot disclose privileged client
communications or the content of confidential inquiries from prospective clients.

Subject to and without waiving these objections, Plaintiffs state that "distancing" refers to
disruptions or hesitations in professional relationships with the limited clients identified in the
pleadings: Alyssa DeFord (Bunnie XO), Kaitlynn Dempsey (Demps), and Monsters & Martians.
Plaintiffs have produced non-privileged, representative examples of documents in their
possession that reflect the reputational harm and client concerns that followed Defendants'
conduct. Much of the evidence of "distancing" consists of:

(1) Defendants' own public statements and posts, and
(2) the online harassment and negative public reaction those statements generated—materials already in Defendants' possession or equally accessible to them.

Plaintiffs will supplement this response pursuant to Rule 26(e) if additional non-privileged, relevant materials become available.

**Request for Production No. 42**

DOCUMENTS sufficient to identify the PERSONS who submitted "1-star Google reviews."

**Response:**
Same objections as No. 22. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant information in their possession, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks information outside Plaintiffs' possession, custody, or control. The identities of individuals who submitted 1-star Google reviews are not known to Plaintiffs and cannot be reasonably determined, as Google reviewers typically use pseudonyms or anonymous usernames. Any identifying information is exclusively within the possession of Google, not Plaintiffs.

Subject to and without waiving these objections, Plaintiffs have produced the non-privileged, representative documents in their possession reflecting the 1-star Google reviews at issue, which are Bates-stamped: **See Plaintiffs_001377–001383.**

These documents represent the full extent of non-privileged materials in Plaintiffs' possession. Plaintiffs cannot identify the individuals who submitted the reviews and cannot produce information they do not possess.

Plaintiffs will supplement if additional non-privileged, relevant materials become available.

**Request for Production No. 43**

DOCUMENTS sufficient to identify clients who ended their use of Braun Law out of fear of harassment.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to show such client loss, subject to a protective order.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks confidential and privileged attorney–client communications, including information protected under the Illinois Rules of Professional Conduct. Plaintiffs further object that identifying clients who discontinued representation and disclosing documents reflecting their reasons for doing so would necessarily require disclosure of privileged communications and

confidential client information, which Plaintiffs cannot disclose without the clients' express consent.

Subject to and without waiving these objections, Plaintiffs state that the only clients identified in the Third Amended Complaint as having ended or interrupted their use of Braun Law due to fear of harassment are Alyssa DeFord (Bunnie XO), Kaitlynn Dempsey (Demps), and Monsters & Martians. However, Plaintiffs cannot produce any documents relating to these client relationships because Plaintiffs do not have the clients' permission to disclose confidential or privileged information. Plaintiffs cannot ethically produce documents that would reveal client confidences, attorney–client communications, work product, or any sensitive information relating to legal representation.

To the extent any non-privileged information becomes available with client authorization, Plaintiffs will supplement pursuant to Rule 26(e). At this time, no such client permission has been provided, and therefore Plaintiffs have no producible documents responsive to this Request.

**Request for Production No. 44**

All DOCUMENTS supporting YOUR allegation in Paragraph 212 of the TAC regarding reputational harm from false statements.

**Response:**
Same objections as No. 33. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks privileged or confidential information, including attorney–client communications and attorney work product related to Plaintiffs' analysis of reputational injury. Plaintiffs further object that the Request is not proportional to the needs of the case because reputational harm is primarily demonstrated through public statements made by Defendants and the resulting online harassment, not through extensive internal documentation.

Subject to and without waiving these objections, Plaintiffs state that the reputational harm alleged in Paragraph 212 of the Third Amended Complaint is supported principally by Defendants' own false public statements and posts, as well as the digital attacks and negative public reactions that followed. Because Defendants created, posted, or amplified much of this content, they are in equal possession of the majority of the relevant evidence.

Plaintiffs have produced all non-privileged, representative examples of online harassment, threats, and negative public commentary in their possession, including screenshots and public posts previously disclosed in Plaintiffs' production. Plaintiffs will supplement under Rule 26(e) if additional non-privileged, relevant materials become available.

**Request for Production No. 45**

All DOCUMENTS supporting YOUR allegation in Paragraph 214 of the TAC that Day contacted others to instigate reputational harm.

**Response:**
Same objections as No. 44. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

**Supplemental Response:**

Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks information outside Plaintiffs' possession, custody, or control to the extent it demands documents reflecting Defendant Day's private communications with unidentified third parties. Any such private communications—if they exist—would be in Defendant Day's possession, not Plaintiffs'.

Subject to and without waiving these objections, Plaintiffs state that the allegation in Paragraph 214 is based on publicly observable conduct, including statements, posts, and content circulated by Defendant Day encouraging others to submit complaints, amplify disparaging narratives, or engage in reputational attacks. Plaintiffs do not possess non-public communications between Day and others, and therefore cannot produce them.

Plaintiffs have produced all non-privileged, representative public posts and materials in their possession that reflect the conduct alleged in Paragraph 214. Plaintiffs will supplement if additional non-privileged, relevant materials come into their possession.

**Request for Production No. 46**

All DOCUMENTS YOU intend to use to support claims in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order and in accordance with scheduling orders.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and premature to the extent it seeks identification or production of all documents Plaintiffs "intend to use" to support their claims, including trial exhibits, witness materials, or demonstratives. Plaintiffs further object that the Request seeks disclosure of attorney work product and litigation strategy, including materials Plaintiffs may or may not choose to use at trial.

Subject to and without waiving these objections, Plaintiffs will disclose any documents they intend to rely upon at the appropriate time under the Federal Rules of Civil Procedure, including Rule 26(a)(1) and Rule 26(a)(3), and in accordance with any scheduling orders entered by the Court.

To the extent non-privileged, factual materials responsive to this Request are already in Plaintiffs' possession and relevant to the claims, they have been produced in Plaintiffs' prior document productions. Plaintiffs will supplement pursuant to Rule 26(e) and all applicable pretrial disclosure deadlines.

**Request for Production No. 47**

All DOCUMENTS supporting YOUR claim for damages against Marston.

**Response:**
Same objections as No. 46. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, subject to a protective order.

**Supplemental Response:**

Plaintiffs object that this Request is vague, ambiguous, overbroad, and premature to the extent it seeks identification of all documents supporting Plaintiffs' damages claims against Defendant Marston, including materials protected by the attorney–client privilege and attorney work product doctrine. Plaintiffs further object that much of the evidence supporting damages consists of public posts, statements, and conduct by Defendant Marston herself, which are already in Defendant Marston's possession or equally accessible to her.

Subject to and without waiving these objections, Plaintiffs state that their damages theory against Defendant Marston has been narrowed and consists of:

(1) lost gross revenue, reflected in financial and invoice records produced by Plaintiffs; and

(2) reputational harm and emotional distress, demonstrated through representative screenshots of online harassment and the public fallout from Defendant Marston's statements.

Consistent with the Bates materials disclosed in Plaintiffs' supplemental responses to Defendant Day's Requests for Production, the non-privileged documents in Plaintiffs' possession supporting these categories of damages include, without limitation:

Financial / Revenue Materials:

Plaintiffs_001349–1357; 1364–1371; 1767–1769; 1771–1772; 1837–1843; 1855–1881.

Reputational Harm / Online Harassment Materials:

Plaintiffs_000001–522; 580–654; 847; 854–864; 883–941;

Plaintiffs_000012–24; 27–50; 72–164; 170–172; 193; 209–211; 217–220; 280–281; 526–573; 630; 789–818; 846–853; 865–871; 875–877; 951–990; 992–1001; 1003–1016; 1260–1329; 1750–1756; and Plaintiffs_001377–1383.

These documents constitute the non-privileged, representative materials in Plaintiffs' possession supporting the damages alleged against Defendant Marston. Plaintiffs will supplement pursuant to Rule 26(e) if additional non-privileged, relevant materials become available.

**Request for Production No. 48**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU and any third parties RELATING TO MARSTON and/or the claims in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent responsive communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials, if any, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, and overbroad, particularly in its unlimited reference to "any third parties," and further object to the extent it seeks disclosure of privileged attorney–client communications, attorney work product, or confidential client information. Plaintiffs also object that the Request seeks materials outside Plaintiffs' possession, custody, or control, including communications maintained by third parties.

Subject to and without waiving these objections, Plaintiffs state that they do not possess non-privileged communications with third parties relating to Defendant Marston or the allegations in the TAC. The conduct supporting Plaintiffs' claims against Defendant Marston is based primarily on Marston's own public statements, posts, videos, and commentary, all of which are already in Defendant Marston's possession or equally accessible to her.

To the extent Plaintiffs possess non-privileged, publicly available materials touching on Defendant Marston's conduct—such as screenshots of Marston's public posts or comments—those materials have already been produced within Plaintiffs' prior productions. Plaintiffs do not have additional non-privileged third-party communications responsive to this Request.

Plaintiffs will supplement pursuant to Rule 26(e) if any non-privileged, relevant materials come into their possession.

**Request for Production No. 49**

All DOCUMENTS RELATING TO any client, sponsor, or business opportunity lost due to Marston's December 10, 2023 tweet.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client/sponsor information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks confidential and privileged client or sponsor information. Plaintiffs further object that the Request does not apply to Plaintiff Braun, as the allegation described pertains to Plaintiff Propson, not Ms. Braun.

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun did not lose any client, sponsor, or business opportunity as a result of Defendant Marston's December 10, 2023 tweet. The sponsorship-related allegations in the TAC concern Plaintiff Propson's loss of The Travel Channel, Pair Eyewear, and other opportunities, not Plaintiff Braun. Accordingly, Plaintiff Braun has no documents responsive to this Request, and none will be produced.

To the extent the Request seeks confidential sponsor or business-opportunity information relating to Plaintiff Propson, Plaintiffs note that such materials—if any exist—would involve third-party sponsor records or confidential business information belonging to Plaintiff Propson and her sponsors, not Plaintiff Braun. Plaintiff Braun does not possess such documents and cannot produce materials she does not have.

Plaintiffs will supplement pursuant to Rule 26(e) if any non-privileged, relevant materials come into Plaintiff Braun's possession; at this time, no such documents exist.

**Request for Production No. 50**

All DOCUMENTS RELATING TO Episodes 96 and 97 of the "Do We Know Them" podcast that YOU contend support the allegation that Marston accused Braun of perjury in the podcast itself.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object that the Request seeks documents outside Plaintiffs' possession, custody, or control, including the full Episodes 96 and 97 of the "Do We Know Them" podcast, which were created, published, and are in the possession of Defendant Marston and her co-host. Defendants are in equal, if not superior, possession of these materials.

Subject to and without waiving these objections, Plaintiffs clarify that Plaintiff Braun does not contend that Episodes 96 or 97 contain an express accusation of perjury. The allegation in the TAC is that Defendant Marston accused Ms. Braun of "actively committing perjury" in her December 10, 2023 tweet, not in the podcast episodes themselves.

Episodes 96 and 97 are referenced only for context—specifically, as examples of Marston publicly discussing Ms. Braun's legal work and amplifying false narratives. To the extent Plaintiffs possess non-privileged, representative screenshots or excerpts from those episodes relevant to that context, they have already been produced.

Plaintiffs do not possess additional non-privileged documents responsive to this Request. Plaintiffs will supplement if any non-privileged, relevant materials come into their possession pursuant to Rule 26(e).

**Request for Production No. 51**

All DOCUMENTS RELATING TO any training materials, CLEs, seminars, presentations, or resources YOU have created or used concerning the DMCA or fair use.

**Response:**
Plaintiffs object as overbroad, irrelevant, and unduly burdensome. Plaintiffs further object to the extent such materials are publicly available or in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce any non-privileged, relevant materials in their possession, subject to a protective order.

**Supplemental Response:**
Plaintiffs object that this Request is overbroad, irrelevant, and unduly burdensome, and further object to the extent it seeks materials that are publicly available or in the possession of third parties. Plaintiffs also object that this Request is not proportional to the needs of the case because Plaintiffs' claims do not depend on any DMCA or fair-use training materials, CLEs, or seminars.

Subject to and without waiving these objections, Plaintiffs state that they do not possess any training materials, CLEs, seminars, presentations, or resources they created or used concerning the DMCA or fair use. No such documents exist in Plaintiffs' possession, custody, or control.

Accordingly, there are no responsive, non-privileged documents to produce. Plaintiffs will supplement under Rule 26(e) if any such materials come into their possession.

Dated: December 1, 2025                Respectfully submitted,

*/s/ Benjamin C.R. Lockyer*
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
ben@lockyerlaw.com
(773) 340-0011

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT
REBEKAH DAY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through their undersigned counsel, hereby respond to Defendant Rebekah Day's First Requests for Production of Documents, subject to and without waiving the general and specific objections set forth below.

These responses are made solely for the purposes of this litigation. By responding to these Requests, Plaintiffs do not concede the relevance, admissibility, or materiality of any requested documents. Nothing in these responses shall be deemed an admission by Plaintiffs for any purpose other than this action.

Plaintiffs object to each Request to the extent it seeks information or documents that are beyond the scope of permissible discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs further object to each Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

The responses herein reflect information and documents reasonably available to Plaintiffs after a diligent search and reasonable inquiry. Plaintiffs reserve the right to supplement or amend these responses if additional information or documents become available.

To the extent Plaintiffs agree to produce documents in response to a Request, such production will be limited to non-privileged documents within their possession, custody, or control, and subject to any applicable protective orders entered in this case.

## GENERAL OBJECTIONS

1.      Plaintiffs object to each and every Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, or not reasonably limited in scope or time.

2.      Plaintiffs object to each Request to the extent it seeks information not relevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3.      Plaintiffs object to each Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

4.      Plaintiffs object to each Request to the extent it seeks confidential, private, proprietary, or commercially sensitive information, including client identities, unless subject to a protective order.

5.      Plaintiffs object to each Request to the extent it assumes facts not established, mischaracterizes the allegations in the Third Amended Complaint ("TAC"), or seeks to impose obligations beyond those required by the Federal Rules.

6.      Plaintiffs reserve the right to supplement or amend these responses in accordance with Rule 26(e).

# RESPONSES

**Request for Production No. 1**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and the ARDC, on the other hand.

**Response:**
Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking confidential information protected under Illinois Supreme Court rules governing ARDC proceedings. Plaintiffs further object to the extent the requested communications may be in the possession of the ARDC, a third party. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any, and subject to the entry of an appropriate protective order.

**Supplemental Response:**

Plaintiffs maintain their objection that this Request is overbroad, unduly burdensome, and seeks confidential information protected under Illinois Supreme Court Rule 766, which governs the confidentiality of ARDC communications and investigatory materials. ARDC files, communications, inquiries, and investigative records are not public, and Plaintiffs are not permitted to disclose them absent ARDC authorization.

Subject to these objections, Plaintiffs have produced ARDC non-confidential documents actually in their possession—namely, the the ARDC's written notices closing each investigation, located at: Plaintiffs_000341, 523, 574, 588, 738, 824–828, 839–842, 922–923, 1044–1047, 1203–1206, 1253–1259.

After a reasonable search, Plaintiffs have no additional non-privileged ARDC communications in their possession, and will not produce confidential ARDC materials that Rule 766 prohibits from disclosure. Plaintiffs will supplement only as required by Rule 26(e).

**Request for Production No. 2**

All DOCUMENTS YOU provided to the ARDC in response to any inquiry or investigatory demand.

**Response:**
Same objections as No. 1. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any, and subject to a protective order.

**Supplemental Response:**
Plaintiffs maintain their objection that this Request seeks confidential ARDC investigatory materials protected under Illinois Supreme Court Rule 766. Materials submitted to the ARDC in

an investigatory context are confidential by rule and need not, and ethically may not, be disclosed in civil discovery unless the ARDC itself releases them.

To the extent additional documents were submitted to the ARDC, those materials are confidential ARDC records, not discoverable here, and are not permitted to be disclosed by operation of Rule 766.

After a reasonable search and diligent inquiry, Plaintiffs have no further non-privileged materials in their possession responsive to this Request.

**Request for Production No. 3**

All DOCUMENTS that support YOUR allegations in Paragraph 71 of the TAC that "Upon information and belief, Defendant Day learned of Ms. Braun's representations by communicating with a stalker that Ms. Dempsey has obtained numerous protective orders against [sic]."

**Response:**
Plaintiffs object as vague, ambiguous, and seeking privileged attorney work product. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any, and subject to a protective order.

**Supplemental Response:**
Subject to and without waiving these objections, Plaintiffs state that they possess two non-privileged documents that relate to the allegation in Paragraph 71 of the TAC:

1. Plaintiffs_001253–1254, an ARDC complaint referencing Defendant Day's communications regarding Ms. Braun; and
2. BD00527-528, a message produced by Defendant Day in discovery reflecting her communications on this topic.

These documents have been produced previously. After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents in their possession responsive to this Request. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 4**

All DOCUMENTS that support YOUR allegations in Paragraph 80 of the TAC that DAY sought to "incite her fans to become an angry mob and engage in a harassment campaign against Ms. Braun and her past clients that are social media influencers."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and argumentative. Plaintiffs further object to the extent requested materials may be in the possession of third parties such as Day's followers.

4

Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, in their possession, custody, or control, and subject to a protective order.

**Supplemental Response:**
Subject to and without waiving the above objections, Plaintiffs state that they have produced representative, non-privileged documents in their possession that reflect online hostility, negative commentary, and reactions following Defendant Day's statements, which relate to the allegation in Paragraph 80 of the TAC. These materials are located at: Plaintiffs_000001–522, 580–654, 847, 854–864, 883–941.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 5**

All DOCUMENTS that support YOUR allegations in Paragraph 81 of the TAC that "Defendant Day's harassment campaign has had detrimental effects on Ms. Braun, her former clients, her practice, and has caused emotional distress and harm to Ms. Braun."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking privileged information. Plaintiffs further object to the extent requested communications may be in the possession of third parties, including former clients. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, and subject to a protective order.

**Supplemental Response:**
Subject to and without waiving the above objections, Plaintiffs state that "detrimental effects" and emotional harm referenced in Paragraph 81 of the TAC are supported by representative, non-privileged screenshots and documents in Plaintiffs' possession that reflect online hostility, negative commentary, and the impact of Defendant Day's conduct. These materials are located at: Plaintiffs_000001–522, 580–654, 847, 854–864, 883–941. After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 6**

DOCUMENTS sufficient to identify each client that YOU contend was lost as a result of DAY's alleged conduct.

**Response:**
Plaintiffs object as vague, overbroad, and seeking disclosure of confidential client information. Plaintiffs further object to the extent requested information may be in the possession of third parties (i.e., clients themselves). Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify affected clients, subject to a protective order.

5

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages theory has been narrowed and she does not intend to seek damages based on the loss of any confidential or privileged client relationships. Plaintiff Braun cannot disclose the identities of clients whose matters are privileged or confidential, and therefore cannot produce documents that would identify such clients or their legal matters.

Plaintiffs have produced all non-privileged financial and invoice records relating to business opportunities Plaintiff Braun is ethically permitted to identify, and those documents appear at: Plaintiffs_001349–1357; 1364–1371; 1767–1769; 1771–1772; 1837–1843; 1855–1881.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 7**

All DOCUMENTS that support YOUR allegations in Paragraph 82 of the TAC that "Defendant Day has made unsolicited communications to Ms. Braun's client in attempts to obtain disparaging information."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking privileged information. Plaintiffs further object to the extent the requested communications may be in the possession of third parties, including clients. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:**

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun cannot disclose the identities or communications of her clients (including any clients who may have received unsolicited communications from Defendant Day) as such information is privileged and confidential under Rule 1.6 and protected by the attorney–client privilege and work-product doctrine. To the extent such communications occurred, they would have been received directly by those clients and/or by Defendant Day, and therefore are equally or more likely to be within Defendant Day's possession, custody, or control. Plaintiffs do not possess any non-privileged documents supporting this allegation.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 8**

DOCUMENTS sufficient to identify each of YOUR clients that YOU contend DAY has made "unsolicited communications…in an effort to obtain disparaging information," as alleged in Paragraph 82 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and seeking disclosure of confidential client information. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, subject to a protective order.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun cannot disclose the identities or communications of any clients who may have received unsolicited communications from Defendant Day, as that information is confidential and privileged. Moreover, to the extent any such communications occurred, they would have been sent directly to those clients and/or to Defendant Day, and therefore would be equally or more likely to be in Defendant Day's possession, custody, or control, not in Plaintiff Braun's.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 9**

All DOCUMENTS that support YOUR allegations in Paragraph 83 of the TAC that "On March 21, 2024, Defendant Day contacted one of Ms. Braun's clients knowing that the person was one of Ms. Braun's clients."

**Response:**
Plaintiffs object as vague, overbroad, and seeking client-confidential information. Plaintiffs further object to the extent responsive information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that any communications alleged in Paragraph 83 of the TAC would have been sent directly by Defendant Day to the client at issue and are therefore equally or more likely to be in Defendant Day's possession, custody, or control, not Plaintiff Braun's. Plaintiff Braun cannot disclose client identities or client communications related to this allegation, as such information is confidential and privileged. After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 10**

All DOCUMENTS that support YOUR allegations in Paragraph 83 of the TAC that "Defendant Day is contacting Ms. Braun's clients to possibly intimidate them, interfere with their contract with Ms. Braun for legal representation, and/or to collect a statement to publish to social media for more likes and follows."

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking disclosure of confidential client communications. Plaintiffs further object to the extent the requested documents may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that any communications alleged in Paragraph 83 of the TAC would have been sent directly by Defendant Day to Ms. Braun's clients and therefore would be equally or more likely to be in Defendant Day's possession, custody, or control. Plaintiff Braun cannot disclose confidential client identities or client communications relating to such allegations, as doing so would violate ethical confidentiality and privilege. After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 11**

DOCUMENTS sufficient to identify each of YOUR clients that YOU contend DAY has contacted to "possibly intimidate them, interfere with their contract with Ms. Braun for legal representation, and/or to collect a statement to publish to social media for more likes and follows," as alleged in Paragraph 83 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking confidential client information. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify such clients, subject to a protective order.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun cannot disclose client identities or any client communications potentially implicated by the allegations in Paragraph 83 of the TAC, as doing so would violate ethical confidentiality and privilege. Moreover, to the extent Defendant Day contacted any client, such communications would be in Defendant Day's possession and/or in the possession of those clients; not in Plaintiff Braun's.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Plaintiffs will supplement only as required under Rule 26(e).

8

**Request for Production No. 12**

All DOCUMENTS that support YOUR allegations in Paragraph 85 of the TAC that DAY falsely claimed the ARDC confirmed receiving "multiple credible complaints" about Plaintiff Braun and assigned "multiple attorneys" to investigate her.

**Response:**
Plaintiffs object as vague, ambiguous, and argumentative. Plaintiffs further object to the extent the requested information may be in the possession of third parties such as the ARDC. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that they do not possess any documents supporting the allegation in Paragraph 85 of the TAC. The only document known to Plaintiffs that relates to Defendant Day's claim about alleged ARDC statements is a document in Defendant Day's possession, which she produced under the title: "Jan. 8th 2024 Call with The ARDC." Plaintiffs expressly object to the characterization, title, or implied evidentiary value of this document and do not adopt, concede, or stipulate to the accuracy of any label or description assigned by Defendant Day.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession, custody, or control. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 13**

All DOCUMENTS that support YOUR allegations in Paragraph 87 of the TAC that "Defendant Day's statement that the ARDC told her that it received 'multiple credible complaints about Jeanette Braun and they have assigned multiple attorneys to investigate this matter' is false and did not occur."

**Response:**
Same objections as No. 12. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objections that this Request is vague, ambiguous, overbroad, and seeks information that is confidential under Illinois Supreme Court Rule 766, which prohibits disclosure of ARDC investigatory materials. Plaintiffs further object that the Request seeks documents outside Plaintiffs' possession, custody, or control, including materials maintained solely by the ARDC or by Defendant Day herself. Subject to and without waiving these objections, Plaintiffs state that they do not possess any documents supporting or refuting the statement attributed to Defendant Day in Paragraph 87 of the TAC. The only document known to Plaintiffs that relates to Defendant Day's assertion is a document already in Defendant Day's possession, which she produced under the title:

"Jan. 8th 2024 Call with The ARDC."

*Plaintiffs expressly object to the use, wording, and characterization of this title and do not concede that the document accurately reflects any ARDC communication or has any evidentiary value.*

*After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession, custody, or control. Plaintiffs will supplement only as required under Rule 26(e).*

**Request for Production No. 14**

All DOCUMENTS that support YOUR allegations in Paragraph 88 of the TAC that "Upon information and belief, the ARDC did not comment or provide information to Defendant Day about its investigation or other complaints made against Ms. Braun."

**Response:**
Same objections as Nos. 12–13. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, subject to a protective order.

**Supplemental Response: Supplemental Response:** Plaintiffs maintain their objections that this Request is vague, ambiguous, overbroad, and seeks information that is confidential under Illinois Supreme Court Rule 766, which prohibits disclosure of ARDC investigatory materials. Plaintiffs further object that the Request seeks documents outside Plaintiffs' possession, custody, or control, including materials maintained solely by the ARDC or by Defendant Day herself. Subject to and without waiving these objections, Plaintiffs state that they do not possess any documents supporting or refuting the statement attributed to Defendant Day in Paragraph 88 of the TAC. The only document known to Plaintiffs that relates to Defendant Day's assertion is a document already in Defendant Day's possession, which she produced under the title:

"Jan. 8th 2024 Call with The ARDC."

Plaintiffs expressly object to the use, wording, and characterization of this title and do not concede that the document accurately reflects any ARDC communication or has any evidentiary value.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession, custody, or control. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 15**

All DOCUMENTS that support YOUR allegations in Paragraph 91 of the TAC that "Upon information and belief, Defendant Day made this statement with actual malice in that she either knew the statement's falsity and had a reckless disregard for the truth."

**Response:**
Plaintiffs object as vague, ambiguous, and argumentative. Plaintiffs further object to the extent the requested information may include privileged work product. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks information not relevant to any claim or defense under Rule 26(b)(1). Whether Defendant Day intended to incite others to file ARDC complaints concerns Defendant Day's own intent and conduct, and any documents relevant to that issue are therefore in Defendant Day's possession, not Plaintiffs'.

Plaintiffs further state that the allegation in Paragraph 92 is supported by Defendant Day's own public posts and statements, including posts encouraging her followers to file ARDC complaints against Plaintiff Braun, despite lacking any documentation supporting her claim that the ARDC had found "multiple credible complaints" or "assigned multiple attorneys."

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Accordingly, no documents will be produced. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 16**

All DOCUMENTS that support YOUR allegations in Paragraph 92 of the TAC that "Upon information and belief, Defendant Day made this statement to incite and encourage the public to make ethics complaints to the ARDC against Ms. Braun."

**Response:**
Same objections as No. 15. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks information not relevant to any claim or defense under Rule 26(b)(1). Whether Defendant Day intended to incite others to file ARDC complaints concerns Defendant Day's own intent and conduct, and any documents relevant to that issue are therefore in Defendant Day's possession, not Plaintiffs'.

Plaintiffs further state that the allegation in Paragraph 92 is supported by Defendant Day's own public posts and statements, including posts encouraging her followers to file ARDC complaints against Plaintiff Braun, despite lacking any documentation supporting her claim that the ARDC had found "multiple credible complaints" or "assigned multiple attorneys."

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession. Accordingly, no documents will be produced. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 17**

DOCUMENTS, including COMMUNICATIONS, sufficient to identify all "members of the public" who were incited as a result of DAY's post (specified in Paragraphs 85 & 86 of the TAC).

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant examples, if any, subject to a protective order.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiffs state that the members of the mob referenced in Paragraphs 85-86 of the TAC are supported by representative, non-privileged screenshots and documents in Plaintiffs' possession that reflect online hostility, negative commentary, and the impact of Defendant Day's conduct. These materials are located at: Plaintiffs_000001–522, 580–654, 847, 854–864, 883–941. After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 18**

DOCUMENTS, including COMMUNICATIONS, sufficient to identify the date, time, content, and person(s) who submitted "ethics complaint(s) to the ARDC against Ms. Braun," as alleged in Paragraph 92 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and seeking information that may be confidential and in the possession of the ARDC. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks information that is confidential under Illinois Supreme Court Rule 766, which prohibits disclosure of ARDC investigatory materials, including the identity of complainants, dates, content, or details of ethics complaints. Plaintiffs further object that this Request seeks documents outside Plaintiffs' possession, custody, or control, as ARDC complaint submissions and related metadata (date, time, identity of submitter, and contents) are maintained exclusively by the ARDC.

Subject to and without waiving these objections, Plaintiffs state that they do not possess any documents identifying the date, time, content, or identities of individuals who submitted ARDC complaints referenced in Paragraph 92 of the TAC. The ARDC, not Plaintiffs, maintains sole custody of such information, and Plaintiffs are not permitted to disclose ARDC investigatory materials even if they existed in their possession.

The only non-privileged ARDC-related documents in Plaintiffs' possession, which have already been produced, consist of ARDC complaint copies and closure letters, located at:

Plaintiffs_000341, 523, 574, 588, 738, 824–828, 839–842, 922–923, 1044–1047, 1203–1206, 1253–1259.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 19**

DOCUMENTS, including COMMUNICATIONS, sufficient to identify the date, time, content, and person(s) who submitted "complaint(s) to the ARDC and requested the ARDC to investigate Ms. Braun," as alleged in Paragraph 93 of the TAC.

**Response:**
Same objections as No. 18. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks information that is confidential under Illinois Supreme Court Rule 766, which prohibits disclosure of ARDC investigatory materials, including the identity of complainants, dates, content, or details of ethics complaints. Plaintiffs further object that this Request seeks documents outside Plaintiffs' possession, custody, or control, as ARDC complaint submissions and related metadata (date, time, identity of submitter, and contents) are maintained exclusively by the ARDC.

Subject to and without waiving these objections, Plaintiffs state that they do not possess any documents identifying the date, time, content, or identities of individuals who submitted ARDC complaints referenced in Paragraph 93 of the TAC. The ARDC, not Plaintiffs, maintains sole custody of such information, and Plaintiffs are not permitted to disclose ARDC investigatory materials even if they existed in their possession.

The only non-privileged ARDC-related documents in Plaintiffs' possession, which have already been produced, consist of ARDC complaint copies and closure letters, located at: Plaintiffs_000341, 523, 574, 588, 738, 824–828, 839–842, 922–923, 1044–1047, 1203–1206, 1253–1259.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 20**

DOCUMENTS sufficient to identify the "one attorney" assigned by the ARDC to investigate YOU, as alleged in Paragraph 99 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and seeking confidential ARDC information not in

Plaintiffs' control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks information that is confidential under Illinois Supreme Court Rule 766, which prohibits disclosure of ARDC investigatory materials, including the identity of complainants, dates, content, or details of ethics complaints. Plaintiffs further object that this Request seeks documents outside Plaintiffs' possession, custody, or control.

The ARDC, not Plaintiffs, maintains sole custody of such information, and Plaintiffs are not permitted to disclose ARDC investigatory materials even if they existed in their possession.

The only non-privileged ARDC-related documents in Plaintiffs' possession, which have already been produced, consist of ARDC complaint copies and closure letters, located at: Plaintiffs_000341, 523, 574, 588, 738, 824–828, 839–842, 922–923, 1044–1047, 1203–1206, 1253–1259.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 21**

DOCUMENTS sufficient to identify the "professional relationships with clients, including content creators, influencers, and online entrepreneurs" that YOU contend were disrupted, as alleged in Paragraph 201 of the TAC.

**Response:**
Plaintiffs object as vague, overbroad, and seeking disclosure of confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to identify affected relationships, subject to a protective order.

**Supplemental Response:**
Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks disclosure of confidential attorney–client information protected under Illinois Rule of Professional Conduct 1.6 and the attorney–client privilege. Plaintiffs further object that the Request seeks documents outside Plaintiffs' possession, custody, or control, including communications maintained by clients themselves.

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages theory has been narrowed and she is not seeking damages based on the loss of confidential attorney–client relationships she cannot ethically identify. Plaintiff Braun's damages are limited to lost gross revenue (supported by tax returns and invoices) and reputational harm.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 22**

All DOCUMENTS supporting YOUR allegation in Paragraph 207 of the TAC that "As a proximate cause of the Defendants' smear campaign and Defendant Day and Defendant Marston's false and defamatory statements, Plaintiff Braun and Braun Law lost work from numerous clients including Ms. DeFord and Ms. Dempsey."

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent responsive information may be in the possession of clients or other third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, overbroad, and seeks confidential client information and privileged communications. Plaintiffs further object that the Request seeks documents outside Plaintiffs' possession, custody, or control, including any internal records of clients referenced.

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages are based on lost gross revenue, supported by redacted tax returns and invoices in her possession, and not on broad, client-specific disclosures prohibited by Rule 1.6. Plaintiff Braun has produced all non-privileged financial documentation available to her that reflects disrupted work for clients she is ethically able to identify. These materials are located at: Plaintiffs_001349–1357; 1364–1371; 1767–1769; 1771–1772; 1837–1843; 1855–1881.

After a reasonable search, Plaintiffs have no additional non-privileged documents responsive to this Request. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 23**

DOCUMENTS sufficient to identify the "work" that was "lost" from "numerous clients including Ms. DeFord and Ms. Dempsey" as a result of the conduct alleged against DAY, as alleged in Paragraph 207 of the TAC.

**Response:**
Same objections as No. 22. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to show lost work, subject to a protective order.

**Supplemental Response:**
Plaintiffs maintain their objections that this Request is vague, ambiguous, overbroad, and seeks privileged attorney–client information, including confidential details of legal matters that Plaintiff Braun is prohibited from disclosing under Rule 1.6. Plaintiffs further object that the Request seeks materials outside Plaintiffs' possession or control.

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages are measured by lost gross revenue, not detailed descriptions of specific legal tasks performed

15

for clients. Plaintiff Braun has produced all non-privileged financial and invoice documentation in her possession that reflects work disruption for clients she is ethically able to identify. These materials are contained in: Plaintiffs_001377-1383; 1762-1766, 1770–1773.

Plaintiffs have no additional non-privileged documents responsive to this Request.

**Request for Production No. 24**

DOCUMENTS sufficient to identify what YOU mean by YOUR clients "distancing" themselves from YOU as a result of the conduct alleged against DAY, as alleged in Paragraph 208 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs object that this Request is vague, ambiguous, and overbroad, and seeks confidential attorney–client information protected by Rule 1.6, as well as privileged communications. Plaintiffs further object that any communications evidencing "distancing" or hesitation by clients would be in the possession of those clients, not Plaintiffs, and cannot be disclosed without violating ethical duties.

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages theory does not rely on identifying specific clients who distanced themselves, and instead relies on:

(1) lost gross revenue, supported by tax records and profit and loss statements; and

(2) reputational harm, supported by representative harassment screenshots.

Plaintiffs have produced all non-privileged financial and reputational evidence supporting these damages categories. After a reasonable search, Plaintiffs have no responsive non-privileged documents in their possession beyond those already produced.

**Request for Production No. 25**

DOCUMENTS sufficient to identify the identities of the PERSONS who submitted "several 1-star Google reviews for Braun Law," as alleged in Paragraph 210 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and seeking information that may be in the possession of third parties such as Google. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, subject to a protective order.

**Supplemental Response:** Answering subject to the above objections, see Plaintiffs_001377-1383.

**Request for Production No. 26**

DOCUMENTS sufficient to identify the identities of the "clients [that] end[ed] their use of Braun Law for legal services out of fear of harassment," as alleged in Paragraph 210 of the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad, and seeking disclosure of confidential client information. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents sufficient to show lost clients, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and seeks disclosure of confidential attorney–client information, including the identities of clients of Braun Law, which Plaintiff Braun is prohibited from disclosing under Illinois Rule of Professional Conduct 1.6 and the attorney–client privilege. Plaintiffs further object that any communications or decisions by clients to end their representation would be in the possession of those clients, not Plaintiffs, and are therefore outside Plaintiffs' possession, custody, or control.

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages theory has been narrowed, and she is not seeking damages based on identifying specific clients who stopped using Braun Law. Plaintiff Braun's damages are based on lost gross revenue, demonstrated through redacted tax returns and invoices, and reputational harm, supported by representative screenshots. She is not relying on the identification of individual clients referenced in Paragraph 210 of the TAC.

After a reasonable search and diligent inquiry, Plaintiffs have no responsive non-privileged documents in their possession that could identify such clients. Accordingly, no documents will be produced. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 27**

All DOCUMENTS supporting YOUR allegation in Paragraph 212 of the TAC that "Defendants' past and present false statements on their aforesaid social media platforms caused great damage to Plaintiff Braun and Braun IP Law's business and harm to their reputation."

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Answering subject to the above objections, see Plaintiffs_001377-1383.

**Request for Production No. 28**

All DOCUMENTS supporting YOUR allegation in Paragraph 214 of the TAC that "Defendant Day contacted others both privately and publicly to contact the Illinois ARDC, and to leave 1-

star Google reviews and public comments, as a means to instigate reputational harm and dissuade Braun's clients, or potential clients, from working with her."

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Plaintiffs further object to the extent the requested information may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** See: Subject to and without waiving the above objections, Plaintiffs state that any conduct alleged in Paragraph 214 of the TAC—specifically, Defendant Day encouraging others to contact the Illinois ARDC or leave negative online reviews—would be reflected primarily in Defendant Day's own public posts, messages, and communications, and thus would be in Defendant Day's possession, custody, or control, not Plaintiffs'. To the extent Plaintiffs possess non-privileged documents touching on this allegation, they consist of the ARDC correspondence and complaint materials previously produced.

Those non-privileged ARDC-related documents are located at: Plaintiffs_000341, 523, 574, 588, 738, 824–828, 839–842, 922–923, 1044–1047, 1203–1206, 1253–1259.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents in their possession responsive to this Request. Plaintiffs will supplement only as required under Rule 26(e).

**Request for Production No. 29**

All statements, declarations, or testimony that YOU intend to use to support any of the allegations and/or claims contained in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits or witness testimony. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order and in accordance with scheduling orders.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and premature, as it seeks materials that may be used at trial or in later phases of litigation. Any such disclosures will be made, if at all, through Plaintiffs' Rule 26(a)(1) and Rule 26(a)(3) disclosures, and in accordance with the Court's scheduling order. After a reasonable search and diligent inquiry, Plaintiffs have no additional responsive documents to produce at this stage, and will supplement only as required under Rule 26(e).

**Request for Production No. 30**

All DOCUMENTS YOU intend to use to support any of the allegations and/or claims against DAY contained in the TAC.

**Response:**
Same objections as No. 29. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, subject to a protective order and in accordance with scheduling orders.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and premature because it seeks identification of trial exhibits before the deadlines set by the Court. Plaintiffs will identify any documents they intend to rely on in dispositive motions or at trial through their Rule 26(a) disclosures and in compliance with the Court's scheduling order. Plaintiffs have no additional responsive non-privileged documents to produce at this time.

**Request for Production No. 31**

All DOCUMENTS supporting YOUR claim for damages for YOUR claims contained in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents supporting claimed damages, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, and overbroad. Plaintiffs state that Plaintiff Braun's damages theory has been narrowed and consists of:
(1) lost gross revenue, reflected in the tax returns and invoices already produced; and
(2) reputational harm, supported by representative screenshots already produced.

The non-privileged financial and invoice documents in Plaintiffs' possession appear at:

Plaintiffs_001377-1383, 1762-1766, 1770, 1773.

Representative reputational-harm documents appear at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1016, 1260–1329, 1750–1756; Plaintiffs_001377-1383.

**Request for Production No. 32**

All DOCUMENTS supporting YOUR claim for "reputational harm, emotional distress, and damage to her business relationships and legal practice," as alleged in Paragraph 170 of the TAC.

**Response:**
Same objections as No. 31. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, and overbroad. Plaintiffs state that Plaintiff Braun's damages theory has been narrowed and consists of:
(1) lost gross revenue, reflected in the tax returns and invoices already produced; and
(2) reputational harm, supported by representative screenshots already produced.

The non-privileged financial and invoice documents in Plaintiffs' possession appear at:

Plaintiffs_001377-1383, 1762-1766, 1770, 1773.

Representative reputational-harm documents appear at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1016, 1260–1329, 1750–1756; Plaintiffs_001377-1383.

**Request for Production No. 33**

All DOCUMENTS supporting YOUR claim for "loss of current and prospective client relationships, diminished goodwill, and damage to their professional reputation in the legal and creator communities," as alleged in Paragraph 183 of the TAC.

**Response:**
Same objections as No. 31–32. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, and overbroad. Plaintiffs state that Plaintiff Braun's damages theory has been narrowed and consists of:
(1) lost gross revenue, reflected in the tax returns and invoices already produced; and
(2) reputational harm, supported by representative screenshots already produced.

The non-privileged financial and invoice documents in Plaintiffs' possession appear at:

Plaintiffs_001377-1383, 1762-1766, 1770, 1773.

Representative reputational-harm documents appear at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1016, 1260–1329, 1750–1756; Plaintiffs_001377-1383.

**Request for Production No. 34**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and any third parties RELATING TO MARSTON and/or the claims and allegations contained in the TAC.

**Response:**
Plaintiffs object as vague, ambiguous, and overbroad in its reference to "any third parties." Plaintiffs further object to the extent responsive communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents, if any, in their possession, custody, or control, subject to a protective order.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and not proportional to the needs of the case under Rule 26(b)(1), particularly in its unlimited reference to "any third parties." Plaintiffs further object that the Request seeks documents outside Plaintiffs' possession, custody, or control, including communications maintained by third parties. Plaintiffs also object that this Request seeks information not relevant to the claims or defenses in this matter, as Plaintiffs' damages theory has been narrowed and does not rely on communications with unidentified third parties regarding Defendant Marston.

After a reasonable search and diligent inquiry, Plaintiffs state that they have no responsive non-privileged documents in their possession relating to communications with third parties about Defendant Marston or the allegations in the TAC. Accordingly, no documents will be produced. Plaintiffs will supplement only as required under Rule 26(e).

Dated: December 1, 2025    Respectfully submitted,

          */s/ Benjamin C.R. Lockyer*
          Lockyer Law LLC
          6515 W. Archer Ave.
          Chicago, Illinois 60638
          ben@lockyerlaw.com
          (773) 340-0011

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT KRISTA CARTER'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs Jeanette Braun and Braun IP Law, LLC ("Plaintiffs"), by and through their undersigned counsel, hereby respond to Defendant Krista Carter's First Requests for Production of Documents, subject to and without waiving the general and specific objections set forth below.

These responses are made solely for the purposes of this litigation. By responding to these Requests, Plaintiffs do not concede the relevance, admissibility, or materiality of any requested documents. Nothing in these responses shall be deemed an admission by Plaintiffs for any purpose other than this action.

Plaintiffs object to each Request to the extent it seeks information or documents that are beyond the scope of permissible discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs further object to each Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

The responses herein reflect information and documents reasonably available to Plaintiffs after a diligent search and reasonable inquiry. Plaintiffs reserve the right to supplement or amend these responses if additional information or documents become available.

To the extent Plaintiffs agree to produce documents in response to a Request, such production will be limited to non-privileged documents within their possession, custody, or control, and subject to any applicable protective orders entered in this case.

## GENERAL OBJECTIONS

1.      Plaintiffs object to each and every Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, or not reasonably limited in scope or time.

2.      Plaintiffs object to each Request to the extent it seeks information not relevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3.      Plaintiffs object to each Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

4.      Plaintiffs object to each Request to the extent it seeks confidential, private, proprietary, or commercially sensitive information, including client identities, unless subject to a protective order.

5.      Plaintiffs object to each Request to the extent it assumes facts not established, mischaracterizes the allegations in the Third Amended Complaint ("TAC"), or seeks to impose obligations beyond those required by the Federal Rules.

6.      Plaintiffs reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## RESPONSES

**Request for Production No. 1** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, CARTER, on the other hand.

**Response:** Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking irrelevant information. Plaintiffs further object to the extent it seeks privileged communications and to the extent the requested communications may be in the possession of third parties not within Plaintiffs' control. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant communications, if any.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state as follows:

Defendant Carter sent Plaintiff Braun an email on Nov 4, 2023 at 1:40 PM titled "False Copyright Claim" and Defendant Carter is already in possession of that email. Plaintiff Braun sent cease-and-desist letter in email form in response to Defendant Carter's Nov. 4 email on Nov 6, 2023 at 10:17 AM. These letters were sent directly by and to Carter, and Defendant Carter is already in possession of them. Plaintiffs are not required to reproduce documents already in Defendant's possession. Aside from those cease-and-desist letters, Plaintiff Braun does not possess any non-privileged communications with Defendant Carter, and any other communications concerning Defendant Carter consist of privileged attorney–client or attorney work-product materials.

Accordingly, no additional documents will be produced.

**Request for Production No. 2** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and The Travel Channel, on the other hand.

**Response:** Plaintiffs object to this Request as overbroad, unduly burdensome, and not limited in scope. Plaintiffs further object to the extent the requested communications may be in the possession of third parties such as The Travel Channel. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Supplemental Response:** After a reasonable search, Plaintiff Braun confirms that she does not possess any communications with The Travel Channel/Warner Brothers Discovery. Any such communications, if they existed, are maintained by that entity and are outside Plaintiff's possession or control. Accordingly, no documents will be produced.

**Request for Production No. 3** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and Pair Eyewear, on the other hand.

**Response:** Plaintiffs object to this Request as overbroad, unduly burdensome, and not limited in scope. Plaintiffs further object to the extent the requested communications may be in the possession of third parties such as Pair Eyewear. Subject to and without waiving objections,

3

Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Supplemental Response:** After a reasonable search and diligent inquiry, Plaintiff Braun states that she does not possess any communications between herself and Pair Eyewear. Because Plaintiffs do not have responsive non-privileged documents in their possession, no documents will be produced.

**Request for Production No. 4** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and "the podcast deal" (as alleged in Paragraph 43 of the TAC), on the other hand.

**Response:** Plaintiffs object to this Request as vague and ambiguous in its reference to "the podcast deal," overbroad, and unduly burdensome. Plaintiffs further object to the extent the requested communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Request for Production No. 5** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and "the brand endorsement contracts" (as alleged in Paragraph 43 of the TAC), on the other hand.

**Response:** Plaintiffs object to this Request as vague and ambiguous as to "brand endorsement contracts," overbroad, and unduly burdensome. Plaintiffs further object to the extent the requested communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Supplemental Response:** Plaintiff Braun is not claiming damages based on any brand-endorsement contracts and has no documents or communications relating to such contracts. Accordingly, Plaintiff Braun has no responsive non-privileged documents, and no documents will be produced.

**Request for Production No. 6** All DOCUMENTS that support YOUR allegations in Paragraph 55 of the TAC that "Carter's statements were designed to incite her fanbase against Defendant Braun."

**Response:** Plaintiffs object to this Request as vague, ambiguous, and argumentative. Plaintiffs further object to the extent the requested materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Supplemental Response: Supplemental Response:** Subject to and without waiving objections, Plaintiff Braun states that she has produced representative non-privileged screenshots in her possession that reflect hostile follower reactions following Carter's statements, to the extent they relate to Braun and are not privileged or confidential. These documents are located at:

4

Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016, 1260–001329, 1750–001756.

After a reasonable search, Plaintiff Braun has no additional non-privileged materials responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 7** DOCUMENTS sufficient to identify all of CARTER's "fans" that CARTER "incited…against Defendant Braun," as alleged in Paragraph 55 of the TAC.

**Response:** Plaintiffs object to this Request as vague, ambiguous, overbroad, and seeking information outside Plaintiffs' knowledge or control. Plaintiffs further object to the extent the requested materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that they cannot identify Carter's "fans" or any anonymous online users referenced in Paragraph 55 of the TAC, and Plaintiffs do not possess any information that would identify such individuals. Plaintiffs do not maintain logs, metadata, or user-identity information for third-party commenters.

Plaintiffs have produced representative, non-privileged screenshots in their possession that reflect negative or hostile reactions following Carter's statements. These materials are located at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1016, 1260–1329, 1750–1756.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 8** All DOCUMENTS that support YOUR allegations in Paragraph 55 of the TAC that "By attacking Braun's legal conduct and encouraging public backlash during the course of her client representation, Carter interfered with Braun's law practice and damaged her professional reputation and business relationships."

**Response:** Plaintiffs object to this Request as vague, ambiguous, and argumentative. Plaintiffs further object to the extent the requested materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiffs state that Plaintiff Braun's damages theory is narrowly limited to reputational harm, emotional distress, and interference with specific business relationships identified in the TAC. Plaintiffs do not maintain, and are not required to produce, a comprehensive archive of all online commentary or third-party communications.

Plaintiffs have produced representative, non-privileged screenshots in their possession reflecting hostile or negative reactions concerning Braun following Carter's statements. These are located at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1016, 1260–1329, 1750–1756.

Documents reflecting the effects of the online mob created by Carter can be located at: Plaintiffs_000341, 523, 574, 588, 738, 824-828, 839-842, 922-923, 1044-1047, 1203-1206, 1253-1259.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required under Rule 26(e).

**Request for Production No. 9** DOCUMENTS, including COMMUNICATIONS, sufficient to identify each of YOUR "business relationships" which were "damaged," as alleged in Paragraph 55 of the TAC.

**Response:** Plaintiffs object to this Request as vague, ambiguous, and overbroad in its use of "business relationships." Plaintiffs further object to the extent the requested communications may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Supplemental Response:**

Subject to and without waiving these objections, Plaintiffs state that Plaintiff Braun's damages theory is limited to:

1. Lost gross income, as reflected in Braun's redacted tax returns ; and
2. Damage to professional reputation, supported by representative screenshots of public backlash.
3. Plaintiff Braun cannot disclose confidential client communications or identify certain clients whose matters are privileged or ethically protected under Rule 1.6, among others. Accordingly, Braun has produced non-privileged revenue documentation she is ethically permitted to disclose, as well as representative documents reflecting clients or business relationships impacted by the controversy.

See Plaintiffs_001762-1766,1770,1773.

After a reasonable search and diligent inquiry, Plaintiffs have no additional non-privileged documents responsive to this Request and will supplement only as required by Rule 26(e).

**Request for Production No. 10** DOCUMENTS, including COMMUNICATIONS, sufficient to identify all "damage" to YOUR "professional reputation," as alleged in Paragraph 55 of the TAC.

**Response:** Plaintiffs object to this Request as vague, ambiguous, and overbroad. Plaintiffs further object to the extent the requested materials may be in the possession of third parties. Subject to

and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Supplemental Response:** Subject to and without waiving these objections, Plaintiffs state that "damage" to Plaintiff Braun's professional reputation is supported by (1) representative screenshots of public attacks, harassment, and disparaging commentary directed toward Braun; and (2) financial documents (redacted tax returns and invoices) showing documented declines in business opportunities and gross revenue following the online backlash initiated by Defendants' conduct.

Non-privileged representative documents supporting reputational harm have been produced at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1016, 1260–1329, 1750–1756.

Financial and income-related documentation supporting gross-income damages — including redacted tax returns have been produced at: Plaintiffs_001762-1766,1770,1773..

Plaintiffs possess no additional non-privileged documents responsive to this Request and will supplement only as required by Rule 26(e).

**Request for Production No. 11** All COMMUNICATIONS by and between YOU and PLATFORMS RELATING TO any type of intellectual property takedown requests of CARTER's (aka @CaffinatedKitti) content posted on such PLATFORMS.

**Response:** Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant. Plaintiffs further object to the extent the requested communications may be in the possession of third-party PLATFORMS. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Supplemental Response:** Plaintiffs maintain their objection that this Request seeks documents that are not relevant to any claim or defense in this matter and is therefore outside the scope of permissible discovery under Rule 26(b)(1). Accordingly, Plaintiffs will not produce any documents in response to this Request.

**Request for Production No. 12** All DOCUMENTS RELATING TO YOUR determination that CARTER'S content did not constitute "fair use," or warrant protection, including any opinion of counsel letter, prior to YOUR submission of any intellectual property takedown requests of CARTER's content posted on such PLATFORMS.

**Response:** Plaintiffs object to this Request as seeking information protected by attorney client privilege and the Attorney Work Product Doctrine. Subject to and without waiving objections, Plaintiffs will not produce any documents in response to this request. Plaintiffs object to this Request as vague, ambiguous, overbroad, irrelevant, and seeking privileged or work product materials. Plaintiffs further object to the extent the requested documents may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Supplemental Response:** Plaintiffs object to this Request as seeking information protected by attorney client privilege and the Attorney Work Product Doctrine. Plaintiffs maintain their objection that this Request seeks documents that are not relevant to any claim or defense in this matter and is therefore outside the scope of permissible discovery under Rule 26(b)(1). Accordingly, Plaintiffs will not produce any documents in response to this Request.

**Request for Production No. 13** All DOCUMENTS, including COMMUNICATIONS, by and between YOU and PROPSON RELATING TO the Wellness Check calls performed on CARTER on November 5, 2023.

**Response:** Plaintiffs object to this Request as seeking information protected by attorney client privilege and the Attorney Work Product Doctrine. Subject to and without waiving objections, Plaintiffs will not produce any documents in response to this request.

**Request for Production No. 14** All DOCUMENTS, including COMMUNICATIONS, by and between YOU and PROPSON RELATING TO the cease and desist letter sent to CARTER on November 6, 2023.

**Response:** Plaintiffs object to this Request as seeking information protected by attorney client privilege and the Attorney Work Product Doctrine. Subject to and without waiving objections, Plaintiffs will not produce any documents in response to this request.

**Request for Production No. 15** All DOCUMENTS, including COMMUNICATIONS, by and between YOU and Anthony Raimondi RELATING TO CARTER, DAY, MARSTON or VAZQUEZ.

**Response:** Plaintiffs maintain their objection that this Request seeks documents that are not relevant to any claim or defense in this matter and is outside the scope of permissible discovery under Rule 26(b)(1). After a reasonable search and diligent inquiry, Plaintiff states that she has no documents in her possession responsive to this Request. Accordingly, Plaintiff is not in possession of any document responsive to this Request.

**Request for Production No. 16** All DOCUMENTS, including COMMUNICATIONS, by and between YOU and Gabbie Egan RELATING TO CARTER, DAY, MARSTON or VAZQUEZ.

**Response:** Same objections as No. 15. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

**Supplemental Response:** Plaintiffs maintain their objection that this Request seeks documents that are not relevant to any claim or defense in this matter and is outside the scope of permissible discovery under Rule 26(b)(1). In addition, Gabbie Egan is Plaintiffs' client as such any communications are protected under attorney client privilege. After a reasonable search and diligent inquiry, Plaintiff states that she has no non-privileged documents in her possession that are responsive to this Request.

**Request for Production No. 17** All DOCUMENTS, including COMMUNICATIONS, by and between YOU and Reby Hardy RELATING TO CARTER, DAY, MARSTON or VAZQUEZ.

**Response:** Same objections as Nos. 15–16. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, custody, or control, if any.

**Supplemental Response:** Plaintiffs maintain their objection that this Request seeks documents that are not relevant to any claim or defense in this matter and is outside the scope of permissible discovery under Rule 26(b)(1). In addition, Reby Hardy is Plaintiffs' client as such any communications are protected under attorney client privilege. After a reasonable search and diligent inquiry, Plaintiffs state that they have no non-privileged documents in their possession that are responsive to this Request.

**Request for Production No. 18** All statements, declarations, or testimony that YOU intend to use to support any of the allegations and/or claims contained in the TAC.

**Response:** Plaintiffs object to this Request as vague, ambiguous, overbroad, and premature to the extent it seeks trial exhibits and testimony. Plaintiffs further object to the extent such materials may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, custody, or control, in accordance with the Federal Rules and scheduling orders.

**Supplemental Response:** Plaintiffs maintain their objection that this Request is vague, ambiguous, overbroad, and premature, as it seeks the identification or production of statements, declarations, or testimony that may be used at trial or in later phases of litigation. Such disclosures will be made, if at all, through Plaintiffs' Rule 26(a) disclosures and in accordance with the Court's scheduling order. After a reasonable search and diligent inquiry, Plaintiffs state that they have no additional responsive documents to produce at this stage, and will supplement only as required under Rule 26(e).

**Request for Production No. 19** All DOCUMENTS YOU intend to use to support any of the allegations and/or claims against CARTER contained in the TAC.

**Response:** Plaintiffs object to this Request as vague, ambiguous, and premature. Plaintiffs further object to the extent such documents may be in the possession of third parties. Subject to and without waiving objections, Plaintiffs will produce non-privileged, relevant materials in their possession, custody, or control, in accordance with the Federal Rules and scheduling orders.

**Request for Production No. 20** All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and any third parties RELATING TO CARTER and/or the claims and allegations contained in the TAC.

**Response:** Plaintiffs object to this Request as overbroad, unduly burdensome, and vague in its reference to "any third parties." Plaintiffs further object to the extent the requested communications may be in the possession of third parties beyond Plaintiffs' control. Subject to

and without waiving objections, Plaintiffs will produce non-privileged, relevant documents in their possession, custody, or control, if any.

Dated: December 1, 2025          Respectfully submitted,

                                    */s/ Benjamin C.R. Lockyer*
                                    Lockyer Law LLC
                                    6515 W. Archer Ave.
                                    Chicago, Illinois 60638
                                    ben@lockyerlaw.com
                                    (773) 340-0011