IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNETE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>REBEKAH M. DAY NEE BOX, KRISTA CARTER & LILY MARSTON<br><br>　　　　　　　　　　Defendants. | Case No. 23 C 16856 |

**SUPPLEMENTAL DECLARATION OF BRANDON J. WITKOW IN SUPPORT OF DEFENDANTS REBEKAH M. DAY, KRISTA CARTER, AND LILY MARSTON'S CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTIONS TO COMPEL**

I, Brandon J. Witkow, hereby declare as follows:

1. I am counsel of record for Defendants Rebekah M. Day ("Day"), Krista Carter ("Carter"), and Lily Marston ("Marston") (collectively, "Defendants") in the above-captioned action. I make this declaration in support of Defendants' Consolidated Reply Brief in support of Motion to Compel Full and Complete Responses to Interrogatories and Defendants' Motion to Compel Full and Complete Responses to Requests for Production and Further Document Production. I have personal knowledge of the facts set forth herein and can testify competently to them.

2. On December 1, 2025, Plaintiffs Jeanette Braun, Braun IP Law, LLC, and Lauren Propson (collectively, "Plaintiffs") served a third document production consisting of documents Bates numbered Plaintiffs_001757 through 001904, as well as a document labeled "Privilege Log". This additional production does not appear to be produced by Plaintiffs as the documents were kept in the usual course of business, as it contains a combination of documents from both

Braun and Prospon that are intermingled and alternate back and forth between Braun and Propson. The documents are not organized in any way as the production includes tax documents, invoices, and client agreements for both Braun and Propson (at times alternating back and forth between the two plaintiffs), mixed in with ARDC communications regarding Braun, a transcript from Braun's divorce proceeding, emails between Propson and clients, press releases issued by Plaintiffs' counsel regarding this case, and screenshots from a GoFundMe webpage created by Defendant Day, and a Petition for a no stalking order filed by Braun against nonparty Ian Runkle. The "financial records" contained in this production consist of Braun's IRS Schedule C filing for certain years with all information redacted with the exception of the total gross income, invoices issued by Propson to certain clients, Braun's profit and loss statements for certain years with all information redacted but gross profit, and a 1099 statement issued by Propson to a single client, Jexy LLC.

3. Defendants produced their documents to Plaintiffs in electronic folders labeled with the particular RFP to which the documents were responsive.

4. While some of Plaintiffs' supplemental RFP responses reference Bates numbered documents that are purportedly responsive to the particular RFP, those references are nonsensical and unhelpful. For example, in response to Day's RFP No. 6 *to Braun* seeking documents sufficient to identify each client *Braun lost* as a result of Day's alleged conduct, Braun identified emails between Propson and clients, invoices Propson sent to her own clients, a 1099 tax form Propson issued to a client, and agreements between Propson and clients.

5. Plaintiff Braun responded to a total of 62 interrogatories served across three defendants (25, 25 and 12 interrogatories respectively), and Propson responded to a total of 25 interrogatories from one defendant. Braun responded to a total of 105 RFPs served across three

defendants (20, 34, and 51 RFPs respectively), and Propson responded to a total of 55 RFPs. For comparison purposes, Plaintiffs served a total of 132 RFPs and 59 interrogatories on Defendants.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Los Angeles, California on December 31, 2025.

_____
Brandon J. Witkow