IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNETE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON, <br><br>       Plaintiffs, <br><br>v. <br><br>REBEKAH M. DAY NEE BOX, KRISTA CARTER & LILY MARSTON <br><br>       Defendants. | Case No. 23 C 16856 |

**SECOND SUPPLEMENTAL DECLARATION OF BRANDON J. WITKOW IN SUPPORT OF DEFENDANTS REBEKAH M. DAY, KRISTA CARTER, AND LILY MARSTON'S CONSOLIDATED REPLY BRIEF IN SUPPORT OF <u>MOTIONS TO COMPEL</u>**

I, Brandon J. Witkow, hereby declare as follows:

1. I am counsel of record for Defendants Rebekah M. Day ("Day"), Krista Carter ("Carter"), and Lily Marston ("Marston") (collectively, "Defendants") in the above-captioned action. I make this declaration in support of Defendants' Consolidated Reply Brief in support of Motion to Compel Full and Complete Responses to Interrogatories and Defendants' Motion to Compel Full and Complete Responses to Requests for Production and Further Document Production ("Reply Brief"). I have personal knowledge of the facts set forth herein and can testify competently to them.

2. Defendants filed their Reply Brief with this Court on December 31, 2025, at approximately 1:11 PM (CT). At approximately 2:04 PM (CT), I received an email from Plaintiffs' counsel, Ben Lockyer, attaching Plaintiff Lauren Propson's Second Supplemental Responses to Defendant Carter's First Set of Interrogatories. In his email, Mr. Lockyer represented that this set of Propson's Second Supplemental Responses "were prepared and intended to be served on

December 2, 2025." Mr. Lockyer's email did not provide any explanation as to why Propson failed to serve these responses on December 2, 2025, or anytime over the following 29 days, other than to say that they were "inadvertently not sent". Attached as **Exhibit A** is a true and correct copy of Mr. Lockyer's December 31, 2025 email and Propson's Second Supplemental Responses to Defendant Carter's First Set of Interrogatories attached thereto.

3. A review of Propson's Second Supplemental Responses reveals that of the 25 interrogatory responses served by Propson in this set of "Second Supplemental Responses", Propson only provided "second supplemental responses" to ten (10) of the interrogatories (Interrogatory Nos. 1-9, 22). No "second supplemental responses" were served to fifteen (15) of the interrogatories (Interrogatory Nos. 10-21, 23-25). These latter interrogatories (Interrogatory Nos. 10-21, 23-25), in particular, sought factual support for highly relevant topics such as: Propson's claim for damages for lost opportunities as a result of Carter's conduct, Propson's communications with the specific clients she claims she lost as a result of Carter's statements (i.e., The Travel Channel, Pair Eyewear, and a "podcast deal" company), and identification of specific opportunities Propson claims she lost as a result of Carter's statements (i.e., "brand endorsement contracts"). Instead of providing a narrative response identifying all facts or all communications supporting these claims, Propson either listed Bates numbers, stated that she would not be producing documents responsive to the request, stated she was in the process of identifying responsive documents, or stated that she was not in possession of documents or information responsive to the request. (*See* Exhibit A, at Interrogatory Nos. 10-21, 23-25).

4. To date, Plaintiffs Jeanette Braun and Braun IP Law, LLC (collectively, "Braun") have not served "Second Supplemental Responses" to any of the three sets of interrogatories served on them by Defendants Day, Marston, and Carter, nor has Mr. Lockyer ever indicated that

he had intended to serve any "Second Supplemental Responses" on behalf of Braun following the filing of Defendants' Motions to Compel Full and Complete Responses to Interrogatories. To date, the only supplemental interrogatory responses served by Plaintiff Braun were served prior to the filing of Defendants' Motion to Compel and were the subject of that Motion and likewise failed to properly address Braun's alleged damages, among other issues.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Los Angeles, California on January 6, 2026.

_____
Brandon J. Witkow

| | |
|---|---|
| **From:** | Ben Lockyer |
| **To:** | Brandon Witkow; Doig, Amy M. |
| **Subject:** | Re: Plaintiff"s Supplemental Production |
| **Date:** | Wednesday, December 31, 2025 1:04:32 PM |
| **Attachments:** | Second Supp Resp to Rogs to Propson (Carter) V2 - signed.pdf |

Counsel,

Attached please find Plaintiff Lauren Propson's Second Supplemental Responses to Defendant Carter's First Set of Interrogatories, which were prepared and intended to be served on December 2, 2025.

As you are aware, Plaintiffs supplemented their responses to Defendants' Requests for Production and provided a privilege log at that time. The attached Propson-specific supplemental interrogatory responses were intended to be transmitted alongside those materials but were inadvertently not sent.

Please confirm receipt. If you believe there are any remaining issues after review, please let us know so they may be addressed, including at the upcoming hearing if necessary.

Best regards,

Ben


**Benjamin C.R. Lockyer** | **PRINCIPAL**



6515 W. Archer Ave. | Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Date:** Tuesday, December 2, 2025 at 12:49 AM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF LAUREN PROPSON'S SUPPLEMENTAL RESPONSE TO
DEFENDANT KRISTA CARTER'S FIRST SET OF INTERROGATORIES**

Plaintiffs Lauren Propson ("Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant Krista Carter's First Interrogatories, subject to and without waiving the general and specific objections set forth herein.

These responses are made solely for purposes of this litigation. By responding, Plaintiffs do not concede the relevance, materiality, or admissibility of any information provided, nor waive any objections to the use of such information for any purpose other than this action.

Plaintiffs object to each Interrogatory to the extent it seeks information beyond the scope of permissible discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, including information that is irrelevant, disproportionate to the needs of the case, unduly burdensome, or not reasonably accessible. Plaintiffs further object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege or protection.

1

To the extent any Interrogatory requests information that may be in the possession of third parties or otherwise outside Plaintiffs' custody or control, Plaintiffs object on the ground that they cannot be compelled to produce such information.

The responses provided herein reflect information presently known to Plaintiffs after a reasonable inquiry. Plaintiffs reserve the right to supplement, amend, or correct these responses if additional information becomes available in accordance with Rule 26(e).

**General Objections**

1. Overbreadth / Burden: Plaintiffs object to each Interrogatory to the extent it is overly broad, unduly burdensome, or not reasonably limited in time, scope, or subject matter.

2. Relevance: Plaintiffs object to each Interrogatory to the extent it seeks information that is irrelevant to any claim or defense in this action or not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Privilege: Plaintiffs object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of such protected information shall not constitute a waiver.

4. Confidential / Sensitive Information: Plaintiffs object to each Interrogatory to the extent it seeks disclosure of confidential, private, proprietary, or commercially sensitive information, including client identities and communications, unless subject to an appropriate protective order.

5. Speculation / Legal Conclusions: Plaintiffs object to each Interrogatory to the extent it

assumes facts not established, calls for speculation, seeks legal conclusions, or requires Plaintiffs to adopt Defendant's characterization of facts, issues, or law.

6. Vagueness / Ambiguity: Plaintiffs object to each Interrogatory to the extent it is vague, ambiguous, unintelligible, or uses undefined terms subject to multiple interpretations.

7. Third-Party Information: Plaintiffs object to each Interrogatory to the extent it seeks information not within Plaintiffs' possession, custody, or control, including information that may be held by third parties.

8. Premature / Expert Discovery: Plaintiffs object to any Interrogatory that calls for premature disclosure of expert testimony, trial exhibits, or witness statements outside the scope and timing of expert discovery or pretrial disclosures.

9. Reservation of Rights: Plaintiffs reserve all objections to the admissibility, competency, relevance, or materiality of any information provided herein. Plaintiffs further reserve the right to supplement or amend these responses in accordance with Rule 26(e).

## INTERROGATORY RESPONSES

**Interrogatory No. 1** IDENTIFY all facts that support YOUR allegation in Paragraph 32 of the TAC that "Upon information and belief, Defendant Carter's motive and intent behind these posts were to tarnish and damage Ms. Propson's reputation while boosting her own social media career."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, and pursuant to Rule 33(d), Plaintiff will produce non-privileged, relevant information and documents in her possession, if any.

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts supporting her claim that Carter intended to tarnish and damage Propson's career is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Propson's investigation is still ongoing and thus

3

reserves the right to supplement this interrogatory. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

**Second Supplemental Response:**
Plaintiff maintains her objections that this Interrogatory is vague, overbroad, seeks "all facts," and calls for attorney work product. Answering subject to and without waiving these objections, Plaintiff states as follows:

Carter's motive and intent to tarnish Ms. Propson's reputation can be reasonably inferred from the content of Carter's posts, the timing and tone in which they were published, and Carter's repeated engagement with online people who digitally attacked or harassed Ms. Propson. Plaintiff alleges that Carter amplified negative narratives about Ms. Propson while simultaneously promoting her own content to maximize her profits, encouraging commentary that disparaged Ms. Propson, and leveraging the controversy to increase her own audience engagement and payment from the social media platforms she posts on. These actions demonstrate an intent to damage Ms. Propson's reputation while benefiting Carter's own social-media presence.

The non-privileged materials supporting this allegation have been produced and are located at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, and 1003–1016. After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged information responsive to this Interrogatory. Plaintiff reserves the right to supplement under Rule 26(e) if further responsive information is identified.

**Interrogatory No. 2** IDENTIFY the "pro-LGBTQ and pro-trans rights content" that are referenced in YOUR allegation in Paragraph 34 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects that the requested information may be in the possession of third-party platforms.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplement Response:** Answering subject to and without waiving any objections, Plaintiff Propson is still in the process of searching for relevant documents that support her claim. Plaintiff reserves the right to supplement this response. See Plaintiffs_001374-1376.

**Second Supplemental Response:**
Plaintiff maintains her objections that this Interrogatory is vague, ambiguous, overbroad, and unduly burdensome, and further objects to the extent it seeks information in the possession of third-party platforms or requires Plaintiff to reconstruct historical social-media activity that is not retained in the ordinary course and is equally available to Defendants.

Answering subject to and without waiving these objections, Plaintiff states as follows:

The "pro-LGBTQ and pro-trans rights content" referenced in Paragraph 34 of the TAC is reflected in the representative examples produced at Plaintiffs_001374–1376. These materials demonstrate the

4

nature of the content Plaintiff previously followed or interacted with. Plaintiff does not maintain a formal archive of her historical social-media activity, and additional examples, if any, would be located on public platforms such as TikTok, Instagram, or YouTube and are therefore equally accessible to Defendants. After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged content in her possession responsive to this Interrogatory. Plaintiff will supplement only as required under Rule 26(e).

**Interrogatory No. 3** IDENTIFY all "evidence contradicting her [CARTER] transphobia claims," as alleged in Paragraph 36 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and argumentative.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

**Supplemental Response:** Answering subject to the above objections, Plaintiff Propson's search for responsive materials is ongoing, and thus reserves the right to supplement this request. See Plaintiffs_001374-1376.

**Second Supplemental Response:**
Plaintiff maintains her objections that this Interrogatory is vague, ambiguous, overbroad, and argumentative. Plaintiff further objects to the extent the request seeks information outside her possession, custody, or control or requires reconstruction of historical social-media activity that is equally accessible to Defendants.

Answering subject to and without waiving these objections, Plaintiff states as follows:

The "evidence contradicting [Carter's] transphobia claims" includes Plaintiff Propson's prior engagement with pro-LGBTQ and pro-trans rights content, as reflected in the representative materials produced at Plaintiffs_001374–1376, which show that Plaintiff followed and interacted with LGBTQ-affirming creators and messages. These materials contradict Carter's assertion that Ms. Propson is transphobic. Plaintiff does not maintain an archive of all historical social-media activity and any additional examples, if they exist, would be located on public platforms and are equally accessible to Defendants.

After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged materials in her possession responsive to this Interrogatory. Plaintiff will supplement only as required under Rule 26(e).

**Interrogatory No. 4** IDENTIFY all instances, by name of follower(s), date, time, and method, wherein "Defendant Carter actively engaged with and further incited her fans and the general public," as alleged in Paragraph 37 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and seeking speculative identification of third parties outside Plaintiff's control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

5

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying every instance by follower, including the date, time, name and method is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

**Second Supplemental Response:**

Plaintiff maintains her objections that this Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and seeks the speculative identification of third-party social-media users who are anonymous or outside Plaintiff's possession, custody, or control. Plaintiff further objects that requiring her to identify "each instance," including the name, date, time, and method of engagement, is disproportionate to the needs of the case under Rule 26(b)(1), as Plaintiff does not maintain such information and much of it is unavailable or no longer accessible on third-party platforms.

Answering subject to and without waiving these objections, Plaintiff states as follows:

Plaintiff alleges that Defendant Carter actively engaged with and further incited her followers by liking, replying to, or amplifying hostility directed at Ms. Propson through her posts on TikTok, Facebook, Reddit, and in her GoFundMe updates, which contain false statements of fact, that incited her audience to respond with harassment of Ms. Propson, including audience members to contact the brands Ms Propson worked with to have those contracts cancelled. Numerous followers reacted to Carter's posts with threats, insults, and coordinated attacks on Ms. Propson, and Carter's interactions with these responses contributed to the escalation of the online harassment. Representative examples—including screenshots of responses, replies, likes, reposts, and media showing Carter's engagement—have been produced at:

Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1016, 1263, 1266, 1268–1271, 1289–1290, 1292, 1296, 1300–1301, 1328, 1750–1751, 1754.

After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged information identifying specific followers, dates, or timestamps beyond the representative materials already produced. Plaintiff will supplement only as required by Rule 26(e).

**Interrogatory No. 5** IDENTIFY all facts that support YOUR allegation in Paragraph 38 of the TAC that "Upon information and belief, Defendant Carter made her false statements to tarnish Ms. Propson's reputation and career as a social media influencer."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

**Supplemental Response:** Answering subject to the above objections, Plaintiff's search for relevant documents is still ongoing. Plaintiff reserves the right to supplement this request.

**Second Supplemental Response:**
Plaintiff maintains her objections that this Interrogatory is vague, ambiguous, overbroad, seeks "all facts," and calls for attorney work product. Answering subject to and without waiving these objections, Plaintiff states as follows:

Plaintiff alleges that Defendant Carter made false and misleading statements with the intent to tarnish Ms. Propson's reputation and career based on the content of Carter's posts, the context in which they were published, and Carter's interactions with people who responded with hostility toward Ms. Propson. Carter repeatedly framed Ms. Propson's conduct in a negative and misleading manner, amplified disparaging narratives, and promoted these posts within her own audience to increase engagement. The timing of Carter's statements, her encouragement of negative commentary, and her use of the controversy to drive interaction with her social-media platforms to increase her profits support the inference that her motive was to damage Ms. Propson's reputation as an influencer.

The non-privileged materials supporting this allegation have been produced and are located at Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, and 1003–1016. After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged information responsive to this Interrogatory. Plaintiff will supplement as required by Rule 26(e).

**Interrogatory No. 6** IDENTIFY all facts that support YOUR allegation in Paragraph 39 of the TAC that "Upon information and belief, Defendant Carter accused Ms. Propson of being transphobic in an attempt to incite pro-LGBTQ community members to engage in a cancel culture campaign."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and documents in her possession, if any.

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts to show that Defendant Carter intended to incite the LGBTQ+ community is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

**Second Supplemental Response:**

Plaintiff maintains her objections that this Interrogatory is vague, ambiguous, overbroad, seeks "all facts," and calls for attorney work product. Answering subject to and without waiving these objections, Plaintiff states as follows:

Plaintiff alleges that Defendant Carter accused Ms. Propson of being transphobic with the intent to provoke members of the LGBTQ+ community to react negatively and to drive a cancel-culture response. This inference is supported by the language, tone, and framing of Carter's posts, which

7

portrayed Ms. Propson as not being inclusive and holding anti-LGBTQ beliefs, a highly inflammatory accusation within social-media communities. Carter's posts encouraged and amplified hostile responses from followers, many of whom responded with threats, harassment, or demands to "cancel" Ms. Propson, some being sent to the brands Ms. Propson works with. Carter's engagement with those responses, as well as her timing and repetition of the accusations, indicate an intent to incite backlash against Ms. Propson to damage her credibility and professional reputation.

The non-privileged materials supporting this allegation have been produced and are located at Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, and 1003–1016. After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged information responsive to this Interrogatory. Plaintiff will supplement only as required under Rule 26(e).

**Interrogatory No. 7** IDENTIFY by name of follower(s), social media name/handle, date, time, and method, each of the "pro-LGBTQ community members [who] engaged in a cancel culture campaign against Ms. Propson," as alleged in Paragraph 39 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside Plaintiff's knowledge or control (e.g., anonymous individuals).
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying members who engaged in the cancel culture campaign by name, date, time, and method is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1016.

**Second Supplemental Response:**
Plaintiff maintains her objections that this Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and seeks the speculative identification of third-party social-media users, many of whom are anonymous or outside Plaintiff's possession, custody, or control. Plaintiff further objects that requiring her to identify "each" pro-LGBTQ community member—including name, handle, date, time, and method—is disproportionate to the needs of the case under Rule 26(b)(1), as Plaintiff does not maintain such information and much of it is unavailable or no longer accessible on third-party platforms.

Answering subject to and without waiving these objections, Plaintiff states as follows:

The "pro-LGBTQ community members [who] engaged in a cancel culture campaign" refers to the numerous social-media users who reacted to Defendant Carter's accusations by posting hostile, threatening, or harassing responses toward Ms. Propson and successfully ended brand deals Ms. Propson had along with cancelling deals that were in the process of being finalized, such as with a podcast, a travel company, and the travel channel. Many of these individuals used anonymous or pseudonymous accounts, and their identities, locations, and timestamps are not within Plaintiff's

8

knowledge or control. Representative examples showing the nature and effect of this response—including hostile responses, threats, replies, and interactions following Carter's posts—have been produced and demonstrate the campaign of public harassment and reputational harm that resulted from Carter's statements.

Representative non-privileged materials supporting this allegation are located at: Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1016, 1263, 1266, 1268–1271, 1289–1290, 1292, 1296, 1300–1301, 1328, 1750–1751, 1754.

After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged information identifying any of these individuals by name, handle, date, time, or method. Plaintiff will supplement only as required under Rule 26(e).

**Interrogatory No. 8** IDENTIFY the "multiple posts, comments, and blog articles" referenced in YOUR allegation in Paragraph 41 of the TAC.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects that responsive information may be in the possession of third-party platforms.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying blog posts, comments, and posts is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1330.

**Second Supplemental Response:**

Plaintiff maintains her objections that this Interrogatory is vague, ambiguous, overbroad, and unduly burdensome, and further objects to the extent it seeks identification of posts, comments, or articles that exist only on third-party platforms or are outside Plaintiff's possession, custody, or control. To the extent the Interrogatory seeks a comprehensive catalog of all online discourse related to Defendant Carter's statements, it is disproportionate to the needs of the case under Rule 26(b)(1).

Answering subject to and without waiving these objections, Plaintiff states as follows:

The "multiple posts, comments, and blog articles" referenced in Paragraph 41 of the TAC consist of online reactions, comment threads, reposts, video responses, and other public responses generated in response to Defendant Carter's statements. These materials include hostile comments, threats, actions to cancel Ms. Propson's business deals and/or reactions from Carter's followers, reposts of Carter's accusations, and third-party collaborators or conspirators that amplified those statements. Plaintiff does not maintain an archive of all such online activity and many responsive materials exist only on public platforms (e.g., TikTok, Instagram, YouTube, Reddit) and are equally accessible to Defendants.

9

Representative non-privileged materials in Plaintiff's possession illustrating these posts, responses, and articles are located at:

Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, 1003–1330, 001260–001329, 001750–001756.

After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged materials responsive to this Interrogatory. Plaintiff will supplement only as required by Rule 26(e).

**Interrogatory No. 9** IDENTIFY all facts supporting YOUR allegation in Paragraph 42 of the TAC that "The impact of this allegation caused Ms. Propson immediate and irreparable harm to her reputation."

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any, subject to a protective order being entered.

**Supplemental Response**: Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts showing that she suffered immediate and irreparable harm to her reputation is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001, 1003-1330.

**Second Supplemental Response:**
Plaintiff maintains her objections that this Interrogatory is vague, ambiguous, overbroad, seeks "all facts," and calls for attorney work product. Answering subject to and without waiving these objections, Plaintiff states as follows:

Plaintiff alleges that Carter's accusation caused Ms. Propson immediate and irreparable harm to her reputation based on the rapid and hostile reaction generated online following Carter's posts. Within hours, Carter's viewers accused Ms. Propson of transphobia and other misconduct, leading to widespread negative responses, amplification of Carter's misleading and false statements, harassment, and calls to "cancel" her. Brands and professional contacts expressed hesitancy about continued collaboration, and Ms. Propson received messages reflecting concern about associating with her due to Carter's statements. The volume, intensity, and speed of this reaction demonstrate that Carter's accusation damaged Ms. Propson's reputation in the online community in a way that could not be undone, constituting immediate and irreparable harm.

The non-privileged materials supporting this allegation have been produced and are located at Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, 992–1001, and 1003–1330. After a reasonable

10

search and diligent inquiry, Plaintiff has no additional non-privileged information responsive to this Interrogatory. Plaintiff will supplement only as required under Rule 26(e).

**Interrogatory No. 10** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and The Travel Channel RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of The Travel Channel.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving the above objections, See Plaintiffs_001349-1357.

**Interrogatory No. 11** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and The Travel Channel RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to the above objections, Plaintiff Propson is not in possession of any documents or information that is responsive to this request.

**Interrogatory No. 12** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and Pair Eyewear RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of Pair Eyewear.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering to the above objections, Plaintiff Propson did not receive any direct communications from Pair Eyewear and received notice through a Reddit post. See Plaintiffs_001371.

**Interrogatory No. 13** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and Pair Eyewear RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant

communications in her possession, if any, sufficient to respond to this request subject to a protective order being entered.

**Supplemental Response:** Answering subject to the above objections, Plaintiff Propson is not in possession of any documents or information that is responsive to this request.

**Interrogatory No. 14** IDENTIFY the company that was intended to be part of "the podcast deal" and the terms of the deal.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and documents sufficient to identify the podcast company and terms, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving the above objections, the name of the company for the podcast deal was "Human Content". See Plaintiffs_1369-1370.

**Interrogatory No. 15** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the podcast deal" company RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of third parties.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff Propson is not in possession of any documents that are responsive to this request.

**Interrogatory No. 16** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and "the podcast deal" company RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff Propson is not in possession of any documents that are responsive to this request.

**Interrogatory No. 17** IDENTIFY the company(ies) that were intended to be part of "the brand endorsement contracts" and the terms of those contracts.

12

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and seeking confidential business information. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents sufficient to identify such companies and contracts, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff maintains its objection that Defendants request for Plaintiff to identify all companies copied on all communications relating to brand deals is unduly burdensome and overly vague. Plaintiff provides the following documents in response to this request, see Plaintiffs_001349-1372.

**Interrogatory No. 18** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the brand endorsement contracts" companies RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to the extent the requested communications may be in the possession of third parties.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff maintains its objection that Defendants request for Plaintiff to identify all person copied on all communications is unduly burdensome. Plaintiff provides the following documents in response to this request, see Plaintiffs_001349-1372.

**Interrogatory No. 19** IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between BRAUN and "the brand endorsement contracts" companies RELATING TO CARTER and/or CARTER'S posts.

**Response:**
Plaintiff objects as overbroad, unduly burdensome, and seeking information not in her possession, custody, or control.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant information and communications in her possession, if any, subject to a protective order.

**Supplemental Response:** Answering subject to and without waiving any objections, including attorney-client privilege, Plaintiff Propson is not producing any documents that are responsive to this request.

**Interrogatory No. 20** IDENTIFY all facts supporting YOUR claim for damages for lost opportunities, agreements or prospective agreements arising out of any conduct alleged against CARTER.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that this Interrogatory prematurely seeks damages computations. Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any, subject to a protective order.

13

**Supplemental Response:** Answering subject to and without waiving any objections, Plaintiff maintains its objection that Defendants request for Plaintiff to identify all facts she is relying on is unduly burdensome. Plaintiff's investigation for responsive documents is ongoing and thus reserves the right to supplement this request. Plaintiff provides the following documents in response to this request, see Plaintiffs_001349-1372.

**Interrogatory No. 21** IDENTIFY the specific "comments" referenced in YOUR allegation in Paragraph 48 of the TAC that "Fans of Defendant Carter's commented on The Travel Channel's posts accusing Ms. Propson of being transphobic."

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, and unduly burdensome.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant examples in her possession, if any.

**Supplemental Response:** Answering subject to and without waiving the above objections, Plaintiff Propson is in the process of identifying responsive documents to this request and reserves the right to supplement this request. Plaintiff Propson represents that negative posts were deleted by the Travel Channel, and objects that this request seeks documents not in her possession.

**Interrogatory No. 22** IDENTIFY all facts that support YOUR allegation in Paragraph 55 of the TAC that "Carter's statements were designed to incite her fanbase against Defendant Braun," including the identity of the fans so incited.

**Response:**
Plaintiff objects as vague, ambiguous, argumentative, overbroad, and unduly burdensome to the extent it seeks "all facts." Plaintiff further objects that it seeks attorney work product.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant documents in her possession, if any.

**Supplemental Response:** Subject to and without waiving the above objections, Plaintiff Propson maintains her objection that identifying all facts showing that Carter's statements were intended to incite her fanbase is unduly burdensome. Further, this request seeks information and documents outside of her possession and control. Plaintiff reserves the right to supplement this request. Answering subject to this objection, see: Plaintiffs_000012-24, 27-50, 72-164, 170-172, 193, 209-211, 217-220, 280-281, 526-573, 630, 789-818, 846-853, 865-871, 875-877, 951-990, 992-1001.

**Second Supplemental Response:**
Plaintiff maintains her objections that this Interrogatory is vague, ambiguous, overbroad, seeks "all facts," and calls for attorney work product. Plaintiff further objects to the extent the request seeks the identification of "fans" or online people, many of whom acted anonymously and whose identities are not within Plaintiff's possession, custody, or control. Requiring Plaintiff to identify each individual person would be unduly burdensome and disproportionate to the needs of the case under Rule 26(b)(1), partly due to those people maintaining anonymous and/or fake profiles online.

Answering subject to and without waiving these objections, Plaintiff states as follows:

14

Plaintiff alleges that Defendant Carter's statements were designed to incite her fanbase against Ms. Propson based on the content and tone of Carter's posts and the resulting surge of hostile online responses. After Carter published her statements, numerous people (many of whom were Carter's followers) responded with threats, insults, and coordinated harassment directed at Ms. Propson. Carter engaged with, liked, or amplified several of these responses, further encouraging the negative attention. The speed, volume, and intensity of the hostile responses following Carter's statements support the inference that her posts were calculated to provoke her audience and direct them against Ms. Braun.

Representative, non-privileged materials illustrating this incitement have been produced at Plaintiffs_000012–24, 27–50, 72–164, 170–172, 193, 209–211, 217–220, 280–281, 526–573, 630, 789–818, 846–853, 865–871, 875–877, 951–990, and 992–1001. After a reasonable search and diligent inquiry, Plaintiff has no additional non-privileged information responsive to this Interrogatory. Plaintiff will supplement only as required under Rule 26(e).

**Interrogatory No. 23** IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being a TERF.

**Response:**
Plaintiff objects as vague, ambiguous, overbroad, unduly burdensome, and argumentative. Plaintiff further objects that this Interrogatory mischaracterizes Plaintiff's statements and improperly shifts the burden of proof.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any.

**Supplemental Response:** Plaintiff maintains her above objections and her general objection to the relevance of this request. As such, Plaintiff will not produce any other documents in response to this request beyond her email with the Travel Channel, because Plaintiff Propson's private communications with third-parties are not relevant to Defendant Carter's knowledge, motive, or intent in making her public statements that Lauren the Mortician was a TERF. Answering subject to this objection see Plaintiffs_001349-1357.

**Interrogatory No. 24** IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being homophobic and/or transphobic.

**Response:**
Same objections as Interrogatory No. 23.
Subject to and without waiving objections, Plaintiff will produce non-privileged, relevant communications in her possession, if any.

**Supplemental Response:** Plaintiff maintains her above objections and her general objection to the relevance of this request. As such, Plaintiff will not produce documents in response to this request, because Plaintiff Propson's private communications with third-parties are not relevant to Defendant Carter's knowledge, motive, or intent in making her public statements that Lauren the Mortician was a TERF

**Interrogatory No. 25** IDENTIFY all COMMUNICATIONS by and between YOU and any third parties RELATING TO YOUR denial of the allegations of being an "anti-vaxxer."

15

**Response:**
Plaintiff objects to this request as not relevant to any of the claims or defenses in this matter. Plaintiff also objects to this request as vague, ambiguous, overbroad, unduly burdensome, and argumentative. Plaintiff further objects that this Interrogatory mischaracterizes Plaintiff's statements and improperly shifts the burden of proof.
Subject to and without waiving objections, Plaintiff will not produce any information or documents in response to this request.

**Objection to Interrogatories Exceeding FRCP 33(a)**

**Interrogatories Nos. 26–40**

**Response to Each:**
Plaintiff objects to Interrogatories Nos. 26 through 40 on the ground that they exceed the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1), which limits each party to 25 interrogatories, including discrete subparts, absent stipulation or leave of Court. Defendant has neither sought leave of Court nor obtained Plaintiff's consent. Plaintiff therefore declines to provide substantive responses to these Interrogatories.

*Lauren Propson* (Dec 1, 2025 19:52:33 EST)

*Lauren Propson*

Dated: December 1, 2025                                  Respectfully submitted,

                                                         */s/ Benjamin C.R. Lockyer*
                                                         Lockyer Law LLC
                                                         6515 W. Archer Ave.
                                                         Chicago, Illinois 60638
                                                         ben@lockyerlaw.com
                                                         (773) 340-0011