IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE BRAUN, <br> BRAUN IP LAW, LLC & <br> LAUREN PROPSON, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. 23 C 16856 |
| v. | ) <br> ) | Hon. J. Mary Rowland |
| REBEKAH M. DAY NEE BOXX, <br> KRISTA CARTER, <br> LILY MARSTON, & <br> JESSICA VAZQUEZ, | ) <br> ) <br> ) <br> ) <br> ) | Mag. J. M. David Weisman |
| Defendants. | ) | |

**PLAINTIFFS' SURREPLY IN FURTHER OPPOSITION
TO DEFENDANTS' MOTIONS TO COMPEL**

Plaintiffs submit this surreply solely to address new arguments and factual assertions raised in Defendants' reply, including accusations regarding supplementation, challenges to the privilege log, and requests for fees based on work attributed to counsel not of record.

**I.  The reply's "misrepresentation" narrative is incorrect; Plaintiffs have supplemented and have now served the inadvertently omitted set.**

Defendants' reply rests on the premise that Plaintiffs "did not" supplement or that Plaintiffs' counsel misrepresented the record. That is wrong. Plaintiffs served verified supplemental interrogatory responses, supplemental RFP responses, and additional productions identifying responsive documents by Bates number and clarifying Plaintiffs' narrowed damages theories.

To remove any confusion about sequence, Plaintiffs further clarify one discrete point: a verified second supplemental response set (intended to be served with other December 2, 2025 supplementation) was inadvertently omitted from the transmittal. Plaintiffs have now served that

1

signed supplement. This correction does not change Plaintiffs' positions. It reinforces the same objections and Bates mapping already provided. Defendants identify no prejudice from this administrative omission, nor do they contend that any responsive information was withheld.

Notably, Defendants have made no follow-up inquiry and sought no clarification regarding this issue before raising the issue of Propson's missing supplemental interrogatory response. And most importantly, Defendants also identify no prejudice arising from the timing of service.[1]

## II. Defendants' new attack on the privilege log is overreaching; an individualized log for years of unrelated client communications is not proportional and is unnecessary.

Defendants argue for the first time that Plaintiffs must provide an individualized privilege log for broad categories of attorney–client communications involving Alyssa DeFord, Kaitlynn Dempsey, "Lauren the Mortician," Gabbie Egan, and other third parties. That request is neither reasonable nor tailored to seek information relevant to this matter.

The withheld material is not a handful of discrete emails. It is years of communications spanning representation, strategy, and confidential client matters, most of which have nothing to do with the claims in this case. Requiring Plaintiff Braun to comb through years of client messages and log each entry would be disproportionately burdensome and would convert this discovery dispute into an expensive audit of her law practice.

A categorical privilege log is appropriate here. It serves the purpose of Rule 26(b)(5) without forcing disclosure of privileged substance or requiring a line-by-line inventory of irrelevant client communications. Defendants offer no claim-specific justification for why they

---

[1] Plaintiffs' concern regarding the absence of local counsel from discovery discussions is not merely procedural or substantive. Although local counsel are not required to litigate the substantive merits of a case, Plaintiffs requested local counsel's participation because pro hac vice has demonstrated a lack of willingness to meaningfully meet and confer or engage in resolving discovery disputes, as contemplated by Local Rule 37.2. Local counsel did not respond to that request and has absolutely no involvement in any discussions between parties, further adding to Plaintiffs' concern about Defendants unwillingness to engage in good faith.

need a document-by-document log of every privileged client communication; they simply assert entitlement to it. That is not proportional discovery.

**III. Defendants still fail to tether their remaining demands to the claims and defenses actually in the case.**

Defendants' reply continues to seek sweeping discovery untethered to Rule 26(b)(1). Defendants have not carried their burden to show why the materials they now demand advance any claim or defense.

Defendants likewise seek "damages" discovery premised on a broad "lost clients" theory that Plaintiffs are not pursuing. Plaintiffs have narrowed damages to (a) reputational/emotional harm supported by the harassment evidence already produced and (b) the limited financial documents Plaintiffs can ethically produce and have produced.

Defendants cannot compel Plaintiffs to disclose privileged client identities and years of client communications to litigate a damages theory Plaintiffs are not pursuing.

**IV. Rule 34 "organization" arguments ignore the reality of screenshot-based evidence; Plaintiffs cured any practical issue by Bates mapping in responses.**

Defendants repeat "document dump" rhetoric, but the reality is straightforward: the core evidence set (Plaintiffs_000001–001330) is largely screenshots, comments, and short media files reflecting harassment and online posts. That evidence was never "kept" in a structured filing system, because it is not the type of evidence that exists in one. It was gathered from platforms and client devices and produced as received. Despite the burden of reviewing each screenshot to identify any type of theme or overlap, Plaintiffs have nevertheless done what Defendants request and have identified responsive documents by Bates ranges in the supplemental RFP responses and in the supplemental interrogatories.

For screenshot-based evidence with heavy overlap across defendants and multiple allegations, there is no practical way to organize the production. Defendants' insistence on a bespoke, request-by-request re-sorting of thousands of screenshots is not required by Rule 34 and would be unduly burdensome. Plaintiffs have already identified, in good faith, the ranges of documents that relate to each of the asserted requests. Due to the amount of documented harassment stemming from posts by each of the Defendants individually and collaboratively, Plaintiffs have complied with their discovery obligations to the best of their ability.

### V. Fees remain improper; the reply's fee arguments underscore the lack of good-faith narrowing.

Defendants' reply expands their fee arguments while ignoring Plaintiffs' supplementation and without narrowing the remaining disputes to any concrete, material deficiency. Rule 37(a)(5) does not reward motion practice filed without meaningful effort to avoid it, particularly where Plaintiffs have served verified supplements, produced responsive non-privileged materials, and provided Bates ranges in discovery responses.

Defendants' continued request to seek fees for work performed by attorneys not of record in this case further underscores the overreach of their sanctions request. That request should be denied. Fee shifting is limited to reasonable expenses caused by a party's failure to provide discoverable information, and not a blank check for work performed by non-appearing counsel.

## CONCLUSION

Defendants' reply does not identify prejudice, does not identify a concrete missing category of non-privileged documents within Plaintiffs' possession, and does not justify intrusive requests for privileged client communications or years-long message inventories. The motions should be denied except, at most, as to any narrow residual clarification the Court identifies, and any fee request should be denied.

Respectfully submitted,

*/s/ Benjamin C.R. Lockyer*
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
***Attorney for Plaintiffs***

5