IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNETE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON,<br><br>   Plaintiffs,<br>v.<br><br>REBEKAH M. DAY NEE BOX, KRISTA CARTER & LILY MARSTON<br><br>   Defendants. | Case No. 23 C 16856 |

## DEFENDANTS' *EX PARTE* APPLICATION FOR CLARIFICATION OF JANUARY 26, 2026 MINUTE ENTRY REGARDING MEET-AND-CONFER REQUIREMENT

Defendants REBEKAH M. DAY, KRISTA CARTER, AND LILY MARSTON (collectively, "Defendants"), by and through their attorneys, respectfully submit this *ex parte* application seeking clarification of the Court's January 26, 2026 minute entry directing the parties to "meet and confer at least twice in person before 2/6/26 and narrow the issues," while also stating that the parties are "free to confer telephonically and by email countless times to resolve these matters."

The parties are uncertain as to whether a videoconference meeting (e.g., via Zoom) satisfies the Court's meet-and-confer directive, particularly given the fact that Defendants' counsel is located in California and Plaintiffs' counsel is located in Illinois. Clarification is necessary to ensure timely and good-faith compliance with the Court's order.

I.  RELEVANT BACKGROUND

Following the January 26, 2026 status hearing, Defendants promptly contacted Plaintiffs' counsel to schedule the required conferences. Defendants proposed that the conferences occur

via videoconference (Zoom), consistent with the Court's express recognition that telephonic and electronic conferrals are permissible and with modern federal practice.[1]

Plaintiffs' counsel has communicated his belief that the phrase "in person" in the Court's minute entry requires physical travel by defense counsel to Chicago for each of the two required conferences and, therefore, refuses to confer with Defendants' counsel by videoconference. *Copies of counsel communications are attached.*

## II. DEFENDANTS HAVE ACTED IN GOOD FAITH, AND PHYSICAL TRAVEL WOULD IMPOSE A SIGNIFICANT AND DISPROPORTIONATE BURDEN.

Defendants are fully committed to complying with the Court's meet-and-confer directive to resolve these issues and are fully confident that counsel are capable of satisfying this requirement through videoconference. Further, requiring defense counsel to travel for the required two conferences would impose a significant and disproportionate burden on Plaintiffs for the following reasons:

- Defense counsel is located in Woodland Hills, California, which would entail 7+ hour travel days from Los Angeles to Chicago.
- The Court's deadline requires two conferences within a compressed timeframe.
- Counsel has multiple pre-existing hearings and client commitments during this period making two separate trips to Chicago extremely difficult.

---

[1] The Federal Rules require courts and parties to secure the "just, speedy, and inexpensive determination" of actions. Fed. R. Civ. P. 1. Discovery and pretrial procedures must also remain proportional and avoid undue burden or expense. Fed. R. Civ. P. 26(b)(1), 26(c). This Court has recognized that videoconferencing is an "adequate alternative" to in-person proceedings where travel would be burdensome or costly. *Kerr Machine Co. v. Li Gear, Inc.*, 2022 U.S. Dist. LEXIS 134176 at *6-7 (N.D. Ill. July 28, 2022) (ordering all depositions to proceed remotely and emphasized that remote video is appropriate where travel would impose unnecessary expense or disruption).

- Last-minute round-trip airfare to Chicago plus airport transfers is near $1,000 per trip, plus hotel and related costs, which would impose a significant financial burden on Defendants.



- Defendants are young podcasters with limited financial resources that are already strained by this litigation and cannot afford the attorneys' fees and costs associated with these trips.

Two long distance trips for what is likely to be relatively short conferences would impose costs grossly disproportionate to the purpose of the meet-and-confer.

### III.   PLAINTIFFS' POSITION ELEVATES FORM OVER SUBSTANCE

A Zoom conference provides real-time, face-to-face interaction, allows screen sharing of disputed requests and responses, and enables meaningful narrowing of issues. Insisting on physical travel under these circumstances transforms the meet-and-confer requirement into a cost-imposition mechanism that Plaintiffs are appear eager to impose on Defendants, rather than a dispute-resolution tool.  Defendants are prepared to engage in extended Zoom sessions and additional telephonic or written communications as needed to comply fully with the Court's directive.

V.      **REQUEST FOR CLARIFICATION**

Defendants respectfully request that the Court clarify that the required meet-and-confer sessions may be conducted by videoconference (such as Zoom), and such videoconferences satisfy the Court's directive that the parties meet and confer "in person." Defendants bring this application in good faith to ensure compliance with the Court's order and to avoid unnecessary expense and procedural dispute. Defendants remain committed to meaningful conferences and to narrowing issues consistent with the Court's directive.

Dated: February 3, 2026

       *s/     Brandon J. Witkow*
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
WITKOW │ BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

       *s/     Amy Doig*
Attorney for Defendants

Amy M. Doig
Cozen O'Connor
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
ben@lockyerlaw.com

*Attorney for Plaintiffs*

Dated: February 3, 2026                                          /s/ *Brandon J. Witkow*
                                                                 Brandon J. Witkow