| | |
|---|---|
| **From:** | Ben Lockyer |
| **To:** | Brandon Witkow |
| **Cc:** | Brandon Witkow |
| **Subject:** | Re: Activity in Case 1:23-cv-16856 Braun et al v. Day et al status hearing/Further Meet & Confer |
| **Date:** | Monday, February 2, 2026 9:51:37 AM |
| **Attachments:** | 23 C 16856 Braun v. Day 01-13-26 MINI.pdf |

Brandon,

I appreciate you explaining your scheduling and family constraints, and I understand the difficulty of coordinating calendars on short notice. I also have a very full schedule and family obligations, but I am making a good-faith effort to comply with the Court's directive.

The Court expressly ordered the parties to meet and confer in person twice before February 6, and I am not willing to proceed in a manner that would place us out of compliance with that order. In my view, the in-person requirement is important here. Many of the difficulties in this case have stemmed from misunderstandings and the limitations of remote or telephonic communications. Meeting face-to-face would materially assist the parties in narrowing the issues and conducting the conferences in a more productive and professional manner.

I am willing to work in good faith to narrow the list of issues and address the efficiencies you identified, including undertaking additional clarification where appropriate, even where Plaintiffs believe the burden is significant. At the same time, compliance with the Court's order must remain the guiding principle. If in-person meetings were going to present scheduling challenges, that issue ideally should have been raised earlier so the parties could have sought guidance from the Court.

Plaintiffs are prepared to comply as ordered. I am available to meet in person in Chicago on Wednesday afternoon and all day Friday, and I have offered to host the meetings at my office. If you are unable to meet in person this week, I am willing to discuss a short extension solely for the purpose of completing the required in-person meet-and-confer, so long as we remain in compliance with the Court's directive. If in-person meetings are not feasible at all, that is an issue we can raise with the Court for further direction. I do not consent to substituting videoconference for the Court-ordered in-person conferences without seeking the Court's approval.

Please let me know your position on this.

Ben

**Benjamin C.R. Lockyer | PRINCIPAL**



6515 W. Archer Ave. | Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately Thank you for your cooperation

**From:** Brandon Witkow <bw@witkowlaw.com>
**Date:** Monday, February 2, 2026 at 12:01 AM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Brandon Witkow <bw@witkowlaw.com>
**Subject:** RE: Activity in Case 1:23-cv-16856 Braun et al v. Day et al status hearing/Further Meet & Confer

Ben:

I am happy to take another look at the hearing transcript if you would like to send it over. If you believe the Court indicated that particular categories of information or documents are outside the scope of further production, you are certainly entitled to take that position during our meet and confer. However, without your identifying which specific requests from my list you contend fall within those categories, I am not in a position to further narrow or revise the issues. I have already reduced the requests at issue as to Propson based on her second supplemental responses.
As to Braun, it remains our position that her supplemental responses are still deficient, and the requests identified in my prior email continue to be at issue for purposes of the motions to compel. That said, I am very willing to walk through the requests one by one during our discussion if you believe particular supplemental responses fully resolve certain items.

I agree that a focused and productive meet and confer is in everyone's interest. My list reflects the requests we presently believe remain unresolved after the supplemental responses. If you contend that specific interrogatories or RFPs have been fully cured, identifying those in advance would be helpful and may further streamline the discussion.

I am unable to travel to Chicago this week due to multiple court hearings and family obligations, including child care and my daughter's talent show (which, if you have children, you understand I wouldn't dare miss). I trust that proceeding by videoconference is consistent with both the spirit and the substance of the Court's order. I will circulate a Google Meet link shortly.

Brandon J. Witkow

**witkow | baskin**

21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile

bw@witkowlaw.com | witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Sunday, February 1, 2026 5:13 PM
**To:** Brandon Witkow <bw@witkowlaw.com>
**Subject:** Re: Activity in Case 1:23-cv-16856 Braun et al v. Day et al status hearing/Further Meet & Confer

Brandon,

I understand your position that the Court did not rule request-by-request. At the same time, the Court was clear that certain categories of information being complained about would not be compelled. If helpful, I'm happy to share my copy of the hearing transcript. We will, of course, address the items that remain properly within the scope of the Court's guidance.

That said, your email below appears to re-raise essentially all of the issues listed in Defendants' prior status report, including matters the Court indicated should be excluded from further dispute. Plaintiffs have served additional supplemental responses since that report, and it is difficult to discern from your email which specific interrogatories or RFPs you believe remain genuinely unresolved after those supplements, as opposed to issues the Court has already limited.

If you believe that nothing was cured by the supplemental responses, we will review your list carefully. However, to make the meet and confer productive and consistent with the Court's directive to meaningfully narrow the issues, it would be appreciated if you could identify a focused list of the interrogatory and RFP numbers you believe still warrant discussion. Given the volume of issues raised, I think this will help keep the discussion efficient and avoid some of the difficulties we've encountered in prior conferences.

I am prepared to proceed in good faith to narrow the issues. I will call you at 1:00 p.m. PST on Wednesday. Please let me know the best number to reach you. If you prefer a video conference, please feel free to send a link (Google Meet works on my end).

Benjamin C.R. Lockyer | Principal
**Error! Filename not specified.**

6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

**From:** Brandon Witkow <bw@witkowlaw.com>

**Sent:** Sunday, February 1, 2026 5:14 PM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Brandon Witkow <bw@witkowlaw.com>
**Subject:** RE: Activity in Case 1:23-cv-16856 Braun et al v. Day et al status hearing/Further Meet & Confer

Ben:

Thank you for your message. I want to clarify one point at the outset. The Court did not resolve the specific discovery requests at issue in the motion to compel. Aside from extended commentary concerning deficiencies in your clients' damages-related responses and the shifting nature of your damages theories, the Court did not rule on the individual interrogatories or RFPs that remain in dispute.

The items identified in my prior email correspond directly to the requests listed in Defendants' status report submitted to the Court. Despite the subsequent supplemental responses served by Braun following that report, the deficiencies I outlined remain for the reasons explained below. Those are the matters I will be prepared to address in our meet and confer, consistent with the Court's directive that the parties meaningfully narrow the issues.

I am, of course, willing to proceed efficiently, but limiting the discussion to a handful of requests without first addressing the outstanding deficiencies would not be productive or consistent with the purpose of the Court-ordered conferences. If you elect not to address these items, that is your decision, and I will accurately advise the Court of the scope of the discussion that occurred.

Wednesday at 1:00 p.m. PST works for me. Please circulate a Zoom link.


Brandon J. Witkow

---

**witkow | baskin**

21031 Ventura Boulevard | Suite 700
Woodland Hills | California | 91364
818.296.9508 office | 818.296.9510 facsimile
bw@witkowlaw.com | witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

---

**From:** Ben Lockyer <ben@lockyerlaw.com>
**Sent:** Sunday, February 1, 2026 11:57 AM
**To:** Brandon Witkow <bw@witkowlaw.com>

**Subject:** Re: Activity in Case 1:23-cv-16856 Braun et al v. Day et al status hearing/Further Meet & Confer

Brandon,

We reviewed your email. Many of the issues you raise restate arguments were already addressed by the Court at the January 13 hearing and do not reflect the Court's guidance regarding scope, proportionality, or privilege.

Consistent with the Court's minute order, we are prepared to meet and confer in good faith to narrow the remaining issues to a short list of specific interrogatories or RFPs that Defendants contend remain in dispute. We respectfully ask that you identify no more than just the specific interrogatory and RFP numbers you believe remain genuinely unresolved after Plaintiffs' second and third supplemental responses so that we can focus the meet-and-confer efficiently.

Wednesday at 1 PST is the earliest I can meet this week. Please let me know if this works for you.

Best,

Ben

--

**Benjamin C.R. Lockyer | Principal**
**Error! Filename not specified.**

6515 W. Archer Ave. Chicago, IL 60638 | Direct: (773) 340-0011 | lockyerlaw.com

CONFIDENTIALITY NOTE This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation.

---

**From:** Brandon Witkow <bw@witkowlaw.com>
**Sent:** Sunday, February 1, 2026 11:24:14 AM
**To:** Ben Lockyer <ben@lockyerlaw.com>
**Cc:** Brandon Witkow <bw@witkowlaw.com>
**Subject:** Activity in Case 1:23-cv-16856 Braun et al v. Day et al status hearing/Further Meet & Confer

Ben:

Pursuant to the Court's Order below, I am writing to further meet and confer regarding the outstanding issues with respect to Plaintiffs' written discovery responses, document

production, and privilege log. I am available to discuss these issues any morning (between 9am-12pm PST) this week. Please let me know which days/times works best for you so we may schedule our initial and second meetings via Zoom. To aid in our discussion, below is a list of the outstanding requests that we believe remain at issue following your clients supplemental responses, as well as a short summary of what aspect of the response remains deficient.

### Lauren Propson's Third Supplemental Responses to Carter's First Set of Interrogatories

As a preliminary matter, Propson served the second supplemental responses to Carter's interrogatories on _____, 2026, but they are dated and signed on November 10, 2025. Further, there is no certificate of service attached, and they responses have not been verified by Propson (her name is simply inserted in italics above the signature block). As for the specific responses, the following second supplemental responses remain inadequate.

**Propson's Third Supplemental Responses to Carter's Interrogatory Nos. 11-20:** The only remaining issue with respect to these interrogatories is that Plaintiff "reserves the right to "supplement" the responses with "deposition testimony." This response is not permitted under FRCP 33, and it leaves Defendants to guess whether and to what extent Propson is withholding responsive information that she intends to reveal later in the litigation in a deposition. It is well-established that an answer to an interrogatory "must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." 4A J. Moore, J. Lucas, *Moore's Federal Practice* para. 33.25[1] (2d ed. 1991); *Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 650 (N.D. Ind. 1991) (interrogatory responses generally referring to deposition testimony "are evasive and clearly insufficient").

**Propson's Third Supplemental Responses to Carter's Interrogatory No. 21** (IDENTIFY the specific "comments" referenced in YOUR allegation in Paragraph 48 of the TAC that "Fans of Defendant Carter's commented on The Travel Channel's posts accusing Ms. Propson of being transphobic): Again, Propson reserved the right to supplement with deposition testimony, which is improper, as explained above. The Third Supplemental response to this interrogatory also states that "Plaintiffs answered this in the Supplemental Response. Plaintiffs also refer the requesting party to the records produced previously from which the information responsive to this Interrogatory may be derived or ascertained with equal burden." Reference to a prior supplemental response is confusing and inadequate, and the reference to unidentified "records produced previously" is improper for the reasons explained in Defendants' motion to compel. Finally, the supplemental response did *not* provide any answer to this interrogatory; rather, it simply stated "Plaintiff Propson is in the process of identifying responsive documents to this request and reserves the right to supplement this request. Plaintiff Propson represents that negative posts were deleted by the Travel Channel, and objects that this request seeks documents not in her possession." Thus, no substantive response to this interrogatory has ever been provided.

### Braun/Braun IP Law's Second Supplemental Responses to Carter's First Set of Interrogatories

As a preliminary matter, Braun served the second supplemental responses to Carter's interrogatories on January 22, 2026, but they are dated and signed on November 11, 2025. Further, there is no certificate of service attached, and they responses have not been verified by Braun (her name is simply inserted in italics above the signature block). As for the specific responses, the following second supplemental responses remain inadequate.

**Braun/Braun IP Law's Second Supplemental Responses to Carter's Interrogatory No. 4** (IDENTIFY by date, time, and name of parties all COMMUNICATIONS by and between YOU and "the brand endorsement contracts" company(ies) RELATING TO CARTER and/or CARTER'S posts): The second supplemental response to this interrogatory is *identical* to the prior, insufficient supplemental response, which stated: "Answering subject to and without waiving any objections, Plaintiffs are not in possession of any communications or documents that are responsive to the above request." Whether Braun/Braun IP are or are not in possession of documents is irrelevant, she still has to provide responsive information if she can. If she did not communicate with "brand endorsement contacts" she should just state that in her response.

**Braun/Braun IP Law's Second Supplemental Responses to Carter's No. 8** ("Describe all efforts YOU undertook in making a determination that CARTER'S content did not constitute "fair use," including any opinion of counsel letter, prior to YOUR submission of takedown requests): Braun continues to refuse to provide any substantive information in response to this interrogatory, claiming that she is barred from responding under Illinois Rule of Professional Conduct 1.6 without client consent, and she cannot obtain client consent. However, Carter's "content" that Braun "took down" under the DMCA concerned *Propson,* no other clients. Braun and Propson have initiated this action against Carter and have put Braun's takedown of Carter's content concerning Propson directly at issue. To say that Propson has not given Braun consent to disclose information regarding that takedown and to refuse to provide that information on those grounds is disingenuous and intentionally evasive. Braun also improperly reserves the right to supplement this response with deposition testimony, which is improper, as discussed above.

**Braun/Braun IP Law's Second Supplemental Responses to Carter's No. 12** (For each response to the Requests for Admission that is not an unqualified admission, IDENTIFY all facts, persons, and documents supporting the denial): Braun continues to refuse to provide a response to this interrogatory, instead responding in the second supplemental response that she "will not produce any information in response to this request. Many of the documents produced by Defendants, which number in the thousands, contain the information sought and Plaintiffs are still reviewing those documents". If Braun denied a particular RFA, she certainly had a factual basis for doing so. At a minimum, she can provide that factual basis in response to this interrogatory, even if she is unable to identify every supporting document due to her failure to review Defendants document production, despite having over four months to do so (documents produced on 9/26/25).

**Braun/Braun IP Law's Second Supplemental Responses to Day's First Set of Interrogatories**

As a preliminary matter, Braun served the second supplemental responses to Carter's interrogatories on January 22, 2026, but they are dated and signed on November 10, 2025. Further, there is no certificate of service attached, and they responses have not been verified by Braun (her name is simply inserted in italics above the signature block). As for

the specific responses, the following second supplemental responses remain inadequate.

**Braun/Braun IP Law's Second Supplemental Responses to Day's Interrogatory Nos. 1-3** (ARDC complaints): Braun's second supplemental response referred Defendants to her response to Interrogatory No. 13 and unidentified "business records" that have been produced. Reference to another interrogatory response and to generic "business records" in response to these interrogatories is improper for the reasons identified in Defendants' motion to compel. Braun's response to Interrogatory No. 13 also does not provide the information responsive to this request.

**Braun/Braun IP Law's Second Supplemental Responses to Day's Interrogatory No. 9** (IDENTIFY the "clients" that "Defendant Day contacted on March 21, 2024," as alleged in Paragraph 83 of the TAC): Braun refuses to provide any substantive response to this interrogatory, claiming that she is prohibited from doing so under IL Rule of Professional Conduct 1.6. The names of clients are not privileged or precluded from discovery, particularly when Plaintiffs have put them squarely at issue.

**Braun/Braun IP Law's Second Supplemental Responses to Day's Interrogatory No. 12, 14, 18, 19:** Plaintiffs improperly reserved the right to supplement their response with deposition testimony and generically referred Day to "business records" they produced. As explained above, this is an inadequate response to a very straightforward interrogatory seeking facts on which Plaintiffs base key allegations of their TAC.

**Braun/Braun IP Law's Second Supplemental Responses to Day's Interrogatory No. 13** (IDENTIFY all facts that support YOUR allegation in Paragraph 87 of the TAC that "Defendant Day's statement ... is false and did not occur): Plaintiffs improperly reserved the right to supplement their response with deposition testimony.

**Braun/Braun IP Law's Second Supplemental Responses to Day's Interrogatory No. 15** (IDENTIFY all facts that support YOUR allegation in Paragraph 91 of the TAC that Day acted with actual malice): Plaintiffs improperly reserved the right to supplement their response with deposition testimony and generically referred Day to "business records" they produced. The response is also incoherent and nonresponsive to the question of what facts Braun has to demonstrate her allegation of "actual malice."

**Braun/Braun IP Law's Second Supplemental Responses to Day's Interrogatory No. 16** (IDENTIFY all facts that support YOUR allegation in Paragraph 92 of the TAC that Day encouraged the public to make ethics complaints): Plaintiffs improperly reserved the right to supplement their response with deposition testimony and generically referred Day to "business records" they produced. The response is incomplete in that it discusses how Day's intent to incite can be "reasonably inferred" and only gives an example of a post that Braun claims this intent can be inferred from.

**Braun/Braun IP Law's Second Supplemental Responses to Day's Interrogatory No. 17** (IDENTIFY all "members of the public" who were incited as a result of DAY's post): Plaintiffs improperly reserved the right to supplement their response with deposition testimony and generically referred Day to "business records" they produced.

**Braun/Braun IP Law's Second Supplemental Responses to Day's Interrogatory No. 21, 25** (IDENTIFY the "professional relationships with clients" disrupted as alleged in

Paragraph 201 of the TAC and IDENTIFY the "clients [that] end[ed] their use of Braun Law for legal services out of fear of harassment," as alleged in Paragraph 210 of the TAC.): Braun improperly reserves the right to supplement the response with deposition testimony. Additionally, in hers first supplemental responses to these interrogatories, Plaintiff identified Kaitlynn Dempsey, Alyssa DeFord, Monsters and Martians. Now, in the second supplemental responses, Braun claims that she is precluded from identifying client names under Rule of Professional Conduct 1.6. As explained above, the names of clients (especially when already revealed) are not privileged, especially when Plaintiff puts them squarely in issue.

**Braun/Braun IP Law's Second Supplemental Responses to Day's Interrogatory No. 22** (IDENTIFY the "work" that was "lost" from "numerous clients including, Ms. DeFord and Ms. Dempsey" as alleged in Paragraph 207 of the TAC). Braun improperly reserves the right to supplement the response with deposition testimony. Additionally, in her first supplemental response she provided a generic description of "trademark and copyright work," and now in the second supplemental response she is claiming she cannot provide any information pursuant to Rule of Professional Conduct 1.6.

### Braun/Braun IP Law's Second Supplemental Responses to Martson's First Set of Interrogatories

As a preliminary matter, Braun served the second supplemental responses to Marston's interrogatories on January 22, 2026, but they are dated and signed on November 11, 2025 for some reason. Further, there is no certificate of service attached, and they responses have not been verified by Braun (her name is simply inserted in italics above the signature block). As for the specific responses, the following second supplemental responses remain inadequate.

**Braun/Braun IP Law's Second Supplemental Responses to Martson's Interrogatory Nos. 1-2:** (Interrogatories pertaining to DMCA takedowns submitted by Braun): Braun refused to provide any response, claiming she was prohibited from responding by Rule of Professional Conduct 1.6.

**Braun/Braun IP Law's Supplemental Responses to Martson's Interrogatory Nos. 3-4** (Interrogatories pertaining to DMCA takedown of Marston's Episode 97): Braun provide *no* second supplemental response, and her first supplemental response refused to provide any substantive response, instead standing on objections.

**Braun/Braun IP Law's Second Supplemental Response to Martson's Interrogatory No. 5** (IDENTIFY each client that YOU contend was lost as a result of the conduct YOU allege against MARSTON in the TAC): Braun improperly reserved the right to supplement with deposition testimony, and while the first supplemental response identified specific lost clients, the second supplemental response asserted that Braun was prohibited from identifying clients under Rule of Professional Conduct 1.6. Plaintiff's supplementation to take AWAY information is nonsensical and disingenuous. Plaintiff has asserted interference and damages claims based on lost clients/income, and she cannot refuse to identify those clients.

**Braun/Braun IP Law's Second Supplemental Response to Martson's Interrogatory No. 6** (IDENTIFY the factual and legal bases for YOUR submission of a takedown notice to

YouTube RELATING TO EPISODE 97 on December 3, 2023): Braun improperly reserves the right to supplement with deposition testimony.

**Braun/Braun IP Law's Second Supplemental Response to Martson's Interrogatory No. 9** (IDENTIFY each "statement made by Defendants" that incited threats as alleged in Paragraph 124 of the TAC): Braun improperly reserves the right to supplement with deposition testimony and while she provides a narrative response, it is not responsive to the interrogatory.

**Braun/Braun IP Law's Supplemental Responses to Martson's Interrogatory No. 10-11** (Interrogatories re threats made against Braun): Braun did not supplement these responses further and improperly refers Marston to "representative examples" produced in discovery.

**Braun/Braun IP Law's Supplemental Response to Martson's Interrogatory No. 12** (IDENTIFY each "ex parte communication from the internet mob" alleged in Paragraph 128 of the TAC): Braun did not supplement these responses further and refused to provide a substantive response instead improperly responding that "the list of all communications received by the Court was raised in a status hearing before the Court. Defendants are in an equal position to obtain a transcript of the Court's comments on the ex-parte communications."

**Braun/Braun IP Law's Supplemental Responses to Martson's Interrogatory No. 14** (IDENTIFY posts/content where Defendants allegedly encouraged disparaging content as described in Paragraph 130 of the TAC): Braun has alleged that Defendants have incited an online mob and has repeated those accusations in representations to this court throughout this litigation. Braun must have evidence on which it bases these claims, and Defendants are entitled to an identification of that evidence. Yet, Braun responded only with a vague identification of "representative examples, screenshots, and materials already produced in discovery." For the reasons explained in Defendants' Motion to Compel, this general reference is inadequate under FRCP 33.

**Braun/Braun IP Law's Supplemental Response to Martson's Interrogatory No. 15** (IDENTIFY the contact information for Monsters and Martians): Braun did not supplement this response further and refuses to provide contact information (other than a general, publicly available email address) on the improper grounds that such information is privileged.

**Braun/Braun IP Law's Second Supplemental Response to Martson's Interrogatory No. 20** (IDENTIFY all facts supporting YOUR claim for damages as alleged in Paragraph 177 of the TAC): In her second supplemental response, Braun responds with only the following inadequate statement: "Plaintiffs reserve the right to supplement this right with deposition testimony. See the answer to ROG 26 -1 for Day. Paragraph 177 of the TAC refers to Day's conduct causing damage." Braun's reference to deposition testimony, other interrogatory answers, and the TAC is improper for the reasons discussed in Defendant's Motion to Compel."

**Braun/Braun IP Law's Supplemental Response to Martson's Interrogatory No. 21** (IDENTIFY all facts supporting YOUR claim that existing and prospective clients were deterred from hiring Braun, as alleged in Paragraph 188 of the TAC): Braun did not

supplement her response with a second supplemental response to this interrogatory. While Braun does provide a general narrative response about unidentified clients discontinuing work with her, she also claims that she is standing on "privilege and work-product objections and will not disclose privileged or confidential attorney–client communications regarding specific clients", which leaves Defendants to wonder if Braun is withholding responsive information on such grounds.

**Braun/Braun IP Law's Supplemental Response to Martson's Interrogatory No. 22** (IDENTIFY the "work" that was "lost" from "numerous clients including, Ms. DeFord and Ms. Dempsey" as a result of the conduct alleged against DAY, as alleged in Paragraph 207 of the TAC): Braun did not supplement her response with a second supplemental response to this interrogatory. Braun's response only lists examples of lost work, and she states that she cannot get consent from other clients to provide their names to Defendants. Client names are not privileged, and Braun does not need consent to comply with her discovery obligations, particularly when she has put lost clients at issue in this case through interference claims and lost profit claims.

**Braun/Braun IP Law's Second Supplemental Response to Martson's Interrogatory No. 25** (IDENTIFY the professional relationships disrupted as alleged in Paragraph 201 of the TAC): In her first supplemental response, Braun identified examples of relationships that allegedly had been disrupted, i.e., "Alyssa DeFord (p/k/a "Bunnie XO"), Kaitlynn Dempsey (p/k/a "Demps"), and Monsters and Martians, among others". Yet, in her second supplemental response, she no longer identifies *any* disrupted relationships, instead improperly claiming that she is prohibited from identifying such relationships under Rule of Professional Conduct 1.6. Braun's refusal to provide a complete and straightforward response to this basic interrogatory is improper.

### Requests for Production:

**Propson's Responses to Carter's First Set of RFP Nos. 5, 8, 50, 51, 55:** Propson never supplemented her original responses to Carter's First Set of RFPs. For the reasons identified in Defendants' motion to compel, these responses improperly: (1) agreed to produce only "relevant examples" in Propson's possession; (2) agreed to produce "subject to a protective order", despite the Court's explicit instruction that Plaintiff must file any motion for protective by September 25, 2025; thus, to the extent Propson is refusing to produce documents due to the lack of a protective order, that refusal is improper; (3) refused to produce any documents despite their relevance and discoverability.

**Braun/Braun IP Law's Supplemental Responses to Day's First Set of RFP No. 17** (DOCUMENTS, including COMMUNICATIONS, sufficient to identify all "members of the public" who were incited as a result of DAY's post (specified in Paragraphs 85 & 86 of the TAC)): Plaintiff's response reference's only "representative, non-privileged screenshots". As explained in Defendants' motion to compel, Defendants are entitled to all responsive documents in Plaintiff's possession, custody or control, not simply examples.

**Braun/Braun IP Law's Supplemental Responses to Marston's First Set of RFP Nos. 4-7, 11, 13, 21, 24, 36, 41:** These supplemental responses provide long, narrative responses that are noncompliant with FRCP 34 and make it difficult and/or impossible for Defendants to understand what, if anything is being produced or withheld. Braun also improperly agrees to produce only samples of responsive documents in response to many of these RFPs,

which is improper for the reasons explained in Defendants' Motion to Compel.

**Document Production & Privilege Log:**

As explained in Defendants' motion to compel, Plaintiff failed to produce documents as they are kept in the usual course of business or organize and label them to correspond to the categories in the request as required by Fed. R. Civ. P. 34(b)(2)(E)(i). While some of the RFP responses reference specific Bates numbers, many of them do not (including all of Propson's RFP responses).

Not only did Plaintiffs fail to produce their document production in the proper format, but the document production is missing numerous categories of highly relevant, and responsive documents, such as: contracts between Propson and the two specific clients she claims she lost as a result of Carter's actions (Pair Eyewear and The Travel Channel) (Carter RFP 23-25), documents relating to any other of Propson's alleged lost clients or lost opportunities (RFP 26), any documents relating to either Plaintiffs' proof of damages or lost clients (other than heavily redacted documents reflecting Braun's total gross income)( Day RFP 22–23, Marston RFP 8, 31, 32, 39, 41), documents regarding Braun's filing of a DMCA takedown request with respect to Marston's Episode 97 (which are directly relevant to Marston's alleged defamatory statement that Braun was "actively committing perjury" when she filed that DMCA takedown request) (Marston RFP 4-7 & 9), and communications from Braun to the ARDC regarding ethics complaints filed against her (only the complaints themselves were produced and the final resolution letter – nothing in between) (Day RFP 1, 2, 12-14 & 21, Marston RFP 12).

Finally, for the reasons identified in Defendants' motion to compel, Plaintiffs' privilege log provides minimal information and is entirely deficient. *See e.g., Schmalz v. Vill. N. Riverside,* 2018 U.S. Dist. LEXIS 19623, at *7 (N.D. Ill. Feb. 7, 2018) ("the party asserting the privilege must produce a privilege log 'that identifies for each separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged"). There is no indication of the date of the document, the subject matter of the document, or a "specific explanation" of why the document is privileged.

Brandon J. Witkow

**witkow|baskin**

21031 Ventura Boulevard | Suite 700
Woodland Hills | California | 91364
818.296.9508 office | 818.296.9510 facsimile
bw@witkowlaw.com | witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** usdc_ecf_ilnd@ilnd.uscourts.gov <usdc_ecf_ilnd@ilnd.uscourts.gov>
**Sent:** Monday, January 26, 2026 2:54 PM
**To:** ecfmail_ilnd@ilnd.uscourts.gov
**Subject:** Activity in Case 1:23-cv-16856 Braun et al v. Day et al status hearing

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.5)

**Notice of Electronic Filing**

The following transaction was entered on 1/26/2026 at 4:53 PM CST and filed on 1/26/2026

**Case Name:** Braun et al v. Day et al
**Case Number:** 1:23-cv-16856
**Filer:**
**Document Number:** 103

**Docket Text:**
**MINUTE entry before the Honorable Mary M. Rowland:** On 1/13/26 the Court held a hearing on Defendants' motions to compel [88][89] and ordered the parties to file a status report updating the Court as to what discovery responses remained at issue. The Court has reviewed Plaintiffs' status report [102] and Defendants' status report [101]. Defendants have narrowed the motion to compel regarding Propson's response, but otherwise the parties remain at odds. It does not appear the parties met and conferred. Counsel are to meet and confer at least twice in person twice before 2/6/26 and narrow the issues. The parties are free to confer telephonically and by email countless time to resolve these matters. Parties are to file a single status report indicating the discovery requests that remain in dispute on 2/9/26. Hearing set for 2/17/26 at 9:00 AM on the motions to compel. Mailed notice. (jg, )

**1:23-cv-16856 Notice has been electronically mailed to:**

Brandon Witkow    bw@witkowlaw.com

Amy Doig    amy-doig-6060@ecf.pacerpro.com, adoig@cozen.com

Cory Alexander Baskin    cb@witkowlaw.com

Benjamin C.R. Lockyer    zoe@lockyerlaw.com, john@lockyerlaw.com, ben@lockyerlaw.com, brianna@lockyerlaw.com

**1:23-cv-16856 Notice has been delivered by other means to:**