**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN,<br>BRAUN IP LAW, LLC &<br>LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX,<br>KRISTA CARTER,<br>LILY MARSTON, &<br>JESSICA VAZQUEZ, | ) | Mag. J. M. David Weisman |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' STATUS REPORT

Pursuant to this Court's March 10, 2026 Order [Dkt. # 117], Defendants Rebekah M. Day

and Lily Marston (together, the "Defendants") hereby submit the following status report on the status

of: (1) Braun's counsel following withdrawal of Benjamin Lockyer as counsel for Braun, and (2) the

parties' discovery discussions.[1]

## I.      STATUS OF BRAUN'S COUNSEL.

Following Mr. Lockyer's withdrawal, Jeanette Braun appears to be representing Plaintiffs in

this action but no notice of appearance has been filed.

---

[1] Defendants' counsel notes for the Court the circumstances surrounding this filing. On April 14, 2026, counsel exchanged a near-final version of the joint report, including Ms. Braun's section, by approximately 3:00 p.m. PST. Notwithstanding that Ms. Braun had already provided her fully-drafted portion of the report that afternoon, she thereafter advised that she intended to make further, unspecified revisions to her section and would not transmit those revisions until 5:00 p.m. Central time on April 15—more than twenty-four hours later—offering no explanation for the delay. Defendants' counsel advised Ms. Braun that he required any additional edits to her section by 9:00 a.m. PST/11:00 a.m. CST on April 15, as he would be boarding a flight later that morning. Ms. Braun rejected that request out of hand, offering no legitimate justification for withholding her additional edits to a report that was otherwise complete. The pattern is difficult to characterize as anything other than deliberate delay and gamesmanship: Ms. Braun had already submitted her complete section, the report was ready to file, and yet she elected to hold the process hostage to a self-imposed, open-ended extension with no apparent purpose. Having received nothing from Ms. Braun by the morning of April 15, and consistent with the notice previously provided, Defendants filed only the instant report as previously submitted to Ms. Braun, and expect that Ms. Braun will file her own separate report. Defendants are prepared to provide the Court with the underlying email correspondence should it wish to review the full record of these communications.

1

## II.     STATUS OF DISCOVERY DISCUSSIONS.

### A.     Interrogatories and Document Requests.

As indicated in the Joint Motion for Extension of Time, on February 9, 2026, February 25, 2026, and again on March 3, 2026, the Parties engaged in a lengthy meet and confer via Zoom regarding the continued issues with Braun's responses to the interrogatories, document productions and privilege log at issue in Defendants' pending Motions to Compel. During those meet and confer efforts, conducted by Brandon J. Witkow on behalf of Defendants' and Mr. Lockyer on behalf of Braun, many of the requests at issue concerned Braun's failure to identify the clients with whom Braun claimed their relationship was disrupted as a result of Defendants' alleged conduct, which allegation was the basis for her damages (i.e. lost client revenue). During the meet and confer process, Braun's counsel indicated that Plaintiffs' allegation that Braun lost work from numerous clients is limited to only three clients: Alyssa DeFord, Kaitlynn Dempsey, and Monsters and Martians ("Identified Clients"). Braun further represented that they are no longer alleging that any relationships with clients beyond the three Identified Clients were disrupted or lost as a result of Defendants' alleged conduct. Moreover, Plaintiffs represented that they are no longer seeking any damages in this action based on lost clients or lost client revenue. Rather, the only damages now claimed by Plaintiffs in this action are: (1) the cost of repairing Braun's professional reputation online, and (2) emotional harm resulting from Defendants' alleged defamatory conduct.

On April 6, 2026, Braun did serve Second Supplemental Responses to Defendant Day's First Set of Interrogatories and Defendant Marston's First Set of Interrogatories ("April 6, 2026 Supplemental Interrogatory Responses"), which do include statements that Braun is no longer alleging that any relationships with clients beyond the three Identified Clients were disrupted or lost as a result of Defendants' alleged conduct. Moreover, the April 6, 2026 Supplemental Interrogatory Responses also included a statement that Braun is no longer seeking any damages in this action based

2

on lost clients or lost client revenue. Rather, the only damages now claimed by Braun in this action are: (1) the cost of repairing Braun's professional reputation online, and (2) emotional harm resulting from Defendants' alleged defamatory conduct.

Given Braun's newly taken position that she is no longer seeking any damages based on lost clients or lost client revenue, and given this Court's dismissal of Count IX of the Third Amended Complaint by Braun against Day and Marston for tortious interference with existing and potential business relationships [Dkt. # 118], discovery regarding the alleged work Braun lost from the three Identified Clients is now moot.

Nevertheless, in her April 6, 2026 Supplemental Responses, Braun continues to details alleged interference by Defendants with Braun's client relationships, not only with the three Identified Clients, but with other named and unnamed clients, and the ambiguity of the responses leave open the possibility that Braun may nonetheless claim damages for lost clients/lost revenue for her remaining defamation, false light and trade libel claims.

For example, in Braun's April 6, 2026 Supplemental Responses, Braun modified her response to Day's Interrogatory No. 6, which requested that Braun identify "in detail all 'detrimental effects on Ms. Braun, her former clients, her practice, and emotional distress and harm," as alleged in Paragraph 81 of the TAC.'" In the April 6, 2026 version of the responses, Braun responded, in relevant part, as follows:

> "Ms. Braun has experienced substantial and ongoing reputational harm, professional disruption, and emotional distress as a result of Defendant's conduct and the public amplification of their statements . . . Several clients and prospective clients have expressed fear or hesitation to continue or initiate engagements with Ms. Braun due to concerns about becoming targets of Defendants' internet followers . . . Ms. Braun has also lost clients and professional opportunities due to the negative publicity generated by Defendants' conduct and the ongoing attention surrounding this case."

There is no statement in this response that Braun does not seek damages for lost clients/lost revenue, rendering the response ambiguous as to whether Braun does in fact intend to seek such damages for

her remaining claims. However, in response to Marston's Interrogatory No. 20, which seeks that Braun identify "all facts" supporting their "claim for damages," Braun responds that they are "no longer seeking any damages based on lost clients or lost client revenue"; rather, the only damages claimed are "(1) the cost of repairing Braun's professional reputation online and (2) emotional harm resulting from Defendants' alleged defamatory conduct."

Furthermore, Defendants have been materially prejudiced by Braun's eleventh-hour decision—after the close of discovery—to recast her damages as limited to (1) the cost of repairing her professional reputation online and (2) alleged emotional distress arising from Defendants' purportedly defamatory conduct. This newly asserted theory is not only untimely, but fundamentally inconsistent with the operative Third Amended Complaint, which contains no supporting factual allegations for such damages beyond conclusory references to emotional harm. By advancing a damages theory that was neither pleaded nor explored during discovery, Braun deprives Defendants of a fair opportunity to test and rebut these claims, resulting in clear and substantial prejudice.

***Thus, Defendants request that the Court permit them to serve no more than fifteen (15) interrogatories, fifteen (15) requests for admission, and fifteen (15) document requests to: (1) confirm that Braun does not seek lost clients/lost revenue damages for her remaining claims, and (2) ascertain the basis for newly limited damages claims for "reputational harm" and "emotional distress."*** [2]

Aside from the need for targeted discovery regarding Braun's new damages claim, the only remaining issue with respect to Braun's interrogatory responses is Braun's refusal to provide any response Defendant Krista Carter's Interrogatory No. 12, which seeks an identification of all facts

---

[2] Such discovery will be focused on: (a) the precise type of "reputational harm" allegedly suffered, the identities of the online or other vendors Ms. Braun engaged to repair her reputational harm, the costs associated with these efforts etc.; and (b) the nature, extent, and duration of the distress, therapy, counseling and psychiatric care, the identities of physicians who saw Braun, medication, hospital/institutional visits related to the distress, alternative stressors or preexisting conditions etc.

supporting the denial of any Request for Admission. This is an entirely appropriate interrogatory, but Braun continues to refuse to respond to it.

As to any remaining issues with the document requests served by Defendants on Braun, during the Parties' meet and confer discussions, Mr. Lockyer represented on behalf of Braun that Braun would supplement her responses to Marston RFP Nos. 8 and 39 and Day RFP Nos. 22 and 23. The parties exchanged proposed drafts of supplemental responses to these RFPs. To date, Braun has not served any further supplemental RFP responses, despite Mr. Lockyer's representations.

### B.      Privilege Log.

The final remaining discovery issue is Braun's failure to serve an adequate privilege log. To date, the only privilege log served by Braun contains three columns: one that lists the name of the person who sent the document, one that lists the name of the person who received the document, and a third column that simply states: "attorney client". There is no indication of what the document is, what it concerns, how long it is, or why it constitutes "attorney client privilege." Defendants have communicated to Braun in both their motion to compel and in the meet and confer discussions that this barebones log does not comply with the expectations of courts in this District, yet to date, Braun has failed to supplement the log in any way. *Schmalz v. Vill. N. Riverside*, 2018 U.S. Dist. LEXIS 19623, at *7 (N.D. Ill. Feb. 7, 2018) ("the party asserting the privilege must produce a privilege log 'that identifies for each separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged"); *Muro v. Target Corp.*, 2006 U.S. Dist. LEXIS 86030, at *6 (N.D.Ill. Nov. 28, 2006) (same).

Respectfully submitted,

April 15, 2026

*s/ Brandon J. Witkow*
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
Cory A. Baskin
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was filed and served

on all counsel of record noted below via the CM/ECF system of the United States District Court of

the Northern District of Illinois.

Jeanette Braun
1600 W. Lake Street
Suite 103B
Addison, IL 60101
jmbraun@brauniplaw.com

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com

Dated: April 15, 2026                    /s/ *Brandon J. Witkow*_____