**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JEANETTE BRAUN, & | ) | |
| BRAUN IP LAW, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, & | ) | Mag. J. M. David Weisman |
| LILY MARSTON, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' COMBINED MOTION AND MEMORANDUM TO STRIKE DEFENDANTS' STATUS REPORT [DKT. 120], TO REQUIRE COMPLIANCE WITH THE COURT'S ORDER, AND FOR OTHER APPROPRIATE RELIEF**

Plaintiffs Jeanette Braun and Braun IP Law, LLC, by and through their counsel (Motion for Pro Hac Vice Admission granted today), respectfully move to strike or disregard Defendants' April 15, 2026, filing titled "Defendants' Status Report" [Dkt. 120], to require compliance with the Court's directive on March 10, 2026, [Dkt. 117] that the parties submit a joint status report, and for other appropriate relief.

**I. INTRODUCTION**

Defendants failed to file the joint status report as ordered by the Court. *Id.* Instead, they filed a unilateral submission that advances argument, requests affirmative relief, and presents a materially incomplete account of the parties' communications.

This is not an isolated occurrence. Defendants have repeatedly failed to comply with the Court's directives requiring joint status reports and have instead filed unilateral submissions. The filing departs from the purpose of a status report, which is to assist the Court in managing the case efficiently, not to serve as a vehicle for advocacy or motion practice.

Plaintiffs respectfully request that the Court strike or disregard the filing [Dkt. 120] and require a proper joint report. Defendants actions are in violation of a clear order.

1

## II. BACKGROUND

On March 10, 2026, the Court directed the parties to submit a joint status report. *Id.* Defendants' April 15 filing states that it was submitted pursuant to that order. [Dkt. 120, p.1]. Defendants did not file a joint report. They filed a document titled "Defendants' Status Report," which contains only Defendants' positions, includes argument and accusations directed at Plaintiffs, and requests relief from the Court.

### A. Chronology of Parties' Communications Regarding the Joint Status Report

The contemporaneous email record demonstrates that Plaintiffs sought in good faith to comply with the Court's directive for a joint status report, while Defendants insisted on a unilateral filing. Ex. A. Please note the times on the emails are in Eastern Time and Pacific Time, and have been converted to Central Time in the relevant chronology below.

On Monday, April 13, 2026, at 6:40 p.m., Defendants' counsel circulated a draft of the joint status report and requested that Plaintiffs "provide me your inserts into your own section by close of business tomorrow."

On Tuesday, April 14, 2026, at 12:55 p.m., Plaintiffs' counsel returned a revised version of the document in redline form. Later that same day (April 14, 2026, at 5:07 p.m.), Defendant's counsel sent a revised status report, having removed all of Plaintiffs edits and pasted those edits as Plaintiffs' Section and demanded that Plaintiffs' counsel revert her revisions back by 11:00 a.m. the next day.  At 5:13 p.m., Plaintiffs' counsel objected to Defendants' unilateral 9:00 a.m. PST deadline, stated that she would provide her portion by 5:00 p.m. on April 15, 2026,  and requested confirmation that the parties would work toward a proper joint submission consistent with the Court's order.

At 5:17 p.m., Defendants' counsel responded that he would not wait until 5:00 p.m. the next day because of his travel schedule. He unilaterally imposed the deadline of 9:00 a.m. PST on

April 15 and stated he would file only Defendants' section of the report if Plaintiffs did not meet that deadline.

At 5:21 p.m., Plaintiffs' counsel reiterated that the 11:00 a.m. deadline is not workable for her and suggested that one of the other counsel that represent Defendants could handle the filing.

At 5:23 p.m., Defendants' counsel Witkow stated "I am the handling attorney and I will be handling the filing."

At 5:29 p.m., Plaintiffs' counsel proposed "the simplest solution" to ensure compliance with the Court's directive for a joint status report. She offered to: (1) handle the filing herself, (2) make no revisions to Defendants' section, (3) add only Plaintiffs' portion, (4) circulate the complete joint draft to all counsel for review, and (5) file the joint report by 7:00 p.m. that same evening absent any objection. She noted that business hours were over in Illinois and that she would not be responding further that evening.

Defendants' counsel did not respond to Plaintiffs' proposal.

Instead, on April 15, 2026, at approximately 11:49 a.m., Defendants filed a unilateral document titled "Defendants' Status Report" [Dkt. 120].

The parties' communications regarding the Status Report reflect that Plaintiffs sought to comply with the Court's directive and offered a reasonable solution to the timing issue unilaterally imposed by the Defendants. Ex. A.

The first draft of the Status Report that Defendants' counsel circulated comprised the file name of "Defendants Status Report" and framed the report as a Defendants only submission. Plaintiffs responded by revising that draft so that it could function as a joint report and expressly conditioned any use of Plaintiffs' revisions on review and approval prior to filing.

Contrary to what Defendants' counsel has represented to this Court in its Status Report, Plaintiffs did not provide a completed final section of its status to Defendants at any point. Rather,

3

Plaintiffs provided revisions to Defendants' draft in an effort to reach a joint submission. Those revisions did not redress the substantive arguments or mischaracterizations Defendants made in the Report. Plaintiffs removed them and as such, no redress was included in the Plaintiffs' portion that the Defendants created for Plaintiffs.  Regardless of content, the filing fails because it is not joint. No joint submission was finalized, and Defendants thereafter filed a unilateral "Defendants' Status Report."

## III. ARGUMENT

### A.  Defendants Failed to Comply with the Court's Directive to File a Joint Status Report

The Court ordered a joint status report. [Dkt. 117]. Defendants filed a unilateral submission. [Dkt. 120]. A status report is intended to assist the Court in managing the case. It is not a vehicle for one party to advance argument, accuse opposing counsel of misconduct, or present disputed factual narratives.

Defendants' filing does each of those things. It includes accusations of "deliberate delay and gamesmanship," presents argument regarding discovery disputes, and advances substantive legal positions. It is not a joint report in form or substance.

Where a court directs a joint submission, parties are expected to work cooperatively to present their respective positions in a single filing. Defendants' unilateral filing defeats that purpose and does not comply with the Court's order. Plaintiffs respectfully request that the filing should be stricken or disregarded.

### B.  Defendants Improperly Sought Affirmative Relief Without Motion Practice

Defendants' filing asks the Court to permit additional interrogatories, requests for admission, and document requests. [*Id.*, p.4]. Federal Rule of Civil Procedure 7(b)(1) provides that a request for a court order must be made by motion. Fed. R. Civ. P. 7(b)(1).  A status report is not a motion. By embedding a request for relief in a status report, Defendants attempted to obtain

4

relief without complying with procedural requirements and without affording Plaintiffs a fair opportunity to respond. Plaintiffs respectfully request that the request be denied without prejudice.

**C. The filing Presents a Materially Incomplete and Misleading Account of the Parties' Communications**

Defendants' filing asserts that Plaintiffs had already provided a fully drafted portion of the report and were engaging in delay. The email record demonstrates otherwise. Plaintiffs did not provide a final separate section for filing. Plaintiffs revised Defendants' draft to make it suitable for a joint submission and expressly required review and approval prior to filing. Plaintiffs then proposed a method that would have ensured timely compliance with the Court's directive by filing a single joint report while preserving Defendants' section unchanged. Defendants did not respond to that proposal and instead filed unilaterally.

Defendants made several incomplete characterizations and omissions of material context in their Status Report, one of them being Plaintiffs did not at any point provide Defendants with a completed or final "Plaintiffs' section" for filing. Rather, Plaintiffs reviewed Defendants' draft and provided revisions intended to transform the document into a proper joint status report consistent with the rules and regulations that govern this case.  Those revisions were directed at removing argumentative language, accusations, and characterizations that were not appropriate for a status report and that did not reflect a neutral presentation of the issues before the Court. Plaintiffs did not adopt or endorse Defendants' substantive assertions and, to the contrary, removed such material in an effort to ensure that any joint submission would accurately and fairly present the status of the case.

Defendants did not incorporate Plaintiffs' revisions into a unified joint report, as they represented. Instead, Defendants retained their original language and recast Plaintiffs' edits as if they constituted a separate "Plaintiffs' section," thereby converting what was intended to be a joint submission into a divided and advocacy driven filing. At no point did Plaintiffs provide a finalized

version of a separate section for unilateral filing, nor did Plaintiffs authorize Defendants to submit any portion attributed to Plaintiffs without review and approval.

No joint submission was finalized. Instead, Defendants elected to file a unilateral "Defendants' Status Report," while representing to the Court that Plaintiffs had already provided a completed section and were withholding revisions. That characterization is not supported by the parties' communications and omits the context reflected in the contemporaneous email record.

By omitting these facts and presenting an incomplete narrative, Defendants' filing creates a misleading impression of Plaintiffs' conduct. Further, Defendants' filing states that Plaintiffs have not filed an appearance. That statement omits material context. On April 14, 2026, Plaintiffs filed a Motion for Pro Hac Vice admission, which was served on Defendants through the Court's electronic filing system and by email to all counsel of record. By failing to disclose that the Motion for Pro Hac Vice Admission had already been filed and was pending, Defendants' submission creates a misleading impression that Plaintiffs had taken no steps to appear in the case. This omission is particularly significant because it is presented in conjunction with criticism of Plaintiffs' conduct and is used to suggest noncompliance with procedural obligations.

### D. Defendants' Conduct Reflects a Pattern of Disregarding this Court's Directives

This is not the first instance in which Defendants have failed to comply with the Court's directive to file a joint status report. On March 6, 2026, the Court directed the parties to file a joint status report. [Dkt. 112]. Defendants instead filed a separate submission. [Dkt. 113]. Similarly, during the January 13, 2026 hearing, the Court directed the parties to file a joint status report by January 21, 2026. Defendants again filed separately rather than submitting a joint report. [Dkt. 100].

The present filing reflects the same conduct. Despite a clear directive requiring a joint submission, Defendants filed a unilateral report. This pattern reflects more than an isolated

procedural issue. It demonstrates repeated noncompliance with this Court's orders.

Repeated disregard of court orders supports the exercise of inherent authority. *Fuery v. City of Chicago*, 900 F.3d 450, 463 to 64 (7th Cir. 2018); *Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). This history warrants the Court's intervention to ensure compliance and to determine whether further relief is appropriate.

### E. This Court has Inherent Authority to Address Conduct that Undermines its Orders

Federal courts possess inherent authority to manage their proceedings and to sanction conduct that abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The Seventh Circuit has held that inherent authority sanctions are appropriate where a party acts in bad faith, obstructs the judicial process, or violates a court order. *Fuery*, 900 F.3d at 463 to 64; REXA, Inc. v. Chester, 42 F.4th 652, 670 (7th Cir. 2022). Defendants' conduct implicates these concerns. They failed to comply with the Court's directive for a joint report, filed a unilateral advocacy submission in its place, embedded a request for relief without motion practice, and presented a materially incomplete account of the parties' communications that appears to be an attempt to mislead the Court. At a minimum, these circumstances warrant a show cause order so that the Court may determine whether further measures are necessary to ensure compliance with Court orders.

### F. Defendants' Improper Filing has Materially Prejudiced Plaintiffs

Defendants' unilateral filing has prejudiced Plaintiffs in several concrete and procedurally significant respects.

First, by submitting a document styled as a status report but containing substantive argument, accusations, and a request for affirmative relief, Defendants effectively converted a Court-ordered joint status update into a unilateral advocacy submission. This deprived Plaintiffs of a fair opportunity to respond through ordinary motion practice. See Fed. R. Civ. P. 7(b)(1).

Plaintiffs were not afforded the procedural protections that accompany a properly filed motion, including adequate time to prepare a response addressing the legal and factual assertions raised in Defendants' filing.

Second, the timing imposed by Defendants compounded that prejudice. Defendants transmitted their draft after business hours and imposed a short, unilateral deadline the following morning, then proceeded to file when Plaintiffs did not comply with that self-imposed timeline. The compressed timeframe did not permit Plaintiffs to meaningfully review, revise, or respond to a document that functioned as a merits-based submission rather than a neutral status report.

Third, Defendants' filing attributes positions to Plaintiffs that Plaintiffs did not adopt or authorize. By presenting a purported "Plaintiffs' section" derived from edits to Defendants' draft, while retaining Defendants' original advocacy, the filing creates the appearance of a joint or coordinated submission when none existed. This risks misleading the Court as to Plaintiffs' positions and undermines Plaintiffs' ability to control their own representations to the Court. Fourth, the filing introduces factual assertions and characterizations regarding Plaintiffs' conduct without providing Plaintiffs an opportunity to respond in an appropriate procedural posture. This creates a risk that the Court's understanding of the parties' conduct and the status of the case will be shaped by a one-sided presentation, contrary to the purpose of a joint status report.

Finally, Defendants' repeated failure to comply with the Court's directive to submit joint status reports has itself caused prejudice by undermining the cooperative process the Court ordered and by requiring Plaintiffs to expend additional time and resources addressing improper filings rather than advancing the merits of the case. See *Chambers v. NASCO*, Inc., 501 U.S. 32, 43 (1991) (recognizing courts' authority to address conduct that disrupts the orderly and expeditious disposition of cases).

For these reasons, Defendants' filing is not merely procedurally improper; it has had a

tangible adverse impact on Plaintiffs' ability to fairly present their position and on the orderly administration of this case.

## IV. CONCLUSION

Defendants did not comply with the Court's directive. They filed a unilateral advocacy document, embedded a request for relief, and presented a misleading account of the parties' communications. This conduct has now occurred repeatedly. Plaintiffs respectfully request this Court to require compliance with its order and address the resulting prejudice.

## V. RELIEF REQUESTED

Plaintiffs respectfully request that the Court:

(1) strike or disregard Defendants' filing at Docket 120;

(2) deny without prejudice the request for additional discovery contained in that filing;

(3) order the parties to submit a proper joint status report by a date certain set by the Court;

(4) if the Court deems appropriate, order Defendants' counsel to show cause why sanctions should not issue under the Court's inherent authority due to the repeated failure to comply with the Court's multiple orders directing joint status reports; and

(5) grant such other relief as the Court deems just and appropriate.

April 15, 2026

Respectfully submitted,

*s/Jeanette M. Braun*
Attorney for Plaintiffs

Jeanette M. Braun [pro hac vice]
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
(312) 373-0330
docket@brauniplaw.com

*Attorneys for Plaintiffs*

9

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW│BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com

Dated: April 15, 2026                    /s/ Jeanette M. Braun

10