**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JEANETTE BRAUN, & | ) | |
| BRAUN IP LAW, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, & | ) | Mag. J. M. David Weisman |
| LILY MARSTON, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Pursuant to this Court's March 10, 2026 Order [Dkt. # 117], Plaintiffs Jeanette Braun and Braun IP Law, LLC (together, "Plaintiffs") hereby submit the following report on the status of: (1) Braun's counsel following withdrawal of Benjamin Lockyer as counsel for Braun, and (2) the parties' discovery discussions.

Plaintiffs further note that Defendants' April 15, 2026 filing titled "Defendants' Status Report" [Dkt. 120] was not a joint submission and includes characterizations of the record and the parties' positions with which Plaintiffs disagree. Plaintiffs have addressed those matters in their Motion to Strike and Motion to Dismiss filed today [Dkt. 123] and do not repeat those arguments here in order to comply with the limited purpose of a status report. Plaintiffs also note that Defendants' filing includes substantive argument and requests for relief, which Plaintiffs contend are not properly presented in a status report. Plaintiffs do not respond to those arguments here, beyond stating that they are all opposed.

## I.      STATUS OF COUNSEL APPEARANCE FOR PLAINTIFFS.

Plaintiffs' counsel's appearance was filed April 15, 2026.

Plaintiffs report that they have encountered substantial difficulty securing replacement

1

counsel. Plaintiffs state that this difficulty has been influenced, at least in part, by ongoing public commentary regarding this case by Ian Runkle, a Canadian attorney who operates the "Runkle of the Bailey" YouTube channel.

Plaintiffs state that such commentary has included characterizations of Plaintiffs' claims and of attorneys associated with this matter that Plaintiffs contend are inaccurate. Plaintiffs further state that this public commentary has contributed to challenges in retaining substitute counsel.

Plaintiffs include this information to provide context regarding the status of representation and to address the public speculating why Plaintiffs have not secured new counsel. Plaintiffs do not present argument regarding the merits of the case in this Status Report. Mr. Runkle is a Canadian firearms and criminal defense lawyer, barred in Edmonton, Canada, who has a monetized YouTube channel. Plaintiff Jeanette Braun has a pending petition for a no-contact stalking order against Mr. Runkle in the Circuit Court of Cook County, 25OP74761, which survived his last Motion to Dismiss pursuant to 735 ILCS 5/2-615 and 5/2-619. Plaintiffs believe this is the individual referenced by the Court during the April 17, 2024, hearing, when the Court stated: "…and I would say disparaging the plaintiffs' case and telling me I should seek the advice of MadCatster, the YouTube lawyer, who I believe is a lawyer from Canada." "Madcatster" appears to refer to Michael P. Marsille, Esq., an attorney with The Flynn Law Group in Boston, Massachusetts, who operates a YouTube channel under "Madcatster." Plaintiffs state the lawyer from Canada is Mr. Runkle.

Plaintiffs state that publicly available information reflects that Mr. Runkle and Mr. Marsille are professionally acquainted and participate in a broader informal online community of attorneys who produce videos in the same vein as Mr. Runkle, sometimes referred to as "LawTube." Plaintiffs understand that members of this community interact in connection with their online content.

Plaintiffs further state that Mr. Runkle's public commentary has included discussion not only of Plaintiffs, but also of attorneys who have represented Plaintiffs in this matter, including

2

commentary regarding counsel's withdrawal. For example, on or about March 10, 2026, Mr. Runkle published a YouTube video discussing prior counsel's Motion to Withdraw, and Plaintiffs understand the video, including its title and content, to characterize counsel's withdrawal in a manner unfavorable to Plaintiffs and to suggest that associating with Plaintiffs is inadvisable.

Plaintiffs further state that Mr. Runkle has made statements on social media platforms concerning attorneys involved in this case. Plaintiffs contend that certain of these statements are inaccurate and reflect negatively on counsel associated with Plaintiffs.

Plaintiffs further state that Mr. Runkle has communicated with individuals associated with Plaintiffs through his Facebook profile. Plaintiffs note that Mr. Runkle maintains a publicly accessible Facebook profile, located at https://www.facebook.com/ian.runkle, which includes a banner image depicting Mr. Runkle aiming a long rifle while laying on a hay bale and a profile image in which his face is painted in a skull-like manner, with white coloring of his skin and black areas around the eyes and mouth.

Plaintiffs state that, in their view, the nature of such public-facing content, when considered in conjunction with commentary regarding this case, may be taken into account by attorneys evaluating whether to undertake representation in this matter.

Plaintiffs also state that materials produced in discovery reflect communications between Defendants and Mr. Runkle. Plaintiffs are in the process of reviewing and organizing those materials. Plaintiffs further note that certain aspects of the production, including the absence of consistent Bates labeling and metadata, have made review more time-consuming.

Plaintiffs state that these circumstances have contributed to difficulty in securing substitute counsel. Plaintiffs represent that their inability to obtain replacement counsel to date is not due to lack of diligence or with lack of merit of the instant case, and that they continue to actively seek representation.

If the Court would find it helpful, Plaintiffs are prepared to provide a more detailed submission addressing the facts and circumstances underlying the challenges described above.

## II. STATUS OF DISCOVERY DISCUSSIONS.

### A. Interrogatories and Document Requests.

During the parties' meet and confer process conducted by Defendants' counsel Witkow and Plaintiffs' former counsel, Plaintiffs limited the scope of their claims to three clients: Alyssa DeFord, Kaitlynn Dempsey, and Monsters and Martians (the "Identified Clients").

Plaintiffs also clarified their damages theory. Plaintiffs no longer seek damages based on lost clients or lost client revenue. Instead, Plaintiffs seek damages limited to: (1) the cost of repairing Plaintiffs' professional reputation; and (2) emotional harm allegedly resulting from Defendants' conduct.

On April 6, 2026, Plaintiffs served Second Supplemental Responses to Defendants' interrogatories reflecting these limitations. Plaintiffs state that, in light of these revisions and the Court's March 13, 2026 Order, certain previously disputed discovery requests may no longer be relevant. On April 13, 2026, Plaintiffs requested clarification from Defendants regarding the continued relevance of specific requests but have not received a response.

Plaintiffs understand that Krista Carter has been dismissed from the case and therefore her discovery requests are no longer at issue.

Plaintiffs state that they believe the scope of any remaining discovery should be evaluated in light of the narrowed claims and damages.

As to any remaining issues with the document requests served by Defendants on Plaintiff, during the Parties' meet and confer discussions, particularly for Marston RFP Nos. 8 and 39 and Day RFP Nos. 22 and 23, those have been rendered moot based on the amendment to Plaintiffs' damages theory and March 13, 2026, Order dismissing Plaintiffs' tortious interference claim.

**B.      Privilege Log.**

Defendants have asserted that Plaintiffs' privilege log is inadequate. Plaintiffs are under the belief that this Court has held the privilege log was adequate during the January 13, 2026, hearing.  If Plaintiffs have misunderstood, the information sought by Defendants would need judicial review to determine whether the requests are proper or if Defendants are a fishing expedition and have overstepped their bounds. To date, Defendants have not filed their answers or affirmative defenses.

Plaintiffs state that they believe the privilege log is sufficient under the Federal Rules of Civil Procedure. Plaintiffs have also maintained objections to certain requests on the grounds that they are overbroad or not relevant to the claims and defenses as currently defined. If necessary, Plaintiffs request that any remaining disputes regarding privilege or scope be addressed through appropriate motion practice.

Respectfully submitted,

April 15, 2026

*s/*Jeanette M. Braun
Attorney for Plaintiffs

Jeanette M. Braun [pro hac vice]
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
(312) 373-0330
docket@brauniplaw.com

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com

Dated: April 15, 2026                          */s/ Jeanette M. Braun*