IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JEANETTE BRAUN, & BRAUN IP LAW, LLC | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 23 C 16856 |
| v. | ) ) | Hon. J. Mary Rowland |
| REBEKAH M. DAY NEE BOXX, & LILY MARSTON, Defendants. | ) ) ) ) | Mag. J. M. David Weisman |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
STRIKE DEFENDANTS' STATUS REPORT**

Plaintiffs Jeanette Braun and Braun IP Law, LLC, by and through their counsel,

respectfully submit this reply in support of their Motion to Strike Defendants' Status Report.

**I.      Defendants Do Not Dispute That They Failed to Submit a Joint Status Report**

Defendants' Response does not dispute the operative fact underlying Plaintiffs'

Motion: the Court ordered a joint status report and Defendants filed a unilateral submission.

Instead, Defendants contend that a joint report was not feasible under the circumstances. The

record does not support that position.

As set forth in Plaintiffs' Motion [Dkt. 123], Plaintiffs proposed a straightforward

method to comply with the Court's directive by Plaintiffs handling the filing a single joint

report that would include both parties' positions without alteration to Defendants' section.

Plaintiffs further proposed to circulate the complete draft for review prior to filing to ensure

accuracy and agreement. Defendants did not respond to that proposal and instead proceeded

to file a unilateral "Defendants' Status Report." Defendants do not dispute this.

Defendants' assertion that timing constraints justified their unilateral filing is

contradicted by the record. Defendants imposed an 11:00 a.m. CT deadline on April 15,

1

2026. Defendants do not dispute that Plaintiffs advised that this deadline was not workable and stated that they would provide their portion by 5:00 p.m. that same day. Plaintiffs' position was consistent with Defendants' counsels' ordinary business hours in Pacific Time and reflected a reasonable effort to comply with the Court's directive while ensuring a proper submission.

The subsequent sequence of filings further confirms that the unilateral deadline was not necessitated by Defendants' counsel's circumstance. Plaintiffs filed their Motion to Strike at 5:21 p.m. CT on April 15, 2026, consistent with the timeframe Plaintiffs had previously identified as workable. Defendants then filed their Response less than ten hours later, at 9:02 a.m. on April 16, 2026. This sequence reflects that Defendants' counsel had the ability within that timeframe to review Plaintiffs' Motion, analyze its contents, prepare a written response, and assemble and attach an exhibit.  This sequence is consistent with Plaintiffs' stated availability and confirms that a joint submission later on April 15, 2026 was feasible. The unilateral filing was therefore not compelled by Defendants' counsel's timing constraints.

## II.      Defendants' Exhibit A Is Not Properly Authenticated and Should Be Stricken or Disregarded

Defendants rely on Exhibit A to characterize the parties' communications and Plaintiffs' revisions to a draft status report. Defendants have not submitted any declaration or affidavit establishing that Exhibit A is a true and correct copy of the referenced communications. Federal Rule of Evidence 901 requires a party to present evidence sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901(a). Without a supporting declaration, Exhibit A lacks the necessary foundation for consideration.  On this basis, Plaintiffs respectfully request that this Court strike or, at the least, disregard Defendants' Exhibit A.

**III.     Defendants' Exhibit A Reflects a Draft Document and Does Not Undermine Plaintiffs' Position**

Even if considered, Defendants' Exhibit A does not support Defendants' characterization of the parties' communications. Defendants' Exhibit A reflects an intermediate draft exchanged during the meet and confer process, not a finalized or approved submission. Plaintiffs' revisions were directed at conforming the document to the limited purpose of a status report by removing Defendants' advocacy oriented content, including requests for affirmative relief and substantive legal positions that are properly raised through motion practice. See Fed. R. Civ. P. 7(b)(1).

In particular, the draft reflected in Exhibit A included content that functioned as a request for additional discovery and presented positions in a manner consistent with motion practice rather than a neutral status update. Plaintiffs' revisions did remove such content so that the document would comply with the Court's directive.  Contrary to Defendants' assertion, Plaintiffs did not adopt or endorse the content of Defendants' draft. Rather, Plaintiffs revised that draft in an effort to bring it into compliance with the Court's directive that the parties submit a joint status report and expressly conditioned any filing on review and approval.

Defendants' reliance on Exhibit A is further misplaced because it does not reflect the document Plaintiffs ultimately filed. The operative document for purposes of compliance with the Court's Order is the filed Status Report [Dkt. 125], not an unverified draft. The filed Status Report reflects a submission limited to procedural status matters, without requests for relief or substantive advocacy. The filed document demonstrates Plaintiffs' effort to comply with the Court's directive, not the contrary.

**IV.     Plaintiffs' Discussion of Counsel Status Was Proper**

Defendants argue that Plaintiffs' discussion of issues affecting the retention of

counsel was irrelevant to the status report. That argument is not consistent with the Court's

directive. The Court specifically requested a report on the status of counsel.  Plaintiffs'

submission addressed the practical circumstances affecting their ability to secure

replacement counsel and was provided for the limited purpose of explaining that status.

As reflected in Plaintiffs' filed Status Report [Dkt. 125], that information was

presented as factual context and not as a request for relief or as motion practice. Plaintiffs

did not seek any ruling from the Court with respect to that information, but instead provided

it to ensure that the Court had a complete understanding of the status of representation.

Providing context regarding the status of representation is directly responsive to the Court's

Order. Defendants' disagreement with the substance of that information does not render it

improper.

## V.      Conclusion

Defendants do not dispute that they failed to submit a joint status report as ordered.

Their Response does not justify that failure, relies on an unauthenticated exhibit, and does

not undermine Plaintiffs' showing that the filing was unilateral and inconsistent with the

Court's directive. Plaintiffs' issue before the Court is not the content of interim draft

revisions, but whether Defendants complied with the Court's directive to submit a joint

status report.

## V.      Relief Requested

For these reasons, Plaintiffs respectfully request that the Court strike or disregard

Defendants' unilateral filing as a joint status report and direct the parties to submit a compliant

joint report.

[<em>signature on following page</em>]

4

Respectfully submitted,

April 16, 2026

*s/Jeanette M. Braun*
Attorney for Plaintiffs

Jeanette M. Braun [pro hac vice]
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
(312) 373-0330
docket@brauniplaw.com

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW│BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com

Dated: April 16, 2026                    */s/ Jeanette M. Braun*