**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANNETE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON, | ) ) | |
| Plaintiffs, | ) ) | Case No. 23 C 16856 |
| v. | ) ) | |
| | ) | Presented to: |
| REBEKAH M. DAY NEE BOX, KRISTA CARTER & LILY MARSTON | ) ) | Magistrate Judge M. David Weisman |
| | ) ) | |
| Defendants. | ) | |

**DEFENDANTS REBEKAH M. DAY AND LILY MARSTON'S RESPONSE TO
PLAINTIFFS JEANNETE BRAUN & BRAUN IP LAW, LLC MOTION FOR
EXTENSION OF TIME TO FILE A MOTION TO COMPEL**

Defendants Rebekah M. Day and Lily Marston (collectively, "Defendants"), by and through their attorneys, hereby respond to Plaintiff Jeanette Braun and Braun IP Law, LLC's (collectively, "Braun") Motion for Extension of Time to File a Motion to Compel.

On August 18, 2025, this Court issued an order instructing the parties that "written discovery is to be completed by 11/30/25." [Dkt. #80]. Thus, any motions to compel written discovery were to be filed *prior to* the written discovery cutoff deadline of November 30, 2025. *See e.g., Feit Elec. Co. v. CFL Techs. LLC*, 2023 U.S. Dist. LEXIS 83685, at \*20 (N.D. Ill. May 12, 2023) ("[I]n this circuit motions to compel filed after the close of discovery are generally deemed untimely"). Yet, ***over almost five months after the close of written discovery***, Braun seeks to raise issues with Defendants' responses to Braun's written discovery requests that were served in September 2025, with amended responses served on November 7, 2025. Braun had *ample* time (i.e., at least three weeks) to move to compel prior to the discovery cutoff date of November 30, 2025. They failed to do so. Now, *almost five months* after the discovery cutoff

date, Braun seeks to file motions to compel, in total disregard of this Court's schedule set back in August 2025.

Ignoring the November 30, 2025 written discovery cutoff, Braun claims that the parties have until *April 22, 2026* to file motions to compel based on the Court's recent March 10, 2026 Order [Dkt. # 117] on Defendants' Motions to Compel [Dkt. #88, #89]. Braun now seeks an unspecified extension of time to file a motion to compel beyond this purported April 22, 2026 deadline. What Braun ignores, however, is that the March 10, 2026 Order regarding Defendants' Motions to Compel did not establish a new deadline for the filing of *any* motions to compel by *any* party on *any* issue. The Court was specifically addressing the issues raised in the two Motions to Compel filed by Defendants on November 17, 2025 [Dkt. #88, #89], and which had been the subject of significant meet and confer discussions and numerous status reports filed by the parties over the past several months. The Court specifically noted in its March 10, 2026 Order that Defendants' Motions were denied without prejudice, and that Defendants could bring a revised motion to compel if necessary. [Dkt. #117]. The Court went on to note that "[b]y 4/22/26 Parties are also to file any motion to compel that details the outstanding discovery *that remain in dispute following the meet and confer process."* (*Id.*) (emphasis added).

While the parties have engaged in significant meet and confer efforts regarding disputes over *Braun's responses to Defendants' written discovery* and that were the subject of Defendants' two Motions to Compel, Braun has failed to initiate *any* meet and confer process regarding purported disputes they might have with Defendants' written responses. Indeed, Braun's Motion confirms that she is merely "*in the process of organizing and preparing* a detailed written communication to Defendants' counsel identifying the specific deficiencies in discovery responses." (Motion for Extension, p. 2) [Dkt. #129] (emphasis added). Again, these

are discovery responses that were served 5+ months ago (most recently on November 7, 2025); there is absolutely no reason why Braun could not have initiated the meet and confer process and filed a motion to compel prior to the November 30, 2025 deadline established by this Court. Yet, inexplicably, Braun offers no specifics as to what issues exist with Defendants' discovery responses, what motions to compel they would need to file, and any anticipated timeline for commencing the meet and confer process or filing of the unidentified motions to compel. This type of protracted discovery is precisely why the Court sets deadlines.

The time for written discovery has concluded, and to require Defendants to expend time and effort engaging in written discovery disputes *months after-the-fact,* particularly when the parties need to turn attention and focus to deposition and expert discovery would be entirely prejudicial. Indeed, Braun has offered no explanation for their failure to raise these purported issues before now, particularly given that Plaintiff Jeanette Braun (who now represents herself) is a practicing lawyer and presumably communicated and strategized with her prior counsel.[1]  The Seventh Circuit has made it clear that additional time for discovery sought so far after-the-fact is not appropriate and should be denied. *See Rossetto v. Pabst Brewing Co.,* 217 F.3d 539, 542 (7th Cir. 2000) ("The motion was filed two months after the date set by the court for the completion of discovery. The plaintiffs gave (and give) no excuse for their tardiness, and so have no grounds for complaining about the district court's welcome effort to expedite the litigation and spare the parties the expense of protracted discovery, the bane of modern litigation"); *In re Sulfuric Acid*

---

[1] It should be noted that Braun's various excuses set forth in her Motion regarding her "limited ability to complete the necessary work within the existing timeframe" is ironic given that she *has* had time to take to social media to discuss this case, conduct for which Braun repeatedly has condemned Defendants, and claim that has resulted in attacks by an "online mob." Curiously, Braun also criticizes Defendants because they have *not* posted about this case on social media. *See* link to Braun's Facebook Post:
https://www.facebook.com/reel/1474512870915586/?__cft__%5B0%5D=AZaGzFuGrYnf8hVICPwPT6N64Lz5W
GtkRVJEkADGaeiMGegui_vkx_wXuPQLPKeQLI-
3Er_lqwxkoEgD05fa14R11LDS7X8mNyu_aqM5LFYqQfuyVgotopJVSWEyAOTHqN_1dRub3GTF6gPIT9xYe-
L7oX3QQ0jKxtEo_uCFeodc2JaaDTElcxOEq6WIwHc21fGnG8oC1yE1kLMrUjz2o6Wx&__tn__=%252CO%252
CP-R

*Litig.,* 231 F.R.D. 331, 332 (N.D. Ill. 2005) ("motions to compel filed after the close of discovery are almost always deemed untimely").

Accordingly, Defendants respectfully request that this Court deny Braun's Motion for Extension of Time to File Motions to Compel.

Dated: April 21, 2026

*s/        Brandon J. Witkow*
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

*s/        Amy Doig*
Attorney for Defendants

Amy M. Doig
Cozen O'Connor
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Jeanette Braun
1600 W. Lake Street
Suite 103B
Addison, IL 60101
jmbraun@brauniplaw.com

***Attorney for Plaintiffs***

Dated: April 21, 2026

/s/ *Brandon J. Witkow*
Brandon J. Witkow

| | |
|---|---|
| **From:** | Brandon Witkow |
| **To:** | Jeanette M. Braun |
| **Cc:** | adoig@cozen.com; Cory Baskin; Brandon Witkow |
| **Subject:** | Re: Consent to Extension of Time for 4/22 Motion to Compel |
| **Date:** | Tuesday, April 21, 2026 5:13:28 PM |

Please provide the complete text of my email response in your motion so that I do not need to prepare an opposition that further needlessly burdens the court. Please confirm that you will do so. Thank you

**Brandon J. Witkow**

—————————————————————

**witkow** | **baskin**
21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
bw@witkowlaw.com I witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** Jeanette M. Braun <jmbraun@brauniplaw.com>
**Sent:** Tuesday, April 21, 2026 5:08:10 PM
**To:** Brandon Witkow <bw@witkowlaw.com>
**Cc:** adoig@cozen.com <adoig@cozen.com>; Cory Baskin <Cb@witkowlaw.com>
**Subject:** Re: Consent to Extension of Time for 4/22 Motion to Compel

Mr. Witkow,

Thank you for your email.

I respectfully disagree with your narrow reading of the Court's March 10 Order. The Order expressly directs that "Parties are also to file any motion to compel that details the outstanding discovery that remains in dispute following the meet and confer process." It does not limit this directive to Defendants only.

District courts have broad discretion under Rule 16(b)(4) to modify their own scheduling deadlines. Judge Rowland did that sua sponte in the March 10 Order.. We are seeking an extension of the Court-ordered April 22 deadline to allow a meaningful meet-and-confer process and to narrow the issues for the Court, consistent with the Order's intent.

I will file the Motion now and note that you responded and do not consent.

Regards,
Jeanette

On Tue, Apr 21, 2026 at 7:37 PM Brandon Witkow <bw@witkowlaw.com> wrote:

Ms. Braun:

Written discovery in this matter closed on November 30, 2025 pursuant to Docket No. 80. Plaintiff's request seeks leave to file a first motion to compel nearly six months after that cutoff. Seventh Circuit authority and Northern District of Illinois precedent are uniform that motions to compel filed after the close of discovery are deemed untimely, and that the absence of a legitimate excuse for the delay is fatal to such a motion. *Machinists District v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (party that files a motion to compel two months after the discovery cutoff and provides no excuse for its tardiness "has no grounds for complaining" about its denial); *Friedman v. Ideal Industries, Inc.*, No. 1:22-cv-02253 (N.D. Ill. June 21, 2023) (motion filed two months after cutoff denied — "[i]t's rarely an abuse of discretion to deny a motion to compel that comes after the close of discovery"; unjustified delays "take[] judicial time and resources away from other cases and inconvenience[] other litigants waiting in the queue"); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 332 (N.D. Ill. 2005) ("motions to compel filed after the close of discovery are almost always deemed untimely"; party that "consciously decided not to file a motion to compel" in the face of known disputes "acquiesced" in the delay and "cannot be heard to complain now about the conscious decision they made not to bring the matter to the court's attention").

We also want to address a potential misunderstanding about the scope of the Court's March 10 Order. That Order directs the parties to file by April 22, 2026 "any motion to compel that details the outstanding discovery that remains in dispute following the meet and confer process." That provision was intended — and should be read — to address the meet and confer process concerning *Defendants' outstanding discovery requests*, which were the subject of motions to compel filed prior to the November 30, 2025 discovery cutoff, and to determine whether any further motion practice is necessary *following Plaintiff's service of amended responses to that discovery*. The Order does not and cannot, consistent with governing Seventh Circuit law cited above, authorize Plaintiff to bring an entirely new, first motion to compel nearly six months after the close of written discovery.

For those reasons, we must respectfully decline to consent to the proposed extension.

Brandon J. Witkow

_____



21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
bw@witkowlaw.com I witkowlaw.com

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

**From:** Jeanette M. Braun <jmbraun@brauniplaw.com>
**Sent:** Monday, April 20, 2026 10:12 PM
**To:** Brandon Witkow <bw@witkowlaw.com>; adoig@cozen.com; Cory Baskin <Cb@witkowlaw.com>
**Subject:** Consent to Extension of Time for 4/22 Motion to Compel

Counselors,

Would you be open to filing a Consented Motion for Extension of Time for filing any Motions to Compel to May 3, 2025? This would allow us to have a meet and confer after I send you my letter of issues. Due to a heavy docket and a health issue, I have not been able to finish the letter.

I would have a draft of the Motion to you by tomorrow at 1:00 pm CT to review before filing.

Regards,

Jeanette



**Jeanette M. Braun, Esq.**
**Attorney at Law**
(312) 373-0330 | jmbraun@brauniplaw.com
1600 W. Lake Street
Suite 103B
Addison, IL 60101
www.brauniplaw.com (under construction)

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this e-mail message is ATTORNEY PRIVILEGED and CONFIDENTIAL information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail. Thank you.
IRS CIRCULAR 230 NOTICE. To the extent the preceding message or any attachment contains written advice relating to a Federal tax issue, the written advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purposes of avoiding Federal tax penalties, and was not written to support the promotion or marketing of the transaction or matters discussed herein.
Braun IP Law does not provide tax advice. Accordingly, any discussion of U.S. tax matters or other matters contained herein (including any attachments) is not intended or written to be used, and cannot be used, in connection with the promotion, marketing, investment, or recommendation by anyone unaffiliated with Braun IP Law, on any of the matters addressed herein or for the purpose of avoiding U.S. tax-related penalties.
Information contained in this e-mail transmission is privileged, confidential and covered by The Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. If you are not the intended recipient, do not read, distribute, or reproduce this transmission. If you have received this email transmission in error, please notify us immediately of the error by returning the email and please delete the message from your system. Thank you in advance for your cooperation.

--



**Jeanette M. Braun, Esq.**

**Attorney at Law**

(312) 373-0330 | jmbraun@brauniplaw.com

1600 W. Lake Street

Suite 103B

Addison, IL 60101

www.brauniplaw.com (under construction)

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this e-mail message is ATTORNEY PRIVILEGED and CONFIDENTIAL information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail. Thank you.

IRS CIRCULAR 230 NOTICE. To the extent the preceding message or any attachment contains written advice relating to a Federal tax issue, the written advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purposes of avoiding Federal tax penalties, and was not written to support the promotion or marketing of the transaction or matters discussed herein.

Braun IP Law does not provide tax advice. Accordingly, any discussion of U.S. tax matters or other matters contained herein (including any attachments) is not intended or written to be used, and cannot be used, in connection with the promotion, marketing, investment, or recommendation by anyone unaffiliated with Braun IP Law, on any of the matters addressed herein or for the purpose of avoiding U.S. tax-related penalties.

Information contained in this e-mail transmission is privileged, confidential and covered by The Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. If you are not the intended recipient, do not read, distribute, or reproduce this transmission. If you have received this email transmission in error, please notify us immediately of the error by returning the email and please delete the message from your system. Thank you in advance for your cooperation.