**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| JEANETTE BRAUN, & | ) | |
| BRAUN IP LAW, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, & | ) | Mag. J. M. David Weisman |
| LILY MARSTON, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION**
**FOR EXTENSION OF TIME TO FILE MOTIONS TO COMPEL**

Plaintiffs respectfully submit this reply in further support of their Motion for Extension of Time to File Motions to Compel. Defendants' opposition rests on an unduly narrow reading of the Court's March 10, 2026 Order and a misapplication of authority addressing materially different circumstances.

First, the Court expressly directed that "[b]y 4/22/26 Parties are also to file any motion to compel that details the outstanding discovery that remains in dispute following the meet and confer process." That directive is not limited to Defendants' prior motions. It applies to "Parties" and to "any" motion to compel. The Court retains broad discretion to manage discovery and to modify scheduling deadlines, including on its own initiative, where appropriate to ensure the orderly and efficient resolution of disputes. See Fed. R. Civ. P. 16(b)(4); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (recognizing the district court's broad discretion to manage litigation and enforce scheduling orders). The March 10, 2026 Order reflects the Court's exercise of that discretion to permit the parties to complete the meet and confer process and present any remaining discovery disputes in a structured manner.

1

Second, Defendants' reliance on authority concerning untimely motions to compel is misplaced. The cases they cite address situations in which a party, on its own initiative, seeks to reopen discovery or file a motion to compel after the expiration of a court ordered deadline without justification. See *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332 (N.D. Ill. 2005). That is not the situation here. Plaintiffs are not attempting to unilaterally revive expired deadlines. Rather, Plaintiffs are complying with, and seeking a brief extension of, a deadline expressly set by this Court in its March 10, 2026, Order. Courts routinely recognize that scheduling orders may be modified for good cause and that district courts possess wide latitude in supervising discovery. See Fed. R. Civ. P. 16(b)(4); see also *Alioto*, 651 F.3d at 720. Accordingly, Defendants' authorities concerning party initiated delay do not control where the Court has exercised its discretion to establish a process for resolving outstanding discovery issues.

Third, Plaintiffs have acted in good faith to comply with the Court's directive. Plaintiffs are organizing the issues and preparing a detailed deficiency letter in order to conduct a meaningful meet and confer consistent with Local Rule 37.2 and the Court's Order. Defendants' criticism of that effort underscores that Plaintiffs are following the required process rather than bypassing it.

Fourth, Defendants' assertion of prejudice is unsupported. Defendants have not filed an Answer or asserted affirmative defenses, yet they have already obtained discovery from Plaintiffs. Plaintiffs, by contrast, have not had a fair opportunity to obtain discovery regarding Defendants' defenses. This asymmetry is prejudicial to Plaintiffs. A brief extension to allow completion of the meet and confer process and submission of focused issues will promote efficiency and fairness, not undermine it.

Fifth, Defendants' reference to a social media video or speculation that Plaintiffs strategized with their previous counsel about a Motion to Compel is not relevant to the issue before the Court and does not bear on Rule 16, diligence, or prejudice. Plaintiffs' previous counsel worked to shield Plaintiffs from further emotional harm and handled the discovery process. The video was a brief post made over a month ago and has no connection to Plaintiffs' efforts to comply with the Court's March 10, 2026, Order or to complete the meet and confer process. Plaintiffs are taking steps to repair their reputation and correct the social media record, particularly in view of Defendants' September 8, 2025, GoFundMe[1] update, which contained many defamatory statements made by Defendant Day, who wrote the update, such as Plaintiffs started a rumor that Krista Carter is a demon and drinks blood (she has said this herself in TikTok and Facebook videos dating back to at least October 2022, more than a year prior to the controversy herein)[2], Lily and Jessie almost lost their platform because Plaintiffs abuse the DMCA process, and this lawsuit is frivolous. Plaintiffs assert none of this is true. The Court record reflects this matter is not frivolous. The false statement about this lawsuit being frivolous did result in at least one person donating $1,500.00.





---

[1] https://www.gofundme.com/f/the-girlies-vs-janet  The Defendants have raised over $111,000 from their GoFundMe, by relying on false facts and doners relied on those facts when deciding to donate.
[2] Ms. Carter holds herself out to be a demon, and villain life coach who harvests organs and ingests blood to stay alive. Here are just two examples: https://www.tiktok.com/@caffinatedkitti/video/7158209866744548651 published October 22, 2022.  https://www.tiktok.com/@caffinatedkitti/video/7283635730348297515,  dated September 27, 2023, Ms. Carter's video where she stated that she is "a demon of her word," "...makes [people] the worst version of themselves", and "...is known for traumatizing the men...". Further, she has also stated in at least one livestream in November or December 2023, on TikTok that she was "born this way" [meaning a demon].

To the extent Defendants suggest otherwise, Plaintiffs have not once criticized Defendants for fair and accurate reporting. Plaintiffs' position is that if accurate reporting had happened and copyrights were not stolen, this dispute would not exist. In any event, the existence of a social media post does not establish delay, does not substitute for discovery, and does not cure the prejudice to Plaintiffs. The argument is therefore immaterial to the requested extension.

Finally, Plaintiffs' request is modest and narrowly tailored. Plaintiffs seek a brief extension to complete the meet and confer process contemplated by the Court's Order and to present any remaining disputes in a focused manner that conserves judicial resources.

For these reasons, and those set forth in Plaintiffs' Motion, the requested extension should be granted.

I, Jeanette M. Braun, declare under penalty of perjury under the laws of the United States that the screenshot contained herein is a true and accurate copy of what it proports to be, and if called to testify, I would testify as to the same.

Respectfully submitted,

April 22, 2026

*s/Jeanette M. Braun*
Attorney for Plaintiffs

Jeanette M. Braun [pro hac vice]
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
(312) 373-0330
docket@brauniplaw.com

*Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW│BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com

Dated: April 22, 2026                    /s/ Jeanette M. Braun