**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEANNETE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON,  ) | |
| )  Plaintiffs, ) | Case No. 23 C 16856 |
| v.  ) | Presented to: |
| )  | Magistrate Judge M. David Weisman |
| REBEKAH M. DAY NEE BOX, KRISTA ) | |
| CARTER & LILY MARSTON  ) | |
| )  | |
| )  | |
| Defendants.  ) | |

**DEFENDANTS REBEKAH M. DAY AND LILY MARSTON'S REVISED MOTION
COMPEL REGARDING INTERROGATORY AND REQUEST FOR PRODUCTION
RESPONSES THAT REMAIN AT ISSUE AND A FULL AND COMPLETE PRIVILEGE
LOG FROM PLAINTIFFS JEANETTE BRAUN AND BRAUN IP LAW, LLC**

Defendants REBEKAH M. DAY AND LILY MARSTON (collectively, "Defendants"),

by and through their attorneys, and in accordance with this Court's Minute Entry of March 10,

2026 [Dkt. # 117], hereby bring this Revised Motion to Compel Regarding Interrogatory and

Request for Production Responses That Remain at Issue and a Full and Complete Privilege Log

From Plaintiffs Jeanette Braun and Braun IP Law, LLP (collectively, "Braun") and state as

follows:

**INTRODUCTION**

Defendants respectfully submit this Revised Motion to Compel pursuant to the Court's

March 10, 2026 Order and after months of extensive meet-and-confer efforts. While the parties

were able to narrow certain disputes, Braun continues to provide incomplete and deficient

discovery responses and has failed to supplement responses they expressly agreed to revise.

Specifically, Braun refuses to substantively respond to a proper interrogatory, maintains a facially

deficient privilege log that does not comply with governing standards, and has not served agreed-

1

upon supplemental responses to key requests for production. Despite repeated opportunities to cure these deficiencies, Braun has declined to do so, leaving Defendants with no choice but to seek the Court's intervention to obtain the discovery to which they are entitled.

**RELEVANT FACTUAL BACKGROUND**

On or about November 17, 2025, Defendants, along with recently-dismissed Defendant Krista Carter ("Carter"), filed: (1) a Motion to Compel Full and Complete Responses to Requests for Production of Documents and Further Document Production from Braun and recently-dismissed Plaintiff Lauren Propson ("Propson"), and (2) a Motion to Compel Full and Complete Responses to Interrogatories from Braun and Propson (collectively, "Motions to Compel"). [Dkt. # 88, #89]. The Court conducted a hearing on the Motions to Compel on January 13, 2026, and ordered the parties to meet and confer further regarding the issues raised in the Motions to Compel and file status reports updating the Court as to what discovery issues remained, which the parties filed on January 21, 2026. [Dkt. # 101, #103]. On January 26, 2026, and February 5, 2026, the Court issued orders instructing the parties to meet and confer in person or via videoconference to narrow the remaining issues, and to file a single status report indicating the discovery requests that remain in dispute by February 12, 2026. [Dkt. # 103, # 107]. On February 10, 2026, the parties filed a status report indicating that they had met and conferred via videoconference, had narrowed many of the issues in dispute, and sought an extension of time to continue to meet and confer to further narrow the disputes. [Dkt. # 110]. The Court then ordered the parties to meet and confer via videoconference at least two more times and instructed the parties to file a joint status report on any remaining discovery disputes by March 5, 2026. (*Id.*) Accordingly, on February 9, 2026, February 25, 2026, and again on March 3, 2026, the Parties engaged in a lengthy meet and confer via regarding the continued issues with Braun's responses to the interrogatories, document

2

productions and privilege log at issue in Defendants' pending Motions to Compel. [Dkt. # 113]. During those meet and confer efforts, conducted by Brandon J. Witkow on behalf of Defendants' and Benjamin Lockyer on behalf of Braun, the parties narrowed many of the issues to Braun's failure to identify the clients with whom Braun claimed their relationship was disrupted as a result of Defendants' alleged conduct, which allegation was the basis for her damages (i.e. lost client revenue). (*Id*.) Braun's counsel clarified that Plaintiffs' allegation that Braun lost work from numerous clients is limited to only three clients: Alyssa DeFord, Kaitlynn Dempsey, and Monsters and Martians ("Identified Clients"). (*Id*.) Braun further represented that they are no longer alleging that any relationships with clients beyond the three Identified Clients were disrupted or lost as a result of Defendants' alleged conduct. (*Id*.) Moreover, Braun represented that they are no longer seeking any damages in this action based on lost clients or lost client revenue. Rather, the only damages now claimed by Braun are: (1) the cost of repairing Braun's professional reputation online, and (2) emotional harm resulting from Defendants' alleged defamatory conduct. (*Id*.)

During those discussions, counsel for Braun requested that Defendants propose revised language for Braun's interrogatory and document request responses that was consistent with Braun's new damages theory, and Defendants provided this draft on February 26, 2026. (Declaration of Brandon J. Witkow ("Witkow Decl."), ¶ 2 and Exh. A). On March 5, 2026, Braun's counsel provided Defendants' counsel with Braun's "requested edits to [Defendants'] recommended responses." (*Id*.) The language proposed by Braun included supplemental responses to Defendant Marston's RFP Nos. 8 and 39, and Day RFP Nos. 22 and 23. (*Id*.) During the parties meet and confer discussions, Mr. Lockyer also represented that he planned to withdraw as counsel, but that Braun intended to serve further supplemental responses reflecting her new damages position to many of the interrogatories and document requests at issue in Defendants' Motions to

3

Compel. [Dkt. # 113]. On March 6, 2026, and again on March 9, 2026, Defendants' counsel inquired whether Mr. Lockyer was authorized to continue discussions regarding the outstanding discovery issues, when Mr. Lockyer was filing his notice of withdrawal, when Propson was filing a dismissal of her claims, and whether Defendants should be discussing these issues with Mr. Lockyer or someone else. (*Id*.) On March 9, 2026, Mr. Lockyer responded that he was "waiting to hear back from [Plaintiff] Braun" and that he suspected "she will likely be taking over the meet and confer personally." (*Id*.) Mr. Lockyer further stated that he had "offered to assist until [his] withdrawal is approved by the Court, but [he is] still waiting on this." (*Id*.) Defendants' counsel informed Mr. Lockyer that he was leaving the office at 6 PM (CST), and the Parties needed to file the Court's required Joint Status Report by that time. (*Id*.) When Defendants' counsel had not heard back from Mr. Lockyer, Defendants filed the Court's required Status Report on March 9, 2026, on behalf of Defendants only. (*Id*.) On March 10, 2026, Mr. Lockyer withdrew as counsel and Propson dismissed all of her claims against Defendants. [Dkt. # 115, # 116]. The Court issued an Order on March 10, 2026, instructing Braun to serve supplemental discovery responses by April 6, 2026, and denied the Motions to Compel without prejudice "[g]iven the narrowing of discovery disputes" through the parties' meet and confer efforts. [Dkt. # 117]. The Court further noted that "Defendants may bring a revised motion to compel if necessary", and that by April 22, 2026, the parties were to file and motions to compel that "details the outstanding discovery that remains in dispute following the meet and confer process." (*Id*.) On April 6, 2026, Braun served Second Supplemental Responses to Day's Interrogatories and Second Supplemental Responses to Marston's Interrogatories. (Witkow Decl., ¶ 3 and Exh. B). Braun did not file any supplemental responses to either Day or Marston's RFPs. (*Id*., ¶ 3). As explained in detail below, there are several discovery disputes between Defendants and Braun that remain in dispute following the

4

parties' repeated meet and confer efforts over the past several months. First, during the parties' meet and confer efforts, they failed to reach an agreement as to Defendant Krista Carter's Interrogatory No. 12 (seeking all facts on which Braun denies any Requests for Admission), as Braun refuses to provide any substantive response and has indicated that they will be standing on their objections to this interrogatory. (Witkow Decl., ¶ 4). Second, the Parties also failed to reach a resolution as to the content of Plaintiffs' privilege log, which fails to provide information required by Courts in this District. (*Id*.) Third, the parties have been unable to reach an agreement regarding Marston RFP Nos. 8 and 39 and Day RFP Nos. 22 and 23, which Braun's former counsel indicated Braun would be supplementing and provided a draft supplemental response during the meet and confer process, but which Braun has never actually supplemented. (*Id*.) Given these outstanding issues and Braun's refusal to resolve them informally, Defendants revised Motion to Compel is necessary and appropriate.

**ARGUMENT**

I.      **Braun's Refusal to Respond to Carter's Interrogatory No. 12 is Unjustified and Improper.**

As explained in Defendant's original Motion to Compel Full and Complete Interrogatory Responses, Carter's Interrogatory No. 12 seeks an identification of all facts, persons, and documents supporting the denial of any Request for Admission. [Dkt #88 (Motion to Compel), at p. 14, n. 2)]. In Braun's second supplemental response, Braun stated that "Subject to and without waiving objections, will not produce any information in response to this request. Many of the documents produced by Defendants, which number in the thousands, contain the information sought and Plaintiffs are still reviewing those documents." (Witkow Decl., ¶ 4 and Exh. C). This is an entirely appropriate interrogatory, and Braun has no basis for her refusal to respond. *See Commerce Bank, N.A. v. Widger,* 2008 U.S. Dist. LEXIS 16820, at *6 (C.D. Ill. Mar. 5, 2008)

5

(directing the plaintiff to provide a response to interrogatory requesting, as to each of the denied requests to admit, to identify the witness or witnesses whose testimony the denial is based upon and to state the reasons each witness provides to support the denial); *Flynn v. FCA US LLC*, 2019 U.S. Dist. LEXIS 172806, at \*6 (S.D. Ill. Oct. 4, 2019) (overruling objection to interrogatory seeking bases for denial of request for admission on ground that the interrogatories "call for a lengthy narrative" and information sought is more "reasonably obtainable from documents and deposition). Despite repeated efforts to meet and confer regarding this particular interrogatory, Braun has refused to provide any substantive response to this interrogatory and, most recently claims that because Defendant Carter was dismissed from the litigation, Interrogatory No. 12 served by her is "no longer at issue." (Braun's Status Report filed 4/15/26, p. 4 [Dkt. No. 125]). Braun has provided no authority for her position that a party's dismissal from an action renders all discovery served by that party moot, and no such authority exists.

As a preliminary matter, the motion to compel was filed jointly by all three Defendants before the close of discovery; it is not Carter's motion alone, but a motion in which Day and Marston are independent movants with live, ongoing interests in the relief sought. Under controlling Seventh Circuit authority, "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party," and "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Killian v. Concert Health Plan*, 742 F.3d 651, 660 (7th Cir. 2012). That standard is plainly satisfied here: the remaining Defendants still want complete interrogatory responses, the case against them remains fully live, and the court can grant precisely the relief requested, i.e., an order compelling further answers. Moreover, Carter's dismissal does not diminish the relevance or discoverability of the information sought. The Federal Rules of Civil Procedure "contemplate broad discovery,

6

permitting discovery 'regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action,'" *United States v. William F. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993), and under Rule 26(b)(1), that scope extends expressly to "any party's claim or defense", not the requesting party's claim or defense alone. Finally, because discovery has now closed, denial of this motion simply because Carter has been dismissed would permanently foreclose the remaining Defendants from obtaining the information they timely pursued, through no fault of their own. Where a party "has contributed to delays in discovery, it can hardly be heard to complain about continued discovery," and that courts "ought not to reward those who... are the cause of discovery delays." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 342 (N.D. Ill. 2005). If the Court denies Defendants this discovery simply because Braun delayed providing a substantive response until after the Court ruled on the Motion to Dismiss (dismissing Carter), it would be condoning precisely the type of procedural tactic courts have declined to countenance. Thus, Braun has offered no valid excuse for their continued refusal to respond to this interrogatory, and they should be compelled to provide a full and complete response.

## II.        Braun's Privilege Log is Entirely Deficient.

"Rule 26(b)(5)(A) requires a party that withholds documents on the grounds that they are attorney work product or are protected by attorney client privilege to submit a privilege log that describes the nature of the withheld documents in a way 'that, without revealing any information itself privileged or protected, will enable other parties to assess the claim.'" *Kaufman v. Am. Exp. Travel Related Servs. Co.*, 2011 U.S. Dist. LEXIS 4420, at *12-13 (N.D. Ill. Jan. 14, 2011) (citations omitted). "Rule 34(b) requires this privilege log to be served within 30 days of receipt of the document requests that seek privileged information", and "[f]ailure to follow these rules may result in waiver of the privilege." *Id.* Here, the "privilege log" served by Braun in no way

complies with the requirements of Rule 26. Specifically, Braun's log consists of three columns: (1) one column entitled "sender" that lists a name, (2) one column entitled "recipient" that also lists a name, and (3) one column entitled "privilege" that states only "attorney client" for each of the sixteen (16) documents listed. (Witkow Decl., ¶ 5 and Exh. D). Braun has repeatedly taken the position that this "categorical" privilege log is sufficient. (Plaintiff's Status Report filed 4/15/26, p. 5 [Dkt. # 125]). Contrary to Braun's contention, courts in this District hold that "the party asserting the privilege must produce a privilege log 'that identifies for each separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged.'" *Schmalz v. Vill. N. Riverside*, 2018 U.S. Dist. LEXIS 19623, at *7 (N.D. Ill. Feb. 7, 2018) (emphasis added); *Muro v. Target Corp.*, 2006 U.S. Dist. LEXIS 86030, at *6 (N.D. Ill. Nov. 28, 2006) (same). Braun's barebones log falls far short of satisfying these requirements, and the Court should require strict compliance with these well-established privilege log requirements.

### III. Braun Has Failed to Supplement RFP Responses That She Previously Agreed to Supplement.

As explained above, during the meet and confer process, the parties exchanged drafts of supplemental responses to Defendants' interrogatories and RFPs that reflected Braun's newly limited damages theory, i.e., that Braun was no longer seeking damages based on lost clients or lost client revenue, but rather was only claiming damages based on the (1) cost of repairing her professional reputation online and (2) emotional harm. Specifically, on March 5, 2026, Braun's prior counsel provided Defendants with Braun's revisions to draft supplemental responses to Marston's RFP Nos. 8 and 39 and Day's RFP Nos. 22 and 23, all of which sought documents relating to Braun's claim of lost clients/lost revenue as damages resulting from Defendants' alleged

8

defamation. Given Braun's decision to drop her claim for lost profit/lost revenue damages, it was essential that Braun supplement her discovery requests to reflect this position, including her responses to Defendants' RFPs. (Witkow Decl., Exh. A). Despite the fact that Braun provided draft language for supplemental responses to Marston's RFP Nos. 8 and 39 and Day's RFP Nos. 22 and 23, Braun has not actually served any supplemental responses to these RFPs – or any RFPs. (Witkow Decl., ¶ 3). In Braun's Status Report filed on April 15. 2026, Braun claims that these requests have been "rendered moot based on the amendment to Plaintiffs' damages theory and March 13, 2026 Order dismissing Plaintiff's tortious interference claim." (Status Report, p. 4 [Dkt. #125]). However, Braun has not amended the operative complaint in this action to reflect her newly-limited damages theory; thus, the only way for Defendants to confirm her position is through her discovery responses. These particular RFPs request documents supporting allegations in the operative Third Amended Complaint that still allege that Braun sustained damages in the form of lost clients and lost revenue. If Braun is no longer seeking such damages, her discovery responses must clearly and formally reflect that position; informal representations by Braun and her former counsel during the meet-and-confer process -- particularly where they contradict the operative pleading and existing discovery responses -- are insufficient.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant its Revised Motion to Compel.

Dated: April 22, 2026

s/     *Brandon J. Witkow*
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

s/     *Amy Doig*
Attorney for Defendants

Amy M. Doig
Cozen O'Connor
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Jeanette Braun
1600 W. Lake Street
Suite 103B
Addison, IL 60101
jmbraun@brauniplaw.com

***Attorney for Plaintiffs***

Dated: April 22, 2026                              /s/ *Brandon J. Witkow*
                                                   Brandon J. Witkow