**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| JEANETTE BRAUN, & | ) | |
| BRAUN IP LAW, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, & | ) | Mag. J. M. David Weisman |
| LILY MARSTON, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT DAY'S DISCOVERY RESPONSES
AND PRODUCTION**

Plaintiffs Jeanette M. Braun and Braun IP Law, LLC, by and through counsel, respectfully

move this Court pursuant to Federal Rules of Civil Procedure 26, 33, 34, 36, and 37, and Local

Rule 37.2, for an order compelling Defendant Rebekah Day to provide complete and compliant

discovery responses and production.

**I. INTRODUCTION**

Pursuant to this Court's order setting April 27, 2026, as the deadline for motions to compel,

Plaintiffs bring this motion to address continuing deficiencies in Defendant's discovery responses.

The Court's March 10, 2026, Order setting April 23, 2026, as the deadline for this Motion, and

April 23, 2026, Order extending the deadline to today, April 27, 2026, overrides any "discovery

closed" argument Defendant may raise. Defendant's responses to Plaintiffs' First Set of Requests

for Admission, First Set of Interrogatories, First Requests for Production, and Second Requests for

Production remain incomplete and do not comply with the Federal Rules. Despite Plaintiffs'

detailed deficiency letter and repeated efforts to meet and confer, Defendant declined to provide

availability and did not participate in a meaningful conference. Instead, Defendant served a written

response that largely restates prior objections without curing the underlying deficiencies.

1

Defendant's responses rely on generalized objections and conditional language, do not clearly state whether responsive materials are being withheld, provide incomplete answers, improperly invoke Rule 33(d), and fail to provide transparency regarding the search, collection, and production of electronically stored information. These deficiencies prevent Plaintiffs from understanding what has been searched, what has been produced, and what has been withheld.

Defendant's own motion to compel does not alter this analysis. That motion raises a limited number of discrete issues that can be addressed through targeted supplementation after this Court determines whether the requests are proper and does not justify the broader relief sought. To the extent Defendant suggests that Plaintiffs' motion is improper, that position is inconsistent with this Court's March 10, 2026, and April 23, 2026, Orders expressly setting a deadline for motions to compel and should be rejected.

## II. LOCAL RULE 37.2 STATEMENT

Plaintiffs have satisfied Local Rule 37.2. On April 23, 2026, Plaintiffs served a detailed deficiency letter identifying specific deficiencies and proposing multiple dates and times for a meet and confer. Plaintiffs followed up with additional emails and placed a telephone call on April 24, 2026, leaving a detailed voicemail for each of Defendant's counsel (all three). None of Defendant's counsel responded to Plaintiffs' call or emails, did not provide their availability for the meet and confer, and despite Plaintiffs best efforts to schedule the conference, Defendant did not participate in a conference. Instead, Defendant served by email a written response on Sunday, April 26, 2026, at 7:52 p.m CT. The email did not set forth availability for a meet and confer. That written exchange does not satisfy the requirement of a good faith conference. See *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 931 to 935 (N.D. Ill. 2021).

## III. LEGAL STANDARD

Under Rule 37(a), a party may move to compel where responses are incomplete or evasive,

2

and such responses are treated as failures to respond. Fed. R. Civ. P. 37(a)(4). Rule 34 requires a responding party to state with specificity the grounds for objection and to state whether responsive materials are being withheld. Fed. R. Civ. P. 34(b)(2)(B) and (C). Rule 36 requires a party to admit, deny, or properly qualify each request after a reasonable inquiry and to fairly respond to the substance of the request. Fed. R. Civ. P. 36(a)(4). Rule 33(d) permits reliance on business records only where those records are identified with sufficient specificity and the burden of deriving the answer is substantially the same for both parties. See *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 325 (N.D. Ill. 2005). Discovery must also be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

## IV. ARGUMENT

Defendant's responses to Requests for Admission do not comply with Rule 36 because they do not reflect the reasonable inquiry required by the Rule and do not fairly respond to the substance of the requests. For example, in response to Request for Admission No. 3, Defendant admits possession of the native TikTok Story but denies the existence of associated metadata based on a claimed lack of technical expertise. That response does not demonstrate that Defendant conducted a reasonable inquiry into information within her possession, custody, or control. See Fed. R. Civ. P. 36(a)(4); *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). Similar deficiencies appear in Requests for Admission Nos. 7, 8, 9, 11, 13, 14, 17, 18, 19, 22, 23, and 28, where Defendant relies on semantic objections or uncertainty without admitting or denying the portions of the requests that can be answered. These responses do not fairly respond to the substance of the requests as required by Rule 36(a)(4). See *EEOC v. AutoZone, Inc.*, No. 11 C 0195, 2012 WL 3061482, at *2 (N.D. Ill. July 26, 2012).

Defendant's interrogatory responses are likewise incomplete. In response to Interrogatory No. 1, Defendant withheld identifying information such as email addresses and phone numbers

based on generalized safety concerns without seeking a protective order. That is not a proper basis to refuse to provide responsive information. See Fed. R. Civ. P. 26(c); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air Conditioning Eng'rs, Inc.*, 755 F.3d 832, 838 (7th Cir. 2014). Further the safety concerns are unfounded and the information sought should be publicly available, though, it will place a significant burden on the Plaintiffs to retrieve that information, even if it is public. In response to Interrogatory No. 3 and Interrogatories Nos. 5, 7, 8, and 10, Defendant invokes Rule 33(d) but does not identify records with sufficient specificity. Instead, Defendant refers to broad categories of documents and online materials, which does not satisfy Rule 33(d)'s requirement that the responding party identify records in a manner that permits the requesting party to locate the responsive information. See *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 325. Interrogatories Nos. 11 and 12 similarly lack complete narrative responses, and Interrogatories Nos. 13, 15, 17, 18, and 19 do not identify the sources searched or the methods used to locate responsive information.

Defendant's responses to Requests for Production contain recurring violations of Rule 34. In response to Requests for Production Nos. 1, 2, 6 through 10, 14, 24, 25, 27, 30, 31, 33, 35, 37, 39, 41, 42, 43, and 44, Defendant asserts objections and states that she will produce responsive materials or has produced responsive materials, but does not clearly state whether any materials are being withheld. Rule 34(b)(2)(C) requires that disclosure. This failure makes it impossible to determine what has been produced and what has been withheld, which is precisely what Rule 34(b)(2)(C) was designed to prevent. See *BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, No. 15 C 10340, 2017 WL 1022010, at *3 (N.D. Ill. Mar. 16, 2017).

Defendant also asserts that no responsive documents exist in response to Requests for Production Nos. 4, 11, 12, 13, 19, 20, 21, 23, 36, and 38 without describing the search conducted or the sources reviewed. A conclusory statement that no documents exist, without any indication of

the inquiry undertaken, does not satisfy Rule 26(g). Fed. R. Civ. P. 26(g)(1). Defendant's reliance on public availability in response to Requests for Production Nos. 15, 16, 17, 18, and 22 is likewise improper because a party's obligation to produce responsive documents depends on possession, custody, or control, not on whether the requesting party could obtain the information from another source. See *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426 to 1427 (7th Cir. 1993); *Westefer v. Snyder*, No. 07 C 2798, 2008 WL 190317, at *3 (N.D. Ill. Jan. 18, 2008).

Defendant's production of electronically stored information is also deficient. This case centers on social media activity, including TikTok, Instagram, Reddit, and other platform content, communications, and related data that Plaintiffs know exist but Defendant has not produced. Social media platforms, including TikTok, Reddit, Instagram, etc. provides users with the ability to download structured account data through its data export tool. Such exports constitute electronically stored information within a user's possession, custody, or control. Defendant has not disclosed whether she obtained, reviewed, or produced any such exports, nor has she explained the scope of her collection efforts or any limitations associated with her production. Without that information, Plaintiffs cannot evaluate whether the production is complete or whether it was produced in a reasonably usable form as required by Rule 34(b)(2)(E). See *DR Distribs., 513 F. Supp.* 3d at 931 to 934.

Defendant's motion to compel does not justify denial of Plaintiffs' Motion. To the extent Defendant seeks a comprehensive narrative response identifying all facts supporting every denial of every request for admission, that request must be evaluated under Rule 26(b)(1). While contention interrogatories are permissible, courts do not require exhaustive narrative responses where the burden is substantial and the information is available through document production and ongoing discovery. Plaintiffs have produced documents and continue to review materials. Any required supplementation should be limited and proportional.  Plaintiffs will file their full

5

opposition to Defendant's motion by the deadline set by the Court.

Here is a **court-ready section you can insert into your motion**. It is calibrated for NDIL practice and Judge Rowland's preferences: neutral tone, no overstatement of waiver, grounded in Rule 26(b)(5)(A), and tied to the record without speculation.

---

Defendant has asserted attorney-client privilege and work product objections but has not provided a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5)(A). Defendant's discovery responses expressly invoke privilege as a basis for withholding information, including in response to Requests for Production and Interrogatories. However, Defendant has not identified the nature of the materials withheld or provided information sufficient to permit Plaintiffs to assess the applicability of any claimed privilege.

This deficiency is particularly significant in light of Defendant's own production. The materials produced by Defendant reflect that she shared attorney communications/advice in communications with third parties, including Jamie Grayson, concerning the same subject matter at issue in this litigation. To the extent Defendant communicated information received from counsel or discussed legal advice in those third-party communications, such disclosures may affect the scope of any privilege asserted. Without a privilege log, Plaintiffs cannot determine what communications Defendant is withholding, whether those communications concern the same subject matter as materials disclosed to third parties, or whether any asserted privilege has been waived in whole or in part.

Defendant's position that a privilege log is not required for certain categories of materials does not eliminate her obligation to comply with Rule 26(b)(5)(A) as to communications that are withheld. At a minimum, Defendant must identify withheld pre-litigation communications and provide sufficient descriptive information to allow Plaintiffs and the Court to evaluate the claim of

6

privilege. Courts in this District require that privilege claims be supported by sufficient detail, and the failure to provide an adequate privilege log may result in waiver. See Muro v. Target Corp., No. 04 C 6267, 2006 WL 3422181, at *6 (N.D. Ill. Nov. 28, 2006).

Accordingly, Defendant's failure to provide a compliant privilege log is a material deficiency that prevents Plaintiffs from evaluating the scope and validity of Defendant's privilege assertions and should be corrected.

## V. CONCLUSION

Defendant's discovery responses remain incomplete and do not comply with the Federal Rules. Plaintiffs respectfully request that this Motion be granted.

## VI. RELIEF REQUESTED

Plaintiffs respectfully request that the Court order Defendant to serve amended responses that comply with Rules 33, 34, and 36 within a reasonable time set by the Court, to produce all responsive nonprivileged documents and electronically stored information, to identify the sources and methods used to locate responsive materials, to clearly state whether any materials are being withheld, to produce a privilege log for attorney and other proclaimed privileged communications, and to provide such further relief as the Court deems appropriate. Plaintiffs further request an award of reasonable expenses and attorneys' fees incurred in bringing this motion pursuant to Rule 37(a)(5).

[*signature on following page*]

Respectfully submitted,

April 27, 2026

*s/Jeanette M. Braun*
Attorney for Plaintiffs

Jeanette M. Braun [pro hac vice]
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
(312) 373-0330
docket@brauniplaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was filed and served

on all counsel of record noted below via the CM/ECF system of the United States District Court of

the Northern District of Illinois.


Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW│BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com


Dated: April 27, 2026                    /s/ Jeanette M. Braun

9