**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| JEANETTE BRAUN, & | ) | |
| BRAUN IP LAW, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, & | ) | Mag. J. M. David Weisman |
| LILY MARSTON, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**
**AND PRODUCTION AS TO DEFENDANT LILY MARSTON**

Plaintiffs Jeanette M. Braun and Braun IP Law, LLC, by and through counsel, respectfully

move this Court pursuant to Federal Rules of Civil Procedure 26, 33, 34, 36, and 37, and Local

Rule 37.2, for an order compelling Defendant Lily Marston to provide complete and compliant

discovery responses and production.

**I. INTRODUCTION**

Pursuant to this Court's order setting April 27, 2026 as the deadline for Plaintiffs' Motion

to Compel, Plaintiffs bring this motion to address continuing and material deficiencies in

Defendant Lily Marston's responses to Plaintiffs' Requests for Admission, Interrogatories, and

Requests for Production. Despite Plaintiffs' detailed deficiency letter dated April 23, 2026,

Defendant did not engage in a meaningful meet and confer, cure deficiencies, and instead

responded by letter reiterating objections and positions already reflected in her discovery

responses. Defendant's responses remain deficient in multiple respects and prevent Plaintiffs from

determining what was searched, what exists, what was produced, and what has been withheld.

Defendant's responses consistently rely on generalized objections, incorporate boilerplate

language into nearly every response, use conditional formulations that do not clearly state whether

1

responsive materials are being withheld, improperly invoke Rule 33(d), unilaterally narrow the scope of discovery, and fail to provide transparency regarding electronically stored information. These deficiencies impede Plaintiffs' ability to evaluate the completeness of Defendant's production and require Court intervention.

## II. LOCAL RULE 37.2 STATEMENT

Plaintiffs have satisfied Local Rule 37.2. On April 23, 2026, Plaintiffs served a detailed deficiency letter identifying specific issues and offering multiple dates to meet and confer. Plaintiffs sent multiple emails to all of Defendant's counsel, and left voicemails for each of Defendant's counsel requesting the meet and confer and providing dates for said conference, and none were returned or responded to. Plaintiffs also indicated willingness to confer regarding custodians, sources, and electronically stored information methodology. Despite Plaintiffs best efforts to engage in the conference, Defendant did not provide availability and did not participate in a conference. Instead, Defendant responded by letter on Sunday, April 26, 2026, at 7:52 p.m. CT. That written exchange does not satisfy the requirement of a good faith personal consultation. See *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 931–35 (N.D. Ill. 2021).

## III. LEGAL STANDARD

Rule 37 permits a party to move to compel where responses are incomplete or evasive. Fed. R. Civ. P. 37(a)(4). Rule 34 requires a responding party to state whether responsive materials are being withheld. Fed. R. Civ. P. 34(b)(2)(C). Rule 36 requires responses that reflect reasonable inquiry and fairly respond to the substance of the request. Fed. R. Civ. P. 36(a)(4). Rule 33(d) applies only where records are identified with sufficient specificity and the burden of deriving the answer is substantially the same for both parties. In re *Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 325 (N.D. Ill. 2005). Discovery must also be proportional and transparent, particularly in cases involving electronically stored information. *DR Distribs.*, 513 F. Supp. 3d at 931–34.

2

**IV. ARGUMENT**

Defendant's responses do not comply with Rule 34 because they fail to state whether responsive materials are being withheld. Across numerous Requests for Production, including Requests Nos. 1, 2, 9 through 16, 19 through 23, 28 through 31, 33 through 37, and 41 through 44, Defendant asserts objections and states she will produce "relevant" or "responsive" materials without stating whether any materials are being withheld. This violates Rule 34(b)(2)(C). Defendant's responses make it impossible to determine what has been produced and what has been withheld, which is precisely what the Rule is designed to prevent. See *BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, No. 15 C 10340, 2017 WL 1022010, at *3 (N.D. Ill. Mar. 16, 2017).

Defendant's responses to Requests for Admission are evasive and noncompliant. Defendant's responses to Requests for Admission Nos. 3, 6, 7, 9, 12, 16, 17, 18, 20, 24, 25, 28 through 30, and 40 through 48 rely on boilerplate objections or refuse to admit or deny based on alleged vagueness, speculation, or ongoing investigation. For example, Defendant refuses to admit or deny Request for Admission No. 3 based on the absence of an attached transcript despite the underlying material being within her possession or control. Defendant refuses to respond to Request for Admission No. 12 based on ongoing investigation, which is improper under Rule 36. Defendant also improperly objects to Requests for Admission Nos. 6 and 7, which seek application of law to fact regarding how statements would be understood. Rule 36 requires reasonable inquiry and a response that fairly addresses the substance of the request. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987); *EEOC v. AutoZone, Inc.*, 2012 WL 3061482, at *2.

Defendant's interrogatory responses improperly invoke Rule 33(d). Defendant invokes Rule 33(d) in response to Interrogatories Nos. 3, 8 through 11, and 15 by referring to broad Bates ranges or document productions. These responses are deficient because they do not identify specific records in a manner that allows Plaintiffs to locate the responsive information and do not

demonstrate that the burden of deriving the answer is substantially the same. See *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 325. Interrogatory No. 3 is particularly deficient, as Defendant refuses to identify statements she made and instead directs Plaintiffs to unspecified materials.

Defendant improperly withholds information based on invalid objections. Defendant repeatedly invokes equally available objections, narrows relevance to the "podcast at issue," and imposes temporal limitations to pre-filing materials. These positions are improper. Public availability does not excuse production of materials within a party's possession, custody, or control. See *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426–27 (7th Cir. 1993). Defendant may not unilaterally redefine the scope of relevance or limit discovery based on her own interpretation of the claims.

Defendant's electronically stored information responses are deficient. Defendant fails to identify custodians, sources, search methods, or collection procedures. This is a material deficiency in an electronically stored information intensive case involving social media platforms, messaging applications, and digital communications. Defendant acknowledges exporting data but does not disclose what was exported, how it was searched, or whether it was fully produced. Platforms such as TikTok, Reddit, Discord, YouTube, and Instagram allow users to download structured account data, yet Defendant has not stated whether such exports were obtained or produced. Without that information, Plaintiffs cannot evaluate completeness or whether production is reasonably usable under Rule 34(b)(2)(E). See *DR Distribs.*, 513 F. Supp. 3d at 931–34.

Defendant's selective production of excerpts violates Rule 34. Defendant repeatedly produces only "relevant portions" or excerpts of communications, including in Requests Nos. 9, 13, 28 through 31, and 37. Where full communication threads are requested, Defendant may not produce only selected excerpts that remove context. Such production prevents meaningful interpretation and does not satisfy Rule 34's requirement that information be produced in a

reasonably usable form.

Defendant's assertions that no documents exist are unsupported. Defendant asserts that no documents exist for numerous requests, including Requests Nos. 5 through 8, 16, 17, 21, and 39. However, Defendant does not describe the scope of her search or the sources reviewed, as required by Rule 26(g). A conclusory statement is insufficient.

Defendant has asserted attorney-client privilege and work product objections throughout her discovery responses but has not provided a privilege log that complies with Rule 26(b)(5)(A). Defendant's responses to Requests for Production, such as nos. 20, 28 through 31, and 45, and Interrogatories repeatedly invoke privilege as a basis for withholding information, including in response to requests seeking communications, drafts, and materials relating to the subject matter of this case. In those responses, Defendant limits production to "non-privileged" materials or produces only "relevant portions" of communications.

Despite these assertions and limitations, Defendant has not provided a privilege log identifying the nature of the materials withheld or the basis for any claimed protection. Instead, Defendant takes the position that she is not required to provide a privilege log for post-filing communications and that logging pre-litigation materials would be unduly burdensome. These positions do not relieve Defendant of her obligation to comply with Rule 26(b)(5)(A) where information is withheld on the basis of privilege. While courts may limit the scope of logging in appropriate circumstances, a party may not refuse to provide any log where it has asserted privilege and withheld responsive materials.

The absence of a privilege log is particularly significant given the breadth of Defendant's privilege assertions and the scope of the materials at issue. Defendant's responses encompass communications with co-defendants and third parties, materials relating to content creation and publication, and documents purportedly reflecting internal analysis or research. Without a privilege

log, Plaintiffs cannot determine what categories of documents are being withheld, the time frame of those materials, the participants in the communications, or whether the asserted privilege is properly applied.

Courts in this District require sufficient detail to permit evaluation of privilege claims, and a party's failure to provide an adequate privilege log may result in waiver. See *Muro v. Target Corp.*, No. 04 C 6267, 2006 WL 3422181, at *6 (N.D. Ill. Nov. 28, 2006). At a minimum, Defendant must identify withheld pre-litigation communications and provide sufficient descriptive information to allow Plaintiffs and the Court to assess the applicability of the asserted privilege. Defendant's categorical refusal to provide a log, coupled with her withholding of responsive materials, is therefore a material deficiency that should be corrected.

## V. CONCLUSION

Defendant Marston's discovery responses remain incomplete and noncompliant. Plaintiffs respectfully request that this Motion be granted.

## VI. RELIEF REQUESTED

Plaintiffs respectfully request that the Court order Defendant to serve amended responses that comply with Rules 33, 34, and 36, clearly state whether materials are being withheld, provide complete narrative interrogatory responses, produce all responsive nonprivileged documents and electronically stored information, produce full communication threads where requested, identify custodians, data sources, and search methods, confirm whether production is complete, and serve a compliant privilege log. Plaintiffs further request an award of reasonable expenses and attorneys' fees pursuant to Rule 37(a)(5).

[*signature on following page*]

Respectfully submitted,

April 27, 2026

*s/Jeanette M. Braun*
Attorney for Plaintiffs

Jeanette M. Braun [pro hac vice]
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
(312) 373-0330
docket@brauniplaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.


Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW│BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com


Dated: April 27, 2026                    /s/ Jeanette M. Braun