IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JEANETTE BRAUN, & <br> BRAUN IP LAW, LLC | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 23 C 16856 |
| v. | ) ) | Hon. J. Mary Rowland |
| REBEKAH M. DAY NEE BOXX, & <br> LILY MARSTON, <br> Defendants. | ) ) ) ) | Mag. J. M. David Weisman |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Plaintiffs Jeanette M. Braun and Braun IP Law, LLC, by and through counsel, respectfully move this Court for an Order denying Defendants' Rebekah Day and Lily Marston's Motion to Compel filed April 22, 2026. [Dkt. 132]. Plaintiffs respectfully oppose said Motion and request it be denied because it seeks relief no remaining Defendant is entitled to seek, asks this Court to compel responses to discovery served by dismissed Defendant Krista Carter, @caffinatedkitti on social media and goes by the name Kitti Lalune and not her legal name when communicating with social media platforms like Meta, after the Court dismissed her from the case on March 13, 2026, and attempts to compel discovery requests that are moot, irrelevant, disproportionate, overbroad, ambiguous, and directed to confidential client information that Plaintiffs cannot disclose absent informed consent or a valid court order.

Fed. R. Civ. P. 37 does not authorize a dismissed nonparty to compel discovery. It provides that "a **party** may move for an order compelling disclosure or discovery" and that "a **party** seeking discovery may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(1), (a)(3)(B). (emphasis added). Fed. R. Civ. P. 33 likewise authorizes interrogatories from "a party" to "any other party." Fed. R. Civ. P. 33(a)(1). The dispute appears to stem from the same issue that required Plaintiffs to file their Motion to Strike: the meaning of "party" an its plural under the

1

Federal Rules. Krista Carter is no longer a party: she was dismissed by the Court on March 13, 2026. She has no pending claim or defense, Plaintiffs have no pending claim against her, and Defendants Marston and Day cannot use Rule 37 to enforce her discovery requests after her dismissal. Defendants' Motion does not solve that problem by saying Day and Marston still want the answer. The discovery at issue was Carter's Interrogatory No. 12, not Day's or Marston's, or any joint discovery request. Day and Marston cannot convert a dismissed party's interrogatory into their own post hoc request after discovery has closed.

Defendants' opposition to Plaintiffs' mootness argument is misplaced. *Killian v. Concert Health Plan*, 742 F.3d 651, 660 (7th Cir. 2013), addresses Article III mootness and whether a court can still grant effectual relief. It does not address the scope of discovery rights under Rules 33 or 37 following the dismissal of a party, and therefore does not bear on whether a dismissed defendant, or remaining defendants purporting to rely on that defendant's discovery, particularly when they served their own discovery and not joint discovery, may compel further responses. The same is true of *Commerce Bank, N.A. v. Widger*, No. 06 C 2527, 2008 U.S. Dist. LEXIS 16820, at *6 (C.D. Ill. Mar. 5, 2008), and *Flynn v. FCA US LLC*, No. 15 C 855, 2019 U.S. Dist. LEXIS 172806, at *6 (S.D. Ill. Oct. 4, 2019). Those decisions address contention interrogatories in the context of parties who remained in the case and do not consider the distinct question presented here, namely whether discovery propounded solely by a now dismissed defendant can be enforced through Rule 37 after that defendant no longer has a live stake in the litigation.

Plaintiffs further clarify that Defendants cannot properly rely on Interrogatory No. 12 as a basis for relief. That interrogatory was propounded solely by the now-dismissed Defendant Krista Carter a/k/a Kitti Lalune and was never re-served, adopted, or incorporated by the remaining Defendants. Defendants cite no authority permitting them to compel responses to an interrogatory they did not serve, particularly after the close of discovery. The Federal Rules authorize each

party to propound and enforce its own discovery requests, and Defendants cite no authority permitting them to compel further responses to an interrogatory they did not serve or adopt before the close of discovery. Fed. R. Civ. P. 33(a)(1); Fed. R. Civ. P. 37(a)(3)(B). Under these circumstances, compelling a further response would improperly allow the remaining Defendants to expand discovery after the deadline and after the Court's narrowing Order without having served a proper request of their own. Fed. R. Civ. P. 33.

Defendants' Motion also fails under Rule 26. Discovery must be relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Defendants seek information far beyond that standard. Many of their requests, the following being only one example, concerning all DMCA takedowns Plaintiffs have ever submitted for any client, at any time, are not tied to any remaining claim or defense. To date, Defendants have not filed an answer or defenses. They are not limited by client, platform, time, allegedly defamatory statement, alleged damages, or any conduct at issue in this case. They would require Plaintiffs to reveal confidential information relating to current and former client representations, including client identities, enforcement strategy, legal advice, and protected communications.

Ill. R. Prof'l Conduct R. 1.6 (eff. July 1, 2025) independently confirms why Plaintiffs' objections are substantial and proper. A lawyer must not reveal information relating to the representation of a client unless the client gives informed consent, disclosure is impliedly authorized, or an exception applies. Ill. R. Prof'l Conduct 1.6(a). Comment 15 provides that when a lawyer is ordered to reveal client information, absent informed consent the lawyer should assert all nonfrivolous claims that the order is unauthorized or that the information is protected by privilege or other law. Ill. R. Prof'l Conduct 1.6 cmt. 15. Plaintiffs have done exactly that. Defendants' attempt to characterize those objections as misconduct or obstruction is unfounded.

Defendants' privilege log argument is also overstated. Rule 26(b)(5)(A) requires a

3

description sufficient to permit assessment of the claim without revealing privileged or protected information. Fed. R. Civ. P. 26(b)(5)(A). Plaintiffs have properly objected to discovery that are overbroad, not relevant, ambiguous, seeks confidential client material and have served responses preserving privilege and confidentiality.

Plaintiffs contend that any challenge must be grounded in identifiable withheld materials tied to specific discovery requests so that the Court can assess both relevance and the propriety of the asserted privilege. Rule 26(b)(5)(A) operates in the context of information withheld from otherwise responsive discovery, and courts in this District evaluate privilege claims on that basis. See *Babych v. Psychiatric Sols., Inc.*, 271 F.R.D. 603, 608 (N.D. Ill. 2010). Here, Defendants have not identified any particular request or category of withheld documents for which responsive materials were improperly logged, nor have they articulated how any alleged deficiency in the log prevents evaluation of privilege as to specific documents. See *Kaufman v. Am. Express Travel Related Servs. Co.*, No. 07 C 1707, 2011 U.S. Dist. LEXIS 4420, at *12 to *13 (N.D. Ill. Jan. 14, 2011). Absent that linkage, Defendants' challenge provides no workable basis for the Court to order supplementation beyond, at most, a narrowly tailored clarification.

Turning to Defendant Lily Marston RFP Nos. 8 and 39, and Defendant Rebekah M. Day RFP Nos. 22 and 23, as written, these requests overbroadly seek documents relating to Plaintiffs' clients, revenue, and alleged damages, without limitation to the claims or defenses that remain in this case. They are not cabined by time, scope, or subject matter in a way that aligns with Plaintiffs' current damages theory. Plaintiffs have clarified that they are not pursuing damages for lost clients or lost revenue, and instead limit their damages to reputational harm and mitigation. In that posture, these requests are no longer relevant under Rule 26(b)(1), are disproportionate, and would require disclosure of confidential client information protected by Rule 1.6.

Defendants' argument that Plaintiffs were required to "supplement" rather than effectively

narrow their responses ignores the practical and legal effect of Plaintiffs' clarified damages position and this Court's March 13, 2026, Order. Once Plaintiffs limited their claims, the universe of relevant discovery narrowed accordingly. Discovery is confined to matters relevant to the claims and defenses at issue and does not extend to theories no longer at issue. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978). Any prior discovery understandings or agreements between the parties do not alter that analysis. Those discussions occurred before the Court's March 13, 2026, Order dismissing Krista Carter a/k/a Kitti Lalune and materially changing the scope of the case. Once that order issued, the landscape of claims, parties, and relevant discovery shifted. Agreements or assumptions premised on a broader set of claims do not require continued production of information that is no longer relevant to the claims and defenses at issue or proportional to the needs of the case. Further, they may be limited as the pleadings and issues in the case are narrowed. Discovery is limited by relevance and may be limited as the pleadings and issues in the case are narrowed and proportionality, and subject to the Court's discretion. See Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

Plaintiffs also address Defendants' contention that Plaintiffs agreed to supplement certain RFP responses but failed to do so. Any such discussions occurred prior to the Court's March 13, 2026 Order, which materially narrowed the claims, dismissed a defendant, and altered the scope of relevant discovery. Once Plaintiffs limited their damages theory to reputational harm and emotional distress, discovery relating to lost clients or revenue ceased to be relevant under Rule 26(b)(1). Plaintiffs' subsequent responses reflect that narrowed position. Rule 26(e) requires supplementation where prior responses are materially incomplete or incorrect in light of information then known, and does not require production of information that is no longer relevant under Rule 26(b)(1) following a narrowing of the claims. To the extent any prior discussions

suggested supplementation on a broader theory, that understanding does not override the governing relevance standard following the Court's Order.

The RFP portion of Defendants' motion should therefore be denied. Plaintiffs' supplemental responses already reflect the narrowed damages theory, eliminating any need for further supplementation. Defendants may not use discovery to obtain client information for collateral purposes. Plaintiffs' responses explain that Defendants' own produced voice memos and texts show an intent to use information on social media platforms. That context matters. Discovery cannot be used to harass parties, expose nonparties to public attacks, or manufacture an ethics trap by demanding confidential client material and then threatening sanctions when Plaintiffs comply with their professional obligations. What Defendants have done is go far beyond anything necessary for this case and instead seek to create a "gotcha" scenario: either Plaintiffs violate their ethical duties or face a motion to compel and threats of sanctions. Rule 37 does not permit that misuse of discovery.

Plaintiffs request that Defendants' sanctions request be denied. Plaintiffs had substantial justification for their objections. Defendants' requests have been mooted, are irrelevant, disproportionate, overbroad, ambiguous, and directed to confidential client information that has no relevance to the issues before the Court. Plaintiffs supplemented their interrogatory responses and narrowed their damages theory. Defendants' motion is not a necessary discovery motion. It is an attempt to compel improper discovery, enforce a dismissed party's interrogatory, and create a collateral narrative that Plaintiffs are unethical for either protecting or disclosing client information.

Turning to the privilege log, Defendants' Motion only advances generalized grievances about an alleged deficient privilege log without tethering those complaints to any specific interrogatory or request for production that remains at issue after the Court's March 13, 2026,

6

Order materially narrowed both the Parties and the claims.  This is improper.  The moving party bears the burden to identify with specificity the particular discovery requests at issue and to articulate how the challenged responses are deficient as to those requests. By presenting only a blanket challenge to Plaintiffs' privilege log untethered to any live discovery request, Defendants do not meet their burden under Rule 37, particularly in light of this Court's instruction that only remaining, concrete disputes be presented. Even if the Court finds the log insufficient, the appropriate remedy is a narrowly tailored supplementation, not the broad relief requested.

The record demonstrates that Defendants' complaint about the privilege log is not tied to any operative discovery dispute but is instead a generalized objection to Plaintiffs' assertion of privilege. Plaintiffs' supplemental responses identify ongoing objections grounded in over broadness, no relevance, privilege and confidentiality, including with respect to client communications and materials protected under applicable law, and other proper objections. Yet Defendants do not identify a single request for which a document was withheld and improperly logged, nor do they connect any alleged deficiency to a specific category of documents responsive to a particular request. That failure is significant because Rule 26(b)(5)(A) applies to information withheld from otherwise responsive discovery and requires a description sufficient to permit assessment of the claim in that context.  The moving party to link privilege log disputes to specific discovery requests and withheld materials before compelling supplementation. See *Babych v. Psychiatric Sols., Inc.*, 271 F.R.D. 603, 608 (N.D. Ill. 2010).

Defendants have not identified any specific discovery request still in dispute with reference to the privilege log, and instead assert only a generalized challenge to Plaintiffs' privilege log, their petition does not satisfy Rule 37 or this Court's prior Order and should be denied.

Finally, to the extent Defendants argue that Plaintiffs' discovery responses are inconsistent with the operative complaint, that issue does not justify compelled production of otherwise

7

irrelevant or privileged material. Plaintiffs have expressly clarified in sworn discovery responses the limited scope of their damages and the clients at issue. Discovery served can be refined and any perceived inconsistency does not require compelled production of information outside the scope of Rule 26(b)(1). Accordingly, Defendants' request to compel production of client-related materials based on superseded or abandoned theories exceeds the permissible scope of discovery and should be denied.

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Compel in full. If the Court determines that any additional response is warranted, Plaintiffs respectfully request a narrowly tailored Order, limited to remaining parties' live claims and defenses, and structured to protect current and former client confidentiality under Rule 1.6 and all applicable law.

Respectfully submitted,

April 29, 2026

_s/Jeanette M. Braun_
Attorney for Plaintiffs

Jeanette M. Braun [pro hac vice]
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
(312) 373-0330
docket@brauniplaw.com

_Attorneys for Plaintiffs_

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW│BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com

Dated: April 29, 2026                    /s/ Jeanette M. Braun