**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEANNETE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON, )<br><br>Plaintiffs, )<br><br>v. )<br><br>REBEKAH M. DAY NEE BOX, KRISTA CARTER & LILY MARSTON )<br><br>Defendants. ) | Case No. 23 C 16856 |

**CONSOLIDATED DECLARATION OF BRANDON J. WITKOW IN SUPPORT OF DEFENDANTS REBEKAH M. DAY & AND LILY MARSTON'S OPPOSITIONS TO <u>MOTIONS TO COMPEL</u>**

I, Brandon J. Witkow, hereby declare as follows:

1. I am counsel of record for Defendants Rebekah M. Day ("Day") and Lily Marston ("Marston") (collectively, "Defendants") in the above-captioned action. I make this declaration in support of Defendants' Oppositions to Plaintiff's Motion to Compel. I have personal knowledge of the facts set forth herein and can testify competently to them.

2. Attached as **Exhibit 1** is a true and correct copy of my April 26, 2026 response letter to Jeannette Braun as to her April 23, 2026 Letter of Deficiency as to Rebekah Day.

3. Attached as **Exhibit 2** is a true and correct copy of my April 26, 2026 response letter to Jeannette Braun as to her April 23, 2026 Letter of Deficiency as to Lily Marston.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Los Angeles, California on April 28, 2026.

<u>/s/ Brandon J. Witkow</u>
Brandon J. Witkow

# Exhibit 1



*VIA ELECTRONIC MAIL ([jmbraun@brauniplaw.com](mailto:jmbraun@brauniplaw.com))*

April 26, 2026

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101

> **Re:**   *Braun v. Day*, **Case No. 1:23 C 16856 — Response to April 23, 2026 Meet and Confer Letter**

Dear Ms. Braun:

We write in response to your April 23, 2026 letter regarding Defendant Rebekah Day's discovery responses. We address the issues you raised category by category below. Many of the concerns raised in your letter mischaracterize the record, and in some instances ignoring entirely Defendant's November 7, 2025 amended interrogatory responses, which addressed or substantially cured several of the objections your letter raises. We respond substantively so that any meet and confer can be focused on genuinely disputed issues rather than matters already resolved.[1]

## I.   General Observations

Your letter characterizes Defendant's discovery responses as suffering from "recurring defects" arising from "subject to and without waiving" prefatory language. We note at the outset that this framing does not render responses legally insufficient where the underlying responses provide substantive answers or adequately identify the basis for objection. *See Stagger v. Experian Info. Sols., Inc.*, No. 1:21-cv-02001, 2021 WL 5565543 (N.D. Ill. Nov. 29, 2021). We also note the inconsistency in Plaintiffs raising this formulation when their own discovery requests contain similar language.

## II.   Requests for Admission

**RFA No. 3 (Native TikTok Story / Metadata).** Defendant admitted possession of the original, native version of the December 11, 2023 TikTok Story Post. Her denial as to associated metadata reflects a legitimate, good-faith assertion: she lacks the technical expertise to determine whether metadata is embedded in the file and, if so, what it contains. Rule 36(a)(4) requires only "reasonable inquiry," and Defendant conducted that inquiry within the bounds of her personal knowledge and technical capability. *See United States v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987). If Plaintiffs believe the metadata is material to this litigation, the appropriate remedy is a targeted subpoena to TikTok — not a compelled admission that a lay person is not technically positioned to make. Notably, no ESI protocol order is in place in this case, the issue of native file inspection was not raised or addressed at

---

[1] In addition to the responses set forth herein, and for the reasons stated in Defendants' Opposition to Motion for Extension of Time [Docket No. 130], Defendants reserve the right to oppose any motion to compel on the ground that such motion is facially improper, as the discovery period in this matter closed on November 30, 2025 [Docket No. 80].

witkow | baskin

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 26, 2026

the Rule 26(f) conference, and Plaintiffs themselves have not made any native files available for inspection. Defendant is under no unilateral obligation to provide inspection access that Plaintiffs have not reciprocally undertaken and that no court order requires.

**RFA Nos. 7, 8, 9, and 11 (ARDC "Attorney" Qualification).** Defendant's responses deny each request solely because she cannot confirm whether the ARDC representative with whom she spoke held attorney status. This is a specific, identified factual uncertainty going to the precise term used in each request — not blanket evasion. Rule 36(a)(4) explicitly permits qualification where "good faith requires," and Defendant's uncertainty on this specific point satisfies that standard. *See Kasuboski*, 834 F.2d at 1350. Importantly, Defendant does not dispute that she communicated with ARDC personnel; she disputes only the professional status of the individual — a distinction directly implicated by Plaintiffs' theory that she fabricated or embellished her ARDC contact. Defendant's Interrogatory No. 14 response, discussed further below, names specific ARDC personnel and confirms the substance of each interaction in detail; whether each named person holds attorney status is a question more appropriately resolved by deposition of Defendant or by subpoena to the ARDC.

**RFA Nos. 13 and 14.** Defendant's response to RFA No. 13 is not a bare denial. It names Kimberly Butler and John R. Cesario as ARDC attorneys assigned to investigate complaints against Jeanette Braun, while noting that she cannot confirm the attorney-status of the representative who verbally confirmed receipt of "multiple credible complaints." This is a textbook partial admission with a qualified denial under Rule 36(a)(4). RFA No. 14 is a flat denial. Neither response is deficient.

**RFA Nos. 17, 18, and 24 (ARDC "Authorization").** These requests ask Defendant to admit that the ARDC "did not authorize" or "did not grant permission" for her to make public statements about an investigation. The premise is legally incorrect. No ARDC rule of procedure and no provision of the Federal Rules of Civil Procedure requires a private citizen — a non-attorney member of the public — to obtain "authorization" before publicly discussing information she received through her own complaint filings and follow-up inquiries. A request for admission built on a legally infirm premise does not compel a denial that implicitly endorses that premise. Defendant's objections and denials are appropriate under Rule 36(a)(4). *See First Nat'l Bank Co. v. Ins. Co. of N. Am.*, 606 F.2d 760 (7th Cir. 1979).

**RFA No. 19 (Non-Public ARDC Information).** The distinction between "public" and "non-public" ARDC information is not self-defining, and Defendant's acknowledgment that she cannot draw that line based on available information is an honest qualification, not evasion. What the ARDC designates as public (e.g., docketed complaints, formal investigation notices) versus information shared verbally with a member of the public during an inquiry call is a legal and factual determination Defendant is not positioned to make unilaterally. The denial is appropriate.

**RFA Nos. 22 and 23.** Defendant denied requests asking her to admit she is unaware of any public ARDC announcement confirming the substance of her statements. Defendant's position throughout this litigation — consistently reflected in the interrogatory responses — is that the information she received and communicated was accurate, grounded in direct, documented contact with ARDC

**witkow** | **baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 26, 2026

personnel, and confirmed in writing on December 14, 2023. These denials are not inconsistent with any other admission and are fully supported by the detailed ARDC narrative in Interrogatory No. 14.

**RFA No. 28 (Compound Request).** This request asks Defendant to admit in a single response that she intended her audience to understand her statements as (1) statements of fact, (2) not jokes, (3) not hyperbole, and (4) not satire, four independent propositions embedded in a single request. Rule 36(a)(2) provides that each request should address a single fact. The compound objection is well-taken.

## III.    Interrogatories

**Preliminary Note on Amended Responses.** Your letter's Rule 33(d) critique applies primarily to Defendant's original September 29, 2025 interrogatory responses, which referenced "business records being produced concurrently herewith" without Bates-number citations. Defendant's November 7, 2025 amended interrogatory responses — which your letter does not meaningfully distinguish — substantially addressed this concern by providing specific, detailed Bates ranges throughout. Interrogatory No. 3 now cites BD 00694–BD 00719, BD 00631, BD 00720, and BD 00721. Interrogatory No. 5 cites BD 00374. Interrogatory No. 7 cites BD 00008–BD 00257 and BD 00375–BD 00377 — a range encompassing approximately 250 documents. Interrogatory No. 8 cites BD 00406–BD 00410. Interrogatory No. 10 cites an extensive block of ranges totaling hundreds of additional documents. Interrogatory No. 14 cites BD 00683–BD 00693. Rule 33(d) requires that the responding party "specify the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them." Fed. R. Civ. P. 33(d)(1). The amended responses satisfy that standard. *See Bobby Johnson, Jr. v. Hix Wrecker Serv., Inc.*, 528 F. App'x 636, 640 (7th Cir. 2013). The premise that Defendant's Rule 33(d) references are generalized or non-specific is simply incorrect as to the operative amended responses.

**Interrogatory No. 1 (Account Identifying Information / Safety Concerns).** Defendant identified all of her social media and messaging accounts in response to this interrogatory, including both TikTok accounts, YouTube, Reddit, two X accounts, Instagram, and Facebook, with full profile URLs. She withheld only her private email address and phone number based on documented safety concerns arising from a substantial volume of harassment tied to this litigation. This is a narrow, justified withholding, not a wholesale refusal to respond. Plaintiffs have not identified any need for these private identifiers that could not be addressed through the account URLs Defendant has already provided, and Defendant's safety concerns, which are well-documented and objectively reasonable in the context of this case, provide an independent basis to sustain the objection.

**Interrogatory No. 3 (Statement Identification / Rule 33(d)).** Defendant expressly declined to identify every individual comment and reply she may have made in relation to her original posts on the grounds of undue burden, a position supportable under Rule 26(b)(1) proportionality principles where the interrogatory, as framed, would require cataloging every social media interaction across a multiyear period. For the substantive content, Defendant provided seventeen specific TikTok video URLs, all equally accessible to Plaintiffs, and in the amended response specifically identified the Bates

**witkow | baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 26, 2026

numbers for the documents being produced that contain the text of identified statements. Your letter treats the original response as the operative one; it is not.

**Interrogatory No. 4 (December 2023 Content / Participants).** Defendant provided a complete narrative response: no videos were produced in collaboration with a producer, editor, or host; she directed Plaintiffs to Interrogatory No. 10 for the full identification of persons who supplied information. This is responsive and complete.

**Interrogatories Nos. 5, 7, 8, and 10 (Communications with Third Parties / Rule 33(d)).** As noted above, the amended responses for each of these interrogatories provide specific Bates citations to produced records. Interrogatory No. 10, in particular, contains both a detailed narrative identifying each individual who supplied Defendant with information — Lily Marston, Krista Carter, Kodye Elyse, Chelsea Dean, Erica Fisk, Christin Williams, Velvet Mills, Andi Cunningham, Randi Colores, Ashley Galeazzi, Jamie Grayson, Bunnie XO, and Kelsey Pummel — with platform, date, and subject matter for each, and a specific multi-range Bates citation block. The complaint that these responses are non-specific is not sustainable as to the amended versions.

**Interrogatory No. 11 (ARDC Complaint Basis).** In the amended response, Defendant cross-references Interrogatory No. 14 in full without additional boilerplate, a cleaner, more targeted response. This is appropriate given that Interrogatory No. 14 is itself a comprehensive, multi-page narrative that answers everything Interrogatory No. 11 could require. Cross-referencing a detailed, responsive answer is not evasion; it is the orderly presentation of information to avoid redundancy.

**Interrogatory No. 12 (Basis for Assertions Regarding Braun Ethics / Fitness).** Defendant provided a detailed, substantive narrative response citing specific factual conduct: the alleged weaponization of Georgia law enforcement against Krista Carter, with specific citations to Georgia Code §§ 16-10-26 and 16-10-20; misuse of the DMCA copyright strike system on behalf of influencer clients; inappropriate cease and desist letters sent to Krista Carter and Andi Cunningham containing unfounded allegations and improper third-party disclosures; harm to Kodye Elyse's accounts and income; and the false copyright strikes filed against Jamie Grayson. The amended response adds specific Bates citations (BD 00576, BD 00577–BD 00588, BD 00589–BD 00658, BD 00564–BD 00575, BD 00669–BD 00682). This is among the most detailed responses in the set, and we are unable to identify any legitimate deficiency.

**Interrogatory No. 14 (ARDC Communications).** This response, unchanged in substance between the original and amended versions, with Bates citations added in the amendment, is the centerpiece of Defendant's factual defense in this case and deserves particular attention. Defendant identified four phone calls with the ARDC spanning December 5, 2023 through January 9, 2024, provided the substantive content of each call, named all ARDC personnel involved (Kimberly Butler, John R. Cesario, Maria Sheppard, and an unidentified female representative), described the written confirmation received December 14, 2023, and identified six other individuals who separately filed complaints. This response runs several pages and is among the most thorough in the record. Any

**witkow | baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 26, 2026

claim that it is deficient lacks factual foundation, and we expect Plaintiffs to withdraw that position at the meet and confer.

**Interrogatories Nos. 13, 15, 17, 18, and 19 (ESI, Analytics, Preservation).** Interrogatory No. 13 identifies that Defendant does not recall making changes to the December 11 Story and that platform removals were caused by Plaintiffs' own copyright strikes. Interrogatory No. 15 provides a seventeen-row analytics table for each video at issue, including likes, shares, comments, views, run time, and average watch time. Interrogatory No. 17 discloses that data was first exported for purposes of this production, with a specific Bates range cited in the amended response (BD 00008–BD 00528). Interrogatories Nos. 18 and 19 confirm no data was deleted, that Stories expired per platform policy, and that copyright-struck videos remain in Defendant's possession were produced. These are complete responses to what are, in essence, preservation and logistics interrogatories.

## IV.     Requests for Production — Set One

**"Subject to and Without Waiving" / Rule 34(b)(2)(C).** Plaintiff cites *BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, No. 15 C 10340, 2017 WL 1022010, at *3 (N.D. Ill. Mar. 16, 2017), for the proposition that "subject to and without waiving" language does not substitute for an explicit withholding disclosure under Rule 34(b)(2)(C). Defendant declines to supplement her responses on this basis, however, because Plaintiffs' own responses to Defendant's discovery requests in this action employ identical formulations and similarly do not include explicit, request-by-request withholding statements. A party that has not observed the standard it demands cannot require the opposing party to comply with it. No supplementation is required. As a practical matter, Defendant's responses in many instances affirmatively confirm the non-existence of responsive documents, and where Defendant has stated she "will produce" materials in her responses, those materials have been produced and no responsive non-privileged material is being withheld beyond the stated format and scope objections. , No. 1:21-cv-02001; *Bankdirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 1:15-cv-10340 (N.D. Ill. Sep. 12, 2017).

**RFP No. 1 (Documents Sufficient to Identify Accounts).** Defendant has identified her accounts in Interrogatory No. 1 in full, with the limited exception of private email and phone identifiers addressed above. Rule 34 governs the production of existing documents; it does not require creation of a new document or compilation. *See Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004). Existing documents reflecting those accounts were produced. The proper vehicle for an identification-style request is Rule 33, which Plaintiffs have already utilized.

**RFP No. 2 (Platform Data Exports).** Rule 34(b)(2)(E)(ii) requires production in a "reasonably usable form," not necessarily native format with full JSON metadata. The N.D. Ill. Standing Order Relating to ESI establishes that metadata need not be produced absent a specific showing of need. *See* N.D. Ill. Standing Order Relating to Disc. of ESI, Principle 2.04(d). The parties' Joint Report did not address native format production, no ESI protocol has been entered, and Plaintiffs did not produce their own discovery in native format. Defendant will not make native files available for inspection absent a court order, a stipulated ESI protocol, or Plaintiffs' reciprocal compliance with the same

**witkow | baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 26, 2026

standard. The Northern District of Illinois Standing Order confirms that ESI format is to be negotiated proactively by the parties at the Rule 26(f) conference stage, and Plaintiffs cannot now unilaterally demand native format production that was not raised at that stage. N.D. Ill. Standing Order on ESI, Principles 2.05–2.06.

**RFP Nos. 4, 11, 12, 13, 19, 20, 21, 23, 28, 36, 38, 48, 49, 51 ("No Documents Exist").** For each of these requests, Defendant's response that no responsive documents exist was made following a diligent search supervised by counsel. Rule 26(g)(1) requires a reasonable inquiry, not an exhaustive written narrative of search methodology in every instance. To the extent Plaintiffs seek information about the specific steps undertaken to locate documents in any given category, that inquiry is properly directed through an interrogatory, a vehicle Rule 33 provides precisely for this purpose. It is not a proper subject of a request for production, and the discovery period has in any event closed pursuant to Docket No. 80.

**RFP Nos. 15, 16, 17, 18, and 22 (Publicly Available Content).** We acknowledge the general principle that public availability does not, standing alone, excuse production. *Taylor v. Cook County Sheriff's Office*, No. 1:13-cv-01856 (N.D. Ill. Sep. 16, 2019). However, where the requesting party has direct, equivalent access to the same materials and the producing party can demonstrate a specific collection burden, a proportionality objection is appropriate under *County of Cook v. Bank of America Corp.*, No. 1:14-cv-02280 (N.D. Ill. Nov. 25, 2019). The TikTok videos, YouTube content, and public analytics referenced in these requests remain live and publicly accessible on Defendant's pages. Defendant's account identifiers and URLs have been provided in Interrogatory No. 1, and Plaintiffs have the platform, handle, and content identifiers necessary to access this material directly. Production of the non-public materials responsive to these requests is complete. No further production is required.

**RFP No. 32 (Communications Between "You" and "Rebekah (Bekah) Day").** As drafted, this request asks Defendant Rebekah Day to produce her communications with herself. That construction is on its face nonsensical and incapable of response. Your letter suggests the intent may have been to seek communications under an alternate username or in response to her own content, but intent cannot cure a request that, as written, has no cognizable meaning. Plaintiffs bear responsibility for the precision of their discovery requests, and the discovery period has now closed pursuant to Docket No. 80. Defendant cannot be compelled to respond to a request she cannot reasonably parse, and Plaintiffs are no longer in a position to serve corrected requests. The request as served is deficient and Defendant's objection stands.

**RFP No. 54 (Search Protocols).** Defendant objects to this request on the ground that it is better suited to an interrogatory than a document request — a distinction Rule 34 itself recognizes. Defendant produced documents in the same form and format as Plaintiffs' own production in this case, which is the appropriate benchmark for what constitutes a "reasonably usable form" under Rule 34(b)(2)(E)(ii) in this litigation. Plaintiffs cannot demand from Defendant a production format or search-protocol documentation that exceeds what Plaintiffs themselves provided.

**witkow baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 26, 2026

## V.      Requests for Production — Set Two

**RFP No. 56 (All Social Media Posts Regarding Plaintiffs).** Defendant's response limits production to materials relevant to Plaintiffs during the relevant period. This is an appropriate proportionality filter under Rule 26(b)(1). The request as framed potentially encompasses every mention of either Plaintiff across every platform for an unlimited timeframe. An unbounded social media dragnet is disproportionate in a case arising from a discrete set of posts. Defendant has produced responsive materials relating to the statements at issue.

## VI.      ESI, Self-Collection, and Preservation

Your letter's characterization of Defendant's collection methodology as categorically deficient overstates the applicable standard. This is not a large-scale commercial dispute. It is a defamation case arising from a defined set of social media posts made by an individual creator. Defendant's amended interrogatory responses identify the specific data sources, Bates ranges covering the collected materials (BD 00008 through BD 00528 and additional ranges), and the preservation steps taken. No relevant data was deleted; copyright-struck videos remain in Defendant's possession and were produced.

Counsel supervised the collection process. The parties' Joint Rule 26(f) Report did not contemplate the engagement of an ESI vendor, and imposing that obligation at Defendant's expense is inconsistent with proportionality principles and the expectations established at the outset of discovery. *See* N.D. Ill. Standing Order Relating to Disc. of ESI, Principles 2.05 & 2.06; *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839 (N.D. Ill. 2021). Defendant's methodology — platform-accessible data exports combined with personal device review under counsel's direction, and production in the same form as Plaintiffs' own production — is a defensible collection approach for a matter of this scale. *See Williams v. State Farm Mut. Auto. Ins. Co.*, No. 1:22-cv-01422 (N.D. Ill. Jun. 28, 2024).

Finally, Defendant's reference to third-party platform subpoenas was not offered as a substitute for Defendant's own production. It was offered as a supplemental avenue for materials such as server-side deletion logs and internal metadata not accessible through user-facing exports that the platforms control and Defendant cannot readily access. *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426 (7th Cir. 1993).

## VII.      Privilege Log

Defendant's position is consistent with this District's practice: post-filing communications with counsel need not be logged absent a specific showing of good cause. *See In re Bridgestone/Firestone, Inc., ATX Tires Prods. Liab. Litig.*, 129 F. Supp. 2d 1207, 1218 (S.D. Ind. 2001).

**witkow | baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 26, 2026

We approach these issues in good faith and look forward to resolving as many disputes as possible without court intervention. We reserve all rights with respect to any requests that exceed the proper scope of discovery.

Sincerely,

witkow | baskin

Brandon J. Witkow

**Exhibit 2**



*VIA ELECTRONIC MAIL (jmbraun@brauniplaw.com)*

April 26, 2026

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101

       **Re:**    *Braun v. Day*, **Case No. 1:23 C 16856 — Response to April 23, 2026 Meet and Confer Letter**

Dear Ms. Braun:

We write in response to your April 23, 2026 letter regarding Defendant Lily Marston's discovery responses. We address the issues you raised category by category below. Many of the concerns raised in your letter mischaracterize the record — in some instances ignoring entirely Defendant's November 7, 2025 amended interrogatory responses, which addressed or substantially cured several of the objections your letter raises. We respond substantively so that any meet and confer can be focused on genuinely disputed issues rather than matters already resolved.[1]

## I.      General Observations

Your letter characterizes Defendant's discovery responses as suffering from "recurring defects" arising from "subject to and without waiving" prefatory language. We note at the outset that this framing does not render responses legally insufficient where the underlying responses provide substantive answers or adequately identify the basis for objection. *See Stagger v. Experian Info. Sols., Inc.*, No. 1:21-cv-02001, 2021 WL 5565543 (N.D. Ill. Nov. 29, 2021). We also note the inconsistency in Plaintiffs raising this formulation when their own discovery responses contain similar language.

## I.  Requests for Admission

**RFA No. 3 — YouTube Transcript**. Your letter argues that Defendant cannot refuse to answer RFA No. 3 because the "underlying material is plainly within her possession." But the RFA asks Defendant to admit that YouTube's auto-generated transcripts "can provide a true and correct copy" of the referenced podcast episodes, without attaching or identifying a specific transcript. Rule 36 requires a responding party to make "reasonable inquiry" into information "reasonably available" to her. It does not require Defendant to speculate about the accuracy of an unidentified document that was neither served with the request nor identified with sufficient specificity to permit evaluation. *Kasuboski*, 834 F.2d at 1350. The objection stands. Because the discovery period has closed pursuant to Docket No. 80, Plaintiffs cannot cure this deficiency by attaching a transcript to a new or amended request. The RFA as propounded is deficient and not capable of a response.

---

[1] In addition to the responses set forth herein, and for the reasons stated in Defendants' Opposition to Motion for Extension of Time [Docket No. 130], Defendants reserve the right to oppose any motion to compel on the ground that such motion is facially improper, as the discovery period in this matter closed on November 30, 2025 [Docket No. 80].

**witkow** | **baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 25, 2026

**RFAs Nos. 6, 7, and 18 — "Reasonable Reader" and Legal Conclusions**. Plaintiffs correctly note that requests for admission "may address the application of law to fact." *EEOC v. AutoZone, Inc.*, No. 11 C 0195, 2012 WL 3061482, at *2 (N.D. Ill. July 26, 2012). Defendant does not dispute that principle in the abstract. But RFAs 6, 7, and 18 go further: they ask a lay content creator to opine on what a hypothetical "reasonable reader" would "understand" or "convey," and whether Defendant herself "understood" the reputational effect of her tweet. These requests do not simply apply law to stipulated fact; they ask Defendant to perform a defamation-law analysis from the perspective of an objectively defined fictional third party and to make legal determinations that are properly reserved for the trier of fact. The objections are substantively warranted. In any event, Defendant's substantive denials to RFAs 15, 19, 36, 38, and 39 — which address her actual knowledge, good faith belief, and intent — provide the factual record Plaintiffs need on the central liability questions in this case.

**RFA No. 9 — Compound/Intent**. RFA No. 9 asks Defendant to admit that "when you made or published statements about Plaintiffs" she intended her audience to understand "those statements" as statements of fact rather than as jokes, hyperbole, or satire. The request is framed as a blanket admission covering every statement, on every platform, over a multi-month period. This is a compound formulation that cannot be truthfully admitted or denied as a single proposition. Fed. R. Civ. P. 36(a)(4). The discovery period has closed pursuant to Docket No. 80. The request as drafted is deficient and, because no further requests may be propounded, that deficiency cannot be cured. The denial stands.

**RFA No. 12 — "Still Investigating" Response**. Plaintiff contends the "still investigating" response to RFA No. 12 fails to satisfy Rule 36's reasonable inquiry requirement. *Kasuboski*, 834 F.2d at 1350. Defendant declines to supplement this response, however, because Defendant's response is entirely consistent with the manner and scope of Plaintiffs' own responses to Defendant's discovery requests in this action, which contain analogous open-ended reservations and incomplete or evasive responses to requests seeking similarly direct admissions. Plaintiffs cannot demand a standard of compliance from Defendant that they have not themselves observed.

**RFA No. 16 — Vagueness as to "Statements"**. The vagueness objection to RFA No. 16 is substantively grounded. The term "statements" is not defined, and Defendant made numerous individual statements across Twitter/X, multiple podcast episodes, and other platforms, each with its own factual and editorial context. A blanket admission or denial as to whether Defendant "did not independently verify" the accuracy of all such statements would be misleading regardless of how it was answered. As Defendant's detailed Interrogatory No. 7 response makes clear, she conducted specific research activities – *i.e.* reviewing DMCA correspondence, YouTube notifications, copyright case law, and fair use analyses — before making specific statements. See LM000671–LM000701, LM00247–LM00323, LM00309, LM00002–LM00019.

**RFA No. 17 — Objection Stands; No Amendment Required**. Defendant declines to amend her response to RFA No. 17 because it is consistent with the manner and scope of Plaintiffs' own responses to analogous requests in this action. Plaintiffs have not held themselves to a higher standard

**witkow | baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 25, 2026

of specificity or clarity in their own discovery responses, and they cannot now demand that Defendant amend responses that mirror the level of compliance Plaintiffs themselves have observed. Defendant further notes that the underlying factual question, whether she received and used information from Rebekah Day, is answered in exhaustive detail in Defendant's amended Interrogatory No. 13, which identifies every item received, the platform, the substance, and whether and how it was used. See LM00002–LM00054.

**RFAs Nos. 20, 24, and 25 — Speculation, Legal Conclusion, and Compound**. RFA No. 20 asks Defendant to admit that she "recklessly disregarded" whether the perjury accusation was true. "Reckless disregard" is a constitutional standard derived from *New York Times Co. v. Sullivan* and its progeny. Asking a lay defendant to self-diagnose whether her own conduct satisfied the actual malice standard is precisely the kind of legal conclusion that is not a proper subject of a request for admission from a non-attorney party. RFAs Nos. 24 and 25 are compound in that they ask Defendant to simultaneously admit across multiple distinct categories of monetization (views, advertising, sponsorships, affiliate revenue) and engagement expectations. The substantive monetization information has been provided in amended Interrogatory No. 16, which identifies the Scentbird sponsorship for Episode 101, Google AdSense, Audioboom ad revenue, and Patreon income.

**RFAs Nos. 27–30 and 41–48 — Compound and Legal Conclusions**. RFAs 28–30 ask whether Defendant "communicated with" named individuals "before publishing the Do We Know Them episode(s) that discussed Plaintiffs." The use of the plural "episode(s)" without specification, combined with the term "communicated" across all platforms, requires Defendant to evaluate her contacts with multiple individuals across multiple platforms in connection with multiple episodes simultaneously. RFAs 41–48 ask Defendant to admit to the legal conclusions of civil conspiracy, coordinated defamation, foreseeable harassment, and substantial causation — each a core element of the claims at issue. Courts do not permit RFAs to extract admissions of the ultimate legal conclusions the requesting party is obligated to prove at trial. These objections stand, and the denials based thereon are proper. Fed. R. Civ. P. 36(a)(4).

## II. Interrogatories

**Interrogatory No. 1 — Privacy and Safety**. Defendant's objection to producing her personal email address and telephone number is not a generic privacy objection — it is grounded in documented safety concerns arising from the nature of this dispute and the conduct associated with it. Fed. R. Civ. P. 26(c). *Cf. Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air Conditioning Eng'rs, Inc.*, 755 F.3d 832, 838 (7th Cir. 2014) (recognizing that legitimate privacy interests inform discovery scope). Defendant has provided account identifiers sufficient to identify the platforms and accounts at issue in her response to Interrogatory No. 1. Moreover, Plaintiffs have similarly objected and refused to produce contact information for the "clients" she alleges were lost.

**Interrogatory No. 3 — Rule 33(d) With Specific Bates Citations**. Unlike a generic "see the produced documents" referral, Defendant's Rule 33(d) response to Interrogatory No. 3 identified LM01083 and LM00338 by specific Bates number. Rule 33(d) is satisfied when a party identifies

**witkow | baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 25, 2026

"specific records" from which the answer can be derived, particularly where deriving the answer will impose substantially the same burden on either party. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 325 (N.D. Ill. 2005). LM01083 contains a detailed compilation of Defendant's public statements and LM00338 contains responsive communications. Plaintiffs have equal access to and equal ability to derive responsive information from those documents.

**Interrogatories Nos. 6 and 7 — Narrative Responses Are Adequate**. Plaintiff contends Interrogatories 6 and 7 "fail to identify specific documents, sources, dates, and persons in a structured manner." This characterization is inaccurate. Defendant's amended Interrogatory No. 7 identifies four specific research and fact-checking activities performed before publication, each with a description of the materials reviewed and a corresponding Bates citation. See LM000671–LM000701; LM00247–LM00323; LM00309; LM00002–LM00019 and LM01050–LM01066. Interrogatory No. 6 cross-references Interrogatory No. 20, which is a twelve-page factual narrative addressing the perjury basis in detail. Rule 33(b)(3) requires complete and responsive answers. These responses satisfy that standard.

**Interrogatories Nos. 8–11 and 15 — Rule 33(d) With Specific Bates Ranges**. Each of these responses identifies specific Bates ranges from which the requested information can be derived: Interrogatory No. 8 (Day communications): LM00002–LM00166, LM00187–LM00209, LM00593–LM00596; Interrogatory No. 9 (Carter communications): LM00169–LM00171, LM00210–LM00224, LM00339–LM00418; Interrogatory No. 10 (Vazquez communications): LM00419–LM00604; Interrogatory No. 11 (Runkle communications): LM000763–LM00867; Interrogatory No. 15 (performance metrics): LM00038. This level of specificity satisfies the requirements of *In re Sulfuric Acid*, 231 F.R.D. at 325. The volume of documents identified in each Bates range confirms the proportionality of the Rule 33(d) approach; it does not indicate a deficiency.

**Interrogatory No. 13 — Third-Party Information Sources**. Plaintiffs' letter does not separately challenge Interrogatory No. 13, and for good reason: Defendant's amended response runs seven pages and provides granular, named-source detail about every individual who furnished information to Defendant. For each source — Bekah Day, Christin Williams, Kodye Elyse, Kaitlyn Shoemaker, Chelsea Suarez, and Erica Fisk — the response identifies the specific content received, the platform on which it was received, the dates involved, a description of each item, corresponding Bates citations, and whether and how the information was used. This response is a model of Rule 33(b)(3) compliance.

**Interrogatory No. 14 — Temporary Privatization vs. Deletion**. Plaintiffs suggest Interrogatory No. 14's description of content being "made private" is inconsistent with RFA No. 33's denial that Defendant deleted or removed any post. These responses are entirely consistent. Interrogatory No. 14 explains that Episode 86 was temporarily set to private, preserving the content entirely, as a precautionary response to YouTube's three-strikes policy while two active strikes were pending. The episode was restored to public status as soon as the strikes were resolved. Temporary privatization is a native platform setting that preserves content without alteration; it is categorically different from deletion or removal. Defendant's responses on this point are accurate and consistent.

**witkow|baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 25, 2026

**Interrogatories Nos. 17 and 18 — ESI Preservation**. Defendant's amended responses to Interrogatories 17 and 18 confirm that all ESI from October 1, 2023 to the present exists in accessible form on the respective devices and platforms, that no data has been deleted, and that Defendant recently exported this data for production purposes. The expiration of Instagram Stories after 24 hours occurs automatically under the platform's default policy and does not constitute a failure to preserve by Defendant. A party is not required to override a third-party platform's default settings to preserve ephemeral content absent a specific preservation obligation and the technical ability to do so. *See* The Sedona Principles, Third Edition, Principle 9 (no obligation to preserve "deleted, shadowed, fragmented, or residual ESI" absent special need). Fed. R. Civ. P. 37(e) requires only that a party take "reasonable steps" to preserve, not that she defeat automatic platform expiration mechanisms.

**Interrogatory No. 20 — Perjury Factual Basis**. Plaintiff's letter contends Defendant's Interrogatory No. 20 response "fails to identify the specific documents, communications, and evidence supporting each element." This characterization is plainly at odds with the record. Defendant's amended response to Interrogatory No. 20 spans twelve pages. It identifies: the specific DMCA takedown requests Ms. Braun submitted and the specific timecodes she certified under penalty of perjury, including the inaccurate timecode of 0:22:40 to 1:24:08; the specific YouTube communications showing Ms. Braun's escalating misrepresentations after YouTube declined her requests on fair use grounds; her specific citation to *Campbell v. Acuff-Rose* in support of positions the CCB later characterized as "preposterous," "strange," and "meaningless"; the CCB's seven-page final determination; and documentary Bates citations throughout. See LM00671–LM00701; LM00899–LM00987; LM01017; LM01029–LM01032; LM01037–LM01049; LM01072; LM01078–LM01083; LM01084. This response is comprehensive and fully responsive to the interrogatory as propounded.

## III. Requests for Production

**"Subject to and Without Waiving" Language and Withholding Statements**. Plaintiff cites *BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, No. 15 C 10340, 2017 WL 1022010, at *3 (N.D. Ill. Mar. 16, 2017), for the proposition that "subject to and without waiving" language does not substitute for an explicit withholding disclosure under Rule 34(b)(2)(C). Defendant declines to supplement her responses on this basis, however, because Plaintiffs' own responses to Defendant's discovery requests in this action employ identical formulations and similarly do not include explicit, request-by-request withholding statements. A party that has not observed the standard it demands cannot require the opposing party to comply with it. No supplementation is required. As a practical matter, Defendant's responses in many instances affirmatively confirm the non-existence of responsive documents (e.g., RFPs 5–8, 16–18, 21, 24, 35, 39), and where Defendant has stated she "will produce" materials in her responses, those materials have been produced and no responsive non-privileged material is being withheld beyond the stated format and scope objections.

**Reddit (RFPs 5–8) — Non-Existence Is Not a Deficiency**. Your letter suggests Defendant's denial of Reddit activity may be inconsistent with her acknowledgment of receiving third-party information. This conflates two separate things. Defendant does not operate any Reddit accounts

**witkow | baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 25, 2026

that have ever engaged in activity related to Plaintiffs or this lawsuit. The fact that Defendant received screenshots, screen recordings, and email correspondence through Instagram DMs and email — as exhaustively detailed in Interrogatory No. 13 — does not imply Reddit activity. Defendant's signed discovery responses confirm the absence of Reddit accounts and the search that supports that conclusion. Fed. R. Civ. P. 26(g)(1). Supplementation is not required because there is nothing to supplement.

**Temporal Limitation (Pre-Filing) on RFPs 28–31**. Defendant's limitation of productions in RFPs 28–31 to pre-filing communications is not arbitrary. Post-filing direct communications between Defendant and her co-defendants are privileged to the extent they involve counsel in a coordinated defense, and all such communications are post-filing. The temporal limitation is a legitimate and complete privilege-preservation position. A full production of non-privileged pre-filing communications has been made.

**Scope Limitation to "Relevant to the Podcast at Issue"**. Defendant's subject-matter limitation is not an improper self-definition of Rule 26's relevance standard; it is a proportional application of Rule 26(b)(1)'s requirement that discovery be "proportional to the needs of the case." The operative complaint centers on specific podcast episodes and a specific tweet. A demand for all materials across all of Defendant's social media accounts, across all subject matters, with no connection to the claims at issue, is neither proportional nor required. *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 879–80 (N.D. Ill. 2021). Defendant has produced all materials relating to the podcast episodes and statements at issue in Plaintiffs' claims. No broader production is warranted, and no further discussion of scope is required.

**Equally Available Public Content (RFPs 11, 12, 19)**. Defendant's Equally Available Objection is applied only to content that is publicly accessible on Defendant's own platforms. It is not applied to non-public content such as DMs, private communications, or analytics data. With respect to publicly visible posts and comment threads, requiring Defendant to screenshot and produce content that Plaintiffs can access directly from any browser is disproportionate. Fed. R. Civ. P. 26(b)(2)(C)(i). *McKellips v. Kumho Tire Co., Inc.*, 305 F.R.D. 655, 680 (D. Kan. 2015) ("[D]iscovery need not be required of documents of public record which are equally accessible to all parties"; responding party "need not produce responsive documents in its possession, custody, or control that exist in the public domain and are equally accessible" to the requesting party). To the extent *McKellips* requires that the responding party identify withheld public-domain documents by title and source, that requirement is satisfied here: Defendant's Interrogatory No. 1 response identifies each of Defendant's public-facing accounts by platform and URL, and the specific posts and comment threads at issue are identifiable from the episode and account references in Defendant's responses. Plaintiffs have the platform, the account handle, and the episode identifiers necessary to access the content directly.

**Excerpt Productions vs. Full Threads (RFPs 9, 13, 28–31)**. Where a communication thread contains a combination of responsive material and wholly unrelated private conversations, Rule 34 does not require production of the non-responsive content. Defendant has produced responsive excerpts in a reasonably usable form with sufficient surrounding context. Production is complete.

witkow | baskin

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 25, 2026

No supplementation or further discussion is required, and no withholding statement obligation exists beyond what is established by the position stated in Section III.A above regarding Plaintiffs' own identical practice in this action.

**Voice Messages — Produced in Format Ordinarily Maintained**. Plaintiff contends the voice messages were not produced in a "reasonably usable form" under Rule 34(b)(2)(E). Defendant respectfully disagrees. The voice messages were produced in the exact format in which they are ordinarily maintained on Defendant's device and platform. No other format exists; they were not converted, compressed, or altered from their native state. Rule 34(b)(2)(E)(ii) requires production "in a form or forms in which it is ordinarily maintained or in a reasonably usable form" — the disjunctive standard is satisfied by production in the ordinarily maintained format alone. Defendant is able to play and access the voice messages as produced. Production is complete and no reformatting or supplementation is required.

**ESI Format, Metadata, and Proportionality**. Plaintiffs' demand for universal native format, comprehensive JSON/CSV metadata, full message-thread reconstruction, and deletion and change logs exceeds what Rules 26(b)(1) and 34(b)(2)(E) require. *DR Distribs.*, 513 F. Supp. 3d at 879–80. Where the parties have not previously agreed on a production format, "the producing party may either produce the information in the format in which it is ordinarily maintained, or a form that is reasonably usable." *Robert Osborne & Marina Bay Transp., LLC v. C.H. Robinson Co.*, No. 3:08-cv-50165, 2011 WL 5041371, at *4 (N.D. Ill. Oct. 26, 2011); Fed. R. Civ. P. 34(b)(2)(E)(ii). The parties' Joint Report did not address native format production, no ESI protocol has been entered, and Plaintiffs did not produce their own discovery in native format. Defendant will not make native files available for inspection absent a court order, a stipulated ESI protocol, or Plaintiffs' reciprocal compliance with the same standard. The Northern District of Illinois Standing Order confirms that ESI format is to be negotiated proactively by the parties at the Rule 26(f) conference stage. N.D. Ill. Standing Order on ESI, Principles 2.05–2.06. Plaintiffs cannot now unilaterally demand native format production that was not raised at that stage. General demands for "all metadata" without demonstrated specific need are likewise insufficient to overcome proportionality objections. *BankDirect*, 2017 WL 1022010, at *3. The Northern District's Standing Order further confirms that metadata is not automatically relevant or required. N.D. Ill. Standing Order on ESI, Principle 2.04(d).

## IV. Internal Inconsistencies

The "internal inconsistencies" Plaintiffs identify do not withstand scrutiny. First, on RFP 4 and Interrogatory No. 14: Defendant consistently denied deleting, editing, or removing any content (RFPs 4, 39; RFA 33). Interrogatory No. 14 explains that Episode 86 was temporarily set to private — preserving the content — as a precautionary response to the risk of a third YouTube strike, and was made public again immediately after the strikes were removed. Temporary privatization is not deletion. These positions are consistent.

Second, on Reddit: Defendant's acknowledgment of receiving screenshots and screen recordings from third parties via Instagram DMs and email does not imply Reddit activity. Different platforms;

**witkow | baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 25, 2026

different activities. The denial of Reddit accounts is a verified factual statement, not a gap requiring supplementation.

Third, on TikTok and YouTube content: Defendant's statements that she never posted TikTok content about Plaintiffs and that no consolidated YouTube comment export was available through the platform's tools are accurate. The existence of accounts does not create an obligation to produce content that does not exist on those accounts.

Fourth, on platform exports: Defendant produced responsive excerpts from platform exports rather than full JSON because full exports contain extensive unrelated private conversations. The decision to produce excerpts rather than complete exports is consistent with Rule 34(b)(2)(C) and with Plaintiffs' own production practices in this action. No supplementation is required.

**V. ESI, Search & Preservation**

Defendant's production was not self-collected without supervision; her counsel participated in the review and production process. Defendant's interrogatory responses identify the custodians (Lily Marston), the accounts at issue (identified in Interrogatory No. 1 with specific URLs), the general categories of sources searched, and the preservation steps taken (no deletion; recent export for production). This is not a case — like *DR Distribs.* — involving years of undisclosed spoliation by a corporate defendant. 513 F. Supp. 3d at 931–35. The ESI at issue is a defined set of social media accounts, all held by a single individual, over a defined time period. Defendant has identified the accounts, confirmed no deletion occurred, and produced responsive materials.

Plaintiffs' letter demands that Defendant "identify custodians, sources, search terms, collection methods, and date ranges" through her RFP responses, and contends that the failure to include such descriptions in those responses is a "material deficiency." This is not a proper use of Rule 34. Rule 34 governs the production of existing documents and ESI within a party's possession, custody, or control. Fed. R. Civ. P. 34(a). It does not require a responding party to provide narrative descriptions of the steps taken to conduct a search, the methodology employed, or the search terms used. A demand for that information is properly directed through an interrogatory under Rule 33, which governs requests for a party to identify, describe, and explain facts and processes. Fed. R. Civ. P. 33(a)(2) (interrogatories may relate to "the existence, description, nature, custody, condition, and location of any documents"). Plaintiffs have not propounded an interrogatory seeking this information and may not obtain it through an RFP response. The discovery period has closed pursuant to Docket No. 80, foreclosing any ability to propound such an interrogatory now. In any event, Defendant produced her documents and ESI in the same form and format as Plaintiffs produced their own materials in this action, and Plaintiffs cannot demand a standard of production from Defendant that they did not themselves observe.

The demand for a formal ESI protocol with third-party vendor engagement and search term logs is further disproportionate to the scale of this case and inconsistent with the parties' Joint Report, which

**witkow | baskin**

Jeanette M. Braun, Esq.
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
April 25, 2026

did not identify the need for significant e-discovery or a third-party ESI vendor.  N.D. Ill. Standing Order on ESI, Principles 2.05 & 2.06.

## VII.    Privilege Log

Defendant's position is consistent with this District's practice: post-filing communications with counsel need not be logged absent a specific showing of good cause. *See In re Bridgestone/Firestone, Inc., ATX Tires Prods. Liab. Litig.*, 129 F. Supp. 2d 1207, 1218 (S.D. Ind. 2001).  Moreover, Plaintiffs are in no position to demand a privilege log from Defendant.  Plaintiffs produced a wholly deficient privilege log in this action that is currently the subject of a pending motion to compel.  A party that has failed to satisfy its own privilege log obligations cannot demand strict compliance from the opposing party. Defendant's position on this issue stands.

We approach these issues in good faith and look forward to resolving as many disputes as possible without court intervention. We reserve all rights with respect to any requests that exceed the proper scope of discovery.

Sincerely,

witkow | baskin

Brandon J. Witkow