## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)
### Eastern Division

Jeanette Braun, et al.

                Plaintiff,

v.

Rebekah M Day, et al.

                Defendant.

Case No.: 1:23–cv–16856
Honorable Mary M. Rowland

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, April 30, 2026:

      MINUTE entry before the Honorable Mary M. Rowland: Status hearing held 4/30/26. Parties report on the status of the case. Parties expect approximately 13 depositions. For the reasons stated on the record, Plaintiff's motion [123] to strike status report is denied. Defendant's motion [132] is granted. Plaintiff to respond to discovery requests regarding damages by 5/7/26. Plaintiff is to describe fully ALL of her bases for her damages and ALL of her evidence that supports those damages. Ms. Braun will not be permitted to seek damages if she does not comply with this order. Plaintiff's motions [135][136] are taken under advisement. Defendants to submit their discovery responses to the court by 5/4/26. Separately, the Court is concerned that Ms. Braun utilized AI in her drafting. The Court therefore issues a rule to show cause why Ms. Bruan should not be sanctioned pursuant to (1) Rule 11(b)(2), (2) 28 U.S.C. § 1927, and (3) the inherent power of the Court, for citing non–existent cases to the Court in her motion [135]. By 5/8/26, Ms. Braun shall provide the Court with a true and accurate copy of EEOC v. AutoZone, Inc., No. 11 C 0195, 2012 WL 3061482 (N.D. Ill. July 26, 2012), BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc., No. 15 C 10340, 2017 WL 1022010, at *3 (N.D. Ill. Mar. 16, 2017), and Westefer v. Snyder, No. 07 C 2798, 2008 WL 190317 (N.D. Ill. Jan. 18, 2008). If Ms. Braun is unable to do so, Ms. Braun shall submit a sworn declaration explaining to the Court how the motion was generated and how she came to locate Autozone, Inc., Premium Fin. Inc., and Synder, by 5/18/26. Ms. Braun is further ordered to identify which portions of her submissions [135]; [136] were AI–generated. Oral discovery to close 9/30/26. The court orders Defense counsel not to be conferring with Mr. Runkle. Such consultations will not move this case forward. Counsel, as an officer of the court, has assured the Court that he is not engaging in such conduct. This caution applies to the entire legal defense team. Plaintiff to file a motion to amend the complaint by 5/11/26. The Court refers this case to Judge Weisman for purposes of conducting a settlement conference. Mailed notice. (jg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.