**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JEANETTE BRAUN, | ) | Case No. 23 CV 16856 |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | Hon. J. Mary Rowland |
| | ) | |
| Plaintiffs, | ) | Mag. J. M. David Weisman |
| | ) | |
| v. | ) | |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | |
| KRISTA CARTER, & | ) | |
| LILY MARSTON, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT REBEKAH M. DAY'S ANSWER TO THIRD AMENDED COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

Defendant Rebekah M. Day nee Box ("Day" or "Answering Defendant"), by and through

her undersigned counsel, hereby answers the Third Amended Complaint ("TAC") filed by

Plaintiffs Jeanette Braun and Braun IP Law, LLC (collectively, "Plaintiffs" or "Braun").

Answering Defendant responds to each paragraph of the TAC as follows:

**PRELIMINARY STATEMENT**

Pursuant to the Court's Memorandum Opinion and Order dated March 13, 2026 [Docket

No. 118], Counts VII and VIII of the TAC were previously dismissed; Count IX has been

dismissed; and Defendant Krista Carter has been dismissed from this litigation. Accordingly, the

only claims remaining against Answering Defendant Day are Counts I (Defamation Per Se), III

(False Light), and V (Trade Libel). Answering Defendant additionally notes that Plaintiff Lauren

Propson voluntarily dismissed her claims pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(i) on March 10, 2026 [Docket No. 115], and that co-Defendant Lily Marston has filed

1

a separate Answer to the TAC. Except as expressly admitted below, Answering Defendant denies each and every allegation, characterization, and implication of the TAC.

## NATURE OF THE CASE

1. Answering Defendant admits that this action purports to assert the state law claims identified in this paragraph. Answering Defendant denies that her conduct was defamatory, tortious, or otherwise actionable, denies that any of her statements were false, and denies that Plaintiffs are entitled to any relief against her. Answering Defendant further notes that the Wisconsin state law claims referenced in this paragraph were asserted on behalf of Plaintiff Propson, who has since voluntarily dismissed her claims. *See* Docket No. 115.

## PARTIES

2. Answering Defendant admits, on information and belief, that Plaintiff Jeanette Braun is a citizen of the State of Illinois.

3. Answering Defendant admits, on information and belief, that Plaintiff Braun IP Law, LLC is a limited liability company organized under the laws of the State of Illinois, with a contact address in Addison, Illinois. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph, and on that basis denies them.

4. Answering Defendant notes that Plaintiff Lauren Propson voluntarily dismissed her claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on March 10, 2026. *See* Docket No. 115. To the extent a response is required, Answering Defendant admits, on information and belief, that Propson is a citizen of the State of Wisconsin.

5. Answering Defendant admits that she is a citizen of the State of Missouri.

6. This allegation is no longer at issue as a result of Defendant Carter's dismissal. *See* Docket Nos. 117 & 118.

7. The allegations of paragraph 7 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis denies them.

2

## JURISDICTION AND VENUE

8.     Answering Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Answering Defendant denies that Plaintiffs are entitled to any relief against her.

9.     Answering Defendant admits that venue is proper in the Northern District of Illinois. Answering Defendant denies the remaining characterizations, including the characterization that any reputational harm to Plaintiffs was caused by Answering Defendant's conduct.

10.     Answering Defendant admits the general legal standards applicable to permissive joinder under Federal Rule of Civil Procedure 20(a)(1). Answering Defendant denies that all of Plaintiffs' claims arise from the same transactions or occurrences or that the same questions of law and fact are common to all Plaintiffs, and denies all remaining allegations as stated.

11.     Answering Defendant admits the general legal standard applicable to joinder of defendants under Federal Rule of Civil Procedure 20(a)(2). Answering Defendant denies the remaining characterizations and allegations of this paragraph.

## BACKGROUND

Paragraphs 12-55.     These allegations are no longer at issue as a result of Defendant Carter's dismissal. *See* Docket Nos. 117 & 118.

56.     Answering Defendant admits that she is a social media content creator publicly known as "Bekah Day." Answering Defendant denies the remaining characterizations, including the characterization that she "holds herself out" in any misleading capacity, and denies all remaining allegations of this paragraph.

57.     Answering Defendant admits that she does not hold a professional journalism degree. Answering Defendant denies the remaining characterizations and implications of this paragraph.

3

58.     Answering Defendant admits that a LinkedIn profile associated with her name has existed. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph, and on that basis denies them.

59.     Answering Defendant admits that she creates content on social media platforms and that some of that content addresses matters of public concern involving social media creators. Answering Defendant denies the characterization of her content as mere "disparagement" intended to harm, and denies all remaining allegations of this paragraph.

60.     Answering Defendant admits, on information and belief, that TikTok offers compensation to certain content creators based on viewership metrics. Answering Defendant denies any implication that her content was created for improper purposes, and denies all remaining allegations of this paragraph as stated.

61.     Answering Defendant denies the allegations of this paragraph.

62.     Answering Defendant admits she made content in or around November 2023 that addressed the dispute involving Defendant Carter and the Plaintiffs. Answering Defendant denies the remaining characterizations and implications of this paragraph.

63.     Answering Defendant denies the allegations of this paragraph.

64.     Answering Defendant denies the allegations of this paragraph.

65.     Answering Defendant admits she posted content in November 2023 discussing matters related to the dispute. Answering Defendant denies the characterizations of that content as improper or actionable, and denies all remaining allegations.

66.     Answering Defendant admits she identified Braun by name in certain content. Answering Defendant denies the remaining characterizations.

67.     Answering Defendant denies the allegations of this paragraph.

68.     Answering Defendant denies the allegations of this paragraph.

69.     Answering Defendant admits she made a TikTok story post in December 2023 that contained the text depicted in this paragraph. Answering Defendant denies that the post was false, defamatory, or otherwise actionable, and denies all remaining characterizations.

4

70.     Answering Defendant admits she made content in December 2023 that discussed Braun's representation of a client. Answering Defendant denies the remaining characterizations of that content as false or defamatory.

71.     Answering Defendant denies the allegations of this paragraph.

72.     Answering Defendant admits she published posts in December 2023 addressing copyright strike practices. Answering Defendant denies the characterization of those practices as "false copyright strikes" or an "unethical tactic," and denies all remaining allegations of this paragraph as stated.

73.     Answering Defendant admits she made statements in December 2023 regarding Braun's representation of a client in connection with certain copyright matters. Answering Defendant denies the characterization that any copyright action referenced therein was "false," and denies all remaining allegations.

74.     Answering Defendant admits she posted content referencing certain content creators. Answering Defendant denies that the content of that post was false or defamatory, and denies all remaining characterizations.

75.     Answering Defendant denies the allegations of this paragraph as stated.

76.     Answering Defendant admits that the screenshot depicted in this paragraph is a copy of content she posted. Answering Defendant denies all defamatory characterizations of that post and denies all remaining allegations.

77.     Answering Defendant admits she made a statement expressing her interest in ensuring that attorneys engaging in improper conduct on social media platforms not go unchecked. Answering Defendant denies the characterization that this statement expressed an "intent to ruin" Braun's career, denies that the statement was made with improper purpose, and denies all remaining allegations.

78.     Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning what her followers knew or believed, and on that basis denies the allegations of this paragraph.

79. Answering Defendant denies the allegations of this paragraph.

80. Answering Defendant denies the allegations of this paragraph.

81. Answering Defendant denies the allegations of this paragraph.

82. Answering Defendant denies the allegations of this paragraph.

83. Answering Defendant denies the characterization of that contact as improper or made for an improper purpose, and denies all remaining allegations of this paragraph.

84. Answering Defendant denies the allegations of this paragraph.

85. Answering Defendant admits that she posted a TikTok story on or about December 11, 2023 containing the text described in this paragraph. Answering Defendant denies that the statement was false, defamatory, actionable, or that it was made with knowledge of falsity or reckless disregard for the truth, and denies all remaining characterizations and allegations.

86. Answering Defendant admits that the screenshot depicted in this paragraph is a copy of her TikTok post. Answering Defendant denies all defamatory characterizations of that post and all remaining allegations.

87. Answering Defendant denies the allegations of this paragraph.

88. Answering Defendant denies the allegations of this paragraph.

89. Answering Defendant denies the allegations of this paragraph.

90. Answering Defendant denies the allegations of this paragraph.

91. Answering Defendant denies the allegations of this paragraph.

92. Answering Defendant denies the allegations of this paragraph.

93. Answering Defendant denies the allegations of this paragraph.

94. Answering Defendant lacks information as to the allegations of this paragraph and therefore denies all allegations of this paragraph.

95. Answering Defendant admits the general description of the ARDC as set forth in publicly available information. Answering Defendant denies any implication that her statements regarding the ARDC were false or otherwise improper.

96. Answering Defendant lacks information as to the allegations of this paragraph and therefore denies all allegations of this paragraph.

97. Answering Defendant lacks information as to the allegations of this paragraph and therefore denies all allegations of this paragraph.

98. Answering Defendant lacks information as to the allegations of this paragraph and therefore denies all allegations of this paragraph.

99. Answering Defendant denies the allegations of this paragraph.

100. Answering Defendant lacks information as to the allegations of this paragraph and therefore denies all allegations of this paragraph.

101. Answering Defendant lacks information as to the allegations of this paragraph and therefore denies all allegations of this paragraph.

102. Answering Defendant denies the allegations of this paragraph.

103. The allegations of paragraph 103 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103, and on that basis denies them.

104. The allegations of paragraph 104 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104, and on that basis denies them.

105. The allegations of paragraph 105 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105, and on that basis denies them.

106. Answering Defendant admits she communicated with Defendant Marston in connection with covering matters of public concern relating to the events at issue in this litigation. Answering Defendant denies the defamatory characterizations of those communications and denies all remaining allegations of this paragraph.

107. The allegations of paragraph 107 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107, and on that basis denies them.

108. The allegations of paragraph 108 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108, and on that basis denies them.

109. The allegations of paragraph 109 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109, and on that basis denies them.

110. The allegations of paragraph 110 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110, and on that basis denies them.

111. The allegations of paragraph 111 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111, and on that basis denies them.

112. The allegations of paragraph 112 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112, and on that basis denies them.

113. The allegations of paragraph 113 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113, and on that basis denies them.

114. The allegations of paragraph 114 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114, and on that basis denies them.

115. The allegations of paragraph 115 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115, and on that basis denies them.

116. The allegations of paragraph 116 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116, and on that basis denies them.

117. The allegations of paragraph 117 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117, and on that basis denies them.

118. The allegations of paragraph 118 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118, and on that basis denies them.

119. The allegations of paragraph 119 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119, and on that basis denies them.

120. The allegations of paragraph 120 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120, and on that basis denies them.

121. The allegations of paragraph 121 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121, and on that basis denies them.

122. Answering Defendant denies the allegations of this paragraph, including any characterization of her statements as "false and defamatory" and any assertion that an "angry internet mob" was incited by any conduct of hers.

123. Answering Defendant denies the allegations of this paragraph, including any assertion that she "personally fueled and incited" any mob or engaged in conduct intended to cause Plaintiffs humiliation, harassment, or harm.

124. Answering Defendant denies the allegations of this paragraph, including any assertion that harassment of Plaintiffs was a foreseeable or direct result of her statements.

125. Answering Defendant denies the allegations of this paragraph.

126. Answering Defendant denies the allegations of this paragraph.

127. Answering Defendant admits, on information and belief, that Plaintiffs' counsel sent correspondence to Defendants' counsel in or around April 2024. Answering Defendant denies the remaining allegations of this paragraph, including any assertion that Answering Defendant was obligated to issue a public comment or that she refused to take any required action.

128. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning communications to the Court, and on that basis denies them. To the extent any such communications occurred, Answering Defendant denies that they were caused by her conduct.

129. Answering Defendant denies the allegations of this paragraph.

130. Answering Defendant denies the allegations of this paragraph.

131. Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities in their supplemental interrogatory responses; accordingly, no response to the allegations of this paragraph is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph.

132. Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities in their supplemental interrogatory responses; accordingly, no response to the allegations of this paragraph is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph.

133. Answering Defendant denies the allegations of this paragraph, including any assertion that she conspired with Defendant Marston or any third parties.

134. Answering Defendant denies the allegations of this paragraph, including any assertion that she conspired with Defendant Marston or any third parties to harm Plaintiffs.

## <u>COUNT I — DEFAMATION PER SE</u>

**Against Rebekah Day**

10

**By Plaintiffs Jeanette Braun and Braun IP Law, LLC**

135. Answering Defendant incorporates by reference her responses to paragraphs 1 through 134 as though fully set forth herein.

136. Answering Defendant admits she posted a TikTok story on or about December 11, 2023 that contained the statement quoted in this paragraph. Answering Defendant denies that the statement was false, denies that it constitutes defamation per se, and denies all remaining characterizations and allegations.

137. Answering Defendant denies the allegations of this paragraph.

138. Answering Defendant denies the allegations of this paragraph.

139. Answering Defendant admits that her post was publicly accessible on TikTok. Answering Defendant denies the remaining characterizations, including any characterization of the post as having been disseminated across "multiple social media platforms" in the manner alleged, and denies all remaining allegations.

140. Answering Defendant admits that her post referenced Jeanette Braun by name. Answering Defendant denies that the average viewer would have understood the statement in the defamatory manner alleged, and denies all remaining allegations of this paragraph.

141. Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities in their supplemental interrogatory responses; accordingly, no response to the allegations of this paragraph is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph.

142. To the extent paragraph 142 asserts damages based on lost clients, lost profits, or lost client opportunities—including the allegation that Answering Defendant's statements "harmed [Plaintiffs'] ability to retain new clients"—Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn such damages in their supplemental interrogatory responses, and no response to those allegations is required. To the extent any response is deemed required, and to the extent this paragraph asserts the remaining characterization that Answering Defendant's statement

11

constitutes defamation per se, Answering Defendant denies the allegations of this paragraph in their entirety.

143. Answering Defendant denies the allegations of this paragraph.

144. Answering Defendant denies the allegations of this paragraph.

145. Answering Defendant admits her post was published on TikTok. Answering Defendant denies the characterization of that publication as "unprivileged," and denies all remaining allegations.

146. Answering Defendant denies the allegations of this paragraph.

147. To the extent paragraph 147 asserts damages based on lost clients, lost profits, lost client opportunities, or economic harm arising from the loss of business relationships—including allegations of "economic" damages and "harm to her career"—Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn such damages in their supplemental interrogatory responses, and no response to those allegations is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph in their entirety.

148. Answering Defendant denies the allegations of this paragraph.

149. Answering Defendant denies the allegations of this paragraph.

<u>COUNT II — DEFAMATION PER SE</u>

**Against Lily Marston**

**By Plaintiffs Jeanette Braun and Braun IP Law, LLC**

150. The allegations of paragraph 150 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150, and on that basis denies them.

151. The allegations of paragraph 151 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151, and on that basis denies them.

12

152. The allegations of paragraph 152 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152, and on that basis denies them.

153. The allegations of paragraph 153 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153, and on that basis denies them.

154. The allegations of paragraph 154 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154, and on that basis denies them.

155. The allegations of paragraph 155 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155, and on that basis denies them.

156. The allegations of paragraph 156 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156, and on that basis denies them.

157. The allegations of paragraph 157 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157, and on that basis denies them.

158. The allegations of paragraph 158 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158, and on that basis denies them.

159. The allegations of paragraph 159 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159, and on that basis denies them.

160. The allegations of paragraph 160 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160, and on that basis denies them.

## COUNT III — FALSE LIGHT

### Against Rebekah Day nee Box

### By Plaintiffs Jeanette Braun and Braun IP Law, LLC

161. Answering Defendant incorporates by reference her responses to paragraphs 1 through 134 as though fully set forth herein.

162. Answering Defendant admits that on or about December 11, 2023, she posted a TikTok video containing the text described in this paragraph. Answering Defendant denies that the statement was false, denies that it placed Plaintiffs in a false light, and denies all remaining allegations.

163. Answering Defendant denies the allegations of this paragraph.

164. Answering Defendant denies the allegations of this paragraph, including any assertion that her statement placed Braun in a false light or implied that she was the subject of an active and serious investigation for professional misconduct.

165. Answering Defendant denies the allegations of this paragraph.

166. Answering Defendant admits that her post was made on TikTok and was accessible to TikTok users. Answering Defendant denies the remaining characterizations and allegations of this paragraph.

167. Answering Defendant denies the allegations of this paragraph.

168. Answering Defendant denies the allegations of this paragraph.

169. Answering Defendant denies the allegations of this paragraph.

170. To the extent paragraph 170 asserts damages based on lost clients, lost profits, lost client opportunities, or harm to business relationships—including the allegation that Plaintiff Braun suffered "damage to her business relationships and legal practice"—Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn such damages in their supplemental interrogatory responses, and no response to those allegations is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph in their entirety.

171. Answering Defendant denies the allegations of this paragraph.

14

## COUNT IV — FALSE LIGHT

### Against Lily Marston

### By Plaintiffs Jeanette Braun and Braun IP Law, LLC

172. The allegations of paragraph 172 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172, and on that basis denies them.

173. The allegations of paragraph 173 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173, and on that basis denies them.

174. The allegations of paragraph 174 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174, and on that basis denies them.

175. The allegations of paragraph 175 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175, and on that basis denies them.

176. The allegations of paragraph 176 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176, and on that basis denies them.

177. The allegations of paragraph 177 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177, and on that basis denies them.

## COUNT V — TRADE LIBEL

### Against Defendant Rebekah Day nee Box

### By Plaintiff Jeanette Braun and Plaintiff Braun Law

178. Answering Defendant incorporates by reference her responses to paragraphs 1 through 134 as though fully set forth herein.

179. Answering Defendant denies the allegations of this paragraph.

15

180. Answering Defendant admits that she made a post on or about December 11, 2023 containing the text quoted in this paragraph. Answering Defendant denies that the statement was false, disparaging, or otherwise actionable as trade libel, and denies all remaining allegations.

181. Answering Defendant denies the allegations of this paragraph, including any assertion that her statement "specifically disparaged the quality and legality" of Plaintiffs' legal services and constituted commercial disparagement or trade libel.

182. Answering Defendant denies the allegations of this paragraph.

183. Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities—including the allegations of "loss of current and prospective client relationships" and "diminished goodwill"—in their supplemental interrogatory responses; accordingly, no response to the allegations of this paragraph is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph.

184. To the extent paragraph 184 asserts damages based on lost clients, lost profits, lost client opportunities, or economic harm arising from the loss of business relationships—including the allegations of "economic harm" and that "[d]amages are ongoing and subject to proof at trial"—Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn such damages in their supplemental interrogatory responses, and no response to those allegations is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph in their entirety.

## COUNT VI — TRADE LIBEL

### Against Defendant Lily Marston

### By Plaintiffs Jeanette Braun and Braun IP Law, LLC

185. The allegations of paragraph 185 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185, and on that basis denies them.

16

186. The allegations of paragraph 186 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186, and on that basis denies them.

187. The allegations of paragraph 187 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187, and on that basis denies them.

188. The allegations of paragraph 188 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188, and on that basis denies them.

189. The allegations of paragraph 189 apply to Defendant Marston, and thus the answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189, and on that basis denies them.

### COUNT VII — TORTIOUS INTERFERENCE WITH CONTRACT

**Against Defendant Carter**

**By Plaintiff Lauren Propson**

190–197. This claim is no longer at issue as a result of Defendant Carter's dismissal. *See* Docket Nos. 117 & 118.

### COUNT VIII — TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE

**Against Defendant Krista Carter**

**By Plaintiff Lauren Propson**

198, 300–308. This claim is no longer at issue as a result of Defendant Carter's dismissal. *See* Docket Nos. 117 & 118.

### COUNT IX — TORTIOUS INTERFERENCE WITH EXISTING AND POTENTIAL BUSINESS RELATIONSHIPS

**Against Defendants Rebekah Day & Lily Marston**

**By Plaintiff Jeanette Braun and Plaintiff Braun IP Law, LLC**

199-216. Count IX of the Third Amended Complaint has been dismissed pursuant to this Court's Memorandum Opinion and Order dated March 13, 2026. *See* Docket No. 118. Accordingly, no response to paragraphs 199 through 216 is required. To the extent any response is deemed required, Answering Defendant denies each and every allegation of Count IX.

## AFFIRMATIVE DEFENSES

Answering Defendant asserts the following affirmative defenses without assuming any burden of proof that does not otherwise rest with her under applicable law, and without waiving any rights or defenses otherwise available.

## FIRST AFFIRMATIVE DEFENSE

### Substantial Truth

1. The statements made by Answering Defendant were substantially true. As the TAC itself concedes, the Illinois ARDC did receive complaints about Braun and did assign at least one attorney to review those complaints. *See* TAC ¶¶ 99–100. The "gist" or "sting" of Answering Defendant's statement—that the ARDC had received complaints about Braun and that those complaints were being reviewed—was accurate. Under Illinois law, only "substantial truth" is required; a defendant need prove the truth of only the gist or sting of the alleged defamatory statement. Answering Defendant's statements are therefore not actionable.

## SECOND AFFIRMATIVE DEFENSE

### Qualified Privilege

2. Answering Defendant's statements were protected by a qualified privilege under Illinois law. The statements concerned matters of genuine public interest—specifically, the alleged misuse of DMCA and copyright strike procedures by an attorney operating in the social media content creator space, an issue directly affecting Answering Defendant, her fellow content creators, and their viewing audiences. Answering Defendant made these statements in good faith, in furtherance of her own legitimate interest in protecting the right of content creators to post without interference from what she reasonably believed to be improper legal tactics, and in furtherance of

18

the public's interest in attorney conduct. Plaintiffs have failed to plead, and cannot prove, actual malice sufficient to overcome this qualified privilege.

### THIRD AFFIRMATIVE DEFENSE

### First Amendment and Constitutional Protection — Opinion

3. To the extent any of Answering Defendant's statements constitute expressions of opinion, commentary, or hyperbole rather than actionable statements of fact, they are absolutely protected by the First Amendment of the United States Constitution and Article I, Section 4 of the Illinois Constitution. The statements were made in the context of ongoing public commentary about matters of public concern by a social media personality addressing issues affecting a wide community of content creators. No statement of opinion may be the basis of a defamation, false light, or trade libel claim.

### FOURTH AFFIRMATIVE DEFENSE

### Innocent Construction

4. Answering Defendant's statements, fairly read in their full context, are capable of an innocent construction and therefore are not actionable per se under Illinois law. Statements concerning the receipt of complaints about and investigation of an attorney by a professional disciplinary body do not necessarily imply that the attorney engaged in misconduct, lacked integrity, or was unqualified—and thus must be given an innocent construction.

### FIFTH AFFIRMATIVE DEFENSE

### No Actual Malice

5. Plaintiffs cannot establish that Answering Defendant made any statement with knowledge of its falsity or with reckless disregard for whether it was true or false. Answering Defendant acted in good faith based on information she had received and genuinely believed to be accurate. The TAC's conclusory allegations of malice are insufficient as a matter of law to establish actual malice and are unsupported by any specific facts demonstrating that Answering Defendant knew her statements were false or entertained serious doubts as to their truth.

### SIXTH AFFIRMATIVE DEFENSE

**Fair Comment on Matters of Public Concern**

6.      Answering Defendant's statements constitute fair comment on matters of legitimate public concern, including the conduct of an attorney engaged in the ongoing and widespread use of DMCA copyright strike procedures and cease-and-desist letters affecting a large number of social media content creators. The conduct that Answering Defendant addressed was a subject of public discussion and debate, and her statements were based on facts reasonably available to her at the time. Fair comment on such matters of public interest is protected.

## SEVENTH AFFIRMATIVE DEFENSE

### No Proximate Cause

7.      Any harm allegedly suffered by Plaintiffs was not proximately caused by Answering Defendant's statements. To the extent Plaintiffs suffered any cognizable harm—which Answering Defendant denies—such harm was caused by the independent, intervening, and superseding acts of third parties over whom Answering Defendant exercised no direction or control. A defendant cannot be held liable for the independent tortious acts of third parties who acted without the defendant's direction.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure to Allege and Prove Special Damages (Trade Libel) / Withdrawal of Economic Damages

8.      Plaintiffs' trade libel claim fails because trade libel requires proof of special damages—specific economic losses actually suffered as a result of the defendant's statements—and Plaintiffs have failed to allege or establish such damages with the particularity the law demands. Moreover, Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities in their supplemental interrogatory responses. That withdrawal is fatal to Plaintiffs' trade libel claim, which cannot survive absent proof of actual pecuniary harm to a specific business relationship. The withdrawal equally bears on the extent of any compensable damages available under the remaining defamation

20

and false light claims, and Answering Defendant reserves all rights to seek judgment on those claims on that basis.

**NINTH AFFIRMATIVE DEFENSE**

**Failure to Mitigate**

9.      Plaintiffs failed to take reasonable and available steps to mitigate their alleged damages, including but not limited to taking appropriate steps to correct any public misunderstandings about their professional conduct, engaging in timely and effective public communication, or seeking appropriate corrective relief in a timely manner. To the extent any damages are awarded, they must be reduced by the amount attributable to Plaintiffs' failure to mitigate.

**TENTH AFFIRMATIVE DEFENSE**

**Statute of Limitations**

10.      To the extent any of Plaintiffs' claims are based on statements or conduct occurring outside the applicable statute of limitations period, those claims are time-barred.

**ELEVENTH AFFIRMATIVE DEFENSE**

**Plaintiffs' Own Conduct / Contributory Fault**

11.      Plaintiffs' own conduct, including the conduct of Plaintiff Braun in filing copyright takedown notices and cease-and-desist letters against social media content creators, contributed to any negative public attention, reputational harm, or business loss they allegedly suffered. Any recovery by Plaintiffs must be reduced or eliminated by the extent to which their own conduct caused or contributed to the damages they claim.

**TWELFTH AFFIRMATIVE DEFENSE**

**No Cognizable Damages**

12.      Plaintiffs have not suffered compensable damages as a result of any statement by Answering Defendant. Any alleged reputational harm or business loss was caused by Plaintiffs' own actions, by the actions of parties over whom Answering Defendant exercised no control, or

21

by the underlying facts giving rise to public scrutiny of Plaintiffs' conduct—none of which is attributable to Answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Failure to State Recoverable Damages

13.     Plaintiffs' claims are barred, in whole or in part, because Plaintiff has not suffered any legally cognizable damages as a result of any act or omission by Defendant. To the extent Plaintiffs allege injury, such alleged damages are speculative, remote, uncertain, or not recoverable as a matter of law. Accordingly, Plaintiffs are not entitled to recover any damages from Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Absence of Severe or Compensable Emotional Distress

14.     As a separate and affirmative defense, Defendant alleges that Plaintiff has not suffered emotional distress of the nature, severity, or duration required to support recovery. Any alleged distress is speculative, de minimis, not supported by competent evidence, or not proximately caused by Defendant's conduct. Accordingly, Plaintiff is not entitled to recover emotional distress damages, and any such recovery must be barred or reduced.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Reservation of Additional Defenses

15.     Answering Defendant has not knowingly or intentionally waived any applicable affirmative defense. Discovery may reveal additional facts supporting additional affirmative defenses not yet identified. Answering Defendant expressly reserves the right to amend this Answer to assert additional affirmative defenses as information becomes available through the course of discovery and further proceedings in this matter.

## PRAYER FOR RELIEF

Defendant Rebekah M. Day respectfully requests that this Court:

(a) Enter judgment in favor of Answering Defendant and against Plaintiffs on all counts of the Third Amended Complaint asserted against her;

(b) Dismiss all remaining claims against Answering Defendant with prejudice;

22

(c) Award Answering Defendant her attorneys' fees and costs to the extent permitted by law; and

(d) Grant such other and further relief as the Court deems just and proper.

Dated: April 30, 2026     Respectfully submitted,


       *s/  Brandon J. Witkow*
       Attorney for Defendants

       Brandon J. Witkow [pro hac vice]
       Cory A. Baskin
       WITKOW | BASKIN
       21031 Ventura Boulevard, Suite 700
       Woodland Hills, California 91364
       (818) 296-9508
       bw@witkowlaw.com

       *Attorneys for Defendants*

23

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Jeanette Braun
1600 W. Lake Street
Suite 103B
Addison, IL 60101
jmbraun@brauniplaw.com

***Attorney for Plaintiffs***

Dated: April 30, 2026

/s/ *Brandon J. Witkow*
Brandon J. Witkow

24