**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JEANETTE BRAUN, BRAUN IP LAW, LLC & LAUREN PROPSON, | ) ) ) ) | Case No. 23 CV 16856 |
|  | ) | Hon. J. Mary Rowland |
| Plaintiffs, | ) ) | Mag. J. M. David Weisman |
| v. | ) ) |  |
| REBEKAH M. DAY NEE BOXX, KRISTA CARTER, & LILY MARSTON, | ) ) ) ) |  |
| Defendants. | ) ) |  |

**DEFENDANT LILY MARSTON'S ANSWER TO THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant Lily Marston ("Marston" or "Answering Defendant"), by and through her undersigned counsel, hereby answers the Third Amended Complaint ("TAC") filed by Plaintiffs Jeanette Braun and Braun IP Law, LLC (collectively, "Plaintiffs" or "Braun"). Answering Defendant responds to each paragraph of the TAC as follows:

**PRELIMINARY STATEMENT**

Pursuant to the Court's Memorandum Opinion and Order dated March 13, 2026 [Docket No. 118], Counts VII and VIII of the TAC were previously dismissed; Count IX has been dismissed; and Defendant Krista Carter has been dismissed from this litigation. Accordingly, the only claims remaining against Answering Defendant Marston are Counts II (Defamation Per Se), IV (False Light), and VI (Trade Libel). Answering Defendant additionally notes that Plaintiff Lauren Propson voluntarily dismissed her claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on March 10, 2026 [Docket No. 115], and that co-Defendant Rebekah M. Day has filed a separate Answer to the TAC.

1

Except as expressly admitted below, Answering Defendant denies each and every allegation, characterization, and implication of the TAC.

## NATURE OF THE CASE

1.      Answering Defendant admits that this action purports to assert the state law claims identified in this paragraph. Answering Defendant denies that her conduct was defamatory, tortious, or otherwise actionable, denies that any of her statements were false, and denies that Plaintiffs are entitled to any relief against her. Answering Defendant further notes that the Wisconsin state law claims referenced in this paragraph were asserted on behalf of Plaintiff Propson, who has since voluntarily dismissed her claims. *See* Docket No. 115.

## PARTIES

2.      Answering Defendant admits, on information and belief, that Plaintiff Jeanette Braun is a citizen of the State of Illinois.

3.      Answering Defendant admits, on information and belief, that Plaintiff Braun IP Law, LLC is a limited liability company organized under the laws of the State of Illinois, with a contact address in Addison, Illinois. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph, and on that basis denies them.

4.      Answering Defendant notes that Plaintiff Lauren Propson voluntarily dismissed her claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on March 10, 2026. *See* Docket No. 115. To the extent a response is required, Answering Defendant admits, on information and belief, that Propson is a citizen of the State of Wisconsin.

5.      The allegations of paragraph 5 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis denies them.

6.      This allegation is no longer at issue as a result of Defendant Carter's dismissal. *See* Docket Nos. 117 & 118.

7.      Answering Defendant admits that she is a citizen of the State of California.

2

## JURISDICTION AND VENUE

8. Answering Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Answering Defendant denies that Plaintiffs are entitled to any relief against her.

9. Answering Defendant admits that venue is proper in the Northern District of Illinois. Answering Defendant denies the remaining characterizations, including the characterization that any reputational harm to Plaintiffs was caused by Answering Defendant's conduct.

10. Answering Defendant admits the general legal standards applicable to permissive joinder under Federal Rule of Civil Procedure 20(a)(1). Answering Defendant denies that all of Plaintiffs' claims arise from the same transactions or occurrences or that the same questions of law and fact are common to all Plaintiffs, and denies all remaining allegations as stated.

11. Answering Defendant admits the general legal standard applicable to joinder of defendants under Federal Rule of Civil Procedure 20(a)(2). Answering Defendant denies the remaining characterizations and allegations of this paragraph.

## BACKGROUND

Paragraphs 12-55. These allegations are no longer at issue as a result of Defendant Carter's dismissal. *See* Docket Nos. 117 & 118.

56. The allegations of paragraph 56 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and on that basis denies them.

57. The allegations of paragraph 57 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57, and on that basis denies them.

58. The allegations of paragraph 58 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58, and on that basis denies them.

3

59. The allegations of paragraph 59 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and on that basis denies them.

60. The allegations of paragraph 60 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, and on that basis denies them.

61. The allegations of paragraph 61 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61, and on that basis denies them.

62. The allegations of paragraph 62 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62, and on that basis denies them.

63. The allegations of paragraph 63 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63, and on that basis denies them.

64. The allegations of paragraph 64 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64, and on that basis denies them.

65. The allegations of paragraph 65 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65, and on that basis denies them.

66. The allegations of paragraph 66 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66, and on that basis denies them.

67. The allegations of paragraph 67 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and on that basis denies them.

68.     The allegations of paragraph 68 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, and on that basis denies them.

69.     The allegations of paragraph 69 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, and on that basis denies them.

70.     The allegations of paragraph 70 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70, and on that basis denies them.

71.     The allegations of paragraph 71 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71, and on that basis denies them.

72.     The allegations of paragraph 72 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72, and on that basis denies them.

73.     The allegations of paragraph 73 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and on that basis denies them.

74.     The allegations of paragraph 74 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74, and on that basis denies them.

75.     The allegations of paragraph 75 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75, and on that basis denies them.

76.     The allegations of paragraph 76 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76, and on that basis denies them.

77. The allegations of paragraph 77 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77, and on that basis denies them.

78. The allegations of paragraph 78 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78, and on that basis denies them.

79. The allegations of paragraph 79 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79, and on that basis denies them.

80. The allegations of paragraph 80 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80, and on that basis denies them.

81. The allegations of paragraph 81 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81, and on that basis denies them.

82. The allegations of paragraph 82 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82, and on that basis denies them.

83. The allegations of paragraph 83 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83, and on that basis denies them.

84. The allegations of paragraph 84 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84, and on that basis denies them.

85. The allegations of paragraph 85 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85, and on that basis denies them.

86.     The allegations of paragraph 86 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86, and on that basis denies them.

87.     The allegations of paragraph 87 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87, and on that basis denies them.

88.     The allegations of paragraph 88 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88, and on that basis denies them.

89.     The allegations of paragraph 89 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89, and on that basis denies them.

90.     The allegations of paragraph 90 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90, and on that basis denies them.

91.     The allegations of paragraph 91 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91, and on that basis denies them.

92.     The allegations of paragraph 92 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92, and on that basis denies them.

93.     The allegations of paragraph 93 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93, and on that basis denies them.

94.     The allegations of paragraph 94 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94, and on that basis denies them.

95. The allegations of paragraph 95 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95, and on that basis denies them.

96. The allegations of paragraph 96 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96, and on that basis denies them.

97. The allegations of paragraph 97 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, and on that basis denies them.

98. The allegations of paragraph 98 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, and on that basis denies them.

99. The allegations of paragraph 99 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99, and on that basis denies them.

100. The allegations of paragraph 100 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100, and on that basis denies them.

101. The allegations of paragraph 101 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101, and on that basis denies them.

102. The allegations of paragraph 102 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102, and on that basis denies them.

103. Answering Defendant admits that she is a co-host and co-owner of the "Do We Know Them?" podcast. Answering Defendant denies any remaining characterizations of this paragraph.

104. Answering Defendant admits that the "Do We Know Them?" podcast is an online video podcast distributed across various platforms, and that she and her co-host address matters of public interest, including social media controversies. Answering Defendant denies the characterization that the podcast's content is limited to the promotion of "rumors," and denies all remaining characterizations of this paragraph.

105. Answering Defendant admits, on information and belief, that she receives compensation from YouTube and other platforms based on viewership and play metrics. Answering Defendant denies any implication that her content was created for improper purposes, and denies all remaining allegations of this paragraph as stated.

106. Answering Defendant admits she communicated with Defendant Day in connection with her coverage of matters of public concern relating to the events at issue in this litigation. Answering Defendant denies the defamatory characterizations of those communications and denies all remaining allegations of this paragraph.

107. Answering Defendant admits that in the December 2, 2023 episode of the "Do We Know Them?" podcast she acknowledged Defendant Day by username and referenced Day's TikTok content as a source of additional coverage on matters of public concern. Answering Defendant denies the remaining characterizations and implications of this paragraph.

108. Answering Defendant admits that in discussing matters of public concern related to Braun's past representations, she and her co-host referenced and discussed content posted by Defendant Day. Answering Defendant denies the remaining characterizations of this paragraph.

109. Answering Defendant denies the allegations of this paragraph.

110. Answering Defendant denies the allegations of this paragraph.

111. Answering Defendant denies the allegations of this paragraph.

112. Answering Defendant admits she posted a video on or about December 3, 2023 in which she and her co-host addressed the controversy involving Braun. Answering Defendant denies the characterization that this constituted "mocking," and denies all remaining allegations of this paragraph.

113. Answering Defendant admits that she and her co-host identified Braun by her full name in certain content. Answering Defendant denies all remaining characterizations of this paragraph.

114. Answering Defendant admits she discussed certain of Braun's past representations in her podcast content. Answering Defendant denies the characterization that the discussion was improper or defamatory, and denies all remaining allegations of this paragraph.

115. Answering Defendant admits that a clip of a video from one of Braun's former clients was played in connection with the discussion. Answering Defendant denies the remaining characterizations of this paragraph.

116. Answering Defendant admits that she and her co-host noted that certain content creators, including Alyssa DeFord and Kaitlynn Dempsey, had retained Braun as legal counsel. Answering Defendant denies the remaining characterizations and implications of this paragraph.

117. Answering Defendant admits that she and her co-host offered commentary on Braun's legal practice and expressed opinions about her conduct. Answering Defendant denies that such commentary was false, defamatory, or otherwise actionable, and denies all remaining characterizations.

118. Answering Defendant admits she published the post described in this paragraph on or about December 10, 2023. Answering Defendant denies that the post was defamatory, false, or otherwise actionable, and denies all remaining characterizations.

119. Answering Defendant admits that the screenshot depicted in this paragraph is an accurate copy of her post on X (formerly Twitter). Answering Defendant denies all defamatory characterizations of that post and all remaining allegations of this paragraph.

120. Answering Defendant admits that the reference to "Demps" in her post referred to Kaitlynn Dempsey. Answering Defendant denies the remaining characterizations and implications of this paragraph.

10

121. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what her followers knew or believed at any particular time, and on that basis denies the allegations of this paragraph.

122. Answering Defendant denies the allegations of this paragraph, including any characterization of her statements as "false and defamatory" and any assertion that an "angry internet mob" was incited by any conduct of hers.

123. Answering Defendant denies the allegations of this paragraph, including any assertion that she "personally fueled and incited" any mob or engaged in conduct intended to cause Plaintiffs humiliation, harassment, or harm.

124. Answering Defendant denies the allegations of this paragraph, including any assertion that harassment of Plaintiffs was a foreseeable or direct result of her statements.

125. Answering Defendant denies the allegations of this paragraph.

126. Answering Defendant denies the allegations of this paragraph.

127. Answering Defendant admits, on information and belief, that Plaintiffs' counsel sent correspondence to Defendants' counsel in or around April 2024. Answering Defendant denies the remaining allegations of this paragraph, including any assertion that Answering Defendant was obligated to issue a public comment or that she refused to take any required action.

128. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning communications to the Court, and on that basis denies them. To the extent any such communications occurred, Answering Defendant denies that they were caused by her conduct.

129. Answering Defendant denies the allegations of this paragraph.

130. Answering Defendant denies the allegations of this paragraph.

131. Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities in their supplemental interrogatory responses; accordingly, no response to the allegations of this paragraph is required.

11

To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph.

132. Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities in their supplemental interrogatory responses; accordingly, no response to the allegations of this paragraph is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph.

133. Answering Defendant denies the allegations of this paragraph, including any assertion that she conspired with Defendant Day or any third parties.

134. Answering Defendant denies the allegations of this paragraph, including any assertion that she conspired with Defendant Day or any third parties to harm Plaintiffs.

## <u>COUNT I — DEFAMATION PER SE</u>

### Against Rebekah Day

### By Plaintiffs Jeanette Braun and Braun IP Law, LLC

135. The allegations of paragraph 135 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135, and on that basis denies them.

136. The allegations of paragraph 136 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136, and on that basis denies them.

137. The allegations of paragraph 137 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137, and on that basis denies them.

138. The allegations of paragraph 138 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138, and on that basis denies them.

139. The allegations of paragraph 139 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139, and on that basis denies them.

140. The allegations of paragraph 140 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140, and on that basis denies them.

141. Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities in their supplemental interrogatory responses; accordingly, no response to the allegations of this paragraph is required. To the extent any response is deemed required, and to the extent any portion of the allegations of paragraph 141 apply to Defendant Day, the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

142. To the extent paragraph 142 asserts damages based on lost clients, lost profits, or lost client opportunities—including the allegation that Answering Defendant's statements "harmed [Plaintiffs'] ability to retain new clients"—Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn such damages in their supplemental interrogatory responses, and no response to those allegations is required. To the extent any response is deemed required, and to the extent this paragraph applies to Defendant Day, the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies them.

143. The allegations of paragraph 143 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143, and on that basis denies them.

144. The allegations of paragraph 144 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144, and on that basis denies them.

13

145.  The allegations of paragraph 145 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145, and on that basis denies them.

146.  The allegations of paragraph 146 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146, and on that basis denies them.

147.  To the extent paragraph 147 asserts damages based on lost clients, lost profits, lost client opportunities, or economic harm arising from the loss of business relationships—including allegations of "economic" damages and "harm to her career"—Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn such damages in their supplemental interrogatory responses, and no response to those allegations is required. To the extent any response is deemed required, and to the extent this paragraph applies to Defendant Day, the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies them.

148.  The allegations of paragraph 148 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148, and on that basis denies them.

149.  The allegations of paragraph 149 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149, and on that basis denies them.

### COUNT II — DEFAMATION PER SE

**Against Lily Marston**

**By Plaintiffs Jeanette Braun and Braun IP Law, LLC**

150.  Answering Defendant incorporates by reference her responses to paragraphs 1 through 134 as though fully set forth herein.

151.  Answering Defendant admits she is a social media personality and that on or about December 10, 2023, she published on X (formerly Twitter) the post quoted in this paragraph.

14

Answering Defendant denies that the post was false, defamatory, or otherwise actionable, and denies all remaining characterizations.

152. Answering Defendant denies that the post was "widely understood" by the public in the defamatory manner alleged, and denies all remaining allegations of this paragraph.

153. Answering Defendant denies the allegations of this paragraph.

154. Answering Defendant denies the allegations of this paragraph.

155. Answering Defendant denies the allegations of this paragraph, including the characterization that her post constitutes defamation per se.

156. Answering Defendant admits her post was publicly accessible. Answering Defendant denies the remaining characterizations and implications of this paragraph.

157. Answering Defendant denies the allegations of this paragraph.

158. Answering Defendant denies the allegations of this paragraph.

159. Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities—including the allegations of damage to "business relationships" and "loss of clients and prospective clients"—in their supplemental interrogatory responses; accordingly, no response to the allegations of this paragraph is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph.

160. Answering Defendant denies the allegations of this paragraph.

### COUNT III — FALSE LIGHT

**Against Rebekah Day nee Box**

**By Plaintiffs Jeanette Braun and Braun IP Law, LLC**

161. The allegations of paragraph 161 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161, and on that basis denies them.

15

162. The allegations of paragraph 162 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162, and on that basis denies them.

163. The allegations of paragraph 163 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163, and on that basis denies them.

164. The allegations of paragraph 164 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164, and on that basis denies them.

165. The allegations of paragraph 165 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165, and on that basis denies them.

166. The allegations of paragraph 166 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166, and on that basis denies them.

167. The allegations of paragraph 167 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167, and on that basis denies them.

168. The allegations of paragraph 168 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168, and on that basis denies them.

169. The allegations of paragraph 169 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169, and on that basis denies them.

170. To the extent paragraph 170 asserts damages based on lost clients, lost profits, lost client opportunities, or harm to business relationships—including the allegation that Plaintiff Braun suffered "damage to her business relationships and legal practice"—Plaintiffs Braun and

Braun IP Law, LLC have expressly withdrawn such damages in their supplemental interrogatory responses, and no response to those allegations is required. To the extent any response is deemed required, and to the extent this paragraph applies to Defendant Day, the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies them.

171. The allegations of paragraph 171 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171, and on that basis denies them.

### <u>COUNT IV — FALSE LIGHT</u>

**Against Lily Marston**

**By Plaintiffs Jeanette Braun and Braun IP Law, LLC**

172. Answering Defendant incorporates by reference her responses to paragraphs 1 through 134 as though fully set forth herein.

173. Answering Defendant denies that the post placed Plaintiffs in a false light, denies that it was presented as an unequivocal factual assertion, and denies all remaining allegations of this paragraph.

174. Answering Defendant denies the allegations of this paragraph, including any assertion that her post implied Braun engaged in criminal or dishonest conduct in an actionable manner.

175. Answering Defendant denies the allegations of this paragraph.

176. Answering Defendant denies the allegations of this paragraph.

177. To the extent paragraph 177 asserts damages based on lost clients, lost profits, lost client opportunities, or economic harm arising from the loss of business relationships—including allegations of "economic" damages and "harm to her career or ethics"—Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn such damages in their supplemental interrogatory responses, and no response to those allegations is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph in their entirety.

17

Answering Defendant further notes that this paragraph appears to reference "Defendant Day's conduct" despite appearing in a count directed at Answering Defendant Marston; to the extent the allegation is directed at Answering Defendant, it is denied.

## COUNT V — TRADE LIBEL

### Against Defendant Rebekah Day nee Box

### By Plaintiff Jeanette Braun and Plaintiff Braun Law

178. The allegations of paragraph 178 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178, and on that basis denies them.

179. The allegations of paragraph 179 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179, and on that basis denies them.

180. The allegations of paragraph 180 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180, and on that basis denies them.

181. The allegations of paragraph 181 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181, and on that basis denies them.

182. The allegations of paragraph 182 apply to Defendant Day, and thus the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182, and on that basis denies them.

183. Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities—including the allegations of "loss of current and prospective client relationships" and "diminished goodwill"—in their supplemental interrogatory responses; accordingly, no response to the allegations of this paragraph is required. To the extent any response is deemed required, and to the extent this paragraph applies

18

to Defendant Day, the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies them.

184. To the extent paragraph 184 asserts damages based on lost clients, lost profits, lost client opportunities, or economic harm arising from the loss of business relationships—including the allegations of "economic harm" and that "[d]amages are ongoing and subject to proof at trial"—Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn such damages in their supplemental interrogatory responses, and no response to those allegations is required. To the extent any response is deemed required, and to the extent this paragraph applies to Defendant Day, the Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies them.

## COUNT VI — TRADE LIBEL

### Against Defendant Lily Marston

### By Plaintiffs Jeanette Braun and Braun IP Law, LLC

185. Answering Defendant incorporates by reference her responses to paragraphs 1 through 134 as though fully set forth herein.

186. Answering Defendant admits she made statements in podcast episodes, on YouTube, and on social media platforms in or about November and December 2023 addressing matters of public concern involving Braun's legal practice. Answering Defendant denies that any such statements were false, misleading, or disparaging in an actionable sense, denies they constituted trade libel, and denies all remaining characterizations of this paragraph.

187. Answering Defendant denies the allegations of this paragraph.

188. Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities—including the allegations that Braun's "existing and prospective clients have been deterred from hiring and otherwise dealing with her and her law firm"—in their supplemental interrogatory responses; accordingly, no response to those allegations is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph.

19

189. To the extent paragraph 189 asserts damages based on lost clients, lost profits, lost client opportunities, or economic harm arising from the loss of business relationships—including the allegation that Plaintiffs suffered "injury to their business and reputation as an attorney and law firm"—Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn such damages in their supplemental interrogatory responses, and no response to those allegations is required. To the extent any response is deemed required, Answering Defendant denies the allegations of this paragraph in their entirety.

### COUNT VII — TORTIOUS INTERFERENCE WITH CONTRACT

**Against Defendant Carter**

**By Plaintiff Lauren Propson**

190–197. This claim is no longer at issue as a result of Defendant Carter's dismissal. *See* Docket Nos. 117 & 118.

### COUNT VIII — TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE

**Against Defendant Krista Carter**

**By Plaintiff Lauren Propson**

198, 300–308. This claim is no longer at issue as a result of Defendant Carter's dismissal. *See* Docket Nos. 117 & 118.

### COUNT IX — TORTIOUS INTERFERENCE WITH EXISTING AND POTENTIAL BUSINESS RELATIONSHIPS

**Against Defendants Rebekah Day & Lily Marston**

**By Plaintiff Jeanette Braun and Plaintiff Braun IP Law, LLC**

199-216. Count IX of the Third Amended Complaint has been dismissed pursuant to this Court's Memorandum Opinion and Order dated March 13, 2026. *See* Docket No. 118. Accordingly, no response to paragraphs 199 through 216 is required. To the extent any response is deemed required, Answering Defendant denies each and every allegation of Count IX.

### AFFIRMATIVE DEFENSES

Answering Defendant asserts the following affirmative defenses without assuming any burden of proof that does not otherwise rest with her under applicable law, and without waiving any rights or defenses otherwise available.

### FIRST AFFIRMATIVE DEFENSE

### Substantial Truth

1. The statements made by Answering Defendant were substantially true. Under Illinois law, only "substantial truth" is required; a defendant need prove the truth of only the gist or sting of the alleged defamatory statement. Answering Defendant's statements are therefore not actionable.

### SECOND AFFIRMATIVE DEFENSE

### Qualified Privilege

2. Answering Defendant's statements were protected by a qualified privilege under Illinois law. The statements concerned matters of genuine public interest—specifically, the alleged misuse of DMCA and copyright strike procedures by an attorney operating in the social media content creator space, an issue directly affecting Answering Defendant, her fellow content creators, and their viewing audiences. Answering Defendant made these statements in good faith, in furtherance of her own legitimate interest in protecting the right of content creators to post without interference from what she reasonably believed to be improper legal tactics, and in furtherance of the public's interest in attorney conduct. Plaintiffs have failed to plead, and cannot prove, actual malice sufficient to overcome this qualified privilege.

### THIRD AFFIRMATIVE DEFENSE

### First Amendment and Constitutional Protection — Opinion

3. To the extent any of Answering Defendant's statements constitute expressions of opinion, commentary, or hyperbole rather than actionable statements of fact, they are absolutely protected by the First Amendment of the United States Constitution and Article I, Section 4 of the Illinois Constitution. The statements were made in the context of ongoing public commentary about matters of public concern by a social media personality addressing issues affecting a wide

community of content creators. No statement of opinion may be the basis of a defamation, false light, or trade libel claim.

## FOURTH AFFIRMATIVE DEFENSE

### Innocent Construction

4.     Answering Defendant's statements, fairly read in their full context, are capable of an innocent construction and therefore are not actionable per se under Illinois law. Statements concerning the receipt of complaints about and investigation of an attorney by a professional disciplinary body do not necessarily imply that the attorney engaged in misconduct, lacked integrity, or was unqualified—and thus must be given an innocent construction.

## FIFTH AFFIRMATIVE DEFENSE

### No Actual Malice

5.     Plaintiffs cannot establish that Answering Defendant made any statement with knowledge of its falsity or with reckless disregard for whether it was true or false. Answering Defendant acted in good faith based on information she had received and genuinely believed to be accurate. The TAC's conclusory allegations of malice are insufficient as a matter of law to establish actual malice and are unsupported by any specific facts demonstrating that Answering Defendant knew her statements were false or entertained serious doubts as to their truth.

## SIXTH AFFIRMATIVE DEFENSE

### Fair Comment on Matters of Public Concern

6.     Answering Defendant's statements constitute fair comment on matters of legitimate public concern, including the conduct of an attorney engaged in the ongoing and widespread use of DMCA copyright strike procedures and cease-and-desist letters affecting a large number of social media content creators. The conduct that Answering Defendant addressed was a subject of public discussion and debate, and her statements were based on facts reasonably available to her at the time. Fair comment on such matters of public interest is protected.

## SEVENTH AFFIRMATIVE DEFENSE

### No Proximate Cause

22

7.      Any harm allegedly suffered by Plaintiffs was not proximately caused by Answering Defendant's statements. To the extent Plaintiffs suffered any cognizable harm—which Answering Defendant denies—such harm was caused by the independent, intervening, and superseding acts of third parties over whom Answering Defendant exercised no direction or control. A defendant cannot be held liable for the independent tortious acts of third parties who acted without the defendant's direction.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure to Allege and Prove Special Damages (Trade Libel) / Withdrawal of Economic Damages

8.      Plaintiffs' trade libel claim fails because trade libel requires proof of special damages—specific economic losses actually suffered as a result of the defendant's statements—and Plaintiffs have failed to allege or establish such damages with the particularity the law demands. Moreover, Plaintiffs Braun and Braun IP Law, LLC have expressly withdrawn any claim for damages based on lost clients, lost profits, and lost client opportunities in their supplemental interrogatory responses. That withdrawal is fatal to Plaintiffs' trade libel claim, which cannot survive absent proof of actual pecuniary harm to a specific business relationship. The withdrawal equally bears on the extent of any compensable damages available under the remaining defamation and false light claims, and Answering Defendant reserves all rights to seek judgment on those claims on that basis.

## NINTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

9.      Plaintiffs failed to take reasonable and available steps to mitigate their alleged damages, including but not limited to taking appropriate steps to correct any public misunderstandings about their professional conduct, engaging in timely and effective public communication, or seeking appropriate corrective relief in a timely manner. To the extent any damages are awarded, they must be reduced by the amount attributable to Plaintiffs' failure to mitigate.

23

## TENTH AFFIRMATIVE DEFENSE

### Statute of Limitations

10. To the extent any of Plaintiffs' claims are based on statements or conduct occurring outside the applicable statute of limitations period, those claims are time-barred.

## ELEVENTH AFFIRMATIVE DEFENSE

### Plaintiffs' Own Conduct / Contributory Fault

11. Plaintiffs' own conduct, including the conduct of Plaintiff Braun in filing copyright takedown notices and cease-and-desist letters against social media content creators, contributed to any negative public attention, reputational harm, or business loss they allegedly suffered. Any recovery by Plaintiffs must be reduced or eliminated by the extent to which their own conduct caused or contributed to the damages they claim.

## TWELFTH AFFIRMATIVE DEFENSE

### No Cognizable Damages

12. Plaintiffs have not suffered compensable damages as a result of any statement by Answering Defendant. Any alleged reputational harm or business loss was caused by Plaintiffs' own actions, by the actions of parties over whom Answering Defendant exercised no control, or by the underlying facts giving rise to public scrutiny of Plaintiffs' conduct—none of which is attributable to Answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Failure to State Recoverable Damages

13. Plaintiffs' claims are barred, in whole or in part, because Plaintiff has not suffered any legally cognizable damages as a result of any act or omission by Answering Defendant. To the extent Plaintiffs allege injury, such alleged damages are speculative, remote, uncertain, or not recoverable as a matter of law. Accordingly, Plaintiffs are not entitled to recover any damages from Answering Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Absence of Severe or Compensable Emotional Distress

24

14.     As a separate and affirmative defense, Defendant alleges that Plaintiff has not suffered emotional distress of the nature, severity, or duration required to support recovery. Any alleged distress is speculative, de minimis, not supported by competent evidence, or not proximately caused by Defendant's conduct. Accordingly, Plaintiff is not entitled to recover emotional distress damages, and any such recovery must be barred or reduced.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### Reservation of Additional Defenses

15.     Answering Defendant has not knowingly or intentionally waived any applicable affirmative defense. Discovery may reveal additional facts supporting additional affirmative defenses not yet identified. Answering Defendant expressly reserves the right to amend this Answer to assert additional affirmative defenses as information becomes available through the course of discovery and further proceedings in this matter.

### PRAYER FOR RELIEF

Defendant Lily Marston respectfully requests that this Court:

(a) Enter judgment in favor of Answering Defendant and against Plaintiffs on all counts of the Third Amended Complaint asserted against her;

(b) Dismiss all remaining claims against Answering Defendant with prejudice;

(c) Award Answering Defendant her attorneys' fees and costs to the extent permitted by law; and

(d) Grant such other and further relief as the Court deems just and proper.

Dated:   April 30, 2026                Respectfully submitted,


_s/       Brandon J. Witkow_
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
Cory A. Baskin
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364

25

(818) 296-9508
bw@witkowlaw.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Jeanette Braun
1600 W. Lake Street
Suite 103B
Addison, IL 60101
jmbraun@brauniplaw.com

***Attorney for Plaintiffs***

Dated: April 30, 2026

<u>/s/ *Brandon J. Witkow*</u>
Brandon J. Witkow