**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON, | ) ) | |
| Plaintiffs, | ) ) | Case No. 23 C 16856 |
| v. | ) ) | |
| | ) | |
| REBEKAH M. DAY NEE BOX, KRISTA CARTER & LILY MARSTON | ) ) ) | |
| | ) ) | |
| Defendants. | ) | |

**DEFENDANT LILY MARSTON'S RESPONSES TO PLAINTIFF JEANETTE BRAUN,
BRAUN IP LAW, LLC & LAUREN PROPSON'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Lily Marston ("Defendant"), by and through her attorneys, hereby responds to Plaintiffs Jeanette Braun, Braun IP Law, LLC, and Lauren Propson (together, "Plaintiffs") First Set of Requests for Production of Documents and Things (hereafter, the "Requests"). Subject to Defendant's responses and objections below, non-objectionable, responsive documents identified below will be produced at a date and location mutually agreeable by counsel and in a manner mutually agreed to by counsel.

**GENERAL OBJECTIONS AND RESPONSES**

Defendant makes the following General Objections to each and every individual request in Plaintiff's First Set of Requests for Production of Documents and Things. Each of Defendant's General Objections is hereby incorporated in and made a part of each of the specific objections to particular requests set forth below, as stated therein.

1. **Privilege Objection**. Defendant objects to Plaintiff's First Set of Requests for Production of Documents and Things to the extent they seek information and documents subject

to the attorney-client privilege and/or work product doctrine. Production of any privileged or otherwise protected material by Defendant in the course of this litigation is inadvertent and shall not constitute a waiver of any such privilege(s) and/or protection(s) or other grounds for objection to discovery with respect to such materials.

2. **Form of Production Objection**. Defendant objects to the Instructions (and all Requests that implicate and/or apply to these Instructions) that:

(a) *"All production should be rendered natively with applicable metadata (JSON/CSV where available). For message or DM content, provide complete conversation threads (both participants), inclusive of timestamps, handles/user IDs, and any available message identifiers. For items that have been edited or deleted, include deletion logs and prior iterations when accessible"*; and

(b) *"Document" / "ESI" shall be interpreted in accordance with the broadest definition set forth under Fed. R. Civ. P. 34, encompassing social media data, direct messages, comments, drafts, posts, metadata, analytics, deletions, "trash," archives, cloud/backups, and exports (including but not limited to JSON, CSV, or HTML generated via platform "Download Your Information" utilities).* (together, the "Instructions").

The Instructions are unduly burdensome and disproportionate to the needs of the case in light of the size of the matter and the issues framed by the operative complaint. See Fed. R. Civ. P. 26(b)(1) (discovery must be "proportional to the needs of the case," considering importance of the issues, amount in controversy, access to information, resources, and whether the burden or expense outweighs the likely benefit).

2

The Instructions further demand production beyond what the Federal Rules require. Unless otherwise stipulated or ordered, ESI need only be produced either "in a form or forms in which it is ordinarily maintained **or** in a reasonably usable form or forms," and a responding party is not obligated to produce ESI in multiple forms. Fed. R. Civ. P. 34(b)(2)(E)(ii)–(iii). Courts within the Seventh Circuit consistently apply proportionality and practicality to ESI format disputes and do not reflexively require native format or expansive metadata when reasonably usable productions suffice. See, e.g., *DR Distributors, LLC v. 21 Century Smoking, Inc*., 513 F. Supp. 3d 839, 879–80 (N.D. Ill. 2021) (emphasizing Rule 26(b)(1) proportionality and the need for cooperative, cost-sensitive ESI practices); *City of Rockford v. Mallinckrodt ARD, Inc*., No. 3:17-cv-50107, 2023 WL 4073701, at *1–2 (N.D. Ill. June 13, 2023) (managing ESI disputes through targeted productions and rejecting overbroad demands inconsistent with negotiated protocols and proportionality).

With respect to metadata, courts and local guidance in this Circuit recognize that metadata is not automatically relevant or required. *See* Northern District of Illinois Standing Order Relating to the Discovery of Electronically Stored Information, at Principle 2.04(d).  The Northern District of Illinois Local Patent ESI Rules also reflect a "general presumption … that metadata is not requested and need not be produced, unless a special request is made," and even then, only specified fields that are reasonably available are contemplated. LPR ESI 2.5(c). Likewise, the Seventh Circuit E-Discovery Pilot Program Principles stress proportionality and practicality in ESI, discouraging burdensome, low-yield demands. And the Seventh Circuit has described metadata simply as "data which gives information about other data," underscoring that its production should turn on actual need and utility, not as an across-the-board default. *United States v. Wehrle*, 985 F.3d 549, 554 (7th Cir. 2021).

3

The Instructions also seeks "deletion logs and prior iterations" of edited or deleted items. Absent a concrete showing of special need and relevance, courts and leading authorities disfavor compelled collection of deleted, residual, or non-readily accessible ESI given the burdens and costs involved. *See* Northern District of Illinois Standing Order Relating to the Discovery of Electronically Stored Information, at Principle 2.04(d); The Sedona Principles, Third Edition, Principle 9 ("Absent a showing of special need and relevance, a responding party should not be required to preserve, review, or produce deleted, shadowed, fragmented, or residual ESI."). The Northern District's model/standing ESI guidance similarly permits producing reports or export files from databases and recognizes that certain incremental or extraordinary processing costs should not be imposed without justification. Northern District of Illinois Standing Order Relating to the Discovery of Electronically Stored Information, at Principle 2.04(d)("other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business").

Accordingly, Defendant objects to the Instructions as seeking production in a manner that is unnecessary, overly burdensome, and disproportionate to the needs of this case. The demand for universal native format, comprehensive metadata (including JSON/CSV), entire message-thread reconstructions with all identifiers, and deletion/change logs exceeds what is required under Rules 26(b)(1) and 34(b)(2)(E) and would impose significant cost and technical burden that outweigh any incremental benefit on the narrow issues pleaded. The foregoing objection shall be referred to herein as the "Form of Production Objection."

3. **Technical Data Objection**. Defendant objects to the Instructions (and all Requests that implicate and/or apply to the Instructions) to the extent they require or implicitly demand that Defendant engage a third-party e-discovery or ESI vendor or incur significant outside processing

4

expenses to collect, restore, or process electronically stored information ("ESI"). Under Federal Rule of Civil Procedure 26(b)(1) and the Northern District of Illinois Standing Order Relating to the Discovery of Electronically Stored Information (Principle 1.03), discovery must be proportional to the needs of the case, considering "the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense outweighs its likely benefit."

Courts within the Seventh Circuit routinely decline to require parties to incur extraordinary or disproportionate ESI costs where less burdensome means exist. See *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 879–80 (N.D. Ill. 2021) (emphasizing proportionality and cost-sensitivity in ESI practices); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003) (commonly cited within this District for proportionality considerations in allocating ESI costs).

Furthermore, the parties' Joint Report [Docket #32, at pg. 5] did not identify the need for significant e-discovery or the need to hire an ESI-vendor to address the contemplated discovery needs in this matter, as highly technical data was not expected or required. *See* Northern District of Illinois Standing Order Relating to the Discovery of Electronically Stored Information, at Principles 2.05 & 2.06 (requiring that a party express the need for certain production methodologies at the Rule 26 conference so any burdens and limitations can be discussed then). Accordingly, Defendant will produce only those responsive, non-privileged documents and data that are readily accessible to Defendant without incurring significant outside vendor costs. To the extent certain materials are stored on third-party social media platforms or other providers referenced in the request and are not readily accessible to Defendant in the ordinary course of

business, Plaintiffs may seek such information directly from those platforms or providers by subpoena or other appropriate discovery device.

Finally, if Plaintiffs insist on Defendant engaging a third-party ESI provider or undertaking extraordinary collection measures, Defendant objects on the grounds of proportionality and will agree to do so only if Plaintiffs bear the reasonable costs and expenses associated with such vendor engagement or extraordinary measures. The foregoing objection shall be referred to herein as the "Technical Data Objection."

4. **Identification Objection.** Defendant objects to those Requests that seek a *list* or compilation of information—rather than existing documents—by demanding that Defendant produce documents "sufficient to identify" specific information or accounts. Under Federal Rule of Civil Procedure 34 and this District's local discovery guidelines, Rule 34 governs the production of existing documents or electronically stored information in a party's possession, custody, or control; it does not obligate a responding party to create or compile a new document solely to respond to a discovery request.

The Northern District of Illinois Local Rules 26.2 and its Standing Order Relating to the Discovery of Electronically Stored Information emphasize proportionality, cooperation, and efficient use of discovery tools. Paragraph 1.03 of the Court's Standing Order on E-Discovery specifically provides that parties "requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable."

Consistent with these principles, courts within this Circuit have held that a Rule 34 request may not be used to force a party to prepare or create a document that does not exist. See *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (explaining that Rule 34 does not require a party to "produce documents or tangible things that are not in existence

or within its control"); *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 2000) (holding that a party "cannot be compelled to create documents" to satisfy a Rule 34 request); *Paramount Pictures Corp. v. Replay TV*, No. CV 01-9358 FMC (Ex), 2002 U.S. Dist. LEXIS 28126, 2002 WL 32151632, at *2 (C.D.Cal.2002) (finding that the rules of discovery do not require a party to create or generate responsive materials but only to produce and allow inspection of "items in the responding parties' possession, custody, or control.") Requests that seek only the identification of information or accounts are more appropriately served as interrogatories under Rule 33. *See also* Fed. R. Civ. P. 33(a)(2) (interrogatories may relate to "the existence, description, nature, custody, condition, and location of any documents"). The phrasing "documents sufficient to identify" would require Defendant to synthesize or compile data not maintained in the ordinary course of business, imposing burdens beyond those contemplated by the Rules and local guidance. Under the Northern District of Illinois ESI Standing Order Principle 1.01, discovery should be "proportional to the needs of the case" in an effort to avoid undue burden or cost. The foregoing objection shall be referred to herein as the "Identification Objection."

5. **Equally Available Objection**. Defendant objects to those Request that seek documents that are publicly available on Defendant's own social media platforms and are therefore equally accessible to Plaintiffs. The Federal Rules of Civil Procedure do not require a party to produce information that is publicly available and equally obtainable by the requesting party. See Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring the court to limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *McKellips v. Kumo Tire Co., Inc.*, 305 F.R.D. 655, 680 (D. Kan. 2015) (stating that if Defendant had responsive documents that were publicly available and equally accessible to Plaintiffs, then Defendant need

not produce those documents and may instead refer Plaintiffs to the documents);. *Secs. & Exch. Comm. v. Samuel H. Sloan & Co.,* 369 F. Supp. 994, 995 (S.D.N.Y. 1973) (same).

The materials Plaintiffs seek in the Request can be directly accessed, downloaded, or captured from Defendant's public-facing platforms without burdening Defendant with redundant collection or production efforts. The request therefore appears calculated to harass or impose unnecessary expense rather than obtain information unavailable to Plaintiffs by other means. See Fed. R. Civ. P. 26(b)(1)–(2) (proportionality and anti-harassment safeguards). The foregoing objection shall be referred to herein as the "Equally Available Objection."

6. **Privilege Log Objection.** Defendant objects to the Instruction wherein Plaintiffs demand for a privilege log covering all documents created after the filing of this lawsuit on December 15, 2023. Defendant is not required to log post-filing privileged communications or attorney work product is unnecessary and wasteful absent special justification. *See, e.g.*, *In re Bridgestone/Firestone, Inc., ATX Tires Prods. Liab. Litig.*, 129 F. Supp. 2d 1207, 1218 (S.D. Ind. 2001) (declining to compel logging of post-complaint attorney communications absent good cause).

For documents created prior to December 15, 2023, Defendant further objects that a privilege log encompassing all potentially privileged pre-lawsuit materials would be unduly burdensome and disproportionate to the needs of the case under Rule 26(b)(1) and N.D. Ill. discovery guidance. However, consistent with Local Rule 37.2's good-faith meet-and-confer requirement and the cooperative discovery principles adopted by this District, Defendant is willing to meet and confer with Plaintiffs to develop a mutual and reciprocal privilege-log protocol for pre-lawsuit documents that will apply equally to all parties. The foregoing objection shall be referred to herein as the "Privilege Log Objection."

**RESPONSES TO DEMAND FOR PRODUCTION**

**RFP 1.** All documents sufficient to identify every social media account (handle, user ID, and profile URL) You used during the Relevant time period on Reddit, Instagram, TikTok, YouTube, Facebook, X/Twitter, Discord, and any messaging applications (including iMessage/SMS, WhatsApp, Signal, and Telegram), including all alternate, burner, or backup accounts, and all pages, groups, or servers You control.

**Response to Request for Production.** Defendant incorporates the Identification Objection. Subject to and without waiving these objections, Defendant will produce existing, non-privileged, responsive documents in its possession, custody, or control that reasonably relate to the subject matter, but will not create or compile documents solely to provide the requested identification. Defendant directs Plaintiffs to Defendant's response to the corresponding interrogatory that seeks the identification sought herein. Defendant further responds that she does not operate any Reddit, Discord, WhatsApp, Signal, Telegram, or backup or burner accounts that have ever engaged in activity related to Plaintiffs or this lawsuit, nor has she ever controlled any pages, groups, or servers.

**RFP 2.** All data-export packages You downloaded or can download from each platform for the relevant time period of October 1, 2023 to present (e.g., Instagram "Download Your Information" JSON, TikTok data export, Facebook/Meta export, YouTube/Google Takeout, Reddit export), including accompanying readme/schema files.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and Technical Objection. Defendant further objects to this request on the grounds that the term

9

"platform data export packages" and "readme/schema files" is vague, ambiguous and left undefined, and Defendant does not possess the technical expertise to determine the meaning of these terms. Defendant further objects to this request on the grounds that the documents called for by this request are not relevant to any claim or defense at issue in the subject lawsuit, and thus the purpose of this request is merely to harass Defendant and cause Defendant to incur significant time and expense in responding to this request. Subject to the foregoing objections, Defendant responds as follows: Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible from Twitter/X, TikTok, Instagram, and YouTube/Google in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 3.** All litigation hold/preservation notices You issued and communications with platforms or vendors about preserving or exporting Your social content/messages relating to Plaintiffs or the Defendants.

**<u>Response to Request for Production.</u>** Defendant objects to this request on the grounds that it is based upon a faulty premise – *i.e.* that Defendant is responsible for issuing litigation-hold/preservation notices to third party platforms and vendors. Defendant has no such obligation

under the Federal Rules of Civil Procedure or controlling precedent. See Fed. R. Civ. P. 34(a)(1) (party must produce only those documents within its "possession, custody, or control"); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426–27 (7th Cir. 1993) (holding that "control" under Rule 34 means the legal right or practical ability to obtain documents on demand, not the ability to influence an unrelated third party). Courts within this Circuit have recognized that parties are not required to impose preservation obligations on non-parties absent a showing of control or a special relationship that creates such a duty. See, e.g., *Kane v. Chobani, LLC*, 973 F. Supp. 2d 1120, 1138 (N.D. Ill. 2014) (finding no duty to preserve information outside the party's control); *Steward v. Butera*, No. 2:20-CV-163-JVB-JEM, 2021 WL 5834400, at *2 (N.D. Ind. Dec. 9, 2021) (explaining that a party cannot be compelled to produce or preserve materials it does not control). Furthermore, Plaintiffs have made no showing that the documents or information sought are unavailable or inaccessible through less burdensome means—such as a subpoena issued directly to the third-party platform or provider under Rule 45. See Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

**RFP 4.** All documents reflecting the deletion, editing, or removal of any post, comment, direct message, or other communication on any social media platform related to the Plaintiffs, Defendants, or the allegations in this action, including timestamps and the identity of the person who initiated the deletion.

**<u>Response to Request for Production.</u>**  Defendant incorporates the Form of Production Objection and the Technical Data Objection.  Subject to and without waiving these objections, following a

diligent search, Defendant responds as follows: Defendant has never manually deleted or edited any of the materials requested herein.

**RFP 5.** All Reddit direct messages, chats, or comments between You and any Defendant, or between You and any third party, that discuss, mention, or refer to the Plaintiffs, Jeanette Braun's clients, or the December 2023 podcast episode(s) or related social media posts.

**Response to Request for Production.**   Defendant incorporates the General Objections. Subject to and without waiving these objections, Defendant responds as follows: Defendant does not operate any Reddit accounts that have ever engaged in any activity related to the Plaintiffs, Jeanette Braun's clients, anything relevant to this lawsuit, the December 2023 podcast episodes, or any related social media posts and thus, no documents exist.

**RFP 6.** All posts, comments, or modmail sent by You or received by You in subreddits You created/moderate/admin that reference Plaintiffs (by name or nickname "Janet"), Braun's law practice, ARDC, "perjury," or the *Do We Know Them* episode(s).

**Response to Request for Production.**   Defendant incorporates the General Objections. Subject to and without waiving these objections, Defendant responds as follows: Defendant has never created, moderated, or administered any Subreddit and thus no responsive documents exist.

**RFP 7.** All Reddit saved, edited, or deleted posts/comments/DMs within the relevant time period referring to Plaintiffs or communications with Defendants.

**Response to Request for Production.**   Defendant incorporates the General Objections. Subject to and without waiving these objections, Defendant responds as follows: Defendant does not

operate any Reddit accounts that have ever engaged in any activity related to Plaintiffs, or anything related to this lawsuit and thus, no responsive documents exist.

**RFP 8.** Documents sufficient to show the user IDs for You and the Defendants and third parties with whom You communicated on Reddit regarding the Plaintiffs, and the permalink URLs of any referenced threads.

**<u>Response to Request for Production.</u>** Defendant incorporates the General Objections. Subject to and without waiving these objections, Defendant responds as follows: Defendant does not operate any Reddit accounts that have ever engaged in any activity related to Plaintiffs or anything related to this lawsuit and thus, no responsive threads or permalinks exist.

**RFP 9.** All Instagram DMs (full threads) between You and any Defendant or third party discussing or referring to the Plaintiffs, this lawsuit, or any third parties posting or commentating about this lawsuit.

**<u>Response to Request for Production.</u>** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon

13

a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 10.** All Instagram DMs referencing Plaintiffs, Braun's law practice, the ARDC, "perjury," "copyright strikes," or *Do We Know Them* episode planning, scripting, or promotion.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 11.** All Story posts and Story replies (including viewers lists, stickers/polls results) that reference Plaintiffs or any Defendant and any "Close Friends" Story items on those topics.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are

14

reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost. To the extent, that "stories" are no longer visible to the public that is only because such stories expire after 24 hours, per the subject platform policy. Nonetheless, following a diligent search, Defendant will produce all "stories" within her possession, custody or control. Defendant further responds that Instagram treats replies to Stories as direct messages ("DMs"). Instagram's export does not identify which DMs originated as Story replies versus ordinary DMs, and there is no practical way to isolate them. To the extent a Story reply initiated a responsive conversation regarding Plaintiffs or Defendants, those excerpts are produced in response to RFP 9 and RFP 10 in reasonably usable form. Unaccepted 'Message Requests' are not reasonably collectible at scale and, thus, will not be produced. Defendant has never utilized the "Close Friends" feature on Instagram and thus, no responsive documents exist.

**RFP 12.** All comments and comment-reply threads on Your posts/Reels referencing Plaintiffs or this lawsuit, and any other dispute between the parties, including any posts You archived, made private, or deleted.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the

15

operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost. Defendant responds that Instagram's export does not provide a consolidated report of comments. However, Defendant has only one grid post referencing Plaintiffs/this lawsuit, and Defendant will produce a link to that post, the caption, and the full comment thread (with replies expanded), all of which are also public facing and accessible to anyone.

**RFP 13.** All Instagram data exports (JSON) for DMs and comments responsive to RFPs 9–12.

**<u>Response to Request for Production.</u>** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon

a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost. Defendant will not produce full JSON exports because they contain unrelated private conversations; instead, Defendant has produced responsive excerpts in reasonably usable form.

**RFP 14.** All TikTok DMs (full threads) between You and any Defendant discussing or referring to the Plaintiffs, this lawsuit, or any third parties posting or commentating about this lawsuit.

**<u>Response to Request for Production.</u>** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost. TikTok's export in Defendant's possession did not contain the relevant message threads and thus, responsive conversations will be produced in reasonably usable form.

**RFP 15.** All TikTok DMs, video drafts, caption drafts, or comments discussing Plaintiffs, Braun's legal work, ARDC, "perjury," or collaboration with Defendants regarding related content.

17

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost. TikTok's export in Defendant's possession did not contain the relevant message threads and thus, responsive conversations will be produced in reasonably usable form. Defendant has not posted TikTok content about Plaintiffs so there are no comments or replies on Defendant's own content.

**RFP 16.** All comments, replies, and creator-to-creator message requests on TikTok referencing Plaintiffs, including items You filtered, limited, or deleted.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where

appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost. Defendant has not posted TikTok content about Plaintiffs, so there are no comments or replies on Defendant's own content or any comments that would have been filtered, limited, or deleted and thus, no documents exist.

**RFP 17.** Documents sufficient to show post-level analytics (from TikTok Studio) for any TikTok in which You referenced Plaintiffs or Defendants (views, likes, shares, comments, publish times). **Response to Request for Production.**  Defendant incorporates the Form of Production Objection and Technical Objection.  Subject to and without waiving these objections, Defendant responds as follows: Defendant has never posted any content on TikTok relating to Ms. Propson or Ms. Braun and thus no documents exist.

**RFP 18.** Your TikTok data export (Download Your Data) covering messages, comments, and content responsive to RFPs 14–17.
**Response to Request for Production.**  Defendant incorporates the Form of Production Objection and Technical Objection.  Subject to and without waiving these objections, following a diligent search, Defendant responds as follows: Defendant has never posted any content on TikTok relating to Ms. Propson or Ms. Braun and thus no documents exist as to her "content."  With respect to "messages and comments," Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe),  responsive, non-privileged

19

materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost. Defendant's TikTok data export contained limited message text and profile lists; it did not contain comments or analytics. Responsive conversations and comments have been produced in reasonably usable form.

**RFP 19.** All YouTube Studio comments and Community posts by You or received on Your channel(s) that reference Plaintiffs or Defendants, including moderation logs for held/removed comments.

**<u>Response to Request for Production.</u>**  Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection.  Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe),  responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise

20

issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost. Defendant further responds that YouTube does not provide creators with an exportable log of comments or comment moderation activity (such as comments automatically held, flagged as spam, approved, or deleted). The only information available natively is what appears in YouTube Studio's "Held for review" and "Likely spam" tabs, and Google's Takeout export does not include comment text or moderation history. Defendant further responds that responsive comments span content produced during the relevant time period, and compiling all public comments across numerous videos would be unduly burdensome. Comments are publicly visible at the linked videos and thus equally available to Plaintiffs. To the extent Plaintiffs seek comments left by Defendant on Defendant's own content, Defendant has produced responsive materials in reasonably usable form.

**RFP 20.** All communications (any medium) with Defendants or third parties concerning the *Do We Know Them* episodes during the relevant time period that discussed Plaintiffs, including any time-stamped show notes**,** clip selections, or editorial outlines.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Privilege Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate) that relate to the "Do We Know Them" podcast and relate to Plaintiffs. Defendant has also produced

research history and communications received around the same timeframe in reasonably usable form.

**RFP 21.** All draft thumbnails, titles, descriptions, and version histories for the episodes/videos that referenced Plaintiffs, including internal notes about language accusing Braun of "perjury" or any other unethical or illegal conduct.

**Response to Request for Production.**  Defendant incorporates the Form of Production Objection, Technical Objection and Privilege Objection.  Subject to and without waiving these objections, Defendant responds as follows: Defendant does not create "drafts" of "thumbnails, titles, descriptions, or meaningful version histories for the episodes/videos" and thus no documents exist.

**RFP 22.** Documents sufficient to show video-level analytics (views, watch-time, CTR, comments) for videos/shorts/community posts that reference Plaintiffs or Defendants during the relevant period.

**Response to Request for Production.**  Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection.  Subject to and without waiving these objections, Defendant will produce relevant, responsive, non-privileged materials that are reasonably accessible for videos/shorts/community posts in which Plaintiffs or this lawsuit were a planned topic of discussion during the relevant time period in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text). Defendant objects to producing analytics for videos that contain only incidental or passing references, as such material is disproportionate to the needs of the case and not reasonably calculated to lead to admissible

22

evidence under Rule 26(b)(1). Public-facing view counts and comments are equally available to Plaintiffs at the linked videos.

**RFP 23.** Your Google Takeout/YouTube data export for comments, community posts, and channel metadata responsive to RFPs 19–22.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 24.** All Facebook Messenger messages (full threads) between You and any Defendant or any third-party that refer to the Plaintiffs or this lawsuit.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and Technical Objection. Subject to and without waiving these objections, Defendant responds as follows: Defendant has not used Facebook Messenger within the relevant time period and thus no documents exist.

**RFP 25.** All Facebook posts, comments, and replies by You, and all comments You hid/removed on posts referencing Plaintiffs or Defendants.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and Technical Objection. Subject to and without waiving these objections, Defendant responds as follows: Defendant has only used Facebook to cross-post her Instagram posts during the relevant time period, and thus, documents being produced as to Instagram in response to the foregoing requests cover the same documents and materials as sought herein.

**RFP 26.** Any Meta transparency/"Download Your Information" exports containing the foregoing (Messenger threads, comments, posts, Page Inbox) produced in response to any request.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and Technical Objection. Subject to and without waiving these objections, Defendant responds as follows: Defendant has only used Facebook to cross-post her Instagram posts during the relevant time period, and thus, documents being produced as to Instagram in response to the foregoing requests cover the same documents and materials as sought herein.

**RFP 28.** All iMessage/SMS/MMS texts (full threads) between You and any Defendant or any third party during the relevant time period (October 1, 2023 to the present) that discuss or reference the Plaintiffs or this lawsuit.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Privilege Objection. Defendant further objects to this request on the grounds that it is overbroad as to both time and scope (any "third party") and seeks

24

communications (i.e. "full threads") that are private and wholly unrelated to this lawsuit. Subject to and without waiving these objections, following a diligent search, Defendant responds as follows: Defendant will produce relevant portions (as to Plaintiffs and the statement at issue in the operative Complaint prior to the filing of the instant lawsuit), responsive, non-privileged, and non-confidential materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate).

**RFP 29.** All WhatsApp, Signal, Telegram, Discord, or similar messages (including server/channel DMs, group chats, and voice/text logs) between You and any Defendant, or with third parties, that discuss Plaintiffs, Braun's law practice, the ARDC, alleged "perjury," or the planning/promotion of related content.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Privilege Objection. Defendant further objects to this request on the grounds that it is overbroad as to both time and scope (any "third party") and seeks communications (i.e. "full threads") that are private and wholly unrelated to this lawsuit. Subject to and without waiving these objections, Defendant will produce existing, non-privileged, responsive documents in her possession, custody, or control that reasonably relate to the subject matter prior to the filing of the instant lawsuit, but will not create or compile documents solely to provide the requested identification. Defendant directs Plaintiffs to Defendant's response to the corresponding interrogatory that seeks the identification sought herein.

**RFP 30.** All call logs (or screenshots/exports) reflecting voice/video calls with any Defendant or

third party where Plaintiffs or this lawsuit were discussed.

**Response to Request for Production.**  Defendant incorporates the Form of Production Objection, Technical Objection and Privilege Objection.  Defendant further objects to this request on the grounds that it is overbroad as to both time and scope (any "third party") and seeks generic call logs that are private and wholly unrelated to this lawsuit.  Defendant further responds that broad lists of "call histories" do not reveal what content was discussed on these calls, and thus such information is not relevant to the claims or issues in this lawsuit.

**RFP 31.** All attachments exchanged in the messages above (links, screenshots, drafts, audio notes, images, clip files), including originals with metadata.

**Response to Request for Production.**  Defendant incorporates the Form of Production Objection, Technical Objection and Privilege Objection.  Defendant further objects to this request on the grounds that it is overbroad as to both time and scope (any "third party") and seeks communications (i.e. "full threads") that are private and wholly unrelated to this lawsuit.   Subject to and without waiving these objections, following a diligent search, Defendant responds as follows:  Defendant will produce any attachments as to the relevant portions of messages (as to Plaintiffs and the podcast at issue in the operative Complaint prior to the filing of the instant lawsuit),  responsive, non-privileged, and non-confidential materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate).

**RFP 32.** All communications between You and Rebekah Day (on any platform or through any electronic device capable of allowing communication) concerning Plaintiffs, Braun's clients

26

(including but not limited to "Lauren the Mortician," "Demps"/Kaitlynn Dempsey, BunnieXO/ Alyssa DeFord), the ARDC, or content You later published or discussed on *Do We Know Them*. (The Complaint alleges Marston acknowledged speaking with Day and relying on her material for the December 2023 episode.)

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 33.** All communications between You and Krista/Kristina Carter (on any platform) concerning Plaintiffs or Braun's practice.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions

with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 34.** All communications between You and Jessica Vazquez concerning Plaintiffs or Braun's practice, including episode planning documents, outlines, or post-production edits for the December 2023 episode(s) referencing Plaintiffs. (See Court's description of the episode and Marston's tweet that followed. )

**<u>Response to Request for Production.</u>** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

28

**RFP 35.** All documents constituting or reflecting drafts of the Dec. 10, 2023 X/Twitter post in which You stated Braun was "actively committing perjury," including any prior versions, internal discussions, and any deletion of the tweet.

**Response to Request for Production.**   Defendant incorporates the General Objection.  Subject to and without waiving these objections, Defendant responds as follows:  The referenced X/Twitter post has not been deleted and is still live.  Defendant further responds that no drafts or prior versions of the tweet were created, and there were no discussions about the posting of the tweet prior to such posting.

**RFP 36.** All communications with platform representatives (Reddit, Instagram, TikTok, YouTube, Facebook/X) about reports, strikes, takedowns, or moderation involving content about Plaintiffs.

**Response to Request for Production.**   Defendant incorporates the General Objection.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the relevant time period), responsive, non-privileged materials with YouTube.  Defendant further responds that no communications with any other platforms exist.

**RFP 37.** All communications (any platform) in which You solicited, received, or reviewed "tips," "DMs," or emails purporting to contain "evidence" regarding Plaintiffs, including messages from non-creators referenced on the podcast.

**Response to Request for Production.**   Defendant incorporates the Form of Production Objection and the Technical Objection.  Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast at issue in the operative Complaint during the

29

relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 38.** All communications or internal notes about terminology used to describe Plaintiffs (e.g., "perjury," "unethical," "rogue attorney"), including any fact-checking steps taken before publication.

**Response to Request for Production.** Defendant incorporates the General Objection. Subject to and without waiving these objections, Defendant responds as follows: Defendant did not create notes regarding terminology. To the extent Plaintiffs seek "fact-checking steps," Defendant has produced research materials responsive to RFP 20. To the extent Plaintiffs seek communications in which terminology appears in the course of discussing the subject matter (such as iMessage/text conversations with co-Defendants about the events at issue), responsive excerpts are produced in response to RFP 28.

**RFP 39.** All documents reflecting edits, retractions, removals, or corrections to any content about Plaintiffs, including reasons for removal and any public or private statements about such changes.

**Response to Request for Production.** Defendant incorporates the General Objection. Subject to and without waiving these objections, Defendant responds as follows: Defendant did not edit, retract, remove, or correct any content and thus, no documents exist.

**RFP 40.** Documents sufficient to identify all devices used to access the accounts above during the relevant time period (device type, OS, phone number/Apple ID/Google ID where applicable) to help

validate the completeness of exports and message threads.

**Response to Request for Production.** Defendant incorporates the Identification Objection. Defendant further objects to this request on the ground that it is vague and ambiguous as to the phrase "documents sufficient to identify all devices used to access the accounts."

**RFP 41.** All documents being relied upon to prove or establish that Jeanette Braun committed perjury.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in

31

dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 42.** All documents being relied upon to prove or establish that Jeanette Braun is an unethical attorney.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 43.** All documents being relied upon to prove that Jeanette Braun filed "false copyright strikes."

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate),

and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 44.** All communications between You and (a) Ian Runkle; (b) any account or channel identified as "Runkle of the Bailey"; or (c) the Reddit account "Varsil" (including any known variations or alternate usernames). This request includes, without limitation:

1. Communications on any platform or medium, including Reddit, Instagram, TikTok, YouTube, Facebook, X/Twitter, Discord, Telegram, Signal, WhatsApp, iMessage/SMS, or any other social media or messaging service;

2. All messages sent, received, forwarded, or otherwise exchanged, including attachments, links, images, video or audio clips, and associated metadata;

3. All comments, posts, or replies in which any of the above participated;

4. All drafts of such communications or posts, and any deletions, edits, or removals, including deletion logs; and

5. All such communications from the Relevant time period.

Produce responsive materials in native format with metadata intact, including message IDs, timestamps, sender/recipient handles or IDs, and any available platform export packages.

**Response to Request for Production.**   Defendant incorporates the Form of Production Objection and the Technical Objection.  Subject to and without waiving these objections, Defendant will produce relevant,  responsive, non-privileged materials with Mr. Runkle that are reasonably

33

accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost. Defendant further responds that she has not deleted any communications and thus no drafts, deletions, edits, removals or deletion logs exist.

**RFP 45.** All records, transcripts, exports, screenshots, screen recordings, or other copies of any chats, conversations, prompts, or messages You had with ChatGPT (including any versions of OpenAI's ChatGPT service, the ChatGPT mobile app, or ChatGPT integrated into third-party platforms or applications) during the Relevant time period, to the extent such chats discuss, mention, or refer to the Plaintiffs, Defendants, or the allegations in this action.

This request includes, without limitation:

1. Any saved text, PDF, HTML, or other file exports from ChatGPT;

2. Any screenshots, screen captures, or recordings of ChatGPT conversations;

3. Any copies of prompts and ChatGPT responses maintained in notes, drafts, or other files;

4. Any metadata associated with such chats, including date/time and account information.

Produce responsive materials in their native format where available, with metadata intact.

**Response to Request for Production.** Defendant incorporates the General Objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The

request seeks materials that are not relevant to any party's claim or defense within the meaning of Federal Rule of Civil Procedure 26(b)(1) and exceeds the permissible scope of discovery. Defendant further objects that the request impermissibly seeks attorney work product, mental impressions, and attorney–client communications, including internal research, strategy, and drafting processes, which are protected from disclosure under Federal Rule of Civil Procedure 26(b)(3) and applicable case law (see *Hickman v. Taylor*, 329 U.S. 495 (1947); *Upjohn Co. v. United States*, 449 U.S. 383 (1981)).  Additionally, to the extent the Request calls for the production of logs or metadata generated by AI tools that may include confidential, proprietary, or sensitive personal information unrelated to the claims or defenses at issue, Defendant objects on the grounds of privacy, confidentiality, and proportionality under Rule 26(b)(2)(C).

Dated: September 16, 2025                                    Respectfully Submitted,

_s/_____Brandon J. Witkow_____
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

_s/_____Amy Doig_____
Attorney for Defendants

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

*Attorneys for Defendants*

35

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was served on all counsel of record noted below via electronic mail.

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
ben@lockyerlaw.com

***Attorney for Plaintiffs***

Dated:  September 16, 2025                                    /s/ *Brandon J. Witkow*
                                                                          Brandon J. Witkow