**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEANETTE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON, ) | |
| ) | |
| Plaintiffs, ) | Case No. 23 C 16856 |
| v. ) | |
| ) | |
| REBEKAH M. DAY NEE BOX, KRISTA ) | |
| CARTER & LILY MARSTON ) | |
| ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT LILY MARSTON'S RESPONSES TO PLAINTIFF JEANETTE BRAUN,
BRAUN IP LAW, LLC & LAUREN PROPSON'S FIRST SET OF REQUESTS FOR
ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Lily Marston

("Defendant"), by and through her attorneys, hereby responds to Plaintiffs Jeanette Braun, Braun

IP Law, LLC, and Lauren Propson (togethis, "Plaintiffs") First Set of Requests for Admission

(hereafter, the "Requests").

**GENERAL OBJECTIONS**

Defendant objects generally to Plaintiffs' Requests for Admission on the following

grounds, each of which is incorporated by reference into her responses to each and every response

below.

1.      Defendant objects to the Requests for Admission to the extent they seek

information or responses that are neither relevant to the subject matter involved in this action nor

reasonably calculated to lead to the discovery of admissible evidence, or seek to impose any

obligation or responsibility other than, or in addition to, the obligations and responsibilities

imposed by the Federal Rules of Civil Procedure and/or the Northern District of Illinois Local

Rules.

2.      Defendant objects to the Requests for Admission to the extent they seek information or materials not in Defendant's possession, custody or control or related to other parties named as defendants in this action. Defendant responds to these Requests for Admission only on behalf of himself, as an individual, and in no other capacity.

3.      Defendant objects to the Requests for Admission on the ground that they are overbroad, unduly burdensome and oppressive inasmuch as they seek identifying information regarding all documents on subjects responsive to the requests.

4.      Defendant objects to the Requests for Admission to the extent they seek information or responses that are protected by the attorney-client privilege, work-product doctrine or any other applicable privilege or protection. No such privileged or protected information will be provided in these responses. Inadvertent production is not intended as, nor shall it be deemed a waiver of any such privilege or protection or any other grounds for objecting to discovery with respect to such information or of Defendant's right to object to the use of any such information during any proceeding in this or any other litigation. Defendant further objects to these requests to the extent such requests seek legal argument, analysis, conclusions or contentions, rather than facts.

5.      Defendant objects to the Requests for Admission insofar as they seek information that is equally available or is readily accessible to Plaintiffs, or insofar as they purport to impose upon Defendant an obligation to search publicly available materials when such materials are not otherwise contained in files maintained by Defendant. Such an obligation is unreasonable and unduly burdensome.

6.      Defendant's responses are made without a waiver of, and with preservation of:  (1) all questions as to competency, relevancy, materiality, privilege, and admissibility of material contained or referred to in each response for any purpose in this or in any other proceeding; (2) the right to object to the use of any material contained or referred to in each response for any purpose in this or any other proceeding; (3) the right to object on any grounds at any time to a demand or

2

request for a further response relating to the subject matter of the requests responses herein; (4) the right to revise, correct, add to or clarify as necessary any of the responses or objections contained herein; (5) the right at any time to recall any inadvertent responses to which any privilege, protection or immunity is attached; and (6) the right to introduce at the time of hearing or trial any information or documents of which Defendant becomes aware as a result eithis of her continuing investigation or discovery.

7. Except for any explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Defendant has answered or objected to any of Plaintiffs' Requests for Admission or any part thereof should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Request or that such answer or objection constitutes admissible evidence. The fact that Defendant has not answered part or all of any of Plaintiffs' Requests for Admission is not intended and shall not be construed to be a waiver by it of all or any part of any objection to any Request propounded.

8. Defendant has not completed her investigation of the facts relevant to this case and has not completed discovery or preparation for trial. Defendant's responses are, therefore, made only on the basis of such information as is currently known and reasonably available. Defendant's responses do not purport to constitute a final statement of all of her knowledge regarding any particular subject and are made without prejudice to her right to introduce additional evidence at time of trial or to supplement her responses, as appropriate, once he has completed its discovery and trial preparation. These responses are made without prejudice to Defendant's right to supplement or amend these responses in the event that any information previously available to Defendant may have been omitted by oversight, inadvertence, or good faith error or mistake. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification as is presently known, but should in no way be prejudicial in relation to further discovery, research, and/or analysis.

9.     These responses are signed by counsel only as to the objections set forth in the responses.  Defendant has made a diligent effort to respond to Plaintiffs' Requests for Admission as it understands and interprets each such Request.  If Plaintiffs subsequently assert a differing interpretation, Defendant reserves the right to supplement its objections and/or responses.

10.     Defendant responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses.

**RESPONSE TO REQUESTS FOR ADMISSION**

**RFA No. 1.** Admit that Paragraph 119 of Plaintiffs' Third Amended Complaint is a true and correct copy of your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her."

**Response to Request for Admission:** Admit.

**RFA No. 2.** Admit that you authored and published the statement shown in Paragraph 119 of Plaintiffs' Third Amended Complaint.

**Response to Request for Admission:** Admit.

**RFA No. 3.** Admit that Youtube.com's transcripts can provide a true and correct copy (video link/screenshot/clip and transcript) of the December 2023 *Do We Know Them* episode(s) in which you discussed Jeanette Braun, Braun IP Law, LLC, or Lauren Propson.

**Response to Request for Admission:** Defendant objects to this request on the grounds that a copy of the referenced "Youtube transcript" is not attached to the request. Accordingly, Defendant lacks sufficient information in order to admit or deny this request and on that basis denies this request.

**RFA No. 4.** Admit that the statement in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her" was published to at least one person other than yourself.

**Response to Request for Admission:** Admit.

**RFA No. 5.** Admit that the statement in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her." referred to attorney Jeanette Braun.

**Response to Request for Admission:** Admit.

**RFA No. 6.** Admit that accusing someone of "actively committing perjury" conveys to a reasonable reader that the person committed a crime.

**Response to Request for Admission:** Defendant objects to this request on the grounds that it calls for speculation as to what unknown third parties understood or believe and therefore is not a proper subject for a request for admission. Defendant further objects to this request on the grounds

that it is vague and ambiguous as to the term "reasonable reader." Defendant further objects to this request on the grounds that this request calls for a legal conclusion for which Defendant is not an attorney.

**RFA No. 7.** Admit that accusing a licensed attorney of "perjury" conveys to a reasonable reader that the attorney is unfit to practice.

**Response to Request for Admission:** Defendant objects to this request on the grounds that it calls for speculation as to what unknown third parties understood or believe and therefore is not a proper subject for a request for admission. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the term "reasonable reader." Defendant further objects to this request on the grounds that this request calls for a legal conclusion for which Defendant is not an attorney.

**RFA No. 8.** Admit that in the December 2023 *Do We Know Them* episode(s), you discussed Jeanette Braun by name and profession.

**Response to Request for Admission:** Admit.

**RFA No. 9.** Admit that when you made or published statements about Plaintiffs, you intended your audience to understand those statements as statements of fact, not as jokes, hyperbole, or satire.

**Response to Request for Admission:** Defendant objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for

6

admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 10.** Admit that as of December 10, 2023, you could not identify any sworn statement by Jeanette Braun that you believed to be false and made under penalty of perjury.

**<u>Response to Request for Admission:</u>** Deny.

**RFA No. 11.** Admit that before publishing the statement in Exhibit A, you possessed no document, transcript, or court order establishing that Jeanette Braun had committed perjury.

**<u>Response to Request for Admission:</u>** Deny.

**RFA No. 12.** Admit that no court has found Jeanette Braun to have committed perjury.

**<u>Response to Request for Admission:</u>** Defendant objects to this request on the ground that discovery in this matter has just begun and Defendant is in the process of obtaining information and/or documents relevant to the accuracy of this request; therefore Defendant is incapable of responding to this request at the present time and accordingly denies this request.

**RFA No. 13.** Admit that you did not contact Jeanette Braun for comment before publishing the statement in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her."

**<u>Response to Request for Admission:</u>** Admit.

**RFA No. 14.** Admit that you did not contact Braun IP Law, LLC for comment before publishing the statement in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her."

**Response to Request for Admission:** Admit.

**RFA No. 15.** Admit that, at the time you published the statement in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her", you had serious doubts about the truth of the accusation that Jeanette Braun was "actively committing perjury."

**Response to Request for Admission:** Deny.

**RFA No. 16.** Admit that, before publishing statements about Plaintiffs in December 2023, you did not independently verify the accuracy of the underlying allegations.

**Response to Request for Admission:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "statements," and thus Plaintiff is incapable of admitting or denying this request as presently framed.

**RFA No. 17.** Admit that you relied, at least in part, on information provided by Rebekah "Bekah" Day regarding Plaintiffs.

8

**Response to Request for Admission:**  Defendant objects to this request as it is unintelligible, and thus Plaintiff is incapable of admitting or denying this request as presently framed.

**RFA No. 18.** Admit that you understood that accusing Jeanette Braun of "perjury" would tend to injure her reputation as a lawyer.

**Response to Request for Admission:**  Defendant objects to this request on the grounds that it calls for speculation as to what unknown third parties understood or believe and therefore is not a proper subject for a request for admission.  Defendant further objects to this request on the grounds that it is vague and ambiguous as to the term "understood."

**RFA No. 19.** Admit that when you published the statement in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her.", you knew you had no evidence that Jeanette Braun committed perjury.

**Response to Request for Admission:**  Deny.

**RFA No. 20.** Admit that when you published the statement in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her", you recklessly disregarded whether the accusation was true.

9

**Response to Request for Admission:** Defendant objects to this request on the grounds that it calls for speculation as to what unknown third parties understood or believe and therefore is not a proper subject for a request for admission. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the term "recklessly disregarded." Defendant further objects to this request on the grounds that this request calls for a legal conclusion for which Defendant is not an attorney.

**RFA No. 21.** Admit that you published statements about Plaintiffs to increase engagement and views on your platforms.

**Response to Request for Admission:** Deny.

**RFA No. 22.** Admit that you did not include any retraction, correction, or clarification of the accusation in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her" on your X/Twitter account, or any other platform.

**Response to Request for Admission:** Deny.

**RFA No. 23.** Admit that you did not issue a retraction or correction in any *Do We Know Them* episode following December 2023 regarding the accusation in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her."

10

**Response to Request for Admission:**  Admit.

**RFA No. 24.** Admit that one or more of your statements about Plaintiffs received monetized views or generated advertising, sponsor, or affiliate revenue.

**Response to Request for Admission:**  Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 25.** Admit that you expected increased traffic, engagement, or revenue from publishing statements about Plaintiffs.

**Response to Request for Admission:**  Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 27.** Admit that after publication of your statements about Plaintiffs, you saw negative or harassing comments directed at Plaintiffs on your platforms.

**Response to Request for Admission:**  Defendant objects to this request on the ground that it is vague and ambiguous as to the term "statements."  Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

11

**RFA No. 28.** Admit that you communicated with Rebekah "Bekah" Day about Plaintiffs before publishing the *Do We Know Them* episode(s) that discussed Plaintiffs.

**Response to Request for Admission:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "episodes" and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 29.** Admit that you communicated with Jessica Vazquez about Plaintiffs before publishing the *Do We Know Them* episode(s) that discussed Plaintiffs.

**Response to Request for Admission:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "episodes" and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 30.** Admit that you communicated with Krista Carter (@CaffinatedKitti) about Plaintiffs before publishing the *Do We Know Them* episode(s) that discussed Plaintiffs.

**Response to Request for Admission:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "episodes" and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the ground that it is compound

12

as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 31.** Admit that you communicated with Ian Runkle and/or "Runkle of the Bailey" about Plaintiffs or this lawsuit.

**Response to Request for Admission:** Admit.

**RFA No. 32.** Admit that the real-world identity of the Reddit user "Varsil" is Ian Runkle.

**Response to Request for Admission:** Defendant objects to this request on the ground that she lacks information sufficient to admit or deny this request and on that basis denies this request.

**RFA No. 33.** Admit that, after learning of Plaintiffs' claims, you deleted, edited, or removed at least one post, comment, or message about Plaintiffs.

**Response to Request for Admission:** Deny.

**RFA No. 34.** Admit that you did not disable auto-delete or ephemeral settings on at least one platform after learning of Plaintiffs' claims.

**Response to Request for Admission:** Deny.

**RFA No. 35.** Admit that you created no contemporaneous notes of any fact-checking you conducted regarding the accusation in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while

13

actively committing perjury? Someone might want to tell her."

**Response to Request for Admission:** Defendant objects to this request on the grounds that the phrase "contemporaneous notes of any fact-checking" is vague and ambiguous. Defendant denies that she did not "fact-check" the referenced post.

**RFA No. 36.** Admit that the statement in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her"is false.

**Response to Request for Admission:** Deny.

**RFA No. 37.** Admit that the statement in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her." was a statement of fact about Jeanette Braun, not opinion.

**Response to Request for Admission:** Defendant objects to this request on the grounds that it calls for a legal conclusion for which Defendant is not an attorney. Defendant further objects to this request on the grounds that the request as presently framed in absolute terms (i.e. was a statement of fact, not opinion) is incomplete and therefore Defendant is unable to admit or deny this request as presently framed and on that basis denies this request.

14

**RFA No. 38.** Admit that publishing the statement in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her." about Jeanette Braun was negligent at minimum.

**Response to Request for Admission:** Deny.

**RFA No. 39.** Admit that when you published the statement in your December 10, 2023 post on X/Twitter from the account @lily_marston stating that "I gotta say… one of our biggest questions in all of this, is do we think demps knows that her embarrassing excuse for a lawyer is using her name while actively committing perjury? Someone might want to tell her", you knew or recklessly disregarded that it was false.

**Response to Request for Admission:** Deny.

**RFA No. 40.** Admit that the statements you made about Jeanette Braun in December 2023 constitute defamation.

**Response to Request for Admission:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "statements," and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the grounds that this request calls for a legal conclusion for which Defendant is not an attorney. Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

15

**RFA No. 41.** Admit that you agreed with one or more other persons, including Rebekah "Bekah" Day, Krista/Kristina Carter, Jessica Vazquez, and/or Ian Runkle, to make statements about Plaintiffs that would harm Plaintiffs' reputations.

**Response to Request for Admission:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "statements," and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 42.** Admit that you agreed with one or more third parties to create or publish posts, videos, or other online content about Plaintiffs or this lawsuit that was critical of Plaintiffs and their claims.

**Response to Request for Admission:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "posts, videos or other online content" and "critical" and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 43.** Admit that you coordinated with one or more third parties regarding the timing, content, or promotion of posts, videos, or other online content about Plaintiffs or this lawsuit that was critical of Plaintiffs.

16

**Response to Request for Admission:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "posts, videos or other online content" and the term "critical" and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 44.** Admit that when you made or coordinated the making of statements about Plaintiffs, you knew your audience included fans or followers who had made negative, harassing, or threatening comments about Plaintiffs.

**Response to Request for Admission:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "statements," and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the ground that the request relies upon a faulty premise – i.e. that "you coordinated that making of statements" – when Defendant has not admitted such coordination. Defendant further objects to this request on the grounds that it calls for speculation as to what unknown third parties understood or believe and therefore is not a proper subject for a request for admission. Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 45.** Admit that when you made or coordinated the making of statements about Plaintiffs, it was reasonably foreseeable that some of your fans or followers would harass,

17

threaten, or attack Plaintiffs.

**<u>Response to Request for Admission</u>:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "statements," and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the ground that the request relies upon a faulty premise – i.e. that "you coordinated that making of statements" – when Defendant has not admitted such coordination. Defendant further objects to this request on the grounds that it calls for speculation as to what unknown third parties understood or believe and therefore is not a proper subject for a request for admission. Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 46.** Admit that you made or coordinated the making of statements about Plaintiffs knowing thise was a reasonable likelihood that those statements would cause some of your fans or followers to harass, threaten, or attack Plaintiffs.

**<u>Response to Request for Admission</u>:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "statements," and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the ground that the request relies upon a faulty premise – i.e. that "you coordinated that making of statements" – when Defendant has not admitted such coordination. Defendant further objects to this request on the grounds that it calls for speculation as to what unknown third parties understood or believe and therefore is not a proper subject for a request for admission. Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper

subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 47.** Admit that after you made or promoted statements about Plaintiffs, at least one of your fans, followers, or audience members harassed, threatened, or attacked Plaintiffs.

**<u>Response to Request for Admission</u>:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "statements," and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the grounds that the request does not define or identify any specific action that constitutes "harassed, threatened, or attacked Plaintiffs" and thus calls for speculation as to what unknown third parties' activities are being referenced or the motivation for such activities. Defendant further objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 48.** Admit that your statements about Plaintiffs were a substantial factor in causing fans, followers, or audience members to harass, threaten, or attack Plaintiffs.

**Response to Request for Admission:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "statements," and is therefore not capable of being responded to as presently framed. Defendant further objects to this request on the grounds that the request does not define or identify any specific action that constitutes "harassed, threatened, or attacked Plaintiffs" and thus calls for speculation as to what unknown third parties' activities are being referenced or the motivation for such activities. Defendant further objects to this request on the

ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

Dated:  September 16, 2025                                          Respectfully Submitted,

*s/      Brandon J. Witkow*
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

*s/      Amy Doig*
Attorney for Defendants

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

*Attorneys for Defendants*

20

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that the foregoing document was served on all counsel of record noted below via electronic mail.

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
ben@lockyerlaw.com

***Attorney for Plaintiffs***

Dated:  September 16, 2025

/s/ *Brandon J. Witkow*
Brandon J. Witkow

21