**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON, | ) ) | |
| Plaintiffs, | ) ) | Case No. 23 C 16856 |
| v. | ) ) | |
| REBEKAH M. DAY NEE BOX, KRISTA CARTER & LILY MARSTON | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT REBEKAH DAY'S RESPONSES TO PLAINTIFF JEANETTE BRAUN, BRAUN IP LAW, LLC & LAUREN PROPSON'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Rebekah ("Defendant"), by and through her attorneys, hereby responds to Plaintiffs Jeanette Braun, Braun IP Law, LLC, and Lauren Propson (together, "Plaintiffs") First Set of Requests for Production of Documents and Things (hereafter, the "Requests"). Subject to Defendant's responses and objections below, non-objectionable, responsive documents identified below will be produced at a date and location mutually agreeable by counsel and in a manner mutually agreed to by counsel.

**GENERAL OBJECTIONS AND RESPONSES**

Defendant makes the following General Objections to each and every individual request in Plaintiff's First Set of Requests for Production of Documents and Things. Each of Defendant's General Objections is hereby incorporated in and made a part of each of the specific objections to particular requests set forth below, as stated therein.

1. **Privilege Objection**. Defendant objects to Plaintiff's First Set of Requests for Production of Documents and Things to the extent they seek information and documents subject to the attorney-client privilege and/or work product doctrine. Production of any privileged or

otherwise protected material by Defendant in the course of this litigation is inadvertent and shall not constitute a waiver of any such privilege(s) and/or protection(s) or other grounds for objection to discovery with respect to such materials.

2. **Form of Production Objection**. Defendant objects to the Instructions (and all Requests that implicate and/or apply to these Instructions) that:

(a) *"All production should be rendered natively with applicable metadata (JSON/CSV where available). For message or DM content, provide complete conversation threads (both participants), inclusive of timestamps, handles/user IDs, and any available message identifiers. For items that have been edited or deleted, include deletion logs and prior iterations when accessible"; and*

(b) *"Document" / "ESI" shall be interpreted in accordance with the broadest definition set forth under Fed. R. Civ. P. 34, encompassing social media data, direct messages, comments, drafts, posts, metadata, analytics, deletions, "trash," archives, cloud/backups, and exports (including but not limited to JSON, CSV, or HTML generated via platform "Download Your Information" utilities).* (together, the "Instructions").

The Instructions are unduly burdensome and disproportionate to the needs of the case in light of the size of the matter and the issues framed by the operative complaint. See Fed. R. Civ. P. 26(b)(1) (discovery must be "proportional to the needs of the case," considering importance of the issues, amount in controversy, access to information, resources, and whether the burden or expense outweighs the likely benefit).

The Instructions further demand production beyond what the Federal Rules require. Unless otherwise stipulated or ordered, ESI need only be produced either "in a form or forms in which it

is ordinarily maintained **or** in a reasonably usable form or forms," and a responding party is not obligated to produce ESI in multiple forms. Fed. R. Civ. P. 34(b)(2)(E)(ii)–(iii). Courts within the Seventh Circuit consistently apply proportionality and practicality to ESI format disputes and do not reflexively require native format or expansive metadata when reasonably usable productions suffice. See, e.g., *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 879–80 (N.D. Ill. 2021) (emphasizing Rule 26(b)(1) proportionality and the need for cooperative, cost-sensitive ESI practices); *City of Rockford v. Mallinckrodt ARD, Inc.*, No. 3:17-cv-50107, 2023 WL 4073701, at *1–2 (N.D. Ill. June 13, 2023) (managing ESI disputes through targeted productions and rejecting overbroad demands inconsistent with negotiated protocols and proportionality).

With respect to metadata, courts and local guidance in this Circuit recognize that metadata is not automatically relevant or required. *See* Northern District of Illinois Standing Order Relating to the Discovery of Electronically Stored Information, at Principle 2.04(d). The Northern District of Illinois Local Patent ESI Rules also reflect a "general presumption … that metadata is not requested and need not be produced, unless a special request is made," and even then, only specified fields that are reasonably available are contemplated. LPR ESI 2.5(c). Likewise, the Seventh Circuit E-Discovery Pilot Program Principles stress proportionality and practicality in ESI, discouraging burdensome, low-yield demands. And the Seventh Circuit has described metadata simply as "data which gives information about other data," underscoring that its production should turn on actual need and utility, not as an across-the-board default. *United States v. Wehrle*, 985 F.3d 549, 554 (7th Cir. 2021).

The Instructions also seeks "deletion logs and prior iterations" of edited or deleted items. Absent a concrete showing of special need and relevance, courts and leading authorities disfavor compelled collection of deleted, residual, or non-readily accessible ESI given the burdens and

costs involved. *See* Northern District of Illinois Standing Order Relating to the Discovery of Electronically Stored Information, at Principle 2.04(d); The Sedona Principles, Third Edition, Principle 9 ("Absent a showing of special need and relevance, a responding party should not be required to preserve, review, or produce deleted, shadowed, fragmented, or residual ESI."). The Northern District's model/standing ESI guidance similarly permits producing reports or export files from databases and recognizes that certain incremental or extraordinary processing costs should not be imposed without justification. Northern District of Illinois Standing Order Relating to the Discovery of Electronically Stored Information, at Principle 2.04(d)("other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business").

Accordingly, Defendant objects to the Instructions as seeking production in a manner that is unnecessary, overly burdensome, and disproportionate to the needs of this case. The demand for universal native format, comprehensive metadata (including JSON/CSV), entire message-thread reconstructions with all identifiers, and deletion/change logs exceeds what is required under Rules 26(b)(1) and 34(b)(2)(E) and would impose significant cost and technical burden that outweigh any incremental benefit on the narrow issues pleaded. The foregoing objection shall be referred to herein as the "Form of Production Objection."

3.      **Technical Data Objection**.  Defendant objects to the Instructions (and all Requests that implicate and/or apply to the Instructions) to the extent they require or implicitly demand that Defendant engage a third-party e-discovery or ESI vendor or incur significant outside processing expenses to collect, restore, or process electronically stored information ("ESI"). Under Federal Rule of Civil Procedure 26(b)(1) and the Northern District of Illinois Standing Order Relating to the Discovery of Electronically Stored Information (Principle 1.03), discovery must be

4

proportional to the needs of the case, considering "the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense outweighs its likely benefit."

Courts within the Seventh Circuit routinely decline to require parties to incur extraordinary or disproportionate ESI costs where less burdensome means exist. See *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 879–80 (N.D. Ill. 2021) (emphasizing proportionality and cost-sensitivity in ESI practices); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003) (commonly cited within this District for proportionality considerations in allocating ESI costs).

Furthermore, the parties' Joint Report [Docket #32, at pg. 5] did not identify the need for significant e-discovery or the need to hire an ESI-vendor to address the contemplated discovery needs in this matter, as highly technical data was not expected or required. *See* Northern District of Illinois Standing Order Relating to the Discovery of Electronically Stored Information, at Principles 2.05 & 2.06 (requiring that a party express the need for certain production methodologies at the Rule 26 conference so any burdens and limitations can be discussed then). Accordingly, Defendant will produce only those responsive, non-privileged documents and data that are readily accessible to Defendant without incurring significant outside vendor costs. To the extent certain materials are stored on third-party social media platforms or other providers referenced in the request and are not readily accessible to Defendant in the ordinary course of business, Plaintiffs may seek such information directly from those platforms or providers by subpoena or other appropriate discovery device.

Finally, if Plaintiffs insist on Defendant engaging a third-party ESI provider or undertaking extraordinary collection measures, Defendant objects on the grounds of proportionality and will agree to do so only if Plaintiffs bear the reasonable costs and expenses associated with such vendor engagement or extraordinary measures. The foregoing objection shall be referred to herein as the "Technical Data Objection."

4. **Identification Objection.** Defendant objects to those Requests that seek a *list* or compilation of information—rather than existing documents—by demanding that Defendant produce documents "sufficient to identify" specific information or accounts. Under Federal Rule of Civil Procedure 34 and this District's local discovery guidelines, Rule 34 governs the production of existing documents or electronically stored information in a party's possession, custody, or control; it does not obligate a responding party to create or compile a new document solely to respond to a discovery request.

The Northern District of Illinois Local Rules 26.2 and its Standing Order Relating to the Discovery of Electronically Stored Information emphasize proportionality, cooperation, and efficient use of discovery tools. Paragraph 1.03 of the Court's Standing Order on E-Discovery specifically provides that parties "requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable."

Consistent with these principles, courts within this Circuit have held that a Rule 34 request may not be used to force a party to prepare or create a document that does not exist. See *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (explaining that Rule 34 does not require a party to "produce documents or tangible things that are not in existence or within its control"); *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 2000) (holding that a party "cannot be compelled to create documents" to satisfy a Rule 34 request); *Paramount Pictures*

6

*Corp. v. Replay TV*, No. CV 01-9358 FMC (Ex), 2002 U.S. Dist. LEXIS 28126, 2002 WL 32151632, at *2 (C.D.Cal.2002) (finding that the rules of discovery do not require a party to create or generate responsive materials but only to produce and allow inspection of "items in the responding parties' possession, custody, or control.")  Requests that seek only the identification of information or accounts are more appropriately served as interrogatories under Rule 33. *See also* Fed. R. Civ. P. 33(a)(2) (interrogatories may relate to "the existence, description, nature, custody, condition, and location of any documents"). The phrasing "documents sufficient to identify" would require Defendant to synthesize or compile data not maintained in the ordinary course of business, imposing burdens beyond those contemplated by the Rules and local guidance. Under the Northern District of Illinois ESI Standing Order Principle 1.01, discovery should be "proportional to the needs of the case" in an effort to avoid undue burden or cost.  The foregoing objection shall be referred to herein as the "Identification Objection."

5.      **Equally Available Objection**.  Defendant objects to those Request that seek documents that are publicly available on Defendant's own social media platforms and are therefore equally accessible to Plaintiffs. The Federal Rules of Civil Procedure do not require a party to produce information that is publicly available and equally obtainable by the requesting party. See Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring the court to limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *McKellips v. Kumo Tire Co., Inc.*, 305 F.R.D. 655, 680 (D. Kan. 2015) (stating that if Defendant had responsive documents that were publicly available and equally accessible to Plaintiffs, then Defendant need not produce those documents and may instead refer Plaintiffs to the documents);. *Secs. & Exch. Comm. v. Samuel H. Sloan & Co.,* 369 F. Supp. 994, 995 (S.D.N.Y. 1973) (same).

The materials Plaintiffs seek in the Request can be directly accessed, downloaded, or captured from Defendant's public-facing platforms without burdening Defendant with redundant collection or production efforts. The request therefore appears calculated to harass or impose unnecessary expense rather than obtain information unavailable to Plaintiffs by other means. See Fed. R. Civ. P. 26(b)(1)–(2) (proportionality and anti-harassment safeguards). The foregoing objection shall be referred to herein as the "Equally Available Objection."

6. **Privilege Log Objection.** Defendant objects to the Instruction wherein Plaintiffs demand for a privilege log covering all documents created after the filing of this lawsuit on December 15, 2023. Defendant is not required to log post-filing privileged communications or attorney work product is unnecessary and wasteful absent special justification. *See, e.g.*, *In re Bridgestone/Firestone, Inc., ATX Tires Prods. Liab. Litig.*, 129 F. Supp. 2d 1207, 1218 (S.D. Ind. 2001) (declining to compel logging of post-complaint attorney communications absent good cause).

For documents created prior to December 15, 2023, Defendant further objects that a privilege log encompassing all potentially privileged pre-lawsuit materials would be unduly burdensome and disproportionate to the needs of the case under Rule 26(b)(1) and N.D. Ill. discovery guidance. However, consistent with Local Rule 37.2's good-faith meet-and-confer requirement and the cooperative discovery principles adopted by this District, Defendant is willing to meet and confer with Plaintiffs to develop a mutual and reciprocal privilege-log protocol for pre-lawsuit documents that will apply equally to all parties. The foregoing objection shall be referred to herein as the "Privilege Log Objection."

## RESPONSES TO DEMAND FOR PRODUCTION

**RFP 1.** Produce all documents sufficient to identify every social media account (handle, user ID, and profile URL) You used during the Relevant time period on Reddit, Instagram, TikTok, YouTube, Facebook, X/Twitter, Discord, and any messaging applications (including iMessage/SMS, WhatsApp, Signal, and Telegram), including all alternate, burner, or backup accounts, and all pages, groups, or servers You control.

**Response to Request for Production.** Defendant incorporates the Identification Objection. Subject to and without waiving these objections, Defendant will produce existing, non-privileged, responsive documents in its possession, custody, or control that reasonably relate to the subject matter, but will not create or compile documents solely to provide the requested identification. Defendant directs Plaintiffs to Defendant's response to the corresponding interrogatory that seeks the identification sought herein. Defendant further responds that she does not operate any Discord, WhatsApp, Signal, Telegram, or backup or burner accounts that have ever engaged in activity related to Plaintiffs or this lawsuit, nor has she ever controlled any pages, groups, or servers.

**RFP 2.** Produce all data-export packages You downloaded or can download from each platform for the relevant time period of October 1, 2023 to present (e.g., Instagram "Download Your Information" JSON, TikTok data export, Facebook/Meta export, YouTube/Google Takeout, Reddit export), including accompanying readme/schema files.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and Technical Objection. Defendant further objects to this request on the grounds that the term "platform data export packages" and "readme/schema files" is vague, ambiguous and left undefined, and Defendant does not possess the technical expertise to determine the meaning of

9

these terms. Defendant further objects to this request on the grounds that the documents called for by this request are not relevant to any claim or defense at issue in the subject lawsuit, and thus the purpose of this request is merely to harass Defendant and cause Defendant to incur significant time and expense in responding to this request. Subject to the foregoing objections, Defendant responds as follows: Defendant will produce relevant (as to Plaintiffs and the video/story at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible from Twitter/X, TikTok, Instagram, and YouTube/Google in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 3.** Produce all litigation hold/preservation notices You issued and communications with platforms or vendors about preserving or exporting or collecting content or messages relating to Plaintiffs or this lawsuit.

**<u>Response to Request for Production.</u>** Defendant objects to this request on the grounds that it is based upon a faulty premise – *i.e.* that Defendant is responsible for issuing litigation-hold/preservation notices to third party platforms and vendors. Defendant has no such obligation under the Federal Rules of Civil Procedure or controlling precedent. See Fed. R. Civ. P. 34(a)(1) (party must produce only those documents within its "possession, custody, or control"); *Chaveriat*

10

*v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426–27 (7th Cir. 1993) (holding that "control" under Rule 34 means the legal right or practical ability to obtain documents on demand, not the ability to influence an unrelated third party). Courts have recognized that parties are not required to impose preservation obligations on non-parties absent a showing of control or a special relationship that creates such a duty. *Hofer v. Gap, Inc.*, 516 F. Supp. 2d 161, 170-71 (D. Mass. 2007) (a party does not have a duty to preserve evidence that is not in its possession, custody, or control) *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-904, 2008 U.S. Dist. LEXIS 96645, at * 2 (S.D. Ohio Nov. 17, 2008) ("A party cannot be compelled to produce documents which do not exist or which it does not possess or control.").

**RFP 4.** Produce all documents reflecting deletion, editing, or removal of posts, comments, DMs/messages, or videos related to the Plaintiffs or this lawsuit, including timestamps, who initiated the deletion, and reasons.

**Response to Request for Production.** Defendant incorporates the Equally Available Objection, Form of Production Objection and the Technical Data Objection. Subject to and without waiving these objections, following a diligent search, Defendant responds as follows: Defendant has never manually deleted or edited any of the materials requested herein and therefore no documents exist. As to those videos that were "privated" as a result of Plaintiff's improper copyright strikes, those videos have seen been restored and thus are equally available to Plaintiffs. Documents relating to the "privating" of such videos will be produced.

**RFP 5.** Produce documents sufficient to identify all devices you used to access the accounts

11

above during the relevant period (device type, make/model, OS, phone number/Apple ID/Google ID where applicable)**.**

**Response to Request for Production.**  Defendant incorporates the Identification Objection. Defendant further objects to this request on the ground that it is vague and ambiguous as to the phrase "documents sufficient to identify all devices used to access the accounts."

**RFP 6.**  Produce all Reddit DMs/chats or comments between you and any Defendant or third party discussing the Plaintiffs, their clients, the lawsuit, alleged "perjury," ARDC matters, or the *Do We Know Them* episode(s).

**Response to Request for Production.**  Defendant incorporates the Equally Available Objection, Form of Production Objection and the Technical Data Objection. Subject to and without waiving these objections, Defendant responds as follows:  Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the video/story at issue in the operative Complaint during the relevant timeframe),  responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 7.** Produce all Reddit saved, edited, hidden, or deleted posts/comments/DMs referring to

the Plaintiffs or communications with any Defendant.

**Response to Request for Production.**   Defendant incorporates the Equally Available Objection, Form of Production Objection and the Technical Data Objection. Subject to and without waiving these objections, Defendant responds as follows:   Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the video/story at issue in the operative Complaint during the relevant timeframe),   responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 8.** Produce documents sufficient to show the user IDs for You and the Defendants and third parties with whom You communicated on Reddit regarding the Plaintiffs, and the permalink URLs of any referenced threads.

**Response to Request for Production.**   Defendant incorporates the Equally Available Objection, Form of Production Objection and the Technical Data Objection. Subject to and without waiving these objections, Defendant responds as follows:   Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the video/story at issue in the operative Complaint during the relevant timeframe),   responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard

image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 9.** Produce all Instagram DMs (full threads) between You and any Defendant or third party discussing or referring to the Plaintiffs, this lawsuit, or any third parties that discuss, mention, or refer to the Plaintiffs or this lawsuit.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast/video/story at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 10.** Produce all Instagram DMs referencing the Plaintiffs, Braun's law practice, the

14

ARDC, "perjury," or planning/scripting/promotion for *Do We Know Them* content about the Plaintiffs.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast/video/story at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 11.** Produce all Instagram Story posts and Story replies (including viewers lists and poll/sticker results) that reference the Plaintiffs or any Defendant, including any "Close Friends" items.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant responds no documents exist.

**RFP 12.** Produce all comments and comment-reply threads on your posts/Reels referencing the Plaintiffs or this lawsuit, including any posts you archived, made private, hid, limited, or

15

deleted.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant responds no documents exist.

**RFP 13.** All Instagram data exports (JSON) covering materials responsive to RFPs 9–12.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant responds no documents exist.

**RFP 14.** Produce all TikTok DMs (full threads) between you and any Defendant or third party that discuss, mention, or refer to the Plaintiffs or this lawsuit.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast/video/story at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost. TikTok's export in Defendant's possession did not

16

contain the relevant message threads and thus, responsive conversations will be produced in reasonably usable form.

**RFP 15.** Produce all TikTok video drafts, caption drafts, or comments discussing the Plaintiffs, Braun's legal work, ARDC, "perjury," or collaboration with Defendants regarding related content.

**Response to Request for Production.** Defendant incorporates the Equally Available Objection, Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant responds as follows: (a) no video drafts exists, and (b) as to comments to her stories/videos, Defendant's video links that are being provided in response to the corresponding interrogatory number 3 is "live" and contain all comments to such videos and thus such data is equally available to Plaintiffs. Defendant has not deleted any comments or replies.

**RFP 16.** Produce all TikTok comments, replies, creator-to-creator message requests, and items you filtered, limited, or deleted that reference the Plaintiffs.

**Response to Request for Production.** Defendant incorporates the Equally Available Objection, Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant responds as follows: Defendant's video links that are being provided in response to the corresponding interrogatory number 3 is "live" and contain all comments to such videos and thus such data is equally available to Plaintiffs. Defendant has not deleted any comments or replies.

**RFP 17.** Produce documents sufficient to show post-level analytics (from TikTok Studio) for

17

any TikTok in which you referenced the Plaintiffs or Defendants (views, likes, shares, comments, publish times).

**Response to Request for Production.** Defendant incorporates the Equally Available Objection, Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant responds as follows: Defendant's post-level analytics have been provided in response to the interrogatory number 15.

**RFP 18.** Produce your TikTok data export covering materials responsive to RFP Nos. 14–17.

**Response to Request for Production.** Defendant incorporates the Equally Available Objection, Form of Production Objection and the Technical Objection. Defendant further objects to this request on the grounds that it seeks information and documents that is not relevant to any claim or defense in this lawsuit. Subject to and without waiving these objections, Defendant responds as follows: Defendant's post-level analytics have been provided in response to the interrogatory number 15. With respect to "messages and comments," Defendant's video links that are being provided in response to the corresponding interrogatory number 3 is "live" and contain all comments to such videos and thus such data is equally available to Plaintiffs. Defendant has not deleted any comments or replies.

**RFP 19.** Produce all YouTube Studio comments and Community posts by you or received on your channel(s) that reference the Plaintiffs or Defendants, including moderation logs for held/removed comments.

**Response to Request for Production.** Defendant incorporates the General Objections. Subject to and without waiving these objections, Defendant responds as follows: Defendant does not

18

operate any YouTube accounts that have ever engaged in any activity related to the Plaintiffs, Jeanette Braun's clients, anything relevant to this lawsuit, the December 2023 TikTok story or video, or any related social media posts and thus, no documents exist.

**RFP 20.** Produce all communications (any medium) with Defendants or third parties concerning *Do We Know Them* episodes that discussed the Plaintiffs, including time-stamped show notes, clip selections, or editorial outlines.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and Technical Objection. Subject to and without waiving these objections, Defendant responds as follows: No documents exist as Defendant is not employed by, nor engaged with, the operators of the Do We Know Them podcast such that she would participate in the preparation of "time-stamped show notes, clip selections, or editorial outlines."

**RFP 21.** Produce all draft thumbnails, titles, descriptions, and version histories for videos/episodes that referenced the Plaintiffs, including internal notes about language accusing Ms. Braun of "perjury" or other unethical/illegal conduct.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and Technical Objection. Subject to and without waiving these objections, Defendant responds as follows: Defendant does not create "drafts" of "thumbnails, titles, descriptions, or meaningful version histories for the videos/episodes" and thus no documents exist.

**RFP 22.** Produce documents sufficient to show video-level analytics (views, watch-time, CTR, comments) for videos/shorts/community posts that reference the Plaintiffs or Defendants.

19

**Response to Request for Production.** Defendant incorporates the Equally Available Objection, Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant responds as follows: Defendant's post-level analytics have been provided in response to the interrogatory number 15. Public-facing view counts and comments are equally available to Plaintiffs at the linked videos.

**RFP 23.** Produce your Google Takeout/YouTube data export for comments, community posts, and channel metadata responsive to RFP Nos. 19–22.

**Response to Request for Production.** Defendant incorporates the General Objections. Subject to and without waiving these objections, Defendant responds as follows: Defendant does not operate any YouTube accounts that have ever engaged in any activity related to the Plaintiffs, Jeanette Braun's clients, anything relevant to this lawsuit, the December 2023 TikTok story or video, or any related social media posts and thus, no documents exist.

**RFP 24.** Produce all Facebook or X/Twitter messages (full threads), posts, comments, and replies by you referencing the Plaintiffs or this lawsuit, including hidden/removed items and Page Inbox messages.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Privilege Objection. Defendant further objects to this request on the grounds that it is overbroad as to time and seeks communications (i.e. "full threads") that are private and wholly unrelated to this lawsuit. Subject to and without waiving these objections, following a diligent search, Defendant responds as follows: Defendant will produce relevant portions (as to Plaintiffs and the statements at issue in the operative Complaint prior to the filing

20

of the instant lawsuit), responsive, non-privileged, and non-confidential materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate).

**RFP 25.** Produce all Facebook posts, comments, and replies by you, and all comments you hid/removed on posts referencing the Plaintiffs or Defendants.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Privilege Objection. Defendant further objects to this request on the grounds that it is overbroad as to time and seeks communications that are private and wholly unrelated to this lawsuit. Subject to and without waiving these objections, following a diligent search, Defendant responds as follows: Defendant will produce relevant portions (as to Plaintiffs and the statements at issue in the operative Complaint prior to the filing of the instant lawsuit), responsive, non-privileged, and non-confidential materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate).

**RFP 26.** Produce any Meta transparency or "Download Your Information" exports containing materials responsive to RFP Nos. 24–25.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Privilege Objection. Defendant further objects to this request on the grounds that it is overbroad as to time and seeks communications that are private and wholly unrelated to this lawsuit. Subject to and without waiving these objections, following a diligent

21

search, Defendant responds as follows: Defendant will produce relevant portions (as to Plaintiffs and the statements at issue in the operative Complaint prior to the filing of the instant lawsuit), responsive, non-privileged, and non-confidential materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate).

**RFP 27.** Produce all iMessage/SMS/MMS texts (full threads) between you and any Defendant or any third party that discuss or reference the Plaintiffs or this lawsuit.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast/video/story at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 28.** Produce all WhatsApp, Signal, Telegram, Discord, or similar messages (including server/channel DMs, group chats, and voice/text logs) between you and any Defendant, or with third parties, that discuss the Plaintiffs, Braun's law practice, the ARDC, alleged "perjury," or the

22

planning/promotion of related content.

**Response to Request for Production.** Defendant incorporates the General Objections. Subject to and without waiving these objections, Defendant responds that she does not operate any Discord, WhatsApp, Signal, or Telegram accounts that have ever engaged in activity related to Plaintiffs or this lawsuit, and thus no documents exist.

**RFP 29.** Produce all call logs (or screenshots/exports) reflecting voice/video calls with any Defendant or third party where the Plaintiffs or this lawsuit were discussed.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Privilege Objection. Defendant further objects to this request on the grounds that it is overbroad as to both time and scope (any "third party") and seeks generic call logs that are private and wholly unrelated to this lawsuit. Defendant further responds that broad lists of "call histories" do not reveal what content was discussed on these calls, and thus such information is not relevant to the claims or issues in this lawsuit.

**RFP 30.** Produce all attachments exchanged in the communications above (links, screenshots, drafts, audio notes, images, clip files), including originals with metadata.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast/video/story at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and

23

will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 31.** Produce all emails (including attachments) that discuss, mention, or refer to the Plaintiffs or this lawsuit.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast/video/story at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 32.** Produce all communications between you and Rebekah (Bekah) Day concerning the Plaintiffs, Braun's clients, the ARDC, or any content you later published or discussed on *Do We Know Them*.

24

**Response to Request for Production.** Defendant incorporates the General Objections. Defendant further objects to this request on the grounds that is non-sensical as it requests documents by and between Defendant, and thus is not capable of being responded to as presently framed.

**RFP 33.** Produce all communications between You and Krista/Kristina Carter (on any platform) concerning the Plaintiffs or Braun's practice.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast/video/story at issue in the operative Complaint during the relevant timeframe), responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 34.** All communications between You and Jessica Vazquez concerning the Plaintiffs or Braun's practice, including episode planning documents, outlines, or post-production edits for the December 2023 episode(s) referencing Plaintiffs.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and Technical Objection. Subject to and without waiving these objections, Defendant responds as follows: No documents exist as Defendant is not employed by, nor engaged with, the operators of the Do We Know Them podcast such that she would participate in the preparation of "episode planning documents, outlines, or post-production edits for the December 2023 episode(s) referencing Plaintiffs."

**RFP No. 35.** Produce all communications between you and Ian Runkle and/or any account or channel identified as "Runkle of the Bailey," concerning the Plaintiffs or this lawsuit, including DMs, emails, comments, replies, shared documents, scheduling, show notes, cross-promotion, or collaboration discussions, and all attachments.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection and the Technical Objection. Subject to and without waiving these objections, Defendant will produce relevant, responsive, non-privileged materials with Mr. Runkle that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP No. 36.** Produce all communications involving the Reddit account "Varsil" concerning the

Plaintiffs or this lawsuit, including any information you possess about that account's real-world identity.

**Response to Request for Production.**  Defendant incorporates the Form of Production Objection and the Technical Objection.  Subject to and without waiving these objections, following a diligent search, Defendant responds as follows:  No documents exist.

**RFP No. 37.** Produce all communications that discuss Ian Runkle, "Runkle of the Bailey," or "Varsil" in connection with the Plaintiffs or this lawsuit, even if none of those accounts participated in the communication (indirect coordination).

**Response to Request for Production.**   Defendant incorporates the Form of Production Objection and the Technical Objection.  Subject to and without waiving these objections, Defendant will produce relevant,  responsive, non-privileged materials with Mr. Runkle that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP No. 38.** Produce all agreements, invoices, payments, revenue shares, cross-promotion plans, collaboration documents, or similar materials reflecting any arrangement with Rebekah Day, Krista Carter, Jessica Vazquez, Ian Runkle/"Runkle of the Bailey," or "Varsil" regarding content

27

about the Plaintiffs.

**Response to Request for Production.**   Defendant incorporates the Form of Production Objection and the Technical Objection.  Subject to and without waiving these objections, following a diligent search, Defendant responds as follows: No documents exist.

**RFP No. 39.** Produce all documents in which you solicited, received, or reviewed "tips," "DMs," screenshots, documents, or "evidence" regarding the Plaintiffs, including from non-creators referenced on any podcast/video/post.

**Response to Request for Production.**   Defendant incorporates the Form of Production Objection and the Technical Objection.  Subject to and without waiving these objections, Defendant will produce relevant (as to Plaintiffs and the podcast/video/story at issue in the operative Complaint during the relevant timeframe),  responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 40.**  Produce all communications with platform representatives (Reddit, Instagram, TikTok, YouTube, Facebook/X, Discord) about reports, strikes, takedowns, or moderation involving content about the Plaintiffs.

28

**Response to Request for Production.**   Defendant incorporates the General Objection.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant will produce relevant (as to Plaintiffs and the podcast/video/story at issue in the operative Complaint during the relevant time period), responsive, non-privileged appeal materials with TikTok.  Defendant further responds that no communications with any other platforms exist.

**RFP 41.**  Produce all documents, including but not limited to emails, letters, notes, internal messages, or screenshots, that you rely on to support any assertion—whether in the TikTok story post dated December 11, 2023 or elsewhere—that the Illinois Attorney Registration and Disciplinary Commission ("ARDC") confirmed it had received multiple credible complaints about Jeanette Braun or that it had assigned multiple attorneys to investigate her.

**Response to Request for Production.**   Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection.  Subject to and without waiving these objections, Defendant will produce responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 42.** Produce all documents you rely on to support any assertion—whether in the TikTok story post dated December 11, 2023 or elsewhere—that Jeanette Braun is unethical, has violated ethical rules, or is unfit to practice law.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 43.** Produce all documents you rely on to support any assertion—whether in the TikTok story post dated December 11, 2023 or elsewhere—that Plaintiffs filed "false copyright strikes."

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon

a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 44.** Produce all communications, drafts, or internal notes concerning the terminology you used to describe Plaintiffs—whether in the TikTok story post dated December 11, 2023 or elsewhere—including, but not limited to, "credible complaints," "investigation," "perjury," "unethical," or "rogue attorney," and any fact-checking or verification performed before publication.

**<u>Response to Request for Production.</u>** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP 45.** Produce all documents reflecting edits, retractions, removals, corrections, or content warnings relating to the TikTok story post dated December 11, 2023 or any other statement about Plaintiffs, including the reasons for any changes and any public or private statements you made

31

about such changes.

**Response to Request for Production.**   Defendant incorporates the General Objections.  Subject to and without waiving these objections, Defendant responds as follows: Defendant does not recall making any changes or edits to the December 11, 2023 TikTok Story.  Following the posting of this story, beginning on December 14, 2023, Defendant was inundated with multiple copyright strikes and reports initiated by Plaintiffs which caused at least two pieces of content to be removed by the platform.  Defendant herself did not edit, retract, remove, or correct any content and thus, no documents exist.

**RFP 46.** Produce documents sufficient to show audience behavior and moderation actions following content about the Plaintiffs, including moderation logs, hidden/removed comments, block/ban logs, reports of harassment, and any steps you took in response.

**Response to Request for Production.**   Defendant incorporates the General Objections. Defendant further objects to this request on the grounds that the phrase "audience behavior and moderation actions" is vague and ambiguous and left undefined.  Defendant further objects to this request on the grounds that the request is compound as it appears to relate to any "content about the Plaintiffs" without identifying a specific video or post.  Defendant further objects to this request to the extent that the phrase "audience behavior and moderation actions" is intended to mean comments left in response to a video or post, the comments to such (undefined) videos and posts are live and thus equally available to Plaintiffs.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant has not deleted any comments from any videos no does she have "comment filters" activated.

**RFP 47.**  Produce documents sufficient to show post/video analytics for content that referenced the Plaintiffs during the relevant period (e.g., YouTube Studio, TikTok Analytics, X/Twitter analytics, Meta Business Suite).

**<u>Response to Request for Production.</u>**    Defendant incorporates the General Objections. Defendant further objects to this request on the grounds that the request is compound as it appears to relate to any "content about the Plaintiffs" without identifying a specific video or post.   Subject to and without waiving these objections, Defendant responds as follows:  Metrics for the videos identified in response to interrogatory number 3 are identified in response to interrogatory number 15, provided concurrently herewith.


**RFP 48.**  Produce all documents reflecting monetization, sponsorships, affiliate links, revenue shares, ad deals, or other financial arrangements tied to content about the Plaintiffs (contracts, invoices, deliverables, and payments)..

**<u>Response to Request for Production.</u>**   Defendant incorporates the General Objections. Subject to and without waiving these objections, following a diligent search, Defendant responds as follows: No documents exist.


**RFP 49.** Produce all documents sufficient to show traffic/engagement goals, growth strategies, or editorial directions linked to the publication of content about the Plaintiffs**.**

**<u>Response to Request for Production.</u>**   Defendant incorporates the General Objections. Subject to and without waiving these objections, following a diligent search, Defendant responds as follows: No documents exist.

**RFP 50.** Produce all records, transcripts, exports, screenshots, or other copies of any chats, conversations, prompts, or messages you had with ChatGPT or any other AI chatbot (e.g., Claude, Gemini, Copilot) during the relevant period, to the extent such chats discuss, mention, or refer to the Plaintiffs or this lawsuit, including prompts and responses, with associated date/time and account metadata.

**Response to Request for Production.** Defendant incorporates the General Objections. Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks materials that are not relevant to any party's claim or defense within the meaning of Federal Rule of Civil Procedure 26(b)(1) and exceeds the permissible scope of discovery. Defendant further objects that the request impermissibly seeks attorney work product, mental impressions, and attorney–client communications, including internal research, strategy, and drafting processes, which are protected from disclosure under Federal Rule of Civil Procedure 26(b)(3) and applicable case law (see *Hickman v. Taylor*, 329 U.S. 495 (1947); *Upjohn Co. v. United States*, 449 U.S. 383 (1981)). Additionally, to the extent the Request calls for the production of logs or metadata generated by AI tools that may include confidential, proprietary, or sensitive personal information unrelated to the claims or defenses at issue, Defendant objects on the grounds of privacy, confidentiality, and proportionality under Rule 26(b)(2)(C).

**RFP No. 51.** Produce all communications of any kind between you and lyonel@grail-talent.com relating to this lawsuit or to Jeanette Braun, Braun IP Law, LLC, or Lauren Propson, including emails sent, received, forwarded, replied, cc'd, or bcc'd; draft emails; calendar invitations containing message content; auto-responses; and any attachments, embedded images, hyperlinks,

34

or files transmitted with such communications, with full header metadata and complete conversation threads.

**Response to Request for Production.** Defendant incorporates the General Objections. Subject to and without waiving these objections, following a diligent search, Defendant responds as follows: No documents exist.

**RFP No. 52.** Produce all documents reflecting steps taken to preserve potentially relevant ESI, including disabling auto-delete features, capturing exports, and securing devices/accounts.

**Response to Request for Production.** Defendant incorporates the General Objections. Defendant further objects to this request on the grounds that it is based upon a faulty premise, that is that deleted data and/or data loss has occurred. Subject to and without waiving these objections, Defendant responds as follows: Defendant refers Plaintiffs to her response to interrogatory number 18, provided concurrently herewith.

**RFP No. 53.** Produce all documents relating to data loss, deletion, or unavailability of potentially relevant ESI (what was lost, when/how, and any efforts to recover).

**Response to Request for Production.** Defendant incorporates the General Objections. Defendant further objects to this request on the grounds that it is based upon a faulty premise, that is that deleted data and/or data loss has occurred. Subject to and without waiving these objections, Defendant responds as follows: Defendant refers Plaintiffs to her response to interrogatory number 19, provided concurrently herewith.

**RFP No. 54.** Produce all search protocols, collection logs, and production logs for your efforts to

locate and produce materials responsive to these Requests.

**Response to Request for Production.** Defendant incorporates the Technical Objection, the Form of Production Objection and the Privilege Objection. Defendant further objects to this request on the grounds that this request is not suited for a request for documents but rather more appropriate for an interrogatory requesting search protocols. Subject to and without waiving these objections, Defendant responds as follows: Defendant has produced responsive, non-privileged materials in response to the previous 53 requests (subject to the objections stated therein) that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

**RFP No. 55.** Produce all communications between you and the Illinois Attorney Registration and Disciplinary Commission ("ARDC") from October 1, 2023 to the present, including emails, letters, phone call notes, online submission receipts, complaint confirmation messages, or any other correspondence concerning Jeanette Braun, Braun IP Law, LLC, or Lauren Propson.

**Response to Request for Production.** Defendant incorporates the Form of Production Objection, Technical Objection and Equally Available Objection. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged materials that are reasonably accessible in a reasonably usable form consistent with Rule 34(b)(2)(E) (e.g., standard image or

PDF productions with text and a modest set of readily available system fields where appropriate), and will meet and confer regarding any targeted, case-specific needs for native format (such as spreadsheets or databases where native is necessary for usability) or limited metadata fields, upon a showing that the requested form is proportional, tailored and relevant to the precise issues in dispute, and upon a determination that Defendant can procure the requested data from a third-party provider without substantial effort and/or cost.

Dated: September 29, 2025

Respectfully Submitted,

*s/      Brandon J. Witkow*
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

*s/      Amy Doig*
Attorney for Defendants

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was served on all counsel of record noted below via electronic mail.

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
ben@lockyerlaw.com

***Attorney for Plaintiffs***

Dated:  September 29, 2025                         /s/ *Brandon J. Witkow*
                                                                        Brandon J. Witkow