**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEANETTE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON,<br><br>                           Plaintiffs,<br>     v.<br><br>REBEKAH M. DAY NEE BOX, KRISTA CARTER & LILY MARSTON<br><br>                     Defendants. | )<br>)<br>)<br>)<br>)  Case No. 23 C 16856<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT REBEKAH DAY'S RESPONSES TO PLAINTIFF JEANETTE BRAUN, BRAUN IP LAW, LLC & LAUREN PROPSON'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Rebekah Day ("Defendant"), by and through her attorneys, hereby responds to Plaintiffs Jeanette Braun, Braun IP Law, LLC, and Lauren Propson (together, "Plaintiffs") First Set of Interrogatories (hereafter, the "Requests").

**GENERAL OBJECTIONS AND RESPONSES**

Defendant makes the following General Objections to each and every individual request in Plaintiffs' First Set of Interrogatories. Each of Defendant's General Objections is hereby incorporated in and made a part of each of the specific objections to particular requests set forth below, as stated therein.

1. **Privilege Objection**. Defendant objects to Plaintiff's First Set of Interrogatories to the extent they seek information and documents subject to the attorney-client privilege and/or work product doctrine. Production of any privileged or otherwise protected material by Defendant in the course of this litigation is inadvertent and shall not constitute a waiver of any such

privilege(s) and/or protection(s) or other grounds for objection to discovery with respect to such materials.

2.     **Compilation Objection.**     Defendant objects to those Requests that seek a summary, compilation, or analysis of information that is already contained in documents being produced or made available for inspection under Federal Rule of Civil Procedure 33(d). Rule 33(d) expressly permits a responding party to produce business records in lieu of preparing a written narrative response where "the burden of deriving or ascertaining the answer will be substantially the same for either party." *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 325 (N.D. Ill. 2005) (applying Rule 33(d) and holding that "where the information requested can be derived from records equally accessible to both sides, Rule 33(d) permits the responding party to direct the interrogating party to those records rather than create a summary").

Preparing the requested summary would impose an undue burden on Defendant, as it would require distilling and compiling information from records that are equally available to Plaintiffs once produced. *See* Fed. R. Civ. P. 33 (c) advisory committee's note to the 1970 amendment. The foregoing objection shall be referred to herein as the "Compilation Objection."

3.     **Equally Available Objection**.     Defendant objects to those Request that seek documents that are publicly available on Defendant's own social media platforms and are therefore equally accessible to Plaintiffs. The Federal Rules of Civil Procedure do not require a party to produce information that is publicly available and equally obtainable by the requesting party. See Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring the court to limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (noting that a party

"need not produce documents that are publicly available"); *In re Subpoena Duces Tecum to Third Party MetLife, Inc.*, 682 F. Supp. 2d 339, 345 (E.D.N.Y. 2010) (same principle widely applied).

The materials Plaintiffs seek in the Request can be directly accessed, downloaded, or captured from Defendant's public-facing platforms without burdening Defendant with redundant collection or production efforts. The request therefore appears calculated to harass or impose unnecessary expense rather than obtain information unavailable to Plaintiffs by other means. See Fed. R. Civ. P. 26(b)(1)–(2) (proportionality and anti-harassment safeguards). The foregoing objection shall be referred to herein as the "Equally Available Objection."

4. To the extent that specific General Objections are cited in a specific response, those specific objections are provided because they are believed to be particularly applicable to the specific request and are not to be construed as a waiver of any General Objection applicable to information falling within the scope of the requests.

6. Defendant is in the process of completing its review and analysis of information thus far gathered in the course of discovery. This response is made by Defendant without waiving Defendant's right to introduce, use, or refer to information and/or documents that she presently has but which it has not yet had sufficient time to weigh, analyze and evaluate. In addition, Defendant reserves her right to amend or supplement its response in the event that any information and/or document previously available is unintentionally omitted from Defendant's response.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:** Identify every social media or messaging account You used at any time from October 1, 2023 to the present. For each account, state: the platform; handle and user ID; profile URL; associated email address and phone number; whether the account is primary, alternate, burner, or backup; whether You control any page, group, or server through that account; and the

3

date range You used it.

**Response to Interrogatory.** Defendant incorporates the General Objections. Defendant further objects to this request on the grounds that it seeks highly confidential and proprietary information regarding her private email address and telephone number. Based on previous and existing threats to Defendant's safety, such information will not be disclosed. Subject to and without waiving the foregoing objections, Defendant responds as follows:

| TIKTOK | https://www.tiktok.com/@bekahdayyy |
|---|---|
| TIKTOK | https://www.tiktok.com/@bekahdayyybackup |
| YOUTUBE | https://www.youtube.com/@bekahdayyy |
| REDDIT | https://www.reddit.com/user/j3smama/?share_id=5IQERAUJXYXIlx_bKEQO8&utm_content=1&utm_medium=ios_app&utm_name=ioscss&utm_source=share&utm_term=1/ |
| X | https://x.com/day_bekah94091 |
| X | https://x.com/DayBekah |
| INSTAGRAM | https://www.instagram.com/bekahdayyy/ |
| FACEBOOK | https://www.facebook.com/bekah.boxx/ |

**Interrogatory No. 2:** For each account identified in Interrogatory No. 1, identify every person who had access to the account from October 1, 2023 to the present, and for each person state their name, role (e.g., editor, moderator, manager, agent), the nature of their access, and the dates access began and ended.

**Response to Interrogatory.** Defendant incorporates the General Objections. Subject to and without waiving the foregoing objections, Defendant responds as follows: Rebekah Day.

**Interrogatory No. 3:** Identify each statement You made, published, republished, or caused to be published about Jeanette Braun, Braun IP Law, LLC, or Lauren Propson from October 1, 2023 to the present. For each statement, provide: the exact words (verbatim if available); the date and time (with time zone); the platform and account used; the URL/permalink or other location; the names/handles of all participants; whether it was edited or removed (and when and why); and every person who drafted, reviewed, approved, or discussed the statement.

**Response to Interrogatory.** Defendant incorporates the Equally Available Objection, the Compilation Objection and the Privilege Objection. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will not identify each and every comment or reply that she made in relation to original post or video as such a request is unduly burdensome and harassing. Pursuant to Rule 33(d), Defendant refers Plaintiffs to the following business records being produced concurrently herewith from which the information responsive to this Interrogatory may be derived or ascertained with equal burden: BD 00694 - BD 00719, BD 00631, BD 00720 & BD 00721. In addition, Defendant identifies the following links which are equally accessible to Plaintiffs:

**All videos related to Lauren Propson or Jeanette Braun:**

1. https://www.tiktok.com/@bekahdayyy/video/7293154914245561630
2. https://www.tiktok.com/@bekahdayyy/video/7293690166797946142?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438
3. https://www.tiktok.com/@bekahdayyy/video/7295597772835671326?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438
4. https://www.tiktok.com/@bekahdayyy/video/7304099206354980127?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

5

5. https://www.tiktok.com/@bekahdayyy/video/7304337777045277982?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

6. https://www.tiktok.com/@bekahdayyy/video/7304404589166710046?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

7. https://www.tiktok.com/@bekahdayyy/video/7306561864777927967?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

8. https://www.tiktok.com/@bekahdayyy/video/7306584690490674462?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

9. https://www.tiktok.com/@bekahdayyy/video/7306907071377607967?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

10. https://www.tiktok.com/@bekahdayyy/video/7306939301416275230?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

11. https://www.tiktok.com/@bekahdayyy/video/7307316211996511518?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

12. https://www.tiktok.com/@bekahdayyy/video/7310392122643942687?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

13. https://www.tiktok.com/@bekahdayyy/video/7317317559156493599?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

14. https://www.tiktok.com/@bekahdayyy/video/7341180142233963818?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

15. https://www.tiktok.com/@bekahdayyy/video/7354611703469985070?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

16. https://www.tiktok.com/@bekahdayyy/video/7476660169275985195?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

17.

https://www.tiktok.com/@bekahdayyy/video/7547783482966134047?is_from_webapp=1&sender_device=pc&web_id=7424978166185723438

**Interrogatory No. 4:** With respect to any stream, video, post, or appearance in December 2023 that discussed any Plaintiff, identify all participants (including hosts, producers, editors, and contractors), each person's role and contribution (e.g., scripting, research, outline, editing, thumbnail, title, description), and the time-coded segments that discuss any Plaintiff.

**Response to Interrogatory.** Defendant incorporates the General Objections. Subject to and without waiving the foregoing objections, Defendant responds as follows: None of the videos posted about Ms. Propson or Ms. Braun were in collaboration with a producer, editor, or hosts. Defendant has identified the people who reached out to share information and research pertaining to Plaintiffs in response to Interrogatory No. 10 herein.

**Interrogatory No. 5:** Identify all communications between you and Lily Marston from October 1, 2023 to the present that discuss, mention, or refer to any Plaintiff or content about any Plaintiff. "Communications" includes posts, comments, replies, direct or private messages, emails, texts/iMessages, server or channel messages (e.g., Discord), voice/video messages, Story replies, Notes, modmail, drafts, edits, deletions, and attachments. For each, state the platform, date range, participants, and general subject.

**Response to Interrogatory.** Defendant incorporates the Compilation Objection and the Privilege Objection. Subject to and without waiving the foregoing objections, Defendant responds as follows: Pursuant to Rule 33(d), Defendant refers Plaintiffs to the following business records

7

being produced concurrently herewith from which the information responsive to this Interrogatory may be derived or ascertained with equal burden**: BD 00374.

**Interrogatory No. 6:**  Identify all communications between you and Jessica Vazquez from October 1, 2023 to the present that discuss, mention, or refer to any Plaintiff or content about any Plaintiff, including planning, scripting, editing, promotion, or post-publication discussions. For each, state the platform, date range, participants, and general subject.

**Response to Interrogatory.**  Defendant incorporates the Compilation Objection and the Privilege Objection.   Subject to and without waiving the foregoing objections, Defendant responds as follows:   Defendant has never communicated directly with Jessica Vazquez.

**Interrogatory No. 7:**  Identify all communications between you and Krista Carter (also known as @CaffinatedKitti) from October 1, 2023 to the present that discuss, mention, or refer to any Plaintiff or content about any Plaintiff. For each, state the platform, date range, participants, and general subject.

**Response to Interrogatory.**  Defendant incorporates the Compilation Objection and the Privilege Objection.   Subject to and without waiving the foregoing objections, Defendant responds as follows:   Pursuant to Rule 33(d), Defendant refers Plaintiffs to the following business records being produced concurrently herewith from which the information responsive to this Interrogatory may be derived or ascertained with equal burden: BD 00008- BD 00257, BD 00375 - BD 00377.

**Interrogatory No. 8:**  Identify all communications between you and (a) Ian Runkle; (b) any account identified as "Runkle of the Bailey"; or (c) the Reddit account "Varsil," from October 1,

8

2023 to the present that discuss, mention, or refer to any Plaintiff or this lawsuit. For each, state the platform, date range, participants, and general subject, and state all information you have about the real-world identity of "Varsil," if any.

**Response to Interrogatory.** Defendant incorporates the Compilation Objection. Subject to and without waiving the foregoing objections, Defendant responds as follows: Pursuant to Rule 33(d), Defendant refers Plaintiffs to the following business records being produced concurrently herewith from which the information responsive to this Interrogatory may be derived or ascertained with equal burden: BD 00406 - BD 00410.

**Interrogatory No. 9:** Describe the nature and history of your relationship with Ian Runkle (also known as "Runkle of the Bailey") from October 1, 2023 to the present, including: when and how you first connected; the frequency and modes of communication; any collaborations, guest appearances, cross-promotion, or coordinated content; any payments or other benefits exchanged; any agreements (written or oral); and any discussions about content concerning any Plaintiff.

**Response to Interrogatory.** Defendant incorporates the General Objections. Defendant further objects to this request on the grounds that it is not relevant to the claims and/or issues in the operative Complaint, and therefore is unlikely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows:

Ian Runkle is a Canadian attorney who operates a popular YouTube channel focused on legal issues. On his channel, he covers lawsuits that are trending in either mainstream media or the social media influencer community.

9

Mr. Runkle began covering this lawsuit shortly after Plaintiffs filed their Complaint in December 2023, when the case was a trending topic. He was one of many legal commentary and general commentary creators who began discussing the matter at that time.

Defendant's first communication with Mr. Runkle occurred on December 21, 2023. In that message, Defendant thanked him for his coverage of the lawsuit and noted that she had become a new viewer of his channel. Over the following year, Defendant exchanged a handful of brief communications with Mr. Runkle whenever there was a new development in the case.

At no time has Defendant paid Mr. Runkle, nor has Mr. Runkle ever paid Defendant. There is no contractual or financial relationship between Defendant and Mr. Runkle.

On occasion, Defendant has posted short "Story" updates (which expire after 24 hours) when commentary channels—including Mr. Runkle, Paige Christie, The Madcatster, CC Suarez, and others—published videos or updates about this lawsuit.

Defendant has never coordinated content, made guest appearances, or entered into any agreements with any YouTuber, TikToker, manager, agency, or other individual who has created commentary related to this lawsuit.

**Interrogatory No. 10:** Identify every non-defendant person who supplied You with information, tips, screenshots, documents, talking points, or "evidence" regarding any Plaintiff from October 1, 2023 to the present, stating the platform, dates, subject(s), and whether You used the information.

**Response to Interrogatory.** Defendant incorporates the Compilation Objection and the Privilege Objection. Subject to and without waiving the foregoing objections, Defendant responds as follows:

| | | |
|---|---|---|
| **Lily Marston** | Lily Marston reached out for the first time on November 29, 2023. We would then exchange Instagram DM's discussing receipts that had been sent to me by Andi Cunningham, Kodye Elyse, Krista Carter, and Randi Colores. | Nov. 29th, 2023 |
| **Krista Carter** | Krista Carter reached out on November 15, 2023. This was the first time we had come across one another on social media. She also warned me, since I had done a deep dive on Lauren Propson, to be careful because she was facing intimidation tactics from the Plaintiffs. She would proceed to send me evidence of the harassment she was facing from the Plaintiffs. | November 15th, 2023 |

11

| Kodye Elyse | Kodye Elyse reached out via Instagram DM on November 28, 2023. She shared that for the past year (after coming forward sharing that she had experienced bullying by the hands of a group of female creators) her social media accounts were inundated with hundreds of false copyright strikes. These strikes were submitted by Jeanette Braun on behalf of two of her clients, who were figures whom Kodye was accusing of bullying. She shared dozens of screenshots of proof of these frivolous strikes filed in bad faith, and I agreed they were frivolous and blatantly ignored DMCA policy. She also shared her story and some of the screenshots that she shared with me on my platform, as I felt it was unacceptable that a single mother was stripped from her source of income because Jeanette Braun ignored DMCA policy. | November 28, 2023 |

| | | |
|---|---|---|
| **Chelsea Dean** | Chelsea reached out via TikTok DM on December 3, 2023. She requested my email so she could send me information about Jeanette Braun. She sent me a legal complaint that she found where Jeanette Braun states that it's not against DMCA policy to file false copyright strikes without proper evidence. | Dec. 3, 2023 |
| **Erica Fisk** | Erica Fisk reached out to me on November 26, 2023 via TikTok direct message. She had shared she was being "frivolously" litigated against by a client of Jeanette Braun, and wanted to share information with me. We later spoke over the phone where she explained the situation she was dealing with. Other than our text messages, and a phone call, Erica Fisk and I had no other communications. | November 26, 2023 |

13

| Christian Williams | Christin Williams sent me a message on TikTok on November 26, 2023 via TikTok direct message. The account that she messaged me on has since been banned due to copyright strikes. She shared that she had information about Jeanette Braun filing false copyright strikes.<br><br>She shared screenshots and text messages between herself and a client of Jeanette whom she was once friends with known as "Demps". In these screenshots she showed proof of copyright strikes filed by Jeanette Braun on a video that she had made speaking out about her negative experience with "Demps."<br>I posted a video sharing what she had shared with me. I took that video down after just a few hours after receiving comments and messages informing me that Jeanette's behavior of filing false copyright strikes was a pattern, and many large creators were taking | November 26, 2023 |

14

|  | advantage of her willingness to ignore the DMCA policy.<br><br>The next morning, I posted a video sharing why I had taken the previous video down, because the root of the issue seemed to be with Jeanette Braun, not with the influencers she was representing.<br>I have not posted anything that Christin Williams has shared with me besides the video that was posted and deleted at the end of November 2023, that did not discuss either Plaintiff. |  |
| --- | --- | --- |

15

| | | |
|---|---|---|
| | | |
| **Velvet Mills** | Velvet Mills reached out to me after I posted the above mentioned video surrounding Christin Williams. Velvet's goal in reaching out was to discourage me from criticizing her friends. Velvet also repeated many of Ms. Braun's talking points that she uses to defend her abuse of the copyright strike system, so I assume this is also a friend or employee of Ms. Braun who was trying to intimidate me. | November 27, 2023 |
| **Andi Cunningham** | Andi Cunningham reached out to me via TikTok direct message on November 8, 2023. She shared with me a warning to be careful talking about Lauren Propson, as she had received a threatening cease and desist letter in the mail from Jeanette Braun on behalf of Lauren Propson, after sending one individual email to Lauren Propson's | November 8, 2023/November 22, 2023 |

| | | |
|---|---|---|
| | public email. | |
| | I didn't see this message until November 22nd, after I had seen Krista Carter's video where she shared that she and another anonymous user (Andi Cunningham) had both received bizarre cease and desist letters in the mail from Jeanette Braun. | |
| | Andi forwarded me the email that she sent to Lauren Propson's that the plaintiffs felt warranted a cease and desist, as well as an original copy of the cease and desist. | |
| | I agreed that the cease and desist was threatening and an overreaction, and shared it on my platform, with her permission. (all personal and identifying information was redacted) | |

17

| | | |
|---|---|---|
| **Randi Colores** | Randi Colores reached out to me via TikTok direct message on November 29, 2023 and shared that she had also received a threatening cease and desist from Jeanette Braun in September of 2021. I gave her my email and she forwarded the cease and desist to me. | November 29, 2023 |
| **Ashley Galeazzi** | Ashley Galezzi reached out to me via TikTok direct message and shared that she had screenshots to send surrounding a situation involving Jeanette Braun. I gave her my email, and Ashley sent me an email explaining how Jeanette had retaliated against her after she had called one of Jeanette's clients a scammer.<br><br>I never reported on anything she sent me or had further communication other than thanking her for reaching out. | November 29, 2023 |

18

| Jamie Grayson | I came across Jamie Grayson on social media when he was involved in an online dispute with Lauren Propson. In my earliest videos about Lauren Propson, I was critical of how she handled this dispute. After I posted my videos, he commented thanking me for standing up for him. On December 11, 2023, multiple creators were hit with frivolous copyright strikes filed by Jeanette Braun on behalf of Lauren Propson. Jeanette falsely claimed that she "owned" his videos on his page that he posted defending himself, causing his account to be banned and loss of income. | November 29, 2023 |

| | | |
|---|---|---|
| **Bunnie XO** | Bunnie reached out to me via TikTok DM & we exchanged phone numbers.<br><br>She denied approving Jeanette Braun to remove content that was not explicitly hers, but yet again, showed to be another client of Jeanette Braun who was misled about how The DMCA/copyright laws work. | November 28, 2023 |
| **Kelsey Pummel** | Kelsey Pumel is the social media influencer whose name was listed as the copyright owner in the majority of the false copyright strikes Jeanette Braun filed against Kodye Elyse.<br><br>She denied any knowledge of false copyright strikes that were filed on behalf of her by Jeanette Braun. | November 28, 2023 |

Pursuant to Rule 33(d), Defendant also refers Plaintiffs to the business records being produced concurrently herewith from which the information responsive to this Interrogatory may be derived or ascertained with equal burden. BD 00258 - BD 00373, BD 00374 - BD 00377, BD 00378 - BD 00404, BD 00405, BD 00411 - BD 00477, BD 00478 - BD 00526, BD 00527 - BD 00528, BD

20

00529 + BD 00542, BD 00543 - BD 00562, BD 00577 - BD 00588, BD 00650 - BD 00658, BD 00008 - BD 00257 & BD 00258 - BD 00373).

**Interrogatory No. 11:** Identify all facts, persons, and documents or electronically stored information (ESI) on which you rely for any assertion—whether in your December 11, 2023 TikTok story post or elsewhere—that the Illinois Attorney Registration and Disciplinary Commission confirmed it had received multiple credible complaints about Jeanette Braun or had assigned multiple attorneys to investigate her.

**Response to Interrogatory.** Defendant incorporates the General Objections. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant refers the requesting parties to her response to interrogatory number 14.

**Interrogatory No. 12:** Identify all facts, persons, and documents or ESI on which you rely for any assertion—whether in your December 11, 2023 TikTok story post or elsewhere—that Jeanette Braun is unethical, has violated ethical rules, or is unfit to practice law.

**Response to Interrogatory.** Defendant incorporates the General Objections. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant refers the requesting parties to her response to interrogatory number 14, as well as the following:

Jeanette Braun and Lauren Propson appear to have colluded in weaponizing Georgia law enforcement officers against Krista Carter merely because they disagreed with her opinions. To accomplish this, Plaintiffs provided false and misleading reports to police, alleging that Ms. Carter engaged in self-harm, posed a danger to the public, engaged in blackmail and extortion, and was

21

acting in an erratic manner. Ms. Braun escalated these allegations further by suggesting that Ms. Carter was so dangerous that the matter should be referred to the FBI.

These actions were not only morally indefensible but also unlawful under Georgia law. Specifically:

- **Georgia Code § 16-10-26** makes it a misdemeanor to "willfully and knowingly give or cause a false report of a crime to be given to any law enforcement officer or agency."

- **Georgia Code § 16-10-20** prohibits knowingly and willfully making a false statement or representation in any matter within the jurisdiction of a state or local government agency. A violation constitutes a felony punishable by a fine of up to $1,000, imprisonment for one to five years, or both.

Misuse of Copyright Law and DMCA

Ms. Braun has also misused the copyright strike system across multiple social media platforms, disregarding the protections of the Digital Millennium Copyright Act (DMCA) on behalf of her influencer clients. She has actively spread and facilitated misinformation that her clients—such as Gabbie Egan, who has millions of followers—then amplified.

### Improper Cease and Desist Letters

In addition, Ms. Braun has issued multiple inappropriate and threatening cease and desist letters to online content creators who merely expressed opinions.

- **Krista Carter**: Ms. Carter received a demand letter that was malicious, legally deficient, and filled with unfounded accusations including cyberstalking, harassment, criminal threats, invasion of privacy, blackmail, coercion, extortion, copyright infringement, and conspiracy. The letter also contained unprofessional and inappropriate statements about

22

Ms. Carter's alleged mental health, including a "trigger warning" suggesting she might harm herself or others.

- **Andi Cunningham**: Ms. Braun sent a nearly identical letter to Ms. Cunningham, again alleging numerous crimes. She improperly copied family members of both Ms. Cunningham and Ms. Carter, causing unnecessary distress. More troublingly, Ms. Braun copied a complete stranger on Ms. Cunningham's letter, exposing highly sensitive personal information such as home addresses, family names, and contact information. Ms. Carter's letter was also sent to an unrelated workplace, unnecessarily spreading her personal information to additional third parties

**<u>Harm to Content Creators</u>**

- **Kodye Elyse**: Ms. Braun, working with her clients Kelsey Pumel and Bunnie XO, filed numerous false copyright strikes against Ms. Elyse's social media accounts, resulting in bans on Instagram and TikTok—her primary sources of income as a single mother. This deprived Ms. Elyse of approximately 75% of her income, forced her to exhaust savings on legal fees, and silenced her efforts to share her experiences of online bullying.

- **Jamie Grayson, CPST**: After a disagreement with Ms. Propson regarding unsafe "car seat testing" content she posted online, Ms. Braun filed multiple false copyright strikes against Mr. Grayson, resulting in the suspension of his accounts. Mr. Grayson, an openly gay man with more than 20 years of experience in child passenger safety, was publicly disparaged by Ms. Propson, who suggested he was untrustworthy or predatory simply because he was a man without children working in child safety. Ms. Propson's defamatory statements, amplified through social media and podcasts, compounded the reputational and financial harm inflicted on Mr. Grayson.

Taken together, these actions reflect a pattern of misconduct by Ms. Braun and Ms. Propson, including:

- Misuse of law enforcement and false police reports.

- Abuse of the copyright strike system in violation of the DMCA.

- Issuing harassing and defamatory cease and desist letters.

- Improperly disseminating private and sensitive information.

- Targeting individuals with false allegations to silence or discredit them.

These actions caused serious reputational damage, emotional distress, and financial harm to multiple victims, in direct violation of state and federal law as well as professional ethical obligations.

Pursuant to Rule 33(d), Defendant also refers Plaintiffs to the following business records being produced concurrently herewith from which the information responsive to this Interrogatory may be derived or ascertained with equal burden: BD 00576, BD 00577 - BD 00588, BD 00589 - BD 00658, BD 00564 - BD 00575, BD 00669 - BD 00682.

**Interrogatory No. 13:** Identify each edit, removal, retraction, limitation, or correction of content about any Plaintiff from October 1, 2023 to the present, stating what was changed, when and why, and who decided to make the change.

**Response to Interrogatory.** Defendant incorporates the General Objections. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not recall making any changes or edits to the December 11, 2023 TikTok Story. Following the posting of this story, beginning on December 14, 2023, Defendant was inundated with multiple

24

copyright strikes and reports initiated by Plaintiffs which caused at least two pieces of content to be removed by the platform.  (See BD 00694 - BD 00719).

**Interrogatory No. 14**: Identify all communications between you and the Illinois Attorney Registration and Disciplinary Commission from October 1, 2023 to the present concerning Jeanette Braun, Braun IP Law, LLC, or Lauren Propson, including the date, method of communication, participants, and substance of each communication.

**Response to Interrogatory.**  Defendant incorporates the General Objections.   Subject to and without waiving the foregoing objections, Defendant responds as follows:

To the best of Defendant's recollection, Defendant had a total of four phone calls with the ARDC regarding Ms. Braun.

**First Call – December 5, 2023**

On December 5, 2023, Defendant called the ARDC to ask about the process for filing a complaint against Jeanette Braun. The representative asked what issues Defendant wished to report, and Defendant explained in detail the following concerns:

- **Weaponized wellness checks**: Defendant described how Ms. Braun, in collusion with Ms. Propson, had initiated weaponized wellness checks. Even the responding police officers recognized this behavior as inappropriate.

- **Abuse of copyright law**: Defendant explained Ms. Braun's repeated misuse of the copyright strike system and her disregard for the DMCA despite being an intellectual property attorney.

- **Threatening cease and desist letters**: Defendant raised concerns about her sending impulsive and inappropriate cease and desist letters to content creators. For example,

25

Defendant noted that she sent a letter to Andi Cunningham threatening jail time and significant financial penalties unless Ms. Cunningham issued a public apology to Ms. Propson—despite the fact that Ms. Cunningham had only sent a single email to Ms. Propson's publicly listed email address and had made no public statements.

- **Safety risks to creators**: Defendant explained how Ms. Braun's actions endangered content creators, including sending armed officers to one creator's home and lying about that person's mental health.

- **Exposure of private information**: Defendant highlighted that cease and desist letters sent to Ms. Cunningham and Ms. Carter included full legal names, past and present addresses, and names of family members. Alarmingly, Ms. Braun copied a complete stranger on Ms. Cunningham's letter and sent Ms. Carter's letter to a workplace with which she had no affiliation, unnecessarily exposing both women's personal information.

The ARDC representative expressed concern, apologized for what Defendant was experiencing, and provided detailed instructions on how Defendant—and others—could file a formal complaint.

**Complaint Filings – December 5–10, 2023**

Between December 5 and December 10, multiple complaints were submitted to the ARDC, including Defendant's (filed December 7). To Defendant's knowledge, the following individuals also filed complaints: Kodye Elyse, Krista Carter, Lily Marston, Jessica Vazquez, Andi Cunningham, and Jamie Grayson.

During this same period:

- On December 9, Ms. Marston and Ms. Vazquez received two false copyright strikes on their YouTube channel. Ms. Braun also demanded that YouTube transfer their podcast income to her, in an apparent attempt to end their careers in violation of the DMCA.

- On December 11, Mr. Grayson's account, with hundreds of thousands of followers, was permanently banned based on false copyright strikes filed by Ms. Braun on behalf of Ms. Propson.

- Also on December 11, Defendant received two copyright strikes from Ms. Braun (again on behalf of Ms. Propson), leaving Defendant's account one strike away from permanent suspension.

Because of these developments, Defendant called the ARDC again on December 11 to confirm receipt of Defendant's December 7 complaint and to ask if they could intervene. The same representative Defendant had spoken with on December 5 answered. She confirmed that the ARDC had received multiple complaints, that the matter had been assigned to an attorney for investigation, and that Defendant would receive a written confirmation within a few days. Defendant later shared this information publicly on Defendant's TikTok Story.

**Confirmation of Investigation – December 14, 2023**

On December 14, written confirmation was received from the ARDC that an investigation had been opened. Defendant shared this letter publicly (with personal information redacted).

**Follow-Up from ARDC – December 19, 2023**

On December 19, 2023, Kimberly Butler of the ARDC called Defendant to request additional information for their investigation. She explained the next steps, including giving Ms. Braun a period of time to respond before the ARDC proceeded further.

27

**Follow-Up Call – January 9, 2024**

On January 9, 2024, Defendant called the ARDC for an update and again spoke with Kimberly Butler. She informed Defendant of the deadline for Ms. Braun's response and explained that Defendant should expect further updates after that date.

**Individuals Involved at ARDC**

- Kimberly Butler

- John R. Cesario

- Maria Sheppard

- Unidentified female representative (answered Defendant's calls on December 5 and December 11)

At every stage, the ARDC confirmed that there was an open investigation into Jeanette Braun, and both Ms. Carter and Defendant later received letters confirming this.

Pursuant to Rule 33(d), Defendant also refers Plaintiffs to the business records being produced concurrently herewith from which the information responsive to this Interrogatory may be derived or ascertained with equal burden**.** (See BD 00683 - BD 00693).

**Interrogatory No. 15:** For any content about any Plaintiff from October 1, 2023 to the present, identify the performance metrics available to You (including views, watch-time, click-through rate, comments, shares, and engagement), the platform source of those metrics (e.g., YouTube Studio, TikTok Analytics), and the date ranges covered.

**Response to Interrogatory.** Defendant incorporates the General Objections. Subject to and without waiving the foregoing objections, Defendant responds as follows: Metrics for the videos identified in response to interrogatory number 3 are as follows:

| # | CONTENT | DATE PUBLISHED | LIKES | SHARES | COMMENTS | VIEWS | RUN TIME | AV WATCH TIME |
|---|---------|----------------|-------|--------|----------|-------|----------|---------------|
| 1 | *VIDEO* | 10/23/2023 | 326K | 2151 | 6,141 | 4.1M | 4:42 | 86.43s |
| 2 | *VIDEO* | 10/24/2023 | 19K | 23 | 439 | 211K | 1:00 | 29.7s |
| 3 | *VIDEO* | 10/29/2023 | 55K | 447 | 1,735 | 709K | 4:49 | 74.59s |
| 4 | *VIDEO* | 11/21/2023 | 68K | 424 | 1,381 | 809K | 9:58 | 91.85s |
| 5 | *VIDEO* | 11/22/2023 | 12K | 44 | 402 | 142K | 1:53 | 47.79s |
| 6 | *VIDEO* | 11/22/2023 | 93K | 472 | 2,289 | 1.2M | 3:51 | 71.52s |
| 7 | *VIDEO* | 11/28/2023 | 7,085 | 163 | 686 | 81K | 7:45 | 125.25s |
| 8 | *VIDEO* | 11/28/2023 | 1,079 | 17 | 109 | 25K | 1:40 | 30.96s |
| 9 | *VIDEO* | 11/29/2023 | 3,900 | 25 | 308 | 45K | 3:42 | 61.42s |
| 10 | *VIDEO* | 11/29/2023 | 2,050 | 23 | 276 | 39K | 4:10 | 56.62s |
| 11 | *VIDEO* | 11/30/2023 | 8,465 | 98 | 761 | 106K | 6:16 | 89.17s |
| 12 | *VIDEO* | 12/8/2023 | 5,336 | 64 | 669 | 63K | 8:40 | 91.12s |
| 13 | *VIDEO* | 12/27/2023 | 19K | 162 | 911 | 242K | 6:32 | 50.19s |
| 14 | *VIDEO* | 2/29/2024 | 6,876 | 53 | 158 | 124K | 5:31 | 43.03s |
| 15 | *VIDEO* | 4/5/2024 | 4,659 | 48 | 160 | 64K | 5:32 | 54.87s |
| 16 | *VIDEO* | 2/28/2025 | 27K | 210 | 623 | 161K | 2:42 | 52.77s |
| 17 | *VIDEO* | 9/8/2025 | 5,392 | 84 | 168 | 43K | 9:08 | 65.77s |

**Interrogatory No. 16:** Identify all monetization, sponsorships, affiliate links, revenue shares, ad deals, or other financial arrangements tied to content about any Plaintiff from October 1, 2023 to the present, including counterparties, deliverables, and amounts paid or owed.

**Response to Interrogatory.** Defendant incorporates the General Objections. Defendant further objects to this request on the grounds that it seeks highly confidential and proprietary information regarding her private financial transactions that are not relevant to any claims or issues in the operative complaint, and therefore unlikely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant's only source of monetization on social media comes from the Creator Rewards Program on TikTok and the Adsence Program on YouTube. There are no deals, financial

29

arrangements, sponsorships, or shares arising from this lawsuit, nor the controversy surrounding Lauren Propson and Jeanette Braun.

**Interrogatory No. 17:** Identify every export, archive, backup, or download of your social-media or messaging data from October 1, 2023 to the present, including the date(s), scope, format, and where each export is stored.

**Response to Interrogatory.** Defendant incorporates the Compilation Objection. Defendant further objects to the request on the grounds that it is vague and ambiguous with respect to the information being sought – i.e. is the request seeking Defendant's personal action in creating an "export, archive, backup, or download of your social-media or messaging data from October 1, 2023 to the present," or the date and scope of the applicable platforms "archive and backup" of Defendant's "social media or messaging data." Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant's social-media and messaging data from October 1, 2023 to the present exists in accessible form in or on the respective devices and/or platforms, and Defendant has not deleted any such data. Defendant first exported this data recently in order to review and produce data responsive to the Requests for Production of Documents served by Plaintiffs, concurrently herewith. (See BD 00008 - BD 00528).

**Interrogatory No. 18:** Describe all steps You have taken from October 1, 2023 to the present to preserve potentially relevant electronically stored information relating to any Plaintiff, including any litigation holds, changes to auto-delete settings, and steps to secure devices or accounts, identifying the dates implemented and persons responsible.

**Response to Interrogatory.** Defendant incorporates the General Objections. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant's ESI from October 1, 2023 to the present exists in accessible form in or on the respective devices and/or platforms, and Defendant has not deleted any such data. Defendant first exported this data recently in order to review and produce data responsive to the Requests for Production of Documents served by Plaintiffs, concurrently herewith.

**Interrogatory No. 19:** Identify any potentially relevant ESI relating to any Plaintiff that was deleted, lost, overwritten, or is otherwise unavailable from October 1, 2023 to the present, and state when, how, and why it was lost and what steps, if any, you took to attempt recovery.

**Response to Interrogatory.** Defendant incorporates the General Objections. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant's ESI from October 1, 2023 to the present exists in accessible form in or on the respective devices and/or platforms, and Defendant has not deleted any such data. With respect to "stories" are no longer visible to the public that is only because such stories expire after 24 hours, per the subject platform policy. Further, on or about December 11, 2023, Ms. Braun filed multiple copyright strikes against Defendant's account causing multiple videos to be taken down. Notwithstanding the removal of these videos from public view, such videos remain in Defendant's possession and are being produced in response to the applicable Request for Production of Documents, served concurrently herewith.

**Interrogatory No. 20:** Identify all communications between you and the email address lyonel@grail-talent.com from October 1, 2023 to the present that discuss, mention, or refer to

any Plaintiff or this lawsuit. For each, state the dates, participants, platform or medium, subject matter, and any attachments transmitted.

.

**Response to Interrogatory.** Defendant incorporates the General Objections. Defendant further objects to this request on the grounds that it seeks information that is subject to the attorney work-product doctrine. Subject to and without waiving the foregoing objections, Defendant responds as follows: No communications exist.

**Interrogatory No. 21:** Identify the usernames of any accounts or handles possessed or controlled by you on the platforms Reddit, TikTok, Facebook, Instagram, and Youtube from October 1, 2023 to the present.

**Response to Interrogatory.** Defendant incorporates the General Objections. Subject to and without waiving the foregoing objections, Defendant responds as follows:

https://www.tiktok.com/@bekahdayyy (monetized)

https://www.tiktok.com/@bekahdayyybackup (non-monetized)

https://www.youtube.com/@bekahdayyy (monetized)

https://www.reddit.com/user/j3smama/?share_id=5IQERAUJXYXIlx_bKEQO8&utm_content=1&utm_medium=ios_app&utm_name=ioscss&utm_source=share&utm_term=1/ (non-monetized)

https://x.com/day_bekah94091 (non-monetized)

https://x.com/DayBekah (non-monetized)

https://www.instagram.com/bekahdayyy/ (non-monetized)

https://www.facebook.com/bekah.boxx/ (private social media)

32

Dated: November 7, 2025

Respectfully Submitted,

s/        Brandon J. Witkow
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

s/        Amy Doig
Attorney for Defendants

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

*Attorneys for Defendants*

**<u>VERIFICATION</u>**

I, Rebekah Day, Defendant in the above-entitled action, have read the foregoing AMENDED RESPONSES TO INTERROGATORIES ("Responses"). I declare under the penalty of perjury that the factual information contained in the Responses is true and correct to the best of my current knowledge, information, and belief.

Executed this 7th day of November 2025.


   *Rebekah Day*
   Rebekah Day

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was served on all counsel of record noted below via electronic mail.

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
ben@lockyerlaw.com

***Attorney for Plaintiffs***

Dated:  November 7, 2025                    /s/ *Brandon J. Witkow*
                                                              Brandon J. Witkow