**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE BRAUN, BRAUN IP LAW, LLC, & LAUREN PROPSON, | ) ) | |
| Plaintiffs, | ) ) | Case No. 23 C 16856 |
| v. | ) ) | |
| REBEKAH M. DAY NEE BOX, KRISTA CARTER & LILY MARSTON | ) ) ) | |
| | ) ) | |
| Defendants. | ) | |

**DEFENDANT REBEKAH DAY'S RESPONSES TO PLAINTIFF JEANETTE BRAUN, BRAUN IP LAW, LLC & LAUREN PROPSON'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Rebekah Day ("Defendant"), by and through her attorneys, hereby responds to Plaintiffs Jeanette Braun, Braun IP Law, LLC, and Lauren Propson (togethis, "Plaintiffs") First Set of Requests for Admission (hereafter, the "Requests").

**GENERAL OBJECTIONS**
**GENERAL OBJECTIONS**

Defendant objects generally to Plaintiffs' Requests for Admission on the following grounds, each of which is incorporated by reference into her responses to each and every response below.

1. Defendant objects to the Requests for Admission to the extent they seek information or responses that are neithis relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence, or seek to impose any obligation or responsibility othis than, or in addition to, the obligations and responsibilities imposed by the Federal Rules of Civil Procedure and/or the Northisn District of Illinois Local Rules.

2.      Defendant objects to the Requests for Admission to the extent they seek information or materials not in Defendant's possession, custody or control or related to othis parties named as defendants in this action. Defendant responds to these Requests for Admission only on behalf of himself, as an individual, and in no othis capacity.

3.      Defendant objects to the Requests for Admission on the ground that they are overbroad, unduly burdensome and oppressive inasmuch as they seek identifying information regarding all documents on subjects responsive to the requests.

4.      Defendant objects to the Requests for Admission to the extent they seek information or responses that are protected by the attorney-client privilege, work-product doctrine or any othis applicable privilege or protection. No such privileged or protected information will be provided in these responses. Inadvertent production is not intended as, nor shall it be deemed a waiver of any such privilege or protection or any othis grounds for objecting to discovery with respect to such information or of Defendant's right to object to the use of any such information during any proceeding in this or any othis litigation. Defendant furthis objects to these requests to the extent such requests seek legal argument, analysis, conclusions or contentions, rathis than facts.

5.      Defendant objects to the Requests for Admission insofar as they seek information that is equally available or is readily accessible to Plaintiffs, or insofar as they purport to impose upon Defendant an obligation to search publicly available materials when such materials are not othiswise contained in files maintained by Defendant. Such an obligation is unreasonable and unduly burdensome.

6.      Defendant's responses are made without a waiver of, and with preservation of:  (1) all questions as to competency, relevancy, materiality, privilege, and admissibility of material contained or referred to in each response for any purpose in this or in any othis proceeding; (2) the right to object to the use of any material contained or referred to in each response for any purpose in this or any othis proceeding; (3) the right to object on any grounds at any time to a demand or request for a furthis response relating to the subject matter of the requests responses herein; (4) the

2

right to revise, correct, add to or clarify as necessary any of the responses or objections contained herein; (5) the right at any time to recall any inadvertent responses to which any privilege, protection or immunity is attached; and (6) the right to introduce at the time of hearing or trial any information or documents of which Defendant becomes aware as a result eithis of her continuing investigation or discovery.

7.     Except for any explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Defendant has answered or objected to any of Plaintiffs' Requests for Admission or any part thiseof should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Request or that such answer or objection constitutes admissible evidence.  The fact that Defendant has not answered part or all of any of Plaintiffs' Requests for Admission is not intended and shall not be construed to be a waiver by it of all or any part of any objection to any Request propounded.

8.     Defendant has not completed her investigation of the facts relevant to this case and has not completed discovery or preparation for trial. Defendant's responses are, thisefore, made only on the basis of such information as is currently known and reasonably available.  Defendant's responses do not purport to constitute a final statement of all of her knowledge regarding any particular subject and are made without prejudice to her right to introduce additional evidence at time of trial or to supplement her responses, as appropriate, once he has completed its discovery and trial preparation.  These responses are made without prejudice to Defendant's right to supplement or amend these responses in the event that any information previously available to Defendant may have been omitted by oversight, inadvertence, or good faith error or mistake.  The responses contained herein are made in a good faith effort to supply as much factual information and as much specification as is presently known, but should in no way be prejudicial in relation to furthis discovery, research, and/or analysis.

9.     These responses are signed by counsel only as to the objections set forth in the responses.  Defendant has made a diligent effort to respond to Plaintiffs' Requests for Admission

3

as it understands and interprets each such Request. If Plaintiffs subsequently assert a differing interpretation, Defendant reserves the right to supplement its objections and/or responses.

10. Defendant responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses.

**<u>RESPONSE TO REQUESTS FOR ADMISSION</u>**

**RFA No. 1.** Admit that the "12/11/23 TikTok Story Post" shown in Paragraph 86 of the Third Amended Complaint is a true and accurate copy of a Story you posted on TikTok on December 11, 2023.

**<u>Response to Request for Admission:</u>** Admit.

**RFA No. 2.** Admit that you authored and published the "12/11/23 TikTok Story Post."

**<u>Response to Request for Admission:</u>** Admit.

**RFA No. 3.** Admit that you have possession, custody, or control of the original, native version of the "12/11/23 TikTok Story Post," including associated metadata.

**<u>Response to Request for Admission:</u>** Admit as to the original, native version only. Defendant lacks information or knowledge as to whether such version contains metadata as she is not experienced in accessing or determining whether such metadata exists and on that basis denies this request.

**RFA No. 4.** Admit that the "12/11/23 TikTok Story Post" was published to persons other than yourself.

**<u>Response to Request for Admission:</u>**  Admit.


**RFA No. 5.** Admit that the "12/11/23 TikTok Story Post" referred to attorney Jeanette Braun.

**<u>Response to Request for Admission:</u>**  Admit.


**RFA No. 6.** Admit that stating that the ARDC confirmed "multiple credible complaints" and "assigned multiple attorneys" conveys to a reasonable reader that the ARDC deemed complaints about Jeanette Braun to be meritorious and under active investigation.

**<u>Response to Request for Admission:</u>**  Defendant objects to this request on the grounds that it calls for speculation as to what unknown third parties understood or believe and therefore is not a proper subject for a request for admission.  Defendant further objects to this request on the grounds that it is vague and ambiguous as to the term "reasonable reader."  Defendant further objects to this request on the grounds that this request calls for a legal conclusion for which Defendant is not an attorney.


**RFA No. 7.** Admit that, on or before December 11, 2023, no ARDC attorney told you that the ARDC had received "multiple credible complaints" about Jeanette Braun.

**<u>Response to Request for Admission:</u>**  Defendant lacks information as to whether or not the ARDC representative whom Defendant spoke to was an "attorney," and on that basis alone denies this request.


**RFA No. 8.** Admit that, on or before December 11, 2023, no ARDC attorney told you that "multiple attorneys" had been assigned to investigate Jeanette Braun.

5

**Response to Request for Admission:** Defendant lacks information as to whether or not the ARDC representative whom Defendant spoke to was an "attorney," and on that basis alone denies this request.

**RFA No. 9.** Admit that, on or before December 11, 2023, you did not speak by phone with any ARDC attorney about Jeanette Braun.

**Response to Request for Admission:** Defendant lacks information as to whether or not the ARDC representative whom Defendant spoke to was an "attorney," and on that basis alone denies this request.

**RFA No. 10.** Admit that, on or before December 11, 2023, you did not meet in person with any ARDC attorney about Jeanette Braun.

**Response to Request for Admission:** Admit.

**RFA No. 11.** Admit that, on or before December 11, 2023, you did not exchange any nonautomated, individualized emails with any ARDC attorney about Jeanette Braun.

**Response to Request for Admission:** Defendant lacks information as to whether or not the ARDC representative whom Defendant communicated with prior to December 11, 2023 was an "attorney," and on that basis alone denies this request.

6

**RFA No. 12.** Admit that your only ARDC communication(s), if any, on or before December 11, 2023 regarding Jeanette Braun consisted of an online complaint submission and/or automated acknowledgments.

**Response to Request for Admission:** Deny.

**RFA No. 13.** Admit that you cannot identify the full name or title of any ARDC attorney who confirmed to you that the ARDC had received "multiple credible complaints" about Jeanette Braun.

**Response to Request for Admission:** Defendant lacks information as to whether or not the ARDC representative who confirmed to that the ARDC had received "multiple credible complaints" about Jeanette was an attorney, and on that basis alone denies this request. Defendant admits that she can identify Kimberly Butler and John R. Cesario were the assigned attorneys whjo were responsible for investigating complaints against Jeanette Braun.

**RFA No. 14.** Admit that you cannot identify the full name or title of any ARDC attorney who confirmed to you that "multiple attorneys" had been assigned to investigate Jeanette Braun.

**Response to Request for Admission:** Deny.

**RFA No. 15.** Admit that, when you posted the "12/11/23 TikTok Story Post" on December 11, 2023, you had no document from the ARDC stating that it had received "multiple credible complaints" about Jeanette Braun.

**Response to Request for Admission:** Admit.

7

**RFA No. 16.** Admit that, when you posted the "12/11/23 TikTok Story Post" on December 11, 2023, you had no document from the ARDC stating that "multiple attorneys" had been assigned to investigate Jeanette Braun.

**Response to Request for Admission:** Admit.

**RFA No. 17.** Admit that the ARDC did not authorize you to state publicly that it had received "multiple credible complaints" about Jeanette Braun.

**Response to Request for Admission:** Defendant objects to this request on the grounds that the request as presently framed in absolute terms (i.e. did not authorize, where such authorization is not required, was never stated nor was requested) is incomplete and therefore Defendant is unable to admit or deny this request as presently framed and on that basis denies this request.

**RFA No. 18.** Admit that the ARDC did not authorize you to state publicly that "multiple attorneys" had been assigned to investigate Jeanette Braun.

**Response to Request for Admission:** Defendant objects to this request on the grounds that the request as presently framed in absolute terms (i.e. did not authorize, where such authorization is not required, was never stated nor was requested) is incomplete and therefore Defendant is unable to admit or deny this request as presently framed and on that basis denies this request.

**RFA No. 19.** Admit that, as of December 11, 2023, you had no non-public information from the ARDC confirming an investigation of Jeanette Braun.

**Response to Request for Admission:**  Defendant lacks information or knowledge as to whether information that was conveyed to her by an ARDC representative concerning the ARDC investigation was public or non-public and on that basis denies this request.

**RFA No. 20.** Admit that the statements in the "12/11/23 TikTok Story Post" about the ARDC were false when published.

**Response to Request for Admission:**  Deny.

**RFA No. 21.** Admit that, when you posted the "12/11/23 TikTok Story Post," you knew or recklessly disregarded that the ARDC had not confirmed the statements you made about Jeanette Braun.

**Response to Request for Admission:**  Deny.

**RFA No. 22.** Admit that you are not aware of any public ARDC announcement confirming that "multiple credible complaints" had been received about Jeanette Braun on or before December 11, 2023.

**Response to Request for Admission:**  Deny.

**RFA No. 23.** Admit that you are not aware of any public ARDC announcement confirming that "multiple attorneys" were assigned to investigate Jeanette Braun on or before December 11, 2023.

**Response to Request for Admission:**  Deny.

9

**RFA No. 24.** Admit that you did not receive permission from the ARDC to disclose any alleged investigation of Jeanette Braun.

**Response to Request for Admission:** Defendant objects to this request on the grounds that the request as presently framed in absolute terms (i.e. did not receive permission, where such permission is not required, was never stated nor was requested) is incomplete and therefore Defendant is unable to admit or deny this request as presently framed and on that basis denies this request.

**RFA No. 25.** Admit that you did not issue a correction, clarification, or retraction on TikTok regarding the ARDC statements in the "12/11/23 TikTok Story Post."

**Response to Request for Admission:** Admit.

**RFA No. 26.** Admit that you did not issue a correction, clarification, or retraction on any other social-media platform regarding the ARDC statements in the "12/11/23 TikTok Story Post."

**Response to Request for Admission:** Admit.

**RFA No. 27.** Admit that the statements in the "12/11/23 TikTok Story Post" tended to injure Jeanette Braun's reputation as an attorney.

**Response to Request for Admission:** Deny.

**RFA No. 28.** Admit that you intended your audience to understand the ARDC statements in the "12/11/23 TikTok Story Post" as statements of fact, not jokes, hyperbole, or satire.

10

**Response to Request for Admission:** Defendant objects to this request on the ground that it is compound as presently framed and therefore is not the proper subject of a discrete request for admission, and on that basis, Defendant is unable to admit or deny this request and on that basis denies this request.

**RFA No. 29.** Admit that you expected increased traffic, engagement, or support for your content after publishing the "12/11/23 TikTok Story Post."

**Response to Request for Admission:** Deny.

**RFA No. 30.** Admit that you received negative, harassing, or threatening comments about Jeanette Braun on or after December 11, 2023 following publication of the "12/11/23 TikTok Story Post."

**Response to Request for Admission:** Defendant admits only that her "12/11/23 TikTok Story Post" reflect comments that can be construed as "negative, harassing, or threatening."

**RFA No. 31.** Admit that, after learning of Plaintiffs' claims, you deleted, edited, or removed at least one post, comment, message, or Story about the ARDC and/or Jeanette Braun.

**Response to Request for Admission:** Deny.

**RFA No. 32.** Admit that you did not disable auto-delete or ephemeral settings for at least one platform on which you discussed the ARDC and/or Jeanette Braun.

**Response to Request for Admission:** Deny.

11

**RFA No. 33.** Admit that you have not produced any non-automated email or letter from the ARDC confirming that it received "multiple credible complaints" about Jeanette Braun or that "multiple attorneys" were assigned to investigate her.

**Response to Request for Admission:**  Admit.

Dated:  September 16, 2025                                        Respectfully Submitted,

                                                                          _s/        Brandon J. Witkow_____
                                                                          Attorney for Defendants

                                                                          Brandon J. Witkow [pro hac vice]
                                                                          WITKOW | BASKIN
                                                                          21031 Ventura Boulevard, Suite 700
                                                                          Woodland Hills, California 91364
                                                                          (818) 296-9508
                                                                          bw@witkowlaw.com

                                                                          _s/        Amy Doig_____
                                                                          Attorney for Defendants

                                                                          Amy M. Doig
                                                                          COZEN O'CONNOR
                                                                          123 N. Wacker Dr., Suite 1800
                                                                          Chicago, Illinois 60606
                                                                          (312) 474-7900
                                                                          adoig@cozen.com

                                                                          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was served on all counsel of record noted below via electronic mail.

Benjamin C.R. Lockyer
Lockyer Law LLC
100 N. Riverside Plaza, Suite 2400
Chicago, Illinois 60606
ben@lockyerlaw.com

***Attorney for Plaintiffs***

Dated: September 16, 2025                    /s/ *Brandon J. Witkow*
                                             Brandon J. Witkow