Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 1 of 29 PageID #:2318

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., Inc.



EXHIBIT C

---

🚩 **1.** **In re Texas Farmers Ins. Exchange**

Court of Appeals of Texas, Texarkana.  |  February 18, 1999  |  990 S.W.2d 337  |  1999 WL 74099

> INSURANCE - Discovery. Insureds were entitled to discovery of documents created prior to denial of claim for fire loss.

**Synopsis**

Insureds brought action against homeowners' insurer to recover for fire loss. The District Court, Jim D. Lovett, J., denied insurer's motion to quash discovery of documents created prior to filing of suit. Insurer petitioned for writ of mandamus. The Court of Appeals, Grant, J., held that: (1) the attorney-client privilege did not apply to facts gathered while lawyer was acting as an investigator during examinations under oath, and (2) work-product exemption applied to discovery of documents created after denial of the claim. Petition conditionally granted in part.

---

🚩 **2.** **BankDirect Capital Finance, LLC v. Plasma Fab, LLC**

Supreme Court of Texas.  |  May 12, 2017  |  519 S.W.3d 76  |  60 Tex. Sup. Ct. J. 892

**Synopsis**

**Background:** Insured brought action against general liability insurer and insurance **premium** finance company for breach of contract, breach of fiduciary duty, deceptive trade practices, and negligent misrepresentation, after finance company cancelled the policy based on insured's default. The 250th District Court, Travis County, Stephen Yelenosky, J., granted summary judgment to insurer and finance company. Insured appealed. The Austin Court of Appeals, 468 S.W.3d 121, affirmed as to the claims against insurer, but reversed as to the claims against finance company. Finance company petitioned for review.

**Holdings:** The Supreme Court, Willett, J., held that:

[1] finance company's letter did not provide ten days' notice of cancellation of policy, as required by statute, and

[2] there is no substantial-compliance exception to the notice statute's time requirement.

Judgment of the Court of Appeals affirmed and remanded.

Guzman, J., filed concurring opinion.

Johnson, J., filed dissenting opinion in which Hecht, C.J., joined.

Headnote  4

There is no substantial-compliance exception to the statutory rule that insurance **premium** finance companies may not cancel an insured's policy unless they mail a notice of intent to cancel that states a cure deadline that is not earlier than the tenth day after the date the notice is mailed. Tex. Ins. Code Ann. § 651.161(b).

...In May 2008, Plasma Fab, **LLC** obtained a general liability insurance policy from Scottsdale Insurance Company and financed the policy through a **premium** finance agreement with **BankDirect** Capital Finance, **LLC**. **BankDirect** paid the annual **premium** to Scottsdale, and Plasma Fab made monthly payments to **BankDirect**....

...The agreement between **BankDirect** and Plasma Fab included a power-of-attorney clause that gave **BankDirect** authority, upon Plasma Fab's default, to cancel the insurance policy, collect the unearned **premiums** from Scottsdale, and apply them to the loan balance....

---

**WESTLAW**   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 2 of 29 PageID #:2319

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., Inc.

EXHIBIT C

...Each time, Plasma Fab eventually paid the overdue **premium**, and **BankDirect** contacted Scottsdale and requested reinstatement of the policy....

---

### 3. Baskin-Robbins Franchising LLC v. Blu Moo Ice Cream Inc.

United States District Court, S.D. Indiana, Indianapolis Division. | May 28, 2024 | Not Reported in Fed. Supp. | 2024 WL 2722900

Magistrate Judge Crystal S. Wildeman submitted her Report and Recommendation on Plaintiff's Motion for Injunctive Relief and Default. The parties were afforded due opportunity under statute and the rules of this Court to file objections; none were filed. Having considered the Report and Recommendation, the Court hereby adopts the Report and...

...See **BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 912 F.3d 1054, 1058 (7th Cir. 2019)....

...Justin Owen Sorrell, Riley Bennett Egloff LLP, Indianapolis, IN, Matthew J. Kramer, Pro Hac Vice, Actuate Law, **LLC**, Chicago, IL, for Plaintiffs....

...BASKIN-ROBBINS FRANCHISING **LLC**, BR IP Holder **LLC**, Plaintiffs,...

---

### 4. Payne v. Indiana Department of Corrections

United States District Court, N.D. Indiana, South Bend Division. | June 23, 2025 | Slip Copy | 2025 WL 1732843

Pending and ripe before the Court are the following two motions: (1) a Motion to Compel filed by Plaintiff George Payne, Jr., and (2) a Motion to Maintain Under Seal Exhibit Filed at Dkt. 46 by Defendant Indiana Department of Correction ("IDOC"). For the reasons discussed below, Mr. Payne's Motion to Compel will be denied, and IDOC's...

...**BankDirect Cap**. **Fin**., **LLC**, 326 F.R.D. at 183 (finding that communications between counsel and client were protected because they were part of drafting and revising agreements); see also Naumoski v. Costco Wholesale Corp., No. 2:19-CV-491, 2020 WL 2899690, at *3 (N.D. Ind. June 3, 2020) (finding that emails drafted between an attorney and management-level employees were protected because they provided legal advice regarding the company's response to a disgruntled employee); Sandra T.E., 600 F.3d at 620 (finding that the attorney-client privilege applied to communications and documents generated during an investigation carried by out attorneys hired in their capacity as lawyers to provide legal assistance)....

...**BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 176, 180 (N.D. Ill. 2018)(quoting United States v. Robinson, 121 F.3d 971, 974 (5th Cir. 1997))....

...**BankDirect Cap**. **Fin**., **LLC**, 326 F.R.D. at 180 (collecting cases)....

---

### 5. Linet Americas, Inc. v. Hill-Rom Holdings, Inc.

United States District Court, N.D. Illinois, Eastern Division. | January 27, 2025 | Not Reported in Fed. Supp. | 2025 WL 890640

Defendants' Motion to Compel Discovery from Non-Party Stryker [181] is entered and continued. Defendants and non-party Stryker have until February 28, 2025 to submit the Subpoena Chart in

---

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 3 of 29 PageID #:2320

EXHIBIT C

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., inc.

accordance with this order. The Court has reviewed the briefing associated with Defendants' Motion at [181]. While there are aspects of the subpoena...

...**BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., No. 15 C 10340, 2017 WL 5890923, at *2 (N.D. Ill. Nov. 29, 2017) (quoting McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990))....

## 6. In re National Prescription Opiate Litigation

United States District Court, N.D. Ohio, Eastern Division, EASTERN DIVISION. | November 16, 2024 | Not Reported in Fed. Supp. | 2024 WL 5279169

During Track Twelve discovery, defendant Express Scripts, Inc. (ESI) invoked privilege and withheld from production certain documents—specifically, reports of ESI internal compliance audits and related records. The PEC challenged a number of these privilege designations. The parties agreed to submit a sampling of the challenged documents to...

...**BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 176, 180 (N.D. Ill. 2018)....

...See also **BankDirect**, 326 F.R.D. at 182 (acknowledging the "difficulty in negotiating the fine line between legal as opposed to business advice")....

...Id. See also **BankDirect**, 326 F.R.D. at 181 ( "Because the privilege operates in derogation of the search for truth, it is narrowly construed....

## 7. BankDirect Capital Finance, LLC v. Capital Premium Finance, Inc.

United States District Court, N.D. Illinois, Eastern Division. | August 03, 2018 | 326 F.R.D. 176 | 2018 WL 3689045

COMMERCIAL LAW — Privileges. Communications to and from client and counsel, which led to draft agreements and revisions of drafts, was protected by attorney-client privilege.

**Synopsis**
**Background:** Commercial insurance **premium** finance business brought action against customer, alleging breach of contract. Business moved to compel production of documents.
**Holdings:** The District Court, Jeffrey Cole, United States Magistrate Judge, held that:
[1] draft agreements underlying complex and intricate commercial transactions that were exchanged between client and counsel were protected by attorney-client privilege;
[2] communications to and from client and counsel, which led to draft agreements and revisions of drafts, was protected by attorney-client privilege;
[3] comments, suggestions, or questions between financial advisor and attorneys pertaining to drafting of agreements for commercial insurance **premium** finance business was protected by attorney-client privilege;
[4] document from financial advisor merely stating he was forwarding comments was not protected by attorney-client privilege;
[5] document from attorney asking for input but not revealing topic was not protected by attorney-client privilege;
[6] document from attorney saying he would send comments was not protected by attorney-client privilege;
[7] document from attorney asking for unspecified information was not protected by attorney-client privilege; and
[8] document from attorney saying that parties had to discuss "a few items" was not protected by attorney-client privilege.
Motion granted in part and denied in part.

WESTLAW © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 4 of 29 PageID #:2321

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., Inc.



...The emails were exchanged among five individuals: attorneys Rick Taggert and James Kruse from the firm of Kruse Landa Maycock & Ricks, **LLC**, whom Capital **Premium** Finance retained to assist with the drafting and negotiation of the Transaction Facility; Jeff Guylay, the Managing Director of investment bank, Colonnade Advisors, whom Capital **Premium** Finance retained to assist with the drafting and negotiation of the Transaction Facility; Scott Crowley, Capital **Premium** Finance's chief financial officer; and Chris Chidester, Capital **Premium**...

...**BankDirect** argues that the documents cannot be privileged because they involve "a non-attorney third party," Mr. Guylay, and his input was not necessary for Capital **Premium** Finance's counsel to provide legal, as opposed to business, advice to Capital **Premium** Finance....

...Attorney says that Capital **Premium** Finance and **BankDirect** need to discuss "a few items"; no advice or confidence revealed....

## 8. DAVID OGDEN, Plaintiff, v. RIVIAN AUTOMOTIVE, LLC, Defendant.

United States District Court, C.D. Illinois.   |   November 04, 2025   |   Slip Copy   |   2025 WL 3909959

Little more need be said about this case. On October 3, 2025, the Court ordered Plaintiff David Ogden to produce specific documents and supplemental responses to Defendant Rivian Automotive, **LLC**. (See Doc. 87 at 12–13.) It was not the first time that Ogden had been ordered to produce them, but the Court made clear that it would be the last....

...**BankDirect** **Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., No. 15-cv-10340, 2018 WL 6694904, at *6 (N.D. Ill. Nov. 8, 2018)....

...On October 3, 2025, the Court ordered Plaintiff David Ogden to produce specific documents and supplemental responses to Defendant Rivian Automotive, **LLC**. ( See Doc. 87 at 12–13.)...

...RIVIAN AUTOMOTIVE, **LLC**, Defendant....

## 9. Consumer Financial Protection Bureau v. TransUnion

United States District Court, N.D. Illinois, Eastern Division.   |   September 11, 2023   |   Not Reported in Fed. Supp.   |   2023 WL 12153200

Before the court is Plaintiff Consumer Financial Protection Bureau's (the "Bureau") motion to compel Defendants to respond to its written discovery requests. The Bureau alleges in this case that Defendants breached a 2017 Consent Order ("Consent Order") by continuing to engage in deceptive practices relating to the marketing...

...See **BankDirect** **Cap**. **Fin**., 2017 WL 5890923, at *2. In determining the appropriateness of discovery requests, the court considers the connection between the information sought and the parties' claims or defenses and whether such information is proportional to the needs of the case....

...(Id. at 9 (citing **BankDirect** **Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., No. 15 CV 10340, 2017 WL 5890923, at *2 (N.D. Ill. Nov. 29, 2017))....

...Ronald S. Safer, Riley Safer Holmes & Cancila LLP, Chicago, IL, Terri Lynn Mascherin, Megan B. Poetzel, Jenner & Block LLP, Chicago, IL, Valerie Lynn Hletko, Alyssa C. McGraw, Pro Hac Vice, Samuel Greeley, Pro Hac Vice, Teena-Ann Sankoorikal, Pro Hac Vice, Samuel A. Crimmins, Pro Hac Vice, Covington & Burling LLP, Washington, DC, William O'Neil, Pro Hac Vice, Covington & Burling LLP, New York, NY, for Defendants TransUnion, TransUnion, **LLC**, TransUnion Interactive, Inc....

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 5 of 29 PageID #:2322

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., Inc.



## 10. Contreras v. Illinois State Board of Elections

United States District Court, N.D. Illinois, Eastern Division. | August 20, 2021 | Not Reported in Fed. Supp. | 2021 WL 7708965

For the reasons discussed below, Plaintiffs' Motion to Compel Legislative Defendants to Respond to Discovery Requests [44] is granted in part and denied in part. Due to the expedited schedule in this case, the Legislative Defendants' supplemental responses and production, either as ordered by the Court (already provided to the parties...

...**BankDirect** **Cap**. **Fin**., **LLC** v. **Cap**. **Premium** **Fin**., Inc., No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. Feb. 20, 2018) (internal citations omitted)....

...Generation Brands, **LLC** v. Decor Selections, **LLC**, No. 19 C 6185, 2020 WL 6118558, at *4 (N.D. Ill. Oct. 16, 2020) (citing **BankDirect** Capital **Fin**., 326 F.R.D. at 175 ( "Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to Rule 26(b) 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.' "))....

...See, e.g., Sols. Team v. Oak St. Health, Mso, **LLC**, No. 17 CV 1879, 2021 WL 3022324, at *3 (N.D. Ill. July 16, 2021); Eternity Mart, Inc. v. Nature's Sources, **LLC**, No. 19-CV-02436, 2019 WL 6052366, at *2 (N.D. Ill. Nov. 15, 2019)....

## 11. Woodson v. 3M Company

United States District Court, N.D. Illinois, Western Division. | March 21, 2022 | Not Reported in Fed. Supp. | 2022 WL 832513

For the reasons stated below, Plaintiff's motion to compel [30] is denied as to the requests for race-related information. Plaintiff brings claims of discrimination and retaliation based on disability under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and Article 2 of the Illinois Human Rights Act, and a claim...

...See **BankDirect** **Cap**. **Fin**., **LLC**, v. **Cap**. **Premium** **Fin**., Inc., No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. Feb. 20, 2018) ( "While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints."...

...Adam B. Goodman, Shu-yu Lin, Goodman Tovrov Hardy & Johnson **LLC**, Thomas D. Rosenwein, Rosenwein Law Group, Chicago, IL, for Plaintiff....

## 12. Laccinole v. Lopez

United States District Court, N.D. Illinois, Eastern Division. | July 31, 2025 | Slip Copy | 2025 WL 2174231

Before the court is Subpoena Respondent Trans Union, **LLC's** ("TU") motion to quash Plaintiff Christopher Laccinole's subpoena for records. For the following reasons, the motion is granted in part and denied in part: Plaintiff filed this class action in the Northern District of California on November 7, 2024, alleging that Defendant Wayne...

...Cf. **BankDirect** **Cap**. **Fin**., **LLC** v. **Cap**. **Premium** **Fin**., Inc., 326 F.R.D. 171, 175 (N.D. Ill. 2018)....

**WESTLAW**   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT C

...Before the court is Subpoena Respondent Trans Union, **LLC's** ("TU") motion to quash Plaintiff Christopher Laccinole's subpoena for records....

...See HTG **Cap**. Partners, **LLC** v. Doe(s), No. 15 CV 2129, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015)....

## 13. McConchie v. Scholz

United States District Court, N.D. Illinois, Eastern Division. | August 21, 2021 | Not Reported in Fed. Supp. | 2021 WL 4538491

> For the reasons discussed below, Plaintiffs' Motion to Compel Leadership Defendants to Respond to Discovery Requests [54] is granted in part and denied in part. Due to the expedited schedule in this case, the Leadership Defendants' supplemental responses and production, either as ordered by the Court (already provided to the parties by...

...**BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. Feb. 20, 2018) (internal citations omitted)....

...Generation Brands, **LLC** v. Decor Selections, **LLC**, No. 19 C 6185, 2020 WL 6118558, at *4 (N.D. Ill. Oct. 16, 2020) (citing **BankDirect** Capital **Fin**., 326 F.R.D. at 175 ( "Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to Rule 26(b) 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.' "))....

...See Fed. R. Civ. P. 34(b)(2)(B); **BankDirect** Capital **Fin**., 2017 WL 5890923, at *2 (general objections are "tantamount to not making any objection at all.")....

## 14. Plasma Fab, LLC v. BankDirect Capital Finance, LLC

Court of Appeals of Texas, Austin. | May 08, 2015 | 468 S.W.3d 121 | 2015 WL 2183541

**Synopsis**
**Background:** Insured under general liability policy brought action against insurer and finance company for breach of contract and for Insurance Code violations under the Deceptive Trade Practices Act (DTPA) and against finance company for breach of contract, breach of fiduciary duty, deceptive trade practices, and negligent misrepresentation. The District Court, Travis County, 250th Judicial District, No. D1GN12001816, Stephen Yelenosky, J., granted summary judgment for insurer and finance company. Insured appealed.
**Holdings:** The Court of Appeals, Melissa Goodwin, J., held that:
[1] fact issue existed as to whether insured waived its right to complain of cancellation of policy;
[2] fact issue existed as to whether finance company was within its authority to cancel liability insurance policy under power of attorney;
[3] fact issue existed as to whether limitation of liability provision in **premium** finance agreement was conspicuous;
[4] as matter of first impression, finance company's alleged noncompliance with **Premium** Finance Act did not preclude insurer from canceling policy; and
[5] late mailing of notice of cancellation did not invalidate the cancellation.
Affirmed in part, reversed in part, and remanded.

Headnote  13

The **Premium** Finance Act provision stating that a **premium** finance company may not cancel a policy except as provided by that section does not impose the requirements of the section on the insurer or

**WESTLAW** © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 7 of 29 PageID #:2324

EXHIBIT C

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., Inc.

invalidate the insurer's cancellation of the policy based on the failure of the **premium** finance company to comply. Tex. Ins. Code Ann. § 651.161.

...See id. at 459; see also Universal Fire & Cas. Ins. Co. v. Jabin, 16 F.3d 1465, 1468–70 (7th Cir.1994) (reasoning that to construe **premium** finance act "as reaching beyond **premium** finance companies to protect insureds by giving them recourse against insurers as well, would torture the Act's ordinary meaning" and holding that language prohibiting cancellation without compliance with notice requirements applied to **premium** finance company but not insurer); Illinois Ins. Guar. Fund v. Evanston Paper & Paper Shredding Co., 272 Ill.App.3d 405, 208 Ill.Dec. 512, 649 N.E.2d 568, 569 (1995)...

... **BankDirect** paid all **premiums** in advance, and Plasma Fab was to make monthly payments to **BankDirect**....

...The **premium** finance agreement gave **BankDirect** a limited power of attorney and authority to cancel the policy on behalf of Plasma Fab and seek a refund of unearned **premiums** for nonpayment of **premium** "after proper notice has been mailed as required by law." ...

---

### 15. Doe v. United States

United States District Court, N.D. Illinois, Western Division. | February 02, 2024 | Not Reported in Fed. Supp.
| 2024 WL 770752

> Defendant's Motion for Protective Order Limiting 404(b) Discovery [74] is granted in part and denied in part. All remaining depositions should be limited in scope to the specific abuse allegations made by Plaintiff in her FTCA claims and should omit questioning as to other experiences of staff misconduct or systemic abuse alleged by...

...**BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 171, 175 (N.D. Ill. 2018); Motorola Sols., Inc. v. Hytera Commc'ns Corp., 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing F.R.C.P. 26)....

...Adrian J. Bleifuss Prados, Dvorak Law Offices, **LLC**, Chicago, IL, Elizaveta Vasilyeva, Dvorak Law Offices, **LLC**, Claredon Hills, IL, Marc D. Falkoff, The Law Office of Marc Falkoff, **LLC**, Oak Park, IL, Richard J. Dvorak, Dvorak Law Offices, **LLC**, Clarendon Hills, IL, for Plaintiff....

...Ctr., **LLC**, No. 11 C 2433, 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012)....

---

### 16. United States of America, Plaintiff, v. Chicago Baseball Holdings, LLC; Wrigley Field Holdings, LLC; WF Master Tenant, LLC; and Chicago Cubs Baseball Club, LLC, Defendants.

United States District Court, N.D. Illinois, Eastern Division, EASTERN DIVISION. | March 01, 2024 | Not Reported in Fed. Supp. | 2024 WL 6988883

> Pending before the Court is plaintiff's motion to deny defendants' privilege claim over certain documents produced in response to a third-party subpoena [37]. The motion is fully briefed [41, 43 (sealed), 56 (sealed), 57, 61-1]. For the following reasons, the motion is granted. This case arises out of a multi-year (2014–2020)...

...See also **BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 176, 180 (N.D. Ill. 2018) (collecting cases); Towne Place Condo....

...Chicago Baseball Holdings, **LLC**; Wrigley Field Holdings, **LLC**; WF Master Tenant, **LLC**; and Chicago Cubs Baseball Club, **LLC**, Defendants....

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 8 of 29 PageID #:2325

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., inc.

EXHIBIT C

...United States of America, Plaintiff, v. Chicago Baseball Holdings, **LLC**; Wrigley Field Holdings, **LLC**; WF Master Tenant, **LLC**; and Chicago Cubs Baseball Club, **LLC**, Defendants....

## 17. Wright v. Southern Arizona Children's Advocacy Center

United States District Court, D. Arizona.  |  May 23, 2023  |  Not Reported in Fed. Supp.  |  2023 WL 3595714

On April 21, 2023, the parties submitted a Joint Report, listing unresolved discovery disputes. (Doc. 138.) On April 25, 2023, the Court heard oral argument on these disputes from Plaintiffs; Defendants Johnston, Carrizosa, and Pelayo (Town Defendants); and Defendants Talamantes, Francisco, Encinas, Sheldon, Noriega, and Orozco (DCS Defendants)....

...See **BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 171, 175 (N.D. Ill. 2018) ( "Proportionality, like other concepts, requires a common sense and experiential assessment."...

...See Strike 3 Holdings, **LLC** v. Doe, 964 F.3d 1203, 1207 n.3 (D.C. Cir. 2020)....

## 18. Arsberry v. Wexford Health Sources, Inc.

United States District Court, N.D. Illinois, Western Division.  |  November 10, 2021  |  Not Reported in Fed. Supp.  |  2021 WL 5232733

For the reasons stated below, Plaintiff's motion to compel discovery responses [144] is granted in part and denied in part. Plaintiff Lonnie Arsberry brings claims under 42 U.S.C. § 1983 against Defendants Wexford Health Sources, Inc., a medical contractor for the Illinois Department of Corrections ("IDOC"), and Warden Donald...

...See **BankDirect Cap**. **Fin**., **LLC**, 2018 WL 946396, at *4 ( "Unless the requestor can demonstrate that the materials sought are relevant, judges should not hesitate to exercise appropriate control over the discovery process.")....

...See **BankDirect Cap**. **Fin**., **LLC**, v. **Cap**. **Premium Fin**., Inc., No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. Feb. 20, 2018) ( "While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints."...

...Generation Brands, **LLC** v. Decor Selections, **LLC**, 19 C 6185, 2021 WL 780485, at *2 (N.D. Ill. Mar. 1, 2021)....

## 19. Parimal v. Manitex International, Inc.

United States District Court, D. Connecticut.  |  August 02, 2021  |  Not Reported in Fed. Supp.  |  2021 WL 3285158

On October 8, 2020, Judge Michael P. Shea referred a discovery dispute in this matter to the undersigned. [Doc. #42]. On October 30, 2020, the undersigned held a telephonic discovery conference. See Docs. #65, #66. During that conference, plaintiff Parimal (hereinafter "Parimal" or "plaintiff") moved to compel the production...

...See, e.g., **BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 176, 183 (N.D. Ill. 2018) ( "[A]lmost all courts have concluded that the process of drafting and editing, reflecting as it often does both requests for and provision of, legal advice, is protected by the attorney-client privilege."...

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 9 of 29 PageID #:2326

EXHIBIT C

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., Inc.

...); R.J. Reynolds Tobacco Co. v. **Premium** Tobacco Stores, Inc., No. 99CV01174(CPK), 2001 WL 1286727, at *5 (N.D. Ill. Oct. 24, 2001) ( "Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process....

...Ctr. Partners, Ltd. v. Growth Head GP, **LLC**, 981 N.E.2d 345, 355 (Ill. 2012)....

### 20. In re National Prescription Opiate Litigation

United States District Court, N.D. Ohio, Eastern Division. | January 06, 2025 | Not Reported in Fed. Supp. | 2025 WL 30516

After the Court issued its Order Regarding PBM Defendants' Motion for Stay (docket no. 5842) ("Stay Order"), the PBMs filed a motion to clarify (docket no. 5842), asserting that certain statements in the Stay Order appeared to be inconsistent with statements the Court made in its earlier Order Overruling the PBMs' Objection...

...Personnel Files Order at 2 (quoting **BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 176, 180 (N.D. Ill. 2018))....

## 1. U.S. Equal Employment Opportunity Commission v. AutoZone, Inc.

United States District Court, N.D. Illinois, Eastern Division. | November 02, 2015 | 141 F.Supp.3d 912 | 99 Empl. Prac. Dec. P 45,430

**Synopsis**

**Background:** Equal Employment Opportunity Commission (**EEOC**) filed suit on behalf of three named automotive parts store employees and other unnamed individuals with disabilities who were affected by employer's practices, alleging that employer violated the ADA by failing to make reasonable accommodations for aggrieved individuals by failing to make exceptions to employer's "no fault" attendance policy for disability-related absences and discharging them as a result, by failing to make reasonable accommodations for disabilities of two complainants during their employment, and by discharging complainant in retaliation for making complaints of disability discrimination. Employer moved to limit the scope of litigation to the stores in which the named individuals worked.

**[Holding:]** The District Court, Robert M. Dow, J., held that scope of **EEOC** litigation would not be limited to stores where named employees worked.

Motion denied.

Headnote 2

Lower courts may review whether the Equal Employment Opportunity Commission ( **EEOC** ) satisfied its statutory obligation to attempt conciliation before filing suit, but scope of that review is narrow; **EEOC** has extensive discretion to determine the kind and amount of communication with an employer appropriate in any given case., and proper scope of judicial review of **EEOC's** conciliation efforts matches terms of Title VII's conciliation provision. Civil Rights Act of 1964 § 706, 42 U.S.C.A. § 2000e-5(b).

...[33–8] at 1, 3, 5. The amended determinations clearly put **AutoZone** on notice that the **EEOC** has conducted an investigation of **AutoZone's** attendance policy and that it may pursue charges against **AutoZone** for discrimination that has occurred as a result of the policy in **AutoZone's** "stores throughout the United States." ...

...Scope of Equal Employment Opportunity Commission ( **EEOC**) litigation into disability discrimination against employees at nationwide chain of automotive parts stores would not be limited to stores where named employees worked; court would not review the **EEOC's** file or require the **EEOC** investigator to provide affidavit explaining what steps the **EEOC** took to investigate charges against the employer, **EEOC** was not required to explain why it issued amended determination, and its amended determinations unambiguously stated that **EEOC**...

...But **AutoZone** does not allege that the **EEOC** has served discovery requests that it opposes or that **AutoZone** has in good faith conferred with the **EEOC**, which would be required in order to obtain a protective order....

## 2. E.E.O.C. v. AutoZone, Inc.

United States Court of Appeals, Seventh Circuit. | February 15, 2013 | 707 F.3d 824 | 27 A.D. Cases 801

**Synopsis**

**Background:** Equal Employment Opportunity Commission (**EEOC**) brought action against automotive store chain on behalf of disabled former employee, a parts sales manager who was terminated because he was unable to mop floors due to chronic back injury, alleging discrimination in violation of Americans with Disabilities Act (ADA). Employer filed fourteen motions in limine, seeking to exclude all testimony regarding complainant's inability to reproduce. The United States District Court for the Central District of Illinois, John A. Gorman, United States Magistrate Judge, 631 F.Supp.2d 1076, granted motions in part and denied them in part. Summary judgment was granted in part for employer. After jury trial as to remaining part of case, jury returned verdict in employer's favor. **EEOC** appealed summary judgment ruling only. The Court of Appeals, Hamilton, Circuit Judge, 630 F.3d 635, reversed and remanded.

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., inc.

---

🚩   **1. In re Texas Farmers Ins. Exchange**

Court of Appeals of Texas, Texarkana.   |   February 18, 1999   |   990 S.W.2d 337   |   1999 WL 74099

> INSURANCE - Discovery. Insureds were entitled to discovery of documents created prior to denial of claim for fire loss.

**Synopsis**
Insureds brought action against homeowners' insurer to recover for fire loss. The District Court, Jim D. Lovett, J., denied insurer's motion to quash discovery of documents created prior to filing of suit. Insurer petitioned for writ of mandamus. The Court of Appeals, Grant, J., held that: (1) the attorney-client privilege did not apply to facts gathered while lawyer was acting as an investigator during examinations under oath, and (2) work-product exemption applied to discovery of documents created after denial of the claim. Petition conditionally granted in part.

---

🚩   **2. BankDirect Capital Finance, LLC v. Plasma Fab, LLC**

Supreme Court of Texas.   |   May 12, 2017   |   519 S.W.3d 76   |   60 Tex. Sup. Ct. J. 892

**Synopsis**
**Background:** Insured brought action against general liability insurer and insurance **premium** finance company for breach of contract, breach of fiduciary duty, deceptive trade practices, and negligent misrepresentation, after finance company cancelled the policy based on insured's default. The 250th District Court, Travis County, Stephen Yelenosky, J., granted summary judgment to insurer and finance company. Insured appealed. The Austin Court of Appeals, 468 S.W.3d 121, affirmed as to the claims against insurer, but reversed as to the claims against finance company. Finance company petitioned for review.
**Holdings:** The Supreme Court, Willett, J., held that:
[1] finance company's letter did not provide ten days' notice of cancellation of policy, as required by statute, and
[2] there is no substantial-compliance exception to the notice statute's time requirement.
Judgment of the Court of Appeals affirmed and remanded.
Guzman, J., filed concurring opinion.
Johnson, J., filed dissenting opinion in which Hecht, C.J., joined.

Headnote  4

There is no substantial-compliance exception to the statutory rule that insurance **premium** finance companies may not cancel an insured's policy unless they mail a notice of intent to cancel that states a cure deadline that is not earlier than the tenth day after the date the notice is mailed. Tex. Ins. Code Ann. § 651.161(b).

...In May 2008, Plasma Fab, **LLC** obtained a general liability insurance policy from Scottsdale Insurance Company and financed the policy through a **premium** finance agreement with **BankDirect** Capital Finance, **LLC**. **BankDirect** paid the annual **premium** to Scottsdale, and Plasma Fab made monthly payments to **BankDirect**....

...The agreement between **BankDirect** and Plasma Fab included a power-of-attorney clause that gave **BankDirect** authority, upon Plasma Fab's default, to cancel the insurance policy, collect the unearned **premiums** from Scottsdale, and apply them to the loan balance....

---

**WESTLAW**   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 12 of 29 PageID #:2329

EXHIBIT C

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., Inc.

...Each time, Plasma Fab eventually paid the overdue **premium**, and **BankDirect** contacted Scottsdale and requested reinstatement of the policy....

---

### 3. Baskin-Robbins Franchising LLC v. Blu Moo Ice Cream Inc.

United States District Court, S.D. Indiana, Indianapolis Division. | May 28, 2024 | Not Reported in Fed. Supp. | 2024 WL 2722900

Magistrate Judge Crystal S. Wildeman submitted her Report and Recommendation on Plaintiff's Motion for Injunctive Relief and Default. The parties were afforded due opportunity under statute and the rules of this Court to file objections; none were filed. Having considered the Report and Recommendation, the Court hereby adopts the Report and...

...See **BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 912 F.3d 1054, 1058 (7th Cir. 2019)....

...Justin Owen Sorrell, Riley Bennett Egloff LLP, Indianapolis, IN, Matthew J. Kramer, Pro Hac Vice, Actuate Law, **LLC**, Chicago, IL, for Plaintiffs....

...BASKIN-ROBBINS FRANCHISING **LLC**, BR IP Holder **LLC**, Plaintiffs,...

---

### 4. Payne v. Indiana Department of Corrections

United States District Court, N.D. Indiana, South Bend Division. | June 23, 2025 | Slip Copy | 2025 WL 1732843

Pending and ripe before the Court are the following two motions: (1) a Motion to Compel filed by Plaintiff George Payne, Jr., and (2) a Motion to Maintain Under Seal Exhibit Filed at Dkt. 46 by Defendant Indiana Department of Correction ("IDOC"). For the reasons discussed below, Mr. Payne's Motion to Compel will be denied, and IDOC's...

...**BankDirect Cap**. **Fin**., **LLC**, 326 F.R.D. at 183 (finding that communications between counsel and client were protected because they were part of drafting and revising agreements); see also Naumoski v. Costco Wholesale Corp., No. 2:19-CV-491, 2020 WL 2899690, at *3 (N.D. Ind. June 3, 2020) (finding that emails drafted between an attorney and management-level employees were protected because they provided legal advice regarding the company's response to a disgruntled employee); Sandra T.E., 600 F.3d at 620 (finding that the attorney-client privilege applied to communications and documents generated during an investigation carried by out attorneys hired in their capacity as lawyers to provide legal assistance)....

...**BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 176, 180 (N.D. Ill. 2018)(quoting United States v. Robinson, 121 F.3d 971, 974 (5th Cir. 1997))....

...**BankDirect Cap**. **Fin**., **LLC**, 326 F.R.D. at 180 (collecting cases)....

---

### 5. Linet Americas, Inc. v. Hill-Rom Holdings, Inc.

United States District Court, N.D. Illinois, Eastern Division. | January 27, 2025 | Not Reported in Fed. Supp. | 2025 WL 890640

Defendants' Motion to Compel Discovery from Non-Party Stryker [181] is entered and continued. Defendants and non-party Stryker have until February 28, 2025 to submit the Subpoena Chart in

---

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 13 of 29 PageID #:2330

EXHIBIT C

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., inc.

accordance with this order. The Court has reviewed the briefing associated with Defendants' Motion at [181]. While there are aspects of the subpoena...

...**BankDirect** Cap. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., No. 15 C 10340, 2017 WL 5890923, at *2 (N.D. Ill. Nov. 29, 2017) (quoting McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990))....

## 6. In re National Prescription Opiate Litigation

United States District Court, N.D. Ohio, Eastern Division, EASTERN DIVISION. | November 16, 2024 | Not Reported in Fed. Supp. | 2024 WL 5279169

During Track Twelve discovery, defendant Express Scripts, Inc. (ESI) invoked privilege and withheld from production certain documents—specifically, reports of ESI internal compliance audits and related records. The PEC challenged a number of these privilege designations. The parties agreed to submit a sampling of the challenged documents to...

...**BankDirect** Cap. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 176, 180 (N.D. Ill. 2018)....

...See also **BankDirect**, 326 F.R.D. at 182 (acknowledging the "difficulty in negotiating the fine line between legal as opposed to business advice")....

...Id. See also **BankDirect**, 326 F.R.D. at 181 ("Because the privilege operates in derogation of the search for truth, it is narrowly construed....

## 7. BankDirect Capital Finance, LLC v. Capital Premium Finance, Inc.

United States District Court, N.D. Illinois, Eastern Division. | August 03, 2018 | 326 F.R.D. 176 | 2018 WL 3689045

COMMERCIAL LAW — Privileges. Communications to and from client and counsel, which led to draft agreements and revisions of drafts, was protected by attorney-client privilege.

**Synopsis**
**Background:** Commercial insurance **premium** finance business brought action against customer, alleging breach of contract. Business moved to compel production of documents.
**Holdings:** The District Court, Jeffrey Cole, United States Magistrate Judge, held that:
[1] draft agreements underlying complex and intricate commercial transactions that were exchanged between client and counsel were protected by attorney-client privilege;
[2] communications to and from client and counsel, which led to draft agreements and revisions of drafts, was protected by attorney-client privilege;
[3] comments, suggestions, or questions between financial advisor and attorneys pertaining to drafting of agreements for commercial insurance **premium** finance business was protected by attorney-client privilege;
[4] document from financial advisor merely stating he was forwarding comments was not protected by attorney-client privilege;
[5] document from attorney asking for input but not revealing topic was not protected by attorney-client privilege;
[6] document from attorney saying he would send comments was not protected by attorney-client privilege;
[7] document from attorney asking for unspecified information was not protected by attorney-client privilege; and
[8] document from attorney saying that parties had to discuss "a few items" was not protected by attorney-client privilege.
Motion granted in part and denied in part.

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 14 of 29 PageID #:2381

EXHIBIT C

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., inc.

...The emails were exchanged among five individuals: attorneys Rick Taggert and James Kruse from the firm of Kruse Landa Maycock & Ricks, **LLC**, whom Capital **Premium** Finance retained to assist with the drafting and negotiation of the Transaction Facility; Jeff Guylay, the Managing Director of investment bank, Colonnade Advisors, whom Capital **Premium** Finance retained to assist with the drafting and negotiation of the Transaction Facility; Scott Crowley, Capital **Premium** Finance's chief financial officer; and Chris Chidester, Capital **Premium**...

...**BankDirect** argues that the documents cannot be privileged because they involve "a non-attorney third party," Mr. Guylay, and his input was not necessary for Capital **Premium** Finance's counsel to provide legal, as opposed to business, advice to Capital **Premium** Finance....

...Attorney says that Capital **Premium** Finance and **BankDirect** need to discuss "a few items"; no advice or confidence revealed....

## 8. DAVID OGDEN, Plaintiff, v. RIVIAN AUTOMOTIVE, LLC, Defendant.

United States District Court, C.D. Illinois. | November 04, 2025 | Slip Copy | 2025 WL 3909959

Little more need be said about this case. On October 3, 2025, the Court ordered Plaintiff David Ogden to produce specific documents and supplemental responses to Defendant Rivian Automotive, **LLC**. (See Doc. 87 at 12–13.) It was not the first time that Ogden had been ordered to produce them, but the Court made clear that it would be the last....

...**BankDirect** **Cap**. **Fin**., **LLC** v. **Cap**. **Premium** **Fin**., Inc., No. 15-cv-10340, 2018 WL 6694904, at *6 (N.D. Ill. Nov. 8, 2018)....

...On October 3, 2025, the Court ordered Plaintiff David Ogden to produce specific documents and supplemental responses to Defendant Rivian Automotive, **LLC**. ( See Doc. 87 at 12–13.)...

...RIVIAN AUTOMOTIVE, **LLC**, Defendant....

## 9. Consumer Financial Protection Bureau v. TransUnion

United States District Court, N.D. Illinois, Eastern Division. | September 11, 2023 | Not Reported in Fed. Supp. | 2023 WL 12153200

Before the court is Plaintiff Consumer Financial Protection Bureau's (the "Bureau") motion to compel Defendants to respond to its written discovery requests. The Bureau alleges in this case that Defendants breached a 2017 Consent Order ("Consent Order") by continuing to engage in deceptive practices relating to the marketing...

...See **BankDirect** **Cap**. **Fin**., 2017 WL 5890923, at *2. In determining the appropriateness of discovery requests, the court considers the connection between the information sought and the parties' claims or defenses and whether such information is proportional to the needs of the case....

...(Id. at 9 (citing **BankDirect** **Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., No. 15 CV 10340, 2017 WL 5890923, at *2 (N.D. Ill. Nov. 29, 2017))....

...Ronald S. Safer, Riley Safer Holmes & Cancila LLP, Chicago, IL, Terri Lynn Mascherin, Megan B. Poetzel, Jenner & Block LLP, Chicago, IL, Valerie Lynn Hletko, Alyssa C. McGraw, Pro Hac Vice, Samuel Greeley, Pro Hac Vice, Teena-Ann Sankoorikal, Pro Hac Vice, Samuel A. Crimmins, Pro Hac Vice, Covington & Burling LLP, Washington, DC, William O'Neil, Pro Hac Vice, Covington & Burling LLP, New York, NY, for Defendants TransUnion, TransUnion, **LLC**, TransUnion Interactive, Inc....

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., inc.

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 15 of 29 PageID #:2382

EXHIBIT C

## 10. Contreras v. Illinois State Board of Elections

United States District Court, N.D. Illinois, Eastern Division.  |  August 20, 2021  |  Not Reported in Fed. Supp.
|  2021 WL 7708965

For the reasons discussed below, Plaintiffs' Motion to Compel Legislative Defendants to Respond to Discovery Requests [44] is granted in part and denied in part. Due to the expedited schedule in this case, the Legislative Defendants' supplemental responses and production, either as ordered by the Court (already provided to the parties...

...**BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. Feb. 20, 2018) (internal citations omitted)....

...Generation Brands, **LLC** v. Decor Selections, **LLC**, No. 19 C 6185, 2020 WL 6118558, at *4 (N.D. Ill. Oct. 16, 2020) (citing **BankDirect** Capital **Fin**., 326 F.R.D. at 175 ( "Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to Rule 26(b) 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.' "))....

...See, e.g., Sols. Team v. Oak St. Health, Mso, **LLC**, No. 17 CV 1879, 2021 WL 3022324, at *3 (N.D. Ill. July 16, 2021); Eternity Mart, Inc. v. Nature's Sources, **LLC**, No. 19-CV-02436, 2019 WL 6052366, at *2 (N.D. Ill. Nov. 15, 2019)....

## 11. Woodson v. 3M Company

United States District Court, N.D. Illinois, Western Division.  |  March 21, 2022  |  Not Reported in Fed. Supp.
|  2022 WL 832513

For the reasons stated below, Plaintiff's motion to compel [30] is denied as to the requests for race-related information. Plaintiff brings claims of discrimination and retaliation based on disability under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and Article 2 of the Illinois Human Rights Act, and a claim...

...See **BankDirect Cap**. **Fin**., **LLC**, v. **Cap**. **Premium Fin**., Inc., No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. Feb. 20, 2018) ( "While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints."...

...Adam B. Goodman, Shu-yu Lin, Goodman Tovrov Hardy & Johnson **LLC**, Thomas D. Rosenwein, Rosenwein Law Group, Chicago, IL, for Plaintiff....

## 12. Laccinole v. Lopez

United States District Court, N.D. Illinois, Eastern Division.  |  July 31, 2025  |  Slip Copy  |  2025 WL 2174231

Before the court is Subpoena Respondent Trans Union, **LLC's** ("TU") motion to quash Plaintiff Christopher Laccinole's subpoena for records. For the following reasons, the motion is granted in part and denied in part: Plaintiff filed this class action in the Northern District of California on November 7, 2024, alleging that Defendant Wayne...

...Cf. **BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 171, 175 (N.D. Ill. 2018)....

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 16 of 29 PageID #:2383

EXHIBIT C

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., inc.

...Before the court is Subpoena Respondent Trans Union, **LLC's** ("TU") motion to quash Plaintiff Christopher Laccinole's subpoena for records....

...See HTG **Cap**. Partners, **LLC** v. Doe(s), No. 15 CV 2129, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015)....

---

## 13. McConchie v. Scholz

United States District Court, N.D. Illinois, Eastern Division. | August 21, 2021 | Not Reported in Fed. Supp. | 2021 WL 4538491

> For the reasons discussed below, Plaintiffs' Motion to Compel Leadership Defendants to Respond to Discovery Requests [54] is granted in part and denied in part. Due to the expedited schedule in this case, the Leadership Defendants' supplemental responses and production, either as ordered by the Court (already provided to the parties by...

...**BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. Feb. 20, 2018) (internal citations omitted)....

...Generation Brands, **LLC** v. Decor Selections, **LLC**, No. 19 C 6185, 2020 WL 6118558, at *4 (N.D. Ill. Oct. 16, 2020) (citing **BankDirect** Capital **Fin**., 326 F.R.D. at 175 ( "Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to Rule 26(b) 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.' "))....

...See Fed. R. Civ. P. 34(b)(2)(B); **BankDirect** Capital **Fin**., 2017 WL 5890923, at *2 (general objections are "tantamount to not making any objection at all.")....

---

## 14. Plasma Fab, LLC v. BankDirect Capital Finance, LLC

Court of Appeals of Texas, Austin. | May 08, 2015 | 468 S.W.3d 121 | 2015 WL 2183541

**Synopsis**
**Background:** Insured under general liability policy brought action against insurer and finance company for breach of contract and for Insurance Code violations under the Deceptive Trade Practices Act (DTPA) and against finance company for breach of contract, breach of fiduciary duty, deceptive trade practices, and negligent misrepresentation. The District Court, Travis County, 250th Judicial District, No. D1GN12001816, Stephen Yelenosky, J., granted summary judgment for insurer and finance company. Insured appealed.
**Holdings:** The Court of Appeals, Melissa Goodwin, J., held that:
[1] fact issue existed as to whether insured waived its right to complain of cancellation of policy;
[2] fact issue existed as to whether finance company was within its authority to cancel liability insurance policy under power of attorney;
[3] fact issue existed as to whether limitation of liability provision in **premium** finance agreement was conspicuous;
[4] as matter of first impression, finance company's alleged noncompliance with **Premium** Finance Act did not preclude insurer from canceling policy; and
[5] late mailing of notice of cancellation did not invalidate the cancellation.
Affirmed in part, reversed in part, and remanded.

Headnote 13

The **Premium** Finance Act provision stating that a **premium** finance company may not cancel a policy except as provided by that section does not impose the requirements of the section on the insurer or

---

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 17 of 29 PageID #:2384

EXHIBIT C

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., Inc.

invalidate the insurer's cancellation of the policy based on the failure of the **premium** finance company to comply. Tex. Ins. Code Ann. § 651.161.

...See id. at 459; see also Universal Fire & Cas. Ins. Co. v. Jabin, 16 F.3d 1465, 1468–70 (7th Cir.1994) (reasoning that to construe **premium** finance act "as reaching beyond **premium** finance companies to protect insureds by giving them recourse against insurers as well, would torture the Act's ordinary meaning" and holding that language prohibiting cancellation without compliance with notice requirements applied to **premium** finance company but not insurer); Illinois Ins. Guar. Fund v. Evanston Paper & Paper Shredding Co., 272 Ill.App.3d 405, 208 Ill.Dec. 512, 649 N.E.2d 568, 569 (1995)...

... **BankDirect** paid all **premiums** in advance, and Plasma Fab was to make monthly payments to **BankDirect**....

...The **premium** finance agreement gave **BankDirect** a limited power of attorney and authority to cancel the policy on behalf of Plasma Fab and seek a refund of unearned **premiums** for nonpayment of **premium** "after proper notice has been mailed as required by law." ...

---

### 15. Doe v. United States

United States District Court, N.D. Illinois, Western Division.  |  February 02, 2024  |  Not Reported in Fed. Supp.  |  2024 WL 770752

> Defendant's Motion for Protective Order Limiting 404(b) Discovery [74] is granted in part and denied in part. All remaining depositions should be limited in scope to the specific abuse allegations made by Plaintiff in her FTCA claims and should omit questioning as to other experiences of staff misconduct or systemic abuse alleged by...

...**BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 171, 175 (N.D. Ill. 2018); Motorola Sols., Inc. v. Hytera Commc'ns Corp., 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing F.R.C.P. 26)....

...Adrian J. Bleifuss Prados, Dvorak Law Offices, **LLC**, Chicago, IL, Elizaveta Vasilyeva, Dvorak Law Offices, **LLC**, Claredon Hills, IL, Marc D. Falkoff, The Law Office of Marc Falkoff, **LLC**, Oak Park, IL, Richard J. Dvorak, Dvorak Law Offices, **LLC**, Clarendon Hills, IL, for Plaintiff....

...Ctr., **LLC**, No. 11 C 2433, 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012)....

---

### 16. United States of America, Plaintiff, v. Chicago Baseball Holdings, LLC; Wrigley Field Holdings, LLC; WF Master Tenant, LLC; and Chicago Cubs Baseball Club, LLC, Defendants.

United States District Court, N.D. Illinois, Eastern Division, EASTERN DIVISION.  |  March 01, 2024  |  Not Reported in Fed. Supp.  |  2024 WL 6988883

> Pending before the Court is plaintiff's motion to deny defendants' privilege claim over certain documents produced in response to a third-party subpoena [37]. The motion is fully briefed [41, 43 (sealed), 56 (sealed), 57, 61-1]. For the following reasons, the motion is granted. This case arises out of a multi-year (2014–2020)...

...See also **BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 176, 180 (N.D. Ill. 2018) (collecting cases); Towne Place Condo....

...Chicago Baseball Holdings, **LLC**; Wrigley Field Holdings, **LLC**; WF Master Tenant, **LLC**; and Chicago Cubs Baseball Club, **LLC**, Defendants....

---

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 18 of 29 PageID #:2385

EXHIBIT C

List of 20 results for bankdirect cap. fin., LLC v. cap. premium fin., inc.

...United States of America, Plaintiff, v. Chicago Baseball Holdings, **LLC**; Wrigley Field Holdings, **LLC**; WF Master Tenant, **LLC**; and Chicago Cubs Baseball Club, **LLC**, Defendants....

## 17. Wright v. Southern Arizona Children's Advocacy Center

United States District Court, D. Arizona.   |   May 23, 2023   |   Not Reported in Fed. Supp.   |   2023 WL 3595714

> On April 21, 2023, the parties submitted a Joint Report, listing unresolved discovery disputes. (Doc. 138.) On April 25, 2023, the Court heard oral argument on these disputes from Plaintiffs; Defendants Johnston, Carrizosa, and Pelayo (Town Defendants); and Defendants Talamantes, Francisco, Encinas, Sheldon, Noriega, and Orozco (DCS Defendants)....

...See **BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 171, 175 (N.D. Ill. 2018) ( "Proportionality, like other concepts, requires a common sense and experiential assessment."...

...See Strike 3 Holdings, **LLC** v. Doe, 964 F.3d 1203, 1207 n.3 (D.C. Cir. 2020)....

## 18. Arsberry v. Wexford Health Sources, Inc.

United States District Court, N.D. Illinois, Western Division.   |   November 10, 2021   |   Not Reported in Fed. Supp.   |   2021 WL 5232733

> For the reasons stated below, Plaintiff's motion to compel discovery responses [144] is granted in part and denied in part. Plaintiff Lonnie Arsberry brings claims under 42 U.S.C. § 1983 against Defendants Wexford Health Sources, Inc., a medical contractor for the Illinois Department of Corrections ("IDOC"), and Warden Donald...

...See **BankDirect Cap**. **Fin**., **LLC**, 2018 WL 946396, at *4 ( "Unless the requestor can demonstrate that the materials sought are relevant, judges should not hesitate to exercise appropriate control over the discovery process.")....

...See **BankDirect Cap**. **Fin**., **LLC**, v. **Cap**. **Premium Fin**., Inc., No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. Feb. 20, 2018) ( "While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints."...

...Generation Brands, **LLC** v. Decor Selections, **LLC**, 19 C 6185, 2021 WL 780485, at *2 (N.D. Ill. Mar. 1, 2021)....

## 19. Parimal v. Manitex International, Inc.

United States District Court, D. Connecticut.   |   August 02, 2021   |   Not Reported in Fed. Supp.   |   2021 WL 3285158

> On October 8, 2020, Judge Michael P. Shea referred a discovery dispute in this matter to the undersigned. [Doc. #42]. On October 30, 2020, the undersigned held a telephonic discovery conference. See Docs. #65, #66. During that conference, plaintiff Parimal (hereinafter "Parimal" or "plaintiff") moved to compel the production...

...See, e.g., **BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 176, 183 (N.D. Ill. 2018) ( "[A]lmost all courts have concluded that the process of drafting and editing, reflecting as it often does both requests for and provision of, legal advice, is protected by the attorney-client privilege."...

Case: 1:23-cv-16856 Document #: 147-3 Filed: 05/06/26 Page 19 of 29 PageID #:2386

EXHIBIT C

...); R.J. Reynolds Tobacco Co. v. **Premium** Tobacco Stores, Inc., No. 99CV01174(CPK), 2001 WL 1286727, at *5 (N.D. Ill. Oct. 24, 2001) ( "Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process....

...Ctr. Partners, Ltd. v. Growth Head GP, **LLC**, 981 N.E.2d 345, 355 (Ill. 2012)....

## 20. In re National Prescription Opiate Litigation

United States District Court, N.D. Ohio, Eastern Division. | January 06, 2025 | Not Reported in Fed. Supp. | 2025 WL 30516

After the Court issued its Order Regarding PBM Defendants' Motion for Stay (docket no. 5842) ("Stay Order"), the PBMs filed a motion to clarify (docket no. 5842), asserting that certain statements in the Stay Order appeared to be inconsistent with statements the Court made in its earlier Order Overruling the PBMs' Objection...

...Personnel Files Order at 2 (quoting **BankDirect Cap**. **Fin**., **LLC** v. **Cap**. **Premium Fin**., Inc., 326 F.R.D. 176, 180 (N.D. Ill. 2018))....

---

⚑ **1. Westefer v. Snyder**

United States Court of Appeals, Seventh Circuit. | September 06, 2005 | 422 F.3d 570 | 2005 WL 2128365

> CIVIL RIGHTS - Prisons. Illinois prisoners transferred to high security "Tamms" prison stated claim for denial of due process.

**Synopsis**
**Background:** State prisoners brought 1983 action, challenging their transfers to particular prison as violative of their constitutional rights. The United States District Court for the Southern District of Illinois, G. Patrick Murphy, Chief Judge, granted summary judgment for state, and prisoners appealed.
**Holdings:** The Court of Appeals, Ripple, Circuit Judge, held that:
[1] transfers did not violate gang members' First Amendment associational rights;
[2] transfers did not constitute ex post facto violation;
[3] suit was not subject to dismissal for failure to exhaust administrative remedies;
[4] prisoners satisfied duty to amend interrogatory responses; and
[5] complaint stated claim for denial of due process.
Affirmed in part, reversed in part, and remanded.

... As a result, the court dismissed Mr. **Snyder** as a defendant....

... Every IDOC defendant except Mr. **Snyder** served three interrogatories on each remaining plaintiff....

...In addition, the district court noted that the prisoners' form responses to IDOC interrogatories mentioned only Mr. **Snyder**....

---

⚑ **2. Snyder v. Com. of Mass.**

Supreme Court of the United States | January 08, 1934 | 291 U.S. 97 | 54 S.Ct. 330

> Herman **Snyder** was convicted of murder in the first degree, and judgment of conviction was affirmed by the Supreme Judicial Court of Massachusetts (185 N.E. 376), and defendant brings certiorari. Affirmed. See, also, 187 N.E. 775. Mr. Justice ROBERTS, Mr. Justice BRANDEIS, Mr. Justice SUTHERLAND, and Mr. Justice BUTLER, dissenting. On Writ of...

**Synopsis**
Herman **Snyder** was convicted of murder in the first degree, and judgment of conviction was affirmed by the Supreme Judicial Court of Massachusetts (185 N.E. 376), and defendant brings certiorari. Affirmed.
See, also, 187 N.E. 775.
Mr. Justice ROBERTS, Mr. Justice BRANDEIS, Mr. Justice SUTHERLAND, and Mr. Justice BUTLER, dissenting.
On Writ of Certiorari to the Superior Court in and for the County of Middlesex, Commonwealth of Massachusetts.

...**SNYDER**...

...Donnellon and **Snyder** were tried together, and sentenced to be put to death....

...The court appointed counsel for Donnellon and for **Snyder** to represent their respective clients at the place to be viewed....

---

**WESTLAW** © 2026 Thomson Reuters. No claim to original U.S. Government Works.

## 3. Snyder v. Harris

Supreme Court of the United States | March 25, 1969 | 394 U.S. 332 | 89 S.Ct. 1053

> Action by single shareholder, on behalf of herself and all other shareholders similarly situated, against members of board of directors of corporation. The United States District Court for the Eastern District of Missouri, 268 F.Supp. 701, entered judgment dismissing the action and the plaintiff stockholder appealed. The United States District...

**Synopsis**

Action by single shareholder, on behalf of herself and all other shareholders similarly situated, against members of board of directors of corporation. The United States District Court for the Eastern District of Missouri, 268 F.Supp. 701, entered judgment dismissing the action and the plaintiff stockholder appealed. The United States District Court of Appeals for the Eighth Circuit, 390 F.2d 204, affirmed and certiorari was granted.

Action by customer on behalf of himself and all others similarly situated against gas company to recover alleged overpayments. The United States District Court for the District of Kansas entered order denying motion of gas company to dismiss action and the gas company appealed. The United States Court of Appeals for the Tenth Circuit, 389 F.2d 831, affirmed and certiorari was granted.

The Supreme Court, Mr. Justice Black, held that 1966 amendment to rule relating to class actions does not change doctrine that separate and distinct claims presented by and for various claimants in class action may not be aggregated to provide the necessary jurisdictional amount in controversy for diversity action where there is no joint or common interest or title in subject matter of suit, and no adequate reason had been shown to overturn settled judicial construction against aggregation of separate and distinct claims.

Judgment in No. 109 affirmed and judgment in No. 117 reversed.

Mr. Justice Fortas and Mr. Justice Douglas dissented.

...In No. 109, Mrs. Margaret E. **Snyder**, a shareholder of Missouri Fidelity Union Trust Life Insurance Company, brought suit against members of the company's board of directors alleging that they had sold their shares of the company's stock for an amount far in excess of its fair market value, that this excess represented payment to these particular directors to obtain complete control of the company, and that under Missouri law the excess should properly be distributed among all the shareholders of the company and not merely to a few of them....

...**Snyder** v. Harris...

...Margaret E. **SNYDER**, Petitioner,...

## 4. Westefer v. Snyder

United States District Court, S.D. Illinois. | July 20, 2010 | 725 F.Supp.2d 735 | 2010 WL 2836800

> CIVIL RIGHTS - Prisons. Inmates had liberty interest protected by procedural due process in avoiding confinement at supermax prison.

**Synopsis**

**Background:** Past and present inmates in custody of Illinois Department of Corrections (IDOC), who had been incarcerated in supermax prison, brought 1983 action against IDOC officials and employees, alleging that defendants violated their right to procedural due process by employing unconstitutionally inadequate procedures when assigning IDOC inmates to supermax prison, and seeking injunctive and declaratory relief.

**Holdings:** Following bench trial, the District Court, Murphy, J., held that:

[1] IDOC director's submission to governor of plan aimed at ameliorating aspects of confinement at supermax prison did not render moot inmates' claims;

**WESTLAW** © 2026 Thomson Reuters. No claim to original U.S. Government Works.

[2] inmates had liberty interest protected by procedural due process in avoiding confinement at supermax prison;
[3] administrative grievance procedures created by IDOC regulations were inadequate to protect inmates' due process liberty interests;
[4] adjustment committee hearing provided to inmates charged with infractions of prison discipline was inadequate to protect those inmates' due process liberty interests;
[5] framework of periodic transfer review hearings for inmates in administrative detention status did not adequately protect procedural due process liberty interests of those inmates;
[6] director's plan adequately protected procedural due process liberty interests of inmates; and
[7] defendants were not required to expunge from records of inmates prior assignments to supermax prison.
So ordered.

...**Westefer** v. **Snyder**, 422 F.3d 570, 589 (7th Cir.2005)....

...Additionally, Plaintiffs **Westefer**, Von Perbandt, Villazana, Tinajero, Sparling, Sorrentino, Santiago, Ross, V. Rodriguez, E. Rodriguez, Reyna, Muller, Lasley, Knox, Johnson, Horton, Harper, Hall, Gill, Gambrell, Foutch, Felton, Combs, Coleman, Clayton, Clark, Chapman, Burrell, Bryant, Brown, and Bivens represent a class defined as "[a]ll inmates who have been transferred to [Tamms] since January 1, 1998, and all prisoners who will be transferred to Tamms in the future." ...

... See **Westefer** v. **Snyder**, Civil Nos. 00–162–GPM, 00–708–GPM, 2009 WL 2905548, at **9–11 (S.D.Ill. Sept. 4, 2009); Cunningham v. **Snyder**, 472 F.Supp.2d 1023, 1033 (S.D.Ill.2006)....

## 5. Westefer v. Snyder

United States District Court, S.D. Illinois. | September 04, 2009 | Not Reported in F.Supp.2d | 2009 WL 2905548

This matter, which currently is before the Court on cross-motions for partial summary judgment (Docs. 266 and 270), involves consolidated cases alleging civil rights violations under 42 U.S.C. § 1983. The consolidated cases are **Westefer** v. **Snyder**, Civil No. 00–162–GPM (S.D. Ill. filed Mar. 7, 2000), and Cunningham v. **Snyder**, Civil No. 00–708–GPM...

...In turn, Defendants **Snyder**, Washington, Neal, DeTella, O'Leary, Clark, Gilmore, Ahitow, Cowan, and Page seek partial summary judgment that: they are shielded by the doctrine of qualified immunity from liability for damages on the procedural due process claims of Plaintiffs **Westefer**, Von Perbandt, Villazana, Tinajero, Taylor, Sparling, Sorrentino, Santiago, Ross, V. Rodriguez, E. Rodriguez, Reyna,...

...A grant of summary judgment in **Snyder's** favor has no practical significance with respect to the retaliation claims of Von Perbandt, Taylor, Sparling, Sorrentino, E. Rodriguez, Lasley, Knox, Horton, Felton, Combs, Clayton, Chapman, Burrell, Bivens, and Cunningham because none of those Plaintiffs allege that **Snyder** was involved in their assignment to Tamms....

...Defendants argue that a judgment in a related case, Santiago v. **Snyder**, Civil No. 02–1060–GPM (S.D. Ill. filed Oct. 4, 2002), which judgment subsequently was affirmed by the Seventh Circuit Court of Appeals, see Santiago v. **Snyder**, 211 Fed. Appx. 478 (7th Cir.2006), is claim preclusive or issue preclusive with respect to Santiago's retaliation claim in this matter. 10...

## 6. Westefer v. Neal

United States Court of Appeals, Seventh Circuit. | June 06, 2012 | 682 F.3d 679 | 2012 WL 2017967

WESTLAW © 2026 Thomson Reuters. No claim to original U.S. Government Works.

CIVIL RIGHTS - Prisons. Scope and specificity of an injunction exceeded that required to remedy a due-process violation, in violation of the PLRA.

**Synopsis**
**Background:** Past and present inmates in the custody of the Illinois Department of Corrections (IDOC), who had been incarcerated in a supermax prison, brought a 1983 action against IDOC officials and employees, alleging that defendants violated their right to procedural due process by employing unconstitutionally inadequate procedures when assigning inmates to the supermax prison, and seeking injunctive and declaratory relief. The United States District Court for the Southern District of Illinois, G. Patrick Murphy, J., 725 F.Supp.2d 735, entered injunctive relief, and defendants appealed.
**[Holding:]** The Court of Appeals, Sykes, Circuit Judge, held that the scope and specificity of the district court's injunction exceeded what was required to remedy a due-process violation, contrary to the terms of the Prison Litigation Reform Act (PLRA).
Vacated and remanded with instructions.

... **Westefer** v. **Snyder**, 422 F.3d 570, 576–85 (7th Cir.2005)....
... **Westefer** v. **Snyder**, 422 F.3d 570, 585–90 (7th Cir.2005)....
... **Westefer**, 422 F.3d at 589–90....

## 7. Westefer v. Snyder

United States District Court, S.D. Illinois.   |   January 01, 2011   |   Not Reported in F.Supp.2d   |   2011 WL 9135

This matter is before the Court on the "Objection to the Memorandum and Order of Judge G. Patrick Murphy" brought by Milton Smith, construed by the Court as a motion to intervene (Doc. 596). Smith is a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of sixty...

...Although it appears from the docket of the **Westefer** case that the Court construed Smith's notice of voluntary dismissal as a motion for voluntary dismissal, in fact at the time Smith dismissed his claims in **Westefer** he had the right to do so by notice, as neither an answer nor a motion for summary judgment yet had been filed in **Westefer**....

...On October 12, 2000, Smith filed a notice of voluntary dismissal of his claims in **Westefer** without prejudice. 1...

...Simply put, Smith has no claims to reinstate in **Westefer**; those claims are dead, killed by the judgment on the merits in Case No. 07–340–MJR. 2...

## 8. Westefer v. Snyder

United States District Court, S.D. Illinois.   |   November 24, 2009   |   Not Reported in F.Supp.2d   |   2009 WL 4068018

This matter is before the Court on the motion in limine brought by Defendants Donald **Snyder**, Odie Washington, Michael V. Neal, George DeTella, Michael O'Leary, Thomas Page, Dwayne Clark, Rodney Ahitow, and Jerry Gilmore (Doc. 464). In this case Plaintiff Mark Von Perbandt alleges that, while he was an inmate in the custody of the Illinois...

...See **Westefer** v. **Snyder**, 422 F.3d 570, 584 n. 21 (7th Cir.2005); David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir.2003)....

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT C

List of 20 results for westefer v. snyder

...See **Westefer** v. **Snyder**, Civil Nos. 00–162–GPM, 00–708–GPM, 2009 WL 3672500, at *1 (S.D.Ill. Oct.30, 2009) ( "[W]here the inadmissibility of evidence is not clear before trial, the better practice is to address questions of the admissibility of the subject evidence at trial.”...

...**Westefer** v. **Snyder**...

## 9. Westefer v. Snyder

United States District Court, S.D. Illinois.  |  October 30, 2009  |  Not Reported in F.Supp.2d  |  2009 WL 3672500

This matter is before the Court on the motion in limine brought by Defendants Donald **Snyder**, Odie Washington, Michael V. Neal, George DeTella, Michael O'Leary, Thomas Page, Dwayne Clark, Rodney Ahitow, and Jerry Gilmore (Doc. 398). In the motion Defendants seek to exclude in limine various categories of evidence that may be offered at trial on the...

...The second category of evidence sought to be excluded in limine by Defendants is evidence of the criminal conviction of Defendant **Snyder** if **Snyder** does not testify at trial....

...If **Snyder** testifies at trial, the Court will conduct at that time such analysis of the admissibility of evidence of **Snyder's** conviction as may be required under Rule 609 of the Federal Rules of Evidence....

...Defendants' requests to exclude evidence in limine are GRANTED with respect to: evidence not disclosed by Plaintiffs in responses to contention interrogatories; evidence of the criminal conviction of Defendant **Snyder** if **Snyder** does not testify at trial; evidence of the manner in which the IDOC dealt with members of prison gangs before the opening of Tamms; and evidence and argument challenging the validity of disciplinary tickets issued to Plaintiffs and listed in Plaintiffs' transfer packets at the time decisions were taken to transfer Plaintiffs to Tamms....

## 10. Torres v. Brookman

United States Court of Appeals, Seventh Circuit.  |  October 17, 2025  |  155 F.4th 952  |  2025 WL 2944783

CIVIL RIGHTS — Prisons. Officials' refusal to permit prisoner to call witnesses at hearing at which he faced disciplinary segregation did not violate due process.

**Synopsis**
**Background:** State prisoner brought action against prison officials, alleging his due process rights were violated in disciplinary hearing. The United States District Court for the Southern District of Illinois, Stephen P. McGlynn, J., 2022 WL 4250085, granted officials' motion for summary judgment, and prisoner appealed.
**[Holding:]** The Court of Appeals, Kolar, Circuit Judge, held that officials' refusal to permit prisoner to call witnesses at disciplinary hearing at which he faced disciplinary segregation did not violate due process. Affirmed.

...We looked to Wilkinson in **Westefer** v. **Snyder**, 422 F.3d 570 (7th Cir. 2005) ( **Westefer** I), when we addressed whether Illinois prisoners transferred to the Tamms Correctional Center, a supermax prison, could bring a due process claim....

...Wilkinson, however, like our follow-on decision in **Westefer**, both had to do with prison transfer-placement decisions rather than the imposition of disciplinary punishment....

...After remand, and a trial judgment in favor of the **Westefer** plaintiffs, we vacated the district court's injunctive relief requiring certain procedural safeguards....

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

## 11. Wilkinson v. Austin

Supreme Court of the United States | June 13, 2005 | 545 U.S. 209 | 125 S.Ct. 2384

> CRIMINAL JUSTICE - Prisons. State's procedures for placement of inmate in supermax prison were adequate under the Due Process Clause.

**Synopsis**
**Background:** Current and former inmates housed at state supermax prison brought class action against prison officials under 1983, alleging that state's policy governing placement in the supermax prison did not afford procedural due process in violation of the Fourteenth Amendment. The United States District Court for the Northern District of Ohio, 189 F.Supp.2d 719, ruled that the policy denied due process, and ordered modifications, 204 F.Supp.2d 1024. Prison officials appealed. The Court of Appeals for the Sixth Circuit, 372 F.3d 346, affirmed in part, reversed in part and remanded. Prison officials applied for certiorari which was granted.
**Holdings:** The Supreme Court, Justice Kennedy, held that:
[1] inmates had a liberty interest protected by the Fourteenth Amendment's Due Process Clause in avoiding assignment to state's supermax prison, and
[2] state's informal, nonadversary procedures for placement of inmate in supermax prison were adequate to safeguard inmate's liberty interest in not being assigned to supermax facility.
Affirmed in part, reversed in part and remanded.

## 12. Westefer v. Snyder

United States District Court, S.D. Illinois. | September 12, 2006 | Not Reported in Fed. Supp. | 2006 WL 2639972

> This matter is before the Court on the motion for class certification brought by Plaintiffs Robert **Westefer**, Mark Von Perbandt, Alejandro Villazana, Armando Tinajero, Corey Taylor, Michael Sparling, Joe Sorrentino, Anibal Santiago, Tyshawn Ross, Edward Rodriguez, Vincente Rodriguez, Vincent Reyna, Alex Muller, William Lasley, Ted Knox, Michael...

...Plaintiffs' operative complaint (Doc. 144) reflects that Plaintiffs Robert **Westefer**, Armando Tinajero, Michael Sparling, Tyshawn Ross, William Lasley, Eugene Horton, Larry Gambrell, Larry Foutch, Robert Felton, Laverne Clayton, Gary Clark, Roosevelt Burrell, Finner Bryant, and Aryules Bivens have been transferred out of Tamms since this action originally was filed....

...Moreover, the Court discerns nothing in the record to suggest that Plaintiffs **Westefer**, Von Perbandt, Villazana, Tinajero, Sparling, Sorrentino, Santiago, Ross, Rodriguez, Rodriguez, Reyna, Muller, Lasley, Knox, Johnson, Horton, Harper, Hall, Gill, Gambrell, Foutch, Felton, Combs, Coleman, Clayton, Clark, Chapman, Burrell, Bryant, Brown, and Bivens are not members of the class with the same interest as any other class member in seeking relief for the constitutional injuries alleged in the complaint....

...If Defendants are suggesting that conditions at Tamms may become less restrictive in the future, the Court finds this unlikely—as Plaintiffs allege, Tamms is designed to be highly punitive, in order to discourage inmates at other IDOC prisons from committing acts likely to cause them to be sent there, see **Westefer**, 422 F.3d at 589 —and, in any event, it is well settled that a voluntary cessation of complained-of conduct generally does not moot a lawsuit....

## 13. Sandin v. Conner

Supreme Court of the United States | June 19, 1995 | 515 U.S. 472 | 115 S.Ct. 2293

WESTLAW © 2026 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT C

> Prisons. Prisoner did not have due process liberty interest in remaining free from disciplinary segregation.

**Synopsis**
Prisoner brought civil rights action against prison officials and state of Hawaii, challenging imposition of disciplinary segregation for misconduct. The United States District Court for the District of Hawaii, Alan Cooke Kay, Chief Judge, granted state's motion for summary judgment, and prisoner appealed. The Court of Appeals for the Ninth Circuit reversed, concluding that prisoner had liberty interest in remaining free of disciplinary segregation and that there was disputed question of fact as to whether he had received all process due, 15 F.3d 1463, and certiorari was granted. The Supreme Court, Chief Justice Rehnquist, held that: (1) due process liberty interests created by prison regulations will be generally limited to freedom from restraint which, while not exceeding sentence in such unexpected manner as to give rise to protection by due process clause of its own force, nonetheless imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life; (2) prisoner's discipline in segregated confinement did not exceed similar, but totally discretionary confinement in either duration or degree of restriction, and thus did not implicate due process liberty interest; and (3) state's action in placing prisoner in segregated confinement for 30 days as discipline did not inevitably affect duration of his sentence under Hawaii law, so as to implicate due process liberty interest.
Reversed.
Justice Ginsburg filed dissenting opinion in which Justice Stevens joined.
Justice Breyer filed dissenting opinion in which Justice Souter joined.

---

### 14. Cunningham v. Snyder

United States District Court, S.D. Illinois.   |   September 19, 2006   |   472 F.Supp.2d 1023   |   2006 WL 4020644

> CIVIL RIGHTS - Immunity. An inmate did not have a clearly established liberty interest in avoiding confinement at a maximum security facility.

**Synopsis**
**Background:** State prison inmate brought 1983 action against correctional officials and employees, challenging his assignment to closed maximum security correctional facility. Defendants moved for dismissal of claim for damages.
**[Holding:]** The District Court, Murphy, Chief Judge, held that defendants were entitled to qualified immunity.
Motion granted.

... Thereafter, Judge Gilbert ordered this case consolidated with a case pending on the docket of the undersigned District Judge, **Westefer** v. **Snyder**, Civil No. 00–162–GPM (S.D. Ill. filed Mar. 7, 2000), and reassigned this case to the docket of the undersigned....

... Although, as discussed, **Westefer** has been brought as a class action, only declaratory and injunctive relief, not damages, are sought as to the class claim in that case, but it appears from the operative complaint in **Westefer** that the named plaintiffs individually seek damages on their due process claims....

... With that caveat, however, the Court makes no determination at this time as to the issue of qualified immunity in **Westefer**....

---

### 15. Westefer v. Snyder

United States District Court, S.D. Illinois.   |   December 20, 2006   |   472 F.Supp.2d 1034   |   2006 WL 4018576

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

> LITIGATION - Discovery. Plaintiffs were not entitled to a summary of information presented during in camera review of allegedly privileged documents.

**Synopsis**
**Background:** Past and present inmates at maximum security unit of state correctional center brought civil rights action under 1983 against past and present officers and employees of the Illinois Department of Corrections (IDOC), alleging that they were transferred to the correctional center in retaliation for exercising their First Amendment right to file grievances and lawsuits about the conditions of their confinement. Inmates objected to magistrate judge's order denying their motion to compel defendants to provide court with disc of information revealed during in camera review of allegedly privileged documents supporting the designation of inmates as prison gang members.
**[Holding:]** The District Court, Murphy, Chief Judge, held that inmates' counsel was not entitled to a summary of information presented during in camera review.
Affirmed.

...IDOC contends that Plaintiffs Bivens, Brown, Bryant, Clark, Coleman, Foutch, Gambrell, Gill, Hall, Horton, Johnson, Knox, Lasley, Muller, Reyna, Edward Rodriguez, Ross, Sorrentino, Sparling, Tinajero, Villazana, **Westefer**, and Von Perbandt have been assigned to Tamms because they are members of "security threat groups," which is to say, prison gangs....

...**Westefer** v. **Snyder**...

...Defendants Donald **Snyder**, Odie Washington, Michael V. Neal, George DeTella, Michael O'Leary, Dwayne Clark, Jerry Gilmore, Lamark Carter, Rodney Ahitow, Roger Cowan, Thomas Page, Roger Walker, Salvador Godinez, Guy Pierce, Barbara Hurt, Rick Orr, Ronald Meek, Jason Garnett, Deirdre Battaglia, Eddie Jones, Don Hulick, and Roger Zimmerman are past or present officers and employees of the Illinois Department of Corrections ("IDOC")....

## 16. Westefer v. Snyder

United States District Court, S.D. Illinois.  |  January 15, 2010  |  Not Reported in F.Supp.2d  |  2010 WL 235003

> This matter is before the Court on a motion for partial summary judgment brought by Plaintiffs Mark Von Perbandt, Michael Sparling, Joseph Sorrentino, Vincente Rodriguez, Edward Rodriguez, William Lasley, Ted Knox, Eugene Horton, George Harper, Robert Felton, Kennard Combs, Mary Chapman as administrator of the estate of Marcus Chapman, and...

...See **Westefer** v. **Snyder**, Civil Nos. 00–162–GPM, 00–708–GPM, 2009 WL 2905548 (S.D.Ill. Sept. 4, 2009); **Westefer** v. **Snyder**, Civil Nos. 00–162–GPM, 00–708–GPM, 2006 WL 2639972 (S.D.Ill. Sept. 12, 2006)....

...Also, because the Court concludes that no administrative remedy is available to challenge placement at Tamms, it is unnecessary for the Court to determine whether the decision of the Seventh Circuit Court of Appeals in **Westefer** is the law of the case as to the issue of exhaustion of administrative remedies by Horton and Felton....

...See also **Westefer** v. **Snyder**, 422 F.3d 570, 579 (7th Cir.2005); Moro v. Winsor, No. 05–cv–452–JPG, 2008 WL 718687, at *4 (S.D.Ill. Mar.14, 2008)....

## 17. Westefer v. Snyder

United States District Court, S.D. Illinois.  |  February 25, 2011  |  Not Reported in F.Supp.2d  |  2011 WL 766188

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

This matter is before the Court on the following documents: the "Affidavit" filed by Maurice Wallace, construed by the Court as a motion to intervene (Doc. 601); Wallace's motion for a temporary restraining order ("TRO") (Doc. 602); the motion to strike Wallace's motion to intervene brought by Defendants Donald **Snyder**, Odie Washington, Michael V....

...See, e.g., **Westefer** v. **Snyder**, 725 F.Supp.2d 735 (S.D.Ill.2010); **Westefer** v. **Snyder**, Civil Nos. 00–162–GPM, 00–708–GPM, 2009 WL 2905548 (S.D.Ill. Sept. 4, 2009)....

...This matter is before the Court on the following documents: the "Affidavit" filed by Maurice Wallace, construed by the Court as a motion to intervene (Doc. 601); Wallace's motion for a temporary restraining order ("TRO") (Doc. 602); the motion to strike Wallace's motion to intervene brought by Defendants Donald **Snyder**, Odie Washington, Michael V. Neal, George DeTella, Michael O'Leary, Thomas Page, Dwayne Clark, Roger Cowan, Rodney Ahitow, Roger Walker, Roger Zimmerman, Don Hulick, Deidre Battaglia, and Eddie Jones (Doc. 603); and the motion to strike Wallace's motion for a TRO brought by Defendants (Doc. 607)....

...See **Westefer** v. **Snyder**, Civil Nos. 00–162–GPM, 00–708–GPM, 2011 WL 9135, at ——1–2 (S.D.Ill. Jan.1, 2011) (refusing to permit a prisoner litigant with three "strikes" under Section 1915(g) to evade the "three-strikes" rule by pursuing struck-out claims as an intervenor in this case); In re Profiler Prods....

## 18. Westefer v. Snyder

United States District Court, S.D. Illinois.  |  December 20, 2006  |  Not Reported in F.Supp.2d  |  2006 WL 5240411

This matter is before the Court on the "Motion to Withdraw from Further Representation of Corey Taylor" brought by Plaintiff Corey Taylor's attorney, Alan S. Mills (Doc. 136). For the following reasons, the motion is GRANTED. Mr. Taylor, who, according to the allegations of the operative complaint in this case, currently is an inmate of the closed...

...See **Westefer**, 2006 WL 2639972, at * *6-7, *11 n. 4. Although Mr. Taylor is free to pursue his claims under 42 U.S.C. § 1983 either by way of this action or a separate action, he remains a member of the certified class and will be bound by any judgment that is entered in this case with respect to the claims of the class....

...See **Westefer** v. **Snyder**, Civil Nos. 00-162-GPM, 00-708-GPM, 2006 WL 2639972, at * 1, * 12 (S.D.Ill. Sept. 12, 2006)....

...**Westefer** v. **Snyder**...

## 19. Westefer v. Snyder

United States District Court, S.D. Illinois.  |  October 12, 2010  |  Not Reported in F.Supp.2d  |  2010 WL 4000599

This matter is before the Court on a motion for a stay of the judgment in this case brought by Defendants Donald **Snyder**, Odie Washington, Michael v. Neal, George DeTella, Michael O'Leary, Dwayne Clark, Jerry Gilmore, Rodney Ahitow, Roger Cowan, Thomas Page, Roger Walker, Salvador Godinez, Guy Pierce, Barbara Hurt, Rick Orr, Ronald Meek, Jason...

...See **Westefer** v. **Snyder**, No. CIV 00–162–GPM, CIV 00–708–GPM, 2010 WL 2836800, at *29 (S.D.Ill. July 20, 2010)....

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

...); **Westefer**, 2010 WL 2836800, at ——5–18 (quoting **Westefer**, 422 F.3d at 589) (making detailed findings of fact with respect to conditions of confinement in the supermax prison at Tamms and concluding that long-term confinement there amounts to "virtual sensory deprivation")....

...Whatever may happen in this case on appeal, there is simply no way that matters are going to return to the status quo that prevailed before the decisions of the Supreme Court of the United States and the Seventh Circuit Court of Appeals in, respectively, Wilkinson v. Austin, 545 U.S. 209, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005), and **Westefer** v. **Snyder**, 422 F.3d 570 (7th Cir.2005)....

### 20. Westefer v. Snyder

United States District Court, S.D. Illinois.   |   January 09, 2008   |   Not Reported in F.Supp.2d   |   2008 WL 131166

> This matter is before the Court on the motion for appointment of counsel brought by Plaintiff Corey A. Taylor in the above-captioned cause (Doc. 177). Taylor, who is an inmate at the closed maximum security facility at Tamms Correctional Center ("Tamms") in Tamms, Illinois, requests that the Court appoint counsel to represent him with respect to...

...See **Westefer** v. **Snyder**, Civil Nos. 00-162-GPM, 00-708-GPM, 2006 WL 2639972, at *11-*12 (S.D.Ill. Sept. 12, 2006)....

...**Westefer** v. **Snyder**...

...Donald **SNYDER**, et al., Defendants....

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.