IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JEANETTE BRAUN, & BRAUN IP LAW, LLC | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 23 C 16856 |
| v. | ) ) | Hon. J. Mary Rowland |
| REBEKAH M. DAY NEE BOXX, & LILY MARSTON, | ) ) ) | Mag. J. M. David Weisman |
| Defendants. | ) ) | |

## JOINT STATUS REPORT

Pursuant to this Court's May 7, 2026 Order [Dkt. # 148], Defendants Rebekah M. Day and Lily Marston (together, the "Defendants") and Plaintiffs Jeanette Braun and Braun IP Law, LLC (together, "Braun") hereby submit the following joint report on the status of need for the Protective Order prior to the settlement conference scheduled for July 7, 2026.

## I.    PLAINTIFFS' POSITION.

Plaintiffs respectfully submit that a protective order is necessary at this juncture. Plaintiffs have already produced sensitive damages-related materials, such as trade secret supplier names and mental health professional information and designated them CONFIDENTIAL-AEO in good-faith compliance with the Court's April 30, 2026, Order directing production of damages information. Plaintiffs did so in reliance on the Court's indication that a protective order would be entered to safeguard sensitive discovery. Entry of the protective order is necessary to preserve the confidentiality of information already produced, to govern any further exchange of sensitive materials (witness names), and to permit meaningful settlement discussions without unnecessary risk of dissemination or misuse.  Plaintiffs dispute Defendants' Position that AEO isn't warranted.

1

## II.  DEFENDANTS' POSITION.

Defendants advised Plaintiffs that judicial resolution of the AEO was unnecessary at this time given the upcoming settlement conference and that the parties' resources would be better directed there. Plaintiffs insisted on proceeding notwithstanding. Specifically, Plaintiffs' Court-ordered Damages Itemization [*see* Dkt. 140] served on Defendants on 5/7/26 (*but not filed with this Court*) clearly demonstrates that Plaintiffs have no info/documents that would qualify for an AEO designation. Plaintiff Braun saw no physician, completed no treatment, and received no diagnosis in connection with her alleged emotional distress, nor did Plaintiffs retain any third party vendor or spend any money to address alleged reputational harm (instead the Itemization offers unexplained flat figures, *e.g.*, $75,000 for humiliation, $100,000 for anxiety, $50,000 for sleep disruption & $3.35m for reputational repair). Thus, Plaintiffs' claim that they will be producing "sensitive materials" that warrant an AEO designation under Seventh Circuit authority is contradicted by the specifics in their Damages Itemization.

May 11, 2026

Respectfully submitted,

/s/Jeanette M. Braun
Attorney for Plaintiffs

Jeanette M. Braun [pro hac vice]
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
(312) 373-0330
docket@brauniplaw.com

s/Brandon J. Witkow
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
Cory A. Baskin
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

3

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Jeanette M. Braun
Braun IP Law, LLC
1600 W. Lake Street
Suite 103B
Addison, IL 60101
docket@brauniplaw.com

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW│BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com

Dated: May 11, 2026                    /s/ Jeanette M. Braun

3