**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| JEANETTE BRAUN, & | ) | |
| BRAUN IP LAW, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, & | ) | Mag. J. M. David Weisman |
| LILY MARSTON, | ) | |
| Defendants. | ) | |

**PLAINTIFF AND COUNSEL OF RECORD JEANETTE M. BRAUN'S**
**RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST FOR ORAL HEARING**

Plaintiff Jeanette Braun, who is also counsel of record for Plaintiffs, respectfully submits this response to the Court's Order to Show Cause [Dkt.140]. The Court directed Ms. Braun to provide true and accurate copies of certain cited authorities or, if unable to do so by May 8, 2026, to submit a sworn Declaration explaining how the motion was generated, how she came to locate the cited authorities, and which portions of filings [135] and [136] were AI-generated by May 18, 2026.

Ms. Braun respectfully submits that sanctions are not warranted because the errors were inadvertent citation errors, not fabricated or hallucinated authorities, not AI-generated citations, and not the product of bad faith or an intent to mislead. However, the authorities do not exist in the form cited in filing [135]. Ms. Braun cannot provide copies matching the erroneous citation string. Ms. Braun intended to cite the real docket orders attached as Exhibits A, B, and C, to her Declaration but failed to verify the final citation strings before filing. Ms. Braun respectfully requests an oral hearing and the opportunity to be heard if this Court is inclined to impose sanctions.

Ms. Braun recognizes the seriousness of the Court's concerns. The citations identified in

1

the Order should not have been filed in an incorrect form. Ms. Braun accepts responsibility for failing to verify the final citation information before filing, apologizes to the Court for the errors, and submits the accompanying Declaration to correct the record and explain the circumstances. Ms. Braun was unable to provide true and accurate copies of the authorities exactly as cited in filing [135] by May 8, 2026, because the citations contained errors in Westlaw citation information, docket information, court identification, or date information. The citations were intended to refer to real docket orders, copies of which are submitted as Exhibits A, B, and C to the accompanying Declaration:

> **Exhibit A:** *U.S. Equal Employment Opportunity Commission v. Autozone, Inc.*, No. 14 CV 3385, Dkt. 100 (N.D. Ill. Dec. 14, 2016).
>
> **Exhibit B:** *Westefer v. Snyder*, Civil No. 00-162-GPM, consolidated with Civil No. 00-708-GPM, Dkt. 237 (S.D. Ill. Mar. 31, 2009).
>
> **Exhibit C:** *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, No. 15 C 10340, Dkt. 166 (N.D. Ill. Nov. 29, 2017, entered nunc pro tunc Sept. 12, 2017).

**I.      The citations were incorrect, but the errors were not fabricated or hallucinated authority.**

Ms. Braun does not ask the Court to rely on the incorrect citation strings and does not defend them as accurate. As explained in the accompanying Declaration, the errors occurred during the process of compiling and transcribing citation information from docket orders and research notes. The cases Ms. Braun intended to cite are real docket orders, but the citations in the filing did not accurately identify those orders.  The citations were not generated by an AI tool. The citations were typed by Ms. Braun from her own research materials, but she failed to perform a final verification of the citation strings before filing.

The cases can be found by searching the case name in a legal database such as Westlaw.

Ms. Braun submitted copies of the search results for each of *EEOC v. Autozone, Inc., BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.,* and *Westefer v. Snyder* as Exhibit C to [Dkt. 147]. The search results show the case names appear in the legal database.

The authorities were cited as supplemental information. The Motions' principal legal bases were the Federal Rules of Civil Procedure, including Rules 34, 36, and 37, and the discovery record. Ms. Braun recognizes, however, that every authority cited to the Court must be accurate, even where the authority is supplemental and not material.

## II.      Sanctions are not warranted under Rule 11(b)(2).

Ms. Braun understands that Rule 11 requires counsel to conduct a reasonable inquiry before presenting legal contentions to the Court. She also recognizes that citation accuracy is part of that obligation. Filings [135] and [136] were Motions to Compel under Rules 26 through 37, and Rule 11(d) is relevant to the Court's Rule 11 analysis because Filings and were discovery motions under Rules 26 through 37. At the same time, Ms. Braun recognizes that Rule 11(d) does not excuse inaccurate citations or other filing errors, and the Court's Order to Show Cause extends beyond the motion type to the accuracy of the authorities cited. Ms. Braun recognizes, however, that the Court has also identified § 1927 and inherent authority, and she addresses those bases below.

Ms. Braun submits that the record does not show that Ms. Braun fabricated or AI hallucinated authority, knowingly cited nonexistent cases, relied on AI-generated citations or AI hallucinated cases, or intended to mislead the Court or any party. The legal contentions in Plaintiffs' Motions to Compel were based on the Federal Rules of Civil Procedure and the discovery record. The issue identified by the Court concerns inaccurate citation information for supplemental authorities, not an argument knowingly advanced without legal support.

Ms. Braun acknowledges that the citations should have been verified before filing. Upon

3

reviewing the Court's Order, she properly prepared citations to the orders she intended to cite, prepared exhibit copies, disclosed her drafting process, and implemented additional citation-verification procedures.

Ms. Braun respectfully submits that these circumstances do not warrant sanctions under Rule 11(b)(2). In the alternative, if the Court concludes that the citation errors require a sanction, Ms. Braun respectfully requests that the Court find the correction of the record herein, this sworn explanation, and the remedial measures described below sufficient for any deterrent purpose.

**III.    Sanctions are not warranted under 28 U.S.C. § 1927.**

Section 1927 authorizes sanctions only when an attorney "so multiplies the proceedings in any case unreasonably and vexatiously" that excess fees or costs are incurred. 28 U.S.C. § 1927. The Seventh Circuit has explained that "vexatiously" requires bad faith, whether subjective or objective, and that simple negligence is insufficient. *Vega v. Chi. Bd. of Educ.*, 109 F.4th 948, 956 (7th Cir. 2024); *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016).

Measured by that standard, § 1927 sanctions are not warranted here. Ms. Braun acknowledges that the citations identified in the Court's Order were erroneous and should not have appeared in the filed submission. The record does not indicate that she intended to mislead the Court, knowingly relied on nonexistent authority, or acted with the type of bad faith required for sanctions. As explained in her Declaration, the errors resulted from citation-verification and transcription mistakes. Ms. Braun has since identified the errors, provided the authorities she intended to cite, and taken steps to improve her verification process. Those circumstances do not support a finding that she unreasonably and vexatiously multiplied the proceedings. See *Vega*, 109 F.4th at 956; *Boyer*, 824 F.3d at 708. Ms. Braun therefore respectfully requests that the Court discharge the Rule to Show Cause as to § 1927.

**IV.    Sanctions are not warranted under the Court's inherent authority.**

4

Ms. Braun understands that the Court has inherent authority to address conduct that abuses the judicial process. She respectfully submits that the record does not reflect bad faith, willful misconduct, or an intent to mislead. The citation errors resulted from Ms. Braun's failure to verify final citation information before filing to correct any errors. That failure was a mistake, and Ms. Braun accepts responsibility for it. The errors were not the result of fabricated or AI hallucinated cases, AI-generated legal authorities, or a deliberate effort to misstate the law. Searching a legal database for the case names does produce cases with those names. [Dkt. 147, Ex. C].

Ms. Braun has corrected the record through this Response, identified the authorities she intended to cite, disclosed her AI-assisted editorial process, and implemented citation-verification procedures for future filings. She respectfully submits that these circumstances do not warrant sanctions under the Court's inherent authority.

Federal courts possess inherent authority to address litigation misconduct, but that authority should be exercised with restraint. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). In the Seventh Circuit, inherent-authority sanctions require a finding of bad faith or willful abuse of the judicial process. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776–77 (7th Cir. 2016). The record here does not support that level of culpability. Searching the case names does produce search results in a legal database. Ms. Braun has accepted responsibility for the citation errors, explained how they occurred, and taken corrective steps. Ms. Braun respectfully submits the record reflects inadvertence or negligence, which is not enough to support sanctions under the Court's inherent authority. See *Ramirez*, 845 F.3d at 776–77. Ms. Braun therefore respectfully requests that the Court discharge the Rule to Show Cause as to the Court's inherent authority.

## V.     The AI-assisted portions of filings [135] and [136] are identified.

Ms. Braun did not use AI to conduct legal research, locate cases, generate case citations, or create legal authorities for filings [135] or [136]. Her use of AI was limited to editorial assistance

with text she had already drafted. Specifically, Ms. Braun used AI tools to review drafted language for clarity, tone, organization, professionalism, and avoidance of overstatement of legal authorities. At times, she also asked the AI tool to identify whether drafted language appeared conclusory, emotional, overstated, or insufficiently tied to the facts as she had written them. Ms. Braun reviewed the suggested revisions and decided whether to accept, reject, or modify them.

Ms. Braun's process of using the AI tool was paragraph-by-paragraph and iterative. The following portions of [Dkt. 135 and 136] were AI-assisted, and as AI-generated to the extent AI-suggested different wording than Ms. Braun pasted into the prompt box and adopted after her review and editing:

1. Filing [135], Plaintiffs' [Motion to Compel Directed to Defendant Rebekah M. Day], Argument section, pages 3–7.

2. Filing [136], Plaintiffs' [Motion to Compel Directed to Defendant Lily Marston], Argument section, pages 3–6.

No entire Motion was initially drafted by AI that then went unchecked by Ms. Braun. The final filings, including the legal arguments and case citations, were inputted by Ms. Braun before she employed an AI tool.

## VI.   Remedial measures

Ms. Braun has implemented the following procedures for future filings:

1. Each citation will be copied from the pleading being drafted and searched on Westlaw, Lexis, CourtListener, Justia, Google Scholar, Pacer, or another reliable legal source before filing.

2. For each cited authority, Ms. Braun will confirm the case name, court, docket number, date, reporter or database citation, docket-entry number, and pincite prior to filing.

3. Ms. Braun will maintain a citation-verification chart for each filing identifying the source

6

checked and the page, docket entry, or pincite supporting the cited proposition.

4.  Final briefs and motions will include a separate citation-check step before filing.

Ms. Braun has not filed corrected Motions to Compel or a Notice of Errata while this Order to Show Cause remains pending because she did not want to add unnecessary filings before responding to the Court's Order. If the Court would find it useful, Ms. Braun respectfully requests leave to file a short notice of errata identifying the corrected citations and to submit corrected versions of the motions limited to citation corrections.

## VII.    Conclusion and Request for Oral Hearing

Ms. Braun accepts responsibility for the citation errors and apologizes to the Court for the additional time and attention required to address them. The citations should have been verified before filing, and Ms. Braun has implemented procedures to prevent recurrence. For the reasons stated above and in the accompanying Declaration, Ms. Braun respectfully requests that the Court discharge the Order to Show Cause and decline to impose sanctions under Rule 11(b)(2), 28 U.S.C. § 1927, or the Court's inherent authority.

In the alternative, If the Court is inclined to impose sanctions, Ms. Braun respectfully requests an opportunity to be heard through an oral hearing before any sanctions determination is entered. Ms. Braun respectfully submits that a hearing would assist the Court in evaluating the circumstances surrounding the citation errors, Ms. Braun's research and drafting process, the nature and scope of the AI-assisted editorial review described in the accompanying Declaration, and the absence of bad faith or intent to mislead. Ms. Braun therefore respectfully requests that the Court set the matter for hearing prior to the imposition of any sanctions.

*[signature on following page]*

7

Respectfully submitted,

May 11, 2026

*s/Jeanette M. Braun*
Attorney for Plaintiffs

Jeanette M. Braun [pro hac vice]
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
(312) 373-0330
docket@brauniplaw.com

*Attorneys for Plaintiffs*

8

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Amy M. Doig

COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW│BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com


Dated: May 11, 2026                    /s/ Jeanette M. Braun