**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| JEANETTE BRAUN,& | ) | |
| BRAUN IP LAW, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, & | ) | Mag. J. M. David Weisman |
| LILY MARSTON, | ) | |
| Defendants. | ) | |

**SWORN DECLARATION OF JEANETTE M. BRAUN**

I, Jeanette M. Braun, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I submit this declaration in response to the Court's Order to Show Cause [Dkt. 140].

2.      I am a plaintiff in this action and counsel of record for Plaintiffs. I authored and filed Plaintiffs' submissions identified as [135] and [136].

3.      The Court directed me to provide true and accurate copies of certain cited authorities or, if unable to do so, to submit a sworn declaration explaining how the motion was generated, how I came to locate the authorities, and which portions of filings [135] and [136] were AI-generated.

4.      I recognize the seriousness of the Court's concerns. I accept responsibility for failing to verify the final citation information and correct any errors before filing, and I apologize to the Court for the errors and for the additional time required to address them.

**A.      How filings [135] and [136] were prepared**

5.      I prepared filings [135] and [136] myself by creating an initial draft in Microsoft Word.

6.      I prepared the Motions by reviewing the discovery requests, the discovery

1

responses, the meet-and-confer correspondence, the Federal Rules of Civil Procedure, and my research regarding discovery standards applicable to Motions to Compel, including Rules 34, 35, and 37.

7. I drafted each section based on my understanding of the discovery record and the relief Plaintiffs were requesting.

8. I conducted the legal research for filings [135] and [136] myself using publicly available legal-research platforms and sources, including CourtListener, Justia, FindLaw, Google Scholar, Casemine, and Casetext.

9. I did not use any AI tool to conduct legal research for filings [135] or [136].

10. I did not use any AI tool to locate legal authorities, generate citations, or conduct legal research for filings [135] or [136] before those filings were submitted.

11. After the Court issued the Order to Show Cause, I reviewed public docket sources and legal databases to identify the correct citation for the docket orders I had intended to cite.

12. I did not use any AI tool to generate the case names, docket numbers, Westlaw citations, quotations, or pincites identified in the Court's Order.

13. The incorrect citations were typed by me from my research materials.

14. At the time of filing, I believed I had completed adding in the proper case citations in the Motions the citations corresponded to the authorities I had located. That belief was mistaken.

15. After reviewing the Court's Order, I determined that I cannot provide copies matching the erroneous citation string in filing [135] because the citations contained errors in Westlaw citation information, docket information, court identification, or date information.

16. The errors resulted from my mistakes in compiling and transcribing citation information and from my failure to verify the final citation strings before filing.

17. I did not knowingly cite nonexistent authority.

18. I did not fabricate legal authority, and I did not knowingly cite authority that I understood to be non-existent or AI-generated.

19. I did not intend to mislead the Court or any party.

**B. The authorities I intended to cite**

19. The authorities I intended to cite are real docket orders, but the final citations in filing [135] did not accurately identify them.

20. The actual authorities I located and intended to cite are attached as Exhibits A, B, and C.

Exhibit A is *U.S. Equal Employment Opportunity Commission v. Autozone, Inc.*, No. 14 CV 3385, Dkt. 100 (N.D. Ill. Dec. 14, 2016).

Exhibit B is *Westefer v. Snyder*, Civil No. 00-162-GPM, consolidated with Civil No. 00-708-GPM, Dkt. 237 (S.D. Ill. Mar. 31, 2009). I understand that this order may also appear on public docket sources under the caption *Von Perbandt, et al. v. Snyder, et al.*, but the order itself identifies Robert Westefer, et al. as plaintiffs.

Exhibit C is *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, No. 15 C 10340, Dkt. 166 (N.D. Ill. Nov. 29, 2017, entered nunc pro tunc Sept. 12, 2017).

21. Typically, when searching for case law, I search by keywords that describe issue, and I limit the search to the district of the court that I am filing in. If I do not find case law from that district, I expand the search to the circuit, and then expand to all circuits if I still have not found case law that is meaningful to the arguments I want to make.

22. For the Motions to compel, my best recollection is that I used keywords such as "compel," "boilerplate," "general objections," "vague," "reasonable inquiry," "possession," "custody," "discovery," "required to produce." "duty to obtain," and "obligation to produce," "Rule 34," "Rule 36," and "Rule 37," and combinations thereof.

3

23. With respect to *U.S. EEOC v. Autozone, Inc.*, my best recollection is that I located the order while researching discovery rulings, including rulings by Judge Rowland, addressing incomplete discovery responses, inconsistencies between discovery responses and deposition testimony, and circumstances in which additional targeted discovery may be permitted.

24. I intended to cite *EEOC v. Autozone, Inc.*, No. 14 CV 3385, Dkt. 100 (N.D. Ill. Dec. 14, 2016). The case name was correct but the citation text that appeared in filing [135] did not correspond to that order.

25. With respect to *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, my best recollection is that I located the order while researching Northern District of Illinois discovery decisions addressing Rule 34 responses, boilerplate objections, and insufficiently specific objections to requests for production.

26. I intended to cite *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, No. 15 C 10340, Dkt. 166 (N.D. Ill. Nov. 29, 2017, entered nunc pro tunc Sept. 12, 2017). The case name and docket number were substantially correct, but the Westlaw/date citation in filing [135] was incorrect.

27. With respect to *Westefer v. Snyder*, my best recollection is that I located the order while researching discovery in the 7th Circuit orders requiring parties to produce responsive materials within their possession, custody, or control.

28. I intended to cite *Westefer v. Snyder*, Civil No. 00-162-GPM, consolidated with Civil No. 00-708-GPM, Dkt. 237 (S.D. Ill. Mar. 31, 2009). The citation that appeared in filing [135] contained the correct case name but incorrectly identified the docket information, court, date, or citation information.

29. The authorities at issue were cited as supplemental material to the Federal Rules cited right before the case citations. The principal legal bases for filings [135] and [136] were the

Federal Rules of Civil Procedure and the discovery record.

30. I recognize that even supplemental authorities must be accurately cited and verified before filing.

**C. Use of AI in filings [135] and [136]**

32. I used AI tools in a limited editorial manner during the drafting process for filings [135] and [136].

33. Typically, I draft a paragraph or section myself and then input that text into an AI tool to request suggestions for clarity, organization, tone, professionalism, and avoidance of overstatement.

34. At times, I also asked the AI tool to identify whether drafted language appeared conclusory, emotional, overstated, or insufficiently tied to the facts as written.

35. I did not rely on the AI tool as a substitute for legal research, legal judgment, or citation verification.

36. I reviewed any AI-suggested language within the tool before deciding whether to use it.

37. I independently decided whether to accept, reject, or modify AI-suggested language.

38. If I decide to modify the AI-suggested language, I will paste the AI suggested paragraph into the prompt box, modify it, and run the prompt again until I decide to accept the language.

39. After reviewing and editing the language, I pasted the final language into the Word draft.

40. The process of using AI to refine the wording was paragraph-by-paragraph and iterative.

41. To comply with the Court's Order, I identify the following portions of filings [135] and [136] as AI-assisted, and as AI-generated to the extent AI-suggested wording was adopted after my review and editing:

a. Filing [135], Plaintiffs' Motion to Compel Defendant Day, Argument section, pages 3–7.

b. Filing [136], Plaintiffs' Motion to Compel Defendant Marston, Argument section, pages 3–6.

46. No AI tool supplied the citations identified in the Court's Order.

47. The final versions of filings [135] and [136] were created by me and AI assisted as an editor.

**D.     Remedial Measures**

55. I recognize that the citation errors should not have existed and that I should have verified the final citations before filing.

56. I have implemented the following citation-verification procedures for future filings:

a. I will confirm the case name, court, docket number, date, reporter or database citation, docket-entry number, and pincite for each authority.

b. I will verify citations using PACER, Westlaw, Lexis, CourtListener, Justia, Google Scholar, or another reliable legal source before filing.

c. I will maintain a citation-verification chart for each filing identifying the source checked and the page, docket entry, or pincite supporting the cited proposition.

d. I will conduct a final citation-check review before filing any document with the Court.

57. I have not filed corrected motions or a Notice of Errata while this Order to Show Cause remains pending because I did not want to add filings unnecessarily before responding to

6

the Court's Order.

58.     If the Court desires, I will file a short Notice of Errata and corrected Motions limited to citation corrections.

59.     I accept responsibility for the citation errors and apologize to the Court for the additional time required to address them.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on May 11, 2026.

*/s/ Jeanette M. Braun*
Jeanette M. Braun

7

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was filed and served

on all counsel of record noted below via the CM/ECF system of the United States District Court of

the Northern District of Illinois.


Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW │ BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com


Dated: May 11, 2026                          */s/ Jeanette M. Braun*