**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| JEANETTE BRAUN, & | ) | |
| BRAUN IP LAW, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, & | ) | Mag. J. M. David Weisman |
| LILY MARSTON, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE**
**FOURTH AMENDED COMPLAINT**

Plaintiffs Jeanette Braun and Braun IP Law, LLC, respectfully move for leave to file their

Fourth Amended Complaint to add a civil conspiracy count based on facts already pleaded in the

Third Amended Complaint and newly discovered facts obtained through discovery. In support,

Plaintiffs state as follows:

Plaintiffs seek a narrow amendment. Plaintiffs do not seek to add new defendants. Plaintiffs

do not seek to change the core factual theory of this case or the damages claims currently in place.

Plaintiffs seek leave only to plead, as a separate count, a civil conspiracy theory that has been

factually alleged in the Third Amended Complaint and is now supported by newly produced

communications. Further, Plaintiffs have removed the parties and counts that were dismissed by

the Court on March 13, 2026. [Dkt. 118]. Plaintiffs also modified the damages claims to now just

include compensatory damages for reputational repair and mitigation costs, emotional-distress

damages where recoverable, presumed damages where available, punitive damages, costs, and

such other relief as the Court deems just and proper. Granting leave to file the Fourth Amended

Complaint is anticipated to promote judicial economy and facilitate meaningful settlement

discussions because the operative pleading will present all claims and factual issues presently

1

before the parties.

This Motion is filed within the time permitted by the Court. Plaintiffs respectfully submit this Motion because the newly discovered communications provide particular facts showing an agreement and coordinated acts in furtherance of the already pleaded tortious conduct.

The Third Amended Complaint already placed Defendants on notice of the civil conspiracy facts. It alleged that Defendants Day and Marston communicated with each other about Plaintiffs Braun to make videos and podcast content. [Dkt. 76 ¶ 106]. It alleged that Marston acknowledged Day's role by publicly stating that Day provided material used to navigate "Janet's BS." [Dkt. 76 ¶ 107]. It alleged that Marston played Day's content, relied on Day's information, failed to conduct an adequate investigation, and then published statements attacking Plaintiffs Braun and Braun IP Law. Dkt. 76 ¶¶ 108 to 111. It further alleged that Day and Marston's collective efforts incited an internet mob, caused threats, caused one star reviews, caused ARDC complaints, caused loss of clients, and damaged Plaintiffs' reputations and business relationships. Dkt. 76 ¶¶ 122 to 132.

The Third Amended Complaint also expressly alleged conspiracy facts. It alleged that Defendants Day and Marston conspired with each other and third parties to spread false statements that Ms. Braun committed perjury and that the ARDC was investigating her because of multiple credible complaints. Dkt. 76 ¶ 133. It also alleged that Defendants Day and Marston conspired with third parties to create and post social media content, videos, and forums disparaging Ms. Propson, Ms. Braun, and Braun IP Law, and that they acted with the intent to damage Plaintiffs' ability to conduct business as a social media influencer and attorney. Dkt. 76 ¶ 134.

Since filing the Third Amended Complaint, Plaintiffs have obtained newly acquired communications from Defendant Marston that provide additional factual detail regarding the alleged agreement and acts in furtherance. Those communications include exchanges in which Day provided Marston materials and information, Marston acknowledged that she and Jessica Vazquez

2

had made contact with Day and had "quite a bit to look thru," Day responded that she would continue sending materials and was glad they connected, and Marston later thanked Day for the "intel" and for "breaking it all down." The communications also reference additional conspirators, such as Paige Christie, Chelsea Dean aka CC Suarez, Erika Fisk (who Plaintiffs' client Ms. Dempsey had an active Order of Protection against at that time that also protected her then 6 year old daughter from Ms. Fisk), Christin Williams, and Ian Runkle, and Plaintiffs' clients including Kaitlynn Dempsey, Bunnie XO, and others.

These newly acquired communications do not create a new lawsuit. They provide the missing level of particularity for a count arising from the same nucleus of operative facts already pleaded in the Third Amended Complaint. The proposed count is based on the same videos, statements, communications, defamatory publications, false light allegations, and trade disparagement already at issue.

Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires. The Supreme Court has explained that leave should be granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Seventh Circuit applies that liberal standard and recognizes that delay alone generally is insufficient where the opposing party cannot show undue prejudice. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). The Seventh Circuit likewise recognizes that a plaintiff should ordinarily be permitted to amend when the amendment may cure or clarify the pleading and when justice requires consideration of the claim on the merits. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).

Leave is appropriate here because Plaintiffs did not act in bad faith and did not unduly delay. Plaintiffs are requesting to add the Civil Conspiracy Count and add the newly acquired conspiracy facts as soon as they could in good faith. The newly acquired communications now

3

permit Plaintiffs to plead those facts as a separate count in good faith. Plaintiffs are filing this Motion within the deadline set by the Court.

Defendants will not be prejudiced by the amendment. The proposed count does not add new parties. It does not add a new event or a new publication unrelated to the existing claims. It does not require Defendants to defend a different case. The proposed count arises from the same communications, videos, posts, and alleged injuries already pleaded, and the evidence thereof was produced by Defendants to Plaintiffs. Defendants already have the substance and evidence of these facts in their possession.

The proposed count also will not require joinder of every other alleged participant. Plaintiffs have named the Defendants against whom they seek relief. To the extent other persons may have participated in the conspiracy, they are permissive parties rather than required parties. The Supreme Court has held that it is not necessary for all joint tortfeasors to be named in one lawsuit and that Joint tortfeasors are permissive, not required, parties under Rule 19. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990).

The proposed amendment is not futile. Under Illinois law, civil conspiracy requires an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means, and at least one tortious act in furtherance of the agreement that causes injury. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007); *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 133 (1999). The gist of the claim is not the agreement alone, but the tortious acts performed in furtherance of that agreement. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62 (1994).

Plaintiffs' proposed civil conspiracy count is tied to underlying torts already pleaded in this action. Those underlying torts include defamation per se, false light, trade libel, tortious interference with contract, and tortious interference with existing and prospective business

4

relationships. Illinois law does not require civil conspiracy to stand alone as an independent tort. Rather, the conspiracy count attaches to the underlying tortious acts alleged in the complaint. *Thomas v. Fuerst*, 345 Ill. App. 3d 929, 936 (2004).

Plaintiffs' proposed Fourth Amended Complaint alleges the agreement with particularity sufficient for Rule 8. It alleges communications between Defendants and others, the exchange of information and source material, coordinated publication of content, the use of shared accusations regarding Plaintiffs and Plaintiffs' clients, amplification of allegedly false statements, and resulting harm to Plaintiffs' reputations and emotional distress.

The proposed amendment is especially appropriate because the Third Amended Complaint already contained conspiracy facts, including the express allegation that Day and Marston conspired with each other and third parties. The proposed amendment does not surprise Defendants. It simply places those facts in the correct procedural form as a count after discovery supplied additional details.

Plaintiffs respectfully submit that justice favors allowing the claim to be pleaded so the case can proceed on a complete and accurate set of claims. Denying leave would prevent Plaintiffs from pleading a claim now supported by newly discovered facts, while granting leave would not change the parties, would not materially expand the case, and would allow the dispute to be resolved on the merits.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the Fourth Amended Complaint (clean copy) attached as Exhibit A, Fourth Amended Complaint (redline copy) attached as Exhibit B, deem the Fourth Amended Complaint filed as of the date of the Court's order or permit Plaintiffs to file it promptly after entry of the Order, and grant any further relief the Court deems just and proper.

*[signature on following page]*

Respectfully submitted,

May 11, 2026

*s/Jeanette M. Braun*
Attorney for Plaintiffs

Jeanette M. Braun [pro hac vice]
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
(312) 373-0330
docket@brauniplaw.com

*Attorneys for Plaintiffs*

6

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Amy M. Doig
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW│BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com

Dated: May 11, 2026                    */s/ Jeanette M. Braun*