IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JEANETTE BRAUN, | ) | |
| BRAUN IP LAW, LLC & | ) | |
| LAUREN PROPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, | ) | Mag. J. M. David Weisman |
| KRISTA CARTER, | ) | |
| LILY MARSTON, & | ) | |
| JESSICA VAZQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DAY'S STATEMENT REGARDING ACCURACY OF CITATIONS
IN PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

Defendant Rebekah M. Day ("Defendant"), by and through her counsel, respectfully submits this statement in response to Plaintiffs Jeanette Braun & Braun IP Law, LLC's Response to the Order to Show Cause ("Response to OSC") [Dkt. 150]. Defendant has reviewed and is mindful of the Court's recent order directing the parties to avoid running up expenses and fees in this matter [Dkt. 152]; however, as explained below, Defendant believes this brief response is necessary.

In connection with Plaintiffs' Response to OSC, Plaintiff Jeanette Braun submitted a declaration [Dkt. 150-1] in which she declared under penalty of perjury that Plaintiffs did not use any AI tool to conduct legal research for Plaintiffs' Motions to Compel[1] [Dkts. 135, 136], and the actual authorities Ms. Braun located and intended to cite are attached as Exhibits A, B, and C to her Declaration. It is apparent from a review of Exhibits A, B, and C to her Declaration that either Ms. Braun did not read these authorities before attaching them to her Declaration or she did not review the propositions for which she cited them in her Motion to Compel. ***Put simply, not only are Exhibits***

---

[1] If Plaintiffs did not use any AI tool to conduct legal research, as stated by Ms. Braun in her Declaration, it is unclear where Plaintiffs obtained the *Westlaw* citations ("WL") for these three cases that Plaintiffs included in the Motion to Compel [Dkt. 135], given that Ms. Braun represented in her Declaration that she did *not* use Westlaw to conduct legal research for the Motions. (Braun Declaration in Response to OSC, ¶ 8 ("I conducted the legal research for filings [135] and [136] myself using publicly available legal-research platforms and sources, including CourtListener, Justia, FindLaw, Google Scholar, Casemine, and Casetext") [Dkt. 150-1].

1

***A, B, and C to Ms. Braun's Declaration not the citations included in Plaintiffs' Motion to Compel, but they in no way stand for the propositions for which Plaintiffs cited them.***[2]

***EEOC v. AutoZone*** **(Exhibit A to Braun Declaration).** Plaintiff's Motion to Compel cites No. 11 C 0195, 2012 WL 3061482 (N.D. Ill. July 26, 2012), for the proposition that under Fed. R. Civ. P. 36(a)(4) responses to requests for admission that reflect "sematic objections or uncertainty without admitting or denying the portions of the requests that can be answered" are improper. Exhibit A to Ms. Braun's Declaration is not that case. It is *EEOC v. AutoZone*, No. 14 CV 3385 (N.D. Ill. Dec. 14, 2016), a different proceeding, different case number, decided four years later. Exhibit A does not address Rule 36, responses to requests for admission or any analogous discovery obligation, as Plaintiffs represented to this Court. Rather, it pertains to a motion for relief from an order quashing third-party subpoenas, and it has nothing to do with the proposition for which Plaintiffs have cited it.

***Westefer v. Snyder*** **(Exhibit B to Braun Declaration).** The Motion cites No. 07 C 2798, 2008 WL 190317 (N.D. Ill. Jan. 18, 2008), for the proposition that public availability does not relieve a party of its obligation to produce documents within its possession, custody, or control. Exhibit B to Ms. Braun's Declaration is not that case. It is *Westefer v. Snyder*, Civil No. 00-162-GPM (S.D. Ill. Mar. 31, 2009), a different case number, different federal district, and different year. Moreover, Exhibit B has absolutely nothing to do with public availability of discovery and in no way stands for the proposition for which Plaintiffs cited it in their Motion to Compel. Rather, Exhibit B is a discovery order in a prisoner civil rights class action involving inspection of a correctional facility and the production of the correctional facility's rules and employee training materials, which the Court notes must be produced as "attorney's eyes only" given the security issues involved with producing materials relating to a correctional facility; thus, it is nonsensical this case would involve "publicly available" materials.

***BankDirect Cap. Fin***. **(Exhibit C to Braun Declaration).** The motion cites No. 15 C 10340,

---

[2] In addition to the three citations that are the subject of the Court's OSC [Dkt. 140], Day's Opposition to the Motion to Compel also points out that that several other citations wholly invert and/or mis-cite the holdings in the cited cases. [*See* Dkt 138, at pg. 8, fn. 3].

2017 WL 1022010 (N.D. Ill. Mar. 16, 2017), for the proposition that a party's failure to identify withheld materials "make[s] it impossible to determine what has been produced and what has been withheld" in violation of Rule 34(b)(2)(C). Exhibit C to Ms. Braun's Declaration bears the same case number but is a November 29, 2017 order, not the March 16, 2017 order the WL citation references. Exhibit C makes no mention of a party's duty to identify withheld documents under Rule 34(b)(2)(C), contrary to Plaintiffs' representation to this Court. Rather, it is entirely focused on the inadequacy of boilerplate objections under Rule 34(b)(2)(B).

Thus, not only are the three cases attached to Ms. Braun's declaration *not* the cases cited in Plaintiffs' Motion to Compel, but they in no way relate to or stand for the propositions for which Plaintiffs have cited them. The conclusion that must be drawn from Plaintiffs' *repeated* misrepresentations to this Court (first in Plaintiffs' motion by citing to nonexistent case citations, and second in Ms. Braun's sworn declaration that Exhibits A, B, and C stand for the propositions cited in her Motion) is that Plaintiffs *did use* AI tools to conduct legal research for the Motion to Compel, despite Ms. Braun's sworn declaration stating the contrary. It is unclear how Plaintiffs can resolve these inconsistencies, but at minimum, Defendant respectfully submits that the Court consider ordering Plaintiffs to produce the actual prompts submitted to ChatGPT and any responsive content generated, so that those materials may be compared against the argument and citations appearing in the Motion to Compel [Dkt. 135]. If Ms. Braun's sworn declaration is accurate, such production will confirm it. If it is not, the Court and the parties are entitled to know, and the integrity of the proceedings demands no less.

3

Respectfully submitted,

May 12, 2026

*s/ Brandon J. Witkow*
Attorney for Defendants

Brandon J. Witkow [pro hac vice]
Cory A. Baskin
WITKOW | BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com

*Attorneys for Defendants*

4

5

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.


Jeanette Braun
1600 W. Lake Street
Suite 103B
Addison, IL 60101
jmbraun@brauniplaw.com

Dated: May 12, 2026                         */s/ Brandon J. Witkow*_____