**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| JEANETTE BRAUN, & | ) | |
| BRAUN IP LAW, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23 C 16856 |
| | ) | |
| v. | ) | Hon. J. Mary Rowland |
| | ) | |
| REBEKAH M. DAY NEE BOXX, & | ) | Mag. J. M. David Weisman |
| LILY MARSTON, | ) | |
| Defendants. | ) | |

**JEANETTE M. BRAUN'S  REPLY TO  DEFENDANT DAY'S STATEMENT
REGARDING ACCURACY OF CITATIONS IN PLAINTIFFS' RESPONSE TO
ORDER TO SHOW CAUSE**

Plaintiff Jeanette Braun, who is also counsel of record for Plaintiffs, respectfully submits

this reply to Defendants' Day's Statement Regarding Accuracy of Citations in Plaintiffs' Response

to Order to Show Cause [Dkt.153].

Ms. Braun has reviewed Defendant Day's Statement Regarding Accuracy of Citations

[Dkt. 153]. Ms. Braun acknowledged and hereby acknowledges that the citation identifiers in the

Motion to Compel [Dkt. 135] did not correspond to the Orders attached as Exhibits A, B, and C in

Ms. Braun's Declaration [Dkt. 150-1] and regrets those citation-identification errors. Defendant's

filing, however, overstates the matter by asserting that the attached orders "in no way stand" for

the propositions for which Plaintiffs cited them or bear no relationship to the discovery principles

advanced in Plaintiffs' Motion to Compel. Ms. Braun clarifies below the specific and limited

propositions supported by each exhibit.

***EEOC v. AutoZone, No. 14 CV 3385, Dkt. 100 (N.D. Ill. Dec. 14, 2016)*  (Exhibit A).**

Defendant is correct that Exhibit A is not a direct Rule 36 decision, and Plaintiffs do not rely on it

as a direct Rule 36(a)(4) holding. Defendant is incorrect, however, to characterize the order as

having no discovery relevance. In *AutoZone*, the court addressed incomplete discovery responses

1

concerning subsequent employment, weighed relevance and burden, and allowed narrowed discovery where prior responses had not provided complete information and deposition testimony revealed inconsistencies. Exhibit A therefore supports the broader discovery principle that incomplete or inconsistent discovery responses may warrant further relief. Plaintiffs' specific argument regarding Requests for Admission Nos. 7, 8, 9, 11, 13, 14, 17, 18, 19, 22, 23, and 28 rests on Rule 36(a)(4), which requires an answer to fairly respond to the substance of the request and to admit, deny, or qualify the portions that can be answered. Similar deficiencies appear in those responses, where Defendant relies on semantic objections or uncertainty without admitting or denying the portions of the requests that can be answered. These responses do not fairly respond to the substance of the requests as required by Rule 36(a)(4).

*Westefer v. Snyder,* **Civil No. 00-162-GPM, consolidated with Civil No. 00-708-GPM, Dkt. 237 (S.D. Ill. Mar. 31, 2009) (Exhibit B).** Defendant is correct only in the narrow sense that *Westefer* did not involve a public-availability objection. Defendant is incorrect, however, to argue that the order is irrelevant to Plaintiffs' Rule 34 argument. In *Westefer*, the court compelled defendants to produce photographs, videotapes, surveillance images, maps, regulations, orientation materials, and similar items within their control, notwithstanding defendants' resistance and the court's recognition of substantial security concerns. The court mitigated those concerns through production by prison officials and an existing attorneys'-eyes-only protective order. *Westefer* therefore supports the broader Rule 34 principle that a party must produce responsive materials within its possession, custody, or control, and that objections or external concerns do not necessarily eliminate the production obligation where those concerns can be addressed through appropriate limitations. Plaintiffs rely on *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426 to 1427 (7th Cir. 1993) for the more specific point that public availability does not excuse production of documents within a party's possession, custody, or control.

2

***BankDirect V. Capital Finance*** **No. 15 C 10340, Dkt. 166 (N.D. Ill. Nov. 29, 2017,**

**entered nunc pro tunc Sept. 12, 2017) (Exhibit C).** Defendant is incorrect to characterize

*BankDirect* as unrelated to Plaintiffs' Rule 34 argument. *BankDirect* squarely addresses the

inadequacy of boilerplate objections and explains that such objections are no better than making no

objections at all. The Order further emphasizes that Rule 34 responses must state whether

inspection or production will be permitted or state specific objections with reasons. Plaintiffs

acknowledge that Exhibit C does not expressly analyze Rule 34(b)(2)(C). The specific requirement

that an objection state whether responsive materials are being withheld arises from Rule

34(b)(2)(C) itself.  *BankDirect* nevertheless supports the related proposition that Rule 34 responses

must be specific and informative, not a combination of rote objections and unclear production

statements that leave the requesting party unable to determine what has been produced, what has

been withheld, and why. Defendant's responses to Requests for Production Nos. 1, 2, 6 through 10,

14, 24, 25, 27, 30, 31, 33, 35, 37, 39, 41, 42, 43, and 44 assert objections and state that she will

produce responsive materials or has produced responsive materials, but do not clearly state

whether any materials are being withheld. Rule 34(b)(2)(C) requires that disclosure. This failure

makes it impossible to determine what has been produced and what has been withheld, which is

precisely the uncertainty Rule 34(b)(2)(C) was intended to prevent.

Ms. Braun submits this clarification to correct any confusion created by the citation-

identification errors in the Motion to Compel. Exhibits A, B, and C filed are judicial orders, and

Ms. Braun has clarified the discovery principles for which they are relied upon. Ms. Braun

respectfully requests that the Court discharge the Order to Show Cause and decline to impose

sanctions under Rule 11(b)(2), 28 U.S.C. § 1927, or the Court's inherent authority.

Defendant's inference that citation-identification errors establish undisclosed AI legal

research is unsupported. The errors show citation-identification mistakes, which Ms. Braun has

acknowledged and clarified; they do not establish that Plaintiffs used AI to conduct legal research or that Ms. Braun intentionally misled the Court.

Ms. Braun respectfully requests that the Court discharge the Order to Show Cause and decline to impose sanctions under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority. In the alternative, if the Court is inclined to consider sanctions, Ms. Braun respectfully requests a meaningful opportunity to be heard, including an oral hearing if the Court deems one appropriate, before any sanctions determination is entered.

Respectfully submitted,

May 12, 2026

*s/Jeanette M. Braun*
Attorney for Plaintiffs

Jeanette M. Braun [pro hac vice]
Braun IP Law, LLC
1600 W. Lake Street, Suite 103B
Addison, IL 60101
(312) 373-0330
docket@brauniplaw.com

*Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was filed and served on all counsel of record noted below via the CM/ECF system of the United States District Court of the Northern District of Illinois.

Amy M. Doig

COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
(312) 474-7900
adoig@cozen.com

Brandon J. Witkow
Cory A. Baskin
WITKOW│BASKIN
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
(818) 296-9508
bw@witkowlaw.com
cb@witkowlaw.com

Dated: May 12, 2026                    /s/ Jeanette M. Braun